IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>AKORN HOLDING COMPANY LLC,[1]<br><br>Debtor. | Chapter 7<br><br>Case No. 23-10253 (KBO) |
| In re:<br><br>AKORN INTERMEDIATE COMPANY LLC<br><br>Debtor. | Chapter 7<br><br>Case No. 23-10254 (KBO) |
| In re:<br><br>AKORN OPERATING COMPANY LLC<br><br>Debtor. | Chapter 7<br><br>Case No. 23-10255 (KBO) |

**DEBTORS' MOTION FOR ENTRY OF ORDER (I) AUTHORIZING DEBTORS TO (A) REDACT CERTAIN PERSONALLY IDENTIFIABLE INFORMATION AND (B) FILE A CONSOLIDATED LIST OF CREDITORS IN LIEU OF SUBMITTING A SEPARATE MAILING MATRIX FOR EACH DEBTOR; AND (II) GRANTING RELATED RELIEF**

The above-captioned debtors and debtors in possession (the "Debtors") hereby file this motion (the "Motion") for entry of an order, substantially in the form attached hereto as Exhibit A (the "Proposed Order"), (i) authorizing the Debtors to (a) redact certain personally identifiable information from their Creditor Matrix, Equity Holders List, Schedules and Statements (each as defined below), and other similar documents and (b) file a consolidated list of creditors (the

---

[1] The Debtors in these chapter 7 cases, along with the last four digits of their federal tax identification numbers, are Akorn Holding Company LLC (9190), Akorn Intermediate Company LLC (6123), and Akorn Operating Company LLC (6184). The Debtors' headquarters is located at 5605 CenterPoint Court, Gurnee, IL 60031.

29971431.3

"Creditor Matrix") in lieu of submitting a separate mailing matrix for each debtor; and (ii) granting related relief. In support of the Motion, the Debtors respectfully state as follows:

## JURISDICTION AND VENUE

1. The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated as of February 29, 2012. This matter is a core proceeding pursuant to 28 U.S.C. § 157(b) and, pursuant to Rule 9013-1(f) of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules"), the Debtors consent to the entry of a final order by the Court in connection with this Motion to the extent that it is later determined that the Court, absent the consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution.

2. Venue is proper in the Court pursuant to 28 U.S.C. §§ 1408 and 1409.

3. The statutory and legal predicates for the relief requested herein are sections 105, 107, 363(b), and 521 of title 11 of the United States Code, 11 U.S.C. §§ 101–1532 (the "Bankruptcy Code"), Rules 1007, 2002(m), 9007, and 9018 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Local Rules 1001-1, 1007-2, and 2002-1.

## BACKGROUND

4. On February 23, 2023 (the "Petition Date"), each of the Debtors filed a voluntary case for relief under chapter 7 of the Bankruptcy Code.

## RELIEF REQUESTED

5. By this Motion, the Debtors seek entry of the Proposed Order (i) authorizing the Debtors to (a) redact certain personally identifiable information from their Creditor Matrix, Equity Holders List, Schedules and Statements, and other similar documents, and (b) file a consolidated Creditor Matrix; and (ii) granting related relief.

29971431.3

2

**BASIS FOR RELIEF**

**I.      Redaction of Certain Personally Identifiable Information of Individuals is Warranted**

6.    Section 107(c)(1) of the Bankruptcy Code provides that the Court:

> for cause, may protect an individual, with respect to the following types of information to the extent the court finds that disclosure of such information would create undue risk of identity theft or other unlawful injury to the individual or the individual's property:
>
> (A)    Any means of identification . . . contained in a paper filed, or to be filed, in a case under [the Bankruptcy Code].
>
> (B)    Other information contained in a paper described in subparagraph (A).

11 U.S.C. § 107(c)(1).

7.    The Debtors respectfully submit that it is appropriate to authorize the Debtors to redact from any paper filed or to be filed with the Court in these chapter 7 cases—including, but not limited to, the list of equity holders attached to the Debtors' chapter 7 petitions (the "Equity Holders List"), the schedules and statements of financial affairs (the "Schedules and Statements"), and the Creditor Matrix—the home addresses of individuals, including the Debtors' employees, former employees, customers, and equity holders, because such information could be used to perpetrate identity theft or locate survivors of domestic violence, harassment, or stalking.[2]

8.    The Debtors propose to provide the Court, on a confidential basis, an unredacted version of the Equity Holders List, the Schedules and Statements, the Creditor Matrix, and any other filings redacted pursuant to the Proposed Order.

