## EXHIBIT A

**Proposed Order**

29971431.3

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: <br><br> AKORN HOLDING COMPANY LLC,[1] <br><br> Debtor. | Chapter 7 <br><br> Case No. 23-10253 (KBO) |
| In re: <br><br> AKORN INTERMEDIATE COMPANY LLC <br><br> Debtor. | Chapter 7 <br><br> Case No. 23-10254 (KBO) |
| In re: <br><br> AKORN OPERATING COMPANY LLC <br><br> Debtor. | Chapter 7 <br><br> Case No. 23-10255 (KBO) |

**ORDER (I) AUTHORIZING DEBTORS TO (A) REDACT CERTAIN PERSONALLY IDENTIFIABLE INFORMATION AND (B) FILE A CONSOLIDATED LIST OF CREDITORS IN LIEU OF SUBMITTING A SEPARATE MAILING MATRIX FOR EACH DEBTOR; AND (II) GRANTING RELATED RELIEF**

Upon the motion (the "Motion")[2] filed by the Debtors for entry of an order (i) authorizing the Debtors to (a) redact certain personally identifiable information from their Creditor Matrix, Equity Holders List, Schedules and Statements and (b) file a consolidated list of creditors in lieu of submitting a separate mailing matrix for each debtor; and (ii) granting related relief, all as more fully set forth in the Motion; and this Court having reviewed the Motion; and this Court having

---

[1] The Debtors in these chapter 7 cases, along with the last four digits of their federal tax identification numbers, are Akorn Holding Company LLC (9190), Akorn Intermediate Company LLC (6123), and Akorn Operating Company LLC (6184). The Debtors' headquarters is located at 5605 CenterPoint Court, Gurnee, IL 60031.

[2] All capitalized terms used and not defined herein shall have the meanings ascribed to them in the Motion.

29971431.3

jurisdiction to consider the Motion and the relief requested therein in accordance with 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated February 29, 2012; and this Court having found that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and this Court may enter a final order consistent with Article III of the United States Constitution; and this Court having found that venue of this proceeding and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and it appearing that proper and adequate notice of the Motion has been given and that no other or further notice is necessary; and upon the record herein; and after due deliberation thereon; and this Court having determined that there is good and sufficient cause for the relief granted in this Order, therefore, it is hereby

**ORDERED, ADJUDGED, AND DECREED THAT:**

1. The Motion is GRANTED, as set forth herein.

2. The Debtors are hereby authorized to redact the home addresses of individuals, as well as minors, if any, listed on the Equity Holders List, the Schedule and Statements, the Creditor Matrix, and other documents filed with this Court in these chapter 7 cases.  The Debtors shall provide this Court, on a confidential basis, an unredacted version of the Equity Holders List, the Schedules and Statements, the Creditor Matrix, and any other filings redacted pursuant to this Order.  The unredacted versions of the Equity Holders List, the Schedules and Statements, the Creditor Matrix, and any other filings redacted pursuant to this Order shall not be made available to any other party without the consent of the Debtors or further order of this Court.

3. The requirements of Local Rule 1007-2(a) and 2002-1(f)(v) that separate mailing matrices be submitted for each Debtor are permanently waived and the Debtors are authorized, but not directed, to submit a consolidated Creditor Matrix.

29971431.3

4. Nothing in this Order shall waive or otherwise limit the service of any document upon or the provision of any notice to any individual whose personally identifiable information is sealed or redacted pursuant to this Order. Service of all documents and notices upon individuals whose personally identifiable information is sealed or redacted pursuant to this Order shall be confirmed in the corresponding certificate of service. The Debtors shall provide the personally identifiable information to any party in interest that files a motion that indicates the reason such information is needed and that, after notice and a hearing, is granted by this Court.

5. The Debtors are authorized to take all actions and to execute such documents as may be necessary to effectuate the relief granted in this Order in accordance with the Motion.

6. This Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Order.