IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>AKORN HOLDING COMPANY LLC, *et al.*[1]<br><br>Debtors. | Chapter 7<br><br>Case No. 23-10253 (KBO)<br><br>(Jointly Administered)<br><br>Hearing: Apr. 13, 2023 at 10:00 a.m. EDT<br>Obj. Deadline: Apr. 6, 2023 at 4:00 p.m. EDT |

**MOTION OF HYG FINANCIAL SERVICES, INC. FOR RELIEF FROM THE
AUTOMATIC STAY OR, ALTERNATIVELY, FOR ADEQUATE PROTECTION**

HYG Financial Services, Inc. ("HYG") hereby moves (the "Motion") for the entry of an order granting relief from the automatic stay pursuant to Sections 362 of Title 11 of the United States Code (the "Bankruptcy Code"), Rules 4001 and 9013 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and Rules 4001-1 and 9013-1 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules"), in order to allow HYG to repossess certain property. Alternatively, HYG seeks an order compelling the Debtor to pay adequate protection payments pursuant to Bankruptcy Code section 363(e). In support of the Motion, HYG states as follows:

**JURISDICTION**

1. This Court has jurisdiction over this proceeding pursuant to Title 28, Sections 157 and 1334 of the United States Code.

---

[1] The Debtors in these chapter 7 cases, along with the last four digits of their federal tax identification numbers, and cases numbers are Akorn Holding Company LLC (9190), Case No. 23-10253 (KBO); Akorn Intermediate Company LLC (6123), Case No. 23-10254 (KBO); and Akorn Operating Company LLC (6184), Case No. 23-10255. The Debtors' headquarters is located at 5605 CenterPoint Court, Gurnee, IL 60031.

2. This proceeding is a core proceeding pursuant to Title 28, Section 157 of the United States Code.

3. Venue is proper in this Court under Title 28, Section 1408 of the United States Code.

4. The statutory predicate for the relief sought herein is Sections 362 and 363 of the Bankruptcy Code, Bankruptcy Rules 4001 and 9013 and Local Rules 4001-1 and 9013-1.

## BACKGROUND

5. On or about February 23, 2023 (the "Petition Date"), Akorn Holding Company, LLC and related entities ("Debtor" or collectively, "Debtors") filed voluntary petitions for relief pursuant to Chapter 7 of the Bankruptcy Code. *See* Debtor's Petition, at Dkt. No. 1.

6. Pursuant to a Master Lease Agreement dated May 2, 2022 ("Lease"), Amendment dated May 2, 2022 ("Amendment") and Equipment Schedule dated May 2, 2022 ("Equipment Schedule") (the Lease, Amendment, and Equipment Schedule collectively, the "Agreement"), HYG is the owner and lessor of a certain 2022 Yale Forklift Model MSW040-E, bearing serial number D820N02286W/22146 (the "Equipment"). A copy of the Agreement is attached hereto as **Exhibit A**.

7. HYG's interest in and to the Equipment is evidence by that certain UCC financing statement (the "UCC-1) filed on October 27, 2022. A copy of the UCC-1 is attached hereto as **Exhibit B**.

8. The Agreement provides that Debtor would make seventy-two (72) equal monthly payments of $1,391 (plus applicable taxes). *See* Exhibit A, Equipment Schedule.

9. Debtor made all payments due under the Agreement through January 26, 2023. *See* Balance Due Summary.

10. Since the Petition Date, the Debtor has failed to make post-petition payments which have come due.

2

11. Additionally, Debtor has failed to provide adequate protection to compensate HYG for the depreciation of its Equipment and Debtor has no equity in the Equipment.

12. In addition to the lack of payment, HYG is concerned about other issues. For instance, HYG is unaware if the Equipment is properly insured. HYG is also concerned that Debtor is not honoring their contractual duties related to use, maintenance, and repair of the Equipment, including the obligation to "keep the Equipment in [Debtor's] exclusive control and possession and not discontinue use of the Equipment." *See* Exhibit A, Master Lease Agreement, Section 6.

13. According to Debtor's Petition, the Debtor and each of its affiliates have "ceased ongoing operations." *See* Schedule 2 to Debtor's Petition, at Dkt. No. 1.

