# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>AKORN HOLDING COMPANY LLC, *et al* [1]<br><br>Debtors. | Chapter 7<br><br>Case No.  23-10253 (KBO)<br><br>(Jointly Administered) |

## SCHEDULES OF ASSETS AND LIABILITIES FOR
## AKORN HOLDING COMPANY LLC (CASE NO. 23-10253)

---

[1]   The Debtors in these chapter 7 cases, along with the last four digits of their federal tax identification numbers, and   cases numbers are Akorn Holding Company LLC (9190), Case No. 23-10253 (KBO); Akorn Intermediate Company LLC (6123), Case No. 23-10254 (KBO); and Akorn Operating Company LLC (6184), Case No. 23-10255.  The Debtors' headquarters is located at 5605 CenterPoint Court, Gurnee, IL 60031.

**THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

|  |  |
|---|---|
| In re:<br><br>AKORN HOLDING COMPANY LLC, *et al.*,[1]<br><br>Debtor. | Chapter 7<br><br>Case No. 23-10253 (KBO)<br><br>(Jointly Administered) |

## THE CHAPTER 7 CASES SCHEDULES AND SOFAS GLOBAL NOTES

These Global Notes regarding the above-captioned debtors and debtors in possession (collectively, the "Debtors") Schedules of Assets and Liabilities (the "Schedules") and Statements of Financial Affairs (the "SOFAs") comprise an integral part of the Schedules and SOFAs and should be referred to and considered in connection with any review of them. In the event that the Schedules and/or SOFAs differ from the Global Notes, the Global Notes control.

1.  The Debtors prepared these unaudited Schedules and SOFAs pursuant to section 521 of title 11 of the United States Code (the "Bankruptcy Code") and Rule 1007 of the Federal Rules of Bankruptcy Procedure.

2.  While the Debtors have made every reasonable effort to ensure that the Schedules and SOFAs are accurate and complete based upon information that was available to them at the time of preparation, inadvertent errors or omissions may exist and the subsequent receipt of information and/or further review and analysis of the Debtors' books and records may result in changes to financial data and other information contained in the Schedules and SOFAs. Moreover, because the Schedules and SOFAs contain unaudited information, which is subject to further review and potential adjustment, there can be no assurance that the Schedules and SOFAs are complete or accurate.

3.  In reviewing and signing the Schedules and SOFAs, John Sweeney, the duly authorized and designated representative of the Debtors (the "Designated Representative"), has necessarily relied upon the prior efforts, statements and representations of former employees, personnel, and professionals of the Debtors (the Debtors no longer have any employees). The Designated Representative has not (and could not have) personally verified the accuracy of each such statement and representation that collectively provide the information presented in the Schedules and SOFAs, including but not limited to, statements and representations concerning amounts owed to creditors and their addresses.

4.  The Debtors and their past or present directors, officers, employees, attorneys, professionals and agents (including, but not limited to, the Designated Representative), do not guarantee or warrant the accuracy, completeness, or currentness of the data that is provided herein and shall not be liable

---

[1] The Debtors in these chapter 7 cases, along with the last four digits of their federal tax identification numbers, are Akorn Holding Company LLC (9190), Akorn Intermediate Company LLC (6123), and Akorn Operating Company LLC (6184). The Debtors' headquarters is located at 5605 CenterPoint Court, Gurnee, IL 60031.

for any loss or injury arising out of or caused in whole or in part by the acts, errors or omissions, whether negligent or otherwise, in procuring, compiling, collecting, interpreting, reporting, communicating or delivering the information contained herein.  The Debtors and their past or present officers, employees, attorneys, professionals and agents (including, but not limited to, the Designated Representative) expressly do not undertake any obligation to update, modify, revise or re-categorize the information provided herein or to notify any third party should the information be updated, modified, revised or re-categorized.  While commercially reasonable efforts have been made to provide accurate and complete information herein, inadvertent errors or omissions may exist.  In no event shall the Debtors or their past or present officers, employees, attorneys, professionals and/or agents (including, but not limited to, the Designated Representative) be liable to any third party for any direct, indirect, incidental, consequential or special damages (including, but not limited to, damages arising from the disallowance of any potential claim against the Debtors or damages to business reputation, lost business or lost profits), whether foreseeable or not and however caused arising from or related to any information provided herein or omitted herein.  Disclosure of information in one or more Schedules, one or more SOFAs, or one or more exhibits or attachments to the Schedules or SOFAs, even if incorrectly placed, shall be deemed to be disclosed in the correct Schedules, SOFAs, exhibits, or attachments.

5.    The Debtors reserve their rights to amend the Schedules and SOFAs as may be necessary or appropriate in the Debtors' sole and absolute discretion, including, but not limited to, the right to assert offsets or defenses to (which rights are expressly preserved), or to dispute, any claim reflected on the Schedules as to amount, liability or classification, or to otherwise subsequently designate any claim as "disputed," "contingent" or "unliquidated."  These Global Notes will apply to all such amendments.  Furthermore, nothing contained in the Schedules or SOFAs shall constitute a waiver of the Debtors' rights with respect to the chapter 7 cases and specifically with respect to any issues involving substantive consolidation, equitable subordination and/or causes of action arising under the provisions of chapter 5 of the Bankruptcy Code and other relevant non-bankruptcy laws to recover assets or avoid transfers, or an admission relating to the same.  Any specific reservation or rights contained elsewhere in the Global Notes does not limit in any respect the general reservation of rights contained in this paragraph.

6.    Disclosure of information in one or more Schedules, one or more SOFAs, or one or more exhibits or attachments to the Schedules or SOFAs, even if incorrectly placed, shall be deemed to be disclosed in the correct Schedules, SOFAs, exhibits, or attachments.

7.    Any failure to designate a claim listed on the Debtors' Schedules as "disputed," "contingent" or "unliquidated" does not constitute an admission by the Debtors that such amount is not "disputed," "contingent" or "unliquidated."  Additionally, the dollar amounts of claims listed may be exclusive of contingent and additional unliquidated amounts.  Further, the claims of individual creditors are listed as the amounts entered on the Debtors' books and records and may not reflect credits or allowances due from such creditors to the Debtors or setoffs applied by such creditors against amounts due by such creditors to the Debtors with respect to other transactions between them.  The Debtors reserve all of their rights with respect to any such credits and allowances.  Furthermore, listing a claim does not constitute an admission of liability by the Debtor against which the claim is listed or against any of the Debtors.

8.  Some of the Debtors' scheduled assets and liabilities are unknown and/or unliquidated. In such cases, no amounts are listed or the amounts are listed as "undetermined," "unknown," or to similar effect. Accordingly, for this and other reasons the Schedules may not fully reflect the aggregate amount of the Debtors' assets and liabilities.

9.  At times, the preparation of the Schedules and the SOFAs required the Debtors to make assumptions that may affect the reported amounts of assets and liabilities, the disclosures of contingent assets and liabilities, and/or other items. Actual results could differ from those estimates. Pursuant to Fed. R. Bankr. P. 1009, the Debtors may amend their Schedules and SOFAs as they deem necessary and appropriate to reflect material changes. In addition, the Debtors, for the benefit of their estates, reserve the right to dispute or to assert offsets or defenses to any claim listed on the Schedules or SOFAs.

10. Given the differences between the information requested in the Schedules and the financial information utilized under generally accepted accounting principles in the United States ("GAAP"), the aggregate asset values and claim amounts set forth in the Schedules may not necessarily reflect the amounts that would be set forth in a balance sheet prepared in accordance with GAAP.

11. It would be prohibitively expensive, unduly burdensome, and an inefficient use of estate assets for the Debtors to obtain current market valuations of all of their assets. For these reasons, the Debtors have indicated in the Schedules and SOFAs that the values of certain assets and liabilities are undetermined or unknown. Unless otherwise indicated, the Debtors generally used net book values as of January 31, 2023. Exceptions to this include Schedule A/B Question 3, Schedule D, and Schedule E/F, which are as of the February 23, 2023 (the "Petition Date"), and certain other assets. Certain other assets, such as investments in subsidiaries and other intangible assets, are listed as undetermined amounts, as the net book values may differ materially from fair market values. Amounts ultimately realized may vary from net book value (or whatever value was ascribed) and such variance may be material. Accordingly, the Debtors reserve all of their rights to amend or adjust the value of each asset set forth herein. In addition, the amounts shown for total liabilities exclude items identified as "unknown" or "undetermined," and, thus, ultimate liabilities may differ materially from those stated in the Schedules and SOFAs. Also, assets that have been fully depreciated or that were expensed for accounting purposes either do not appear in these Schedules and SOFAs or are listed with a zero-dollar value, as such assets have no net book value. The omission of an asset from the Schedules and SOFAs does not constitute a representation regarding the ownership of such asset, and any such omission does not constitute a waiver of any rights of the Debtors with respect to such asset. Given, among other things, the current market valuation of certain assets and the valuation and nature of certain liabilities, nothing in the Schedules and SOFAs shall be, or shall be deemed to be, an admission that any Debtor was solvent or insolvent as of the Petition Date.

12. Certain legal actions or administrative proceedings (collectively, the "Actions") reflected against a particular Debtor may relate to any of the other Debtors. The Debtors made reasonable efforts to accurately record the Actions in the Schedules and SOFAs of the Debtor that is the party to the Action. The inclusion of any Action in the Schedules and SOFAs does not constitute an admission by the Debtors of liability, the validity of any Action or the amount of any potential claim that may result from any claims with respect to any Action, or the amount and treatment of any potential claim resulting from any Action currently pending or that may arise in the future.

13. Certain of the Debtors' assets, liabilities, and prepetition payments may properly be disclosed in response to multiple parts of the Schedules and SOFAs. To the extent these disclosures would be duplicative, the Debtors may have determined to only list such assets, liabilities, and prepetition payments once.

