IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: <br><br> AKORN HOLDING COMPANY LLC, *et al* [1] <br><br> Debtors. | Chapter 7 <br><br> Case No. 23-10253 (KBO) <br><br> (Jointly Administered) <br><br> **Objection Date:** **April 17, 2023 at 4:00 p.m. (Requested)** <br> **Hearing Date:** **April 24, 2023 (Requested)** |

**TRUSTEE'S MOTION FOR ENTRY OF AN ORDER EXTENDING TIME TO ASSUME OR REJECT EXECUTORY CONTRACTS AND UNEXPIRED LEASES OF PERSONAL PROPERTY PURSUANT TO 11 U.S.C. § 365(D)(1)**

George L. Miller, the duly appointed chapter 7 trustee (the "Trustee") for the estates of the above-captioned Debtors (collectively, the "Debtors" or "Estates"), by his undersigned counsel, respectfully files this motion (the "Motion") for an order extending the deadline to assume or reject executory contracts and unexpired leases of personal property pursuant to section 365(d)(1) of title 11 of the United States Code (the "Bankruptcy Code") to and including June 24, 2023 (the "Extended Deadline"). In support of the Motion, the Trustee respectfully states as follows:

**JURISDICTION AND VENUE**

1. The United States Bankruptcy Court for the District of Delaware (the "Bankruptcy Court") has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated as of February 29, 2012.

---

[1] The Debtors in these chapter 7 cases, along with the last four digits of their federal tax identification numbers, and cases numbers are Akorn Holding Company LLC (9190), Case No. 23-10253 (KBO); Akorn Intermediate Company LLC (6123), Case No. 23-10254 (KBO); and Akorn Operating Company LLC (6184), Case No. 23-10255. The Debtors' headquarters is located at 5605 CenterPoint Court, Gurnee, IL 60031.

2

2. This matter is a core proceeding pursuant to 28 U.S.C. § 157(b), and pursuant to Local Rule 9013-1(f), the Trustee consents to the entry of a Final Order by the Bankruptcy Court in connection with this Motion to the extent that it is later determined that the Bankruptcy Court, absent the consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution.

## BACKGROUND

3. On February 23, 2023 (the "Petition Date"), each of the affiliated Debtors Akorn Holding Company LLC, Case No. 23-10253; Akorn Intermediate Company LLC, Case No. 23-10254 and Akorn Operating Company, LLC, Case No. 23-10255 (collectively the "Bankruptcy Cases") filed a voluntary petition in the Bankruptcy Court for relief under chapter 7 of the Bankruptcy Code.

4. On or about the Petition Date, the Office of the United States Trustee appointed George L. Miller as the chapter 7 Trustee to the Estates of each of the Debtors.

5. On March 20, 2023, an Order was entered by this Court Directing Joint Administration and Procedural Consolidation of Cases [Doc. No. 42] directing procedural consolidation and joint administration of the Bankruptcy Cases with the bankruptcy case of Akorn Holding Company LLC, Case No. 23-10253.

6. Prior to the Petition Date, the Debtors' businesses included developing, manufacturing, and marketing specialty pharmaceuticals, including prescription, consumer health, and animal health products. The Debtors were an industry leader in branded and generic products in alternate dosage forms such as ophthalmics, injectables, oral liquids, topicals, inhalants and nasal sprays. The Debtors operated at numerous locations in the United States, both owned and leased, and were headquartered in Gurnee, Illinois.

7. The Trustee is currently marketing and offering for sale substantially all of the Debtors' assets (the "Sale Process"). In order to fund the Sale Process, and administer the Estates generally, the Trustee is in the process of entering into a Sharing Agreement with certain lenders of the Debtors (the "Sharing Agreement"), which will shortly be submitted to the Court for approval, under which the Trustee is being provided the ability to use cash collateral to administer, recover, preserve, market, and sell the Debtors' assets pursuant to one or more sales to be conducted under section 363 of the Bankruptcy Code in order to maximize the value realized in liquidating property of the estate.

8. The Debtors' executory contracts and/or unexpired leases of personal property may have value to prospective purchasers of the assets, so preservation of the executory contracts and unexpired leases of personal property through completion of the Sale Process is necessary to maintain and realize value for the Estates. The Trustee by the instant Motion seeks to make certain that potentially valuable executory contracts and unexpired leases of personal property will not be deemed rejected sixty (60) days after the Petition Date by operation of law under 11 U.S.C. section 365(d)(1).

