IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 7 |
| AKORN HOLDING COMPANY LLC, *et al* [1] | Case No. 23-10253 (KBO) |
| Debtors. | (Jointly Administered) |
| | Objection Date: April 17, 2023 at 4:00 p.m. (Requested) |
| | Hearing Date: April 24, 2023 (Requested) |

**MOTION TO SCHEDULE HEARING FOR APRIL 24, 2023 OR ALTERNATIVELY SHORTEN NOTICE PERIOD AND TO SCHEDULE AN EXPEDITED HEARING PRIOR TO APRIL 24, 2023 WITH RESPECT TO TRUSTEE'S MOTION FOR ENTRY OF AN ORDER EXTENDING TIME TO ASSUME OR REJECT EXECUTORY CONTRACTS AND UNEXPIRED LEASES OF PERSONAL PROPERTY PURSUANT TO 11 U.S.C. § 365(d)(1)**

George L. Miller, the duly appointed chapter 7 trustee (the "Trustee") for the estates of the above-captioned Debtors (collectively, the "Debtors" or "Estates") respectfully files this motion (the "Motion to Shorten") for entry of an order scheduling a hearing on April 24, 2023, or, alternatively shortening the notice period and scheduling an expedited hearing prior to April 24, 2023 with respect to the *Trustee's Motion for Entry of an Order Extending Time to Assume or Reject Executory Contracts and Unexpired Leases of Personal Property Pursuant to 11 U.S.C. § 365(d)(1)* (the "Motion")[2], which is being filed contemporaneously herewith, for an order approving the Motion. In support of this Motion to Shorten, the Trustee respectfully states as follows:

---

[1] The Debtors in these chapter 7 cases, along with the last four digits of their federal tax identification numbers, and cases numbers are Akorn Holding Company LLC (9190), Case No. 23-10253 (KBO); Akorn Intermediate Company LLC (6123), Case No. 23-10254 (KBO); and Akorn Operating Company LLC (6184), Case No. 23-10255. The Debtors' headquarters is located at 5605 CenterPoint Court, Gurnee, IL 60031.

[2] Capitalized terms not otherwise defined herein shall have the meanings ascribed to them in the Motion.

1

## BACKGROUND

1. On February 23, 2023 (the "Petition Date"), each of the affiliated Debtors Akorn Holding Company LLC, Case No. 23-10253; Akorn Intermediate Company LLC, Case No. 23-10254 and Akorn Operating Company, LLC, Case No. 23-10255 (collectively the "Bankruptcy Cases") filed a voluntary petition in the Bankruptcy Court for relief under chapter 7 of the Bankruptcy Code.

2. On or about the Petition Date, the Office of the United States Trustee appointed George L. Miller as the chapter 7 Trustee to the Estates of each of the Debtors.

3. On March 20, 2023 an Order was entered by this Court Directing Joint Administration and Procedural Consolidation of Cases [Doc. No. 42] directing procedural consolidation and joint administration of the Bankruptcy Cases with the bankruptcy case of Akorn Holding Company LLC, Case No. 23-10253.

4. Prior to the Petition Date, the Debtors' businesses included developing, manufacturing, and marketing specialty pharmaceuticals, including prescription, consumer health, and animal health products. The Debtors were an industry leader in branded and generic products in alternate dosage forms such as ophthalmics, injectables, oral liquids, topicals, inhalants and nasal sprays. The Debtors operated at numerous locations in the United States, both owned and leased, and were headquartered in Gurnee, Illinois.

5. Pursuant to 11 U.S.C. section 365(d)(1) the current deadline assume or reject the Debtors' executory contracts and unexpired leases of personal property is April 24, 2023.

## RELIEF REQUESTED AND BASIS FOR RELIEF

6. By this Motion to Shorten, the Trustee respectfully requests the entry of an order scheduling a hearing on April 24, 2023 prior to the deadline to assume or reject executory

contracts of 11 U.S.C. section 365(d)(1), or, alternatively shorten the notice period and scheduling an expedited hearing for consideration of the Motion prior to April 24, 2023 or at the Bankruptcy Court's earliest convenience and establishing a corresponding shortened deadline for objections, if any, to the Motion.

