## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>AKORN HOLDING COMPANY LLC, *et al.*[1]<br><br>　　　　　　　　　　Debtors. | Chapter 7<br><br>Case No. 23-10253 (KBO)<br><br>(Jointly Administered)<br><br>**Hearing Date: April 24, 2023 at 9:30 a.m. (Prevailing Eastern Time)**<br><br>**Objection Deadline: April 19, 2023 at 4:00 p.m. (Prevailing Eastern Time)**<br><br>**Re: Docket Nos. 77, 78, 79** |

## LIMITED OBJECTION OF QUALANEX, LLC TO TRUSTEE'S MOTION FOR ENTRY OF AN ORDER EXTENDING TIME TO ASSUME OR REJECT EXECUTORY CONTRACTS AND UNEXPIRED LEASES OF PERSONAL PROPERTY PURSUANT TO 11 U.S.C. § 365(d)(1)

Qualanex, LLC ("Qualanex"), a creditor of Akorn Operating Company LLC (the "Operating Company"), by and through its undersigned counsel, respectfully files this limited objection (the "Objection") to the *Trustee's Motion for Entry of an Order Extending Time to Assume or Reject Executory Contracts and Unexpired Leases of Personal Property Pursuant to 11 U.S.C. § 365(D)(1)* [ECF No. 77] (the "Extension Motion")[2] filed by George L. Miller, chapter 7 trustee for the estates of the Debtors (the "Trustee"). In support of this Objection, Qualanex respectfully states as follows:

---

[1] The debtors in these chapter 7 cases (the "Bankruptcy Cases"), along with the last four digits of their federal tax identification numbers, and cases numbers are Akorn Holding Company LLC (9190), Case No. 23-10253 (KBO); Akorn Intermediate Company LLC (6123), Case No. 23-10254 (KBO); and Akorn Operating Company LLC (6184), Case No. 23-10255 (collectively, the "Debtors"). The Debtors' headquarters is located at 5605 CenterPoint Court, Gurnee, IL 60031.

[2] Capitalized terms utilized but not otherwise defined herein shall have the meanings ascribed to them in the Extension Motion.

**BACKGROUND**

1.      On February 23, 2023 (the "Petition Date"), the Debtors filed voluntary petitions for relief under chapter 7 of title 11 of the United States Code (the "Bankruptcy Code") in the United States Bankruptcy Court for the District of Delaware (the "Bankruptcy Court").

2.      On or about the Petition Date, the Office of the United States Trustee appointed the Trustee to serve as the chapter 7 trustee for the Debtors' estates.

3.      On March 20, 2023, the Bankruptcy Court entered an order directing procedural consolidation and joint administration of the Bankruptcy Cases.

4.      Prior to the Petition Date, the Debtors' businesses included developing, manufacturing, and marketing specialty pharmaceuticals, including prescription, consumer health, and animal health products.

5.      Qualanex is in the business of providing services, including reverse distribution or return goods services, check reimbursement services, recall/withdrawal services, and waste management services, to healthcare and pharmaceutical companies that require some or all of these services for regulatory and contract compliance, customer services, and other purposes.

6.      Prior to the Petition Date, non-Debtor Akorn, Inc. entered into two separate contracts with Qualanex (the "Qualanex Contracts")[3] which were subsequently assigned by Akorn, Inc. to the Operating Company.  Pursuant to the Qualanex Contracts, Qualanex provides (i) waste

---

[3] The *Schedules of Assets and Liabilities for Akorn Operating Company LLC (Case No. 23-10255)* (the "Operating Company Schedules") prepared by the Debtors reflect additional contracts between the Operating Company and Qualanex, however according to Qualanex's records, there are only two contracts in effect between the parties. *See* Operating Company Schedules [D.I. 74], 551-52.

evaluation and disposal services, and (ii) return goods[4] and recall/withdrawal[5] services to the Operating Company.

7. Pursuant to the Qualanex Contracts, Qualanex continues to receive returned and recalled products, including controlled substances and other regulated products, from the Operating Company's customers and trade partners, causing Qualanex to incur significant costs for the evaluation, storage, transportation, and disposal of these regulated products in a manner compliant with various health and safety regulations. *Id*. Since the Petition Date, Qualanex has incurred costs performing these services for the benefit of the Operating Company totaling more than $186,200.55.[6]

8. The Trustee's 60-day period to assume or reject executory contracts and unexpired leases pursuant to section 365(d)(1) of the Bankruptcy Code will end on April 24, 2023 (the "Assumption Deadline"). The Trustee now seeks to extend the Assumption Deadline for an additional 60 days, through and including June 24, 2023. Qualanex objects to such an extension with respect to the Qualanex Contracts as Qualanex is at considerable risk of non-payment for its post-petition services, and the risk and burden on Qualanex will only increase with a 60-day extension.

