**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| In re: | : | Chapter 7 |
| | : | Case No. 23-10253 (KBO) |
| AKORN HOLDINGS COMPANY LLC, *et al.*[1] | : | (Jointly Administered) |
| | : | |
| | : | Hearing:  April 27, 2023 |
| Debtors. | : | |
| | : | Objection Deadline:  At the hearing. |
| | : | |

**LIMITED OBJECTION AND RESERVATION OF RIGHTS OF THERMO FISHER
ENTITIES TO TRUSTEE'S MOTION FOR ENTRY OF (I) AN ORDER
(A) APPROVING BIDDING PROCEDURES IN CONNECTION WITH SALE OF
SUBSTANTIALLY ALL OF THE ESTATES' ASSETS, (B) SCHEDULING AN
AUCTION AND HEARING TO CONSIDER THE PROPOSED SALE, AND
(C) APPROVING THE FORM AND MANNER OF NOTICE THEREOF; AND (II) AN
ORDER (A) APPROVING THE SALE, (B) AUTHORIZING THE ASSUMPTION AND
ASSIGNMENT OF EXECUTORY CONTRACTS AND UNEXPIRED LEASES, AND
(C) GRANTING CERTAIN RELATED RELIEF**

Thermo Fisher Scientific, Inc., Fisher Scientific Company, L.L.C., Patheon Manufacturing Services, L.L.C., Patheon Pharmaceuticals, Inc., Patheon, Inc., and PPD Development, LP (fka PPD Development L.L.C.). (collectively, the "Thermo Fisher Entities"), by and through their undersigned counsel, file this *Limited Objection and Reservation of Rights of Thermo Fisher Entities to Trustee's Motion for Entry of (I) an Order (A) Approving Bidding Procedures in Connection with Sale of Substantially All of the Estates' Assets, (B) Scheduling an Auction and Hearing to Consider the Proposed Sale, and (C) Approving the Form and Manner of Notice Thereof; and (II) an Order (A) Approving the Sale, (B) Authorizing the Assumption and Assignment of Executory Contracts and Unexpired Leases, and (C) Granting Certain Related Relief* [Doc. No. 106], and in support thereof, states as follows.

---

[1] The Debtors in these chapter 7 cases, along with the last four digits of their federal tax identification numbers, and cases numbers are Akorn Holding Company LLC (9190), Case No. 23-10253 (KBO); Akorn Intermediate Company LLC (6123), Case No. 23-10254 (KBO); and Akorn Operating Company LLC (6184), Case No. 23-10255. The Debtors' headquarters is located at 5605 CenterPoint Court, Gurnee, IL 60031.

## BACKGROUND

1. The Thermo Fisher Entities and various of the Debtors are parties to certain supply, service, and purchase agreements (collectively the "TFS Agreements").

2. On February 23, 2023 (the "Petition Date"), the Debtors each filed a voluntary petition for relief under chapter 7 of title 11 of the United States Code, 11 U.S.C. § 101, *et seq.* (the "Bankruptcy Code").

3. George L. Miller was appointed as the Chapter 7 Trustee (the "Trustee").

4. While the Debtors' United States operations have ceased, non-debtor Akorn AG, the Debtors' Swiss affiliate, continues to operate. Akorn AG is wholly owned by non-debtor Akorn International S.á.r.l, which is based Luxemborg. In turn, Akorn International S.á.r.l is wholly owned by Debtor Akorn Operating Company LLC ("Akorn Operating").

5. The Thermo Fisher Entities had supplied Akorn Operating to and for a short time following the Petition Date. Although some pre-petition obligations have been paid, the Debtors remain obligated to the Thermo Fisher Entities with respect to both pre-petition and post-petition goods and services.

6. On March 7, 2023, the Thermo Fisher Entities sent a reclamation demand letter to the Trustee with respect to invoiced goods, in the amount of $161,238.53, provided in the 45 days prior to the Petition Date. Of that amount, $104,191.74 was provided in the 20 days prior to the petition date and is entitled to an administrative claim under § 503(b)(9) of the Bankruptcy Code. Product was shipped after the Petition Date totaling $4,210.15, before the claimants had notice of the Bankruptcy, which were delivered to the Debtor's business. The Trustee acknowledged the reclamation demand and made the offer for return provided Thermo Fisher

had to go onsite to retrieve at the supervision of the Trustee or his agents. Those goods remain at the Debtors' properties.

7.      Following the Petition Date, the Trustee began preparing a process for the sale of substantially all assets of the Debtors.  As part of this sale process, the Debtors engaged Greenhill & Co. ("Greenhill") to market the assets with the exception of certain excluded assets including, but not limited to, inventory, accounts receivable, and labeler codes (the "Excluded Assets").  Greenhill will consider offers for all assets but for the Excluded Assets, as well as offers for various combinations of assets or single assets.

