IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>AKORN HOLDING COMPANY LLC, *et al.*,[1]<br><br>Debtor. | Chapter 7<br><br>Case No. 23-10253 (KBO)<br><br>(Jointly Administered)<br><br>**Hearing Date:**<br>May 25, 2023 at 9:30 a.m. (ET)<br><br>**Objection Deadline:**<br>May 11, 2023 at 4:00 p.m. (ET) |

**DEBTORS' APPLICATION FOR ENTRY OF AN ORDER (I) AUTHORIZING THE RETENTION AND EMPLOYMENT OF KURTZMAN CARSON CONSULTANTS AS ADMINISTRATIVE ADVISOR TO THE DEBTORS, EFFECTIVE AS OF THE PETITION DATE; AND (II) GRANTING RELATED RELIEF**

The debtors in the above-captioned cases (collectively, the "Debtors"), by and through their undersigned counsel, hereby submit this application (the "Application") for entry of an order, substantially in the form attached hereto as Exhibit A (the "Proposed Order") (a) authorizing the Debtors to employ and retain Kurtzman Carson Consultants LLC ("KCC") as administrative advisor (the "Administrative Advisor") in the Debtors' chapter 7 cases (the "Chapter 7 Cases") effective as of the Petition Date (as defined below), and (b) granting related relief.   In support of this Application, the Debtors submit the *Declaration of Evan Gershbein in Support of the Debtors' Application to Employ and Retain Kurtzman Carson Consultants LLC as Administrative Advisor Effective as of the Petition Date* (the "Gershbein Declaration"), attached hereto as Exhibit B. In further support of the Application, the Debtors respectfully represent as follows:

**JURISDICTION AND VENUE**

1.      The United States Bankruptcy Court for the District of Delaware (the "Court") has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing*

---

[1] The Debtors in these chapter 7 cases, along with the last four digits of their federal tax identification numbers, are Akorn Holding Company LLC (9190), Akorn Intermediate Company LLC (6123), and Akorn Operating Company LLC (6184).   The Debtors' headquarters is located at 5605 CenterPoint Court, Gurnee, IL 60031.

30073655.6

*Order of Reference from the United States District Court for the District of Delaware*, dated February 29, 2018. The Debtors confirm their consent, pursuant to Rule 7008 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), to the entry of a final order by the Court in connection with this Application to the extent that it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution.

2. Venue is proper in this district under 28 U.S.C. §§ 1408 and 1409.

3. The bases for the relief requested herein are sections 327(a) and 328(a) of title 11 of the United States Code (the "Bankruptcy Code"), Bankruptcy Rules 2014(a) and 2016, and Local Rule 2014-1.

## BACKGROUND

4. On February 23, 2023 (the "Petition Date"), each of the Debtors filed voluntary petitions under chapter 7 of the Bankruptcy Code.

## RELIEF REQUESTED

5. By this Application, the Debtors seek entry of the Proposed Order, pursuant to sections 327(a) and 328(a) of the Bankruptcy Code, Bankruptcy Rules 2014(a) and 2016, and Local Rule 2014-1, (i) authorizing the Debtors to employ and retain KCC as Administrative Advisor in these Chapter 7 Cases effective as of the Petition Date, and (ii) granting related relief.

## KCC'S RETENTION

6. The terms of retention and employment of KCC are set forth in that certain services agreement (the "Services Agreement"), annexed as Exhibit 1 to Exhibit A, attached hereto. Pursuant to this application, the Debtors seek to retain KCC to assist with the preparation of the Debtors' schedules of assets and liabilities, schedules of executory contracts and unexpired leases and statements of financial affairs (collectively, the "Administrative Services").

