IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>AKORN HOLDING COMPANY LLC, *et al.*[1]<br><br>Debtors. | Chapter 7<br><br>Case No. 23-10253 (KBO)<br><br>(Jointly Administered)<br><br>**Re D.I. 106**, 136 |

**ORDER GRANTING TRUSTEE'S MOTION FOR ENTRY OF
AN ORDER (A) APPROVING BIDDING PROCEDURES IN CONNECTION
WITH SALE OF SUBSTANTIALLY ALL OF THE ESTATES' ASSETS, (B)
SCHEDULING AN AUCTION AND HEARING TO CONSIDER THE PROPOSED
SALE, (C) APPROVING THE FORM AND MANNER OF NOTICE THEREOF, AND (D)
<u>GRANTING CERTAIN RELATED RELIEF</u>**

This matter comes before the Court upon consideration of the *Trustee's Motion for Entry of (I) an Order (A) Approving Bidding Procedures in Connection With Sale of Substantially All of the Estates' Assets, (B) Scheduling an Auction and Hearing to Consider the Proposed Sale, and (C) Approving the Form and Manner of Notice Thereof; and (II) an Order (A) Approving the Sale, (B) Authorizing the Assumption and Assignment of Executory Contracts and Unexpired Leases, and (C) Granting Certain Related Relief* (the "<u>Sale Motion</u>")[2] seeking, among other things, entry of an order: (i) approving the Bidding Procedures in connection with the Sale, (ii) scheduling an Auction and hearing to approve the Sale, (iii) approving the form and manner of notice thereof, and (iv) granting related relief. After due deliberation and having determined that

---

[1] The Debtors in these chapter 7 cases, along with the last four digits of their federal tax identification numbers, and cases numbers are Akorn Holding Company LLC (9190), Case No. 23-10253 (KBO); Akorn Intermediate Company LLC (6123), Case No. 23-10254 (KBO); and Akorn Operating Company LLC (6184), Case No. 23- 10255. The Debtors' headquarters is located at 5605 CenterPoint Court, Gurnee, IL 60031.

[2] All capitalized terms used, but not otherwise defined, in this Order shall have the meanings given in the Sale Motion.

the relief requested in the Sale Motion regarding the Sale Process is in the best interest of the Estates,

**THE COURT HEREBY FINDS THAT:**[3]

A.    The Court has jurisdiction over the Sale Motion pursuant to 28 U.S.C. § 1334. This proceeding is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A), (N) and (O).  Venue is proper in this Court pursuant to 28 U.S.C. §§ 1408 and 1409.  The statutory predicates for the relief requested in the Motion and granted herein include sections 105(a), 363(b) and (f), and 365 of the Bankruptcy Code, Bankruptcy Rules 2002(a)(2), 6004(a), (b), (c), (e) and (f), 6006(a) and (c), 9007, and 9014, and Local Rule 6004-1(c)(ii).

B.    Notice of the Sale Motion, having been given to the Notice Parties, is sufficient in light of the circumstances and the nature of the relief requested in the Sale Motion.

C.    The Trustee has articulated good and sufficient reasons for the Court to grant the relief requested in the Sale Motion regarding the Sale Process, including without limitation, (i) approval of the Bidding Procedures; and (ii) approval of, and authorization to serve, the Notice of Auction and Sale Hearing and the Cure Notice.

D.    The Notice of Auction and Sale Hearing and the service thereof, and the service of the Cure Notice on the Counterparties, are calculated to provide all interested parties with timely and proper notice of the Sale, the Sale Hearing, the Auction, and the Cure Amounts.

---

[3] The findings and conclusions set forth herein constitute the Court's findings of fact and conclusions of law pursuant to Bankruptcy Rule 7052, made applicable to this proceeding pursuant to Bankruptcy Rule 9014.  To the extent that any of the following findings of fact constitute conclusions of law, they are adopted as such.  To the extent any of the following conclusions of law constitute findings of fact, they are adopted as such.

**IT IS HEREBY ORDERED, ADJUDGED, AND DECREED THAT:**

1. The Bidding Procedures, substantially in the form attached hereto as <u>Exhibit 1</u>, are hereby approved and fully incorporated into this Order. The Trustee is authorized to undertake any and all actions necessary or appropriate to implement the Bidding Procedures.

2. Objections, if any, to the portion of the relief requested in the Sale Motion that is granted in this Order that have not been withdrawn, waived, or settled are hereby overruled.

3. The Notice of Auction and Sale Hearing, substantially in the form attached hereto as <u>Exhibit 2</u>: (i) is hereby approved; and (ii) shall be served, together with a copy of this Order, upon each of the Notice Parties within three (3) days of the date of this Order.

