**<u>Exhibit 1</u>**

**Bidding Procedures**

## Bidding Procedures

George L. Miller, as chapter 7 trustee (the "**Trustee**") for the bankruptcy estates (the "**Estates**") of Akorn Holding Company LLC, *et al.*[1] (the "**Debtors**"), jointly administered debtors in Case No. 23-10253 (KBO) presently pending in the United States Bankruptcy Court for the District of Delaware (the "**Court**"), contemplates the sale (the "**Sale**") of all or substantially all of the assets of the Estates (the "**Purchased Assets**") to one or more purchasers pursuant to section 363 of title 11 of the United States Code (the "**Bankruptcy Code**").  The proposed transaction is subject to approval by the Court.  In connection with the Sale, these bidding procedures (the "**Bidding Procedures**") were approved by order of the Court dated April 28, 2023 (the "**Bidding Procedures Order**").[2]

### A.  The Bidding Process

1.      These Bidding Procedures describe, among other things, the manner in which prospective bidders may gain access to due diligence materials concerning the Purchased Assets, the manner in which bidders and bids become Qualified Bidders (as defined below) and Qualified Bids (as defined below), respectively, the receipt and negotiation of bids received, the conduct of any Auction (as defined below), the ultimate selection of a Successful Bidder and Successful Bid (each as defined below), and the Court's approval thereof (collectively, the "**Bidding Process**").

2.      Neither the Trustee nor his representatives shall be obligated to furnish any information of any kind whatsoever to any person who is not a Qualified Bidder (defined below). In the exercise of his reasonable business judgment, the Trustee may amend these Bidding Procedures in writing or orally at the Auction, so as to better promote the goals of the Bidding Process, so long as such changes are not inconsistent with any Court order, including the Bidding Procedures Order.

### B.  Sale on "as is, where is" Basis

The sale of the Purchased Assets will be on an "as is, where is" basis and without surviving representations or warranties of any kind by the Trustee or his agents.

### C.  Free and Clear of Any and All Claims and Interests

All of the Estates' right, title, and interest in and to the Purchased Assets, or any portion thereof, to be acquired, will be sold free and clear of all pledges, liens, security interests, encumbrances, claims, charges, options, and interests thereon and there against (collectively, the "**Interests**"), with such Interests to attach to the net proceeds of the sale of such Purchased Assets, except, with respect to a Successful Bidder, to the extent otherwise set forth in the relevant purchase agreement of such Successful Bidder.

---

[1] The Debtors in these chapter 7 cases, along with the last four digits of their federal tax identification numbers, and cases numbers are Akorn Holding Company LLC (9190), Case No. 23-10253 (KBO); Akorn Intermediate Company LLC (6123), Case No. 23-10254 (KBO); and Akorn Operating Company LLC (6184), Case No. 23- 10255. The Debtors' headquarters is located at 5605 CenterPoint Court, Gurnee, IL 60031.

[2] Capitalized terms used, but not otherwise defined, in these Bidding Procedures shall have the meanings given in the Bidding Procedures Order.

### D.  Participation Requirements

1.    To participate in the Bidding Process each interested person or entity must:

(i)    deliver, unless previously delivered, to Greenhill an executed confidentiality agreement in form and substance satisfactory to the Trustee (to be delivered prior to the distribution of any confidential information by the Trustee to such person); and

(ii)    be deemed by the Trustee, after consultation with his professionals, to be reasonably likely to be able to fund and complete the consummation of the proposed transaction within the time frame acceptable to the Trustee if selected as a Successful Bidder (as defined below).

2.    Each Potential Bidder shall comply with all reasonable requests for information and due diligence access by the Trustee and his professionals regarding the ability of such Potential Bidder,  as applicable, to consummate its contemplated transaction.

3.    As promptly as reasonably possible, the Trustee will determine (in consultation with the Consultation Parties)[3] if such person or entity is acceptable and deem such person or entity a "**Potential Bidder**."

### E.  Due Diligence

1.    The Trustee may, in his reasonable business judgment, afford each Potential Bidder such access to due diligence materials concerning the Purchased Assets as the Trustee deems appropriate. Due diligence access may include access to written materials, verbal discussions, on-site inspections, and other material that a Potential Bidder may reasonably request and as to which the Trustee, in his reasonable business judgment, may agree. The Trustee may, in the exercise of his reasonable business judgment (in consultation with the Consultation Parties), extend a Qualified Bidder's time to conduct due diligence after the Bid Deadline (as defined below) until the Auction. The Trustee may, in his reasonable business judgment, coordinate due diligence efforts such that multiple Potential Bidders have simultaneous access to due diligence materials and/or simultaneous attendance at site inspections. The Trustee makes no representation or warranty as to the information to be provided through this due diligence process.

2.    Each Qualified Bidder shall be deemed to acknowledge, and shall represent in any asset purchase agreement, that it has had an opportunity to inspect and examine the Purchased Assets and to conduct any and all due diligence prior to making its offer, that it has relied solely upon its own independent reviews, investigations, and/or inspections in submitting its Bid, and that it did not rely upon any written or oral statements, representations, promises, warranties, or

---

[3] Each reference in these Bidding Procedures to "consultation" (or similar phrase) shall mean consultation in good faith providing sufficient time for the applicable parties to confer with each other and their clients, as applicable. Except as otherwise provided herein, the following parties constitute the "**Consultation Parties**": (a) the ABL Lenders (including the ABL Lenders' advisors) and (b) the Required Lenders (as defined in the Senior Secured Term Loan Agreement), including the advisors to the Required Lenders.

