## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

|  |  |
|---|---|
| In re:<br><br>AKORN HOLDING COMPANY LLC,<br>*et al* [1]<br>Debtors. | Chapter 7<br><br>Case No. 23-10253 (KBO)<br><br>(Jointly Administered)<br><br>**Hearing Date:**   **May 25, 2023 at 9:30 a.m. ET**<br>**Objection Date:**  **May 18, 2023 at 4:00 p.m. ET** |

### TRUSTEE'S APPLICATION TO EMPLOY ARNOLD & PORTER KAYE SCHOLER LLP AS SPECIAL COUNSEL TO THE TRUSTEE AND FOR RELATED RELIEF

George L. Miller, the duly appointed chapter 7 trustee (the "Trustee") for the estates of the above-captioned Debtors (collectively, the "Debtors" or "Estates"), pursuant to sections 105, 327 and 328 of title 11 of the United States Code (the "Bankruptcy Code"), Rule 2014 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Rule 2014-1 of the Local Rules for the United States Bankruptcy Court for the District of Delaware (the "Local Rules"), hereby applies (the "Application") for the entry of an order (i) approving the retention of Arnold & Porter Kaye Scholer LLP ("Arnold & Porter") as special counsel to the Trustee, effective as of February 23, 2023, and (ii) approving the Trustee's compensation arrangement with Arnold & Porter. In support of the Application, the Trustee submits the *Declaration of Howard Sklamberg* (the "Sklamberg Declaration"), attached hereto as **Exhibit A**, and respectfully states as follows:

### JURISDICTION AND VENUE

1.     The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the District

---

[1]     The Debtors in these chapter 7 cases, along with the last four digits of their federal tax identification numbers, and cases numbers are Akorn Holding Company LLC (9190), Case No. 23-10253 (KBO); Akorn Intermediate Company LLC (6123), Case No. 23-10254 (KBO); and Akorn Operating Company LLC (6184), Case No. 23-10255. The Debtors' headquarters is located at 5605 CenterPoint Court, Gurnee, IL 60031.

of Delaware, dated as of February 29, 2012.  This matter is a core proceeding pursuant to 28 U.S.C. § 157(b).

2.      Venue of this proceeding and this Application is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409.

3.      The statutory predicates for the relief sought herein are Sections 327(e) and 328 of the Bankruptcy Code and Bankruptcy Rule 2014.

## BACKGROUND

4.      On February 23, 2023 (the "Petition Date"), each of the affiliated Debtors Akorn Holding Company LLC, Case No. 23-10253; Akorn Intermediate Company LLC, Case No. 23-10254 and Akorn Operating Company, LLC, Case No. 23-10255 (collectively the "Bankruptcy Cases") filed a voluntary petition in the Bankruptcy Court for relief under chapter 7 of the Bankruptcy Code.

5.      On or about the Petition Date, the Office of the United States Trustee appointed George L. Miller as the chapter 7 Trustee to the Estates of each of the Debtors.

6.      On March 20, 2023, this Court entered the *Order Directing Joint Administration and Procedural Consolidation of Cases* [Doc. No. 42], directing procedural consolidation and joint administration of the Bankruptcy Cases.

7.      The Debtors' businesses included developing, manufacturing, and marketing specialty pharmaceuticals, including prescription, consumer health, and animal health products. The Debtors were an industry leader in branded and generic products in alternate dosage forms such as ophthalmics, injectables, oral liquids, topicals, inhalants and nasal sprays.  The Debtors operated at numerous locations in the United States, both owned and leased, and were headquartered in Gurnee, Illinois.

8.      The Debtors' operations in the U.S. have all ceased.  However, their Swiss affiliate, non-Debtor Akorn AG, continues to operate.  Debtor Akorn Operating Company LLC owns 100% of the equity in Akorn International S.á.r.l, a non-debtor based in Luxembourg.  Akorn International S.á.r.l, in turn, owns 100% of the equity in Akorn AG.

9.      Prior to the Petition Date, the Debtors retained Arnold & Porter as their counsel in the ordinary course of business to provide legal services in connection with regulatory and compliance matters for drugs and pharmaceutical products, including, but not limited to, compliance with FDA requirements.  A true and correct copy of the Arnold & Porter engagement letter, dated May 11, 2021, is attached to this Application as **Exhibit B** (the "Engagement Agreement"). The Trustee hereby incorporates the Engagement Agreement by reference. [2]

10.     The Trustee is currently in the process of marketing and selling the assets of the Debtors' Estates. A sale of the Debtors' assets will necessarily involve the disposition of drugs and pharmaceutical products, as well as abbreviated new drug applications (ANDAs), which are subject to FDA and other governmental regulations.  Because Arnold & Porter is already intimately familiar with the Debtors' products and the related regulatory and compliance matters due to the firm's prepetition representation of the Debtors, the Trustee desires to retain Arnold & Porter to assist him with his ongoing sale efforts.

