IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>AKORN HOLDING COMPANY LLC,<br>*et al* [1]<br><br>　　　　　　Debtors. | Chapter 7<br><br>Case No. 23-10253 (KBO)<br><br>(Jointly Administered)<br><br>**Related Doc. No.:** |

**ORDER GRANTING TRUSTEE'S APPLICATION TO EMPLOY
ARNOLD & PORTER KAYE SCHOLER LLP AS SPECIAL COUNSEL TO
THE TRUSTEE AND FOR RELATED RELIEF**

Upon consideration of the *Trustee's Application to Employ Arnold & Porter Kaye Scholer LLP as Special Counsel to the Trustee and for Related Relief* (the "Application")[2], and pursuant to the Sklamberg Declaration submitted in support of the Application; and the Court being satisfied that Arnold & Porter does not represent or hold any interest adverse to the Trustee, the Debtors, or the Estates regarding the matters for which Arnold & Porter is to be employed; and the Court having found and determined that the relief sought in the Application is in the best interests of the Estates, their creditors and all other parties in interest and that the legal and factual bases set forth in the Application and the Sklamberg Declaration establish just cause for the relief granted herein; and the Court having determined that notice was adequate under the circumstances and that no further notice is necessary; and any objections to the requested relief having been withdrawn or overruled on the merits; and after due deliberation and sufficient cause appearing thereof,

---

[1] The Debtors in these chapter 7 cases, along with the last four digits of their federal tax identification numbers, and cases numbers are Akorn Holding Company LLC (9190), Case No. 23-10253 (KBO); Akorn Intermediate Company LLC (6123), Case No. 23-10254 (KBO); and Akorn Operating Company LLC (6184), Case No. 23-10255. The Debtors' headquarters is located at 5605 CenterPoint Court, Gurnee, IL 60031.

[2] Unless otherwise defined in this Order, capitalized terms shall have the meanings provided in the Application.

**IT IS HEREBY ORDERED THAT**:

1. The Application is granted, as set forth herein.

2. Pursuant to section 327(e) of the Bankruptcy Code, the Trustee is authorized to employ and retain Arnold & Porter as his special counsel, effective as of February 23, 2023, to provide the legal services set forth in the Engagement Agreement.

3. Pursuant to section 328 of the Bankruptcy Code, the Trustee is authorized to compensate Arnold & Porter on an hourly basis for time spent in accordance with the terms and provisions of the Engagement Agreement, and to reimburse reasonable and necessary out-of-pocket expenses incurred by Arnold & Porter in connection with its representation of the Trustee.

4. The Trustee is further authorized to compensate Arnold & Porter according to the following procedures (the "Compensation Procedures"):

   a. Arnold & Porter shall file with the Court a notice of request for compensation (the "Compensation Notice"), approved by the Trustee and supported by a summary billing statement setting forth the time spent in customary six-minute increments, together with a general description of the work performed, as well as the expenses incurred on behalf of the Trustee, and serve the Compensation Notice upon each of the following parties (the "Notice Parties"): (i) the Office of the United States Trustee; (ii) counsel for the Debtors; (iii) the ABL Administrative Agent, (iv) the TL Administrative Agent, (v) known counsel to the ABL Lenders; (vi) known counsel for TL Lenders; and (vii) all parties who have requested notice pursuant to Rule 2002.

   b. The Notice Parties shall have ten (10) days from the date of service to object to the Compensation Notice. Any such objection shall be timely filed with the Court and served upon Arnold & Porter, the Trustee and the Notice Parties. If an objection is timely filed and cannot be resolved within fourteen (14) days after service of such objection, then the matter shall be scheduled for hearing before the Court for the next regularly scheduled omnibus hearing or such other date agreed to by Arnold & Porter, the Trustee and the objecting party.

   c. If no timely objection is filed and received, or if all timely objections have been withdrawn or otherwise resolved, then the Trustee is authorized to pay Arnold & Porter one hundred percent (100%) of the requested fees and expenses from the Compensation Notice, *provided*, *however*, that the

            Trustee shall not, unless otherwise authorized by the Bankruptcy Court, pay fees and expenses of Arnold & Porter exceeding $25,000 per month on average over a rolling two-month period (the "Monthly Compensation Cap").

      d. If Arnold & Porter's fees and expenses exceed the Monthly Compensation Cap, the firm shall file a fee application (a "Fee Application") on account of the excess amount over the applicable limit and apply for compensation and reimbursement of such amount in compliance with sections 330 and 331 of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, and any applicable orders of the Court.

5.    Arnold & Porter shall be excused from the requirement of filing formal fee applications, subject to the Compensation Procedures outlined above.

6.    Following the expiration of the objection period, Arnold & Porter is authorized to apply the prepetition Retainer to the fees and expenses requested under Compensation Notices. Upon exhaustion of the Retainer, the Trustee is authorized to compensate Arnold & Porter.

7.    The Trustee is authorized to take all action necessary to implement this Order.

8.    The Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation, interpretation, and/or enforcement of this Order.

LEGAL\63344430\1