IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 7 |
| AKORN HOLDING COMPANY LLC, *et al* [1] | Case No. 23-10253 (KBO) |
| Debtors. | (Jointly Administered) |
| | Related Doc. No.    **44**, 159 |

**ORDER AUTHORIZING TRUSTEE'S APPLICATION FOR
APPROVAL OF RETENTION OF GREENHILL & CO., LLC
AS INVESTMENT BANKER AND FOR RELATED RELIEF**

Upon consideration of the *Trustee's Application for Approval of Retention of Greenhill & Co., LLC as Investment Banker and for Related Relief* (the "Application");[2] and upon the representations in the Application and the accompanying Augustine Declaration; and the Court having determined that notice was adequate under the circumstances and that no further notice is necessary; and the Court having found and determined that the relief sought in the Application is in the best interests of the Estates, their creditors and all other parties in interest and that the legal and factual bases set forth in the Application and the Augustine Declaration establish just cause for the relief granted herein; and any objections to the requested relief having been withdrawn or overruled on the merits; and the Court being satisfied on the representations made in the Augustine Declaration and the Application that (a) Greenhill does not hold or represent an interest adverse to the Estates, and (b) Greenhill is a "disinterested person" as defined in section 101(14) of the Bankruptcy Code, as required by section 327(a) of the Bankruptcy Code, Bankruptcy Rule 2014,

---

[1] The Debtors in these chapter 7 cases, along with the last four digits of their federal tax identification numbers, and cases numbers are Akorn Holding Company LLC (9190), Case No. 23-10253 (KBO); Akorn Intermediate Company LLC (6123), Case No. 23-10254 (KBO); and Akorn Operating Company LLC (6184), Case No. 23-10255. The Debtors' headquarters is located at 5605 CenterPoint Court, Gurnee, IL 60031.

[2] Unless otherwise defined in this Order, capitalized terms shall have the meanings provided in the Application.

2

and Local Rule 2014-1; and after due deliberation and sufficient cause appearing thereof, it is hereby:

**ORDERED, ADJUDGED AND DECREED THAT**:

1. The Trustee is authorized pursuant to sections 327 and 328(a) of the Bankruptcy Code, Bankruptcy Rule 2014, and Local Rule 2014-1 to employ and retain Greenhill as his investment banker in accordance with the terms and conditions set forth in the Engagement Agreement, effective as of March 10, 2023, and to pay fees and reimburse expenses to Greenhill on the terms and at the times specified in the Engagement Agreement.

2. Greenhill shall file fee applications for monthly, interim and final allowance of compensation and reimbursement of fees and expenses pursuant to the procedures set forth in sections 330 and 331 of the Bankruptcy Code, the Bankruptcy Rules, the Bankruptcy Local Rules, the guidelines established by the Office of the United States Trustee and any other applicable procedures established by the Court; provided however, Greenhill's compensation shall be subject to the standard of review provided in section 328(a) of the Bankruptcy Code and not subject to any other standard of review under section 330 of the Bankruptcy Code.

3. Notwithstanding the preceding paragraph, the U.S. Trustee shall retain the right to object to the compensation and fees and expenses to be paid to Greenhill pursuant to the Application and the Engagement Agreement, including, without limitation, the Monthly Fee, based on the reasonableness standard provided for in section 330 of the Bankruptcy Code, and the Court shall consider any such objection by the U.S. Trustee under section 330 of the Bankruptcy Code; provided, however, that "reasonableness" shall be evaluated by comparing (among other things) the fees payable in these Chapter 7 Cases to fees paid to comparable investment banking firms with similar experience and reputation offering comparable services in other chapter 7 cases and

shall not be evaluated primarily on an hourly or length-of-case based criteria. This Order and the record relating to the Court's consideration of the Application shall not prejudice or otherwise affect the rights of the U.S. Trustee to challenge the reasonableness of Greenhill's fees under the standard set forth in the preceding sentence. Accordingly, nothing in this Order or the record shall constitute a finding of fact or conclusion of law binding the U.S. Trustee, on appeal or otherwise, with respect to the reasonableness of Greenhill's fees. Furthermore, nothing in the Engagement Agreement shall affect or modify the standard of review applicable to an objection by the U.S. Trustee under this paragraph.

4. Greenhill shall include in its monthly, interim, and final fee applications, among other things, time records setting forth, in a summary format, a description of the services rendered by each professional and the amount of time spent on each date by each such individual in rendering services on behalf of the Trustee in half-hour increments, but Greenhill shall be excused from keeping time in tenth-hour increments.

5. The indemnification provisions included in the Engagement Agreement are approved, subject to the following:

(a) No Indemnified Party (as that term is defined in the Engagement Agreement) shall be entitled to indemnification, contribution, or reimbursement pursuant to the Engagement Agreement for services, unless such services and the indemnification, contribution or reimbursement therefore are approved by this Court.

