# Exhibit B

**Blackline**

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

|  |  |
|---|---|
| In re:<br><br>AKORN HOLDING COMPANY LLC, *et al.*,[1]<br><br>Debtor. | Chapter 7<br><br>Case No. 23-10253 (KBO)<br><br>(Jointly Administered)<br><br>**Ref. Docket No. —133** |

**ORDER AUTHORING THE RETENTION AND EMPLOYMENT OF KURTZMAN CARSON CONSULTANTS LLC AS ADMINISTRATIVE ADVISOR, EFFECTIVE AS OF THE PETITION DATE**

Upon the application (the "Application")[2] of the above-captioned debtors (collectively, the "Debtors") for entry of an order (this "Order") for authority to employ and retain Kurtzman Carson Consultants LLC ("KCC") as its Administrative Advisor in the Debtors' chapter 7 cases, effective as of the Petition Date, as more fully described in the Application; and upon the First Day Declaration; and this Court having jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference from the United States District Court for the District of Delaware*, dated February 29, 2012; and that this Court may enter a final order consistent with Article III of the United States Constitution; and this Court having found that venue of this proceeding and the Application in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and this Court having found that the relief requested in the Application is in the best interests of the Debtors' estates, their creditors, and other parties in interest; and this Court having found that the Debtors' notice of the Application and opportunity for a hearing on the Application were appropriate under the circumstances and no other notice need be provided; and this Court having

---

[1] The Debtors in these chapter 7 cases, along with the last four digits of their federal tax identification numbers, are Akorn Holding Company LLC (9190), Akorn Intermediate Company LLC (6123), and Akorn Operating Company LLC (6184).   The Debtors' headquarters is located at 5605 CenterPoint Court, Gurnee, IL 60031.

[2] All capitalized terms not otherwise defined herein shall have the meanings ascribed to them in the Application.

reviewed the Application and having heard the statements in support of the relief requested therein at a hearing before this Court (the "Hearing"); and this Court having determined that the legal and factual bases set forth in the Application and at the Hearing establish just cause for the relief granted herein; and upon all of the proceedings had before this Court; and after due deliberation and sufficient cause appearing therefor, it is HEREBY ORDERED THAT:

1. The relief requested in the Application is hereby granted as set forth herein.

2. The Debtors are authorized under section 327(a) of the Bankruptcy Code to employ and retain KCC as their Administrative Advisor in accordance with the terms set forth in the Application and the Services Agreement effective as of the Petition Date. Notwithstanding the terms of the Services Agreement, attached hereto as **Exhibit 1**, the Application is approved solely as set forth in this Order.

3. KCC is authorized to perform the Administrative Services described in the Application and set forth in the Application and the Services Agreement, and to take such other action to comply with all duties set forth in the Application and the Services Agreement.

4. KCC shall apply to the Court for allowance of compensation and reimbursement of expenses incurred after the Petition Date in accordance with the applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules and any orders entered in the chapter 7 cases regarding professional compensation and reimbursement of expenses.

5. KCC shall apply its retainer to all pre and postpetition invoices.

6. The Debtors shall indemnify KCC under the terms of the Services Agreement, as modified pursuant to this Order.

7. KCC shall not be entitled to indemnification, contribution, or reimbursement pursuant to the Services Agreement for services other than the services provided under the Services

Agreement unless such services and the indemnification, contribution, or reimbursement therefor are approved by the Court.

8. Notwithstanding anything to the contrary in the Services Agreement, the Debtors shall have no obligation to indemnify KCC, or provide contribution or reimbursement to KCC, for any losses, claims, damages, judgments, liabilities or expense that are either: (a) judicially determined (the determination having become final) to have arisen from KCC's gross negligence, willful misconduct, or fraud; (b) for a contractual dispute in which the Debtors allege the breach of KCC's contractual obligations, if the Court determines that indemnification, contribution or reimbursement would not be permissible pursuant to *United Artists Theatre Co. v. Walton (In re United Artists Theatre Co.)*, 315 F.3d 217 (3d Cir. 2003); or (c) settled prior to a judicial determination under (a) or (b), but determined by this Court, after notice and a hearing, to be a claim or expense for which KCC should not receive indemnity, contribution, or reimbursement under the terms of the Services Agreement as modified by this Order.

9. Before the entry of an order closing these Chapter 7 Cases, should KCC believe that it is entitled to the payment of any amounts by the Debtors on account of the Debtors' indemnification, contribution, or reimbursement obligations under the Services Agreement (as modified by this Order), including, without limitation, the advancement of defense costs, KCC must file an application in this Court, and the Debtors may not pay any such amounts to KCC before the entry of an order by this Court approving such application and the payment requested therein. This paragraph is intended only to specify the period of time under which this Court shall have jurisdiction over any request for fees and expenses by KCC for indemnification, contribution, or reimbursement, and not a provision limiting the duration of the Debtors' obligation to indemnify KCC. All parties in interest shall retain the right to object to any demand by KCC for indemnification, contribution or reimbursement.

10. The Debtors and KCC are authorized to take all steps necessary or appropriate to carry out this Order.

11. In the event of any inconsistency between the Services Agreement, the Application, and this Order, the terms of this Order shall govern.

0. Notwithstanding any provision in the Services Agreement to the contrary, during these Chapter 7 Cases, KCC's liability will not be limited to the amount paid by or billed to the Debtors.

1. ~~12.~~ Notice of the Application as provided therein shall be deemed good and sufficient notice of such Application and the requirements of Bankruptcy Rule 6004(a) and the Local Rules are satisfied by such notice.

2. ~~13.~~ Notwithstanding any term in the Services Agreement to the contrary, this Court shall retain exclusive jurisdiction to hear and determine all matters arising from or related to the implementation, interpretation, or enforcement of this Order.