**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

|  |  |
|---|---|
| In re: | **Chapter 7** |
| **AKORN HOLDING COMPANY LLC et. al.,** | **Case No. 23-10253 (KBO)** |
| Debtors. | **(Jointly Administered)** |
| | **Hearing Date: May19, 2022 at 10:00 AM**<br>**Objection Date: May 16, 2024** |
| | **Docket Nos. 106 and 146** |

### ORACLE'S RIGHTS RESERVATION REGARDING THE TRUSTEE'S
### SALE MOTION AND ASSUMPTION NOTICE ("<u>RIGHTS RESERVATION</u>")

Oracle America, Inc., successor in interest to JD Edwards, Inc. ("<u>Oracle</u>"), a creditor and contract counter-party in the above-captioned Chapter 7 cases, submits this Rights Reservation in response to: (1) *Trustee's Motion for Entry of (I) An Order (A) Approving Bidding Procedures in Connection With Sale of Substantially All of the Estates' Assets, (B) Scheduling an Auction and Hearing to Consider the Proposed Sale, and (C) Approving the Form and Manner of Notice Thereof; and (II) An Order (A) Approving the Sale, (B) Authorizing the Assumption and Assignment of Executory Contracts and Unexpired Leases, and (C) Granting Certain Related Relief* ("<u>Sale Motion</u>") [Dkt. No. 106] and (2) *Notice of Executory Contracts and Unexpired Leases That May Be Assumed and Assigned, Pursuant to Section 365 of the Bankruptcy Code, in Connection with the Sale of Substantially all of the Debtors' Assets, and the Proposed Cure Amounts* ("<u>Assumption Notice</u>") [Dkt. No. 146], filed by George L. Miller, in his capacity as the Chapter 7 Trustee ("<u>Trustee</u>") for Akorn Holding Company LLC, *et al.* ("<u>Debtors</u>").

## I.    <u>INTRODUCTION</u>

1.      There are numerous active agreements between Oracle and the Debtors for both Oracle and JD Edwards products and services.

2.      By the Sale Motion, the Trustee seeks Bankruptcy Court authority to, among other things, sell some or substantially all of the Debtors' assets, and to assume and assign certain executory contracts.

3.      Although the Trustee has not, at this time, specifically identified any such Oracle agreement for assumption and assignment, the Trustee has identified an *Engagement Letter for Application Managements Services* between Akorn Operating Company and Deloitte Consulting LLP, for the use of certain Oracle/JD Edwards services.

4.      Oracle therefore files this Rights Reservation to ensure its contracts are not being transferred without its consent.

5.      Oracle's agreements are, or pertain to, licenses of intellectual property that are not assignable absent Oracle's consent, pursuant to both the underlying license agreements and applicable law.

6.      Oracle will not consent to any assumption and assignment of its agreements if the Debtors do not first cure all defaults and provide Oracle with adequate assurance regarding any purchaser's ability to perform under the terms of Oracle's contracts.

7.      Oracle files this Rights Reservation in the event any Oracle agreement is identified for assumption and assignment, or is otherwise impacted by the as-yet unfiled Asset Purchase Agreements ("APA") between the Debtors and the purchaser(s).[1]

8.      Accordingly, Oracle requests that the Court deny any request by the Debtors for authority to assume and assign, or transfer, any Oracle agreement in the absence of Oracle's consent.

---

[1] Oracle also reserves all rights to the extent that any APA or related agreement contemplates the transfer of any Oracle agreement or unauthorized shared use of Oracle product, for example for any transitional period.

## II.    FACTUAL BACKGROUND

9.      The Debtors filed the above-captioned case on February 23, 2023 ("Petition Date") and the Trustee was appointed thereafter.

10.      Oracle is a licensor of computer software and provides software related products, technical support, maintenance, educational materials, and programs, as well as cloud-based services, which Oracle often customizes to meet the customer's specific needs.

11.      Prior to the Petition Date, Oracle and the Debtors entered into multiple Ordering Documents and several Oracle License and Services Agreements for certain Oracle and JD Edwards EnterpriseOne products and related services (collectively, the "Oracle Agreements").

12.      The Trustee filed the Sale Motion on April 20, 2023. Pursuant to the Sale Motion, the Trustee seeks approval to sell some or substantially all of the Debtors' assets to one or more purchasers.  No stalking bidder has been identified.

13.      On April 28, 2023, the Court entered an Order [Dkt. No. 137] ("Order") approving certain bid procedures. Pursuant to the Order, an auction was scheduled for May 10th, 11th, and 12th.

14.      As of the filing of this Rights Reservation, no successful bidder has been identified and no APA between the Trustee and any proposed purchaser(s) has been filed with the Court.

15.      Oracle is therefore unable to determine whether (and if so, how) its rights may be affected by the sale or any APA or related agreement entered into between the Trustee and the purchaser(s). Oracle accordingly reserves all rights to object to the APA between the Trustee and the ultimate purchaser(s).

16.      On May 1, 2023, the Trustee filed the Assumption Notice. Although no Oracle agreements are identified by the Assumption Notice, it does identify an *Engagement Letter for*

*Application Management Services for Oracle JD Edwards* between Deloitte Consulting LLP and Akorn Operating Company.

## III. <u>ARGUMENT</u>

### A. The Debtors May Not Assume And Assign Oracle's Agreements Absent Oracle's Consent Because They Pertain To Licenses Of Intellectual Property.

17. Section 365(c) of the Bankruptcy Code provides, in relevant part:

> The trustee may not assume or assign any executory contract ... of the debtor ... if (1)(A) applicable law excuses a party, other than the debtor, to such contract or lease from accepting performance from or rendering performance to an entity other than the debtor ..., whether or not such contract or lease prohibits or restricts assignment of rights or delegation of duties; and (B) such party does not consent to such assumption or assignment.

