IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | ) Chapter 7 |
| | ) |
| AKORN HOLDING COMPANY LLC, et al,.[1] | ) Case No. 23-10253 (KBO) |
| | ) |
| Debtors. | ) (Jointly Administered) |
| | ) |
| | ) **Related Doc. Nos. 106, 137, 145, and 146** |
| | ) |

### OBJECTION OF CREDITOR HENDERSON CONSTRUCTORS, INC. TO DEBTORS' PROPOSED CURE AMOUNT AND TO ASSUMPTION AND ASSIGNMENT OF SUPERSEDED PROPOSAL

Creditor Henderson Constructors, Inc. ("Henderson"), by its undersigned attorneys, hereby submits this Objection (the "Objection") to the *Notice of Executory Contracts and Unexpired Leases that May Be Assumed and Assigned, Pursuant to Section 365 of the* the MSA is attached hereto as Exhibit A.

1. Henderson prepared and presented its initial GMP Proposal from Henderson Constructors, Inc. to Akorn Pharmaceuticals, dated March 31, 2021 ("First GMP Proposal") for preconstruction services. After the MSA was accepted and prior to actual construction, Henderson prepared and presented its GMP Proposal from Henderson Constructors, Inc. to Akorn Pharmaceuticals, dated June 17, 2021 (the "Second GMP Proposal") to replace the First GMP proposal. A copy of the Second GMP Proposal is attached hereto as Exhibit B. It was accepted by Akorn and a Purchase Order issued. *See* attached Exhibit C.

2. Thus, the First GMP Proposal has been superseded and replaced by the Second GMP Proposal and the First GMP Proposal cannot be assumed. Nonetheless, Debtors identified the First GMP Proposal as an executory contract that may be assumed, and **Henderson objects**

---

[1] The Debtors in these chapter 7 cases, along with the last four digits of their federal tax identification numbers, and cases numbers are Akorn Holding Company LLC (9190), Case No. 23-10253 (KBO); Akorn Intermediate Company LLC (6123), Case No. 23-10254 (KBO); and Akorn Operating Company LLC (6184), Case No. 23-10255. The Debtors' headquarters is located at 5605 CenterPoint Court, Gurnee, IL 60031.

1

**to the assumption and assignment of the First GMP Proposal, as it has been superseded and replaced by the Second GMP Proposal**.

3. Pursuant to the MSA and Second GMP Proposal, and subject to numerous change orders and purchase orders (collectively, the "Agreement"), Henderson, agreed to a construction project with Akorn, primarily related to construction and rehabilitation of the Compounding Room located at 26 Edison Street, Amityville, NY 11701 also known as 225 Dixon Avenue, Amityville, NY 11701 ("26 Edison"). The project later was expanded to include certain electrical work, including installation of a new generator and ancillary equipment on the connected property known as 369 Bayview Avenue, Amityville, NY 11701 ("369 Bayview"), necessary to facilitate the work at 26 Edison. From time to time, the Agreement was supplemented with change orders and purchase orders. See Exhibit D.

4. On February 22, 2023, (the "Petition Date") Akorn, together with related entities Akorn Holding Company, LLC and Akorn Intermediate Company, LLC, filed voluntary petitions for relief under Chapter 7 of the Bankruptcy Code. George L. Miller has been appointed as Trustee (the "Trustee") of the Debtors' Chapter 7 bankruptcy estates.

5. On April 28, 2023, the Court entered an *Order Granting Trustee's Motion for Entry of an Order (A) Approving Bidding Procedures In Connection with Sale of Substantially All of the Estates' Assets, (B) Scheduling an Auction and Hearing To Consider the Proposed Sale (C) Approving the Form and Manner of Notice Thereof, and (D) Granting* Certain *Related Relief* [D.I. 137] which, among other things, establishes bidding procedures which govern the manner in which all or substantially all of the assets of the Debtors are to be sold.

6. On May 1, 2023, the Trustee filed the Cure Notice.

7.  Attached as Exhibit 1 to the Cure Notice is a list of the executory contracts and unexpired leases that may be assumed and assigned to a potential purchaser in connection with the Trustee's sale of the Debtors' assets, and the proposed cure amounts to cure any and all defaults associated with each of the executory contracts and unexpired leases.

8.  Exhibit 1 to the Cure Notice lists a proposed cure amount of **$1,569,129.20** for the MSA and a proposed cure amount of **$1,569,129.20** for the First GMP Proposal. See Page 8 of 21 of Exhibit 1 to the Cure Notice.

9.  Henderson objects to the proposed cure amount for Henderson, because the total amount owed to Henderson is **$2,178,962.06**.[2]

10. Furthermore, Henderson reserves its rights under the MSA to charge for costs associated with re-mobilization, should the Agreement be assumed and assigned.

11. Moreover, Henderson has perfected mechanic's liens for non-payment, in the total amount of $2,178,962.06,[3] same as the proper cure amount. In furtherance, thereof, Henderson perfected its liens and indeed filed notices of perfection of lien. *See* Docket Nos. 183, 184.

12. Pursuant to Section 365(b)(1)(A) of the Bankruptcy Code, the Trustee may not assume the Agreement unless the Trustee cures Akorn's default under the Agreement (or provides adequate assurance that he will promptly cure such default), i.e., Akorn's failure to pay Henderson the $2,178,962.06 owed for construction services.

---

[2] *See* Attached hereto as Exhibit E are unpaid invoices prepared by Henderson for work performed prior to the Bankruptcy filings, pursuant to the Agreement. Henderson's last day of work was February 15, 2023.

[3] The lien on 369 Bayview is in the amount $180,000.00 and the lien on 26 Edison is in the amount $1,998,962.06, exclusive of accruing interest and other charges. In New York, a mechanic's lien relates back to the date of the underlying debt's creation. *See* NY Lien L. § 13(5). Accordingly, bankruptcy courts applying New York law have held that the filing of a mechanic's lien is not barred by the automatic stay. *See In re LoPriore,* 115 B.R. 462, 463 (Bankr. S.D.N.Y. 1990); *Matter of Fiorillo & Co.,* 19 B.R. 21 (Bankr. S.D.N.Y. 1982).

WHEREFORE, Henderson respectfully requests the Court deny the Trustee's request to establish the cure amount for the MSA and Second GMP Proposal (as opposed to the incorrectly identified First GMP Proposal) as $1,569,129.20, and to instead establish the cure amount as $2,178,962.06.

DATED: May 16, 2023                    BY:   /s/ James Tobia
                                                           James Tobia (#3798)
*The Law Office of James Tobia, LLC*
1716 Wawaset Street
Wilmington, DE  19806
(302) 655-5303
*Attorney for Henderson Constructors, Inc.*