# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>AKORN HOLDING COMPANY LLC, *et al*.<br><br>Debtors.[1] | Chapter 7<br><br>Case No. 23-10253 (KBO)<br><br>(Jointly Administered)<br><br>Objection Deadline: May 16, 2023<br>Hearing Date: May 19, 2023 at 10:00 a.m.<br><br>Related Docket No.: 106 |

### RESERVATION OF RIGHTS AND CONDITIONAL OBJECTION OF CHICAGO INFILL INDUSTRIAL PROPERTIES LP AND WESTMOUNT REALTY CAPITAL, LLC TO TRUSTEE'S MOTION TO SELL SUBSTANTIALLY ALL OF THE DEBTORS' ASSETS

Chicago Infill Industrial Properties LP ("Chicago Infill") and their duly authorized agent and property manager, Westmount Realty Capital, LLC ("Westmount", and together with Chicago Infill, "Landlord") hereby file their Reservation of Rights and Conditional Objection (the "ROR and Objection") to the Chapter 7 Trustee's pending motion to sell substantially all of the Debtors' assets (the "Sale Motion") [Dkt. No. 106]. In support thereof, Landlord states as follows:

1. Chicago Infill is the respective owner and Westmount is the property manager for the office building located at 50 Lakeview Parkway, Vernon Hills, Illinois 60061 (the "Premises").

2. The Akorn Debtors currently lease space at the Premises pursuant to four (4) unexpired leases (as may have been amended from time to time, the "Leases").[2]

---

[1] The Debtors in these chapter 7 cases, along with the last four digits of their federal tax identification numbers, are Akorn Holding Company LLC (9190); Akorn Intermediate Company LLC (6123); and Akorn Operating Company LLC (6184). The Debtors' headquarters was located at 5605 CenterPoint Court, Gurnee, IL 60031.

[2] Copies of the Leases previously have been provided to counsel for the Trustee.

3. Pursuant to the Leases, the Debtors lease a combined approximately 28,000 square feet at the Premises. Landlord understands that roughly half of such leased space was used by the Debtors for office space and the other half was utilized for lab space.

4. Landlord has received postpetition Lease payments for the months of March and April 2023. But upon information and belief, Landlord has not received Lease payments for May 2023.

5. Copies of the May 2023 lease statements are attached hereto as **Exhibit 1**. Upon information and belief, payments for May 2023 Lease charges are overdue and outstanding pursuant to the terms of the respective Leases and the provisions of Bankruptcy Code section 365(d)(3).

6. Upon information and belief, various office furniture, lab equipment, office supplies, and related items of personal property belonging to the Debtors remains at the Premises and presumably could be subject to potential sale under the Trustee's pending Sale Motion.

7. On April 28, 2023, this Court entered an order approving certain bid procedures in connection with the pending Sale Motion. [Dkt. No. 137.] Under those approved procedures, an auction was to be held May 10, 11, and 12, as necessary. Notice(s) of successful bids were to be filed promptly following the conclusion of any auction. (*See* approved Bidding Procedures, page 7, section M, ¶7.)

8. Thus far, no notice of any successful bid(s) has been filed. Landlord therefore presently is not aware of any actual, specific concerns it may have in connection with any terms or provisions contained in any proposed winning bids.[3]

---

[3] Based on prior communications with counsel for the Trustee, Landlord does not believe any of the Leases will be included as part of the assets purchased or otherwise sought to be assumed and assigned under the terms of any proposed winning bids resulting from the Auction.

9. Landlord therefore reserves all rights and remedies under the Bankruptcy Code and under the terms and provisions of its Leases, including with respect to any plans on the part of the Trustee or any proposed buyer to enter the Premises and remove any of the Debtors' personal property or to potentially remove any of Landlord's property and/or fixtures located therein. (*See e.g.* Lease, §§ 3.6, 6.3, 9.1, Article 12.)

10. At minimum, sufficient advance and proper notice must be provided to Landlord of any planned removal of assets, and the specifics thereof. And, satisfactory provision must be made so that the Premises, the property of other tenants located at the Premises, and any property of Landlord are fully protected and insured against any risks or damage that may be caused by or as a result of any such planned removal efforts.

11. Landlord reserves all rights to supplement this ROR and Objection and/or to raise (at or before any sale hearing) such other and further objections or arguments as deemed necessary or appropriate in response to any proposed asset purchase agreement or any proposed sale order.

12. Landlord hereby joins in and asserts any other objections filed by other landlords or parties in interest, to the extent such objections are not inconsistent with the relief sought herein.

*[Remainder of Page Intentionally Left Blank]*

WHEREFORE, to the extent the Court is inclined to enter an order(s) approving the Sale Motion, Landlord respectfully requests that any such order be consistent with the above and with all of Landlord's rights and remedies under the Leases and the Bankruptcy Code.

| | |
|---|---|
| Dated: May 16, 2023<br>Wilmington, Delaware | **ASHBY & GEDDES, P.A.**<br><br>*/s/ Michael D. DeBaecke*<br>Michael D. DeBaecke (No. 3186)<br>500 Delaware Avenue, 8th Floor<br>Wilmington, DE 19801<br>Tel: (302) 654-1888<br>Email: mdebaecke@ashbygeddes.com<br><br>*Counsel for Chicago Infill Industrial Properties LP and their duly authorized agent and property manager, Westmount Realty Capital, LLC* |