# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 7 |
| | Case No. 23-10253 (KBO) |
| AKORN HOLDING COMPANY LLC, *et al.*, | Objection Deadline: May 16, 2023 |
| | Hearing Date: May 19, 2023 at 10:00 a.m. (ET) |
| Debtors. | Ref. Doc. Nos 106 & 146 |

### OBJECTION OF SOFGEN PHARMACEUTICALS LLC
### TO PROPOSED CURE AMOUNTS AND ASSIGNABILITY OF CONTRACT

Sofgen Pharmaceuticals LLC (**"Sofgen"**) files this Objection (the **"Objection"**) to the *Notice of Executory Contracts and Unexpired Leases that May be Assumed and Assigned, Pursuant to Section 365 of the Bankruptcy Code, in Connection with the Sale of Substantially all of the Debtors' Assets, and the Proposed Cure Amounts* [Docket No. 146] (the "**Cure Notice**"), and states:

### BACKGROUND

1. On February 23, 2023 (the **"Petition Date"**), the above-captioned debtors (the **"Debtors"**) filed voluntary petitions for relief under chapter 7 of title 11 of the United States Code (the **"Bankruptcy Code"**). Shortly thereafter, the Office of the United States Trustee appointed George L. Miller as the chapter 7 trustee (The "**Trustee**") in the above-captioned cases.

2. Prior to the Petition Date, debtor Akorn Operating Company LLC (formerly Akorn, Inc.) ("**Akorn**") and Sofgen were parties to an Exclusive Supply Agreement dated January 1, 2016 (as amended, the "**Supply Agreement**"). In accordance with the Supply Agreement, Sofgen manufactured two products—*Progesterone* and *Dronabinol*—for marketing

and sale by Akorn in accordance with the terms of the Supply Agreement.

3. On April 20, 2023, the Trustee filed a *Motion for Entry of (I) an Order (A) Approving Bidding Procedures in Connection with Sale of Substantially all of the Estates' Assets, (B) Scheduling an Auction and Hearing to Consider the Proposed Sale, and (C) Approving the Form and Manner of Notice Thereof; and (II) an Order (A) Approving the Sale, (B) Authorizing the Assumption and Assignment of Executory Contracts and Unexpired Leases, and (C) Granting Certain Related Relief* [Docket No. 106] (the "**Bidding Procedures Motion**").[1]

4. In connection with the Bidding Procedures Motion and Sale, the Trustee filed the Cure Notice on May 1, 2023. The Cure Notice lists the following contracts between Sofgen and the Debtor as being available for assumption and assignment and reflects that the alleged cure amount for each contract is $0:

| Contract | Counterparty | Address | | | Assignee | Cure |
|---|---|---|---|---|---|---|
| Exclusive Development and Supply Agreement dated October 8, 2007 by and between Akorn, Inc and Sofgen Pharmaceuticals, LLC | Sofgen Pharmaceuticals, LLC | Sofgen Pharmaceuticals, LLC 1301 Sawgrass Corporate Parkway Sunrise, FL 33323 | | | Akorn Operating Company LLC | $0 |
| Development and Supply Agreement dated July 28th, 2006 by and between Akorn, Inc and Sofgen Pharmaceuticals, LLC | Sofgen Pharmaceuticals, LLC | Sofgen Pharmaceuticals, LLC 1301 Sawgrass Corporate Parkway Sunrise, FL 33323 | | | Akorn Operating Company LLC | $0 |
| First Amendment to Development and Supply Agreement dated March 12, 2009 by and between Akorn, Inc and Sofgen Pharmaceuticals, LLC | Sofgen Pharmaceuticals, LLC | Sofgen Pharmaceuticals, LLC 1301 Sawgrass Corporate Parkway Sunrise, FL 33323 | | | Akorn Operating Company LLC | $0 |
| Exclusive Supply Agreement dated January 1, 2016 by and between Akorn, Inc and Sofgen Pharmaceuticals, LLC | Sofgen Pharmaceuticals, LLC | Sofgen Pharmaceuticals, LLC 1301 Sawgrass Corporate Parkway Sunrise, FL 33323 | | | Akorn Operating Company LLC | $0 |
| Addendum #2 to Exclusive Supply Agreement dated January 1, 2016 by and between Akorn, Inc and Sofgen Pharmaceuticals, LLC | Sofgen Pharmaceuticals, LLC | Sofgen Pharmaceuticals, LLC 1301 Sawgrass Corporate Parkway Sunrise, FL 33323 | | | Akorn Operating Company LLC | $0 |
| Settlement Agreement and Release dated March 10, 2016 by and between Sofgen Pharmaceuticals, LLC and Akorn, Inc | Sofgen Pharmaceuticals, LLC | Sofgen Pharmaceuticals, LLC 1301 Sawgrass Corporate Parkway Sunrise, FL 33323 | | | Akorn Operating Company LLC | $0 |
| Addendum to Exclusive Supply Agreement dated June 12, 2018 by and between Akorn, Inc and Sofgen Pharmaceuticals, LLC | Sofgen Pharmaceuticals, LLC | Sofgen Pharmaceuticals, LLC 1301 Sawgrass Corporate Parkway Sunrise, FL 33323 | | | Akorn Operating Company LLC | $0 |

5. Of the seven alleged extant contracts identified by the Trustee, only the Supply Agreement (including and the related addenda) was an active contract as of the Petition Date that might potentially be subject to assumption and assignment. The remaining listed contracts have long-since been terminated, have expired by their terms or are addenda to the Supply Agreement.

