**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 7 |
| AKORN HOLDING COMPANY, LLC, | Case No. 23-10253 (KBO) |
| | (Jointly Administered) |
| Debtor. | |
| | **Re: D.I. 147** |

**VERONICA DEVELOPMENT ASSOCIATES, LLC'S LIMITED OBJECTION TO TRUSTEE'S MOTION FOR APPROVAL OF SHARING AGREEMENT AND CARVE-OUT WITH LENDERS**

Veronica Development Associates, LLC ("VDA" or "Landlord"), a creditor of the debtor, Akorn Operating Company ("AOC" and collectively referred to with the debtors[1] in these chapter 7 cases as the "Debtors"), respectfully submits this Limited Objection to the *Trustee's Motion for Approval of Sharing Agreement and Carve-Out with Lenders* (the "Motion") [Docket No. 147]. In support thereof, VDA states as follows:

**PRELIMINARY STATEMENT**

1. VDA objects to the Motion on the grounds that the arrangement does not specifically provide for the Trustee's payment of post-Petition rent as part of the Costs to Administer[2] the bankruptcy estates when it explicitly contemplates payments to other administrative creditors. Since the commencement of the Debtors' bankruptcy cases, VDA has not been paid any rent under its lease with AOC and there are three months of outstanding arrears. While VDA attempted to resolve this Limited Objection by seeking the Trustee's confirmation that rent will be paid as a Cost to Administer from the Cash On Hand upon the Court's approval of the Sharing Agreement, similar to all of VDA's prior inquiries concerning payment of rent, the

---

[1] The Debtors in these chapter 7 cases, along with the last four digits of their federal tax identification numbers, and cases numbers are Akorn Holding Company LLC (9190), Case No. 23-10253 (KBO); Akorn Intermediate Company LLC (6123), Case No. 23-10254 (KBO); and Akorn Operating Company LLC (6184), Case No. 23- 10255.

[2] All capitalized terms, not otherwise defined herein, shall have the meaning set forth in the Motion.

Trustee has not responded to such inquires. As a result, VDA has been forced to file this Limited Objection.

## BACKGROUND

2. On February 23, 2023 (the "Petition Date"), the Debtors filed voluntary petitions for relief pursuant to Chapter 7 of the United States Bankruptcy Code.

3. On or about the Petition Date, the Office of the United States Trustee appointed Gregory L. Miller (the "Trustee") as the Chapter 7 trustee.

4. Landlord is the owner of two 50,000 square foot warehouse/office buildings located at 68 and 72 Veronica Avenue, Somerset (Franklin Township), New Jersey (the "Property").

5. Prior to the Petition Date, Landlord entered into a Lease Agreement with AOC whereby AOC leased all 10 units in Building 78 and units 1, 2 and 10 in Building 68 (the "Lease"). Annexed hereto as **Exhibit A** is a true and accurate copy of the Lease.

6. Prior to the Petition Date, the Debtor vacated the subject leased premises.

7. Since the Petition Date, the Landlord has not been paid any post-Petition rent due under the Lease nor has the Trustee rejected the Lease.

8. To date, the post-Petition rent due under the Lease totals at least $254,050.11 ($84,683.37 per month for March 1, 2023, April 1, 2023, and May 1, 2023).[3]

9. Landlord, through its counsel, has repeatedly demanded payment of post-Petition rent from the Trustee and, at a minimum, requested a discussion as to what the Trustee's intentions are with respect to the payment of such rent and the Lease. Despite multiple communications, the Trustee has ignored same.

10. Following the Trustee's filing of the Motion, Landlord, through its counsel,

---

[3] Landlord reserves the right to collect attorneys' fees and costs as provided for in the Lease.

requested confirmation that the post-Petition rent due under the Lease would be paid as a Cost to Administer. Such inquiry was again ignored by the Trustee and his counsel while the Sharing Agreement explicitly provides that other administrative creditors (i.e. the Trustee's professionals) will be paid from the Carve-Out.

