## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 7 |
| AKORN HOLDING COMPANY LLC, et al., | Case No. 23-10253 (KBO) |
| | (Jointly Administered) |
| Debtors.[1] | RE: D.I. 147 |

**LIMITED OBJECTION AND RESERVATION OF RIGHTS OF ETHYPHARM S.A.S. TO TRUSTEE'S MOTION FOR APPROVAL OF SHARING AGREEMENT AND CARVE-OUT WITH LENDERS, AND RELATED RELIEF**

Ethypharm S.A.S. ("**Ethypharm**"), files this limited objection and reservation of rights (this "**Objection**") to the *Trustee's Motion for Approval of Sharing Agreement and Carve-Out with Lenders, and Related Relief* [D.I. 147] (the "**Motion**").[2] In support of this Objection, Ethypharm respectfully represents as follows:

## BACKGROUND

1. Ethypharm and the Debtors were parties to three agreements (the "**Agreements**") whereby the Debtors agreed to serve as distributor for Ethypharm's opioid dependency treatment products in the United States. Under the Agreements, the Debtors had exclusive and non-exclusive U.S. distribution rights for several Ethypharm's products, namely, sublingual tablets containing either Buprenorphine Hydrochloride or a combination of Buprenorphine Hydrochloride and Naloxone Hydrochloride. These products are used as one of

---

[1] The Debtors in these chapter 7 cases, along with the last four digits of their federal tax identification numbers, and cases numbers are Akorn Holding Company LLC (9190), Case No. 23-10253 (KBO); Akorn Intermediate Company LLC (6123), Case No. 23-10254 (KBO); and Akorn Operating Company LLC (6184), Case No. 23-10255. The Debtors' headquarters is located at 5605 CenterPoint Court, Gurnee, IL 60031.

[2] Capitalized terms used but not defined herein shall have the same meanings ascribed to such terms in the Motion.

the primary pharmaceutical treatment options available to patients going through opioid substitution therapy.

2. On February 23, 2023 (the "**Petition Date**"), the Debtors commenced these jointly administered chapter 7 cases by each filing a voluntary petition in this Court for relief under chapter 7 of title 11 of the United States Code (the "**Bankruptcy Code**").

3. On April 7, 2023, the Trustee filed a motion for an order extending the deadline to assume or reject executory contracts and unexpired leases of personal property pursuant to section 365(d)(1) of the Bankruptcy Code [D.I. 77] (the "**Extension Motion**").

4. On April 20, 2023, Ethypharm filed an objection to the Extension Motion [D.I. 102] (the "**Extension Objection**"). Ethypharm and the Debtors consensually resolved the Extension Objection on the terms set forth in a revised proposed order. On April 24, 2023, the Court entered the revised proposed order (the "**Rejection Order**"), which carved out the Agreements from the requested extension and deemed the Agreements rejected as of April 24, 2023. (*See* D.I. 119.) The Rejection Order further provided that the Trustee "may sell all, or any portion of, the Products (each as defined in the [Agreements]) presently in the [Chapter 7] Trustee's possession that are the subjects of the [Agreements], *with the proceeds of such sale(s) to be apportioned between the Estates and Ethypharm pursuant to the [Agreements]*." (*See id.* ¶ 4 (emphasis added).)

## **LIMITED OBJECTION**

5. By the Motion, the Trustee seeks approval of a Sharing Agreement to allow for the Trustee to use cash and other proceeds of Collateral to administer, recover, preserve, market, and sell Collateral, specifically as follows:

> "After arm's length negotiations, the Trustee has reached a sharing agreement with the Lenders, memorialized in the Sharing Agreement, under

>which the Trustee will have the ability to use cash collateral, *including cash and the other proceeds of the Debtors' existing accounts receivable and inventory*, to administer, recover, preserve, market, and sell the Collateral pursuant to one or more sales to be conducted under section 363 of the Bankruptcy Code ("Asset Sales") in a manner that is designed and intended to obtain the highest and best price for the Collateral."

(Motion ¶ 17 (emphasis added).)

6. Ethypharm objects to the Motion to the extent that the Sharing Agreement purports to override the Rejection Order—specifically, to the extent that the Sharing Agreement would interfere with or prevent the Trustee from apportioning and distributing proceeds from the sale of inventory consisting of Ethypharm's Product (as defined in the Agreements) in its possession in the manner set forth in the Rejection Order. There is no basis set forth in the Motion as to why the Sharing Agreement should override the recently entered Rejection Order, which sets forth in clear terms the way any proceeds from the sale of Ethypharm's Product will be distributed, and any attempt to do so through the Motion should be rejected by the Court.[3]

## RESERVATION OF RIGHTS

7. Ethypharm reserves its rights with respect to payment owed for both prepetition and postpetition goods and services, and with respect to any postpetition amounts owed on account of proceeds from the Trustee's sale of Ethypharm's Product (as defined in the Agreements) pursuant to the terms of the Rejection Order. Furthermore, Ethypharm reserves its right to revise, amend or supplement the foregoing Objection and to enforce its rights and remedies under applicable law, or as otherwise authorized by the Court.

---

[3] Ethypharm attempted to obtain confirmation from the Trustee that he was not attempting to supersede the terms of the Rejection Order through the Motion, but as of the filing of this Objection has received no response, thus necessitating this Objection.

## **CONCLUSION**

For the foregoing reasons, the Court should enter an order denying the Motion or modifying the order, as it is currently proposed, to the extent necessary to enforce the Rejection Order, and granting such other and further relief as the Court deems just and proper.

Dated: May 18, 2023
       Wilmington, Delaware

|  |  |
|---|---|
|  | */s/ Tamara K. Mann* |
| **BAKER BOTTS L.L.P.** | **MORRIS, NICHOLS, ARSHT & TUNNELL LLP** |
| Scott R. Bowling (admitted *pro hac vice*) |  |
| 30 Rockefeller Plaza | Curtis S. Miller (No. 4583) |
| New York, New York 10112 | Andrew R. Remming (No. 5120) |
| Telephone:  (212) 408-2500 | Tamara K. Mann (No. 5643) |
| Facsimile:  (212) 259-2501 | 1201 N. Market Street, 16th Floor |
| Email: scott.bowling@bakerbotts.com | P.O. Box 1347 |
|  | Wilmington, Delaware 19899-1347 |
| -and- | Telephone: (302) 658-9200 |
|  | Facsimile: (302) 658-3989 |
| **BAKER BOTTS L.L.P.** | Email:   cmiller@ morrisnichols.com |
| Kevin Chiu (admitted *pro hac vice*) |           aremming@ morrisnichols.com |
| 2001 Ross Avenue, Suite 900 |           tmann@morrisnichols.com |
| Dallas, Texas 75201-2980 |  |
| Telephone:  (214) 953-6500 | *Attorneys for Ethypharm S.A.S.* |
| Facsimile:  (214) 953-6503 |  |
| Email: kevin.chiu@bakerbotts.com |  |