## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

|  |  |
|---|---|
| In re: | : Chapter 7 |
|  | : |
| AKORN HOLDING COMPANY LLC, *et al.*,[1] | : Case No.: 23-10253 (KBO) |
|  | : |
| Debtors. | : (Jointly Administered) |
|  | : |

### LIMITED OBJECTION OF E.L. PRUITT CO. TO TRUSTEE'S
### MOTION FOR APPROVAL OF SHARING AGREEMENT
### AND CARVE-OUT WITH LENDERS AND RELATED RELIEF

E.L. Pruitt Co. ("**Pruitt**"), by and through its undersigned counsel, hereby files its limited

objection (the "**Objection**") to the *Motion for Approval of Sharing Agreement and Carve-Out with*

*Lenders and Related Relief* [ECF No. 147] (the "**Motion**"), filed by George L. Miller, in his

capacity as the Chapter 7 Trustee (the "**Trustee**") for the estates of the above-captioned debtors

(collectively, the "**Debtors**").  In support of the Objection, Pruitt respectfully states as follows:

### RELEVANT BACKGROUND

1.      Pruitt is a mechanical contracting company in Illinois that provides HVAC,

plumbing and piping systems.

2.      Between February 3, 2023 and February 20, 2023, Akorn Operating Company,

LLC ("**Akorn**") contracted with Pruitt for Pruitt to furnish, repair, supply and install HVAC,

plumbing and other services and materials at three locations owned by Akorn in Decatur, Illinois

(140 and 150 South Wyckles, Decatur, IL and 1222 W. Grand Avenue, Decatur, IL), which

---

[1] Debtors in these chapter 7 cases, along with the last four digits of their federal tax identification numbers, and cases numbers are Akorn Holding Company LLC (9190), Case No. 23-10253 (KBO) ("**Akorn Holding**"); Akorn Intermediate Company LLC (6123), Case No. 23-10254 (KBO) ("**Akorn Intermediate**"); and Akorn Operating Company LLC (6184), Case No. 23- 10255 ("**Akorn Operating**" and collectively, "**Debtors**"). Debtors' headquarters is located at 5605 CenterPoint Court, Gurnee, IL 60031.

services were necessary to preserve and improve the value of the properties in the amount of $426,703.00. The majority of the work was provided to the Akorn facility located at 1222 West Grand Avenue, Decatur, Illinois, which is one of the properties designated in the Motion to be sold by the Trustee.

3.      On March 27, 2023, due to Akorn's failure to pay for the work performed, Pruitt filed a mechanics' lien pursuant to the Illinois Mechanics' Lien Act, 770 ILCS 60/0.01, *et seq.*, and 11 U.S.C. § 547(e)(2)(a) and 11 U.S.C. § 362(b)(3) on the three properties where Pruitt performed work (the **"Mechanics' Lien"**). The Mechanics' Lien was recorded with the Macon County Recorder on March 31, 2023. One of the three locations subject to Pruitt's Mechanics' Lien (1222 West Grand Avenue, Decatur, IL) is included in the Motion as "Specific Real Estate Collateral" that the Trustee seeks to include in its sale of assets to satisfy the amounts owed under the Term Loan Facility.

## PROCEDURAL HISTORY

4.      On February 23, 2023 (the "**Petition Date**"), the Debtors filed voluntary petitions for relief under chapter 7 of the Bankruptcy Code in the United States Bankruptcy Court for the District of Delaware.

5.      On or about the Petition Date, the Office of the United States Trustee appointed the Trustee for the estates of the Debtors.

6.      On May 1, 2023, the Trustee filed his Motion seeking approval of the Trustee's proposed Sharing Agreement. Included in the proposed Sharing Agreement[2] is a determination of the allowance of the Secured Lenders' Pre-Petition Claims and Liens and a Specific Carve-Out from the Secured Lenders' Liens for the Trustee's Expenses. What is not included in the Sharing

---

[2]      Capitalized words use but not defined herein shall have the meanings ascribed to them in the Sharing Agreement.

Agreement is a plan to address other liens that may exist on the Specific Real Estate Collateral that is subject to the Trustee's planned sale.

## <u>LIMITED OBJECTION</u>

7.      Pruitt does not object to the sale of the assets; however, Pruitt objects and specifically reserves its rights with regards to any liens priming Pruitt's Mechanics' Lien if it is determined that Pruitt's Mechanics' Lien has a higher priority.  Pruitt also objects to the carveout contemplated by the Sharing Agreement coming from any funds that may be used to pay such liens.

8.      The Sharing Agreement contemplates paying the Trustee and professionals from the proceeds of the Asset Sales, but does not address how liens such as Pruitt's Mechanics' Lien will be treated.

9.      Pruitt files this Objection on the grounds that the Sharing Agreement does not address the treatment of other Secured Liens to the Specific Real Estate Collateral.

## <u>RESERVATION OF RIGHTS</u>

10.      Pruitt reserves its right to amend, modify or supplement this Objection and to raise any additional arguments and objections under applicable law on or before the hearing on May 25, 2023, including, without limitation, any arguments, or objections in regard to the Motion.

## **<u>CONCLUSION</u>**

**WHEREFORE**, Puritt respectfully requests that the Court enter an Order (i) sustaining this Objection; and (ii) granting Pruitt such other and further relief as the Court deems proper.

Date: May 18, 2023

Respectfully submitted,

GELLERT SCALI BUSENKELL &
BROWN, LLC

By:    */s/ Margaret F. England*
Margaret F. England (DE 4248)
1201 North Orange Street, Suite 300
Wilmington, DE 19801
Phone: (302) 425-5800
Fax: (302) 425-5814
mengland@gsbblaw.com

*Counsel for EL Pruitt Co.*