# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>AKORN HOLDING COMPANY LLC, *et al*.<br><br>Debtors.[1] | Chapter 7<br><br>Case No. 23-10253 (KBO)<br><br>(Jointly Administered)<br><br>Objection Deadline: May 18, 2023 at 4:00 p.m.<br>Hearing Date: May 25, 2023 at 9:30 a.m.<br><br>Related Docket No.: 147 |

### OBJECTION OF CHICAGO INFILL INDUSTRIAL PROPERTIES LP AND WESTMOUNT REALTY CAPITAL, LLC TO TRUSTEE'S MOTION FOR APPROVAL OF SHARING AGREEMENT AND CARVE-OUT WITH LENDERS

Chicago Infill Industrial Properties LP ("Chicago Infill") and their duly authorized agent and property manager, Westmount Realty Capital, LLC ("Westmount", and together with Chicago Infill, "Landlord") hereby file their Objection (the "Objection") to the Chapter 7 Trustee's pending Motion for Approval of Sharing Agreement and Carve-Out with Lenders (the "Motion") [Dkt. No. 147.] In support thereof, Landlord states as follows:

1. Chicago Infill is the owner and Westmount is the property manager for the office building located at 50 Lakeview Parkway, Vernon Hills, Illinois 60061 (the "Premises").

2. The Akorn Debtors currently lease space at the Premises pursuant to four (4) unexpired leases (as may have been amended from time to time, the "Leases").[2]

---

[1] The Debtors in these chapter 7 cases, along with the last four digits of their federal tax identification numbers, are Akorn Holding Company LLC (9190); Akorn Intermediate Company LLC (6123); and Akorn Operating Company LLC (6184). The Debtors' headquarters was located at 5605 CenterPoint Court, Gurnee, IL 60031.

[2] Copies of the Leases previously have been provided to counsel for the Trustee. Each of the Leases contain identical (or nearly identical) provisions discussed or cited herein.

{01907777;v1 }

3. Pursuant to the Leases, the Debtors lease a combined approximately 28,000 square feet at the Premises. Landlord understands the leased space was utilized as office and lab space.

4. Landlord received postpetition Lease payments for the months of March and April 2023. But Landlord has not received May 2023 Lease payments.

5. Copies of the May 2023 lease statements are attached hereto as **Exhibit 1**. Payment has been requested on multiple occasions.

6. Upon information and belief, all payments for May 2023 Lease charges are overdue and outstanding pursuant to the terms of the respective Leases and the provisions of Bankruptcy Code section 365(d)(3).

7. Under each of the Leases, monthly fixed rent is "due in advance promptly on the first day of every calendar month" (Lease, §1.6), and other monthly charges such as Tenant's proportionate share of real estate taxes and common area expenses are due "promptly as provided in Sections 1.2 and 1.3 without offset." (*Id.*)[3]

8. Under section 365(d)(3) of the Bankruptcy Code, the trustee "shall timely perform all the obligations of the debtor…arising from and after the order for relief under any unexpired lease of nonresidential real property, until such lease is assumed or rejected, notwithstanding section 503(b)(1) of this title."

---

[3] Sections 1.2 (proportionate share of real estate taxes) and 1.3 (proportionate share of common area expenses) of the Leases provide that monthly payments for each are due within 10 days of Tenant's receipt of an invoice. Here, the May 2023 statements were first provided to counsel for the Trustee via email on April 26, 2023.

9.  The May 2023 Lease obligations are overdue and outstanding and under Bankruptcy Code section 365(d)(3), are required to be paid immediately.[4]

10. Under the proposed Sharing Agreement, the Trustee apparently

> by 12:00 p.m. (ET) on Friday of each week will submit to counsel for the ABL Agent and the Required Lenders for approval a report of planned disbursements of such Costs to Administer for the following week and in the absence of counsel for the ABL Agent and the Required Lenders advising the Trustee of an objection to the reported planned disbursements on or before the close of business at 5:00 p.m. (ET) on the following Monday the planned disbursements are deemed to be approved by the ABL Lenders and the Required Lenders and the Trustee is authorized to make payment from the proceeds of the Collateral of the ABL Agent and the Required Lenders. (hereafter, the "Lender Approval Provision").

(See Motion, ¶19(xi)(c); Proposed Sharing Agreement, ¶13(iii).)

11. To the extent the Lender Approval Provision is intended to, or actually does, function as an absolute Lender veto right on the Trustee's ability to use available cash to timely satisfy his statutory obligations (such as the Bankruptcy Code section 365(d)(3) obligations due and owing to Landlord under the Leases), Landlord objects.

12. Additional information and clarity is necessary to understand what costs and expenses of these cases are to be paid by the Trustee, and when.  No budget or similar information has been provided in connection with the Motion or otherwise. (*See e.g.* Local Rule 4001-2(a) (setting forth various requirements for all financing and cash collateral motions, including a requirement under (a)(iii) to attach a budget to the motion.)  Absent prompt and timely payment of obligations clearly owed and required to be paid under the Bankruptcy Code, creditors such as Landlord are forced to become involuntary lenders in these cases.  That is

---

[4] Each of the Leases also provide for the payment of late charges if rent payments are received more than 5 days after the due date. (*See* Lease, §1.7 (5% late charge).)  And the Leases provide a prevailing party with the right to recover attorneys' fees. (*See* Lease, §13.1 ("non-prevailing party shall pay all costs, expenses and reasonable attorney's fees that may be incurred by prevailing party in enforcing the terms, covenants and obligations of the Lease").)

unfair and it cannot be what is intended by the carefully drawn provisions of the Bankruptcy Code. (*See* 11 U.S.C. §365(d)(3).)

13. Landlord reserves all rights and remedies under the Bankruptcy Code and under the terms and provisions of its Leases.

14. Landlord reserves all rights to supplement this Objection and/or to raise (at or before any sale hearing) such other and further objections or arguments as deemed necessary or appropriate in response to any proposed modifications of the Sharing Agreement or to any proposed approval order presented to the Court.

15. To the extent not inconsistent with the above, Landlord hereby joins in and adopts by reference the arguments made by landlord Veronica Development Associates, LLC in its filed objection (s*ee* Dkt. No. 198) and the arguments made in any other party's objections filed after this Objection.

WHEREFORE, if the Court is inclined to enter an order(s) approving the relief requested by the Motion, Landlord respectfully requests that any such order be consistent with the above and with all of Landlord's rights and remedies under the Leases and the Bankruptcy Code.

Dated: May 18, 2023

**ASHBY & GEDDES, P.A.**

*/s/ Michael D. DeBaecke*
Michael D. DeBaecke (No. 3186)
500 Delaware Avenue, 8th Floor
Wilmington, DE 19801
Tel: (302) 654-1888
Email: mdebaecke@ashbygeddes.com

*Counsel for Chicago Infill Industrial Properties LP and their duly authorized agent and property manager, Westmount Realty Capital, LLC*