# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>AKORN HOLDING COMPANY LLC, *et al.*<br><br>Debtors. | Chapter 7<br><br>Case No. 23-10253 (KBO)<br><br>(Jointly Administered)<br><br>**Re D.I. 106, 137** |

**PURCHASER'S DECLARATION IN SUPPORT OF TRUSTEE'S MOTION FOR ENTRY OF (I) AN ORDER (A) APPROVING BIDDING PROCEDURES IN CONNECTION WITH SALE OF SUBSTANTIALLY ALL OF THE ESTATES' ASSETS, (B) SCHEDULING AN AUCTION AND HEARING TO CONSIDER THE PROPOSED SALE, AND (C) APPROVING THE FORM AND MANNER OF NOTICE THEREOF; AND (II) AN ORDER (A) APPROVING THE SALE, (B) AUTHORIZING THE ASSUMPTION AND ASSIGNMENT OF EXECUTORY CONTRACTS AND <u>UNEXPIRED LEASES, AND (C)</u> GRANTING CERTAIN RELATED RELIEF**

I, Deepak Bahri, pursuant to 28 U.S.C. §1746, declare under penalty of perjury under the laws of the United States of America that the following is true and correct:

1. I am the Authorized Signatory of Sentiss AG Switzerland (the "<u>Purchaser</u>"), the proposed purchaser of certain assets from the Debtors' Estates (the "<u>Purchased Assets</u>"), and I submit this Declaration in support of the *Trustee's Motion for Entry of (I) an Order (A) Approving Bidding Procedures in Connection With Sale of Substantially all of the Estates' Assets, (B) Scheduling an Auction and Hearing to Consider the Proposed Sale and (C) Approving the Form and Manner of Notice Thereof; and (II) an Order (A) Approving the Sale, (B) Authorizing the Assumption and Assignment of Executory*

63754251\2

*Contracts and Unexpired Leases, and (C) Granting Certain Related Relief* (the "<u>Sale Motion</u>") [D.I. 106].[1]

2.     Unless otherwise stated herein, I have personal knowledge of the facts set forth in this Declaration.

3.     The Purchaser was a Qualified Bidder and attended the Auction through its representatives and/or professionals, including me, and was selected as the Successful Bidder for the Purchased Assets.  The Purchaser did not engage in any collusion with respect to the bidding at the Auction or the sale of any assets at the Auction.

4.     The Purchaser and the Trustee (together, the "<u>Parties</u>"), through their respective representatives and/or professionals, engaged in arm's length negotiations with respect to the Purchased Assets, culminating in their entry into a Purchase Agreement (the "<u>Purchase Agreement</u>"), a true and correct copy of which has been, or will be, filed with the Court.  The Parties' negotiations were in no way tainted by collusion, fraud, or bad faith.

5.     The Parties have not, and will not, exchange any consideration other than as set forth in the Purchase Agreement. The consideration as set forth in the Purchase Agreement represents fair and reasonable value being paid for the Purchased Assets.

6.      In the Sale Motion, the Trustee requests that the Court approve the Sale and, *inter alia*, find that the Purchaser is a "good faith" purchaser entitled to the protections afforded to good faith purchasers under 11 U.S.C. §363(m).

---

[1] Capitalized terms not otTherwise defined herein shall have the meanings provided in the Sale Motion.

2

7.       Other than being a competitor of some of the other bidders at the auction, to the best of my knowledge, information and belief, the Purchaser has no connections with the Trustee, the Debtor, the Debtor's creditors, the Debtor's employees, other professionals, the United States Trustee, any persons employed in the Office of the United States Trustee, or any other party in interest.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on this  18th  day of May, 2023.

_____
Deepak Bahri
Authorized Representative of Purchaser