# EXHIBIT "A"

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>AKORN HOLDING COMPANY LLC, *et al.*,[1]<br><br>Debtors. | Chapter 7<br><br>Case No. 23-10253 (KBO)<br><br>(Jointly Administered)<br><br>**Re D.I. 106, 137, 205, 206** |

### ORDER (A) APPROVING THE SALE OF CERTAIN OF THE ESTATES' ASSETS (SPECIFIC "ANDAs" and SHARES) TO SENTISS AG or its ASSIGNS, (B) APPROVING THE ASSET AND SHARE PURCHASE AGREEMENT BETWEEN THE TRUSTEE AND SENTISS AG, AND (C) GRANTING CERTAIN RELATED RELIEF

This matter is before the Court on the Trustee's *Motion for Entry of (I) an Order (A) Approving Bidding Procedures in Connection With Sale of Substantially all of the Estates' Assets, (B) Scheduling an Auction and Hearing to Consider the Proposed Sale and (C) Approving the Form and Manner of Notice Thereof; and (II) an Order (A) Approving the Sale, (B) Authorizing the Assumption and Assignment of Executory Contracts and Unexpired Leases, and (C) Granting Certain Related Relief* (the "Sale Motion")[D.I. 106].[2] The Court granted, in part, the relief sought in the Sale Motion by its *Order Granting Trustee's Motion for Entry of an Order (A) Approving Bidding Procedures in Connection With Sale of Substantially All of the Estates' Assets, (B) Scheduling an Auction and Hearing to Consider the Proposed Sale and (C) Approving the Form and Manner of Notice Thereof* dated April 28, 2023 (the "Bidding Procedures Order") [D.I. 137] approving, among other things, the Bidding Procedures and the Notice Procedures. As a

---

[1] The Debtors in these chapter 7 cases, along with the last four digits of their federal tax identification numbers, and cases numbers are Akorn Holding Company LLC (9190), Case No. 23-10253 (KBO); Akorn Intermediate Company LLC (6123), Case No. 23-10254 (KBO); and Akorn Operating Company LLC (6184), Case No. 23- 10255. The Debtors' headquarters is located at 5605 CenterPoint Court, Gurnee, IL 60031.

[2] Unless otherwise defined in this Order, all capitalized terms shall have the meanings provided in the Sale Motion and/or the applicable Purchase Agreement.

consequence of the entry of the Bidding Procedures Order, numerous parties submitted bids for various "lots" of the Estates' assets allowing the Trustee to conduct an auction as provided in the Bidding Procedures Order.  The Trustee having determined, after an extensive marketing process and the Auction, that Sentiss AG (together with its assigns, as applicable, "<u>Sentiss</u>" or "<u>Purchaser</u>")[3] has submitted the highest and best bid for the Purchased Assets (defined as all of the assets and shares that are the subject of that certain asset and share purchase agreement executed and delivered by Sentiss on or about May 18, 2023 ("<u>Sentiss ASPA</u>"), together with all ancillary documents executed in conjunction with or as a consequence of the Sentiss ASPA  (the "<u>Sentiss Purchase Agreement</u>")); and adequate and sufficient notice of the Bidding Procedures, the Purchase Agreements (including, without limitation, the Sentiss Purchase Agreement), and all transactions contemplated thereunder and in this Order having been given in the manner directed by the Court in the Bidding Procedures Order; and all interested parties having been afforded an opportunity to be heard with respect to the Sale Motion and all relief related thereto; and the Court having reviewed and considered the Sale Motion and all relief related thereto, and noting that no objections were filed thereto or, to the extent objections have been filed, any such objections related to the Sentiss Purchase Agreement and/or the Purchased Assets have been resolved by the parties or overruled by the Court, and having held a hearing regarding the Sale Motion as it relates to the Sentiss Purchase Agreement and the Purchased Assets on May 19, 2023 (the "<u>Sale Hearing</u>"); and it appearing that the Court has jurisdiction over this matter; and it further appearing that the legal and factual bases set forth in the Sale Motion and at the Sale Hearing establish just cause for the relief granted herein; and after due deliberation; and good and sufficient cause

---

[3] In the event that Sentiss assigns, or purports to assign, any of its rights under the Sentiss Purchase Agreement, Sentiss shall nonetheless remain fully liable and obligated to the Trustee and the Estates pursuant to full extent of the Sentiss Purchase Agreement.

