# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 7 |
| AKORN HOLDING COMPANY LLC, *et al* [1] | Case No. 23-10253 (KBO) |
| Debtors. | (Jointly Administered) |
| | **Hearing Date:** May 30, 2023 at 11:00 a.m. [Requested] |
| | **Objection Date:** Prior to or at the Hearing [Requested] |

**TRUSTEE'S MOTION FOR ENTRY OF ORDER (A) APPROVING SALE OF CERTAIN INVENTORY, RAW MATERIALS AND EQUIPMENT FREE AND CLEAR OF INTERESTS, AND (B) GRANTING RELATED RELIEF**

George L. Miller, as chapter 7 trustee (the "Trustee") of the estates (the "Estates") of the above-captioned debtors (the "Debtors"), hereby moves (the "Motion") for entry of an order, substantially in the form appended hereto as Exhibit "A": (i) approving and authorizing the sale of certain inventory, raw materials and equipment owned by the Estates free and clear of Interests (as defined herein), and (ii) providing certain related relief. In support of the Motion, the Trustee respectfully states as follows:

## JURISDICTION AND VENUE

1. The United States Bankruptcy Court for the District of Delaware (the "Bankruptcy Court") has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated as of February 29, 2012. This matter is a core proceeding pursuant to 28 U.S.C.

---

[1] The Debtors in these chapter 7 cases, along with the last four digits of their federal tax identification numbers, and cases numbers are Akorn Holding Company LLC (9190), Case No. 23-10253 (KBO); Akorn Intermediate Company LLC (6123), Case No. 23-10254 (KBO); and Akorn Operating Company LLC (6184), Case No. 23-10255. The Debtors' headquarters is located at 5605 CenterPoint Court, Gurnee, IL 60031.

§ 157(b)(2)(m), and pursuant to Local Rule 9013-1(f), the Trustee consents to the entry of a Final Order by the Bankruptcy Court in connection with this Motion to the extent that it is later determined that the Bankruptcy Court, absent the consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution.

## BACKGROUND

### A. Overview

2.  On February 23, 2023 (the "Petition Date"), each of the affiliated Debtors Akorn Holding Company LLC, Case No. 23-10253; Akorn Intermediate Company LLC, Case No. 23-10254 and Akorn Operating Company, LLC, Case No. 23-10255 (collectively the "Bankruptcy Cases") filed a voluntary petition in the Bankruptcy Court for relief under chapter 7 of the Bankruptcy Code.

3.  On or about the Petition Date, the Office of the United States Trustee appointed George L. Miller as the chapter 7 Trustee to the Estates of each of the Debtors.

4.  The Debtors' businesses included developing, manufacturing, and marketing specialty pharmaceuticals, including prescription, consumer health, and animal health products. The Debtors were an industry leader in branded and generic products in alternate dosage forms such as ophthalmics, injectables, oral liquids, topicals, inhalants and nasal sprays. The Debtors operated at numerous locations in the United States, both owned and leased, and were headquartered in Gurnee, Illinois.

### B. Proposed Sale of Inventory, Raw Materials and Equipment

5.  In 2021, Akorn Operating entered into a Manufacturing Agreement with Medtech Products, Inc. ("Medtech"), an affiliate of Prestige Consumer Healthcare, Inc. Under the

2

Manufacturing Agreement, the Debtors agreed to manufacture, and Medtech agreed to purchase, certain drugs pursuant to specifications provided by Medtech.

6. As of the Petition Date, the Estates were in possession of two batches of finished inventory for the drug "Diabetic Tussin DM MaxStr 4 oz" (the "Inventory"). The Estates are also in possession of certain laboratory equipment (C18, UPLC and SCX columns) used in the testing of the Inventory (the "Equipment"). Finally, the Estates are in possession of certain raw materials used in the manufacturing of products for Medtech under the Manufacturing Agreement (the "Raw Materials," and together with the Inventory and Equipment, the "Property").

7. Following arm's length negotiations, the Trustee and Medtech entered into the Bill of Sale attached hereto as Exhibit "B" (the "Bill of Sale"). Subject to the Court's approval, the Trustee has agreed to sell the Property to Medtech (the "Sale") for a purchase price of $263,500.00. (the "Purchase Price"). The Purchase Price is allocable as follows:

   a. Inventory and Raw Materials – $250,000.00

   b. Equipment – $13,500.00

8. The specific Inventory, Equipment and Raw Materials being sold by the Estates are identified in Exhibits B, C and D to the Bill of Sale. *See* Exhibit B, hereto.

9. Although the Trustee was required to conduct a recall of certain products, the Inventory is not subject to the recall.

### SUMMARY OF RELIEF REQUESTED

10. By this Motion, the Trustee respectfully requests entry of an order (i) approving the Bill of Sale and authorizing the Trustee to sell the Property to Medtech free and clear of all Interests (as defined below), with all such Interests to attach to the Purchase Price; and (ii) granting related relief.

