# EXHIBIT B

## BILL OF SALE

This Bill of Sale (this "**Bill of Sale**"), dated as of May 4, 2023 is made by George L. Miller, in his capacity as the Chapter 7 Trustee (the "**Seller**") of the bankruptcy estates (the "**Estates**") of Akorn Holding Company LLC, Akorn Intermediate Company LLC, and Akorn Operating Company LLC (together, the "**Debtors**") in favor of and for the benefit of Medtech Products Inc., a Delaware corporation (the "**Buyer**").

### BACKGROUND

1.  <u>Conveyance</u>. Subject to and upon the entry of an order of the Bankruptcy Court substantially in the form and substance of **Exhibit A** (the "**Sale Order**"), and for good and valuable consideration in the aggregate amount of $263,500.00 (the "**Purchase Price**") pursuant to the payment terms herein, the adequacy of which Seller hereby acknowledges, Seller hereby irrevocably sells, assigns, transfers, conveys, grants, bargains, and delivers to Buyer, all of the Estates' right, title and interest in and to: (i) the finished goods set forth on **Exhibit B** attached hereto (the "**Finished Goods**"), the equipment set forth on **Exhibit C** attached hereto (the "**Equipment**"), and (iii) the raw materials set forth on **Exhibit D** hereto (the "**Raw Materials**," and together with the Finished Goods and the Equipment, the "**Goods**"). For the avoidance of doubt, Seller and Buyer hereby acknowledge and agree that the Goods conveyed pursuant to this Bill of Sale are *not* subject to and are *not* being sold, assigned, transferred, conveyed or otherwise disposed of pursuant to any agreement, purchase order, statement of work or understanding, whether written or verbal, between the parties hereto, other than this Bill of Sale, the Purchase Price is not subject to a right of setoff or recoupment of the Buyer, and no other agreement or contract governs the terms of this sale.

2.  <u>Disclaimer of Seller Warranties</u>. BUYER ACKNOWLEDGES THAT THE SALE OF THE GOODS IS "AS IS, WHERE IS." NOTWITHSTANDING ANY WARRANTY OR COVENANT MADE IN ANY OTHER AGREEMENT, SELLER MAKES NO REPRESENTATION OR WARRANTY WHATSOEVER WITH RESPECT TO THE GOODS, INCLUDING ANY (a) WARRANTY OF MERCHANTABILITY; (b) WARRANTY OF FITNESS FOR A PARTICULAR PURPOSE; (c) WARRANTY OF TITLE; OR (d) WARRANTY AGAINST INFRINGEMENT OF INTELLECTUAL PROPERTY RIGHTS OF A THIRD PARTY; WHETHER ARISING BY LAW, COURSE OF DEALING, COURSE OF PERFORMANCE, USAGE OF TRADE OR OTHERWISE. BY ACCEPTING THIS BILL OF SALE, BUYER ACKNOWLEDGES THAT IT HAS NOT RELIED ON ANY REPRESENTATION OR WARRANTY MADE BY SELLER, OR ANY OTHER PERSON ON SELLER'S BEHALF, EXCEPT AS SPECIFICALLY PROVIDED HEREIN.

3.  <u>Motion for Entry of Sale Order</u>. Seller shall promptly file a motion (a "**Sale Motion**") in the Bankruptcy Court requesting entry of the Sale Order. Among other relief, Seller shall request in the Sale Motion that the Bankruptcy Court order that the sale of the Goods is free and clear of all liens, claims, interests and encumbrances to the fullest extent permitted pursuant to section 363(f) of the Bankruptcy Code. If the Bankruptcy Court denies Seller's request to approve the sale of the Goods to the Buyer, then this Bill of Sale is void and of no force or effect.

4.  <u>Payment of Purchase Price</u>. Upon entry of the Sale Order, the Buyer shall pay the Purchase Price to the Seller by wire transfer of immediately available funds to an account or accounts designated in writing by Seller. Buyer shall be responsible picking up, shipment and delivery of the Goods, at its own cost, expense and risk.

5.  <u>Permits and Licenses</u>. Buyer represents and warrants to Seller that Buyer has all rights, permits, certificates, licenses, franchises, approvals and other authorizations as are reasonably necessary

to purchase, take possession of, own, use, or store the Goods, at the applicable places or place of business, or other designated location.  Notwithstanding anything contained in this Bill of Sale to the contrary, Buyer acknowledges and agrees that neither Seller, nor any of its affiliates or any other person is making any representations or warranties whatsoever, express or implied, in connection with the conveyance of the Goods, including without limitation as to the probable success or profitability of the ownership, use or operation of the Goods after the date of this Bill of Sale.

