IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>AKORN HOLDING COMPANY LLC, *et al.*[1]<br><br>Debtors. | Chapter 7<br><br>Case No. 23-10253 (KBO)<br><br>(Jointly Administered) |

**TRUSTEE'S MOTION TO SHORTEN NOTICE PERIOD AND SCHEDULE
EXPEDITED HEARING REGARDING TRUSTEE'S MOTION FOR ENTRY
OF ORDER (A) APPROVING SALE OF CERTAIN INVENTORY,
RAW MATERIALS AND EQUIPMENT FREE AND CLEAR OF
INTERESTS, AND (B) GRANTING RELATED RELIEF**

George L. Miller, in his capacity as the chapter 7 trustee (the "Trustee") for the estates (the "Estates") of the above-captioned debtors (the "Debtors"), respectfully files this Motion for entry of an order shortening the notice period and scheduling an expedited hearing (the "Motion to Shorten") with respect to the relief requested in the *Trustee's Motion for Entry of Order (A) Approving Sale of Certain Inventory, Raw Materials and Equipment Free and Clear of Interests, and (B) Granting Related Relief* (the "Motion"),[2] pursuant to Rule 9006(c)(1) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Rules 9006-1(c)(i), 9006-1(e), and 6004-1(c) of the Local Rules of Bankruptcy Practice and Procedure for the United States Bankruptcy Court for the District of Delaware (the "Local Rules"). In support of this Motion to Shorten, the Trustee respectfully states:

---

[1] The Debtors in these chapter 7 cases, along with the last four digits of their federal tax identification numbers, and cases numbers are Akorn Holding Company LLC (9190), Case No. 23-10253 (KBO); Akorn Intermediate Company LLC (6123), Case No. 23-10254 (KBO); and Akorn Operating Company LLC (6184), Case No. 23-10255. The Debtors' headquarters is located at 5605 CenterPoint Court, Gurnee, IL 60031.

[2] Capitalized terms not defined in this Motion to Shorten shall have the meanings provided in the Motion.

LEGAL\63757910\1

**Background**

1. As described in the Motion, Debtor Akorn Operating Company LLC ("Akorn Operating") was party to a Manufacturing Agreement with Medtech Products, Inc. ("Medtech"). Under the Manufacturing Agreement, Akorn Operating agreed to manufacture, and Medtech agreed to purchase, certain drugs pursuant to specifications provided by Medtech, including the drug "Diabetic Tussin DM MaxStr 4 oz" ("Diabetic Tussin").

2. The Estates are in possession of two batches of finished inventory of Diabetic Tussin (the "Inventory"), as well as certain laboratory equipment (C18, UPLC and SCX columns) used in the testing of the Inventory (the "Equipment"). In addition, the Estates are in possession of certain raw materials used in the manufacturing of products for Medtech under the Manufacturing Agreement (the "Raw Materials," and together with the Inventory and Equipment, the "Property").

3. After engaging in arms' length negotiations, the Trustee has agreed to sell the Property to Medtech in return for a Purchase Price of $263,500.00. In the Motion, the Trustee requests, among other relief, that the Court enter an order approving the sale of the Property free and clear of all liens, claims and encumbrances.

**RELIEF REQUESTED AND BASIS FOR RELIEF**

4. By this Motion to shorten, the Trustee respectfully requests entry of an order shortening the notice period and scheduling an expedited hearing for consideration of the Motion at the Bankruptcy Court's earliest convenience and establishing a corresponding shortened deadline for objections, if any, to the Motion.

5. Local Rule 9006-1(c) provides, "Unless the Fed. R. Bankr. P. or these Local Rules state otherwise, all motion papers shall be filed and served in accordance with Local Rule 2002-

1(b) at least fourteen (14) days prior to the hearing date." Del. Bankr. L.R. 9006-1(c)(i). Pursuant to Bankruptcy Rule 9006(c)(1), the Court may, for cause shown, shorten the otherwise applicable notice period ("when an act is required or allowed to be done at or within a specified time by these rules or by a notice given thereunder or by order of court, the court for cause shown may in its discretion with or without motion or notice order the period reduced"). This authorization is also expressed in Local Rule 9006-1(e), which provides that the Court may shorten the notice period "on written motion (served on all interested parties) specifying the exigencies justifying shortened notice." Local Rule 9006-1(e).

6. The Trustee believes that cause exists to shorten the applicable notice and objection periods. The Inventory has a limited shelf-life and, upon information and belief, is already at least three (3) months into this period. The parties desire to consummate the transaction contemplated in the Motion as quickly as possible in order to preserve the Inventory's value for the benefit of the Estates and their creditors. Given the circumstances, shortened notice is fair and adequate.

7. Notice of this Motion together with a copy of the Motion will be given to the following parties (the "Notice Parties"): (a) the Office of the United States Trustee; (b) Medtech; (c) the Debtors' counsel; (d) the Debtors' pre-petition secured lenders with names and addresses appearing in Schedule D of the Schedules of Assets and Liabilities prepared by the Debtors; (e) the ABL Administrative Agent, (f) the TL Administrative Agent, (g) known counsel to the ABL Lenders; (h) known counsel for TL Lenders; (i) known counsel to any other Lenders; (j) largest thirty (30) unsecured creditors with names and addresses appearing in Schedule F of the Schedules of Assets and Liabilities prepared by the Debtors; and (k) all parties who have requested notice pursuant to Federal Rule of Bankruptcy Procedure 2002. The Trustee submits that, in light of the nature of the relief requested, no other or further notice need be given.

8. If the Bankruptcy Court grants this Motion to Shorten, a copy of the entered order approving this Motion to Shorten shall be served on the Notice Parties.

## **CONCLUSION**

WHEREFORE, the Trustee respectfully requests that the Court enter an order granting the relief requested by this Motion to Shorten, as well as any additional relief as is just and proper.

Dated:  May 19, 2023                                       COZEN O'CONNOR

By: */s/ John T. Carroll, III*
John T. Carroll, III (DE No. 4060)
Simon E. Fraser (DE No. 5335)
1201 N. Market Street
Suite 1001
Wilmington, DE  19801
(302) 295-2000 Phone
(302) 295-2013 Fax No.
jcarroll@cozen.com
sfraser@cozen.com

David R. Doyle (IL ARDC 6303215)
(Admitted in IL/Not admitted in DE)
123 N. Wacker Drive, Suite 1800
Chicago, IL  60606
Telephone:  (312) 474-1648
Facsimile: (312) 382-8910
daviddoyle@cozen.com

*Counsel to George L. Miller, Chapter 7 Trustee*