IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>AKORN HOLDING COMPANY LLC, *et al.*[1]<br><br>Debtors. | Chapter 7<br><br>Case No. 23-10253 (KBO)<br><br>(Jointly Administered)<br><br>Re D.I. ~~___~~ 147 |

**ORDER GRANTING TRUSTEE'S MOTION FOR APPROVAL OF SHARING AGREEMENT AND CARVE-OUT WITH LENDERS, AND RELATED RELIEF**

Upon consideration of the *Trustee's Motion for Approval of Sharing Agreement and Carve-Out With Lenders, and Related Relief* (the "Motion"),[2] the Court having reviewed the Motion and having heard the statements of counsel in support of the requested relief at a hearing on the Motion; the Court finding that the relief requested in the Motion is in the best interests of the Debtors' estates, creditors, and other parties in interest; notice of the Motion and the hearing having been appropriate under the circumstances; and after due deliberation and cause appearing therefor

IT IS HEREBY ORDERED THAT:

1. The Motion is GRANTED as set forth herein.

2. The Sharing Agreement attached hereto as Exhibit "1" (the "Sharing Agreement"), ~~and~~ incorporated herein, and as amended by this Order is hereby APPROVED.

---

[1] The Debtors in these chapter 7 cases, along with the last four digits of their federal tax identification numbers, and cases numbers are Akorn Holding Company LLC (9190), Case No. 23-10253 (KBO); Akorn Intermediate Company LLC (6123), Case No. 23-10254 (KBO); and Akorn Operating Company LLC (6184), Case No. 23- 10255. The Debtors' headquarters is located at 5605 CenterPoint Court, Gurnee, IL 60031.

[2] Unless otherwise defined herein, capitalized terms shall have the meanings given in the Motion.

3. The Trustee is authorized to take any and all actions necessary to implement the Sharing Agreement in accordance with the terms and conditions set forth in the Sharing Agreement.

4. The Debtors are indebted to the ABL Lenders in the aggregate amount of the ABL Claim Amount.  The ABL Pre-Petition Obligations constitute legal, valid, binding obligations of the Estates, enforceable in accordance with their terms, and such claims shall be allowed in the Bankruptcy Cases.  Such claims are secured by the ABL Prepetition Liens.  The ABL First Priority Pre-Petition Liens are valid, enforceable, perfected, and non-avoidable first-priority security interests and liens on the ABL First Priority Collateral, and the ABL Second Priority Pre-Petition Liens are valid, enforceable, perfected, and non-avoidable second-priority security interests and liens on the ABL Second Priority Collateral.

5. The Debtors are indebted to the TL Lenders in the aggregate amount of the TL Claim Amount.  The TL Pre-Petition Obligations constitute legal, valid, binding obligations of the Estates, enforceable in accordance with their terms, and such claims shall be allowed in the Bankruptcy Cases.  Such claims are secured by the TL Prepetition Liens.  The TL First Priority Pre-Petition Liens are valid, enforceable, perfected, and non-avoidable first-priority security interests and liens on the TL First Priority Collateral, and the TL Second Priority Pre-Petition Liens are valid, enforceable, perfected, and non-avoidable second-priority security interests and liens on the TL Second Priority Collateral.

6. The terms and provisions of this Order and the Sharing Agreement shall (i) be binding upon and inure to the benefit of the ABL Agent, the TL Agent, the Lenders, the Trustee, the Debtors, all creditors and equity interest holders of the Debtors, all other parties in interest, and all of their respective successors and assigns (including any trustee hereafter appointed or

elected under the Bankruptcy Code for the estate of any of the Debtors or any other fiduciary appointed as a legal representative of any of the Debtors or with respect to the property of the estate of any of the Debtors) and (ii) bind any trustee hereafter appointed for the estate of any of the Debtors, under any chapter of the Bankruptcy Code.

