**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 7 |
| | Case No. 23-10253 (KBO) |
| AKORN HOLDING COMPANY LLC, *et al.*, | (Jointly Administered) |
| Debtors. | Related Doc. Nos. 106, 137 |

**DECLARATION OF TEVA PHARMACEUTICALS, INC. IN SUPPORT OF TRUSTEE'S MOTION FOR ENTRY OF (I) AN ORDER (A) APPROVING BIDDING PROCEDURES IN CONNECTION WITH SALE OF SUBSTANTIALLY ALL OF THE ESTATES' ASSETS, (B) SCHEDULING AN AUCTION AND HEARING TO CONSIDER THE PROPOSED SALE, AND (C) APPROVING THE FORM AND MANNER OF NOTICE THEREOF; AND (II) AN ORDER (A) APPROVING THE SALE, (B) AUTHORIZING THE ASSUMPTION AND ASSIGNMENT OF EXECUTORY CONTRACTS AND <u>UNEXPIRED LEASES, AND (C) GRANTING CERTAIN RELATED RELIEF</u>**

I, Leetal Weissberg, pursuant to 28 U.S.C. §1746, declare under penalty of perjury under the laws of the United States of America that the following is true and correct:

1.      I am the Senior Director of Corporate Development of Teva Pharmaceuticals, Inc. ("Teva"), the proposed purchaser of certain Purchased Assets[1] from Debtors' Estates.  Unless otherwise stated herein, I have personal knowledge of the facts set forth in this Declaration.

2.      I submit this Declaration in support of the Trustee's Motion for Entry of (I) an Order (A) Approving Bidding Procedures in Connection With Sale of Substantially all of the Estates' Assets, (B) Scheduling an Auction and Hearing to Consider the Proposed Sale and (C) Approving the Form and Manner of Notice Thereof; and (II) an Order (A) Approving the Sale, (B)

---

[1] "Purchased Assets" shall have the meaning set forth in that certain Asset Purchase Agreement dated as of May ___, 20 (the "APA") by and between Purchaser and George L. Miller, Chapter 7 Trustee of Debtors' estates ("Trustee").

Authorizing the Assumption and Assignment of Executory Contracts and Unexpired Leases, and (C) Granting Certain Related Relief (the "Sale Motion") [D.I. 106].[2]

3.      Teva was a Qualified Bidder and attended the Auction through its representatives and/or professionals.  Teva was selected as the Successful Bidder for the Purchased Assets.

4.       Teva did not engage in any collusion with respect to the bidding at the Auction or the sale of any assets at the Auction.

5.      Teva and the Trustee (together, the "Parties"), through their respective representatives and/or professionals, engaged in arm's length negotiations with respect to the Purchased Assets, and agreed to the terms set forth in the APA, a true and correct copy of which has been, or will be, filed with the Court. The Parties' negotiations were in no way tainted by collusion, fraud, or bad faith.

6.      The Parties have not, and will not, exchange any consideration other than as set forth in the Purchase Agreement. The consideration as set forth in the APA represents fair and reasonable value being paid for the Purchased Assets.

7.      Pursuant to the Sale Motion, the Trustee requests that the Court approve the Sale and, *inter alia*, find that the Purchaser is a "good faith" purchaser entitled to the protections afforded to good faith purchasers under 11 U.S.C. §363(m).

8.      To the best of my knowledge, information and belief, except in connection with arm's length negotiations relating to Auction for the Purchased Assets, the Purchaser has no connections with the Trustee, the Debtor, the Debtor's creditors[3], the Debtor's employees, other

---

[2]      Capitalized terms not otherwise defined herein shall have the meanings provided in the Sale Motion.

[3]      Certain of Purchaser's affiliates are creditors in these cases but were not involved in the purchase or the product line subject to the purchase.

professionals, the United States Trustee, any persons employed in the Office of the United States

Trustee, or any other party in interest.

I declare under penalty of perjury under the laws of the United States of America that the

foregoing is true and correct.

Executed on this  24  day of May, 2023.

_____

Leetal Weissberg
Senior Director of Corporate Development

3