## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 7 |
| AKORN HOLDING COMPANY LLC, *et al.*[1] | Case No. 23-10253 (KBO) (Jointly Administered) |
| Debtors. | **Re D.I. 106, 137, 273** |

**PURCHASERS' DECLARATIONS IN SUPPORT OF TRUSTEE'S MOTION FOR ENTRY OF (I) AN ORDER (A) APPROVING BIDDING PROCEDURES IN CONNECTION WITH SALE OF SUBSTANTIALLY ALL OF THE ESTATES' ASSETS, (B) SCHEDULING AN AUCTION AND HEARING TO CONSIDER THE PROPOSED SALE, AND (C) APPROVING THE FORM AND MANNER OF NOTICE THEREOF; AND (II) AN ORDER (A) APPROVING THE SALE, (B) AUTHORIZING THE ASSUMPTION AND ASSIGNMENT OF EXECUTORY CONTRACTS AND <ins>UNEXPIRED LEASES, AND (C) GRANTING CERTAIN RELATED RELIEF</ins>**

### DECLARATION INDEX
### HIKMA CONSORTIUM MASTER ASSET PURCHASE AGREEMENT
### [FILED 5/26/2023; DOCKET NO. 273]

| | |
|---|---|
| 1 | Hikma Pharmaceuticals USA Inc. |
| 2 | Alcon Pharmaceuticals LTD |
| 3 | Aurobindo Pharma USA, Inc. |
| 4 | Chartwell RX Sciences LLC |
| 5 | Epic Pharma LLC |
| 6 | Mission Pharmacal Company |
| 7 | PAI Holdings LLC d/b/a Pharmaceutical Associates, Inc. |
| 8 | Saptalis Pharmaceuticals, LLC |
| 9 | Sentiss AG |
| 10 | Stira Pharmaceuticals, LLC |

---

[1] The Debtors in these chapter 7 cases, along with the last four digits of their federal tax identification numbers, and cases numbers are Akorn Holding Company LLC (9190), Case No. 23-10253 (KBO); Akorn Intermediate Company LLC (6123), Case No. 23-10254 (KBO); and Akorn Operating Company LLC (6184), Case No. 23- 10255. The Debtors' headquarters is located at 5605 CenterPoint Court, Gurnee, IL 60031.

Dated: May 26, 2023                    COZEN O'CONNOR


                                       */s/ John T. Carroll III*
                                       John T. Carroll, III (DE No. 4060)
                                       Simon E. Fraser (DE No. 5335)
                                       1201 N. Market Street
                                       Suite 1001
                                       Wilmington, DE  19801
                                       (302) 295-2000 Phone
                                       (302) 295-2013 Fax No.
                                       jcarroll@cozen.com
                                       sfraser@cozen.com


                                       *Counsel for the Trustee*
                                       *George L. Miller*

| 1 | Declaration |
| --- | --- |
| | Hikma Pharmaceuticals USA Inc. |

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 7 |
| AKORN HOLDING COMPANY LLC, *et al.*[1] | Case No. 23-10253 (KBO) |
| Debtors. | (Jointly Administered) |
| | **Re D.I. 106, 137** |

**PURCHASER'S DECLARATION IN SUPPORT OF TRUSTEE'S MOTION FOR ENTRY OF (I) AN ORDER (A) APPROVING BIDDING PROCEDURES IN CONNECTION WITH SALE OF SUBSTANTIALLY ALL OF THE ESTATES' ASSETS, (B) SCHEDULING AN AUCTION AND HEARING TO CONSIDER THE PROPOSED SALE, AND (C) APPROVING THE FORM AND MANNER OF NOTICE THEREOF; AND (II) AN ORDER (A) APPROVING THE SALE, (B) AUTHORIZING THE ASSUMPTION AND ASSIGNMENT OF EXECUTORY CONTRACTS AND UNEXPIRED LEASES, AND (C) GRANTING CERTAIN RELATED RELIEF**

I, Gregory Yitsis, pursuant to 28 U.S.C. §1746, declare under penalty of perjury that the following is true and correct:

1.      I am the VP, Alliance Management & Business Development of Hikma Pharmaceuticals USA Inc. (the "Purchaser"), the proposed purchaser of certain assets from the Debtors' Estates (the "Purchased Assets"), and I submit this Declaration in support of the *Trustee's Motion for Entry of (I) an Order (A) Approving Bidding Procedures in Connection With Sale of Substantially all of the Estates' Assets, (B) Scheduling an Auction and Hearing to Consider the Proposed Sale and (C) Approving the Form and Manner of Notice Thereof; and (II) an Order (A) Approving the Sale, (B) Authorizing the Assumption and Assignment of*

---

[1] The Debtors in these chapter 7 cases, along with the last four digits of their federal tax identification numbers, and cases numbers are Akorn Holding Company LLC (9190), Case No. 23-10253 (KBO); Akorn Intermediate Company LLC (6123), Case No. 23-10254 (KBO); and Akorn Operating Company LLC (6184), Case No. 23- 10255. The Debtors' headquarters is located at 5605 CenterPoint Court, Gurnee, IL 60031.

*Executory Contracts and Unexpired Leases, and (C) Granting Certain Related Relief* (the "Sale Motion") [D.I. 106].[2]

2.    Unless otherwise stated herein, I have personal knowledge of the facts set forth in this Declaration.

3.    The Purchaser was a Qualified Bidder and attended the Auction through its representatives and/or professionals, and was selected as the Successful Bidder for the Purchased Assets. The Purchaser did not engage in any collusion with respect to the bidding at the Auction or the sale of any assets at the Auction.

