IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>AKORN HOLDING COMPANY LLC, *et al.*[1]<br><br>Debtors. | Chapter 7<br><br>Case No. 23-10253 (KBO)<br><br>(Jointly Administered)<br><br>**Re D.I. 217** |

**DECLARATION IN SUPPORT OF TRUSTEE'S MOTION FOR ENTRY OF ORDER (A) APPROVING SALE OF CERTAIN INVENTORY, RAW MATERIALS AND EQUIPMENT FREE AND CLEAR OF INTERESTS, AND (B) GRANTING RELATED RELIEF**

I, William P'Pool, pursuant to 28 U.S.C. §1746, declare under penalty of perjury that the following is true and correct:

1. I am the Vice President and Secretary of Medtech Products, Inc. (the "Purchaser" or "Medtech"), the proposed purchaser of certain assets from the Debtors' Estates (the "Purchased Assets"), and I submit this Declaration in support of the *Trustee's Motion for Entry of Order (A) Approving Sale of Certain Inventory, Raw Materials and Equipment Free and Clear of Interests and (B) Granting Related Relief* (the "Sale Motion") [D.I. 217].[2]

2. Unless otherwise stated herein, I have personal knowledge of the facts set forth in this Declaration.

3. In 2021, Akorn Operating entered into a Manufacturing Agreement with Medtech, an affiliate of Prestige Consumer Healthcare, Inc. Under the Manufacturing Agreement, the

---

[1] The Debtors in these chapter 7 cases, along with the last four digits of their federal tax identification numbers, and cases numbers are Akorn Holding Company LLC (9190), Case No. 23-10253 (KBO); Akorn Intermediate Company LLC (6123), Case No. 23-10254 (KBO); and Akorn Operating Company LLC (6184), Case No. 23- 10255. The Debtors' headquarters is located at 5605 CenterPoint Court, Gurnee, IL 60031.

[2] Capitalized terms not otherwise defined herein shall have the meanings provided in the Sale Motion.

Debtors agreed to manufacture, and Medtech agreed to purchase, certain drugs pursuant to specifications provided by Medtech.

4. Following the Petition Date, Medtech approached the Trustee about purchasing certain Inventory manufactured by the Debtors under the Manufacturing Agreement, as well as certain related Raw Materials and Equipment in the possession of the Estates.

5. The Purchaser and the Trustee (together, the "Parties"), through their respective representatives and/or professionals, engaged in arm's length negotiations with respect to the purchase of the Property, culminating in their entry into a Bill of Sale (the "Bill of Sale"), a true and correct copy of which has been filed with the Court. The parties negotiations were in no way tainted by collusion, fraud, or bad faith.

6. The Parties have not, and will not, exchange any consideration other than as set forth in the Bill of Sale. The consideration as set forth in the Bill of Sale represents fair and reasonable value being paid for the Property.

7. In the Sale Motion, the Trustee requests that the Court approve the Sale and, *inter alia*, find that the Purchaser is a "good faith" purchaser entitled to the protections afforded to good faith purchasers under 11 U.S.C. §363(m).

8. Except as set forth in paragraph 9, below, to the best of my knowledge, information and belief, the Purchaser has no connections with the Trustee, the Debtor, the Debtor's creditors, the Debtor's employees, other professionals, the United States Trustee, any persons employed in the Office of the United States Trustee, or any other party in interest.

9. Pursuant to the previously referenced Manufacturing Agreement, Medtech has maintained a manufacturing relationship with the Akorn subsidiary, Akorn AG. In order to

insure continued operation and supply of the plant, Medtech through its affiliate, Prestige Brands SPE Lender, LLC, entered into a secured Credit Agreement with Akorn AG, dated March 21, 2023. The Credit Agreement and manufacturing relationship remain in effect to this date.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on this 26th day of May, 2023.

_____
William P'Pool
Vice President and Secretary