# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 7 |
| AKORN HOLDING COMPANY LLC, *et al.*, | Case No. 23-10253 (KBO) |
| Debtors.[1] | (Jointly Administered) |
| | **Re: D.I. 297** |

### MOTION TO SHORTEN NOTICE OF TPI'S MOTION FOR THE ENTRY OF AN ORDER (I) DETERMINING THAT THE AUTOMATIC STAY DOES NOT APPLY TO CERTAIN FUNDS HELD IN ESCROW, OR (II) IN THE ALTERNATIVE, GRANTING LIMITED RELIEF FROM THE AUTOMATIC STAY

Thea Pharma Inc. ("TPI"), by and through its undersigned counsel hereby files this motion (the "Motion to Shorten") for entry of an order, substantially in the form attached hereto as **Exhibit A** (the "Proposed Order"), shortening notice of the *Motion for the Entry of an Order (I) Determining that the Automatic Stay Does Not Apply to Certain Funds Held in Escrow, or (II) In the Alternative, Granting Limited Relief from the Automatic Stay* (the "Motion"),[2] filed concurrently herewith. In support of this Motion to Shorten, TPI respectfully states as follows:

### RELIEF REQUESTED

1. TPI seeks entry of an order (a) shortening notice with respect to the Motion, (b) scheduling a hearing to consider the Motion on June 7, 2023, at 11:00 a.m. (ET) and (c) granting such other relief as the Court deems just and proper.

---

[1] The Debtors in these chapter 7 cases, along with the last four digits of their federal tax identification numbers, and cases numbers are Akorn Holding Company LLC (9190), Case No. 23-10253 (KBO); Akorn Intermediate Company LLC (6123), Case No. 23-10254 (KBO); and Akorn Operating Company LLC (6184), Case No. 23-10255. The Debtors' headquarters is located at 5605 CenterPoint Court, Gurnee, IL 60031.

[2] Capitalized but undefined terms used herein shall have the meanings ascribed to them in the Motion.

## JURISDICTION

2. The Court has jurisdiction to consider this Motion to Shorten pursuant to 28 U.S.C. § 1334 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated February 29, 2012. This is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2). Pursuant to rule 9013-1(f) of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules"), TPI does not consent to the entry of a final order or judgment by the Court in connection with this Motion to Shorten if it is determined that the Court, absent consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

3. The statutory and other bases for the relief requested herein are sections 102(1) and 105(a) of the Bankruptcy Code, as supplemented by Rule 9006 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and Local Rule 9006-1(e).

## BACKGROUND

4. TPI, together with its affiliates (the "Théa Group"), comprise an independent pharmaceutical company specializing in the research, development, and commercialization of eye care products. The Théa Group is a leader in several therapeutic classes and its products are available in more than 70 countries. Consistent with its legacy of innovation dating back more than 150 years, the Théa Group is a pioneer in the worldwide preservative free movement in eye care and is focused on making its high quality products accessible and cost effective for patients so that they have the opportunity to see the world through healthy eyes.

5. On February 23, 2023 (the "Petition Date"), the Akorn Holding Company LLC ("Akorn Holding"), Akorn Intermediate Company LLC ("Akorn Intermediate"), and Akorn

Operating Company LLC ("Akorn Operating" and together with Akorn Holding and Akorn Intermediate, the "Debtors") filed voluntary petitions for relief under chapter 7 of the United States Code (the "Bankruptcy Code") in the United States Bankruptcy Court for the District of Delaware (the "Court"). On or about the Petition Date, the Office of the United States Trustee appointed George L. Miller as the chapter 7 trustee (the "Trustee") of the Debtors' estates. The Debtors' chapter 7 cases are being jointly administered for procedural purposes only pursuant to Rule 1015 of the Federal Rules of Bankruptcy Procedures and Rule 1015-1 of the Local Rules for the United States Bankruptcy Court, District of Delaware.

6. On May 10, 2023, the Trustee conducted an auction in connection with the sale of substantially all of the estate's assets (the "Auction"). The Trustee filed a *Notice of Successful Bidders and Alternate Bidders* [D.I. 204] on May 18, 2023.