---

[2] The risk is not merely speculative. In at least one recent bankruptcy case, the abusive former partner of a debtor's employee used the publicly accessible creditor and employee information filed in the bankruptcy case to track the employee at her new address that had not been publicly available until then, forcing the employee to change addresses again. The incident, which took place during the first *Charming Charlie* bankruptcy proceedings in 2017, is described in the "creditor matrix motion" filed in *In re Charming Charlie Holdings, Inc.*, No. 19-11534 (CSS) (Bankr. D. Del. Jul. 11, 2019) [D.I. 4].

29971431.3

9. Recently, in addition to granting the requested relief, courts in this district have also expounded on the importance of authorizing debtors to redact personally identifiable information, including home addresses in particular. In *Art Van Furniture*, in overruling the objection of the U.S. Trustee to the same redaction relief proposed here, the court noted that the proposed redaction is not a "burden of proof" issue so "much as a common sense issue." Hr'g Tr. at 25:6–7, *In re Art Van Furniture, LLC*, No. 20-10533 (CSS) (Bankr. D. Del. Mar. 2020). The court concluded that "at this point and given the risks associated with having any kind of private information out on the internet, [redaction] has really become routine [and] I think obvious relief." *Id.* at 25:13–16. Similarly, in *Clover Techs. Grp.*, the court overruled the U.S. Trustee's objection, noting that "[t]o me it is common sense. I don't need evidence that there is, at best, a risk of identity theft and worse a risk of personal injury from listing someone's name and address on the internet by way of the court's electronic case filing system and, of course, the claims agent's website. . . . The court can completely avoid contributing to the risk by redacting the addresses." Hr'g Tr. at 24:21–25:10, *In re Clover Techs. Grp.*, LLC, No. 19-12680 (KBO) (Bankr. D. Del. Jan. 22, 2020).

10. For these reasons, the Debtors respectfully submit that cause exists to authorize the Debtors to redact, pursuant to 11 U.S.C. § 107(c)(1), the home addresses of individuals listed on the Equity Holders List, the schedules and statements of financial affairs, the Creditor Matrix, and any other document filed with the Court. Absent such relief, the Debtors (i) would unnecessarily render individuals more susceptible to identity theft and (ii) could jeopardize the safety of employees, other individual creditors, and equity holders.

**II.    Filing a Consolidated List of Creditors in Lieu of Filing a Separate Mailing Matrix for Each Debtor is Warranted.**

11. Local Rule 2002-1(f)(v) requires each debtor, or its duly retained agent, in jointly administered cases, to maintain a separate creditor mailing matrix. Bankruptcy Local Rule 1001-

29971431.3

1(c), however, permits modification of the Local Rules by the Court "in the interest of justice." Local Rule 1001-1(c). The Debtors submit that permitting them to maintain a single consolidated Creditor Matrix in lieu of maintaining a separate creditor matrix for each Debtor is warranted. Requiring the Debtors to segregate and convert their computerized records to a Debtor-specific creditor matrix format would be an unnecessarily burdensome task and could result in duplicate mailings. Accordingly, the Debtors respectfully request authority to file a consolidated Creditor Matrix in these chapter 7 cases in lieu of filing a separate mailing matrix for each Debtor.

## NOTICE

12. Notice of the Motion has been provided to: (i) the United States Trustee for the District of Delaware, (ii) the chapter 7 trustee, (iii) counsel for the chapter 7 trustee, and (iv) all parties who, as of the filing of this Motion, have requested notice. In light of the nature of the relief requested herein, the Debtors submit that no other further notice is necessary.

*Remainder of page intentionally left blank*

29971431.3

## CONCLUSION

WHEREFORE, the Debtors request that the Court enter the Proposed Order, granting the relief requested herein and such other and further relief as is just and proper.

| | |
|---|---|
| Dated:  March 14, 2023<br>Wilmington, Delaware | **YOUNG CONAWAY STARGATT & TAYLOR, LLP**<br><br>*/s/ Jared W. Kochenash*<br>Edmon L. Morton (No. 3856)<br>Matthew B. Lunn (No. 4119)<br>Joseph M. Mulvihill (No. 6061)<br>Jared W. Kochenash (No. 6557)<br>Rodney Square<br>1000 North King Street<br>Wilmington, Delaware 19801<br>Telephone:  (302) 571-6600<br>Facsimile:  (302) 571-1253<br>Email: emorton@ycst.com<br>          mlunn@ycst.com<br>          jmulvihill@ycst.com<br>          jkochenash@ycst.com<br><br>*Counsel to the Debtors* |

29971431.3