## RELIEF REQUESTED

14. HYG requests that the Court grant relief from the automatic stay, for cause pursuant to § 362(d), and permit HYG to recover its Equipment pursuant to the Agreement. Alternatively, HYG is entitled to receive adequate protection payments.

## LEGAL ARGUMENT

15. Section 362 of the Bankruptcy Code automatically stays certain actions against the Debtors upon the commencement of a bankruptcy proceeding. 11 U.S.C. § 362. However, "the [automatic] stay is not meant to be indefinite or absolute, and in appropriate instances, relief may be granted." *Matter of Rexene Products Co.*, 141 B.R. 574, 576 (Bankr. Del. 1992). *See also*, *Wedgewood Inv. Fund, Ltd. v. Wedgewood Realty Group, Ltd. (In re Wedgewood)*, 878 F.2d 693, 697 (3d Cir. 1989).

16. Specifically, the Court may grant relief from the automatic stay "for cause" as set forth in 11 U.S.C. § 362(d)(1), including the lack of adequate protection. Or, pursuant to 11 U.S.C. § 362(d)(2), relief from the automatic stay may be granted when the debtor does not have any equity in the property; and such property is not necessary to an effective reorganization. 11 U.S.C. § 362(d); *In re Indian Palms Assocs.*, 61 F.3d 197, 208 (3d Cir. 1995).

ME1 44425737v.2

17. As the Bankruptcy Code does not define the term "cause", Bankruptcy Courts are given "wide latitude" to balance the equities when granting relief from an automatic stay. *In re Myers*, 491 F.3d 120, 124 (3d Cir. 2007). Generally, Bankruptcy Courts apply a totality of the circumstances test based upon the specific facts of each case to determine whether the automatic stay should be lifted "for cause." *In re Fairchild Corp.*, 2009 Bankr. LEXIS 3815, 23 (Bankr. D. Del. Dec. 1, 2009) (citing *Bandolino v. Wilson (In re Wilson)*, 116 F.3d 87, 90 (3d Cir. 1997)). "Section 362(d)(1) does not define "cause," leaving courts to consider what constitutes cause based on the totality of the circumstances in each particular case." *Bandolino v. Wilson (In re Wilson)*, 116 F.3d 87, 90 (3d Cir. 1997)).

18. Cause is an intentionally broad concept designed to permit the bankruptcy court, as a court of equity, power to respond to inherently fact-sensitive situations. *In re Texas State Optical, Inc.*, 188 B.R. 552 (Bankr. E.D. Tex. 1995); see also *In re Spencer*, 115 B.R. 471 (D. Del. 1990) ("Cause" encompasses many situations and is not limited to situations involving lack of adequate protection).

19. Here, cause exists to grant HYG relief from the automatic stay since (1) HYG is not being adequately protected and has not received any payment from Debtor since the filing of the Petition, (2) the Equipment will continue to depreciate as a result of delay, (3) Debtor and its affiliates have ceased operations, and (4) the Debtor has no equity in the Equipment. HYG asserts that, in this case, the foregoing constitutes "cause" justifying relief from the automatic stay. Without relief, HYG will be prejudiced by further delay.

20. Alternatively, the risk to HYG gives rise to the need for adequate protection, the purpose of which is to prevent "a secured creditor from suffering a decline in value of the collateral during a bankruptcy proceeding" *In re Saypol*, 31 B.R. 796, 800 (Bankr. SDNY 1983).

21. No prior request for the relief sought in this Motion has been made to this or any other court.

22. Nothing herein shall be deemed a waiver of or otherwise prejudice any of HYG's claims and rights, whether legal or equitable.

## CONCLUSION

WHEREFORE, based upon the foregoing, HYG respectfully requests that the Court enter an Order in substantially the form attached hereto, lifting the automatic stay and granting such other and further relief as the Court deems just and proper.

Dated: March 27, 2023
Wilmington, Delaware

**MCCARTER & ENGLISH LLP**

*/s/ Kate R. Buck*
Kate Roggio Buck (DE #5140)
405 North King Street, 8th Floor
Wilmington, DE 19801
Telephone: (302) 984-6300
Facsimile: (302) 984-6399
Email: kbuck@mccarter.com

*Attorneys for HYG Financial Services, Inc.*