14. The Debtors have not included in the Schedules and SOFAs the future obligations of any capital or operating leases. To the extent that there was an amount outstanding as of the Petition Date, the creditor has been included on Schedule F of the Schedules.

15. The Debtors have used reasonable efforts to locate and identify guarantees and other secondary liability claims (collectively, the "Guarantees") in each of their executory contracts, unexpired leases, secured financings, debt instruments, and other such agreements. Where such Guarantees have been identified, they have been included in the relevant Schedule H for the Debtor or Debtors affected by such Guarantees. However, certain Guarantees embedded in the Debtors' executory contracts, unexpired leases, secured financings, debt instruments, and other such agreements may have been inadvertently omitted. Thus, the Debtors reserve all of their rights to amend the Schedules to the extent that additional Guarantees are identified.

16. Exclusion of certain intellectual property shall not be construed to be an admission that such intellectual property rights have been abandoned, have been terminated, or otherwise have expired by their terms, or have been assigned or otherwise transferred pursuant to a sale, acquisition, or other transaction. Conversely, inclusion of certain intellectual property shall not be construed to be an admission that such intellectual property rights have not been abandoned, have not been terminated, or otherwise have not expired by their terms, or have not been assigned or otherwise transferred pursuant to a sale, acquisition, or other transaction. The Debtors have made every effort to attribute intellectual property to the rightful Debtor owner, however, in some instances, intellectual property owned by one Debtor may, in fact, be owned by another. Accordingly, the Debtors reserve all of their rights with respect to the legal status of any and all intellectual property rights.

17. The inventories, property, and equipment listed in the Schedules and SOFAs are presented as of January 31, 2023 without consideration of any asserted mechanics', materialmen, or similar liens that may attach (or have attached) to such inventories, property, and equipment.

18. To prepare and file the Schedules as close to the Petition Date as possible, management was required to make certain estimates and assumptions that affected the reported amounts of these assets and liabilities. The Debtors reserve all rights to amend the reported amounts of assets and liability to reflect changes in those estimates or assumptions.

19. In the circumstance where the Schedules and Statements require information regarding "insiders," the Debtors have included information with respect to the individuals who the Debtors believe may be included in the definition of "insider" set forth in section 101(31) of the Bankruptcy Code during the relevant time periods. The listing of a party as an insider for purposes of the Schedules and Statements is not intended to be, nor should it be, construed as an admission of any fact, right, claim, or defense and all such rights, claims, and defenses are hereby expressly reserved. Information regarding the individuals listed as insiders in the Schedules and Statements has been included for informational purposes only and such information may not be used for: (1) the

purposes of determining (a) control of the Debtors; (b) the extent to which any individual exercised management responsibilities or functions; (c) corporate decision-making authority over the Debtors; or (d) whether such individual could successfully argue that he or she is not an insider under applicable law, including the Bankruptcy Code and federal securities laws, or with respect to any theories of liability; or (2) any other purpose.

**Specific Disclosures Regarding the Schedules**

20. With respect to Schedule A/B Part 1, question 3 and 4, the account balances are as of the Petition Date.

21. With respect to Schedule A/B Part 2, question 7, the Debtors are required to make deposits from time to time with various vendors, landlords, and service providers in the ordinary course of business. The Debtors have exercised reasonable efforts to report the current value of any deposits. The Debtors may have inadvertently omitted deposits and conversely may have reported deposits that are no longer outstanding. The Debtors reserve their rights, but are not required, to amend the Schedules and SOFAs if deposits are incorrectly identified.

22. With respect to Schedule A/B Part 2, questions 6-8, certain payments disclosed may not be reimbursable to the Debtors due to potential counterclaims against the Debtors or other potential offsetting obligations

23. With respect to Schedule A/B Part 2, question 8, the Debtors are required to make prepayments from time to time with various vendors, landlords, and service providers as part of the ordinary course of business. The Debtors have exercised reasonable efforts to identify any prepayments. The Debtors may have inadvertently omitted certain prepayments and conversely may have reported prepayments for which services have already been provided. The Debtors reserve their rights, but are not required, to amend the Schedules and SOFAs if prepayments are incorrectly identified

24. With respect to Schedule A/B, Part 2, questions 6-7, the balances reported are as of January 31, 2023, and reflect a previous retainer for their bankruptcy counsel, Young Conaway Stargatt & Taylor, LLP ("Young Conaway"). This amount is listed purely for administrative reasons as a result of the reporting date. The retainer amounts paid by the Debtors to Young Conaway are on an earned upon receipt basis and, thus, do not constitute an interest of the Debtors in property. The total amount paid to Young Conaway is listed in response to SOFA question 11.

25. With respect to Schedule A/B Part 3, question 11a, the gross accounts receivable balance is as of January 31, 2023. For the Debtors, the value of the net accounts receivable balance may be lower due to credits and deductions permitted under the Debtors' customer programs including chargebacks, rebates, product returns, discounts and other programs pursuant to which customers may receive discounts or make deductions from future payments. These programs are consistent with the ordinary course in the Debtors' industry. These programs can be particularly voluminous, unduly burdensome and cost for the Debtors regularly document.

26. Ownership interests in subsidiaries and affiliates have been listed in Schedule A/B, Part 4 as undetermined. The Debtors make no representation as to the value of their ownership of each subsidiary as the fair market value of such ownership is dependent on numerous variables and factors and may differ significantly from their net book value.

27. With respect to Schedule A/B Part 4, question 14, the Debtors' have listed a *de minimis* amount of stock in Nicox SA. However, other than legacy financial statements, the Debtors do not currently possess records or knowledge regarding this stock.

28. With respect to Schedule A/B Part 7, office furniture, fixtures, and equipment; and collectibles, dollar amounts are presented net of accumulated depreciation and other adjustments. Because of the large number of furniture, fixtures, and equipment, as well as the difficulty of listing out every one of these assets, these items are listed as group line items. The Debtors may lease furniture, fixtures, and equipment from certain third party lessors. Any such leases are set forth in the Schedules and SOFAs. Nothing in the Schedules and SOFAs is or shall be construed as an admission as to the determination as to the legal status of any lease (including whether any lease is a true lease or a financing arrangement), and the Debtors reserve all of their rights with respect to same.

29. With respect to Schedule A/B Part 8, question 50, machinery, fixtures and equipment (excluding farm machinery and equipment), dollar amounts are presented net of accumulated depreciation and other adjustments. Because of the large number of machinery, fixtures and equipment, as well as the difficulty of listing out every one of these assets, these items are listed as group line items. The Debtors may lease machinery, fixtures and equipment from certain third party lessors. Any such leases are set forth in the Schedules and SOFAs. Nothing in the Schedules and SOFAs is or shall be construed as an admission as to the determination as to the legal status of any lease (including whether any lease is a true lease or a financing arrangement), and the Debtors reserve all of their rights with respect to same.

30. With respect to Schedule A/B Part 9, because of the large number of the Debtors' executory contracts and unexpired leases, as well as the size and scope of such documents, the Debtors have not attached such agreements to Schedule A/B. Instead, the Debtors have only listed such agreements on Schedule G.

31. With respect to Schedule A/B Part 10, the Debtors review goodwill and other intangible assets having indefinite lives for impairment annually or when events or changes in circumstances indicate the carrying value of these assets might exceed their current fair values. The Debtors report intellectual property assets as net book value based on the Debtors' books and records whenever applicable. For that reason, values are listed as unknown or undetermined where appropriate.

32. With respect to Schedule A/B Part 11, dollar amounts are presented net of impairments and other adjustments. With respect to "Contingent and Unliquidated Claims or Causes of Action of Every Nature, including Counterclaims of the Debtor and Rights to Setoff Claims," in the ordinary course of business, the Debtors may have accrued, or may subsequently accrue, certain rights to counter-claims, cross-claims, setoffs, refunds with their customers and suppliers, or potential warranty claims against their suppliers. Additionally, certain of the Debtors may be party to pending litigation in which the Debtors have asserted, or may assert, claims as a plaintiff or counter-claims and/or cross-claims as a defendant. Because certain of these claims are unknown to the Debtors and not quantifiable as of the Petition Date, they may not be listed on Schedule A/B, Part 11. With respect to "Interests in Insurance Policies or Annuities," the Debtors maintain a variety of insurance policies including property, general liability, and workers' compensation policies and other employee related policies. The Debtors believe that there is little or no cash value to the vast majority of such insurance policies. Accordingly, such policies are not listed on Schedule A/B, Part

11. To the extent an insurance policy is determined to have value, it will be included in Schedule A/B.

33. With respect to Schedule D, except as otherwise agreed pursuant to a stipulation, or agreed order, or general order entered by the Bankruptcy Court that is or becomes final, the Debtors and their estates reserve their rights to dispute or challenge the validity, perfection, or immunity from avoidance of any lien purported to be granted or perfected in any specific asset to a creditor listed on Schedule D of any Debtor. Moreover, although the Debtors may have scheduled claims of various creditors as secured claims, the Debtors reserve all rights to dispute or challenge the secured nature of any such creditor's claim or the characterization of the structure of any such transaction or any document or instrument related to such creditor's claim. The Debtors made reasonable, good faith efforts to include all liens on Schedule D, but may have inadvertently omitted to include an existing lien because of, among other things, the possibility that a lien may have been imposed after the Uniform Commercial Code searches were performed or a vendor may not have filed the requisite perfection documentation. Moreover, the Debtors have not included on Schedule D parties that may believe their Claims are secured through setoff rights or inchoate statutory lien rights. Although there are multiple parties that hold a portion of the debt included in the Debtors' prepetition secured credit facility and other funded secured indebtedness, only the administrative agents have been listed for purposes of Schedule D. The amounts reflected outstanding under the Debtors' prepetition funded indebtedness reflect approximate amounts as of the Petition Date.