9. The Debtors only very recently on April 3, 2023 filed their Bankruptcy Schedules and Statements of Financial Affairs required by Federal Rule of Bankruptcy Procedure 1007 which identify executory contracts together with unexpired leases of personal property and the Trustee needs additional time beyond the sixty (60) day deadline of 11 U.S.C. section 365(d)(1) in which to evaluate and make a determination concerning assumption of the identified executory contracts and unexpired leases of personal property.

10. Notwithstanding the foregoing the Trustee has determined in the exercise of his business judgment to not seek to assume or assume and assign any government contracts with the

Secretary of the Department of Health and Human Services (the "HHS"), the Secretary of Veterans Affairs (the "VA"), the Health Resources and Services Administration (the "HRSA"), the Centers for Medicare and Medicaid Services ("CMS") or any state Medicaid agency, including without limitation any Medicaid National Drug Rebate Agreement, any master agreement with the VA and any pricing agreement with HRSA for the Section 340B Drug Pricing Program (collectively, the "Government Contracts").  For the avoidance of doubt, Government Contracts shall not include any of the Debtors' New Drug Applications ("NDA"), Abbreviated New Drug Applications ("ANDA"), Abbreviated New Animal Drug Applications ("ANADA") or similar drug applications approved or submitted to the Federal Drug Administration ("FDA") or similar government agencies.

11.     In light of the foregoing, the Trustee in the exercise of his business judgment, seeks an extension of 11 U.S.C. section 365(d)(1) for an additional sixty (60) days until the Extended Deadline for all of the Debtors' executory contracts and unexpired leases of personal property (the "Contracts")[2] except for the above described Government Contracts which Government Contracts are excluded from the requested extension and shall instead be deemed rejected by operation of law in accordance with 11 U.S.C. section 365(d)(1).

## RELIEF REQUESTED

12.     The Trustee requests the entry of an order extending the deadline by which he may assume or reject the Contracts, pursuant to 11 U.S.C. section 365(d)(1) of the Bankruptcy Code, to and including the Extended Deadline of June 24, 2023.

---

[2] Nothing in this Motion shall constitute an admission that any particular agreement to which the Estates may be a party constitutes an executory contract for purposes of section 365 of the Bankruptcy Code.

**BASIS FOR RELIEF REQUESTED**

13. Section 365(d)(1) of the Bankruptcy Code provides as follows:

   In a case under chapter 7 of this title, if the trustee does not assume or reject an executory contract or unexpired lease of residential real property or of personal property of the debtor within 60 days after the order for relief, or within such additional time as the court, for cause, within such 60-day period, fixes, then such contract or lease is deemed rejected.

14. "Cause" is not defined in the Bankruptcy Code and is determined based on the facts and circumstances of each case. *See Izzarelli v. Rexene Prods. Co. (In re Rexene Prods. Co.)*, 141 B.R. 574, 576 (Bankr. D. Del. 1992) (interpreting cause under section 362 of the Bankruptcy Code) (quoting *Int'l Bus. Machines v. Fernstrom Storage and Van Co. (In re Fernstrom Storage and Van Co.)*, 938 F.2d 731,735 (7th Cir. 1991)). However, if a request is not made to enlarge the period to assume or reject within the sixty (60) day period identified in section 365(d)(1), the contract is deemed rejected and the court loses its discretion to extend. *In re Benson*, 76 B.R. 381, 382 (Bankr. D. Del. 1987) ("The court has no discretion with respect to enlarging the 60-day time period if a request for extension is not made within that period"); *In re Food Barn Stores, Inc.*, 174 B.R. 1010, 1016 (Bankr. W.D. Mo. 1994) (explaining court lacks authority to grant assumption of lease once deemed rejected).

15. Delaware Bankruptcy Local Rule 9006-2 provides as follows:

   Rule 9006-2. Bridge Orders Not Required in Certain Circumstances. Unless otherwise provided in the Code or in the Fed. R. Bankr. P., if a motion to extend the time to take any action is filed before the expiration of the period prescribed by the Code, the Fed. R. Bankr. P., these Local Rules or Court order, the time shall automatically be extended until the Court acts on the motion, without the necessity for the entry of a bridge order.

16. The Trustee timely filed this Motion prior to the applicable deadline under 11 U.S.C. section 365(d)(1) of April 24, 2023. Pursuant to Del. Bankr. L.R. 9006-2, the Trustee is afforded all of the protections of a bridge order and the tolling effects of the rule such that the

Trustee's assumption and rejection rights with respect to the executory contracts and unexpired leases of personal property are preserved until the Court acts on the Motion after notice and hearing.