7. Local Rule 9006-1(c) provides, "[u]nless the Fed. R. Bankr. P. or these Local Rules state otherwise, all motion papers shall be filed and served in accordance with Local Rule 2002-1(b) at least fourteen (14) days prior to the hearing date." Del. Bankr. L.R. 9006-1(c)(i). Pursuant to Bankruptcy Rule 9006(c)(1), the Bankruptcy Court may, for cause shown, shorten the otherwise applicable notice period ("when an act is required or allowed to be done at or within a specified time by these rules or by a notice given thereunder or by order of court, the court for cause shown may in its discretion with or without motion or notice order the period reduced"). This authorization is also expressed in Local Rule 9006-1(e), which provides that the Bankruptcy Court may shorten the notice period "on written motion (served on all interested parties) specifying the exigencies justifying shortened notice." Del. Bankr. L.R. 9006-1(e).

8. As set forth in the Motion, the Trustee seeks approval to extend the time to assume or reject executory contracts and unexpired leases of personal property pursuant to section 365(d)(1) of the Bankruptcy Code to and including June 24, 2023 (the "Extended Deadline"). As more fully set forth in the Motion, ample cause exists for an extension of the initial sixty (60) day period to assume or reject the Debtors' executory contracts and unexpired leases of personal property.

9. The Trustee is in the process of marketing and offering for sale substantially all of the Debtors' assets (the "Sale Process"). The Debtors' executory contracts and/or unexpired leases of personal property may have value to prospective purchasers of the assets, so

preservation of the executory contracts and unexpired leases of personal property through completion of the Sale Process is necessary to maximize value for the Estates.

10. The Trustee timely filed the Motion prior to the applicable deadline of April 24, 2023. Pursuant to Local Rule 9006-2, the Trustee is afforded all the protections of a bridge order and the tolling effects of the rule such that the Trustee's assumption and rejection rights with respect to the executory contracts and unexpired leases of personal property are preserved until the Court acts on the Motion after Notice and Hearing.

11. While the Trustee believes that Del. Bankr. L.R. 9006-2 is self-evident and applies to the Motion and the relief requested therein, it has come to the Trustee's attention that certain potential bidders for the Debtors' assets are concerned that certain parties to the Debtors' executory contracts or landlords may take the position that the deadline under section 365(d)(1) is not tolled under Local Rule 9006-2 until a hearing on the Motion. Therefore, in an abundance of caution and to avoid any possibility of having to litigate the effects of Local Rule 9006-2, avoid the possibility of loss of value to the Debtors' Estates, and protect the interests of all stakeholders, the Trustee requests that the Motion be heard on an expedited basis. Given the circumstances, shortened notice is fair and adequate.

## **NOTICE**

12. This Motion to Shorten and the Motion are being served on the following parties (the "Notice Parties"): (i) the Office of the United States Trustee; (ii) the Debtors' counsel; (iii) the parties listed as counterparties to the Contracts appearing with names and addresses in Schedule G of the Schedules of Assets and Liabilities prepared by the Debtors; (iv) the ABL Administrative Agent, (v) the TL Administrative Agent, (vi) known counsel to the ABL Lenders; (vii) known counsel for TL Lenders; (viii) largest thirty (30) unsecured creditors with names and

addresses appearing in Schedule F of the Schedules of Assets and Liabilities prepared by the Debtors; and (ix) all parties who have requested notice pursuant to Federal Rule of Bankruptcy Procedure 2002.  In light of the nature of the relief requested, the Trustee submits that no further notice need be given.

13. If the Bankruptcy Court grants this Motion to Shorten, a copy of the entered order approving this Motion to Shorten shall be served on the Notice Parties.

WHEREFORE, the Trustee respectfully requests that this Bankruptcy Court enter an order, in substantially the form attached hereto, (i) scheduling a hearing to consider the Motion, (ii) setting a deadline for objections to the Motion, and (iii) granting such other and further relief as the Bankruptcy Court deems just and proper.

Dated: April 7, 2023 COZEN O'CONNOR

By: */s/ John T. Carroll III*
John T. Carroll, III (DE No. 4060)
Simon E. Fraser (DE No. 5335)
1201 N. Market Street
Suite 1001
Wilmington, DE 19801
(302) 295-2028 Phone
(302) 295-2013 Fax No.
jcarroll@cozen.com
sfraser@cozen.com

-and-

Christina M. Sanfelippo
(Admitted in IL and DC/
Not admitted in DE)
123 N. Wacker Drive
Suite 1800
Chicago, IL 60606
(312) 382-3100 Phone
csanfelippo@cozen.com

*Proposed Counsel for the Trustee,
George L. Miller*