**DISCUSSION**

9. Section 365(d)(1) of the Bankruptcy Code requires the Trustee to assume or reject executory contracts and unexpired leases of residential real property or of personal property of the

---

[4] These services include the processing of both non-controlled and Schedule 2-5 controlled substance pharmaceutical products (as defined in the Controlled Substances Act) and National Drug Code-labeled over-the-counter products manufactured or distributed by the Operating Company.

[5] These services include recall processing services and notification/mailing services on behalf of the Operating Company in the event of either a recall or voluntary product withdrawal.

[6] These costs continue to accrue as Qualanex continues to perform services for Operating Company.

Debtors within 60 days after the Petition Date, or within such additional time as the Bankruptcy Court, for cause, within such 60-day period, fixes. 11 U.S.C. § 365(d)(1).

10. As the Trustee has pointed out, "cause" is not defined in the Bankruptcy Code. However, the Trustee appears to contend that "cause" exists because the Trustee needs to review the Debtors' contracts and believes there may be purchasers of the Debtors' executory contracts. Neither supports a finding of "cause" with respect to the Qualanex Contracts.

11. Courts have adopted a list of factors to consider in determining whether cause exists to extend the period during which a trustee may assume or reject a nonresidential real property lease under section 365(d)(4) of the Bankruptcy Code. *See Legacy, Ltd. v. Channel Home Centers, Inc.*, No. CIV. A. 91-4270 (AJL), 1991 WL 497171, at *11 (D.N.J. Dec. 12, 1991), *aff'd sum nom. In re Channel Home Centers, Inc.*, 989 F.2d 682 (3d Cir. 1993) (citing *In re Wedtech Corp.*, 72 B.R. 464, 471-72 (Bankr. S.D.N.Y. 1987)).

12. While many of the factors outlined by the *Channel Home* court are specific to leases, some are applicable to other executory contracts as well and can inform the determination whether cause exists for an extension under not only section 365(d)(4) but also section 365(d)(1), as is requested here. Specifically, the court found that the following factors weighed in favor of granting an extension: (i) the [contract] was a primary asset and the decision to assume or reject will be central to a plan of reorganization; (ii) the debtor had not had the time necessary to intelligently appraise its financial situation and the potential value of its assets; and (iii) the existence of any other facts indicating the lack of a reasonable time to decide whether to assume or reject. *See Id*.

13. In light of these and other factors, Qualanex respectfully submits that cause does not exist to extend the Assumption Deadline with respect to the Qualanex Contracts.

14. The Trustee argues that, because the Debtors' Schedules were only filed on April 3, 2023, he will not have sufficient time to review the Debtors' contracts to determine their value to the Debtors' estates and any potential purchaser(s) prior to the current Assumption Deadline, April 24, 2023. However, three weeks is ample time for the Trustee to make a determination regarding the Qualanex Contracts. Indeed, the Trustee's representatives inquired as to whether Qualanex can perform additional recall services on March 31, 2023.

15. The services Qualanex continues to provide pursuant to the Qualanex Contracts are necessary to the Operating Company's business and its winddown. Unlike a lease, where the decision whether to assume or reject is a strategic one, the Qualanex Contracts provide for services required to comply with applicable laws and regulations, including, without limitation, the Controlled Substances Act, and at no point has the Trustee instructed Qualanex to stop performing services under the Qualanex Contracts.

16. Qualanex, however, does not contend that it is the only provider of such services. In fact, there are a number of competitors that could provide the same types of services provided under the Qualanex Contracts. That is to say, although the services provided thereunder are essential to the Operating Company's business, the Qualanex Contracts themselves are not a "primary asset" of the Operating Company's estates and will not be "central to" the Sale Process. Therefore, the decision whether to assume or reject the Qualanex Contracts should be a straightforward and relatively easy one for the Trustee to make.

17. The costs that Qualanex has incurred up to this point and will continue to incur if the Assumption Deadline is extended, however, are not inconsequential. The Operating Company owes Qualanex at least $145,919.98 in pre-petition amounts and more than $186,200.55 in post-petition amounts (the "Current Post-Petition Costs"). *Id.* ¶ 10. In addition, Qualanex estimates it will incur significantly more costs during the proposed extension period (the "Extension Period

Costs"; any Extension Period Costs actually incurred, together with the Current Post-Petition Costs, the "Post-Petition Costs"). *Id.* ¶ 10. It is inequitable for the Trustee to continue to accept the benefits to the Operating Company's estate of Qualanex's ongoing performance under the Qualanex Contracts but refuse to make a timely decision whether the same contracts will be assumed or rejected.