8.      On April 20, 2023, the Trustee filed his Motion for Entry of (I) an Order (A) Approving Bidding Procedures in Connection with Sale of Substantially All of the Estates' Assets, (B) Scheduling an Auction and Hearing to Consider the Proposed Sale, and (C) Approving the Form and Manner of Notice Thereof; and (II) an Order (A) Approving the Sale, (B) Authorizing the Assumption and Assignment of Executory Contracts and Unexpired Leases, and (C) Granting Certain Related Relief (the "Bid Procedures Motion"), wherein the Trustee seeks the Court approval of a sale of substantially all assets of the Debtors.  [Doc. No. 106.].

9.      The Bid Procedures Motion set forth, *inter alia*, the procedures in which the Trustee intends to pursue a competitive sale process of the Debtors' assets under section 363 of the Bankruptcy Code.

## The Bid Procedures

10.     The Bid Procedures provide that, in order for a Potential Bidder to qualify as a "Qualified Bidder", certain requirements must be satisfied, including that each Potential Bidder and, ultimately Qualified Bidder, must[2]:

---

[2]        All capitalized terms used, but not defined, herein shall have the meaning ascribed to it in the Sale Motion.

> (xiii) include[ ] (if applicable) a designation of contracts and/or leases to be assumed and assigned to the Potential Bidder, agreement to pay in full any associated cure costs, and evidence of the Potential Bidder's ability to perform future obligations under such contracts and/or leases;
>
> (xiv) is reasonably likely (based on availability of financing, regulatory issues, experience, and other considerations) to be consummated, if selected as a Successful Bid . . . , within a timeframe acceptable to the Trustee (with the consent of the Consultation Parties).

[Sale Motion, at ¶ 31.]

11.     While the Bid Procedures do require a Potential Bidder to provide adequate assurance of future performance, the Sale Motion is vague as to what information would constitute such adequate assurance, stating only, in the proposed Form of Sale Order, that "[t]he Purchasers' promises to perform the obligations under the Assigned Contracts/Leases after the Closing Date shall constitute adequate assurance of future performance within the meaning of section 365(f)(2)(B) of the Bankruptcy Code."  [Doc No. 106-3, at ¶ U.]

12.     Furthermore, although the Bid Procedures appear to require the adequate assurance of a Potential Bidder's financial ability to perform under the assumed and assigned executory contract, the Bid Procedures are devoid of any specific information regarding adequate assurance of the Potential Bidder's or the prospective Successful Bidder's current compliance with, and ability in the future to satisfy and comply with, all statutory and regulatory requirements necessary to fully perform under the executory contract.

## LIMITED OBJECTION

**I.      The Bid Procedures fail to provide adequate assurance of the Potential Bidders' and the Purchaser's compliance with and future ability to (a) fully comply with all statutory and regulatory requirements of the TFS Agreements and (b) qualify as an assignee of the TFS Agreements.**

13.     The Thermo Fisher Entities object to the Bidding Procedures because they do not comply with Section 365 of the Bankruptcy Code which governs the assumption and assignment of unexpired leases and executory contracts.

14.     A debtor is required to provide "adequate assurance" of the assignee's ability to perform under the assumed and assigned executory contract pursuant to section 365(b)(1)(C):

> If there has been a default in an executory contract or unexpired lease of the debtor, the trustee may not assume such contract or lease unless, at the time of assumption of such contract or lease, the trustee—
>
> * * *
>
> (C) provides adequate assurance of future performance under such contract or lease.

11 U.S.C. § 365(b)(1)(C).

15.     While the proposed Bidding Procedures require all Qualified Bidders, which would include the ultimate Purchaser, to provide adequate assurance of their financial ability to perform under an executory contract, the Bidding Procedures fail to provide any warranty or representation of the Potential Bidder's ability to comply with all laws and regulations that are applicable to the executory contract(s).

16.     Based on the highly regulated nature of the Debtors' businesses, as well as ongoing international dealings through Akorn AG, it is imperative that any Bid Procedures approved by this Court require each and every Potential Bidder, and ultimately, the Purchaser, to provide the Thermo Fisher Entities with adequate assurance of its ability to fully comply with all statutes and regulations, both national and international, prior to the assumption and assignment of the TFS Agreements and prior to the Court's approval of any sale of all or part of the Debtors' assets.