30073655.6

7. KCC has substantial experience providing the Administrative Services in numerous cases in this Court. *See, e.g.*, *In re Tricida, Inc.*, Case No. 23-10024 (JTD) (Bankr. D. Del. Feb. 26, 2023); *In re Carestream Health, Inc., et al.*, Case No. 22-10778 (JKS) (Bankr. D. Del. Aug. 23, 2022); *In re First Guaranty Mortgage Corporation, et al.,* Case No. 22-10584(CTG) (Bankr. D. Del. June 30, 2022); *In re Zosana Pharma Corporation*, Case No. 22-10506 (JKS) (Bankr. D. Del. June 1, 2022); *In re Sequential Brands Group, Inc., et al.*, Case No. 21-11194 (JTD) (Bankr. D. Del. Aug. 31, 2021); *In re Alex and Ani, LLC, et al.*, Case No. 21-10746 (CTG) (Bankr. D. Del. Jun. 9, 2021); *In re TECT Aerospace Group Holdings, Inc., et al.*, Case No. 21-10670 (KBO) (Bankr. D. Del. Apr. 5, 2021); *In re JetFleet Holding Corp. (f/k/a AeroCentury Corp.)*, Case No. 21-10637 (JTD) (Bankr. D. Del. Mar. 29, 2021); *In re Medley LLC*, Case No. 21-10525 (KBO) (Bankr. D. Del. Mar. 7, 2021); *In re Chaparral Energy, Inc.*, Case No. 20-11947 (MFW) (Bank. D. Del. Aug. 18, 2020); *In re Extraction Oil and Gas, Inc., et al.*, Case No. 20-11548 (CSS) (Bankr. D. Del. June 16, 2020); *In re Skillsoft Corporation, et al.*, Case No. 20-11532 (MFW) (Bankr. D. Del. July 21, 2020); *In re Templar Energy LLC, et al.*, Case No. 20-11441 (BLS) (Bankr. D. Del. June 29, 2020); *In re Akorn, Inc., et al.*, Case No. 20-11177 (KBO) (Bankr. D. Del. June 23, 2020); *In re Pace Industries, LLC, et al.*, Case No. 20-10927 (MFW) (Bankr. D. Del. May 7, 2020); *In re TZEW Holdco LLC, et al.*, Case No. 20-10910 (CSS) (Bankr. D. Del. June 2, 2020); *In re Valeritas Holdings, Inc., et al.*, Case No. 20-10290 (LSS) (Bankr. D. Del. Mar. 11, 2020); *In re Melinta Therapeutics, Inc., et al.*, Case No. 19-12748 (LSS) (Bankr. D. Del. Jan. 27, 2020); *In re Celadon Group, Inc., et al.*, Case No. 19-12606 (KBO) (Bankr. D. Del. Feb. 27, 2020); *In re HRI Holding Corp.*, Case No. 19-12415 (MFW) (Bankr. D. Del. Nov. 15, 2019); *In re Highland Capital Mgmt., L.P.*, Case No. 19-12239 (CSS) (Bankr. D. Del. Oct. 18, 2019); *In re Bayou Steel BD Holdings, L.L.C.*, Case No. 19-12153 (KBO) (Bankr. D. Del. Oct. 3, 2019); *In re Perkins & Marie Callender's, LLC*, Case No. 19-11743 (KG) (Bankr. D.

Del. Aug. 6, 2019); *In re Emerge Energy Servs. LP,* Case No. 19-11563 (KBO) (Bankr. D. Del. July 17, 2019); *In re Fuse, LLC,* Case No. 19-10872 (KG) (Bankr. D. Del. Apr. 24, 2019); *In re Achaogen, Inc.,* Case No. 19-10844 (BLS) (Bankr. D. Del. Apr. 16, 2019); *In re Southcross Energy Partners, L.P.,* Case No. 19-10702 (MFW) (Bankr. D. Del. Apr. 2, 2019); *In re Novum Pharma, LLC*, Case No. 19-10209 (BLS) (Bankr. D. Del. Feb. 5, 2019).