4. Subject to the Bidding Procedures, in the event that the Trustee does not receive more than one Qualified Bid, the Trustee will not hold the Auction. If the Trustee does not receive any Qualified Bids, the Trustee shall report the same to the Court and declare the Auction a "failed auction." In the event that the Trustee receives only one Qualified Bid, the Trustee will not hold the Auction and may instead seek approval of such Qualified Bid and the associated purchase agreement at the Sale Hearing. However, in the event that only one Qualified Bid is received, the Trustee may determine in his business judgment that such Qualified Bid is insufficient, and shall have the right to either postpone the Auction and Bid Deadline or declare the Auction a "failed auction." As further described in the Bidding Procedures, in the event that the Trustee timely receives two (2) or more Qualified Bids, the Trustee shall conduct the Auction commencing on **May 10, 2023 at 10:00 a.m. (ET), and, as may be necessary, continuing through and including May 12, 2023**, at the offices of Cozen O'Connor, One Liberty Place, 1650 Market Street, Suite 2800, Philadelphia, PA 19103, or such later time or other place or manner as the Trustee shall notify all Qualified Bidders.

5.      Any person wishing to submit a higher or better offer for the Purchased Assets must do so in accordance with the terms of the Bidding Procedures.

6.      All bidders submitting a Qualified Bid are deemed to have submitted to the exclusive jurisdiction of the Court with respect to all matters related to the Auction and the terms and conditions of the transfer of the Purchased Assets.

7.      The Trustee is hereby authorized to conduct the Sale without complying with any state or local bulk transfer law or requirements.

8.      Pursuant to Local Rule 6004-1(c)(ii): (a) each bidder participating at the Auction will be required to confirm that it has not engaged in any collusion with respect to the bidding or the sale; (b) the Auction will be conducted openly and all creditors will be permitted to attend (although only Qualified Bidders may bid); and (c) bidding at the Auction will be transcribed or videotaped.

9.      Within three (3) days of the date of this Order the Trustee shall file and serve the Cure Notice upon the Counterparties, which notice shall set out the applicable Cure Amounts, if any.  The Cure Notice shall be in substantially the form attached hereto as Exhibit 3, which form is hereby approved.

10.     Except as otherwise provided in this paragraph 10, objections, if any, to the Trustee's proposed Cure Amounts, and to the assumption and assignment of any executory contract and/or unexpired lease, must: (i) be in writing; (ii) state with specificity the grounds for such objection (with appropriate documentation in support thereof); (iii) comply with the Bankruptcy Rules and the Local Rules; and (iv) be filed with this Court and served upon (so as to be **received** by) the Service Parties on or before May 16, 2023  (the "Objection Deadline").

Provided, however, objections to the assignment of any executory contract and/or unexpired lease based on section 365(f)(2) of the Bankruptcy Code may be made at any time prior to, or at, the Sale Hearing.  Replies, if any, to any such objections shall be filed with the Court by May 18, 2023; provided however, replies to objections to the assignment of any executory contract and/or unexpired lease based on section 365(f)(2) of the Bankruptcy Code may be made at any time prior to, or at, the Sale Hearing.  The Court shall hold a hearing on May 19, 2023 at 10:00 a.m. (ET) (i.e., the Sale Hearing) regarding any objections to Cure Amounts and/or assumption and assignment of executory contracts and/or unexpired leases.

11. Any party failing to timely file an objection to the Cure Amounts and/or assumption and/or assignment of any executory contract or unexpired lease shall be forever barred from objecting to the Cure Amounts and/or to such assumption and/or assignment, and will be deemed to consent to the Cure Amounts and/or assumption and assignment of such executory contract or unexpired lease.

12. The Sale Hearing is scheduled to be held on May 19, 2023 at 10:00 a.m. (ET) before the Honorable Karen B. Owens, United States Bankruptcy Judge, at the United States Bankruptcy Court for the District of Delaware, 824 North Market Street, 6th Floor, Courtroom No. 3, Wilmington, Delaware 19801.  The Sale Hearing may be adjourned or rescheduled at the Trustee's sole discretion.  The Trustee will seek the entry of the Sale Order at the Sale Hearing approving and authorizing the Sale to each Successful Bidder or Alternate Bidder, on terms and conditions consistent with such party's asset purchase agreement, as may be amended and/or modified by agreement between the Trustee and a Successful Bidder or Alternate Bidder.

13. Objections, if any, to the relief requested in the Sale Motion as it relates to the Sale must: (i) be in writing and filed with the Court; (ii) comply with the Bankruptcy Rules and

the Local Rules; and (iii) be filed and served upon, so as to be **received** by, the Service Parties on or before May 16, 2023.

14. The failure of any person or entity to timely file an objection to the Sale Motion shall be a bar to the assertion, at the Sale Hearing or thereafter, of any objection to the Sale of the Purchased Assets to each Successful Bidder or Alternate Bidder.

15. Notwithstanding the possible applicability of Bankruptcy Rule 6004(h), this Order shall be immediately effective and enforceable upon its entry.

16. All time periods set forth in this Order shall be calculated in accordance with Bankruptcy Rule 9006(a).

17. To the extent that any provisions of this Order may be inconsistent with the Sale Motion, the terms of this Order shall control.

Dated: April 28th, 2023
Wilmington, Delaware

**KAREN B. OWENS**
**UNITED STATES BANKRUPTCY JUDGE**

LEGAL\62779385\6 6010823/00574256
04/28/2023