LEGAL\62787500\8 6010823/00574256
04/28/2023

guaranties whatsoever, whether express, implied, by operation of law or otherwise, regarding the Purchased Assets or the completeness of any information provided in connection with the Bidding Process.

## F. Bid Deadline

A Potential Bidder that desires to make a Bid must deliver written copies of its Bid, via electronic mail, hand delivery or overnight mail, to: (i) the Trustee, care of his counsel, Cozen O'Connor, 1201 N. Market St., Ste. 1001, Wilmington, DE 19801, Attn. John T. Carroll, III, Esq. (jcarroll@cozen.com) and Simon Fraser, Esq. (sfraser@cozen.com); (ii) MidCap Funding IV Trust, care of its counsel, Proskauer Rose LLP, One International Place, Boston, MA 02110, Attn: Charles A. Dale, Esq. (cdale@proskauer.com); (iii) WSFS Institutional Services, care of its counsel, Wilmer Cutler Pickering Hale and Dorr LLP, 7 World Trade Center, 250 Greenwich Street, New York, NY 10007, Attn: Andrew N. Goldman, Esq. (andrew.goldman@wilmerhale.com) and Nathan J. Moore, Esq. (nathan.moore@wilmerhale.com); (iv) Ad Hoc TL Lender Group, care of their counsel, Gibson, Dunn & Crutcher LLP, 200 Park Avenue, New York, NY 10166-0193, Attn: Matt J. Williams, Esq., (mjwilliams@gibsondunn.com) and AnnElyse Scarlett Gains, Esq., (agains@gibsondunn.com); and (v) Greenhill & Co., LLC, 1271 Avenue of the Americas, New York, NY 10020, Attn: Neil A. Augustine (neil.augustine@greenhill.com), Rupert Hill (rupert.hill@greenhill.com), Nicholas Drayson (nicholas.drayson@greenhill.com) and Sean Wright (sean.wright@greenhill.com) so that the Bid is actually received by **12:00 p.m. (Noon) (ET) on May 4, 2023** (the "Bid Deadline"). The Trustee may (in consultation with the Consultation Parties) extend the Bid Deadline once or successively but is not obligated to do so. If the Trustee extends the Bid Deadline, he shall promptly notify all Potential Bidders of such extension.

## G. Qualified Bid Requirements

1.    A proposal ("**Bid**") received from a Potential Bidder is a "**Qualified Bid**" if it complies with all of the following; provided that the Lenders shall be deemed a Qualified Bidder (and any bid submitted by them, a Qualified Bid) without the need to satisfy any of the other requirements placed on Qualified Bidders hereunder:

(i) is received by the Bid Deadline;

(ii) provides for the purchase of all or some portion of the Purchased Assets by the Potential Bidder on an "as is, where is" basis;

(iii) clearly identifies the particular Purchased Assets to be purchased

(iv) allocates value and/or a portion of the aggregate purchase price for each class of property (e.g. real estate, equipment, intellectual property, ANDAs, ANADAs and stock);

(v) if purchasing ANDAs or ANADAs on an individual basis, then must allocate purchase price per ANDA and ANADA;

3

(vi) includes a copy of a definitive asset purchase agreement (in substantially the form of one or more of the template asset purchase agreements posted in the data room maintained by Greenhill for Purchased Assets, as applicable (the "**Template Asset Purchase Agreements**"), signed by an authorized representative of such Potential Bidder;

(vii) is accompanied by a redline comparison showing any changes that the Potential Bidder has made to the applicable Template Purchase Agreement(s);

(viii) is not subject to any due diligence or financing conditions, board or other approval;

(ix) is accompanied by a cash deposit of not less than 10% of the proposed purchase price (the "**Required Deposit**"); *provided*, that any Bid by Lenders shall not be required to be accompanied by a deposit;

(x) includes written evidence of an unconditional commitment for financing (by a creditworthy bank or financial institution that shall provide such financing without alteration of conditions or delays) or other evidence of ability, as determined in the reasonable business judgment of the Trustee, in consultation with the Consultation Parties, to consummate the transaction. Such funding commitments or other financing must be unconditional and must not be subject to any internal approvals, syndication requirements, diligence, or credit committee approvals, and shall have covenants and conditions acceptable to the Trustee (in consultation with the Consultation Parties);

(xi) includes evidence that the Qualified Bidder has obtained authorization or approval from its board of directors (or comparable governing body) acceptable to the Trustee with respect to the submission, execution, and delivery of its Bid and Bid Documents, participation in the Auction, and closing of the proposed transaction(s) contemplated in such Bid. The Bid shall further state that any necessary filings under applicable regulatory, antitrust, and other laws will be made in a timely manner and that payment of the fees associated therewith shall be made by the Qualified Bidder;

(xii) disclaims any right to receive a fee analogous to a break-up fee, expense reimbursement, "topping" or termination fee, or any other similar form of compensation. For the avoidance of doubt, no Qualified Bidder will be permitted to request, nor be granted by the Trustee, at any time, whether as part of the Auction or otherwise, a break-up fee, expense reimbursement, termination fee, or any other similar form of compensation, and by submitting its Bid is agreeing to refrain from and waive any assertion or request for reimbursement on any basis, including under section 503(b) of the Bankruptcy Code;