**RELIEF REQUESTED**

11.     Pursuant to sections 105, 327(e) and 328(a) of the Bankruptcy Code, the Trustee requests the entry of an order: (a) authorizing him to employ Arnold & Porter as his special counsel; (b) approving the Compensation Procedures and authorizing the Trustee to take all actions necessary to implement the Compensation Procedures without further order of the Court,

---

[2] In the event of any inconsistency between this Application and the Engagement Agreement, the terms of the Engagement Agreement shall govern.

including, without limitation, by paying Arnold & Porter pursuant to the Compensation Procedures; and (c) granting related relief.

## **APPLICABLE AUTHORITY**

12.    Section 327(e) of the Bankruptcy Code provides that upon Court approval, a trustee may employ an attorney "for a specified purpose"—even where the attorney has previously represented the debtor—if the employment is "in the best interest of the estate, and if such attorney does not represent or hold any interest adverse to the debtor or to the estate with respect to the matter on which such attorney is to be employed." *See* 11 U.S.C. § 327(e).

13.    Section 328(a) of the Bankruptcy Code provides, in pertinent part, that a debtor "with the court's approval, may employ or authorize the employment of a professional person under section 327 or 1103 of this title, as the case may be, on any reasonable terms and conditions of employment..."  Bankruptcy Code section 330 further provides that:

> [a]fter notice to the parties in interest and the United States Trustee and a hearing, and subject to sections 326, 328, and 329, the court may award to a . . . professional person employed under section 327 or 1103 —
>
> (A) reasonable compensation for actual, necessary services rendered by . . . the professional person, or attorney and by any paraprofessional person employed by any such person; and
>
> (B) reimbursement for actual, necessary expenses.

14.    In addition, section 105(a) of the Bankruptcy Code provides that "[t]he court may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of [the Bankruptcy Code]."

## BASIS FOR RELIEF REQUESTED

**A.      Proposed Employment of Arnold & Porter**

15.      The Trustee seeks to employ the law firm of Arnold & Porter as his special counsel to advise him in connection with regulatory and compliance matters relating to drugs and pharmaceutical products. More specifically, the Trustee requires the legal services of Arnold & Porter to assist him with regulatory and compliance matters, including FDA and other governmental regulations, in connection with the disposition of the Debtors' pharmaceutical products and assets.

16.      To that end, Arnold & Porter is well qualified to advise the Trustee. The attorneys at Arnold & Porter have significant experience with compliance issues relating to FDA and other governmental regulations, as well as with business transactions involving FDA-regulated companies.  The firm has also represented and advised the Debtors in the ordinary course of business in connection with regulatory and compliance matters since May 2021. Given Arnold & Porter's expertise and familiarity with the compliance matters for which they were responsible before the Petition Date, the Estates would incur additional and unnecessary expense should the Trustee be required to retain new professionals to replace Arnold & Porter.

17.      Accordingly, the Trustee believes that the employment of Arnold & Porter by the Trustee post-petition is in the best interests of the Debtors, their Estates and creditors, and other parties in interest.

18.      Further, the Trustee is seeking approval of the employment of Arnold & Porter retroactive to the Petition Date.  Given the dangerous nature of the drugs and controlled substances that are part of the Debtors' Estates, there is an emergency need for Arnold & Porter to assist the Trustee in ensuring regulatory compliance due to the potential harm to the public which could be caused by non-compliance with applicable regulations. This retroactive employment would allow

5

Arnold & Porter to be compensated for services provided to the Trustee and the Estates from the Petition Date through the date of an order granting this Application. The Trustee believes that retroactive employment of Arnold & Porter will not prejudice any party in interest, as Arnold & Porter has provided, and continues to provide, valuable services to the Trustee and the Estates during this interim period.

### B. Proposed Compensation of Arnold & Porter

19. Subject to Court approval, the Trustee will compensate Arnold & Porter on an hourly basis for time spent in accordance with the terms and provisions of the Engagement Agreement. In addition, Arnold & Porter will request reimbursement for reasonable and necessary out-of-pocket expenses incurred in connection with its representation of the Trustee.