(b) The Debtors' Estates shall have no obligation to indemnify any Indemnified Party, or provide contribution or reimbursement to any Indemnified Party, for any claim or expense to the extent it is either: (i) judicially determined (the determination having become final and no longer subject to appeal) to have arisen from the Indemnified Party's gross negligence, willful

3

misconduct or bad faith; (ii) for a contractual dispute in which the Debtors allege breach of an Indemnified Party's contractual obligations, unless this Court determines that indemnification, contribution or reimbursement would be permissible pursuant to *In re United Artists Theatre Company,* 315 F.3d 217 (3d Cir. 2003); or (iii) settled prior to a judicial determination as to the exclusions set forth in clauses (i) and (ii) above, but determined by this Court, after notice and a hearing pursuant to subparagraph (c) hereof to be a claim or expense for which the Indemnified Party should not receive indemnity, contribution or reimbursement under the terms of the Agreement, as modified by this Order.

(c) If, before the entry of an order closing the Chapter 7 Cases, an Indemnified Party believes that it is entitled to the payment of any amounts by the Debtors' Estates on account of the Debtors' indemnification, contribution and/or reimbursement obligations under the Engagement Agreement (as modified by this Order), including without limitation, the advancement of defense costs, the Indemnified Party must file an application therefor in this Court, and the Debtors' Estates may not pay any such amounts to the Indemnified Party before the entry of an order by this Court approving the payment. This subparagraph (c) is intended only to specify the period of time under which this Court shall have jurisdiction over any request for fees and expenses by any Indemnified Party for indemnification, contribution and/or reimbursement, and not a provision limiting the duration of the Debtors' Estates' obligation to indemnify, or make contributions or reimbursements to, the Indemnified Party.

6. In the event that, during the pendency of these cases, Greenhill seeks reimbursement for any attorneys' fees and/or expenses, the invoices and supporting time records from such attorneys, appropriately redacted to preserve applicable privileges, shall be included in Greenhill's fee applications and such invoices and time records shall be in compliance with the

Local Rules, and shall be subject to the U.S. Trustee Guidelines and approval of the Court under the standards of Bankruptcy Code sections 330 and 331, without regard to whether such attorney has been retained under Bankruptcy Code section 328; provided, however, that Greenhill shall not seek reimbursement from the Debtors' Estates for any attorney's fees incurred in defending against objections to any of Greenhill's fee applications filed in these bankruptcy cases.

7. Further, notwithstanding any provision to the contrary in the Engagement Agreement, Greenhill shall be deemed to have waived, and shall not raise or assert any defense, based upon jurisdiction, venue, abstention or otherwise to the jurisdiction and venue of this Court or (if the reference is withdrawn) the District Court for the District of Delaware to hear or determine any controversy or claims with respect to, in connection with, arising out of, or in any way related to Greenhill's engagement in this case.

8. Notwithstanding any applicability of Bankruptcy Rule 6004(h), the terms and conditions of this Order shall be immediately effective and enforceable upon its entry. For the avoidance of doubt, the effective date of this Order shall not in any way modify the Compensation to which Greenhill is entitled nor shall the effective date of this Order modify the effective date of the Engagement Agreement between Greenhill and the Trustee (Mr. George Miller), such date being March 10, 2023.

9. To the extent that there may be any inconsistency between the terms of the Application, the Augustine Declaration, the Engagement Agreement, and this Order, the terms of this Order shall govern.

10. Greenhill's Monthly Fee shall be prorated for any month in which Greenhill is not employed for each day of the month.

LEGAL\62205607\4 6010823\00574256

11. No agreement or understanding exists between Greenhill and any other person, other than as permitted by Bankruptcy Code section 504, to share compensation received for services rendered in connection with these cases, nor shall Greenhill share or agree to share compensation received for services rendered in connection with these cases with any other person other than as permitted by Bankruptcy Code section 504.

12. Notwithstanding anything in the Application to the contrary, Greenhill shall (i) to the extent that Greenhill uses the services of independent contractors or subcontractors (collectively, the "Contractors") in these cases, pass through the cost of such Contractors at the same rate that Greenhill pays the Contractors; (ii) seek reimbursement for actual costs only; (iii) ensure that the Contractors are subject to the same conflicts checks as required for Greenhill; and (iv) file with this Court such disclosures required by Bankruptcy Rule 2014.

13. Notwithstanding anything in the Engagement Agreement to the contrary, the Bankruptcy Court shall retain jurisdiction over any and all matters arising under or in connection with Greenhill's engagement by the Trustee and the Engagement Agreement, including the Indemnification Provisions.

14. Notwithstanding the foregoing, the Trustee on a monthly basis is authorized to pay Greenhill's reasonable and documented expenses incurred in connection with the performance of this engagement subject to a maximum total aggregate of expense reimbursement of $75,000.00 for the entire engagement (the "Expense Cap").

15. The requirements of the Bankruptcy Code, the Bankruptcy Rules, and Local Bankruptcy Rule 2016-2 are hereby modified such that Greenhill's restructuring professionals who provide services to the Trustee (with the exception of personnel in administrative departments, including legal, who shall not be required to keep time records) shall only be required to maintain

summary time records in half-hour increments and shall not be required to conform to any schedules of hourly rates.

16. The Trustee is authorized to take all action necessary to implement this Order.

17. The Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation, interpretation, and/or enforcement of this Order.

Dated: May 9th, 2023
Wilmington, Delaware

**KAREN B. OWENS**
**UNITED STATES BANKRUPTCY JUDGE**

LEGAL\62205607\4 6010823/00574256