18. Federal law makes non-exclusive patent licenses non-assignable absent consent of the licensor. *See In re Catapult Entertainment, Inc.*, 165 F.3d 747 (9th Cir. 1999), *cert. dismissed*, 528 U.S. 924 (1999) (patent law renders non-exclusive patent licenses personal and non-assignable under Bankruptcy Code § 365(c)(1)); *In re Sunterra Corp.*, 361 F.3d 257, 271 (4th Cir. 2004) (holding that a debtor was statutorily barred by § 365(c)(1) from assuming a computer software license where contract counterparty did not consent to the assumption); *In re: West Elec., Inc.) 852 F. 2d 79 (3d Cir. 1988)* (holding that the "provision limiting assumption of contracts is applicable to any contract subject to a legal prohibition against assignment.")*, In re Trump Entm't Resorts, Inc.*, 526 B.R. 116, 126 (Bankr. D. Del. 2015) ("Non-exclusive patent and copyright licenses create only personal and not property rights in the licensed intellectual property and so are not assignable."); *In re Rupari Holding Corp.*, 573 B.R. 111, 119 (Bankr. D. Del. 2017) (holding that the debtor could not assume and assign a trademark license without the consent of the non-debtor licensor).

19.     The Oracle Agreements are, or pertain to, a non-exclusive license of copyrighted software.  Therefore, pursuant to Bankruptcy Code section 365, the Trustee may not assume and assign the Oracle Agreements without Oracle's consent.

20.     For the reasons discussed herein, Oracle does not consent to any proposed assumption and assignment at this time.

**B.     The Trustee Has Not Adequately Identified Any Oracle Agreement
To Assume and Assign.**

21.     At this time, the Trustee has not specifically identified any Oracle agreement for assumption and assignment and the Trustee has only identified an agreement with Deloitte Consulting LLP for what appears to be the use of certain Oracle services.

22.     In addition, no APA has been filed. Therefore, Oracle cannot evaluate how the Sale Motion affects Oracle.

23.     To the extent the Trustee ultimately seeks to assume and assign Oracle's agreements, Oracle requests that the Trustee provide a specific contract (a) name; (b) identification number; (c) date; (d) whether the targeted contract pertains to support or support renewals; and (e) the governing license agreement for each contract.

24.     This information will enable Oracle to evaluate whether each agreement is assignable, whether it is supported, expired or in default, and, if so, the appropriate cure amount.

25.     Additionally, this information will allow Oracle to assess whether Oracle may accept performance from an entity other than the Debtors.

26.     Oracle reserves its right to be heard on this issue until after the Trustee identifies any Oracle contract for assumption and assignment with greater specificity.

### C. To The Extent the Trustee Seeks To Assume And Assign The Oracle Agreements, An Adequate Cure Amount and Adequate Assurance Of Future Performance By The Purchaser(s) Must Be Provided.

27.     If one object of the Sale Motion is to authorize the Trustee to assume and assign the Oracle Agreements, the Trustee cannot accomplish this unless all defaults are cured and adequate assurance of future performance by the purchaser(s) is provided.

28.     Before assuming and assigning any executory contract, the Trustee must cure any default. 11 U.S.C. § 365(b)(1)(A). At present, Oracle has no assurance that the Trustee or the purchaser(s) intend to pay the required cure amounts.

29.     Oracle reserves its right to object to the cure amount in the event the Trustee ultimately seeks to assume and assign, or transfer, the Oracle Agreements.

30.     Before assuming and assigning any executory contract, the Trustee must provide adequate assurance of future performance. 11 U.S.C. § 365(b)(1)(C).

31.     In the event the Trustee intends to assume and assign any Oracle agreement, Oracle requests that the Trustee provide the following information about the relevant purchaser(s): (a) financial bona fides; (b) confirmation that the purchaser(s) is not an Oracle competitor; and (c) confirmation that the purchaser(s) will (i) execute an Oracle Assignment Agreement and related documentation which identifies <u>all</u> of the Oracle executory contracts to be assigned, and (ii) if appropriate, enter into an Oracle Master Licensing Agreement.

32.     Absent these assurances, Oracle cannot determine the purchaser(s)' creditworthiness, suitability as an Oracle customer, or ability to adequately perform under the terms of the Oracle Agreements.

33.     Until the information described above is provided, the Trustee has not complied with the requirements of section 365(b)(1).

**IV.** **CONCLUSION**

34. For the foregoing reasons, Oracle respectfully requests that any request by the Trustee for authority to assume and assign, or transfer any Oracle agreement in the absence of Oracle's consent be denied.

Dated: May 16, 2023
Wilmington, Delaware

**MARGOLIS EDELSTEIN**

By:        /s/ James E. Huggett        
    James E. Huggett, Esq. (#3956)
300 Delaware Avenue, Suite 800
Wilmington, Delaware 19801
Telephone: (302) 888-1112
E-mail: jhuggett@margolisedelstein.com

Amish R. Doshi, Esq.
**DOSHI LEGAL GROUP, P.C.**
1979 Marcus Avenue, Suite 210E
Lake Success, NY 11042
Tel: (516) 622-2335
E-Mail: amish@doshilegal.com

Shawn M. Christianson, Esq.
Valerie Bantner Peo, Esq.
**BUCHALTER, A PROFESSIONAL CORPORATION**
425 Market Street, Suite 2900
San Francisco, California 94105-2491
Tel: (415) 227-0900

Peggy Bruggman, Esq.
Benjamin Wheeler, Esq.
**ORACLE AMERICA, INC.**
500 Oracle Parkway
Redwood City, California 94065

**Attorneys for Oracle America, Inc.**