6. In addition, the alleged $0 cure amount for the Supply Agreement is not accurate. As set forth below, the cure amount necessary to cure monetary defaults under the Supply

---
[1] Capitalized terms used, but not otherwise defined herein shall have the meaning ascribed to them in the Bidding Procedures Motion.

Agreement and that would need to be paid to Sofgen in connection with any prospective assumption and assignment is at least $885,199.00 (the "**Cure Amount**").

**<u>OBJECTION</u>**

7. Section 365(a) of the Bankruptcy Code empowers a debtor to assume or reject an executory contract. Pursuant to section 365(f)(2)(A) of the Bankruptcy Code, the trustee or debtor-in-possession may assign an executory contract or unexpired lease of the debtor only if the trustee or debtor-in-possession assumes such contract or lease in accordance with the provisions of section 365 of the Bankruptcy Code. 11 U.S.C. § 365(f)(2)(A).

8. Section 365(b)(1) of the Bankruptcy Code provides:

If there has been a default in an executory contract or unexpired lease of the debtor, the trustee may not assume such contract or lease unless, at the time of assumption of such contract or lease, the trustee –

    (A) cures, or provides adequate assurance that the trustee will promptly cure, such default…;

    (B) compensates, or provides adequate assurance that the trustee will promptly compensate, a party other than the debtor to such contract or lease, for any actual pecuniary loss to such party resulting from such default; and

    (C) provides adequate assurance of future performance under such contract or lease.
11 U.S.C. § 365(b)(1).

9. The Debtor may not assume or assign the Supply Agreement pursuant to sections 365(f)(2)(A) and 365(b)(1) of the Bankruptcy Code unless it cures and compensates, or provides adequate assurances that it will promptly compensate, Sofgen for its actual pecuniary losses suffered as a result of the Debtor's defaults under the Supply Agreement. *See In re Rickel Home Centers, Inc.*, 209 F.3d 291, 298 (3d Cir. 2000), *cert. denied*, 531 U.S. 873 (2000) (noting that

trustee must satisfy requirement of cure or adequate assurance of prompt cure before he may assume a contract or lease).

10. Cure or the provision of adequate assurance of a prompt cure is a prerequisite to the ability of a trustee to assume and assign a contract or lease. *See In re Superior Toy & Manuf. Co., Inc.*, 78 F.3d 1169, 1174 (7th Cir. 1996) (interpreting language of Section 365(b)(1) to unequivocally mean that "[a] party to an executory contract must be paid all amounts due him under the contract before the contract may be assumed"); *In re PRK Entreprises, Inc.*, 235 B.R. 597, 602 (Bankr. E.D. Tex. 1999) (holding that cure or adequate assurance that prompt cure will be made is a "prerequisite to assumption").

I. **Incorrect Cure Amount**

11. Sofgen objects to the Cure Notice because the cure amount provided therein to cure defaults under the Supply Agreement is not correct. The Cure Notice lists the amount necessary to cure defaults under the Supply Agreement as $0.00.

12. Indeed, as a result of the Debtors' failure to perform under the Supply Agreement and refusal to contribute to a series of shared costs, Cure Amount remains outstanding as of the Petition Date.

A. **Progeseterone**

13. In September 2021, the U.S. Food & Drug Administration ("**FDA**") changed the rating of Progesterone, which required Sofgen to conduct a further biostudy. Akorn informed Sofgen that it was not interested in relaunching the product and, as a result, refused to contribute towards the cost of the biostudy and the cost associated with submitting the prior approval supplement ("**PAS**") to the FDA, which Sofgen anticipates doing within the next few months.

Any prospective assignee of the Supply Agreement, however, would need to compensate Sofgen for 50% of the cost of the biostudy and submission of the PAS—calculated by Sofgen as $323,683.50—in order to cure the existing default under the Supply Agreement and step into the position of Akorn thereunder.[2] Absent such cure, assumption and assignment under section 365 of the Bankruptcy Code is not permitted.