## **LIMITED OBJECTION**

11. The proposed Sharing Agreement provides, in pertinent part, as follows:

The ABL Agent and the TL Agent (at the direction of the Required Lenders), on behalf of the Lenders, agree to subordinate their liens and claims to the following extent (the amounts set forth below referred to collectively as the ("Carve Out Amount").

(a) To pay Court approved professional fees for professionals retained by the Trustee, such professionals to be approved in advance by the ABL Agent and Required Lenders (other than Cozen O'Connor, Miller Coffey Tate LLP, and Greenhill, whose retention is deemed approved by the ABL Agent and the Required Lenders).

(b) To pay Court approved compensation for the Trustee under section 326 of the Bankruptcy Code.

(c) The ABL Agent and the Required Lenders consent to the Trustee's post-petition use of $2.2 million of the cash on hand (the "Cash On Hand") in the Estates for payment of reasonable costs and expenses necessary to administer, recover, preserve, market, sell, or otherwise dispose of property of the Estates (the "Costs to Administer"), and to the extent the Cash on Hand is inadequate to enable payment of the Costs to Administer, then the ABL Agent and the Required Lenders consent to use of proceeds of Collateral to pay the additional Costs to Administer. The Trustee by 12:00 p.m. (ET) on Friday of each week will submit to counsel for the ABL Agent and the Required Lenders for approval a report of planned disbursements of such Costs to Administer for the following week and in the absence of counsel for the ABL Agent and the Required Lenders advising the Trustee of an objection to the reported planned disbursements on or before the close of business at 5:00 p.m. (ET) on the following Monday the planned disbursements are deemed to be approved by the ABL Lenders and the Required Lenders and the Trustee is authorized to make payment from the proceeds of the Collateral of the ABL Agent and the Required Lenders.

(d) From Collateral proceeds otherwise payable to the ABL Agent and the TL Agent on behalf of the Lenders, after deducting items a., b., and c. above, five percent (5%) of such net proceeds shall be retained by the Estates for distribution

3

by the Trustee in accordance with 11 U.S.C. § 726.

(e) To the extent that the Estates consist of any unencumbered assets from which cash or other proceeds are generated from the disposition of such unencumbered assets (other than cash retained under item c. above), such funds will be used to pay in accordance with a periodic true-up a ratable portion of the costs and expenses set forth in items a. – c. above. All payments to be made in this Paragraph from the Collateral shall be borne by the Lenders on a pro rata basis based on the percentage of proceeds realized by the ABL Agent and the TL Lenders from the Trustee's sale or disposition of their Collateral, as applicable.

See Docket No. 147-2 at ¶ 13.

12. Yet, the Sharing Agreement does not articulate whether post-Petition rent will be paid as a Cost to Administer the Estates.

13. Landlord files this Limited Objection on the grounds that the Sharing Agreement does not explicitly provide for the payment of the post-Petition rents due and owing to Landlord and Landlord has not been paid any rent since the Petition Date.

**WHEREFORE,** Landlord respectfully requests that the Court condition approval of the Sharing Agreement on the Trustee paying all post-Petition rent due to the Landlord.

[*Signature page follows.*]

<table>
<tr><td>

Dated: May 17, 2023
      Wilmington, Delaware

</td><td>

**BAYARD, P.A.**

*/s/ GianClaudio Finizio*
GianClaudio Finizio (No. 4253)
Steven D. Adler (No. 6257)
600 N. King Street, Suite 400
Wilmington, Delaware 19801
Telephone: (302) 655-5000
Facsimile: (302) 658-6395
E-mail:  gfinizio@bayardlaw.com
             sadler@bayardlaw.com

- and -

**NORRIS McLAUGHLIN, P.A.**
Melissa A. Pena, Esq.
7 Times Square, 21st Floor
New York, New York 10036
Telephone: (917) 369-8847
E-mail:  mapena@norris-law.com

*Attorneys for Veronica Development Associates, LLC*

</td></tr>
</table>