2

appearing,

## THE COURT HEREBY FINDS AND DETERMINES THAT:[4]

### Jurisdiction, Final Order, and Statutory Predicates

A.  This Court has jurisdiction to hear and determine the Sale Motion pursuant to 28 U.S.C. § 1334(a). This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A), (N), and (O). Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

B.  The statutory predicates for the relief requested in the Sale Motion are sections 105(a), 363, and 365 of the Bankruptcy Code, and Bankruptcy Rules 2002(a)(2), 6004, 6006, 9007, and 9014.

C.  This Order constitutes a final order within the meaning of 28 U.S.C. § 158(a). Notwithstanding Bankruptcy Rules 6004(h) and 6006(d), and to any extent necessary under Bankruptcy Rule 9014 and Federal Rule of Civil Procedure 54(b), as made applicable by Bankruptcy Rule 7054, the Court expressly finds that there is no just reason for delay in the implementation of this Order and accordingly the stay afforded by Bankruptcy Rules 6004(h) and 6006(d) are hereby waived.

### Notice of the Sale and Auction

D.  Actual written notice of the Sale Motion was provided to the Notice Parties.

E.  The Trustee's Notice of Auction and Sale Hearing was reasonably calculated to provide all interested parties with timely and proper notice of the Sale, Sale Hearing, and Auction.

---

[4] These findings and conclusions constitute the Court's findings of fact and conclusions of law pursuant to Bankruptcy Rule 7052, made applicable to this proceeding pursuant to Bankruptcy Rule 9014. All findings of fact and conclusions of law announced by the Court at the Sale Hearing in relation to the Sale Motion are hereby incorporated herein to the extent not inconsistent herewith. To the extent that any of the following findings of fact constitute conclusions of law, they are adopted as such. To the extent any of the following conclusions of law constitute findings of fact, they are adopted as such.

F. As evidenced by the certificates of service previously filed with the Court, proper, timely, adequate, and sufficient notice of the Sale Motion, Auction, Sale Hearing, Sale, and the transactions contemplated thereby have been provided in accordance with the Bidding Procedures Order, sections 105(a), 363, and 365 of the Bankruptcy Code, and Bankruptcy Rules 2002, 6004, 6006, and 9007. The notices described above were good, sufficient, and appropriate under the circumstances, and no other or further notice of the Sale Motion, Auction, Sale Hearing and Sale.

G. The disclosures made by the Trustee concerning the Sale Motion, Auction, Purchase Agreements, Sale and Sale Hearing were good, complete, and adequate.

H. A reasonable opportunity to object and be heard with respect to the Sale and the Sale Motion and the relief requested therein has been afforded to all interested persons and entities, including but not necessarily limited to the Notice Parties.

**Good Faith of Purchasers**

I. The Sentiss Purchase Agreement was negotiated, proposed, and entered into by the Trustee and the Purchaser without collusion, in good faith, and from arm's-length bargaining positions.

J. Neither the Trustee nor the Purchaser has engaged in any conduct that would cause or permit the Sentiss Purchase Agreement to be avoided under section 363(n) of the Bankruptcy Code. Specifically, the Purchaser has not acted in a collusive manner with any person and the Purchase Price was not controlled by any agreements among Purchaser and any other person.