## RELIEF REQUESTED AND APPLICABLE AUTHORITY

**I.     In the exercise of his reasonable business judgment, the Trustee requests authority to sell the Property to Medtech outside of the ordinary course of business.**

11.     Section 363(b)(1) of the Bankruptcy Code provides that "[t]he trustee, after notice and a hearing, may use, sell or lease, other than in the ordinary course of business, property of the estate." Courts have held that proposed sales of property pursuant to section 363(b) should be approved upon a finding that the decision to enter into the transaction represents a reasonable business judgment. *See*, *e.g.*, *In re Delaware & Hudson Ry. Co.*, 124 B.R. 169, 176 (Bankr. D. Del. 1991) (holding that a court must be satisfied that there is a "sound business reason" justifying sale of assets); *In re Phoenix Steel Corp.*, 82 B.R. 334, 335 (Bankr. D. Del. 1987) (stating that the elements necessary for approval of a section 363 sale are "that the proposed sale is fair and equitable, that there is a good business reason for completing the sale and the transaction is in good faith").

12.     Sales of property outside of the ordinary course of business may be by private sale. *See* Federal Rule of Bankruptcy Procedure 6004(f)(1).

13.     The Trustee submits that the Sale represents a prudent and proper exercise of his business judgment. The terms of the Bill of Sale are reasonable under the circumstances. The Inventory has a limited shelf life and expiration date which continues to run thereby decreasing its value if not promptly sold. Additionally, unlike the terms of the Manufacturing Agreement, the Bill of Sale provides that the Inventory will be sold "as is, where is," without any warranties or representations.

14.     Finally, the Trustee believes the offer from Medtech is the highest and best offer that the Estates will receive for the Inventory and Raw Materials. The Inventory was specially manufactured for Medtech. Medtech already has established distribution channels to sell the

Inventory, the specifications for how the Inventory was manufactured, and the information required to maintain the product, including inventory history and other information necessary for stability testing required by the FDA or other regulators. Accordingly, the Trustee believes the combined price of $250,000 for the Inventory and Raw Materials is reasonable.

15. With respect to the Equipment, the original purchase price paid by the Debtors is $14,102.40. The agreed-upon pricing with Medtech ($13,500.00) properly accounts for the fact that certain of the Equipment is used.

16. In sum, the Trustee believes that a private sale of the Property to Medtech is in the best interests of the Estates and represents a sound exercise of his business judgment for purposes of section 363(b) of the Bankruptcy Code.

## II.     The Trustee seeks to sell the Property free and clear of all Interests.

17. Section 363(f) of the Bankruptcy Code permits a trustee to sell Property free and clear of any and all liens, claims, interests, charges, and encumbrances (collectively, the "Interests"), with any such Interests in the Property attaching to the proceeds of the sale. Under section 363(f), a trustee may sell all or any part of the debtor's property fee and clear of any and all liens, claims, or interests in such property if: (1) such a sale is permitted under applicable non-bankruptcy law; (2) the party asserting such a lien, claim, or interest consents to such sale; (3) the interest is a lien and the purchase price for the property is greater than the aggregate amount of all liens on the property; (4) the interest is the subject of a bona fide dispute; or (5) the party asserting the lien, claim, or interest could be compelled, in a legal or equitable proceeding, to accept a money satisfaction for such interest.

18. Section 363(f) is drafted in the disjunctive. Thus, the satisfaction of any one of the elements would permit sale of the Inventory free and clear of all Interests in the Property. *See*, *e.g.*, *Citicorp Homeowners Servs., Inc. v. Elliot*, 94 B.R. 343, 345 (E.D. Pa. 1988).

19. First, holders of any Interests should be deemed to consent for purposes of section 363(f)(2) if they fail to object to this Motion. See, *e.g.*, *Hargrave v. Township of Pemberton (In re Tabone, Inc.)*, 175 B.R. 855, 858 (Bankr. D.N.J. 1994) (holding that by not objecting to sale motion, secured creditor was deemed to have consented under section 363(f)(2)); *Pelican Homestead & Sav. Ass'n v. Wooten (In re Gabel)*, 61 B.R. 661, 667 (Bankr. W.D. La. 1985) (same).

20. Regardless of whether the Trustee obtains consent, however, section 363(f)(5) of the Bankruptcy Code allows a trustee to sell property free and clear of Interests when a legal or equitable proceeding exists that would force the lien holder to accept a money satisfaction for its Interest. *See*, *e.g.*, *In re James*, 203 B.R. 449, 453 (Bankr. W.D. Mo. 1997). The Trustee submits that at a minimum, he will satisfy the second and fifth of section 363(f)'s subsections with respect to any Interests that exist upon the Property, if not others as well.

21. Accordingly, the Trustee requests that the Court declare that the Sale will be free and clear of all Interests to the fullest extent permitted under section 363(f), with such Interests attaching to the Purchase Price.