6. <u>Further Assurances</u>. Subject to paragraph 2 of this Bill of Sale, Seller for itself, its successors and assigns, hereby covenants and agrees that, at any time prior to the closing of Debtors' jointly administered bankruptcy cases, on Buyer's written request, Seller will do, execute, acknowledge, and deliver or cause to be done, executed, acknowledged, and delivered, all such further acts, deeds, assignments, transfers, conveyances, powers of attorney, and assurances as may be reasonably required by Buyer in order to assign, transfer, set over, convey, assure, and confirm unto and vest in Buyer, its successors and assigns, title to the assets sold, conveyed, and transferred by this Bill of Sale; *provided, however*, that Buyer shall bear all costs associated with foregoing actions of Seller, undertaken at the written request of Buyer.

7. <u>Governing Law</u>. This Bill of Sale is governed by, and construed in accordance with, the laws of the State of Delaware, United States of America, without regard to the conflict of laws provisions thereof to the extent such principles or rules would require or permit the application of the laws of any jurisdiction other than those of the State of Delaware.

8. <u>Counterparts</u>. This Bill of Sale may be executed in counterparts, each of which shall be deemed an original, but all of which together shall be deemed to be one and the same agreement. A signed copy of this Bill of Sale delivered by facsimile, e-mail, or other means of electronic transmission shall be deemed to have the same legal effect as delivery of an original signed copy of this Bill of Sale.

[SIGNATURE PAGE FOLLOWS]

IN WITNESS WHEREOF, Seller has caused this Bill of Sale to be duly executed and delivered on the date first set forth above.

**SELLER**:

GEORGE L. MILLER, AS TRUSTEE FOR THE ESTATES AKORN HOLDING COMPANY LLC, AKORN INTERMEDIATE COMPANY LLC AND AKORN OPERATING COMPANY LLC

By: _____
Name: George L. Miller
Title: Trustee


**BUYER**:

MEDTECH PRODUCTS INC.

By: _____
Name: Jeffrey Zerillo
Title: SVP of Operations

**EXHIBIT A**

**Sale Order**

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 7 |
| AKORN HOLDING COMPANY LLC, *et al.*[1] | Case No. 23-10253 (KBO) |
| Debtors. | (Jointly Administered) |

**ORDER GRANTING TRUSTEE'S MOTION FOR ENTRY OF ORDER (A) APPROVING SALE OF CERTAIN INVENTORY, RAW MATERIALS AND EQUIPMENT FREE AND CLEAR OF INTERESTS, AND (B) GRANTING RELATED RELIEF**

This matter coming before the Court on the *Trustee's Motion for Entry of Order (A) Approving Sale of Certain Inventory and Equipment Free and Clear of Interests and (B) Granting Related Relief* (the "Motion," and all undefined terms herein having the meanings ascribed to them in the Motion); adequate and sufficient notice of the Motion having been provided by the Trustee; all interested parties having been afforded an opportunity to be heard with respect to the Motion and all relief related thereto; the Court having reviewed and considered the Motion and all relief related thereto; it appearing that the Court has jurisdiction over this matter, and it further appearing that the legal and factual bases set forth in the Motion and at the Sale Hearing establish just cause for the relief granted herein; and after due deliberation, and good and sufficient cause appearing,

**THE COURT HEREBY ORDERS AS FOLLOWS:**

1. The relief requested in the Motion is granted.

2. The terms of the Bill of Sale are approved in all respects. The Trustee is authorized to execute the Bill of Sale.

---

[1] The Debtors in these chapter 7 cases, along with the last four digits of their federal tax identification numbers, and cases numbers are Akorn Holding Company LLC (9190), Case No. 23-10253 (KBO); Akorn Intermediate Company LLC (6123), Case No. 23-10254 (KBO); and Akorn Operating Company LLC (6184), Case No. 23-10255. The Debtors' headquarters is located at 5605 CenterPoint Court, Gurnee, IL 60031.

3. The sale of the Property to Medtech pursuant to the Bill of Sale: (i) is authorized pursuant to section 363(b) of the Bankruptcy Code, (ii) is free and clear and all interests, liens, claims, rights, and encumbrances pursuant to section 363(f) of the Bankruptcy Code, and (iii) is in good faith pursuant to section 363(m) of the Bankruptcy Code.

4. Medtech has acted in good faith with respect to the Sale for purposes of section 363(m) of the Bankruptcy Code.

5. Notwithstanding the foregoing, valid liens against the Property shall attach to the proceeds of the Sale in their relative order of priority and the Purchase Price shall be retained by the Trustee pending further order of this Court.

6. The Trustee is authorized to take any and all actions necessary or appropriate to consummate the sale of the Property pursuant to the terms of the Bill of Sale and in accordance with the Motion, the Bill of Sale and this Order.