7.  Notwithstanding any provisions in this Order or the Sharing Agreement, this Order and the Sharing Agreement shall not interfere, limit or bar the apportionment and distribution of proceeds between the Estates and Ethypharm S.A.S. ("Ethypharm") that are the subject of the *Order Granting Trustee's Motion for Entry of an Order Extending Time to Assume or Reject Executory Contracts and Unexpired Leases of Personal Property Pursuant to 11 U.S.C. § 365(d)(1)* (the "Rejection Order") [D.I. 119].  Proceeds from all, or any portion of, the Products (as defined in the Rejection Order) presently in the Trustee's possession that are sold by the Trustee shall be apportioned between the Estates and Ethypharm and distributed to Ethypharm pursuant to the terms of the Ethypharm Contracts (as defined in the Rejection Order).

8.  Notwithstanding anything to the contrary in this Order, the Motion, or the Sharing Agreement, nothing shall impair or adversely affect the United States of America's rights, claims, and defenses, including, but not limited to, setoff and recoupment, against the Estates' assets and all such rights, claims and defenses against the Estate' assets shall be preserved in their entirety; provided, however, that prior to the exercise of any such rights (including, but not limited to, setoff and recoupment), the United States of America must obtain any required relief from the automatic stay upon proper motion and notice in accordance with the Bankruptcy Code, Bankruptcy Rules, and Local Rules and nothing in this paragraph shall limit the right of any party in interest to challenge the underlying rights, claims, and defenses, including, but not limited to, setoff and recoupment of the United States of America, or any other relief requested

3

by the United States of America, including the right under applicable law to any requested setoff and recoupment.

9. The Sharing Agreement is hereby amended to resolve the Limited Objection of E.L. Pruitt Co. to Trustee's Motion for Approval of Sharing Agreement and Carve-Out with Lenders and Related Relief [Filed 5/18/2023; Docket No. 201] (the "E.L. Pruitt Objection") as follows:

(a) Paragraph J is amended to read "WHEREAS, the ABL Pre-Petition Liens are (i) valid, binding, perfected, enforceable liens, including all post-petition proceeds, products, offspring, rents and profits thereof; (ii) not subject to avoidance, recharacterization, reduction, disallowance, impairment or subordination under the Bankruptcy Code or applicable non-bankruptcy law; and (iii) subject and subordinate only to (A) the Carve-Out Amount (as defined below) (and, with respect to the ABL Second Priority Collateral, to the TL First Priority Pre-Petition Liens (as defined below) and (B) any valid, perfected and unavoidable senior priority liens in existence as of the Petition Date or any valid, unavoidable lien that is senior in priority upon perfection after the Petition Date pursuant to generally applicable law as provided for in 11 U.S.C. 546(b) against the ABL First Priority Collateral, ABL Second Priority Collateral or Specified Real Estate Collateral."

(b) Paragraph P is amended to read "WHEREAS, the TL Pre-Petition Liens are (i) valid, binding, perfected, enforceable liens, including all post-petition proceeds, products, offspring, rents and profits thereof, (ii) not subject to avoidance, recharacterization, reduction, disallowance, impairment or subordination under the Bankruptcy Code or applicable non-bankruptcy law, and (iii) subject and subordinate only to (A) the Carve-Out Amount (as defined below) (and, with respect to the ABL Second Priority Collateral, to the TL First Priority Pre-Petition Liens (as defined below) and (B) any valid, perfected and unavoidable senior priority liens in existence as of the Petition Date or any valid, unavoidable lien that is senior in priority upon perfection after the Petition Date pursuant to generally applicable law as provided for in 11 U.S.C. 546(b) against the TL First Priority Collateral, TL Second Priority Collateral or Specified Real Estate Collateral."

10. ~~7.~~ This Order shall take effect and be fully enforceable immediately upon entry. Notwithstanding any Bankruptcy Rule or other applicable law, there shall be no stay of execution or effectiveness of this Order.

# Exhibit 1

## Sharing Agreement