4.    The Purchaser and the Trustee (together, the "Parties"), through their respective representatives and/or professionals, engaged in arm's length negotiations with respect to the Purchased Assets, culminating in their entry into a Purchase Agreement (the "Purchase Agreement"), a true and correct copy of which has been, or will be, filed with the Court. The Parties' negotiations were in no way tainted by collusion, fraud, or bad faith.

5.    The Parties have not, and will not, exchange any consideration other than as set forth in the Purchase Agreement. The consideration as set forth in the Purchase Agreement represents fair and reasonable value being paid for the Purchased Assets.

6.    In the Sale Motion, the Trustee requests that the Court approve the Sale and, *inter alia*, find that the Purchaser is a "good faith" purchaser entitled to the protections afforded to good faith purchasers under 11 U.S.C. §363(m).

7.    Other than being a competitor of some of the other bidders or being generally acquainted with them from operating in the pharmaceutical industry, to the best of my

---

[2] Capitalized terms not otherwise defined herein shall have the meanings provided in the Sale Motion.

knowledge, information and belief, the Purchaser has no connections with the Trustee, the Debtor, the Debtor's creditors, the Debtor's employees, other professionals, the United States Trustee, any persons employed in the Office of the United States Trustee, or any other party in interest.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on this 24 day of May, 2023.

_____

Gregory Yitsis
VP, Alliance Management & Business Development

*Signed before me May 24, 2023 by Gregory Yitsis.*

*Pamela K. Langley*

*County of Franklin*
*State of Ohio*

157512127v1

| 2 | Declaration |
|---|---|
|   | Alcon Pharmaceuticals LTD |

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 7 |
| AKORN HOLDING COMPANY LLC, *et al.*[1] | Case No. 23-10253 (KBO) |
| Debtors. | (Jointly Administered) |
| | **Re D.I. 106, 137** |

**PURCHASER'S DECLARATION IN SUPPORT OF TRUSTEE'S MOTION FOR ENTRY OF (I) AN ORDER (A) APPROVING BIDDING PROCEDURES IN CONNECTION WITH SALE OF SUBSTANTIALLY ALL OF THE ESTATES' ASSETS, (B) SCHEDULING AN AUCTION AND HEARING TO CONSIDER THE PROPOSED SALE, AND (C) APPROVING THE FORM AND MANNER OF NOTICE THEREOF; AND (II) AN ORDER (A) APPROVING THE SALE, (B) AUTHORIZING THE ASSUMPTION AND ASSIGNMENT OF EXECUTORY CONTRACTS AND UNEXPIRED LEASES, AND (C) GRANTING CERTAIN RELATED RELIEF**

I, Jason Weems, pursuant to 28 U.S.C. §1746, declare under penalty of perjury that the following is true and correct:

1.      I am the Head of BD&L Transaction of Alcon Pharmaceuticals LTD (the "Purchaser"), a proposed purchaser of certain assets from the Debtors' Estates (the "Purchased Assets"), and I submit this Declaration in support of the *Trustee's Motion for Entry of (I) an Order (A) Approving Bidding Procedures in Connection With Sale of Substantially all of the Estates' Assets, (B) Scheduling an Auction and Hearing to Consider the Proposed Sale and (C) Approving the Form and Manner of Notice Thereof; and (II) an Order (A) Approving the Sale,*

---

[1] The Debtors in these chapter 7 cases, along with the last four digits of their federal tax identification numbers, and cases numbers are Akorn Holding Company LLC (9190), Case No. 23-10253 (KBO); Akorn Intermediate Company LLC (6123), Case No. 23-10254 (KBO); and Akorn Operating Company LLC (6184), Case No. 23- 10255. The Debtors' headquarters is located at 5605 CenterPoint Court, Gurnee, IL 60031.

*(B) Authorizing the Assumption and Assignment of Executory Contracts and Unexpired Leases, and (C) Granting Certain Related Relief* (the "<u>Sale Motion</u>") [D.I. 106].[2]

2.      Unless otherwise stated herein, I have personal knowledge of the facts set forth in this Declaration.

3.      The Purchaser was a Qualified Bidder and attended the Auction through its representatives and/or professionals, and was selected as the Successful Bidder for the Purchased Assets.  The Purchaser did not engage in any collusion with respect to the bidding at the Auction or the sale of any assets at the Auction.

4.      The Purchaser and the Trustee (together, the "<u>Parties</u>"), through their respective representatives and/or professionals, engaged in arm's length negotiations with respect to the Purchased Assets, culminating in their entry into a Purchase Agreement (the "<u>Purchase Agreement</u>"), a true and correct copy of which has been, or will be, filed with the Court.  The Parties' negotiations were in no way tainted by collusion, fraud, or bad faith.

5.      The Parties have not, and will not, exchange any consideration in respect to the Purchased Assets other than as set forth in the Purchase Agreement. The consideration as set forth in the Purchase Agreement represents fair and reasonable value being paid for the Purchased Assets.

6.       In the Sale Motion, the Trustee requests that the Court approve the Sale and, *inter alia*, find that the Purchaser is a "good faith" purchaser entitled to the protections afforded to good faith purchasers under 11 U.S.C. §363(m).

---

[2] Capitalized terms not otherwise defined herein shall have the meanings provided in the Sale Motion.