7. Prior to the Petition Date, on January 27, 2022, TPI, as "Buyer," and Akorn Operating Company LLC, as "Seller," entered into that certain Asset Purchase Agreement (collectively, with all ancillary agreements, schedules, and documents attached thereto and contemplated thereby, the "APA"), pursuant to which TPI acquired the "Purchased Assets" from Akorn Operating Company LLC. The APA closed on March 8, 2022. As part of the closing of the APA, TPI, Akorn Operating Company LLC, and the JPMorgan Chase Bank, N.A. (the "Escrow Agent") entered into that certain Escrow Agreement, dated as of March 8, 2022 (the "Escrow Agreement").

8. Sections 3.01 and 3.03 of the APA required TPI to deliver at closing $6,750,000 (the "Escrow Amount") to the Escrow Agent to be held and released in accordance with the terms of the Escrow Agreement. Pursuant to Section 3.03 of the APA, the Escrow Amount was required to be placed by the Escrow Agent into an account serving as security for, and be available to TPI

to pay, any amounts owed to TPI in respect of Akorn Operating Company LLC's indemnification obligations. Section 3.03 of the APA specifies that:

> The Escrow Amount shall be held as a trust fund and shall not be subject to and shall not be subject to any Lien, attachment, trustee process or any other judicial process of any creditor of any party hereto, and shall be held and disbursed solely for the purposes and in accordance with the terms of this Agreement and the Escrow Agreement.

APA § 3.03. In accordance with its closing deliveries set forth in Section 3.07 of the APA, TPI delivered the Escrow Amount to the Escrow Agent on March 8, 2022.

9. Article X of the APA delineates the indemnification obligations Akorn Operating Company LLC owes to TPI including, but not limited to, those set forth in Section 10.02 thereof:

> Subject to the other terms of this ARTICLE X, from and after the Closing, Seller will indemnify, defend and hold harmless each Buyer Indemnitee from and against, and shall pay and reimburse each of them for any and all Losses suffered or incurred by any Buyer Indemnitee to the extent based upon, arising out of, with respect to or resulting from: (a) any inaccuracy in or breach of any of the representations or warranties of Seller contained: (i) in this Agreement or (ii) in any certificate or instrument delivered or on behalf of Seller pursuant to this Agreement, (b) any breach of, or any failure of Seller to perform or observe, any covenant or agreement contained herein; and (c) any Excluded Asset or Excluded Liability or any third party Claim to the extent based upon, resulting from or arising out of an Excluded Liability.

APA § 10.02.

10. To assert an indemnification claim against the Escrow Amount, TPI must transmit written notice (a "<u>Claim Notice</u>") to the Escrow Agent and, contemporaneously therewith, Akorn Operating Company LLC by no later than June 8, 2023. *See* Escrow Agreement § 3.03(a); *see also* APA § 10.05.

11. TPI has prepared a Claim Notice for delivery to the Escrow Agent and Akorn Operating, which asserts various indemnification claims against Akorn Operating pursuant to

Sections 10.02 and 10.05 of the APA and Section 3 of the Escrow Agreement (the "Indemnification Claims"). The Indemnification Claims are asserted in the amount of no less than $1,800,000 (the "Indemnification Claimed Amount"), which is secured by the Escrow Amount held in trust by the Escrow Agent in the Escrow Account for the benefit of TPI. *See* APA § 3.03; *see also* Escrow Agreement § 2(a).

12.  As more fully described in the Motion, to comply with the terms of the Escrow Agreement and the APA, TPI is requesting limited relief from the automatic stay in order to transmit the Claim Notice to the Escrow Agent and Akorn Operating Company LLC. TPI seeks this relief on an emergency basis because the Claim Notice must be transmitted on or before June 8, 2023.

## BASIS FOR RELIEF

13.  TPI respectfully requests that the Court shorten notice of the Motion so that it may be heard at a hearing scheduled for June 7, 2023, at 11:00 a.m. (ET), prior to the June 8 deadline by which TPI is required to submit a Claim under the APA and Escrow Agreement.

14.  Section 102(1) of the Bankruptcy Code provides that the phrase "after notice and a hearing" requires only such notice and opportunity for a hearing as may be appropriate under the circumstances. 11 U.S.C. § 102(1). Section 105(a) of the Bankruptcy Code provides that the Court "may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions" of the Bankruptcy Code. 11 U.S.C. § 105(a).

15.  Pursuant to Bankruptcy Rule 9006(c), "the court for cause shown may in its discretion with or without motion or notice order the period reduced." Fed. R. Bankr. P. 9006(c)(1). In exercising such discretion, the court should "consider the prejudice to parties entitled to notice and weigh this against the reasons for hearing the motion on an expedited basis."