34. Debtor Akorn Operating Company LLC ("AOCL") and Debtor Akorn Intermediate Company LLC ("AICL") are parties to that certain Credit Agreement, dated as of October 1, 2020, by and among AOCL, AICL, the other Loan Parties (as defined therein) party thereto, the Lenders (as defined therein) party thereto, and MidCap Financial Trust (as Administrative Agent) (the "ABL Credit Agreement"), pursuant to which AOCL and AICL received a revolving line of credit in an initial aggregate amount of $160,000,000. The ABL Facility is secured under a Pledge and Security Agreement (subject to the terms of the Intercreditor Agreement (as defined below) with the Term Loan lenders) by a first priority security interest in all accounts, all inventory, all deposit accounts, all cash and cash equivalents, all equipment located in the United States, all real property located in the United States and all improvements and fixtures thereon, and all books, records, and proceeds related to the foregoing (the "ABL Collateral") and a second priority security interest in all Term Loan Collateral (as defined below).

35. AOCL and AICL are parties to that certain Senior Secured Term Loan Agreement, dated as of October 1, 2020, by and among AOCL, AICL, the other Loan Parties (as defined therein) party thereto, the Lenders (as defined therein) party thereto, and Wilmington Savings Fund Society, FSB (as Administrative Agent) (the "TL Credit Agreement"), pursuant to which AOCL and AICL received a senior secured term loan facility in an initial aggregate amount of $370,000,000. The Term Loan Facility is secured under a Pledge and Security Agreement (subject to the terms of an Intercreditor Agreement with the ABL Lender) by a first priority security interest in all Collateral (other than the ABL Collateral) and the proceeds thereof (the "Term Loan Collateral," and together with the ABL Collateral, the "Collateral") and a second priority security interest in all ABL Collateral.

36.  The ABL Lender and Term Loan Lenders are parties to that certain Intercreditor Agreement, dated as of October 1, 2020, by and among MidCap Funding IV Trust (as successor-by-assignment to MidCap Financial Trust), as Administrative Agent for the ABL Secured Parties (as defined therein) (the "ABL Representative"), Wilmington Savings Fund Society, FSC, as Administrative Agent for the Term Loan Secured Parties (as defined therein) (the "Term Loan Representative"), and each of the Loan Parties party thereto (as defined therein) (the "Intercreditor Agreement"), pursuant to which the ABL Representative and the Term Loan Representative set forth, among other things, (a) their (and the ABL Secured Parties' and the Term Loan Secured Parties') relative lien priorities in the Collateral and enforcement rights and obligations related thereto, (b) the method by and the order in which proceeds of the Collateral shall be applied by the ABL Representative and Term Loan Representative, respectively, (c) the impact on the respective liens of the ABL Representative and Term Loan Representative arising from the sale or disposition of Collateral and (d) the relative rights and obligations of the ABL Representative and Term Loan Representative upon and during the occurrence of any Insolvency Proceeding of any Loan Party (as defined therein).

37.  With respect to Schedule E/F, the listing of any claim on Schedule E/F does not constitute an admission by the Debtors that such claim or any portion thereof is entitled to priority treatment under section 507 of the Bankruptcy Code. The Debtors reserve all of their rights to dispute the amount and/or the priority status of any claim on any basis at any time.  With respect to Schedule E/F Part 1, the Debtors have not conducted a legal analysis regarding the potential priority of certain potential claims, such as severance claims, as such an analysis would be prohibitively expensive and unduly burdensome.  With respect to Schedule E/F Part 2, all creditors and amounts listed are derived from the Debtors' accounts payable as of the Petition Date.  The Debtors are unable to state with certainty the dates that such debts were incurred, and accordingly, the Debtors have not listed the dates that such debts were incurred. The Debtors will, however, provide the chapter 7 trustee with the most recent aging report available.

38.  With respect to Schedule E/F, the Debtors have used reasonable best efforts to list all general unsecured claims against the Debtors based upon the Debtors' existing books and records. Schedule E/F does not include certain deferred credits, deferred charges, deferred liabilities, accruals, or general reserves. Such amounts are general estimates of liabilities and do not represent specific claims as of the Petition Date; however, such amounts are reflected on the Debtors' books and records as required in accordance with GAAP. Such accruals are general estimates of liabilities and do not represent specific claims as of the Petition Date. Schedule E/F does not include certain reserves for potential unliquidated contingencies that historically were carried on the Debtors' books as of the Petition Date; such reserves were for potential liabilities only and do not represent actual liabilities as of the Petition Date.  The claims listed in Schedule E/F arose or were incurred on various dates. In certain instances, the date on which a claim arose is an open issue of fact. Determining the date upon which each claim in Schedule E/F was incurred or arose would be unduly burdensome and cost prohibitive and, therefore, the Debtors do not list a date for each claim listed on Schedule E/F.  Moreover, the Debtors may have purchased or received certain goods within 20 days of the Petition Date, but such transactions (if any) may not be currently contained in the Debtors' books and records.

39.  Schedule E/F contains information regarding potential and pending litigation involving the Debtors. In certain instances, the Debtor that is the subject of the litigation is unclear or undetermined. To the extent that litigation involving a particular Debtor has been identified, however, such

information is contained in the Schedule for that Debtor. Schedule E/F reflects the prepetition amounts owing to counterparties to executory contracts and unexpired leases. Such prepetition amounts, however, may be paid in connection with the assumption, or assumption and assignment, of an executory contract or unexpired lease. In addition, Schedule E/F does not include rejection damage claims of the counterparties to the executory contracts and unexpired leases that have been or may be rejected, to the extent such damage claims exist. Except in certain limited circumstances, the Debtors have not scheduled contingent and unliquidated liabilities related to guaranty obligations on Schedule E/F. Such guaranties are, instead, listed on Schedule H. The claims of individual creditors for, among other things, goods, services, or taxes listed on the Debtors' books and records may not reflect credits or allowances due from such creditors. The Debtors reserve all of their rights in respect of such credits or allowances. The dollar amounts listed may be exclusive of contingent or unliquidated amounts. Unless the Debtors were required to pay ancillary costs, such as freight, miscellaneous fees and taxes, such costs are not included in the liabilities scheduled, as such amounts do not represent actual liabilities of the Debtor.

40. The businesses of the Debtors are complex and, while every effort has been made to ensure the accuracy of Schedule G, inadvertent errors or omissions may have occurred. The Debtors hereby reserve all of their rights to (i) dispute the validity, status or enforceability of any contracts, agreements or leases set forth in Schedule G and (ii) amend or supplement such Schedule as necessary. Although the Debtors made diligent efforts to attribute an executory contract to its rightful Debtor, in certain instances, the Debtors may have inadvertently failed to do so. Accordingly, the Debtors reserve all of their rights with respect to the named parties of any and all executory contracts, including the right to amend Schedule G. Furthermore, the Debtors reserve all of their rights, claims and causes of action with respect to the contracts and agreements listed on the Schedules, including the right to dispute or challenge the characterization or the structure of any transaction, document or instrument. The presence of a contract or agreement on Schedule G does not constitute an admission that such contract or agreement is an executory contract or an unexpired lease. The Debtors do not make, and specifically disclaim, any representation or warranty as to the completeness or accuracy of the information set forth on Schedule G. The Debtors hereby reserve all of their rights to dispute the validity, status, or enforceability of any contract, agreement, or lease set forth in Schedule G and to amend or supplement Schedule G as necessary. The contracts, agreements, and leases listed on Schedule G may have expired or may have been modified, amended, or supplemented from time to time by various amendments, restatements, waivers, estoppel certificates, letters, memoranda, and other documents, instruments, and agreements that may not be listed therein despite the Debtors' use of reasonable efforts to identify such documents. Further, unless otherwise specified on Schedule G, each executory contract or unexpired lease listed thereon shall include all exhibits, schedules, riders, modifications, declarations, amendments, supplements, attachments, restatements, or other agreements made directly or indirectly by any agreement, instrument, or other document that in any manner affects such executory contract or unexpired lease, without respect to whether such agreement, instrument or other document is listed thereon.

41. In some cases, the same supplier or provider appears multiple times on Schedule G. This multiple listing is intended to reflect distinct agreements between the applicable Debtor and such supplier or provider.

42. In the ordinary course of business, the Debtors may have issued numerous purchase orders for supplies, product, and related items which, to the extent that such purchase orders constitute executory contracts, are not listed individually on Schedule G. To the extent that goods were delivered under purchase orders prior to the Petition Date, vendors' claims with respect to such delivered goods are included on Schedule E/F.

43. As a general matter, certain of the Debtors' executory contracts and unexpired leases could be included in more than one category. In those instances, one category has been chosen to avoid duplication. Further, the designation of a category is not meant to be wholly inclusive or descriptive of the entirety of the rights or obligations represented by such contract.

44. Certain of the executory contracts and unexpired leases listed on Schedule G may contain certain renewal options, guarantees of payment, options to purchase, rights of first refusal, right to lease additional space, statements of work, and other miscellaneous rights. Such rights, powers, duties, and obligations are not set forth separately on Schedule G. In addition, the Debtors may have entered into various other types of agreements in the ordinary course of their business, such as easements, rights of way, subordination, nondisturbance, and atonement agreements, supplemental agreements, amendments/letter agreements, title agreements, and confidentiality agreements. Such documents also are not set forth in Schedule G.

45. The Debtors hereby reserve all of their rights, claims, and causes of action with respect to the contracts and agreements listed on Schedule G, including the right to dispute or challenge the characterization or the structure of any transaction, document, or instrument related to a creditor's claim, to dispute the validity, status, or enforceability of any contract, agreement, or lease set forth in Schedule G, and to amend or supplement Schedule G as necessary.  Inclusion of any agreement on Schedule G does not constitute an admission that such agreement is an executory contract or unexpired lease and the Debtors reserve all rights in that regard, including, without limitation, that any agreement is not executory, has expired pursuant to its terms, or was terminated prepetition.