17. While the Trustee believes that Del. Bankr. L.R. 9006-2 is self-evident and applies to this Motion to provide a bridge order, it has been brought to the Trustee's attention that certain potentially interested purchasers of assets which include the Contracts have expressed concerns about the interpretation and application of Del. Bankr. L.R. 9006-2. Accordingly, in an abundance of caution to avoid any possibility of a loss of value to the Estates and to protect the interests of all stakeholders, the Trustee has filed a separate motion to schedule an expedited hearing to act on this Motion on or before the current 11 U.S.C. section 365(d)(1) deadline of April 24, 2023.

18. The Trustee respectfully submits that "cause" exists for extension of the aforesaid deadline to assume or reject the Contracts under section 365(d)(1) of the Bankruptcy Code. As mentioned above, the Debtors only four (4) days ago filed their Schedules identifying the Contracts and the Trustee needs to be provided ample time to review and analyze the identified Contracts to determine the appropriateness of assumption or rejection. Additionally the ultimate purchaser(s) of the Estates' assets have not yet been identified, and the Trustee cannot determine at this time with any real degree of certainty which of the Contracts may be desired by such purchaser(s) and thus may have significant value to the Estates. Many of the Contracts may be vital to the Trustee's ability to obtain maximum possible value from the Sale Process. As the Sale Process progresses and/or prior to the Extended Deadline, the Trustee will be in a position to have fully evaluated the Contracts and seek to reject those Contracts in which potential purchasers will have no interest and/or that otherwise appear to have no value or are burdensome to the Estates. However, at the present time, the Trustee believes that preserving all of the Contracts for an additional period of

time is imperative, in order to avoid the possibility that potentially valuable Contracts will become rejected by operation of law.

19. The Trustee believes that his requested extension – through the Extended Deadline will allow him sufficient time to evaluate the Contracts and conclude the Sale Process prior to the Contracts becoming rejected by operation of law. The Trustee respectfully submits that this extension is reasonable, is in the best interests of the Estates and should be approved under these circumstances.

**NOTICE**

20. Notice of this Motion has been given to the following parties (the "Notice Parties"): (i) the Office of the United States Trustee; (ii) the Debtors' counsel; (iii) the parties listed as counterparties to the Contracts appearing with names and addresses in Schedule G of the Schedules of Assets and Liabilities prepared by the Debtors; (iv) the ABL Administrative Agent, (v) the TL Administrative Agent, (vi) known counsel to the ABL Lenders; (vii) known counsel for TL Lenders; (viii) largest thirty (30) unsecured creditors with names and addresses appearing in Schedule F of the Schedules of Assets and Liabilities prepared by the Debtors; and (ix) all parties who have requested notice pursuant to Federal Rule of Bankruptcy Procedure 2002. In light of the nature of the relief requested, the Trustee submits that no further notice need be given.

WHEREFORE, the Trustee respectfully requests that the Court enter an order substantially in the attached form: (i) extending the time for the assumption or rejection of the Contracts by sixty (60) days, through and including the Extended Deadline of June 24, 2023, without prejudice to the Trustee's ability to request and obtain additional extensions; and (ii) granting any such further relief as may be appropriate.

Dated:  April 7, 2023　　　　　　　　　　　COZEN O'CONNOR

　　　　　　　　　　　　　　　　　By:　*/s/ John T. Carroll III*
　　　　　　　　　　　　　　　　　　　　John T. Carroll, III (DE No. 4060)
　　　　　　　　　　　　　　　　　　　　Simon E. Fraser (DE No. 5335)
　　　　　　　　　　　　　　　　　　　　1201 N. Market Street
　　　　　　　　　　　　　　　　　　　　Suite 1001
　　　　　　　　　　　　　　　　　　　　Wilmington, DE  19801
　　　　　　　　　　　　　　　　　　　　(302) 295-2028 Phone
　　　　　　　　　　　　　　　　　　　　(302) 295-2013 Fax No.
　　　　　　　　　　　　　　　　　　　　jcarroll@cozen.com
　　　　　　　　　　　　　　　　　　　　sfraser@cozen.com

　　　　　　　　　　　　　　　　　　　　-and-

　　　　　　　　　　　　　　　　　　　　Christina M. Sanfelippo
　　　　　　　　　　　　　　　　　　　　(Admitted in IL and DC/
　　　　　　　　　　　　　　　　　　　　Not admitted in DE)
　　　　　　　　　　　　　　　　　　　　123 N. Wacker Drive
　　　　　　　　　　　　　　　　　　　　Suite 1800
　　　　　　　　　　　　　　　　　　　　Chicago, IL  60606
　　　　　　　　　　　　　　　　　　　　(312) 382-3100 Phone
　　　　　　　　　　　　　　　　　　　　csanfelippo@cozen.com

　　　　　　　　　　　　　　　　　　　　*Proposed Counsel for the Trustee,*
　　　　　　　　　　　　　　　　　　　　*George L. Miller*