18. For the foregoing reasons, the Assumption Deadline should not be extended with respect to the Qualanex Contracts. If the Bankruptcy Court extends the Assumption Deadline with respect to the Qualanex Contracts, it should do so on the condition that (i) the Post-Petition Costs are granted administrative priority[7], and (ii) if the Qualanex Contracts are rejected, any unpaid Post-Petition Costs, including any Extension Period Costs actually incurred, are paid within 10 days of rejection.

---

[7] As set forth above, Qualanex has incurred more than $186,200.55 in Current Post-Petition Costs performing under the Qualanex Contracts since the Petition Date and, if the Court grants the Trustee's motion for an extension of the Assumption Deadline, expects to incur significant Extension Period Costs. Qualanex is entitled to administrative priority under Section 503(b)(1)(A) of the Bankruptcy Code for the Post-Petition Costs.

In the Third Circuit, a claim is "entitled to priority under Section 503(b)(1)(A) if: (1) there was a post-petition transaction between the claimant and the estate, and (2) those expenses yielded a benefit to the estate." *In re Energy Future Holdings Corp.*, 990 F.3d 728, 741 (3d Cir. 2021) (citing *In re Women First Healthcare, Inc.,* 332 B.R. 115, 121 (Bankr. D. Del. 2005)) (internal quotations omitted). The Third Circuit defines post-petition transactions as "services that are rendered after the commencement of the [bankruptcy] case and that are needed for the purpose of preserving the estate." *Id.* (citing *In re Hechinger Inv. Co. of Delaware*, 298 F.3d 219, 226 (3d Cir. 2002)). "To be eligible for administrative expense priority, a post-petition transaction need not involve the exchange of money or formation of a contract ... Indeed, ***a claimant's performance of a pre-petition contract, and a debtor's acceptance of that performance, can establish a post-petition transaction***." *In re Goody's Fam. Clothing, Inc.*, 401 B.R. 656, 671 (D. Del. 2009), *aff'd sub nom. In re Goody's Fam. Clothing Inc.*, 610 F.3d 812 (3d Cir. 2010) (citing *Black's Law Dictionary* 212, 1535 (8th ed. 2004) (defining "transaction" and "business transaction"); *In re White Motor Corp.*, 831 F.2d 106, 110 (6th Cir. 1987)) (emphasis added).

The Post-Petition Costs Qualanex has incurred and any Extension Period Costs it will incur are on account of post-petition transactions that have undoubtedly benefited and preserved the Operating Company's estates. Since the Petition Date, Qualanex has continued to receive, process, and dispose] of returned and recalled products, including controlled substances and other regulated products, from the Operating Company's customers and trade partners pursuant to the Qualanex Contracts. It has done so with the Operating Company's and the Trustee's knowledge and acceptance of such performance and the benefits provided thereby. The post-petition request that Qualanex handle yet another recall for the Operating Company confirms both that the Operating Company has been aware of Qualanex's ongoing performance, and that it recognizes the benefits being provided. As discussed above, the services Qualanex provides are necessary for compliance with applicable laws and regulations, and other contracts of the Operating Company. Without the services Qualanex continues to provide, the Operating Company's estate would face potential claims for statutory violations and contract breaches. The benefit to the estate is clear.

**RESERVATION OF RIGHTS**

19. Qualanex reserves all rights to further object to the Extension Motion and any and all other pleadings filed in these cases on any basis.

**CONCLUSION**

20. WHEREFORE, Qualanex respectfully requests that the Court (i) enter an order denying the Extension Motion with respect to the Qualanex Contracts or conditioning the grant of the Extension Motion with respect to the Qualanex Contracts on the conditions that (a) Qualanex's Post-Petition Costs are granted administrative priority, and (b) if the Qualanex Contracts are rejected, any unpaid Post-Petition Costs are paid within 10 days of rejection, and (ii) grant such other and further relief as the Court deems just and proper.

Dated: April 19, 2023

**ASHBY & GEDDES, P.A.**

*/s/ Ricardo Palacio*
Ricardo Palacio (DE Bar No. 3765)
500 Delaware Avenue, 8th Floor
P.O. Box 1150
Wilmington, DE 19801
Telephone: (302) 654-1888
Facsímile: (302) 654-2067
Email: rpalacio@ashbygeddes.com

-and-

**KILPATRICK TOWNSEND & STOCKTON LLP**
Colin M. Bernardino, Esq. (*pro hac vice* admission pending)
1100 Peachtree Street, N.E., Suite 2800
Atlanta, Georgia 30309
Telephone: (404) 815-6500
Facsimile: (404) 815-6555
E-mail: cbernardino@kilpatricktownsend.com

*Counsel to Qualanex, LLC*