17.     Second, the Thermo Fisher Entities must receive, and are entitled to, sufficient information from each Qualified Bidder and the ultimate Purchaser to allow the Thermo Fisher Entities to determine whether such bidder qualifies as an assignee under the TFS Agreements in a timely fashion that would enable the Thermo Fisher Entities to object to approval of any sale to an entity that has not provided such information or to an entity that has provided the information but who falls short on its ability to provide adequate assurance of future performance. That means on both a financial basis and an operational basis with respect to compliance with applicable laws, regulations and licensing requirements, including *inter alia*, the Foreign Corrupt Practices Act, the Federal Food, Drug and Cosmetic Act, the FDA Current Good Manufacturing Practice (CGMP) regulations, or any other regulatory or legal requirements of any governmental entity (for example, the FDA, HHS, CMS or DEA).

18.     Therefore, before being bound to an assignment of any of the TFS Agreements, the Thermo Fisher Entities are entitled to be provided information, within a reasonable period of time and with reasonably sufficient details, whereby they can confirm that a Qualified Bidder is qualified as an assignee to the TFS Agreements and to object if the Qualified Bidder is not so qualified.

19.     As such, the Thermo Fisher Entities object to the Bid Procedures to the extent that the proposed procedures do not provide a mechanism to provide such adequate assurance.

## II.     The Bid Procedures Motion does not address rights of reclaiming creditors, and the Thermo Fisher Entities reserve all of their rights regarding the same.

20.     The Bid Procedures Motion is silent on the obligations of the Trustee, and the effect of the sale, on existing rights of reclamation of Thermo Fisher with respect to goods provided to the Debtors in the 45-day period prior to the Petition Date (the "Reclamation Period").

21.     Certain of the Thermo Fisher Entities transmitted timely demands for reclamation of goods to the Trustee.  To the extent that the goods have not been paid for or returned, then the Thermo Fisher Entities are entitled to be paid for the value of the goods from the proceeds of any sale if those assets are transferred to the buyer, and the Bidding and Sale Procedures should so provide.

22.     Furthermore, the Trustee has not provided procedures for the return of goods and inventory that constitute excluded assets nor has the Trustee explained how the Trustee intends to preserve such inventory until is either returned or retrieved.  Because there is potentially hundreds of thousands of dollars of value in the inventory, at a minimum those assets must be accounted, for and preserved and cared for during the sale process.

## RESERVATION OF RIGHTS

23.     The Thermo Fisher Entities reserve their rights with respect to payment owed for both pre-petition and post-petition goods and services, and with respect to any executory contracts with the Estates, including with respect to any cure or damages for rejection thereof and/or to enforce their rights and remedies under applicable law, or as otherwise authorized by the Court.

24.     The Thermo Fisher Entities reserve the right to amend or supplement the foregoing objections, to join in other objections filed and to further revise and/or amend the foregoing, or to enforce other rights and remedies under applicable law, or as otherwise authorized by the Court.

WHEREFORE, the Thermo Fisher Entities respectfully requests that this Honorable Court issue an Order denying or modifying, as it is currently proposed, the Trustee's Motion for Entry of (I) an Order (A) Approving Bidding Procedures in Connection with Sale of

Substantially All of the Estates' Assets, (B) Scheduling an Auction and Hearing to Consider the Proposed Sale, and (C) Approving the Form and Manner of Notice Thereof; and (II) an Order (A) Approving the Sale, (B) Authorizing the Assumption and Assignment of Executory Contracts and Unexpired Leases, and (C) Granting Certain Related Relief, and granting such other and further relief as the Court deems just and proper.

Dated:      April 26, 2023                              Respectfully submitted,
            Wilmington, Delaware

                                                         HILLER LAW, LLC

                                                         */s/ Adam Hiller*
                                                         Adam Hiller (DE No. 4105)
                                                         300 Delaware Avenue, Suite 210, #227
                                                         Wilmington, Delaware 19801
                                                         (302) 442-7677 telephone
                                                         ahiller@adamhillerlaw.com

                                                         -and-

                                                         TUCKER ARENSBERG, P.C.
                                                         Beverly Weiss Manne, Esq. (admitted *pro hac vice*)
                                                         Maribeth Thomas, Esq. (admitted *pro hac vice*)
                                                         1500 One PPG Place
                                                         Pittsburgh, PA  15222
                                                         Emails:   bmanne@tuckerlaw.com
                                                                   mthomas@tuckerlaw.com

                                                         *Counsel for Thermo Fisher Scientific, Inc.,   Fisher Scientific Company, L.L.C., Patheon Manufacturing Services, L.L.C., Patheon Pharmaceuticals, Inc., Patheon, Inc., and  PPD Development, LP f/k/a PPD Development LLC.*