8. The Debtors chose KCC to perform the Administrative Services because of KCC's experience, reputation, familiarity with chapter 7 cases, and the competitiveness of its fees. Accordingly, the Debtors believe that KCC is qualified to provide the Administrative Services and that KCC's retention in such capacity is in the best interests of the Debtors' estates and creditors.

## **COMPENSATION AND DISINTERESTEDNESS**

9. The fees KCC will charge in connection with its services to the Debtors are set forth in the pricing schedule attached to the Services Agreement. The Debtors respectfully submit that KCC's rates are competitive and comparable to the rates KCC's competitors charge for similar services, and are reasonable given the quality of KCC's services and KCC's bankruptcy expertise.

10. Prior to the Petition Date, the Debtors provided KCC a retainer in the amount of $35,000.

11. In addition to the retainer payment, KCC received $150,000 in payments from the Debtor for estimated fees incurred prior to the Petition Date (the "Pre-Petition Payments"), which are detailed below.

| Date | Form of Payment | Payment Amount | Balance |
|---|---|---|---|
| 12/19/2022 | Retainer | $35,000.00 | $35,000.00 |
| 12/30/2022 | Pre-Petition Payment | $50,000.00 | $85,000.00 |
| 2/3/2023 | Pre-Petition Payment | $25,000.00 | $110,000.00 |
| 2/22/2023 | Pre-Petition Payment | $75,000.00 | $185,000.00 |
| 2/23/2023 | Applied Against Retainer | $56,833.27 | $128,166.73 |

12. Any unused amounts on account of the Pre-Petition Payments will be applied to KCC's first post-petition invoice for its services.

13. KCC intends to apply to the Court for allowance of compensation and reimbursement of out-of-pocket expenses incurred after the Petition Date in connection with the services that it provides as the Administrative Advisor in these Chapter 7 Cases in accordance with the applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, and any other applicable orders of the Court.

14. The Gershbein Declaration represents that, to the best of its knowledge, KCC is not connected with the Debtors, their creditors, and that, to the best of KCC's knowledge, after due inquiry, KCC does not by reason of any direct or indirect relationship to, connection with or interest in the Debtors, hold or represent any interest materially adverse to the Debtors, their estates or any class of creditors or equity interest holders with respect to the matters upon which it is to be engaged. Further, KCC has performed a comprehensive conflict search in connection the Application. Based upon the Gershbein Declaration, KCC is a "disinterested person," as that term is defined in section 101(14) of the Bankruptcy Code.

## **INDEMNIFICATION**

15. As part of the overall compensation payable to KCC under the terms of the Services Agreement, the Debtors have agreed to certain indemnification and contribution obligations as set forth in the Services Agreement, to the extent permitted by applicable law and as modified in the Proposed Order.

16. The terms of the Services Agreement and indemnification provisions included therein were negotiated at arm's-length between the Debtors and KCC, and the Debtors respectfully submit that these provisions of the Services Agreement are reasonable and in the best interests of the Debtors, their estates, and their creditors. Moreover, consistent with the practice

in this jurisdiction, the Debtors request, and KCC has agreed, that the Court approve the indemnification provisions reflected in the Services Agreement subject to the modifications set forth in the Proposed Order. The Debtors believe that the proposed modifications to the indemnification provisions of the Services Agreement are appropriate under the circumstances, consistent with recent orders entered in this jurisdiction and, therefore, should be approved.

## BASIS FOR RELIEF

**I.  Retention and Employment of KCC as the Administrative Advisor is Permitted**.

17. The Debtors seek approval of the employment and retention of KCC as Administrative Advisor pursuant to sections 327(a) and 328(a) of the Bankruptcy Code. Section 327(a) provides that a debtor "may employ one or more . . . professional persons, that do not hold or represent an interest adverse to the estate, and that are disinterested persons, to represent or assist" the debtor in carrying out its duties. 11 U.S.C. § 327(a).