(xiii) includes (if applicable) a designation of contracts and/or leases to be assumed and assigned to the Potential Bidder, agreement to pay in full any associated cure costs, and evidence of the Potential Bidder's ability to perform future obligations under such contracts and/or leases;

(xiv) is reasonably likely (based on availability of financing, regulatory issues, experience, and other considerations) to be consummated, if selected as a Successful Bid (as defined below), within a timeframe acceptable to the Trustee (with the consent of the Consultation Parties);

LEGAL\62787500\8 6010823/00574256
04/28/2023

(xv) contains a binding agreement by the Potential Bidder to serve as an "Alternate Bidder" (as defined below), if so selected by the Trustee in accordance with the Bidding Procedures; and

(xvi) is irrevocable until the earlier of: (a) thirty (30) days after the Bankruptcy Court authorizes and approves a Successful Bid, or Bids, for the Purchased Assets that are the subject of the Bid; and (b) the closing of the sale(s) for the Purchased Assets that are the subject of the Bid.

2.      A Potential Bidder that makes a Qualified Bid is referred to herein as a "**Qualified Bidder**."

3.      The Trustee, in his reasonable business judgment (in consultation with the Consultation Parties), shall determine whether the Bid of a Potential Bidder meets the foregoing requirements to become a Qualified Bid.

4.      Notwithstanding anything herein to the contrary, the Trustee reserves the right to work with Potential Bidders (in consultation with the Consultation Parties) to aggregate bids into a consolidated Qualified Bid, or otherwise improve bids to be Qualified Bids, prior to the Bid Deadline. Additionally, the Trustee will be authorized to approve joint Bids in his discretion (in consultation with the Consultation Parties) on a case-by-case basis.

5.      For the avoidance of doubt, any Bid that requires any form of future or current payment from the estate or the Lenders in the form of an expense reimbursement, purchase price adjustment or working capital adjustment, termination or breakup fee, or similar arrangement, shall not be considered a Qualified Bid until such concept is removed from the Bid.

6.      The Trustee, in his reasonable business judgment, may reject any proposal that entitles the Potential Bidder to any break-up fee, termination fee, expense reimbursement or similar type of payment that is not in conformity with the Bankruptcy Code, the Federal Rules of Bankruptcy Procedure or the Local Rules for the United States Bankruptcy Court for the District of Delaware, or is contrary to the best interests of the Estates.

7.      A Qualified Bid shall be valued based upon various factors including, without limitation, the net value provided by such proposal, the timing and amount of any consideration received, and the likelihood and timing of consummation of such transaction.

## H.  Lenders' Right to Credit Bid

1.      The Lenders shall have the right to at the Auction to credit bid all or any portion of the aggregate amount of their applicable outstanding secured obligations pursuant to section 363(k) of the Bankruptcy Code, and any such credit bid will be considered a Qualified Bid to the extent such bid complies with section 363(k) of the Bankruptcy Code; provided that a credit bid shall not constitute a Qualified Bid if the bid does not include a cash component sufficient to pay in full, in cash, the carve-out amount as provided for in the Sharing Agreement as approved by the Court and all claims for which there are valid, perfected, and unavoidable liens on any assets included in such Bid that are senior in priority to those of the party seeking to credit bid (unless such Lender consents to alternative treatment), if applicable.  There shall be no obligation for

5

any Lender to provide a Bid by the Bid Deadline if the full purchase price of the Bid is paid pursuant to a credit bid and such Lender shall be entitled to full participation at any future Auction (defined below) as a Qualified Bidder notwithstanding any requirement contained in the Bidding Procedures.

2.    Notwithstanding any other provisions herein to the contrary, in the event that a Lender wishes to submit a Bid, including without limitation a credit bid (any such bid and/or credit bid, a "Lender Bid"), the Lender shall notify the other parties listed in Section F above in writing by the Bid Deadline of its intent to submit such Lender Bid.  Absent such notification, the Lender shall not be permitted to submit or pursue in any way such Lender Bid.  Upon the transmission by a Lender of a notification of its intent to submit a Lender Bid, the Lender shall cease to be a Consultation Party with respect to all assets (including without limitation executory contracts and/or unexpired leases) subject to its Lender Bid, and the Trustee shall have no obligation otherwise to consult with such Lender regarding such assets.  For the avoidance of doubt, the Trustee is authorized to take any actions necessary to exclude such Lender from all discussions regarding any or all of the assets subject to the Lender's Lender Bid, except for discussions on the record at the Auction in which all other bidders are either present or able to be present if they so choose.