20. Further, the Trustee requests authority to compensate Arnold & Porter without formal application to the Court and according to the following procedures (the "Compensation Procedures"):

a. Arnold & Porter shall file with the Court a notice of request for compensation (the "Compensation Notice"), approved by the Trustee and supported by a summary billing statement setting forth the time spent in customary six-minute increments, together with a general description of the work performed, as well as the expenses incurred on behalf of the Trustee, and serve the Compensation Notice upon each of the following parties (the "Notice Parties"): (i) the Office of the United States Trustee; (ii) counsel for the Debtors; (iii) the ABL Administrative Agent, (iv) the TL Administrative Agent, (v) known counsel to the ABL Lenders; (vi) known counsel for TL Lenders; and (vii) all parties who have requested notice pursuant to Rule 2002.

b. The Notice Parties shall have ten (10) days from the date of service to object to the Compensation Notice. Any such objection shall be timely filed with the Court and served upon Arnold & Porter, the Trustee and the Notice Parties. If an objection is timely filed and cannot be resolved within fourteen (14) days after service of such objection, then the matter shall be scheduled for hearing before the Court for the next regularly scheduled omnibus hearing or such other date agreed to by Arnold & Porter, the Trustee and the objecting party.

c. If no timely objection is filed and received, or if all timely objections have been withdrawn or otherwise resolved, then the Trustee is authorized to pay Arnold & Porter one hundred percent (100%) of the requested fees and expenses from the Compensation Notice, *provided*, *however*, that the Trustee shall not, unless otherwise authorized by the Bankruptcy Court, pay fees and expenses of Arnold & Porter exceeding $25,000 per month on average over a rolling two-month period (the "Monthly Compensation Cap").

d. If Arnold & Porter's fees and expenses exceed the Monthly Compensation Cap, the firm shall file a fee application (a "Fee Application") on account of the excess amount over the applicable limit and apply for compensation and reimbursement of such amount in compliance with sections 330 and 331 of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, and any applicable orders of the Court.

21. The payment of monthly compensation to Arnold & Porter as provided in the Compensation Procedures is in the best interests of the Debtors, their estates and creditors, and other parties in interest. Approval of the Compensation Procedures will allow the Trustee to avoid incurring additional fees for preparing and prosecuting fee applications for Arnold & Porter. Likewise, the proposed Compensation Procedures will relieve the Court and the US Trustee of the burden of reviewing fee applications involving relatively small amounts of fees and expenses. Accordingly, the Debtors request that the Court dispense with the requirement of formal fee applications for Arnold & Porter subject to the Compensation Procedures outlined above.

22. Arnold & Porter currently holds a retainer of $35,000 (the "Retainer") in connection with its prepetition representation of the Debtors. The Trustee requests that, following the expiration of the objection period, Arnold & Porter be authorized to apply the Retainer to the fees and expenses requested under the Compensation Notices and, upon exhaustion of the Retainer, the Trustee will compensate Arnold & Porter.

23. Arnold & Porter has not shared or agreed to share any compensation to be paid by the Estates with any other person, other than principals and employees of Arnold & Porter, in accordance with section 504 of the Bankruptcy Code.

7

### C.    Arnold & Porter's Holds No Adverse Interest

24.    To the best of the Trustee's knowledge, information, and belief, and based upon the attached Sklamberg Declaration, Arnold & Porter meets the standards to be employed as special counsel to the Trustee under section 327(e) of the Bankruptcy Code. Arnold & Porter does not represent or hold any interest adverse to the Trustee, the Debtors, or the Estates regarding the matters for which Arnold & Porter is to be employed, all as set forth in the Sklamberg Declaration.

### NOTICE

25.    Notice of this Application, together with a copy of this Application, will be given to the Notice Parties.  In light of the nature of the relief requested, the Trustee submits that no further notice need be given.

WHEREFORE, the Trustee respectfully requests that the Court enter an Order in substantially the attached form: (i) granting the relief requested in this Application; (ii) authorizing him to retain Arnold & Porter as his special counsel, effective as of the Petition Date, to perform the legal services set forth in this Application; (iii) approving the Compensation Procedures and authorizing the Trustee to take all actions necessary to implement the Compensation Procedures; and (iv) granting any such further relief as may be appropriate.

LEGAL\62440990\3

Dated: May 3, 2023                        COZEN O'CONNOR


                                          */s/ John T. Carroll, III*
                                          John T. Carroll, III (No. 4060)
                                          Simon E. Fraser (No. 5335)
                                          1201 N. Market St., Ste. 1001
                                          Wilmington, DE  19801
                                          Tel:  (302) 295-2000
                                          jcarroll@cozen.com
                                          sfraser@cozen.com

                                          -and-

                                          Christina M. Sanfelippo
                                          (Admitted in IL and DC/
                                          Not admitted in DE)
                                          123 N. Wacker Dr., Ste. 1800
                                          Chicago, IL 60606
                                          Tel:  (312) 382-3100
                                          csanfelippo@cozen.com

                                          *Counsel for the Trustee,*
                                          *George L. Miller*