### B. Dronabinol

14. Akorn also owes amounts to Sofgen in connection with Dronabinol. In late 2021, the manufacturer of the active pharmaceutical ingredient ("**API**") in Dronabinol closed its foreign manufacturing facility and informed Sofgen that it would be relocating the manufacturing to the United States. In light of this change, Sofgen made the required batches, completed the necessary testing and prepared the appropriate paperwork, so that Akorn could file it timely with FDA. Pending regulatory approvals, however, caused supply chain challenges and delays in the manufacturing process. As a result, Sofgen incurred a series of costs prepetition for which Akorn failed to partially reimburse Sofgen.[3] In addition, Sofgen purchased additional API for open Akorn purchase orders, but Akorn refused to accept the new inventory. As a result, as of the Petition Date, Sofgen was in possession of excess inventory acquired on account of Akorn purchase order and for which Akorn did not pay. The total cost of this inventory and other expenses—including additional testing and regulatory submissions—attributable to Akorn is $561,515.50.[4]

---

[2] Attached hereto as **Exhibit A** is a summary of the additional costs incurred by Sofgen relating to Progesterone and for which Akorn (or any prospective assignee) would be required to reimburse Sofgen for 50% of the total costs.

[3] These costs included, without limitation, testing costs, investigation costs, and costs associated with various studies.

[4] Attached hereto as **Exhibit B** is a summary of the additional costs incurred by Sofgen relating to Dronabinol and for which Akorn (or any prospective assignee) would be required to reimburse Sofgen for 50% of the total costs.

### C. No Cure; No Assumption and Assignment

15. The Trustee is not proposing to cure and compensate, or provide adequate assurance that it will promptly compensate, Sofgen for any actual pecuniary losses suffered as a result of the Debtor's failure to perform under the Supply Agreement and refusable to contribute to joint expenses. The Trustee has, therefor, not satisfied the requirements of section 365(b) and cannot assume and assign the Supply Agreement unless and until the Cure Amount is paid in full.

## II. Adequate Assurance of Future Performance

16. Sofgen also objects to the assumption and assignment of the Supply Agreement because the Trustee has yet to provide evidence to Sofgen of the financial status of the proposed assignee of the Supply Agreement, i.e. the proposed assignee, or the ability of the assignee to perform all of the obligations contained in the Supply Agreement going forward. These obligations extend well beyond financial performance, as any prospective assignee would need to establish its ability to comply with the comprehensive responsibilities of Akorn under the Supply Agreement. In addition, without knowing the identity of the prospective assignee, Sofgen cannot determine whether the assignee has the ability to comply with exclusive dealing and certain other key provisions of the Supply Agreement. Accordingly, the Supply Agreement cannot be assumed and assigned to an assignee until such assignee satisfies the requirements of section 365 of the Bankruptcy Code.

## III. Benefits *and* Burdens

17. It is well established that section 365(f) requires a trustee or debtor to assume a contract subject to the benefits and burdens thereunder. *In re ANC Rental Corp.*, 277 B.R. 226,

238 (Bankr. D. Del. 2002); *see also Nat'l Labor Relations Bd. v. Bildisco & Bildisco*, 465 U.S. 513, 531 (1984) ("Should the debtor-in-possession elect to assume the executory contract, however, it assumes the contract *cum onere* . . ."). The *cum onere* rule "prevents the [bankruptcy] estate from avoiding obligations that are an integral part of an assumed agreement." *Id.* (quoting *United Air Lines, Inc v. U.S. Bank Trust Nat'l Ass'n (In re UAL Corp.)*, 346 B.R. 456, 468 n. 11 (Bankr. N.D. Ill. 2006)).

19. Accordingly, any proposed assignee would need to perform under the entire Supply Agreement in respect of both *Progesterone* and *Dronabinol* and until such time as the proposed assignee can establish its ability and willingness to perform under the entire Supply Agreement, Sofgen objects to any assumption and assignment.

## RESERVATION OF RIGHTS

19. Sofgen reserves all of its rights with respect to any assumption and assignment of the Supply Agreement unless it is to a party that satisfies the Cure Amount and is otherwise acceptable to Sofgen. In addition, Sofgen hereby expressly reserves its rights to object to the sale relating to any of the rights under the Supply Agreement at the sale hearing.

## CONCLUSION

WHEREFORE, for the reasons set forth herein, Sofgen objects to the Cure Notice as it applies to Sofgen and respectfully requests that the Court enter an order: (i) requiring the Trustee or assignee to cure, or provide adequate assurance of prompt cure of the Cure Amount; (ii) requiring the Trustee or assignee provide adequate assurance of future performance by the assignee under the Supply Agreement; (iii) awarding fees and costs for bringing this Objection; and (iv) granting such other relief as is just and appropriate.

Dated: May 16, 2023 **GREENBERG TRAURIG, LLP**

*/s/ Dennis A. Meloro*
Dennis A. Meloro (No. 4435)
222 Delaware Avenue
Suite 1200
Wilmington, DE 19801
(302) 661-7000

-and-

Ari Newman
333 SE 2nd Avenue, Suite 4400
Miami, Florida 33131
Telephone: (305) 579-0868
Email: NewmanAr@gtlaw.com

*Counsel for Sofgen Pharmaceuticals LLC*