K. The Purchaser is purchasing the Purchased Assets in good faith, and are good faith buyers within the meaning of section 363(m) of the Bankruptcy Code, and are therefore entitled to all of the protections afforded by that provision, and otherwise have proceeded in good faith in all respects in connection with this proceeding in that, *inter alia*: (a) the Purchaser recognized that

4

the Trustee was free to deal with any other party interested in acquiring the Purchased Assets; (b) the Purchaser complied with the provisions in the Bidding Procedures Order; (c) the Purchaser agreed to subject its bids to the competitive bidding procedures set forth in the Bidding Procedures Order; (d) the Purchaser in no way induced or caused the filing of the Bankruptcy Cases; and (e) all payments to be made by the Purchaser in connection with the Sale have been disclosed.

### Highest and Best Offer

L. The Trustee conducted an auction process in accordance with, and has otherwise complied in all respects with, the Bidding Procedures Order. The auction process set forth in the Bidding Procedures Order afforded a full, fair, and reasonable opportunity for any person or entity to make a higher or otherwise better offer to purchase the Purchased Assets. The auction process was duly noticed and conducted in a non-collusive, fair, and good faith manner, and a reasonable opportunity was given to any interested party to make a higher and better offer for the Purchased Assets.

M. The Sentiss Purchase Agreement constitutes the highest and best offer for the Purchased Assets, and will provide a greater recovery for the Estates than would be provided by any other available alternative with respect to the Purchased Assets acquired by Purchaser. The Trustee's determination that the Sentiss Purchase Agreement constitutes the highest and best offer for the Purchased Assets constitutes a valid and sound exercise of the Trustee's business judgment.

### No Fraudulent Transfer

N. The consideration provided by the Purchaser pursuant to the Sentiss Purchase Agreement (i) is fair and reasonable, (ii) constitutes the highest and/or best offers for the Purchased Assets, and (iii) constitutes reasonably equivalent value and fair consideration for the Purchased Assets. No other person or entity or group of entities has offered to purchase the Purchased Assets

5

for greater economic value to the Estates than the Purchaser. Approval of the Sale Motion as it relates to the Sentiss Purchase Agreement and the Purchased Assets, approval of the Sentiss Purchase Agreement, and the consummation of the transactions contemplated thereby are in the best interests of the Estates.

O. The Purchaser is not a mere continuation of the Debtors or the Estates, and no continuity of enterprise exists between the Purchaser and the Debtors or the Estates. The Purchaser is not holding itself out to the public as continuations of the Debtors or the Estates. The Purchaser is not a successor to the Debtors or the Estates, and the acquisition of the Purchased Assets by Purchaser does not amount to consolidations, mergers, or de facto mergers of the Purchaser and the Debtors or the Estates.

**Validity of Transfer**

P. The Sentiss Purchase Agreement was not entered into for the purpose of hindering, delaying, or defrauding creditors. Neither the Trustee nor the Purchaser is entering into the transactions contemplated by the Sentiss Purchase Agreement fraudulently for purposes of statutory and/or common law fraudulent conveyance and fraudulent transfer laws.

Q. The Estates are the sole and lawful owners of the Purchased Assets. Subject to section 363(f) of the Bankruptcy Code, the transfers of the Purchased Assets to the Purchaser will be, as of the Closing Date, legal, valid, and effective transfers of the Purchased Assets, which transfer will vest the Purchaser with all right, title, and interest of the Estates to the Purchased Assets free and clear of: (a) all liens and encumbrances relating to, accruing or arising any time prior to the Closing Date (collectively, "Liens"), and (b) all claims (as that term is defined in section 101(5) of the Bankruptcy Code), liabilities, obligations, demands, guarantees, options, rights, contractual commitments, restrictions, interests, and matters of any kind and nature,

6

whether arising prior to or subsequent to the Petition Date, and whether imposed by agreement, understanding, law, equity, or otherwise (including, without limitation, rights with respect to Claims and Liens (i) that purport to give to any party a right of setoff or recoupment against, or a right or option to effect any forfeiture, modification, profit sharing interest, right of first refusal, purchase or repurchase right or option, or termination of, any of the Estates' or the Purchasers' interests in the Purchased Assets, or any similar rights, or (ii) in respect of taxes, restrictions, rights of first refusal, charges, or interests of any kind or nature, if any, including, without limitation, any restriction of use, voting, transfer, receipt of income, or other exercise of any attributes of ownership) (collectively, as defined in this clause (b), "Claims"), relating to, accruing, or arising any time prior to the Closing Date.