### III. The Trustee requests that Medtech be entitled to the protections of section 363(m) of the Bankruptcy Code.

22. Section 363(m) of the Bankruptcy Code provides as follows:

> The reversal or modification on appeal of an authorization under subsection (b) and (c) of this section of a sale or lease of property does not affect the validity of a sale or lease under such authorization to an entity that purchased or leased such property in good faith, whether or not such entity knew of the pendency of the appeal,

        unless such authorization and such sale or lease were stayed pending appeal.

11 U.S.C. § 363(m).

23.    Pursuant to section 363(m), a good faith purchaser is one who purchases assets for value, in good faith, and without notice of adverse claims. *See In re Mark Bell Furniture Warehouse, Inc.*, 992 F.2d 7, 9 (1st Cir. 1993); *In re Willemain v. Kivitz*, 764 F.2d 1019, 1023 (4th Cir. 1985); *In re Congoleum Corp.*, No. 03-51524, 2007 WL 1428477, at *2 (Bankr. D.N.J. May 11, 2007).

24.    Mindful of this statutory provision, the United States Court of Appeals for the Third Circuit has directed that when a bankruptcy court authorizes a sale of assets pursuant to section 363(b), it is required to make a finding with respect to the "good faith" of the buyer. *See In re Abbotts Dairies of Pennsylvania, Inc.*, 788 F.2d 143, 150 (3d Cir. 1986).

25.    The Trustee submits that the Bill of Sale is the result of arm's length negotiations between the Trustee and Medtech, and believes that the Bill of Sale is not tainted by fraud, collusion, or bad faith.

26.    Accordingly, the Trustee submits that providing Medtech with the "good faith" protections of section 363(m) is warranted.

### IV.    The Trustee requests that the stay of Bankruptcy Rule 6004(h) not apply.

27.    Bankruptcy Rule 6004(h) provides that an "order authorizing the use, sale, or lease of property . . . is stayed until the expiration of 14 days after the entry of the order, unless the court orders otherwise." Fed. R. Bankr. P. 6004(h). The Trustee requests that the Court waive this fourteen day stay, and that the Sale Order be effective immediately.

28.    The purpose of Rule 6004(h) is to provide sufficient time for an objecting party to appeal before an order can be implemented. *See* Advisory Committee Notes to Fed. R. Bankr. P.

6004(h). Although the Rules and the Advisory Committee Notes are silent as to when a court should "order otherwise" and waive the fourteen day stay, the leading bankruptcy treatise suggests that the fourteen day stay period should be eliminated to allow a sale or other transaction to close immediately "where there has been no objection to the procedure." 10 Collier on Bankruptcy 15th Ed. Rev., ¶ 6004.10 at 6004-18 (L. King, 15th rev. ed. 2008). The treatise further provides that if an objection is filed and overruled, and the objecting party informs the court of its intent to appeal, the stay may be reduced to the amount of time actually necessary to file such appeal.

29. As described above, the Trustee wishes to complete the Sale expeditiously. Consequently, a waiver of the Rule 6004(h) stay is in the Estates' best interests.

## NOTICE

30. Notice of this Motion together with a copy of the Motion will be given to the following parties (the "Notice Parties"): (a) the Office of the United States Trustee; (b) Medtech; (c) the Debtors' counsel; (d) the Debtors' pre-petition secured lenders with names and addresses appearing in Schedule D of the Schedules of Assets and Liabilities prepared by the Debtors; (e) the ABL Administrative Agent, (f) the TL Administrative Agent, (g) known counsel to the ABL Lenders; (h) known counsel for TL Lenders; (i) known counsel to any other Lenders; (j) largest thirty (30) unsecured creditors with names and addresses appearing in Schedule F of the Schedules of Assets and Liabilities prepared by the Debtors; and (k) all parties who have requested notice pursuant to Federal Rule of Bankruptcy Procedure 2002. The Trustee submits that, in light of the nature of the relief requested, no other or further notice need be given.

## **CONCLUSION**

WHEREFORE, the Trustee respectfully requests that the Court enter an order granting the relief requested by this Motion, as well as any additional relief as is just and proper.

Dated: May 19, 2023

COZEN O'CONNOR

By: */s/ John T. Carroll, III*
John T. Carroll, III (DE No. 4060)
Simon E. Fraser (DE No. 5335)
1201 N. Market Street
Suite 1001
Wilmington, DE 19801
(302) 295-2000 Phone
(302) 295-2013 Fax No.
jcarroll@cozen.com
sfraser@cozen.com

David R. Doyle (IL ARDC 6303215)
(Admitted in IL/Not admitted in DE)
123 N. Wacker Drive, Suite 1800
Chicago, IL 60606
Telephone: (312) 474-1648
Facsimile: (312) 382-8910
daviddoyle@cozen.com

*Counsel to George L. Miller, Chapter 7 Trustee*