7. The Court shall retain jurisdiction over the parties to the Bill of Sale and the subject matter thereof in order to interpret or enforce all provisions of this Order and the Bill of Sale.

8. Notice of the Motion as provided by the Trustee is approved, and further notice of the Motion is hereby waived for cause shown pursuant to Bankruptcy Rule 2002(a)(2).

9. This Order shall be effective immediately and enforceable upon its entry. For cause shown, the stay imposed by Bankruptcy Rule 6004 is hereby waived.

**ENTERED:**

Date: _____

_____
United States Bankruptcy Judge

**EXHIBIT B**

Finished Goods

Diabetic Tussin DM MaxStr 4 oz – Akorn Lot No. 382723
Diabetic Tussin DM MaxStr 4 oz – Akorn Lot No. 383195

**EXHIBIT C**

Equipment

| Make | Model | Dimensions | Part No. | Serial 1 | Serial 2 |
|---|---|---|---|---|---|
| Waters | µBondapak C18 10µ 125Å | 3.9 X 300 mm | WAT027324 | # 02393228723891 | # 0239322872 |
| Waters | µBondapak C18 10µ 125Å | 3.9 X 300 mm | WAT027324 | # 02393223813629 | # 0239322381 |
| Waters | µBondapak C18 10µ 125Å | 3.9 X 300 mm | WAT027324 | # 02393218213619 | # 0239321821 |
| Waters | µBondapak C18 10µ 125Å | 3.9 X 300 mm | WAT027324 | # 02393223813630 | # 0239322381 |
| Waters | µBondapak C18 10µ 125Å | 3.9 X 300 mm | WAT027324 | # 02393228723889 | # 0239322872 |
| Waters | µBondapak C18 10µ 125Å | 3.9 X 300 mm | WAT027324 | # 02393223813641 | # 0239322381 |
| Waters | µBondapak C18 10µ 125Å | 3.9 X 300 mm | WAT027324 | # 02393223813636 | # 0239322381 |
| Waters | µBondapak C18 10µ 125Å | 3.9 X 300 mm | WAT027324 | # 02393218823866 | # 0239321882 |
| Waters | µBondapak C18 10µ 125Å | 3.9 X 300 mm | WAT027324 | # 02393222313848 | # 0239322231 |
| Waters | µBondapak C18 10µ 125Å | 3.9 X 300 mm | WAT027324 | # 02393222313886 | # 0239322231 |
| Waters | µBondapak C18 10µ 125Å | 3.9 X 300 mm | WAT027324 | # 02393223813615 | # 0239322381 |
| Waters | Aquity UPLC HSS T3 1.8 µm | 2.1 X 100 mm | 186003539 | # 02773218235161 | # 0277321823 |
| Waters | Aquity UPLC HSS T3 1.8 µm | 2.1 X 100 mm | 186003539 | # 02843229915136 | # 0284322991 |
| Waters | Aquity UPLC HSS T3 1.8 µm | 2.1 X 100 mm | 186003539 | # 02843229915176 | # 0284322991 |
| Waters | Aquity UPLC HSS T3 1.8 µm | 2.1 X 100 mm | 186003539 | # 02773218235150 | # 0277321823 |
| Grace | Altima C8 | 4.6mm X 150 mm | 88073 | # 613080426 | # 50583850 |
| Supelco | Partisil 10 SCX | 25 cm X 4.4 mm X 10 µm | 50197-U | T6515 | S7216 |
| Supelco | Partisil 10 SCX | 25 cm X 4.4 mm X 10 µm | 50197-U | C3121 | S16241 |

4

**EXHIBIT D**

Raw Material

| Item_Desc | Lot_No | Qty_on_Hand | lot_exp_date |
|---|---|---|---|
| NAT. & ART. RASPBERRY FLAVOR    (709-287) | 52241764 | 537.084 | 12/5/2023 |
| NAT. & ART. RASPBERRY FLAVOR    (709-287) | 52241764 | 319.356 | 12/5/2023 |
| NAT. & ART. RASPBERRY FLAVOR    (709-287) | 52241866 | 435.456 | 1/6/2024 |
| NAT. & ART. RASPBERRY FLAVOR    (709-287) | 52241866 | 653.184 | 1/6/2024 |
| Acesulfame Potassium, NF | 52241023 | 276.755 | 2/15/2026 |
| HYPROMELLOSE, USP         (METHOCEL E4M PREMIUM) | 52241348 | 71.15 | 7/10/2027 |
| HYPROMELLOSE, USP         (METHOCEL E4M PREMIUM) | 52241857 | 99.826 | 7/10/2027 |
| HYPROMELLOSE, USP         (METHOCEL E4M PREMIUM) | 52241858 | 899.775 | 7/12/2027 |