63840978\1

To the best of my knowledge, information and belief, the Purchaser has no connections with the Trustee, the Debtor, the Debtor's creditors, the Debtor's employees, other professionals, the United States Trustee, any persons employed in the Office of the United States Trustee, or any other party in interest.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on this 25th day of May, 2023.

_____

Jason Weems
Head of BD&L Transactions

| 3 | Declaration |
|---|---|
|   | Aurobindo Pharma USA, Inc. |

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 7 |
| AKORN HOLDING COMPANY LLC, *et al.*[1] | Case No. 23-10253 (KBO) |
| | (Jointly Administered) |
| Debtors. | **Re D.I. 106, 137** |

### PURCHASER'S DECLARATION IN SUPPORT OF TRUSTEE'S MOTION FOR ENTRY OF (I) AN ORDER (A) APPROVING BIDDING PROCEDURES IN CONNECTION WITH SALE OF SUBSTANTIALLY ALL OF THE ESTATES' ASSETS, (B) SCHEDULING AN AUCTION AND HEARING TO CONSIDER THE PROPOSED SALE, AND (C) APPROVING THE FORM AND MANNER OF NOTICE THEREOF; AND (II) AN ORDER (A) APPROVING THE SALE, (B) AUTHORIZING THE ASSUMPTION AND ASSIGNMENT OF EXECUTORY CONTRACTS AND <u>UNEXPIRED LEASES, AND (C) GRANTING CERTAIN RELATED RELIEF</u>

I, Biren Shah, pursuant to 28 U.S.C. §1746, declare under penalty of perjury that the following is true and correct:

1.      I am the Chief Finance Officer of Aurobindo Pharma USA, Inc. (the "<u>Purchaser</u>"), the proposed purchaser of certain assets from the Debtors' Estates (the "<u>Purchased Assets</u>"), and I submit this Declaration in support of the *Trustee's Motion for Entry of (I) an Order (A) Approving Bidding Procedures in Connection With Sale of Substantially all of the Estates' Assets, (B) Scheduling an Auction and Hearing to Consider the Proposed Sale and (C) Approving the Form and Manner of Notice Thereof; and (II) an Order (A) Approving the Sale,*

---

[1] The Debtors in these chapter 7 cases, along with the last four digits of their federal tax identification numbers, and cases numbers are Akorn Holding Company LLC (9190), Case No. 23-10253 (KBO); Akorn Intermediate Company LLC (6123), Case No. 23-10254 (KBO); and Akorn Operating Company LLC (6184), Case No. 23- 10255. The Debtors' headquarters is located at 5605 CenterPoint Court, Gurnee, IL 60031.

*(B) Authorizing the Assumption and Assignment of Executory Contracts and Unexpired Leases, and (C) Granting Certain Related Relief* (the "Sale Motion") [D.I. 106].[2]

2.      Unless otherwise stated herein, I have personal knowledge of the facts set forth in this Declaration.

3.      The Purchaser was a Qualified Bidder and attended the Auction through its representatives and/or professionals, and was selected as the Successful Bidder for the Purchased Assets. The Purchaser did not engage in any collusion with respect to the bidding at the Auction or the sale of any assets at the Auction.

4.      The Purchaser and the Trustee (together, the "Parties"), through their respective representatives and/or professionals, engaged in arm's length negotiations with respect to the Purchased Assets, culminating in their entry into a Purchase Agreement (the "Purchase Agreement"), a true and correct copy of which has been, or will be, filed with the Court. The Parties' negotiations were in no way tainted by collusion, fraud, or bad faith.

5.      The Parties have not, and will not, exchange any consideration other than as set forth in the Purchase Agreement. The consideration as set forth in the Purchase Agreement represents fair and reasonable value being paid for the Purchased Assets.

6.      In the Sale Motion, the Trustee requests that the Court approve the Sale and, *inter alia*, find that the Purchaser is a "good faith" purchaser entitled to the protections afforded to good faith purchasers under 11 U.S.C. §363(m).

7.      To the best of my knowledge, information and belief, the Purchaser has no connections with the Trustee, the Debtor, the Debtor's employees, other professionals, the

---

[2] Capitalized terms not otherwise defined herein shall have the meanings provided in the Sale Motion.

157492424v1

United States Trustee, or any persons employed in the Office of the United States Trustee.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on this __24__ day of May, 2023.

Biren Shah
Chief Finance Officer

3

157492424v1

| 4 | Declaration |
|---|---|
|   | Chartwell RX Sciences LLC |

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 7 |
| AKORN HOLDING COMPANY LLC, *et al.*[1] | Case No. 23-10253 (KBO) |
| | (Jointly Administered) |
| Debtors. | Re D.I. 106, 137 |

**PURCHASER'S DECLARATION IN SUPPORT OF TRUSTEE'S MOTION FOR ENTRY OF (I) AN ORDER (A) APPROVING BIDDING PROCEDURES IN CONNECTION WITH SALE OF SUBSTANTIALLY ALL OF THE ESTATES' ASSETS, (B) SCHEDULING AN AUCTION AND HEARING TO CONSIDER THE PROPOSED SALE, AND (C) APPROVING THE FORM AND MANNER OF NOTICE THEREOF; AND (II) AN ORDER (A) APPROVING THE SALE, (B) AUTHORIZING THE ASSUMPTION AND ASSIGNMENT OF EXECUTORY CONTRACTS AND UNEXPIRED LEASES, AND (C) GRANTING CERTAIN RELATED RELIEF**