*In re Phila. Newspapers, LLC*, 690 F.3d 161, 172 (3d Cir. 2012) (noting the common filing of such motions "given the accelerated time frame of bankruptcy proceedings"). Local Rule 9006-1(e) likewise provides for shortened notice "by order of the Court, on written motion . . . specifying the exigencies justifying shortened notice." Del. Bankr. L.R. 9006-1(e).

16. Sufficient cause exists for shortening notice to permit the Motion to be heard prior to June 8. As explained in the Motion, TPI is required under the Escrow Agreement and APA to submit the Claim Notice on or before June 8, 2023. Therefore, if the Court does not shorten the notice period to allow the Motion to be heard prior to June 8, TPI will be faced with the potential risk of violating the automatic stay when it submits the Claim Notice.[3]

17. It is important to note that TPI did not file the Motion earlier because the outcome of the Auction was determinative of the extent of TPI's Losses (as that term is defined in the APA) that are recoverable from the escrow. Until the auction had been completed, TPI did not know the scope and amount of its indemnification claim.[4]

18. Moreover, TPI will be extremely prejudiced if it cannot pursue its Indemnification Claims in accordance with the APA and Escrow Agreement. If the deadline to transmit the Claim Notice passes, TPI may be foreclosed from pursuing its Indemnification Claims. The Escrow Amount was cash-funded by TPI, and TPI relied on, and expected Akorn Operating to abide by, the terms of the APA and Escrow Agreement to satisfy its obligations thereunder. Indeed, the entire purpose of the Escrow Agreement was to establish a fund that does not constitute property of Akorn Operating and ensure that funds would be available if it became insolvent or otherwise

---

[3] As explained in the Motion, TPI does not believe that the automatic stay applies to submitting the claim to the escrow agent – as the escrow fund is not property of the estate – but TPI is nevertheless moving for stay relief out of an abundance of caution. *See* Motion at 7–8.

[4] TPI has been in discussions with the Trustee's counsel about stipulating to limited stay relief. Although these discussions have been constructive, due to the quickly approaching deadline to submit the Claim TPI had no choice but to file the Motion and Motion to Shorten. TPI intends to continue to engage with the Trustee to try to reach an agreement on stay relief.

was unable or unwilling to perform its obligations. Absent stay relief, TPI may be deprived of its carefully negotiated rights.

19. For the foregoing reasons, sufficient cause exists to justify shortening the notice period for the relief requested in the Motion. Accordingly, the Debtors request that the Court schedule the Motion to be heard at its earliest convenience before June 8, 2023, with objections to the Motion to be raised at or before the hearing.

## NOTICE

20. Notice of this Motion has been given to (a) the Office of the United States Trustee, (b) counsel for the Debtors, (c) counsel for the Trustee and (d) all parties that have requested notice pursuant to Bankruptcy Rule 2002. TPI submits that, in light of the nature of the relief requested, no other or further notice need be given.

## AVERMENT PURSUANT TO LOCAL RULE 9006-1(e)

21. Pursuant to Local Rule 9006-1(e), TPI conferred with the Trustee regarding the request for shortened notice and raised the request in open court at the hearing that took place on May 30, 2023. The Trustee did not object to the request for shortened notice at the hearing.

[*Signature page follows.*]

**CONCLUSION**

For the reasons set forth above, TPI respectfully requests entry of the Proposed Order, substantially in the form attached hereto as **Exhibit A**, granting the relief requested herein and such other relief as the Court deems just and proper.

Dated: May 30, 2023
      Wilmington, Delaware

*/s/ Sophie Rogers Churchill*
**MORRIS, NICHOLS, ARSHT & TUNNELL LLP**
Curtis S. Miller (No. 4583)
Sophie Rogers Churchill (No. 6905)
1201 N. Market Street, 16th Floor
P.O. Box 1347
Wilmington, Delaware 19899-1347
Telephone: (302) 658-9200
Facsimile: (302) 658-3989
Email:   cmiller@morrisnichols.com
           srchurchill@morrisnichols.com

- and -

**WEIL, GOTSHAL & MANGES LLP**
Alfredo R. Pérez  (*pro hac vice* forthcoming)
Theodore S. Heckel (*pro hac vice* forthcoming)
700 Louisiana Street, Suite 1700
Houston, TX  77002-2784
Telephone:   (713) 546-5000
Email: alfredo.perez@weil.com
       theodore.heckel@weil.com

*Attorneys for Laboratoires Théa SAS and Thea Pharma Inc.*