46. In addition, certain of the agreements listed on Schedule G may be in the nature of conditional sales agreements or secured financings. The presence of a contract or agreement on Schedule G does not constitute an admission that such contract or agreement is an executory contract or unexpired lease.

47. In the ordinary course of business, the Debtors have entered into numerous contracts or agreements, both written and oral, regarding the provision of certain services on a month to month basis. To the extent such contracts or agreements constitute executory contracts, these contracts and agreements may not be listed individually on Schedule G.

48. Certain of the executory contracts may not have been memorialized and could be subject to dispute; executory agreements that are oral in nature have not been included in Schedule G.

49. In the ordinary course of business, the Debtors may have entered into confidentiality agreements which, to the extent that such confidentiality agreements constitute executory contracts, may not be listed individually on Schedule G.

50. Certain of the executory contracts and unexpired leases listed in Schedule G were assigned to, assumed by, or otherwise transferred to certain of the Debtors in connection with, among other things, acquisitions by the Debtors.

51. The Debtors generally have not included on Schedule G any insurance policies, the premiums for which have been prepaid. The Debtors submit that prepaid insurance policies are not executory contracts pursuant to section 365 of the Bankruptcy Code because no further payment or other material performance is required by the Debtors. Nonetheless, the Debtors recognize that in order to enjoy the benefits of continued coverage for certain claims under these policies, the Debtors may have to comply with certain non-monetary obligations, such as the provision of notice of claims and cooperation with insurers. In the event that the Bankruptcy Court were to ever determine that any such prepaid insurance policies are executory contracts, the Debtors reserve all of their rights to amend Schedule G to include such policies, as appropriate.

52. In addition, Schedule G does not include rejection damage claims of the counterparties to the executory contracts and unexpired leases that have been or may be rejected, to the extent such damage claims exist.

53. Omission of a contract or agreement from Schedule G does not constitute an admission that such omitted contract or agreement is not an executory contract or unexpired lease. The Debtors' rights under the Bankruptcy Code with respect to any such omitted contracts or agreements are not impaired by the omission. Certain of the agreements listed on Schedule G may have been entered into by or on behalf of more than one of the Debtors. Additionally, the specific Debtor obligor(s) to certain of the agreements could not be specifically ascertained in every circumstance. In such cases, the Debtors have made reasonable efforts to identify the correct Debtors' Schedule G on which to list the agreement and, where a contract party remained uncertain, such agreements may have been listed on a different Debtor's Schedule G.

54. With respect to Schedule H, in the ordinary course of their business, the Debtors pay certain expenses on behalf of their subsidiaries. The Debtors may not have identified certain guarantees that are embedded in the Debtors' executory contracts, unexpired leases, secured financings, debt instruments, and other agreements. Further, certain of the guarantees reflected on Schedule H may have expired or may no longer be enforceable. Thus, the Debtors reserve their rights to amend Schedule H to the extent that additional guarantees are identified or such guarantees are discovered to have expired or become unenforceable.

55. In the ordinary course of their business, the Debtors may be involved in pending or threatened litigation and claims arising out of certain ordinary course of business transactions. These matters may involve multiple plaintiffs and defendants, some or all of whom may assert cross-claims and counter-claims against other parties. Because such claims are contingent, disputed, and/or unliquidated, such claims have not been set forth individually on Schedule H. However, some such claims may be listed elsewhere in the Schedules and SOFAs.

**Specific Disclosures Regarding the SOFAs**

56. With respect to SOFA Part 2 questions 3-4, applicable cash disbursements made through the Petition Date were captured in the disclosure.

57. With respect to SOFA Part 2 questions 3-4, certain payment dates disclosed (particularly those listed with the last day of a particular month) are as of the date the disbursement was posted in the

Debtors' general ledger rather than specific disbursement date.  The Debtors have bank statements available to assist in a full reconciliation between posting date and disbursement date.

58.   With respect to SOFA Part 2 question 6, the Debtors incur certain setoffs and other similar rights during the ordinary course of business. Offsets in the ordinary course can result from various items, including, without limitation, intercompany transactions, pricing discrepancies, returns, warranties, and other disputes between the Debtors and their suppliers. These offsets and other similar rights are consistent with the ordinary course of business in the Debtors' industry and are not tracked separately. Therefore, although such offsets and other similar rights may have been accounted for when certain amounts were included in the Schedules, offsets are not independently accounted for, and as such, are excluded from the Schedules.  In addition, the Debtors engage in several customer programs, including chargebacks, coupon redemption, product returns, rebates, and discounts to customers in the ordinary course of business, and other programs pursuant to which customers may receive credits or make deductions from future payments. These routine programs are consistent with the ordinary course of business in the Debtors' industry. These programs can be particularly voluminous, unduly burdensome, and costly for the Debtors to regularly document.  As such, these transactions were not considered setoffs for the purpose of responding to Question Six of the Statements, although the Debtors reserve all rights with respect thereto and make no admission or waiver thereby.

59.   With respect to SOFA Part 6, question 11, although the Debtors have made reasonable efforts to distinguish between payments made for professional services related and unrelated to their restructuring efforts, some amounts listed in response to Question 11 may include payments for professional services unrelated to bankruptcy.

60.   With respect to SOFA Part 12, questions 22-24, the Debtors historically have operated over a substantial period of time at various locations.  At some locations, the Debtors may no longer have active operations and may no longer have relevant records, or the records may no longer be complete or reasonably accessible or reviewable. In some cases, statutory document retention periods have passed. Further, some individuals who once possessed responsive information may no longer be employed by the Debtors.  For all these reasons, it may not be reasonably possible to identify and supply all of the requested information that is responsive to Questions 22-24.  The Debtors have made commercially reasonable efforts to provide responsive information.  The Debtors acknowledge the possibility that information related to proceedings, governmental notices and reported releases of hazardous materials responsive to Questions 22-24 may be discovered subsequent to the filing of the Schedules and Statements.  The Debtors reserve the right to supplement or amend this response in the future if additional information becomes available.  This response does not include sites or proceedings related to non-environmental laws, such as occupational safety and health laws or transportation laws.  This response is also limited to identifying circumstances in which governmental agencies have alleged in writing that particular operations of the Debtors are in violation of environmental laws and proceedings that have resulted from alleged violations of environmental laws. This response also does not cover: (i) periodic information requests, investigations or inspections from governmental units concerning compliance with environmental laws; or (ii) routine reports and submissions concerning permitted discharges resulting from routine operations where such reports and submissions were made in compliance with regulatory requirements.

61. With respect to SOFA Part 13 question 26(c)-(d), the Debtors contacted various parties in connection with the Debtors' efforts to market their assets and raise new sources of capital, and the Debtors shared certain financial information to certain of those parties, who are not individually disclosed herein.

62. With respect to SOFA Part 13 question 30, Distributions by the Debtors to their directors and officers are listed in response to Question 4. Certain directors and executive officers of Debtor Akorn Operating Company LLC, were also directors and executive officers of certain of the other Debtors and non-Debtor affiliates. Such individuals were only compensated for services rendered on a consolidated basis, so to the extent payments to such individuals are not listed in the response to Question 4 on the Statements for such Debtor affiliates, they did not receive payment from the Debtors for their services as directors or executive officers of these entities. Certain of the Debtors' directors and executive officers received distributions net of tax withholdings in the year preceding the Petition Date. The amounts listed under Question 4 reflect the gross amounts paid to such directors and officers rather than the net amounts after deducting for tax withholdings.

**Fill in this information to identify the case:**

Debtor Name: In re : Akorn Holding Company LLC

United States Bankruptcy Court for the:  District of Delaware

Case number (if known): 23-10253 (KBO)

☐ Check if this is an amended filing

Official Form 206Sum

# Summary of Assets and Liabilities for Non-Individuals          12/15

## Part 1:   Summary of Assets

1. *Schedule A/B: Assets–Real and Personal Property* (Official Form 206A/B)

    1a. **Real property:**

        Copy line 88 from *Schedule A/B* .................................................................................

        $ _____ 0.00

    1b. **Total personal property:**

        Copy line 91A from *Schedule A/B* .............................................................................

        $ _____ 0.00

    1c. **Total of all property:**

        Copy line 92 from *Schedule A/B* ...............................................................................

        $ _____ 0.00

## Part 2:   Summary of Liabilities

2. *Schedule D: Creditors Who Have Claims Secured by Property* (Official Form 206D)

    Copy the total dollar amount listed in Column A, *Amount of claim,*from line 3 of *Schedule D* .....................................

    $ _____ 0.00

3. *Schedule E/F: Creditors Who Have Unsecured Claims* (Official Form 206E/F)

    3a. **Total claim amounts of priority unsecured claims:**

        Copy the total claims from Part 1 from line 5a of *Schedule E/F* ............................

        $ _____ 0.00

    3b. **Total amount of claims of nonpriority amount of unsecured claims:**

        Copy the total of the amount of claims from Part 2 from line 5b of *Schedule E/F* ................................

        + $ _____ 5,651,500.04

4. **Total liabilities**

    Lines 2 + 3a + 3b ...................................................................................................

    $ _____ 5,651,500.04

**Fill in this information to identify the case:**

Debtor Name: In re : Akorn Holding Company LLC

United States Bankruptcy Court for the:  District of Delaware

Case number (if known): 23-10253 (KBO)

☐ Check if this is an amended filing

Official Form 206A/B

# Schedule A/B: Assets - Real and Personal Property    12/15

**Disclose all property, real and personal, which the debtor owns or in which the debtor has any other legal, equitable, or future interest. Include all property in which the debtor holds rights and powers exercisable for the debtor's own benefit. Also include assets and properties which have no book value, such as fully depreciated assets or assets that were not capitalized. In Schedule A/B, list any executory contracts or unexpired leases. Also list them on Schedule G: Executory Contracts and Unexpired Leases (Official Form 206G).**

**Be as complete and accurate as possible. If more space is needed, attach a separate sheet to this form. At the top of any pages added, write the debtor's name and case number (if known). Also identify the form and line number to which the additional information applies. If an additional sheet is attached, include the amounts from the attachment in the total for the pertinent part.**

**For Part 1 through Part 11, list each asset under the appropriate category or attach separate supporting schedules, such as a fixed asset schedule or depreciation schedule, that gives the details for each asset in a particular category. List each asset only once. In valuing the debtor's interest, do not deduct the value of secured claims. See the instructions to understand the terms used in this form.**

## Part 1:    Cash and cash equivalents

1. **Does the debtor have any cash or cash equivalents?**

☑ No. Go to Part 2.