18. In addition, section 328(a) of the Bankruptcy Code provides, in relevant part, that debtors "with the court's approval, may employ or authorize the employment of a professional person under section 327 . . . on any reasonable terms and conditions of employment, including on a retainer, on an hourly basis, on a fixed or percentage fee basis, or on a contingent fee basis." 11 U.S.C. § 328(a).

19. Bankruptcy Rule 2014(a) requires that an application for retention include:

> "[S]pecific facts showing the necessity for the employment, the name of the [firm] to be employed, the reasons for the selection, the professional services to be rendered, any proposed arrangement for compensation, and, to the best of the applicant's knowledge, all of the [firm's] connections with the debtor, creditors, any other party in interest, their respective attorneys and accountants, the United States trustee, or any person employed in the office of the United States trustee."

Fed. R. Bankr. P. 2014(a).

20. Additionally, Local Rule 2014-1 requires an entity seeking approval of employment under section 327(a) of the Bankruptcy Code to file a motion, supporting affidavit and proposed order, all of which have been satisfied by this Application, the Gershbein Declaration, and the Proposed Order. Further, in accordance with Local Rule 2014-1, KCC acknowledges its continuing duty to supplement the Gershbein Declaration with additional material information relating to the employment of KCC, if necessary.

21. In light of the size of these Chapter 7 Cases, the Debtors respectfully submit that employing and retaining KCC pursuant to the terms of the Services Agreement, as modified by the Proposed Order, is necessary and in the best interests of the Debtors' estates and all parties in interest. The Debtors also believe that the terms and conditions of the Services Agreement, as modified by the Proposed Order are reasonable. Further, KCC will comply with the applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules and any other procedures or orders of the Court.

## II.    Relief Effective as of the Petition Date is Appropriate.

22. Pursuant to the Debtors' request, KCC has agreed to serve as Administrative Advisor on and after the Petition Date with assurances that the Debtors would seek approval of its employment and retention effective as of the Petition Date, so that KCC may be compensated for its pre-Application services. The Debtors believe that no party in interest will be prejudiced by the granting of employment as of the Petition Date, as provided in this Application, because KCC has provided and continues to provide valuable services to the Debtors' estates in the interim period. The Local Rules empower courts in this district to approve employment effective as of the Petition Date, and the Debtors submit that such approval is justified here. *See, e.g.*, Local Rule 2014-1(b) ("If the retention application is granted, the retention shall be effective as of the date the application was filed, unless the Court orders otherwise."). Further, courts in this district

have routinely approved employment effective as of the Petition Date similar to that requested herein in matters comparable to this matter.

23. Accordingly, to help manage administrative tasks with respect to the numerous notice parties that are expected to be involved in these Chapter 7 Cases, and the complexity of such cases, the Debtors respectfully request entry of an order authorizing the Debtors to employ and retain KCC as Administrative Advisor effective as of the Petition Date.

## NOTICE

24. Notice of the Motion has been provided to: (i) the chapter 7 trustee, (ii) counsel for the chapter 7 trustee, and (iii) all parties who, as of the filing of this Application, have requested notice. In light of the nature of the relief requested herein, the Debtors submit that no other further notice is necessary.

## CONCLUSION

WHEREFORE, the Debtors respectfully request that the Court enter the Order granting the relief requested herein and such other and further relief as the Court may deem proper.

Dated: April 27, 2023
Wilmington, Delaware

**YOUNG CONAWAY STARGATT & TAYLOR, LLP**

/s/ Jared W. Kochenash
Edmon L. Morton (No. 3856)
Matthew B. Lunn (No. 4119)
Joseph M. Mulvihill (No. 6061)
Jared W. Kochenash (No. 6557)
Rodney Square
1000 North King Street
Wilmington, Delaware 19801
Telephone: (302) 571-6600
Facsimile: (302) 571-1253
Email: emorton@ycst.com
mlunn@ycst.com
jmulvihill@ycst.com
jkochenash@ycst.com

*Counsel to the Debtors*

30073655.6