## I.  Template Asset Purchase Agreements

The Template Asset Purchase Agreement in the data room identified as "**General Asset Purchase Agreement**" should be used for the purchase of any or all assets with the exception of real property and Akorn Operating's equity interest in Akorn International S.á.r.l. The Template Asset Purchase Agreement in the data room identified as ("**Real Estate Asset Purchase Agreement**") should be used for real estate, and the Template Asset Purchase Agreement in the data room identified as ("**Stock Asset Purchase Agreement**") should be used for Akorn Operating's equity interest in Akorn International S.á.r.l.[4]

## J.  Modification of Bids

Without the prior written consent of the Trustee (in consultation with the Consultation Parties), a Qualified Bidder may not modify, amend, or withdraw its Qualified Bid, except for proposed amendments to increase the consideration contemplated by, or otherwise improve the terms of, the Qualified Bid, during the period that such Qualified Bid remains binding as specified in these Bidding Procedures; provided that any Qualified Bid may be improved at the Auction as set forth herein.  Any improved Qualified Bid must continue to comply with the requirements for Qualified Bids set forth in these Bidding Procedures.

## K.  No Qualified Bids

If the Trustee does not receive any Qualified Bids, the Trustee shall (i) report the same to the Court, and (ii) declare the auction to be a "failed auction."

---

[4] Word versions of the Template Asset Purchase Agreements are available from Greenhill upon request. Additionally, Greenhill shall post a Word version of each Template Asset Purchase Agreement in the data room.

### L. **Only One Qualified Bid**

In the event that the Trustee receives only one Qualified Bid, the Trustee will not hold the Auction and may instead seek approval of such Qualified Bid and the associated asset purchase agreement at the Sale Hearing. However, in the event that only one Qualified Bid is received, the Trustee may determine in his reasonable business judgment (in consultation with the Consultation Parties) that such Qualified Bid is insufficient, and shall have the right to either postpone the Auction and Bid Deadline or declare the Auction a "failed auction."

### M. **Auction**

1. If at least two (2) Qualified Bids have been received, the Trustee shall conduct an auction (the "**Auction**") commencing on **May 10, 2023 at 10:00 a.m. (ET), and, as may be necessary, continuing through and including May 12, 2023**, at the offices of Cozen O'Connor, One Liberty Place, 1650 Market Street, Suite 2800, Philadelphia, PA 19103, or such later time or other place or manner as the Trustee shall notify all Qualified Bidders. Only Qualified Bidders shall be eligible to participate in the Auction and only Qualified Bidders shall be entitled to make any subsequent Qualified Bids at the Auction. The Trustee shall not consider a particular Bid unless the bidding party has submitted a Qualified Bid and attends the Auction.

2. Prior to the start of the Auction, the Trustee shall evaluate all Qualified Bids received and shall determine (in consultation with the Consultation Parties) which Qualified Bid(s) constitutes the best offer(s) for all, or for one or more lots (each, a "**Lot**") of, the Purchased Assets (the "**Starting Auction Bid(s)**"); provided that the Trustee shall consult with the Consultation Parties prior to making any decision on which Bid shall be the Starting Auction Bid(s). The Trustee, in his discretion and in consultation with the Consultation Parties, may accept as a single Qualified Bid, multiple Bids for non-overlapping Lots. The Trustee shall announce the Starting Auction Bid(s), and, if applicable, the make-up of each Lot, at the commencement of the Auction. The make-up of each Lot shall be within the discretion of the Trustee, in consultation with his professionals and the Consultation Parties.

3. The Trustee, in his sole discretion, and in consultation with his professionals, may at any time during the Auction conduct separate rounds of bidding for different Lots. The Trustee, in his sole discretion and in consultation with his counsel, may alter or combine one or more Lots, and/or divide the Purchased Assets into additional Lots, as he deems appropriate at any point during the Auction.

4. The minimum initial overbid and any subsequent overbids must be in increments of at least $100,000 in cash consideration with respect to a single Lot, and at least $1,000,000 in cash consideration with respect to all of the Purchased Assets (which amount the Trustee, in his reasonable business judgment, may modify at the Auction with respect to all of the Purchased Assets and/or one or more Lots) until the Trustee declares a Successful Bidder or Bidders.

5. Upon a Qualified Bidder's declaration of its Bid at the Auction, it must commit on the record to pay promptly following the Auction, if such Bid were to be the Successful Bid or the Alternate Bid, the incremental amount of its Required Deposit calculated based on the

LEGAL\62787500\8 6010823/00574256
04/28/2023

increased purchase price of such Bid, if applicable; provided that this requirement shall not apply to any Bid by the Lenders.

      6.     The Trustee, after consultation with his professionals and the Consultation Parties, may employ and announce at the Auction additional and/or modified rules or procedures for conducting the Auction, provided that such rules are (i) not inconsistent with the Bidding Procedures Order or any other order of the Court, or the Bankruptcy Code, and (ii) disclosed to each Qualified Bidder at the Auction.

      7.     At the conclusion of the Auction, the Trustee, in consultation with his counsel and in consultation with the Consultation Parties, shall (i) review each Qualified Bid (as may have been increased and/or modified at the Auction) on the basis of financial and contractual terms and the factors relevant to the Sale Process, including those factors affecting the speed and certainty of consummating the Qualified Bid, and (ii) identify the best bid or bids for either all of the Purchased Assets or for each Lot, as applicable (each such bid, a "**Successful Bid**") and the bidder making such best bid or bids (each such bidder, a "**Successful Bidder**").  The Trustee, in his discretion and in consultation with the Consultation Parties, may group as a single Qualified Bid the Successful Bids for non-overlapping Lots to participate in an Auction for such non-overlapping Lots as a single Lot, or to participate in an Auction for all of the Purchased Assets as a single Lot.  Promptly following the conclusion of the Auction the Trustee shall file on the docket of the Debtors' bankruptcy cases one or more "Notice(s) of Successful Bidder(s)" identifying each Successful Bidder and, for each, identifying the Purchased Assets (including executory contracts and/or unexpired leases) proposed to be sold to such Successful Bidder, and the purchase price.  If applicable, the Notice shall also identify the Alternate Bidder.