### Section 363(f) is Satisfied

R.    The conditions of section 363(f) of the Bankruptcy Code have been satisfied in full; therefore, the Trustee may sell the Purchased Assets free and clear of any interest in the property.

S.    The Purchaser would not have entered into the Purchase Agreements, and would not consummate the transactions contemplated thereby, if the sales of the Purchased Assets to the Purchaser were not free and clear of all Liens and Claims and interests. The Purchaser shall not be responsible for any Liens or Claims or interests other than Liabilities which have been expressly assumed by the Purchaser pursuant to the Sentiss Purchase Agreement.

T.    The Trustee may sell the Purchased Assets free and clear of all Liens and Claims and interests against the Estates and/or any of the Purchased Assets because, in each case, one or more of the standards set forth in section 363(f)(1)-(5) of the Bankruptcy Code have been satisfied. Those holders of Liens or Claims against the Estates or any of the Purchased Assets who did not object, or who withdrew their objections, to the Sale or the Sale Motion are deemed to have

consented pursuant to section 363(f)(2) of the Bankruptcy Code with respect to the Sentiss Purchase Agreement and the Purchased Assets.  All other holders of Liens or Claims related to the Purchased Assets and/or the Sentiss Purchase Agreement are adequately protected by having their Liens or Claims, if any, in each instance against the Estates or any of the Purchased Assets, attach to the net cash proceeds of the Sale ultimately attributable to the particular Purchased Assets in which such creditor alleges a Lien or Claim, in the same order of priority, with the same validity, force and effect that such Lien or Claim had prior to the Sale, subject to any claims and defenses that the Estates may possess with respect thereto.

### Compelling Circumstances for an Immediate Sale

U.	Good and sufficient reasons for approval of the Sentiss Purchase Agreement and the Sale of the Purchased Assets have been articulated.  The relief requested in the Sale Motion applicable to the Sentiss Purchase Agreement and the Purchased Assets is in the best interests of the Estates.  The Trustee has demonstrated both (i) good, sufficient, and sound business purposes and justifications, and (ii) compelling circumstances for the Sales other than in the ordinary course of business, pursuant to section 363(b) of the Bankruptcy Code in that, among other things, the immediate consummation of the Sale to the Purchaser is necessary and appropriate to maximize the value of the Estates.  Time is of the essence in consummating the Sale.

V.	Given all of the circumstances of the Bankruptcy Cases and the adequacy and fair value of the Purchase Price under the Sentiss Purchase Agreement, the proposed Sale of the Purchased Assets to the Purchaser constitutes a reasonable and sound exercise of the Trustee's business judgment and should be approved.

W.	The consummation of the Sale is legal, valid, and properly authorized under all applicable provisions of the Bankruptcy Code, including, without limitation, sections 105(a),

8

363(b), 363(f), 363(m), and 365, and all of the applicable requirements of such sections have been complied with in respect of the transaction.

**NOW, THEREFORE, IT IS HEREBY ORDERED:**

### General Provisions

1.  The relief requested in the Sale Motion is granted and approved as set forth herein, and the Sale to Purchaser as contemplated in the Sale Motion is approved.

2.  All objections to the Sale Motion or the relief requested therein, as applicable to the Sentiss Purchase Agreement and the Purchased Assets, that have not been withdrawn, waived, or settled as announced to the Court at the Sale Hearing or by stipulation filed with the Court, and all reservations of rights included therein, are hereby denied and overruled with prejudice.

### Approval of the Sentiss Purchase Agreement

3.  The Sentiss Purchase Agreement (and all schedules and exhibits affixed thereto) and all other ancillary documents, all of the terms and conditions thereof, and the transactions contemplated therein are hereby approved and authorized.