I, Jack Goldenberg, pursuant to 28 U.S.C. §1746, declare under penalty of perjury that the following is true and correct:

1.      I am the Managing Member of Chartwell Rx Sciences LLC (the "Purchaser"), the proposed purchaser of certain assets from the Debtors' Estates (the "Purchased Assets"), and I submit this Declaration in support of the *Trustee's Motion for Entry of (I) an Order (A) Approving Bidding Procedures in Connection With Sale of Substantially all of the Estates' Assets, (B) Scheduling an Auction and Hearing to Consider the Proposed Sale and (C) Approving the Form and Manner of Notice Thereof; and (II) an Order (A) Approving the Sale,*

---

[1] The Debtors in these chapter 7 cases, along with the last four digits of their federal tax identification numbers, and cases numbers are Akorn Holding Company LLC (9190), Case No. 23-10253 (KBO); Akorn Intermediate Company LLC (6123), Case No. 23-10254 (KBO); and Akorn Operating Company LLC (6184), Case No. 23- 10255. The Debtors' headquarters is located at 5605 CenterPoint Court, Gurnee, IL 60031.

*(B) Authorizing the Assumption and Assignment of Executory Contracts and Unexpired Leases, and (C) Granting Certain Related Relief* (the "Sale Motion") [D.I. 106].[2]

2.      Unless otherwise stated herein, I have personal knowledge of the facts set forth in this Declaration.

3.      The Purchaser was a Qualified Bidder and attended the Auction through its representatives and/or professionals, and was selected as the Successful Bidder for the Purchased Assets. The Purchaser did not engage in any collusion with respect to the bidding at the Auction or the sale of any assets at the Auction.

4.      The Purchaser and the Trustee (together, the "Parties"), through their respective representatives and/or professionals, engaged in arm's length negotiations with respect to the Purchased Assets, culminating in their entry into a Purchase Agreement (the "Purchase Agreement"), a true and correct copy of which has been, or will be, filed with the Court. The Parties' negotiations were in no way tainted by collusion, fraud, or bad faith.

5.      The Parties have not, and will not, exchange any consideration other than as set forth in the Purchase Agreement. The consideration as set forth in the Purchase Agreement represents fair and reasonable value being paid for the Purchased Assets.

6.      In the Sale Motion, the Trustee requests that the Court approve the Sale and, *inter alia,* find that the Purchaser is a "good faith" purchaser entitled to the protections afforded to good faith purchasers under 11 U.S.C. §363(m).

7.      [Except as provided in the following paragraph, and] T/to the best of my knowledge, information and belief, the Purchaser has no connections with the Trustee, the

---

[2] Capitalized terms not otherwise defined herein shall have the meanings provided in the Sale Motion.

Debtor, the Debtor's creditors, the Debtor's employees, other professionals, the United States Trustee, any persons employed in the Office of the United States Trustee, or any other party in interest.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on this 24th day of May, 2023.

_____

Jack Goldenberg
Managing Member

| 5 | Declaration |
|---|---|
| | Epic Pharma LLC |

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 7 |
| AKORN HOLDING COMPANY LLC, *et al.*[1] | Case No. 23-10253 (KBO) |
| | (Jointly Administered) |
| Debtors. | **Re D.I. 106, 137** |

**PURCHASER'S DECLARATION IN SUPPORT OF TRUSTEPE'S MOTION FOR
ENTRY OF (I) AN ORDER (A) APPROVING BIDDING PROCEDURES IN
CONNECTION WITH SALE OF SUBSTANTIALLY ALL OF THE ESTATES' ASSETS,
(B) SCHEDULING AN AUCTION AND HEARING TO CONSIDER THE PROPOSED
SALE, AND (C) APPROVING THE FORM AND MANNER OF NOTICE THEREOF;
AND (II) AN ORDER (A) APPROVING THE SALE, (B) AUTHORIZING THE
ASSUMPTION AND ASSIGNMENT OF EXECUTORY CONTRACTS AND
UNEXPIRED LEASES, AND (C) GRANTING CERTAIN RELATED RELIEF**

I, Ping Jiang, pursuant to 28 U.S.C. §1746, declare under penalty of perjury that the

following is true and correct:

1.     I am the Chief Financial Officer of Epic Pharma LLC (the "Purchaser"), the

proposed purchaser of certain assets from the Debtors' Estates (the "Purchased Assets"), and I

submit this Declaration in support of the *Trustee's Motion for Entry of (I) an Order (A)*

*Approving Bidding Procedures in Connection With Sale of Substantially all of the Estates'*

*Assets, (B) Scheduling an Auction and Hearing to Consider the Proposed Sale and (C)*

*Approving the Form and Manner of Notice Thereof; and (II) an Order (A) Approving the Sale,*

---

[1] The Debtors in these chapter 7 cases, along with the last four digits of their federal tax identification numbers, and cases numbers are Akorn Holding Company LLC (9190), Case No. 23-10253 (KBO); Akorn Intermediate Company LLC (6123), Case No. 23-10254 (KBO); and Akorn Operating Company LLC (6184), Case No. 23- 10255. The Debtors' headquarters is located at 5605 CenterPoint Court, Gurnee, IL 60031.