☐ Yes. Fill in the information below.

| All cash or cash equivalents owned or controlled by the debtor | Current value of debtor's interest |
|---|---|

2. **Cash on hand**

_____    $ _____

3. **Checking, savings, money market, or financial brokerage accounts** *(Identify all)*

| Name of institution (bank or brokerage firm) | Type of account | Last 4 digits of account number | |
|---|---|---|---|
| _____ | _____ | _____ | $ _____ |

4. **Other cash equivalents** *(Identify all)*

_____    $ _____

5. **Total of Part 1**

Add lines 2 through 4 (including amounts on any additional sheets). Copy the total to line 80.

$ _____ 0.00

Debtor: Akorn Holding Company LLC

Name

Case number *(if known)*: 23-10253

| Part 2: | Deposits and prepayments |

6. **Does the debtor have any deposits or prepayments?**

☑ No. Go to Part 3.

☐ Yes. Fill in the information below.

**Current value of debtor's interest**

7. **Deposits, including security deposits and utility deposits**

Description, including name of holder of deposit

_____  $ _____

8. **Prepayments, including prepayments on executory contracts, leases, insurance, taxes, and rent**

Description, including name of holder of prepayment

_____  $ _____

9. **Total of Part 2.**

Add lines 7 through 8. Copy the total to line 81.

$ _____ 0.00

| Debtor: | Akorn Holding Company LLC | | Case number *(if known)*: | 23-10253 |
|---|---|---|---|---|
| | Name | | | |

| Part 3: | Accounts receivable |
|---|---|

**10. Does the debtor have any accounts receivable?**

☒ No. Go to Part 4.

☐ Yes. Fill in the information below.

**Current value of debtor's interest**

**11. Accounts receivable**

| | | Description | face amount | | doubtful or uncollectible accounts | | | |
|---|---|---|---|---|---|---|---|---|
| 11a. | 90 days old or less: | _____ | $ _____ | - $ _____ | | =..... ➔ | $ _____ |
| 11b. | Over 90 days old: | _____ | $ _____ | - $ _____ | | =..... ➔ | $ _____ |

**12. Total of Part 3.**

Current value on lines 11a + 11b = line 12. Copy the total to line 82.

| $ | 0.00 |
|---|---|

Debtor: Akorn Holding Company LLC
_____

Name

Case number *(if known)*: 23-10253
_____

## Part 4:  Investments

13. **Does the debtor own any investments?**

☐ No. Go to Part 5.

☑ Yes. Fill in the information below.

| | Valuation method used for current value | Current value of debtor's interest |
|---|---|---|

14. **Mutual funds or publicly traded stocks not included in Part 1**

Name of fund or stock:

| 14.1 None | $ |
|---|---|

15. **Non-publicly traded stock and interests in incorporated and unincorporated businesses, including any interest in an LLC, partnership, or joint venture**

Name of entity:                    % of ownership:

| 15.1 Akorn Intermediate Company LLC | 100% | | $ | Undetermined |
|---|---|---|---|---|

16. **Government bonds, corporate bonds, and other negotiable and non-negotiable instruments not included in Part 1**

Describe:

| 16.1 None | | $ |
|---|---|---|

17. **Total of Part 4.**

Add lines 14 through 16. Copy the total to line 83.

| $ | 0.00 |
|---|---|

Debtor:    Akorn Holding Company LLC                                      Case number *(if known)*:    23-10253
_____
Name

| Part 5: | Inventory, excluding agriculture assets |
|---|---|

18.  **Does the debtor own any inventory (excluding agriculture assets)?**
   ☑  No. Go to Part 6.
   ☐  Yes. Fill in the information below.

| General description | Date of the last physical inventory | Net book value of debtor's interest (Where available) | Valuation method used for current value | Current value of debtor's interest |
|---|---|---|---|---|
| 19.  **Raw materials** | | $ | | $ |
| 20.  **Work in progress** | | $ | | $ |
| 21.  **Finished goods, including goods held for resale** | | $ | | $ |
| 22.  **Other inventory or supplies** | | $ | | $ |

23.  **Total of Part 5.**
   Add lines 19 through 22. Copy the total to line 84.

$ _____ 0.00

24.  **Is any of the property listed in Part 5 perishable?**
   ☐  No
   ☐  Yes

25.  **Has any of the property listed in Part 5 been purchased within 20 days before the bankruptcy was filed?**
   ☐  No
   ☐  Yes.    Description _____    Book value $ _____    Valuation method _____    Current value $ _____

26.  **Has any of the property listed in Part 5 been appraised by a professional within the last year?**
   ☐  No
   ☐  Yes

| Debtor: | Akorn Holding Company LLC | Case number *(if known):* | 23-10253 |
| | Name | | |

## Part 6:    Farming and fishing-related assets (other than titled motor vehicles and land)

27. **Does the debtor own or lease any farming and fishing-related assets (other than titled motor vehicles and land)?**
☑ No. Go to Part 7.
☐ Yes. Fill in the information below.

| General description | Net book value of debtor's interest (Where available) $ | Valuation method used for current value | Current value of debtor's interest |
|---|---|---|---|
| 28. **Crops—either planted or harvested** | $ | | $ |
| 29. **Farm animals** *Examples:* Livestock, poultry, farm-raised fish | $ | | $ |
| 30. **Farm machinery and equipment** (Other than titled motor vehicles) | $ | | $ |
| 31. **Farm and fishing supplies, chemicals, and feed** | $ | | $ |
| 32. **Other farming and fishing-related property not already listed in Part 6** | $ | | $ |
| 33. **Total of Part 6.** Add lines 28 through 32. Copy the total to line 85. | | | $ 0.00 |

34. **Is the debtor a member of an agricultural cooperative?**
☐ No
☐ Yes. Is any of the debtor's property stored at the cooperative?
   ☐ No
   ☐ Yes

35. **Has any of the property listed in Part 6 been purchased within 20 days before the bankruptcy was filed?**
☐ No
☐ Yes.  Description_____  Book value $ _____  Valuation method _____  Current value $ _____

36. **Is a depreciation schedule available for any of the property listed in Part 6?**
☐ No
☐ Yes

37. **Has any of the property listed in Part 6 been appraised by a professional within the last year?**
☐ No
☐ Yes

Debtor:  Akorn Holding Company LLC                                    Case number *(if known)*:  23-10253
         Name

## Part 7:  Office furniture, fixtures, and equipment; and collectibles

38. **Does the debtor own or lease any office furniture, fixtures, equipment, or collectibles?**

☑ No. Go to Part 8.

☐ Yes. Fill in the information below.

| General description | Net book value of debtor's interest (Where available) | Valuation method used for current value | Current value of debtor's interest |
|---|---|---|---|
| 39. **Office furniture** | $ | | $ |
| 40. **Office fixtures** | $ | | $ |
| 41. **Office equipment, including all computer equipment and communication systems equipment and software** | $ | | $ |
| 42. **Collectibles** *Examples:* Antiques and figurines; paintings,prints, or other artwork; books, pictures, or other art objects; china and crystal; stamp, coin, or baseball card collections; other collections, memorabilia, or collectibles | $ | | $ |

43. **Total of Part 7.**
Add lines 39 through 42. Copy the total to line 86.

$ _____ 0.00

44. **Is a depreciation schedule available for any of the property listed in Part 7?**

☐ No

☐ Yes

45. **Has any of the property listed in Part 7 been appraised by a professional within the last year?**

☐ No

☐ Yes

| Debtor: | Akorn Holding Company LLC | Case number *(if known):* | 23-10253 |
|---|---|---|---|
| | Name | | |

## Part 8:  Machinery, equipment, and vehicles

46. **Does the debtor own or lease any machinery, equipment, or vehicles?**

    ☑ No. Go to Part 9.

    ☐ Yes. Fill in the information below.

| General description<br><br>Include year, make, model, and identification numbers (i.e., VIN, HIN, or N-number) | Net book value of debtor's interest<br><br>(Where available) | Valuation method used for current value | Current value of debtor's interest |
|---|---|---|---|
| **47. Automobiles, vans, trucks, motorcycles, trailers, and titled farm vehicles** | | | |
| | $ | | $ |
| **48. Watercraft, trailers, motors, and related accessories** Examples: Boats, trailers, motors, floating homes, personal watercraft, and fishing vessels | | | |
| | $ | | $ |
| **49. Aircraft and accessories** | | | |
| | $ | | $ |
| **50. Other machinery, fixtures, and equipment (excluding farm machinery and equipment)** | | | |
| | $ | | $ |

51. **Total of Part 8.**

    Add lines 47 through 50. Copy the total to line 87.

    $ _____ 0.00

52. **Is a depreciation schedule available for any of the property listed in Part 8?**

    ☐ No

    ☐ Yes

53. **Has any of the property listed in Part 8 been appraised by a professional within the last year?**

    ☐ No

    ☐ Yes

Debtor: Akorn Holding Company LLC
_____    Case number *(if known):*  23-10253
Name

## Part 9:    Real property

54.  **Does the debtor own or lease any real property?**

☑  No. Go to Part 10.

☐  Yes. Fill in the information below.