      8.     All Qualified Bidders at the Auction shall be deemed to have consented to the core jurisdiction of the Bankruptcy Court and to have waived any right to a jury trial in connection with any disputes related to the Auction, and the construction and enforcement of the Qualified Bidder's proposed purchase agreement.

### N.   Notice to Counterparties to Executory Contracts and/or Unexpired Leases

      If any Successful Bid or Alternate Bid includes executory contracts and/or unexpired leases to be assigned to such Bidder (each, a "Potentially Assigned Contract/Lease"), then within twenty-four (24) hours following the conclusion of the Auction, the Trustee shall serve on each counterparty to the Potentially Assigned Contracts/Leases a packet including: (1) the applicable Notice of Successful Bidder, (2) the evidence of the Successful Bidder's (and, if applicable, Alternate Bidder's) ability to perform future obligations under the applicable Potentially Assigned Contract(s)/Lease(s) previously submitted by such Successful Bidder (and, if applicable, Alternate Bidder) pursuant to section G(xiii) above; (3) any additional such evidence provided by the Successful Bidder (and, if applicable, Alternate Bidder); and (4) contact information for counsel for the Successful Bidder (and, if applicable, Alternate Bidder) and counsel for the Trustee.

LEGAL\62787500\8 6010823/00574256
04/28/2023

### O.  The Sale Hearing

1.      A hearing is presently scheduled to take place on **May 19, 2023 at 10:00 a.m. (ET)** (the "**Sale Hearing**").  At the Sale Hearing, the Trustee shall seek entry of the Sale Order, among other things, authorizing and approving the Sale(s) of the Purchased Assets to the Successful Bidder(s) pursuant to the terms and conditions set forth in the respective Successful Bid(s).  The Trustee, in his reasonable business judgment, may adjourn or reschedule the Sale Hearing.  The Trustee shall notify all relevant parties of such adjournment or rescheduling in an appropriate manner.

2.      If the Trustee receives more than one Qualified Bid either for all of the Purchased Assets or for a given Lot, as applicable, then, at the Sale Hearing, the Trustee will seek approval of the Successful Bids, and, at the Trustee's election, in consultation with the Consultation Parties, the next best Qualified Bid(s) (the "**Alternate Bid(s)**" and the bidder(s) making such Alternate Bid(s), the "**Alternate Bidder(s)**").  The Trustee's presentation to the Court of the Successful Bid(s) and, if applicable, the Alternate Bid(s) will not constitute the Trustee's acceptance of such Bids until such Bids are approved by the Court at the Sale Hearing. Following approval of the Sale to a Successful Bidder, if the Successful Bidder fails to consummate the Sale for any reason, then the applicable Alternate Bid will be deemed to be the Successful Bid and the Trustee will be authorized, but not directed, to effect the Sale to the Alternate Bidder subject to the terms of the Alternate Bid of such Alternate Bidder without further order of the Court. The Alternate Bid shall remain open until the earlier of (a) thirty (30) days following the entry of the Sale Order or (b) the consummation of the Sale to the Successful Bidder unless further extended by agreement of the Trustee and Alternate Bidder.

3.      All Required Deposits, but excluding the Required Deposits of a Successful Bidder and Alternate Bidder (which, in the case of the Required Deposit of the Alternate Bidder, shall be returned within three (3) business days of the closing of the Sale to the Successful Bidder), shall be returned to Qualified Bidders within five (5) business days after the date of the Auction. The Trustee shall be required to maintain Required Deposits in a non-interest bearing account. Required Deposits may only be used in accordance with the provisions of these Bidding Procedures. The Trustee shall not have any liability with respect to any Required Deposits. If a Successful Bidder fails to consummate an approved sale as a result of its own default or the terms of the relevant asset purchase agreement between the Trustee and such Successful Bidder would allow the Trustee to retain such Successful Bidder's Required Deposit, the Trustee will not have any obligation to return the Required Deposit of such Successful Bidder, and such Required Deposit will become property of the Estates.

### P.  Reservation of Rights

The Trustee reserves his right, in the exercise of his fiduciary obligations, after consultation with his professionals, subject to the terms and conditions in the Sharing Agreement as approved by the Court, and in the exercise of his reasonable business judgment, to: (a) determine which Qualified Bid(s), if any, are the highest or otherwise best offer, either for all of the Purchased Assets or for each Lot, as applicable; (b) reject, at any time, any bid that is (i) inadequate or insufficient, (ii) not in conformity with the requirements of the Bankruptcy Code, the Bidding Procedures, the Bidding Procedures Order or any other orders applicable to the

9

Estates or the terms and conditions of the Sale, or (iii) contrary to the best interests of the Estates; and (c) modify the Bidding Procedures, including, without limitation, by (1) extending any of the deadlines set forth above for the Bidding Process, (2) modifying bidding increments, (3) adjourning the Auction at the Auction and/or adjourning the Sale Hearing in open court without prior notice, (4) withdrawing from the Auction the Purchased Assets, or any Lot or portion thereof, at any time prior to or during the Auction, and/or (5) canceling the Auction, and rejecting all Qualified Bids if, in the Trustee's reasonable business judgment, and in consultation with his counsel, no such bid is for a fair and adequate price.  Notwithstanding the forgoing, the Trustee shall consult with the Consultation Parties on each of the determinations above and shall not agree to any modifications of the Bidding Procedures or other terms and conditions of any Sale that conflict with the Sharing Agreement as approved by the Court absent the consent of the Consultation Parties.