4.  Pursuant to sections 363(b) and (f) of the Bankruptcy Code, the Trustee is authorized and empowered to take any and all actions necessary or appropriate to: (i) consummate the Sale of the Purchased Assets to the Purchaser pursuant to and in accordance with the terms and conditions of the Sentiss Purchase Agreement and this Order; (ii) close the Sale as contemplated in the Sentiss Purchase Agreement and this Order; and (iii) execute and deliver, perform under, consummate, implement, and close fully the Sentiss Purchase Agreement, together with all additional instruments and documents that may be reasonably necessary or desirable to implement the Sentiss Purchase Agreement and the Sale.

9

5.     This Order shall be binding in all respects upon the Trustee, the Estates, the Debtors, all creditors of, and holders of equity interests in, the Debtors, any holders of Liens, Claims, or other interests in, against, or on all or any portion of the Purchased Assets (whether known or unknown), the Purchaser and all successors and assigns of the Purchaser, and the Purchased Assets. This Order and the Sentiss Purchase Agreement shall inure to the benefit of the Estates and their creditors, the Purchaser, and the respective successors and assigns of each of the foregoing.

## Transfer of the Purchased Assets

6.     Pursuant to sections 105(a), 363(b), and 363(f) of the Bankruptcy Code, the Trustee is authorized to transfer the Purchased Assets to the Purchaser on the Closing Date (as defined in the Sentiss Purchase Agreement) and, upon the Closing under the Sentiss Purchase Agreement, such transfers shall constitute legal, valid, binding, and effective transfers of such Purchased Assets and shall vest the Purchaser with title to the Purchased Assets and, upon the Trustee's receipt of the full Purchase Price as set forth in the Sentiss Purchase Agreement, shall be free and clear of all Liens, Claims, and other interests of any kind or nature whatsoever, including but not limited to, successor or successor-in-interest liability and Claims, with all such Liens, Claims or other interests to attach to the net cash proceeds ultimately attributable to the property against or in which such Liens, Claims, or interests are asserted, subject to the terms thereof, with the same validity, force and effect, and in the same order of priority, that such Liens, Claims, or interests now have against the Purchased Assets. Upon the Closing, the Purchaser shall take title to and possession of the Purchased Assets free and clear of all such Liens, Claims and interests.

7.     In accordance with the written Sharing Agreement by and among the Trustee, the ABL Agent and TL Agent, as approved by the Court (the "Sharing Agreement"), upon

consummation of the Sale approved hereby, the Trustee is authorized to indefeasibly pay via wire transfer the allowed ABL Claim Amount and allowed TL Claim Amount (as such terms are defined in the Sharing Agreement); provided that if one or more additional Sale transactions must be consummated before full payment of such allowed claims is feasible, then the Trustee is authorized to make such payments as and when such other transactions are consummated.

8.  All persons and entities in possession of some or all of the Purchased Assets on the Closing Date are directed to surrender possession of such Purchased Assets to the Purchaser or its assignee at the Closing. On the Closing Date, each of the Estates' creditors is authorized and directed to execute such documents and take all other actions as may be reasonably necessary to release its Liens, Claims, or other interests in the Purchased Assets, if any, as such Liens, Claims, or interests may have been recorded or may otherwise exist.

9.  On the Closing Date, this Order shall be construed and shall constitute for any and all purposes a full and complete general assignment, conveyance, and transfer of the Estates' interests in the Purchased Assets. Each and every federal, state, and local governmental agency or department is hereby directed to accept any and all documents and instruments necessary and appropriate to consummate the transactions contemplated by the Purchase Agreements.

10. A certified copy of this Order may be filed with the appropriate clerk and/or recorded with the recorder to act to cancel any Liens and other encumbrances of record.