*(B) Authorizing the Assumption and Assignment of Executory Contracts and Unexpired Leases, and (C) Granting Certain Related Relief* (the "<u>Sale Motion</u>") [D.I. 106].[2]

2.      Unless otherwise stated herein, I have personal knowledge of the facts set forth in this Declaration.

3.      The Purchaser was a Qualified Bidder and attended the Auction through its representatives and/or professionals, and was selected as the Successful Bidder for the Purchased Assets.  The Purchaser did not engage in any collusion with respect to the bidding at the Auction or the sale of any assets at the Auction.

4.      The Purchaser and the Trustee (together, the "<u>Parties</u>"), through their respective representatives and/or professionals, engaged in arm's length negotiations with respect to the Purchased Assets, culminating in their entry into a Purchase Agreement (the "<u>Purchase Agreement</u>"), a true and correct copy of which has been, or will be, filed with the Court.  The Parties' negotiations were in no way tainted by collusion, fraud, or bad faith.

5.      The Parties have not, and will not, exchange any consideration other than as set forth in the Purchase Agreement. The consideration as set forth in the Purchase Agreement represents fair and reasonable value being paid for the Purchased Assets.

6.       In the Sale Motion, the Trustee requests that the Court approve the Sale and, *inter alia*, find that the Purchaser is a "good faith" purchaser entitled to the protections afforded to good faith purchasers under 11 U.S.C. §363(m).

7.      To the best of my knowledge, information and belief the Purchaser has no connections with the Trustee, the Debtor, the Debtor's creditors, the Debtor's employees, other

---

[2] Capitalized terms not otherwise defined herein shall have the meanings provided in the Sale Motion.

63868213\1

professionals, the United States Trustee, any persons employed in the Office of the United States Trustee, or any other party in interest.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on this 24th day of May, 2023.

_Ping JIANG_

Ping Jiang
Chief Financial Officer

| 6 | Declaration |
|---|---|
| | Mission Pharmacal Company |

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

|  |  |
|---|---|
| In re:<br><br>AKORN HOLDING COMPANY LLC, *et al.[1]*<br><br>Debtors. | Chapter 7<br><br>Case No. 23-10253 (KBO)<br><br>(Jointly Administered)<br><br>**Re D.I. 106, 137** |

**PURCHASER'S DECLARATION IN SUPPORT OF TRUSTEE'S MOTION FOR ENTRY OF (I) AN ORDER (A) APPROVING BIDDING PROCEDURES IN CONNECTION WITH SALE OF SUBSTANTIALLY ALL OF THE ESTATES' ASSETS, (B) SCHEDULING AN AUCTION AND HEARING TO CONSIDER THE PROPOSED SALE, AND (C) APPROVING THE FORM AND MANNER OF NOTICE THEREOF; AND (II) AN ORDER (A) APPROVING THE SALE, (B) AUTHORIZING THE ASSUMPTION AND ASSIGNMENT OF EXECUTORY CONTRACTS AND <u>UNEXPIRED LEASES, AND (C) GRANTING CERTAIN RELATED RELIEF</u>**

I, Thomas L. James, pursuant to 28 U.S.C. §1746, declare under penalty of perjury that the following is true and correct:

1.      I am the General Counsel of Mission Pharmacal Company (the "Purchaser"), the proposed purchaser of certain assets from the Debtors' Estates (the "Purchased Assets"), and I submit this Declaration in support of the *Trustee's Motion for Entry of (I) an Order (A) Approving Bidding Procedures in Connection With Sale of Substantially all of the Estates' Assets, (B) Scheduling an Auction and Hearing to Consider the Proposed Sale and (C) Approving the Form and Manner of Notice Thereof; and (II) an Order (A) Approving the Sale,*

---

[1] The Debtors in these chapter 7 cases, along with the last four digits of their federal tax identification numbers, and cases numbers are Akorn Holding Company LLC (9190), Case No. 23-10253 (KBO); Akorn Intermediate Company LLC (6123), Case No. 23-10254 (KBO); and Akorn Operating Company LLC (6184), Case No. 23- 10255. The Debtors' headquarters is located at 5605 CenterPoint Court, Gurnee, IL 60031.

*(B) Authorizing the Assumption and Assignment of Executory Contracts and Unexpired Leases, and (C) Granting Certain Related Relief* (the "Sale Motion") [D.I. 106].[2]

2.      Unless otherwise stated herein, I have personal knowledge of the facts set forth in this Declaration.

3.      The Purchaser was a Qualified Bidder and attended the Auction through its representatives and/or professionals, and was selected as the Successful Bidder for the Purchased Assets. The Purchaser did not engage in any collusion with respect to the bidding at the Auction or the sale of any assets at the Auction.

4.      The Purchaser and the Trustee (together, the "Parties"), through their respective representatives and/or professionals, engaged in arm's length negotiations with respect to the Purchased Assets, culminating in their entry into a Purchase Agreement (the "Purchase Agreement"), a true and correct copy of which has been, or will be, filed with the Court. The Parties' negotiations were in no way tainted by collusion, fraud, or bad faith.

5.      The Parties have not, and will not, exchange any consideration other than as set forth in the Purchase Agreement. The consideration as set forth in the Purchase Agreement represents fair and reasonable value being paid for the Purchased Assets.

6.      In the Sale Motion, the Trustee requests that the Court approve the Sale and, *inter alia*, find that the Purchaser is a "good faith" purchaser entitled to the protections afforded to good faith purchasers under 11 U.S.C. §363(m).

7.      To the best of my knowledge, information and belief, the Purchaser has no connections with the Trustee, the Debtor, the Debtor's creditors, the Debtor's employees, other

---

[2] Capitalized terms not otherwise defined herein shall have the meanings provided in the Sale Motion.