55.  **Any building, other improved real estate, or land which the debtor owns or in which the debtor has an interest**

| Description and location of property<br><br>Include street address or other description such as Assessor Parcel Number (APN), and type of property (for example, acreage, factory, warehouse, apartment or office building), if available. | Nature and extent of debtor's interest in property | Net book value of debtor's interest<br><br>(Where available) | Valuation method used for current value | Current value of debtor's interest |
|---|---|---|---|---|
| 55.1 _____ | _____ | $ _____ | _____ | $ _____ |

56.  **Total of Part 9.**

Add the current value on lines 55.1 through 55.6 and entries from any additional sheets. Copy the total to line 88.

$ _____ 0.00

57.  **Is a depreciation schedule available for any of the property listed in Part 9?`**

☐  No

☐  Yes

58.  **Has any of the property listed in Part 9 been appraised by a professional within the last year?**

☐  No

☐  Yes

| Debtor: | Akorn Holding Company LLC | Case number *(if known)*: | 23-10253 |
|---|---|---|---|
| | Name | | |

## Part 10:  Intangibles and intellectual property

59. **Does the debtor have any interests in intangibles or intellectual property?**

☑ No. Go to Part 11.

☐ Yes. Fill in the information below.

| General description | Net book value of debtor's interest (Where available) | Valuation method used for current value | Current value of debtor's interest |
|---|---|---|---|
| 60. **Patents, copyrights, trademarks, and trade secrets** | $ | | $ |
| 61. **Internet domain names and websites** | $ | | $ |
| 62. **Licenses, franchises, and royalties** | $ | | $ |
| 63. **Customer lists, mailing lists, or other compilations** | $ | | $ |
| 64. **Other intangibles, or intellectual property** | $ | | $ |
| 65. **Goodwill** | $ | | $ |

66. **Total of Part 10.**

Add lines 60 through 65. Copy the total to line 89.

| | |
|---|---|
| $ | 0.00 |

67. **Do your lists or records include personally identifiable information of customers** (as defined in 11 U.S.C. §§ 101(41A) and 107)**?**

☐ No

☐ Yes

68. **Is there an amortization or other similar schedule available for any of the property listed in Part 10?**

☐ No

☐ Yes

69. **Has any of the property listed in Part 10 been appraised by a professional within the last year?**

☐ No

☐ Yes

| Debtor: | Akorn Holding Company LLC | Case number *(if known)*: | 23-10253 |
|---|---|---|---|
| | Name | | |

<div style="background:black;color:white;display:inline-block;">**Part 11:**</div> **All other assets**

70. **Does the debtor own any other assets that have not yet been reported on this form?**
Include all interests in executory contracts and unexpired leases not previously reported on this form.

☐ No. Go to Part 12.

☑ Yes. Fill in the information below.

**Current value of debtor's interest**

71. **Notes receivable**

Description (include name of obligor)     Total face amount     doubtful or uncollectible accounts

71.1 None     $ _____ - $ _____ =.... ➔ $ _____

72. **Tax refunds and unused net operating losses (NOLs)**

Description (for example, federal, state, local)

72.1 None     Tax year     $ _____

73. **Interests in insurance policies or annuities**

| | | | |
|---|---|---|---|
| 73.1 | Allied World Assurance Company (U.S.) Inc. - Policy 0312-8275 Cyber | $ | Undetermined |
| 73.2 | Amtrust Westco - Policy EUW188000901 D&O | $ | Undetermined |
| 73.3 | Amtrust Westco - Policy EUW194873800 D&O | $ | Undetermined |
| 73.4 | Amtrust Westco - Policy EUW188000901 D&O Tail | $ | Undetermined |
| 73.5 | Amtrust Westco - Policy EUW194873800 D&O Tail | $ | Undetermined |
| 73.6 | Arch Insurance Company - Policy ABL1000083-02 D&O | $ | Undetermined |
| 73.7 | Arch Insurance Company - Policy ABL1000083-02 D&O Tail | $ | Undetermined |
| 73.8 | AXIS Insurance Company - Policy P00100043566403 D&O | $ | Undetermined |
| 73.9 | AXIS Insurance Company - Policy P00100043566403 D&O Tail | $ | Undetermined |
| 73.10 | Beazley Insurance Company - Policy V31BFF220101 Employment Practices Liability | $ | Undetermined |
| 73.11 | Continental Insurance Company - Policy PST734841667 Warehouse/Transit/Storage Property | $ | Undetermined |
| 73.12 | Everest - Policy LS8GL00020221 Product Liability - Primary& Excess | $ | Undetermined |
| 73.13 | Federal Insurance Company - Policy 82611495 Crime & Fiduciary | $ | Undetermined |
| 73.14 | Hartford Accident and Indemnity Company - Policy 83WEAJ0UN4 Worker's Compensation & Employers' Liability | $ | Undetermined |
| 73.15 | Hartford Casualty Insurance Company - Policy 83RHUAC5364 Umbrella, Excess Liability | $ | Undetermined |
| 73.16 | Hartford Fire Insurance Co. - Policy 83UENAC5270 Commercial General Liability (list whether claims made or occurrence) | $ | Undetermined |
| 73.17 | Homeland - Policy 795018744 Warehouse/Transit/Storage Property | $ | Undetermined |
| 73.18 | Indian Harbor Insurance Company - Policy MTE904504800 Cyber | $ | Undetermined |
| 73.19 | James River - Policy 000833364 Product Liability - Primary& Excess | $ | Undetermined |

Debtor: Akorn Holding Company LLC

Case number (if known): 23-10253

Name

| | | |
|---|---|---|
| 73.20 | Landmark - Policy LHD924976 Warehouse/Transit/Storage Property | $ Undetermined |
| 73.21 | Lloyds - Policy B1262SM0398322 Warehouse/Transit/Storage Property | $ Undetermined |
| 73.22 | Lloyds - Policy B1262SM0771922 Warehouse/Transit/Storage Property | $ Undetermined |
| 73.23 | Lloyds - Policy LSRXS0070422 Product Liability - Primary& Excess | $ Undetermined |
| 73.24 | Sompo - Policy ADX30025755900 D&O | $ Undetermined |
| 73.25 | Sompo - Policy ADX30025755900 D&O Tail | $ Undetermined |
| 73.26 | TDC Specialty - Policy LSX000472204 Product Liability - Primary& Excess | $ Undetermined |
| 73.27 | Travelers Casualty and Surety Company - Policy 107634205 Cyber | $ Undetermined |
| 73.28 | Travelers Excess and Surplus Lines co. - Policy KTQCMB3H06339222 Warehouse/Transit/Storage Property | $ Undetermined |
| 73.29 | Trumbull Insurance Co. - Policy 83UENAF1371 Automobile | $ Undetermined |
| 73.30 | Underwriters Lloyds London - Newline - Policy SYB22890650B105 Product Liability - Primary& Excess | $ Undetermined |
| 73.31 | XL Insurance America, Inc. - Policy US00075772PR22A Warehouse/Transit/Storage Property | $ Undetermined |

74. **Causes of action against third parties (whether or not a lawsuit has been filed)**

    74.1 None                                  $

          **Nature of claim**

          **Amount requested**        $

75. **Other contingent and unliquidated claims or causes of action of every nature, including counterclaims of the debtor and rights to set off claims**

    75.1 None                                  $

          **Nature of claim**

          **Amount requested**        $

76. **Trusts, equitable or future interests in property**

    76.1 None                                  $

77. **Other property of any kind not already listed** *Examples*: Season tickets, country club membership

    77.1 None                                  $

78. **Total of Part 11.**

    Add lines 71 through 77. Copy the total to line 90.        $        0.00

79. **Has any of the property listed in Part 11 been appraised by a professional within the last year?**

    ☒ No

    ☐ Yes

Debtor: Akorn Holding Company LLC

Name

Case number *(if known)*: 23-10253

## Part 12:  Summary

In Part 12 copy all of the totals from the earlier parts of the form.

| Type of property | Current value of personal property | Current value of real property |
|---|---|---|
| 80. **Cash, cash equivalents, and financial assets.** *Copy line 5, Part 1.* | $ 0.00 | |
| 81. **Deposits and prepayments.** *Copy line 9, Part 2***.** | $ 0.00 | |
| 82. **Accounts receivable.** *Copy line 12, Part 3.* | $ 0.00 | |
| 83. **Investments.** *Copy line 17, Part 4.* | $ 0.00 | |
| 84. **Inventory.** *Copy line 23, Part 5.* | $ 0.00 | |
| 85. **Farming and fishing-related assets.** *Copy line 33, Part 6.* | $ 0.00 | |
| 86. **Office furniture, fixtures, and equipment; and collectibles.** *Copy line 43, Part 7.* | $ 0.00 | |
| 87. **Machinery, equipment, and vehicles.** *Copy line 51, Part 8.* | $ 0.00 | |
| 88. **Real property.** *Copy line 56, Part 9.*.......................................➔ | | $ 0.00 |
| 89. **Intangibles and intellectual property.** *Copy line 66, Part 10.* | $ 0.00 | |
| 90. **All other assets.** *Copy line 78, Part 11.* | $ 0.00 | |
| 91. **Total.** Add lines 80 through 90 for each column.............................91a. | $ 0.00 | + 91b. $ 0.00 |
| 92. **Total of all property on Schedule A/B.** Lines 91a + 91b = 92. ........................................................................................................ | | $ 0.00 |

**Fill in this information to identify the case:**

Debtor Name: In re : Akorn Holding Company LLC

United States Bankruptcy Court for the:  District of Delaware

Case number (if known): 23-10253 (KBO)

☐ Check if this is an amended filing

## Official Form 206D

# Schedule D: Creditors Who Have Claims Secured by Property          12/15

**Be as complete and accurate as possible.**

1. **Do any creditors have claims secured by debtor's property?**

   ☑ No. Check this box and submit page 1 of this form to the court with debtor's other schedules. Debtor has nothing else to report on this form.