LEGAL\62787500\8 6010823/00574256
04/28/2023

**<u>Exhibit 2</u>**

**Notice of Auction and Sale Hearing**

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 7 |
| AKORN HOLDING COMPANY LLC, *et al.*[1] | Case No. 23-10253 (KBO) |
| Debtors. | (Jointly Administered) |

<u>**NOTICE OF SALE OF ASSETS, AUCTION, AND SALE HEARING**</u>

PLEASE TAKE NOTICE OF THE FOLLOWING:

1.      On April 28, 2023, the United States Bankruptcy Court for the District of Delaware (the "<u>Court</u>") entered an *Order Granting the Trustee's Motion for Entry of an Order (A) Approving Bidding Procedures in Connection With Sale of Substantially All of the Estates' Assets, (B) Scheduling an Auction and Hearing to Consider the Proposed Sale and (C) Approving the Form and Manner of Notice Thereof* (the "<u>Bidding Procedures Order</u>"), which, among other things, establishes bidding procedures (the "<u>Bidding Procedures</u>") that govern the manner in which all or substantially all of the assets (the "<u>Purchased Assets</u>") of the above-captioned debtors (the "<u>Debtors</u>") are to be sold.  All capitalized terms used but not defined herein shall have the meanings assigned to them in the Bidding Procedures Order.  A copy of the Bidding Procedures is being served on you concurrently with this Notice.

2.      All interested parties are invited to make offers to purchase all or some portion of the Purchased Assets, in accordance with the terms and conditions of the Bidding Procedures.

3.      Pursuant to the Bidding Procedures, in the event that the Trustee timely receives more than one Qualified Bid (as defined in the Bidding Procedures) the Trustee will conduct an auction for the Purchased Assets (the "<u>Auction</u>") commencing on **May 10, 2023 at 10:00 a.m. (ET), and, as may be necessary, continuing through and including May 12, 2023**, at the offices of Cozen O'Connor, One Liberty Place, 1650 Market Street, Suite 2800, Philadelphia, PA 19103, or such later time or other place or manner as the Trustee shall notify all Qualified Bidders.

4.      Participation at the Auction is subject to the Bidding Procedures and the Bidding Procedures Order.  Any person wishing to participate in the Bidding Process must become a "Qualified Bidder."  The procedures for becoming a Qualified Bidder are contained in the Bidding Procedures.  A Potential Bidder that desires to make a Bid must deliver written copies of

---

[1] The Debtors in these chapter 7 cases, along with the last four digits of their federal tax identification numbers, and cases numbers are Akorn Holding Company LLC (9190), Case No. 23-10253 (KBO); Akorn Intermediate Company LLC (6123), Case No. 23-10254 (KBO); and Akorn Operating Company LLC (6184), Case No. 23- 10255. The Debtors' headquarters is located at 5605 CenterPoint Court, Gurnee, IL 60031.

its Bid, via electronic mail, hand delivery or overnight mail, to: (i) the Trustee, care of his counsel, Cozen O'Connor, 1201 N. Market St., Ste. 1001, Wilmington, DE 19801, Attn. John T. Carroll, III, Esq. (jcarroll@cozen.com) and Simon Fraser, Esq. (sfraser@cozen.com); (ii) MidCap Funding IV Trust, care of its counsel, Proskauer Rose LLP, One International Place, Boston, MA 02110, Attn: Charles A. Dale, Esq. (cdale@proskauer.com); (iii) WSFS Institutional Services, care of its counsel, Wilmer Cutler Pickering Hale and Dorr LLP, 7 World Trade Center, 250 Greenwich Street, New York, NY 10007, Attn: Andrew N. Goldman, Esq. (andrew.goldman@wilmerhale.com) and Nathan J. Moore, Esq. (nathan.moore@wilmerhale.com); (iv) Ad Hoc TL Lender Group, care of their counsel, Gibson, Dunn & Crutcher LLP, 200 Park Avenue, New York, NY 10166-0193, Attn: Matt J. Williams, Esq., (mjwilliams@gibsondunn.com) and AnnElyse Scarlett Gains, Esq., (agains@gibsondunn.com); and (v) Greenhill & Co., LLC, 1271 Avenue of the Americas, New York, NY 10020, Attn: Neil A. Augustine (neil.augustine@greenhill.com), Rupert Hill (rupert.hill@greenhill.com), Nicholas Drayson (nicholas.drayson@greenhill.com) and Sean Wright (sean.wright@greenhill.com) so that the Bid is actually received by **12:00 p.m. (Noon) (ET) on May 4, 2023** (the "Bid Deadline"). The Trustee may (in consultation with the Consultation Parties) extend the Bid Deadline once or successively but is not obligated to do so. If the Trustee extends the Bid Deadline, he shall promptly notify all Potential Bidders of such extension.