11. If any person or entity that has filed statements or other documents or agreements evidencing Liens on, or interests in, all or any portion of the Purchased Assets shall not have delivered to the Trustee prior to the Closing, in proper form for filing and executed by the appropriate parties, termination statements, instruments of satisfaction, releases of liens and easements, and any other documents necessary for the purpose of documenting the release of all

11

Liens, Claims, or other interests that the person or entity has or may assert with respect to all or any portion of the Purchased Assets, the Trustee is hereby authorized and directed, and the Purchaser is hereby authorized, to execute and file such statements, instruments, releases, and other documents on behalf of such person or entity with respect to the Purchased Assets.

12. This Order is and shall be effective as a determination that, on the Closing Date, all Liens, Claims, or other interests of any kind or nature whatsoever existing as to the Purchased Assets prior to the Closing Date, shall have been unconditionally released, discharged, and terminated, and that the conveyances described herein have been effected. This Order is and shall be binding upon and govern the acts of all persons and entities, including, without limitation, all filing agents, filing officers, title agents, title companies, recorders of mortgages, recorders of deeds, registrars of deeds, administrative agencies, governmental departments, secretaries of state, federal, state and local officials, and all other persons and entities who may be required by operation of law, the duties of their office, or contract, to accept, file, register, or otherwise record or release any documents or instruments, or who may be required to report or insure any title or state of title in or to any lease; and each of the foregoing persons and entities is hereby directed to accept for filing any and all of the documents and instruments necessary and appropriate to consummate the transactions contemplated by the Purchase Agreements.

### Prohibition of Actions against the Purchasers

13. Except as otherwise provided in this Order or the Sentiss Purchase Agreement, the Purchaser shall not have any liability or other obligation to the Estates arising under or related to any of the Purchased Assets. Without limiting the generality of the foregoing, and except as otherwise provided herein or in the Sentiss Purchase Agreements, the Purchasers shall not be liable for any Claims against the Estates, and the Purchasers shall have no successor or vicarious

liabilities of any kind or character, including, but not limited to, under any theory of antitrust, environmental, successor or transferee liability, labor law, de facto merger, mere continuation, or substantial continuity, whether known or unknown as of the Closing Date, now existing or hereafter arising, whether fixed or contingent, whether asserted or unasserted, whether legal or equitable, whether liquidated or unliquidated.

14. All persons and entities holding Liens, Claims, or other interests of any kind or nature whatsoever against or in all or any portion of the Purchased Assets (whether legal or equitable, secured or unsecured, matured or unmatured, contingent or non-contingent, liquidated or unliquidated, senior or subordinate), hereby are forever barred, estopped, and permanently enjoined from asserting against the Purchaser, its Affiliates, their successors or assigns, their property, or the Purchased Assets, such persons' or entities' Liens, Claims, or interests in and to the Purchased Assets, including, without limitation, the following actions: (i) commencing or continuing in any manner any action or other proceeding against the Purchaser, its Affiliates, their successors, assets or properties; (ii) enforcing, attaching, collecting, or recovering in any manner any judgment, award, decree, or order against the Purchaser, its Affiliates, their successors, assets or properties; (iii) creating, perfecting, or enforcing any Lien or other Claim against the Purchaser, its Affiliates, their successors, assets, or properties; (iv) asserting any setoff, right of subrogation, or recoupment of any kind against any obligation due the Purchaser, its Affiliates, or their successors; (v) commencing or continuing any action, in any manner or place, that does not comply or is inconsistent with the provisions of this Order or other orders of the Court, or the agreements or actions contemplated or taken in respect thereof; or (vi) revoking, terminating or failing or refusing to transfer or renew any license, permit, or authorization to operate any of the Purchased Assets or conduct any of the businesses operated with the Purchased Assets. On the Closing Date,

13

each creditor is authorized and directed to execute such documents and take all other actions as may be necessary to release Liens, Claims, and other interests in or on the Purchased Assets, if any, as provided for herein, as such Liens, Claims, or interests may have been recorded or may otherwise exist.

15. All persons and entities are hereby forever prohibited and enjoined from taking any action that would adversely affect or interfere with the ability of the Trustee to sell and transfer the Purchased Assets to the Purchaser in accordance with the terms of the Purchase Agreements and this Order.