4876-8039-0246.1

professionals, the United States Trustee, any persons employed in the Office of the United States

Trustee, or any other party in interest.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on this _23RD_ day of May, 2023.

_____

Thomas L. James
General Counsel of Mission Pharmacal Company

3

| 7 | Declaration |
| --- | --- |
| | PAI Holdings LLC d/b/a Pharmaceutical Associates, Inc. |

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 7 |
| AKORN HOLDING COMPANY LLC, *et al.*[1] | Case No. 23-10253 (KBO) |
| | (Jointly Administered) |
| Debtors. | **Re D.I. 106, 137** |

### PURCHASER'S DECLARATION IN SUPPORT OF TRUSTEE'S MOTION FOR ENTRY OF (I) AN ORDER (A) APPROVING BIDDING PROCEDURES IN CONNECTION WITH SALE OF SUBSTANTIALLY ALL OF THE ESTATES' ASSETS, (B) SCHEDULING AN AUCTION AND HEARING TO CONSIDER THE PROPOSED SALE, AND (C) APPROVING THE FORM AND MANNER OF NOTICE THEREOF; AND (II) AN ORDER (A) APPROVING THE SALE, (B) AUTHORIZING THE ASSUMPTION AND ASSIGNMENT OF EXECUTORY CONTRACTS AND UNEXPIRED LEASES, AND (C) GRANTING CERTAIN RELATED RELIEF

I, Brandon Rockwell, pursuant to 28 U.S.C. §1746, declare under penalty of perjury that the following is true and correct:

1.    I am the Chief Operating Officer of PAI Holdings LLC d/b/a Pharmaceutical Associates, Inc. (the "Purchaser"), the proposed purchaser of certain assets from the Debtors' Estates (the "Purchased Assets"), and I submit this Declaration in support of the *Trustee's Motion for Entry of (I) an Order (A) Approving Bidding Procedures in Connection With Sale of Substantially all of the Estates' Assets, (B) Scheduling an Auction and Hearing to Consider the Proposed Sale and (C) Approving the Form and Manner of Notice Thereof; and (II) an Order*

---

[1] The Debtors in these chapter 7 cases, along with the last four digits of their federal tax identification numbers, and cases numbers are Akorn Holding Company LLC (9190), Case No. 23-10253 (KBO); Akorn Intermediate Company LLC (6123), Case No. 23-10254 (KBO); and Akorn Operating Company LLC (6184), Case No. 23- 10255. The Debtors' headquarters is located at 5605 CenterPoint Court, Gurnee, IL 60031.

*(A) Approving the Sale, (B) Authorizing the Assumption and Assignment of Executory Contracts and Unexpired Leases, and (C) Granting Certain Related Relief* (the "Sale Motion") [D.I. 106].[2]

2.      Unless otherwise stated herein, I have personal knowledge of the facts set forth in this Declaration.

3.      The Purchaser was a Qualified Bidder and attended the Auction through its representatives and/or professionals and was selected as the Successful Bidder for the Purchased Assets.  The Purchaser did not engage in any collusion with respect to the bidding at the Auction or the sale of any assets at the Auction.

4.      The Purchaser and the Trustee (together, the "Parties"), through their respective representatives and/or professionals, engaged in arm's length negotiations with respect to the Purchased Assets, culminating in their entry into a Purchase Agreement (the "Purchase Agreement"), a true and correct copy of which has been, or will be, filed with the Court.  The Parties' negotiations were in no way tainted by collusion, fraud, or bad faith.

5.      The Parties have not, and will not, exchange any consideration for the Purchased Assets other than as set forth in the Purchase Agreement. The consideration as set forth in the Purchase Agreement represents fair and reasonable value being paid for the Purchased Assets.

6.       In the Sale Motion, the Trustee requests that the Court approve the Sale and, *inter alia*, find that the Purchaser is a "good faith" purchaser entitled to the protections afforded to good faith purchasers under 11 U.S.C. §363(m).

7.      To the best of my knowledge, information and belief, the Purchaser has no connections with the Trustee, the Debtor, the Debtor's creditors, the Debtor's employees, other

---

[2] Capitalized terms not otherwise defined herein shall have the meanings provided in the Sale Motion.

2

professionals, the United States Trustee, any persons employed in the Office of the United States Trustee, or any other party in interest.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on this 24th day of May, 2023.

_____

Brandon Rockwell
Chief Operating Officer

| 8 | Declaration |
|---|---|
|   | Saptalis Pharmaceuticals, LLC |

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 7 |
| AKORN HOLDING COMPANY LLC, *et al.[1]* | Case No. 23-10253 (KBO) |
| Debtors. | (Jointly Administered) |
| | Re D.I. 106, 137 |

### PURCHASER'S DECLARATION IN SUPPORT OF TRUSTEE'S MOTION FOR ENTRY OF (I) AN ORDER (A) APPROVING BIDDING PROCEDURES IN CONNECTION WITH SALE OF SUBSTANTIALLY ALL OF THE ESTATES' ASSETS, (B) SCHEDULING AN AUCTION AND HEARING TO CONSIDER THE PROPOSED SALE, AND (C) APPROVING THE FORM AND MANNER OF NOTICE THEREOF; AND (II) AN ORDER (A) APPROVING THE SALE, (B) AUTHORIZING THE ASSUMPTION AND ASSIGNMENT OF EXECUTORY CONTRACTS AND UNEXPIRED LEASES, AND (C) GRANTING CERTAIN RELATED RELIEF