   ☐ Yes. Fill in all of the information below.

**Part 1:      List Creditors Who Have Secured Claims**

2. **List in alphabetical order all creditors who have secured claims.** If a creditor has more than one secured claim, list the creditor separately for each claim.

| | *Column A* **Amount of claim** Do not deduct the value of collateral. | *Column B* **Value of collateral that supports this claim** |
|---|---|---|

2.1 **Creditor's name**

**Describe debtor's property that is subject to a lien**

$ _____    $ _____

Creditor's Name

**Creditor's mailing address**

**Describe the lien**

Notice Name

Street

**Is the creditor an insider or related party?**

☐ No
☐ Yes

City        State        ZIP Code

Country

**Is anyone else liable on this claim?**

☐ No
☐ Yes. Fill out *Schedule H: Codebtors (Official Form 206H)*.

**Creditor's email address, if known**

**Date debt was incurred**

**Last 4 digits of account number** _____

**As of the petition filing date, the claim is:**
Check all that apply.

☐ Contingent
☐ Unliquidated
☐ Disputed

**Do multiple creditors have an interest in the same property?**

☐ No
☐ Yes. Have you already specified the relative priority?

   ☐ No. Specify each creditor, including this creditor, and its relative priority.

   ☐ Yes. The relative priority of creditors is specified on lines

3. **Total of the dollar amounts from Part 1, Column A, including the amounts from the Additional Page, if any.**          $ _____

**Part 2:**    List Others to Be Notified for a Debt Already Listed in Part 1

List in alphabetical order any others who must be notified for a debt already listed in Part 1. Examples of entities that may be listed are collection agencies, assignees of claims listed above, and attorneys for secured creditors.

If no others need to be notified for the debts listed in Part 1, do not fill out or submit this page. If additional pages are needed, copy this page.

| Name and address | On which line in Part 1 did you enter the related creditor? | Last 4 digits of account number for this entity |
|---|---|---|
|  | Line _____ | _____ |

Name

Notice Name

Street

City                        State                    ZIP Code

Country

**Fill in this information to identify the case:**

Debtor Name: In re : Akorn Holding Company LLC

United States Bankruptcy Court for the:  District of Delaware

Case number (if known): 23-10253 (KBO)

☐ Check if this is an amended filing

## Official Form 206E/F

# Schedule E/F: Creditors Who Have Unsecured Claims                12/15

Be as complete and accurate as possible. Use Part 1 for creditors with PRIORITY unsecured claims and Part 2 for creditors with NONPRIORITY unsecured claims. List the other party to any executory contracts or unexpired leases that could result in a claim. Also list executory contracts on Schedule A/B: Assets - Real and Personal Property (Official Form 206A/B) and on Schedule G: Executory Contracts and Unexpired Leases (Official Form 206G). Number the entries in Parts 1 and 2 in the boxes on the left. If more space is needed for Part 1 or Part 2, fill out and attach the Additional Page of that Part included in this form.

**Part 1:**    List All Creditors with PRIORITY Unsecured Claims

1. **Do any creditors have priority unsecured claims? (See 11 U.S.C. § 507).**

☑ No. Go to Part 2.

☐ Yes. Go to Line 2.

2. **List in alphabetical order all creditors who have unsecured claims that are entitled to priority in whole or in part.** If the debtor has more than 3 creditors with priority unsecured claims, fill out and attach the Additional Page of Part 1.

|  | Total claim | Priority amount |
|---|---|---|
| 2.1 **Priority creditor's name and mailing address** <br> As of the petition filing date, the claim is: $ _____ | $ _____ |  |

Check all that apply.

Creditor Name

☐ Contingent

Creditor's Notice name

☐ Unliquidated

☐ Disputed

Address

**Basis for the claim:**

City        State        ZIP Code

Country

**Date or dates debt was incurred**

**Last 4 digits of account number**

**Is the claim subject to offset?**

☐ No

**Specify Code subsection of PRIORITY unsecured claim:** 11 U.S.C. § 507(a) ()

☐ Yes

| Part 2: | List All Creditors with NONPRIORITY Unsecured Claims |
|---|---|

3. **List in alphabetical order all of the creditors with nonpriority unsecured claims.** If the debtor has more than 6 creditors with nonpriority unsecured claims, fill out and attach the Additional Page of Part 2.

|  | Amount of claim |
|---|---|

**3.1 Nonpriority creditor's name and mailing address**

Aslam, Farhan
Creditor Name

Creditor's Notice name

Address on File
Address

City      State      ZIP Code

Country

**Date or dates debt was incurred**
2/23/2022
**Last 4 digits of account**
**number**

**As of the petition filing date, the claim is:** $            100,000.00
*Check all that apply.*

☐ Contingent

☐ Unliquidated

☐ Disputed

**Basis for the claim:**

Executive Severance Arrangements

**Is the claim subject to offset?**

☐ No

☐ Yes

**3.2 Nonpriority creditor's name and mailing address**

Dorado-Boladeres, Erislandy
Creditor Name

Creditor's Notice name

Address on File
Address

City      State      ZIP Code

Country

**Date or dates debt was incurred**
2/23/2022
**Last 4 digits of account**
**number**

**As of the petition filing date, the claim is:** $          1,117,000.00
*Check all that apply.*

☐ Contingent

☐ Unliquidated

☐ Disputed

**Basis for the claim:**

Executive Severance Arrangements

**Is the claim subject to offset?**

☐ No

☐ Yes

Debtor: Akorn Holding Company LLC

Case number *(if known)*: 23-10253

---

**3.3** **Nonpriority creditor's name and mailing address**

Goyal, Sandhya
Creditor Name

Creditor's Notice name

Address on File
Address

| | | |
|---|---|---|
| City | State | ZIP Code |

Country

**Date or dates debt was incurred**
2/23/2022

**Last 4 digits of account**

**number**

As of the petition filing date, the claim is:    $                50,000.00
*Check all that apply.*

☐  Contingent

☐  Unliquidated

☐  Disputed

**Basis for the claim:**

Executive Severance Arrangements

**Is the claim subject to offset?**

☐  No

☐  Yes

---

**3.4** **Nonpriority creditor's name and mailing address**

Kafer, Jon
Creditor Name

Creditor's Notice name

Address on File
Address

| | | |
|---|---|---|
| City | State | ZIP Code |

Country

**Date or dates debt was incurred**
2/23/2022

**Last 4 digits of account**

**number**

As of the petition filing date, the claim is:    $               125,000.00
*Check all that apply.*

☐  Contingent

☐  Unliquidated

☐  Disputed

**Basis for the claim:**

Executive Severance Arrangements

**Is the claim subject to offset?**

☐  No

☐  Yes

---

| Debtor: | Akorn Holding Company LLC | Case number *(if known)* | 23-10253 |

**3.5** **Nonpriority creditor's name and mailing address**

Novak, Brett
Creditor Name

Creditor's Notice name

Address on File
Address

City          State          ZIP Code

Country

**Date or dates debt was incurred**
2/23/2022

**Last 4 digits of account**

**number**

As of the petition filing date, the claim is:    $                    192,000.00
*Check all that apply.*

☐   Contingent

☐   Unliquidated

☐   Disputed

**Basis for the claim:**

Executive Severance Arrangements

**Is the claim subject to offset?**

☐   No

☐   Yes

**3.6** **Nonpriority creditor's name and mailing address**

Ostrowski, Bill
Creditor Name

Creditor's Notice name

Address on File
Address

City          State          ZIP Code

Country

**Date or dates debt was incurred**
2/23/2022

**Last 4 digits of account**

**number**

As of the petition filing date, the claim is:    $                    987,500.04
*Check all that apply.*

☐   Contingent

☐   Unliquidated

☐   Disputed

**Basis for the claim:**

Executive Severance Arrangements

**Is the claim subject to offset?**

☐   No

☐   Yes

| Debtor: | Akorn Holding Company LLC | Case number *(if known)*: | 23-10253 |
| --- | --- | --- | --- |

**3.7 Nonpriority creditor's name and mailing address**

Sweeney, John
Creditor Name

Creditor's Notice name

Address on File
Address

| City | State | ZIP Code |
| --- | --- | --- |

Country

**Date or dates debt was incurred**

2/23/2022

**Last 4 digits of account**

**number**

As of the petition filing date, the claim is:    $    1,290,000.00
*Check all that apply.*

☐  Contingent

☐  Unliquidated

☐  Disputed

**Basis for the claim:**

Executive Severance Arrangements

**Is the claim subject to offset?**

☐  No

☐  Yes

**3.8 Nonpriority creditor's name and mailing address**

Tsahalis, Kirk
Creditor Name

Creditor's Notice name

Address on File
Address

| City | State | ZIP Code |
| --- | --- | --- |

Country

**Date or dates debt was incurred**

2/23/2022

**Last 4 digits of account**

**number**

As of the petition filing date, the claim is:    $    173,000.00
*Check all that apply.*

☐  Contingent

☐  Unliquidated

☐  Disputed

**Basis for the claim:**

Executive Severance Arrangements

**Is the claim subject to offset?**

☐  No

☐  Yes

Debtor:  Akorn Holding Company LLC

Case number *(if known)*:  23-10253

**3.9  Nonpriority creditor's name and mailing address**

Young, Chris
Creditor Name

Creditor's Notice name

Address on File
Address

City    State    ZIP Code

Country

**Date or dates debt was incurred**

2/23/2022

**Last 4 digits of account**

**number**

**As of the petition filing date, the claim is:**    $    1,117,000.00
*Check all that apply.*

☐  Contingent

☐  Unliquidated

☐  Disputed

**Basis for the claim:**

Executive Severance Arrangements

**Is the claim subject to offset?**

☐  No

☐  Yes

**3.10  Nonpriority creditor's name and mailing address**

Zelnick-Kaufman, Beth
Creditor Name

Creditor's Notice name

Address on File
Address

City    State    ZIP Code

Country

**Date or dates debt was incurred**

2/23/2022

**Last 4 digits of account**

**number**

**As of the petition filing date, the claim is:**    $    500,000.00
*Check all that apply.*

☐  Contingent

☐  Unliquidated

☐  Disputed

**Basis for the claim:**

Executive Severance Arrangements

**Is the claim subject to offset?**

☐  No

☐  Yes

| Part 3: | List Others to Be Notified About Unsecured Claims |
|---|---|

4. **List in alphabetical order any others who must be notified for claims listed in Parts 1 and 2. Examples of entities that may be listed are collection agencies, assignees of claims listed above, and attorneys for unsecured creditors.**
**If no others need to be notified for the debts listed in Parts 1 and 2, do not fill out or submit this page. If additional pages are needed, copy the next page.**

| Name and mailing address | On which line in Part 1 or Part 2 is the related creditor (if any) listed? | Last 4 digits of account number, if any |
|---|---|---|