5.      A hearing at which the Trustee will seek approval and authorization of the Sale to the Successful Bidders (the "Sale Hearing") is scheduled to be held on **May 19, 2023 at 10:00 a.m. (ET)**, unless otherwise continued by the Trustee pursuant to terms of the Bidding Procedures Order, before the Honorable Karen B. Owens, United States Bankruptcy Judge, at the United States Bankruptcy Court for the District of Delaware, Courtroom No. 3, 824 North Market Street, Wilmington, Delaware 19801. By **May 1, 2023**, the Trustee shall file and serve upon counterparties to the Debtors' executory contracts and unexpired leases (the "Counterparties") a notice informing Counterparties that the Debtors' executory contracts and unexpired leases may be assumed and assigned, and setting out what the Debtors' records show to be the applicable cure amounts, if any (the "Cure Notice"). If any Counterparty wishes to assert an objection or other response to the Cure Notice, it must file and serve such objection or other response upon the parties listed in paragraph 6 below on or before **May 16, 2023** (the "Objection Deadline"). The Court shall hold a hearing at the Sale Hearing regarding any objections to cure amounts and/or assumption and assignment of executory contracts and/or unexpired leases.

6.      Objections, if any, to the relief requested at the Sale Hearing as it relates to the Sale, must: (a) be in writing and filed with the Court, (b) comply with the Bankruptcy Code and the Federal Rules of Bankruptcy Procedure, and (c) be filed and served on the following parties by the Objection Deadline (except that objections pursuant to 11 U.S.C. §365(f) may be made at any time prior to, or at, the Sale Hearing): (i) the Trustee, care of his counsel, Cozen O'Connor, 1201 N. Market St., Ste. 1001, Wilmington, DE 19801, Attn. John T. Carroll, III, Esq. (jcarroll@cozen.com) and Simon Fraser, Esq. (sfraser@cozen.com); (ii) MidCap Funding IV Trust, as ABL Agent care of its counsel, Proskauer Rose LLP, One International Place, Boston, MA 02110, Attn: Charles A. Dale, Esq. (cdale@proskauer.com); (iii) WSFS Institutional Services as TL Agent, care of its counsel, Wilmer Cutler Pickering Hale and Dorr LLP, 7 World Trade Center, 250 Greenwich Street, New York, NY 10007, Attn: Andrew N. Goldman, Esq.

([andrew.goldman@wilmerhale.com](mailto:andrew.goldman@wilmerhale.com)) and Nathan J. Moore, Esq. ([nathan.moore@wilmerhale.com](mailto:nathan.moore@wilmerhale.com)); (iv) Ad Hoc TL Lender Group, care of their counsel, Gibson, Dunn & Crutcher LLP, 200 Park Avenue, New York, NY 10166-0193, Attn: Matt J. Williams, Esq., ([mjwilliams@gibsondunn.com](mailto:mjwilliams@gibsondunn.com)) and AnnElyse Scarlett Gains, Esq. ([agains@gibsondunn.com](mailto:agains@gibsondunn.com)); and (v) the Office of the United States Trustee, 844 King Street, Suite 2207, Lockbox 35, Wilmington, DE 19081, Attn: Richard Schepacarter, Esq. ([Richard.Schepacarter@usdoj.gov](mailto:Richard.Schepacarter@usdoj.gov)) (collectively, the "<u>Service Parties</u>").

7.    This Notice is qualified in its entirety by the Bidding Procedures Order.

Dated: April _____ 2023 

COZEN O'CONNOR

By: /s/ _____
John T. Carroll, III (DE No. 4060)
Simon E. Fraser (DE No. 5335)
1201 N. Market Street
Suite 1001
Wilmington, DE 19801
(302) 295-2000 Phone
(302) 295-2013 Fax No.
[jcarroll@cozen.com](mailto:jcarroll@cozen.com)
[sfraser@cozen.com](mailto:sfraser@cozen.com)

*Counsel for the Trustee,*
*George L. Miller*

LEGAL\62787564\5 6010823/00574256
04/28/2023

**Exhibit 3**

**Cure Notice**

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 7 |
| AKORN HOLDING COMPANY LLC, *et al.*[1] | Case No. 23-10253 (KBO) |
| | (Jointly Administered) |
| Debtors. | |

**NOTICE OF EXECUTORY CONTRACTS AND UNEXPIRED LEASES THAT
MAY BE ASSUMED AND ASSIGNED, PURSUANT TO SECTION 365 OF THE
BANKRUPTCY CODE, IN CONNECTION WITH THE SALE OF SUBSTANTIALLY
ALL OF THE DEBTORS' ASSETS, AND THE PROPOSED CURE AMOUNTS**

PLEASE TAKE NOTICE OF THE FOLLOWING:

1.     On April 28, 2023, the United States Bankruptcy Court for the District of Delaware (the "Court") entered an *Order Granting Trustee's Motion for Entry of an Order (A) Approving Bidding Procedures in Connection With Sale of Substantially All of the Estates' Assets, (B) Scheduling an Auction and Hearing to Consider the Proposed Sale and (C) Approving the Form and Manner of Notice Thereof* (the "Bidding Procedures Order"), which, among other things, establishes bidding procedures (the "Bidding Procedures") that govern the manner in which all or substantially all of the assets (the "Purchased Assets") of the above-captioned debtors (the "Debtors") are to be sold.  All capitalized terms used but not defined herein shall have the meanings assigned to them in the Bidding Procedures Order.