16. The Purchaser has given substantial consideration under the Sentiss Purchase Agreement for the benefit of the Estates. The consideration given by the Purchaser shall constitute valid and valuable consideration for the releases of any potential Claims and Liens pursuant to this Order, which releases shall be deemed to have been given in favor of the Purchaser by all holders of Liens against or interests in, or Claims against, the Estates or any of the Purchased Assets. The consideration provided by the Purchaser for the Purchased Assets under the Sentiss Purchase Agreement is fair and reasonable and may not be avoided under section 363(n) of the Bankruptcy Code.

17. Nothing in this Order or the Sentiss Purchase Agreement releases, nullifies, or enjoins the enforcement of any liability to a governmental unit under police and regulatory statutes or regulations that any entity would be subject to as the owner or operator of property after the date of entry of this Order. Nothing in this Order or the Sentiss Purchase Agreement authorizes the transfer or assignment the Purchaser of any license, permit, registration, authorization, or approval of or with respect to a governmental unit without the applicable Purchaser's complying

with all applicable legal requirements under non-bankruptcy law governing such transfers or assignments.

**Other Provisions**

18.     The transactions contemplated by the Sentiss Purchase Agreement are undertaken by the Purchaser without collusion and in good faith, and accordingly, the reversal or modification on appeal of the authorization provided herein to consummate the Sale shall not affect the validity of the Sale, unless such authorization and the Sale to Purchaser is duly stayed pending such appeal. The Purchaser is a good faith buyer and, as such, shall have the full protections of section 363(m) of the Bankruptcy Code.

19.     Pursuant to Federal Rules of Bankruptcy Procedure 7062, 9014, 6004(h), and 6006(d), this Order shall be effective immediately upon entry and the Trustee and the Purchaser are authorized to close the Sale immediately upon entry of this Order.

20.     Nothing in this Order or the Sentiss Purchase Agreement approves or provides for the transfer to the Purchaser of any avoidance claims (whether under chapter 5 of the Bankruptcy Code or otherwise) of the Estates.

21.     No bulk sales law or any similar law of any state or other jurisdiction applies in any way to the Sales.

22.     The failure specifically to reference any particular provision of the Sentiss Purchase Agreement in this Order shall not diminish or impair the effectiveness of such provision, it being the intent of the Court that the Sentiss Purchase Agreement and documents executed in connection therewith or contemplated therein are authorized and approved in their entirety; provided, however, that this Order shall govern if any inconsistency exists between the Sentiss Purchase

15

Agreement (including all ancillary documents executed in connection therewith) and this Order. Likewise, all of the provisions of this Order are nonseverable and mutually dependent.

23. The Sentiss Purchase Agreement and any related agreements, documents, or other instruments may be modified, amended, or supplemented by the parties thereto and in accordance with the terms thereof, without further order of the Court, provided that any such modification, amendment, or supplement does not have a material adverse effect on the Estates.

24. The Court shall retain jurisdiction to, among other things, interpret, implement, and enforce the terms and provisions of this Order and the Sentiss Purchase Agreement, all amendments thereto and any waivers and consents thereunder and each of the agreements executed in connection therewith to which the Trustee is party or which has been assigned by the Trustee to the Purchaser, and to adjudicate, if necessary, any and all disputes concerning or relating in any way to the Sale, including, but not limited to, retaining jurisdiction to: (a) compel delivery of the Purchased Assets to the Purchaser; (b) interpret, implement, and enforce the provisions of this Order; (c) protect the Purchasers against any alleged Liens, Claims, or other interests in or against the Purchased Assets of any kind or nature whatsoever; and (d) enter any orders under sections 363 and/or 365 of the Bankruptcy Code with respect to the Assigned Contracts/Leases.

25. All time periods set forth in this Order shall be calculated in accordance with Bankruptcy Rule 9006(a).

26. To the extent that this Order is inconsistent with any prior order or pleading with respect to the Sale Motion, the terms of this Order shall govern.