I, Polireddy Dondeti, pursuant to 28 U.S.C. §1746, declare under penalty of perjury that the following is true and correct:

1.     I am the President & CEO of Saptalis Pharmaceuticals LLC (the "Purchaser"), the proposed purchaser of certain assets from the Debtors' Estates (the "Purchased Assets"), and I submit this Declaration in support of the *Trustee's Motion for Entry of (I) an Order (A) Approving Bidding Procedures in Connection With Sale of Substantially all of the Estates' Assets, (B) Scheduling an Auction and Hearing to Consider the Proposed Sale and (C) Approving the Form and Manner of Notice Thereof; and (II) an Order (A) Approving the Sale,*

---

[1] The Debtors in these chapter 7 cases, along with the last four digits of their federal tax identification numbers, and cases numbers are Akorn Holding Company LLC (9190), Case No. 23-10253 (KBO); Akorn Intermediate Company LLC (6123), Case No. 23-10254 (KBO); and Akorn Operating Company LLC (6184), Case No. 23- 10255. The Debtors' headquarters is located at 5605 CenterPoint Court, Gurnee, IL 60031.

*(B) Authorizing the Assumption and Assignment of Executory Contracts and Unexpired Leases,*
*and (C) Granting Certain Related Relief* (the "Sale Motion") [D.I. 106].[2]

2.      Unless otherwise stated herein, I have personal knowledge of the facts set forth in
this Declaration.

3.      The Purchaser was a Qualified Bidder and attended the Auction through its
representatives and/or professionals, and was selected as the Successful Bidder for the Purchased
Assets.  The Purchaser did not engage in any collusion with respect to the bidding at the Auction
or the sale of any assets at the Auction.

4.      The Purchaser and the Trustee (together, the "Parties"), through their respective
representatives and/or professionals, engaged in arm's length negotiations with respect to the
Purchased Assets, culminating in their entry into a Purchase Agreement (the "Purchase
Agreement"), a true and correct copy of which has been, or will be, filed with the Court.  The
Parties' negotiations were in no way tainted by collusion, fraud, or bad faith.

5.      The Parties have not, and will not, exchange any consideration other than as set
forth in the Purchase Agreement. The consideration as set forth in the Purchase Agreement
represents fair and reasonable value being paid for the Purchased Assets.

6.       In the Sale Motion, the Trustee requests that the Court approve the Sale and, *inter
alia*, find that the Purchaser is a "good faith" purchaser entitled to the protections afforded to
good faith purchasers under 11 U.S.C. §363(m).

7.      To the best of my knowledge, information and belief, the Purchaser has no
connections with the Trustee, the Debtor, the Debtor's creditors, the Debtor's employees, other

---

[2] Capitalized terms not otherwise defined herein shall have the meanings provided in the Sale Motion.

professionals, the United States Trustee, any persons employed in the Office of the United States Trustee, or any other party in interest.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on this 24 day of May, 2023.

 

Polireddy Dondeti, Ph.D.
President & CEO

| | |
|---|---|
| 9 | Declaration<br>Sentiss AG |

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 7 |
| AKORN HOLDING COMPANY LLC, *et al.* | Case No. 23-10253 (KBO) |
| Debtors. | (Jointly Administered) |
| | **Re D.I. 106, 137** |

**PURCHASER'S DECLARATION IN SUPPORT OF TRUSTEE'S MOTION FOR ENTRY OF (I) AN ORDER (A) APPROVING BIDDING PROCEDURES IN CONNECTION WITH SALE OF SUBSTANTIALLY ALL OF THE ESTATES' ASSETS, (B) SCHEDULING AN AUCTION AND HEARING TO CONSIDER THE PROPOSED SALE, AND (C) APPROVING THE FORM AND MANNER OF NOTICE THEREOF; AND (II) AN ORDER (A) APPROVING THE SALE, (B) AUTHORIZING THE ASSUMPTION AND ASSIGNMENT OF EXECUTORY CONTRACTS AND <u>UNEXPIRED LEASES, AND (C)</u> <u>GRANTING CERTAIN RELATED RELIEF</u>**

I, Deepak Bahri, pursuant to 28 U.S.C. §1746, declare under penalty of perjury under the laws of the United States of America that the following is true and correct:

1. I am the Authorized Signatory of Sentiss AG Switzerland (the "<u>Purchaser</u>"), the proposed purchaser of certain assets from the Debtors' Estates (the "<u>Purchased Assets</u>"), and I submit this Declaration in support of the *Trustee's Motion for Entry of (I) an Order (A) Approving Bidding Procedures in Connection With Sale of Substantially all of the Estates' Assets, (B) Scheduling an Auction and Hearing to Consider the Proposed Sale and (C) Approving the Form and Manner of Notice Thereof; and (II) an Order (A) Approving the Sale, (B) Authorizing the Assumption and Assignment of Executory*

*Contracts and Unexpired Leases, and (C) Granting Certain Related Relief* (the "Sale Motion") [D.I. 106].[1]

2.      Unless otherwise stated herein, I have personal knowledge of the facts set forth in this Declaration.

3.      The Purchaser was a Qualified Bidder and attended the Auction through its representatives and/or professionals, including me, and was selected as the Successful Bidder for the Purchased Assets.  The Purchaser did not engage in any collusion with respect to the bidding at the Auction or the sale of any assets at the Auction.