4.1 None

Name

Line _____

☐  Not Listed.Explain

Notice Name

Street

City                State            ZIP Code

Country

**Part 4:    Total Amounts of the Priority and Nonpriority Unsecured Claims**

5. **Add the amounts of priority and nonpriority unsecured claims.**

|  |  | Total of claim amounts |
|---|---|---|
| 5a. **Total claims from Part 1** | 5a. | $ 0.00 |
| 5b. **Total claims from Part 2** | 5b. + | $ 5,651,500.04 |
| 5c. **Total of Parts 1 and 2**<br>Lines 5a + 5b = 5c. | 5c. | $ 5,651,500.04 |

**Fill in this information to identify the case:**

Debtor Name: In re : Akorn Holding Company LLC

United States Bankruptcy Court for the: District of Delaware

Case number (if known): 23-10253 (KBO)

☐ Check if this is an amended filing

## Official Form 206G

# Schedule G: Executory Contracts and Unexpired Leases                12/15

**Be as complete and accurate as possible. If more space is needed, copy and attach the additional page, numbering the entries consecutively.**

1. **Does the debtor have any executory contracts or unexpired leases?**

   ☐ No. Check this box and file this form with the court with the debtor's other schedules. There is nothing else to report on this form.

   ☑ Yes. Fill in all of the information below even if the contracts or leases are listed on *Schedule A/B: Assets - Real and Personal Property* (Official Form 206A/B).

| 2. List all contracts and unexpired leases | | State the name and mailing address for all other parties with whom the debtor has an executory contract or unexpired lease |
|---|---|---|
| 2.1 | **State what the contract or lease is for and the nature of the debtor's interest**<br>Retention Bonus Opportunity Agreement Letter | Beth Zelnick Kaufman<br>Name |
| | | Notice Name |
| | | Address on File |
| | **State the term remaining** N/A | Address |
| | **List the contract number of any government contract** | |
| | | City / State / ZIP Code |
| | | Country |
| 2.2 | **State what the contract or lease is for and the nature of the debtor's interest**<br>Retention Bonus Opportunity Agreement Letter | Brett Novak<br>Name |
| | | Notice Name |
| | | Address on File |
| | **State the term remaining** N/A | Address |
| | **List the contract number of any government contract** | |
| | | City / State / ZIP Code |
| | | Country |

Debtor: Akorn Holding Company LLC
Name

Case number *(if known)*: 23-10253

| | | |
|---|---|---|
| **2.3** | **State what the contract or lease is for and the nature of the debtor's interest** | Retention Bonus Opportunity Agreement Letter |

Christopher Young
Name

Notice Name

Address on File
Address

**State the term remaining**     N/A

**List the contract number of any government contract**

City                State          ZIP Code

Country

| | | |
|---|---|---|
| **2.4** | **State what the contract or lease is for and the nature of the debtor's interest** | Retention Bonus Opportunity Agreement Letter |

Erislandy Dorado-Boladeres
Name

Notice Name

Address on File
Address

**State the term remaining**     N/A

**List the contract number of any government contract**

City                State          ZIP Code

Country

| | | |
|---|---|---|
| **2.5** | **State what the contract or lease is for and the nature of the debtor's interest** | Retention Bonus Opportunity Agreement Letter |

Farhan Aslam
Name

Notice Name

Address on File
Address

**State the term remaining**     N/A

**List the contract number of any government contract**

City                State          ZIP Code

Country

Debtor: Akorn Holding Company LLC
_____
Name

Case number *(if known)*: 23-10253
_____

2.6 **State what the contract or lease is for and the nature of the debtor's interest**

Nonqualified Option Award Agreement

John Sweeney
_____
Name

_____
Notice Name

Address on File
_____
Address

**State the term remaining** | N/A

**List the contract number of any government contract**

| City | State | ZIP Code |
|---|---|---|

Country

---

2.7 **State what the contract or lease is for and the nature of the debtor's interest**

Retention Bonus Opportunity and Incremental Severance Protection Agreement

John Sweeney
_____
Name

_____
Notice Name

Address on File
_____
Address

**State the term remaining** | N/A

**List the contract number of any government contract**

| City | State | ZIP Code |
|---|---|---|

Country

---

2.8 **State what the contract or lease is for and the nature of the debtor's interest**

Retention Bonus Opportunity Agreement Letter

Jonathan Kafer
_____
Name

_____
Notice Name

Address on File
_____
Address

**State the term remaining** | N/A

**List the contract number of any government contract**

| City | State | ZIP Code |
|---|---|---|

Country

Debtor:   Akorn Holding Company LLC

Name

Case number *(if known)*:    23-10253

| | | |
|---|---|---|
| 2.9 | **State what the contract or lease is for and the nature of the debtor's interest** | Retention Bonus Opportunity Agreement Letter |

Kirk Tsahalis

Name

Notice Name

Address on File

**State the term remaining**    N/A

Address

**List the contract number of any government contract**

| City | State | ZIP Code |
|---|---|---|

Country

| | | |
|---|---|---|
| 2.10 | **State what the contract or lease is for and the nature of the debtor's interest** | Retention Bonus Opportunity Agreement Letter |

Sandhya Goyal

Name

Notice Name

Address on File

**State the term remaining**    N/A

Address

**List the contract number of any government contract**

| City | State | ZIP Code |
|---|---|---|

Country

| | | |
|---|---|---|
| 2.11 | **State what the contract or lease is for and the nature of the debtor's interest** | Retention Bonus Opportunity Agreement Letter |

William Ostrowski

Name

Notice Name

Address on File

**State the term remaining**    N/A

Address

**List the contract number of any government contract**

| City | State | ZIP Code |
|---|---|---|

Country

**Fill in this information to identify the case:**

Debtor Name: In re : Akorn Holding Company LLC

United States Bankruptcy Court for the:  District of Delaware

Case number (if known): 23-10253 (KBO)

☐ Check if this is an
amended filing

Official Form 206H

## Schedule H: Codebtors

12/15

Be as complete and accurate as possible. If more space is needed, copy the Additional Page, numbering the entries consecutively. Attach the Additional Page to this page.

1. **Does the debtor have any codebtors?**

   ☑ No. Check this box and submit this form to the court with the debtor's other schedules. Nothing else needs to be reported on this form.

   ☐ Yes

2. **In Column 1, list as codebtors all of the people or entities who are also liable for any debts listed by the debtor in the schedules of creditors,** *Schedules D-G.* Include all guarantors and co-obligors. In Column 2, identify the creditor to whom the debt is owed and each schedule on which the creditor is listed. If the codebtor is liable on a debt to more than one creditor, list each creditor separately in Column 2.

| *Column 1:* **Codebtor** | | *Column 2:* **Creditor** | |
|---|---|---|---|
| Name | Mailing address | Name | *Check all schedules that apply:* |
| 2.1 | | | ☐ D |
| | Street | | ☐ E/F |
| | | | ☐ G |
| | City          State          ZIP Code | | |
| | Country | | |

**Fill in this information to identify the case:**

Debtor Name: In re : Akorn Holding Company LLC

United States Bankruptcy Court for the:  District of Delaware

Case number (if known): 23-10253 (KBO)

## Official Form 202

# Declaration Under Penalty of Perjury for Non-Individual Debtors                12/15

An individual who is authorized to act on behalf of a non-individual debtor, such as a corporation or partnership, must sign and submit this form for the schedules of assets and liabilities, any other document that requires a declaration that is not included in the document, and any amendments of those documents. This form must state the individual's position or relationship to the debtor, the identity of the document, and the date. Bankruptcy Rules 1008 and 9011.

**WARNING -- Bankruptcy fraud is a serious crime. Making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.**

### Declaration and signature

I am the president, another officer, or an authorized agent of the corporation; a member or an authorized agent of the partnership; or another individual serving as a representative of the debtor in this case.

I have examined the information in the documents checked below and I have a reasonable belief that the information is true and correct:

☑ *Schedule A/B: Assets–Real and Personal Property* (Official Form 206A/B)

☑ *Schedule D: Creditors Who Have Claims Secured by Property* (Official Form 206D)

☑ *Schedule E/F: Creditors Who Have Unsecured Claims* (Official Form 206E/F)

☑ *Schedule G: Executory Contracts and Unexpired Leases* (Official Form 206G)

☑ *Schedule H: Codebtors* (Official Form 206H)

☑ *Summary of Assets and Liabilities for Non-Individuals* (Official Form 206Sum)

☐ Amended *Schedule* _____

☐ *Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 20 Largest Unsecured Claims and Are Not Insiders (Official Form 204)*

☐ *Other document that requires a declaration* _____

I declare under penalty of perjury that the foregoing is true and correct.

Executed on   04/03/2023                    ✖ / s / John Sweeney
              MM / DD / YYYY                  Signature of individual signing on behalf of debtor


                                             John Sweeney
                                             Printed name

                                             Third Party Consultant to Debtor
                                             Position or relationship to debtor