2.     In accordance with the Bidding Procedures, the Trustee hereby file this Notice (the "Cure Notice") identifying: (i) those executory contracts and unexpired leases that may be assumed and assigned to a potential purchaser in connection with the Trustee's sale of the Purchased Assets (the "Executory Contracts and Unexpired Leases"); and (ii) the proposed cure amount to cure any and all defaults associated with each Executory Contract and Unexpired Lease (the "Cure Amount").

3.     A list of the Executory Contracts and Unexpired Leases, together with the Cure Amount for each, is attached to this Cure Notice as Exhibit 1.

4.     You have been identified as possibly being a party to an Executory Contract or Unexpired Lease.

---

[1] The Debtors in these chapter 7 cases, along with the last four digits of their federal tax identification numbers, and cases numbers are Akorn Holding Company LLC (9190), Case No. 23-10253 (KBO); Akorn Intermediate Company LLC (6123), Case No. 23-10254 (KBO); and Akorn Operating Company LLC (6184), Case No. 23- 10255. The Debtors' headquarters is located at 5605 CenterPoint Court, Gurnee, IL 60031.

5.      Timely objections to the Trustee's proposed Cure Amounts, if any, will be heard at a hearing scheduled to take place on **May 19, 2023 at 10:00 a.m. (ET)** before the Honorable Karen B. Owens, United States Bankruptcy Judge, at the United States Bankruptcy Court for the District of Delaware, Courtroom No. 3, Floor, 824 North Market Street, Wilmington, Delaware 19801.  This hearing may be adjourned, in which case you will be informed of the new date and time.

6.      **If you wish to assert an objection to the proposed Cure Amount associated with the particular Executory Contract or Unexpired Lease to which you are a party, you must do so in accordance with the instructions in this Cure Notice, on or before May 16, 2023 (the "Objection Deadline").**

7.      In order to be considered, objections (if any) must: (i) be in writing; (ii) state with specificity the grounds for such objection (with appropriate documentation in support thereof); (iii) comply with the Federal Rules of Bankruptcy Procedure and the Local Rules for the United States Bankruptcy Court for the District of Delaware; (iv) be filed with the Bankruptcy Court, 824 N. Market Street, 3rd Floor, Wilmington, DE 19801 by the Objection Deadline; and (v) be served on the following parties via electronic mail, hand delivery or overnight mail (so as to be **received** by such parties) by the Objection Deadline: (1) the Trustee, care of his counsel, Cozen O'Connor, 1201 N. Market St., Ste. 1001, Wilmington, DE 19801, Attn. John T. Carroll, III, Esq. (jcarroll@cozen.com) and Simon Fraser, Esq. (sfraser@cozen.com); (2) MidCap Funding IV Trust, as ABL Agent care of its counsel, Proskauer Rose LLP, One International Place, Boston, MA 02110, Attn: Charles A. Dale, Esq. (cdale@proskauer.com); (3) WSFS Institutional Services as TL Agent, care of its counsel, Wilmer Cutler Pickering Hale and Dorr LLP, 7 World Trade Center, 250 Greenwich Street, New York, NY 10007, Attn: Andrew N. Goldman, Esq. (andrew.goldman@wilmerhale.com) and Nathan J. Moore, Esq. (nathan.moore@wilmerhale.com); (4) Ad Hoc TL Lender Group, care of their counsel, Gibson, Dunn & Crutcher LLP, 200 Park Avenue, New York, NY 10166-0193, Attn: Matt J. Williams, Esq., (mjwilliams@gibsondunn.com) and AnnElyse Scarlett Gains, Esq. (agains@gibsondunn.com); and (5) the Office of the United States Trustee, 844 King Street, Suite 2207, Lockbox 35, Wilmington, DE 19081, Attn: Richard Schepacarter, Esq. (Richard.Schepacarter@usdoj.gov) (collectively, the "Service Parties").

8.      **If you do not file and serve a timely objection to a proposed Cure Amount listed on Exhibit 1 to this Cure Notice pursuant to the instructions set out in this Cure Notice, you shall be forever barred from objecting to such Cure Amount, and you shall be deemed to consent to such Cure Amount.**

9.      The presence of a contract or agreement on Exhibit 1 attached hereto does not constitute an admission that such contract or agreement is an executory contract, and does not constitute a representation that such contract or agreement will be assumed and assigned to any Successful Bidder.  The Trustee reserves all of his rights, claims, and causes of action with respect to the contracts and agreements listed on Exhibit 1 attached hereto.

10.    This Cure Notice is qualified in its entirety by the Bidding Procedures Order.


Dated:   April _ 2023                                COZEN O'CONNOR


By:    /s/
                                                      John T. Carroll, III (DE No. 4060)
                                                      Simon E. Fraser (DE No. 5335)
                                                      1201 N. Market Street
                                                      Suite 1001
                                                      Wilmington, DE  19801
                                                      (302) 295-2000 Phone
                                                      (302) 295-2013 Fax No.
                                                      jcarroll@cozen.com
                                                      sfraser@cozen.com

                                                      *Counsel for the Trustee,*
                                                      *George L. Miller*

Exhibit 1