4.      The Purchaser and the Trustee (together, the "Parties"), through their respective representatives and/or professionals, engaged in arm's length negotiations with respect to the Purchased Assets, culminating in their entry into a Purchase Agreement (the "Purchase Agreement"), a true and correct copy of which has been, or will be, filed with the Court.  The Parties' negotiations were in no way tainted by collusion, fraud, or bad faith.

5.      The Parties have not, and will not, exchange any consideration other than as set forth in the Purchase Agreement. The consideration as set forth in the Purchase Agreement represents fair and reasonable value being paid for the Purchased Assets.

6.       In the Sale Motion, the Trustee requests that the Court approve the Sale and, *inter alia*, find that the Purchaser is a "good faith" purchaser entitled to the protections afforded to good faith purchasers under 11 U.S.C. §363(m).

---

[1] Capitalized terms not otTherwise defined herein shall have the meanings provided in the Sale Motion.

63754251\2

7.      Other than being a competitor of some of the other bidders at the auction, to the best of my knowledge, information and belief, the Purchaser has no connections with the Trustee, the Debtor, the Debtor's creditors, the Debtor's employees, other professionals, the United States Trustee, any persons employed in the Office of the United States Trustee, or any other party in interest.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on this 18th day of May, 2023.

_____
Deepak Bahri
Authorized Representative of Purchaser

63754251\2

| 10 | Declaration Stira Pharmaceuticals, LLC |
|----|----------------------------------------|

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 7 |
| AKORN HOLDING COMPANY LLC, *et al.*[1] | Case No. 23-10253 (KBO) |
| | (Jointly Administered) |
| Debtors. | **Re D.I. 106, 137** |

## PURCHASER'S DECLARATION IN SUPPORT OF TRUSTEE'S MOTION FOR ENTRY OF (I) AN ORDER (A) APPROVING BIDDING PROCEDURES IN CONNECTION WITH SALE OF SUBSTANTIALLY ALL OF THE ESTATES' ASSETS, (B) SCHEDULING AN AUCTION AND HEARING TO CONSIDER THE PROPOSED SALE, AND (C) APPROVING THE FORM AND MANNER OF NOTICE THEREOF; AND (II) AN ORDER (A) APPROVING THE SALE, (B) AUTHORIZING THE ASSUMPTION AND ASSIGNMENT OF EXECUTORY CONTRACTS AND UNEXPIRED LEASES, AND (C) GRANTING CERTAIN RELATED RELIEF

I, Satyanarayana Valiveti, pursuant to 28 U.S.C. §1746, declare under penalty of perjury that the following is true and correct:

1. I am the CEO of Stira Pharmaceuticals, LLC (the "Purchaser"), the proposed purchaser of certain assets from the Debtors' Estates (the "Purchased Assets"), and I submit this Declaration in support of the *Trustee's Motion for Entry of (I) an Order (A) Approving Bidding Procedures in Connection With Sale of Substantially all of the Estates' Assets, (B) Scheduling an Auction and Hearing to Consider the Proposed Sale and (C) Approving the Form and Manner of Notice Thereof; and (II) an Order (A) Approving the Sale, (B) Authorizing the Assumption and*

---

[1] The Debtors in these chapter 7 cases, along with the last four digits of their federal tax identification numbers, and cases numbers are Akorn Holding Company LLC (9190), Case No. 23-10253 (KBO); Akorn Intermediate Company LLC (6123), Case No. 23-10254 (KBO); and Akorn Operating Company LLC (6184), Case No. 23- 10255. The Debtors' headquarters is located at 5605 CenterPoint Court, Gurnee, IL 60031.

157492424v1

*Assignment of Executory Contracts and Unexpired Leases, and (C) Granting Certain Related Relief* (the "Sale Motion") [D.I. 106].[2]

2.       Unless otherwise stated herein, I have personal knowledge of the facts set forth in this Declaration.

3.       The Purchaser was a Qualified Bidder and attended the Auction through its representatives and/or professionals, and was selected as the Successful Bidder for the Purchased Assets. The Purchaser did not engage in any collusion with respect to the bidding at the Auction or the sale of any assets at the Auction.

4.       The Purchaser and the Trustee (together, the "Parties"), through their respective representatives and/or professionals, engaged in arm's length negotiations with respect to the Purchased Assets, culminating in their entry into a Purchase Agreement (the "Purchase Agreement"), a true and correct copy of which has been, or will be, filed with the Court. The Parties' negotiations were in no way tainted by collusion, fraud, or bad faith.

5.       The Parties have not, and will not, exchange any consideration other than as set forth in the Purchase Agreement. The consideration as set forth in the Purchase Agreement represents fair and reasonable value being paid for the Purchased Assets.

6.        In the Sale Motion, the Trustee requests that the Court approve the Sale and, *inter alia*, find that the Purchaser is a "good faith" purchaser entitled to the protections afforded to good faith purchasers under 11 U.S.C. §363(m).

7.       To the best of my knowledge, information and belief, the Purchaser has no connections with the Trustee, the Debtor, the Debtor's creditors, the Debtor's employees, other

---

[2] Capitalized terms not otherwise defined herein shall have the meanings provided in the Sale Motion.

157492424v1

professionals, the United States Trustee, any persons employed in the Office of the United States

Trustee, or any other party in interest.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on this 23ʳᵈ day of May, 2023.

Satyanarayana Valiveti
CEO

157492424v1