IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

------------------------------------------------------------ x
:
In re: : Chapter 7
:
AKORN HOLDING COMPANY LLC, *et al.* : Case No. 23-10253 (KBO)
:
Debtors.[1] : (Jointly Administered)
:
: **Re: Docket No. 231**
------------------------------------------------------------ x

**ORDER GRANTING RELIEF FROM THE AUTOMATIC STAY,
TO THE EXTENT APPLICABLE, TO (A) SUSPEND AND TERMINATE
DEBTOR'S PARTICIPATION IN REMS PROGRAM AND RELATED AGREEMENTS
AND (B) APPLY SECURITY DEPOSIT AGAINST AMOUNTS OWED BY DEBTOR**

Upon consideration of the motion (the "***Motion***") of Syneos Health ("***Syneos***") and the non-Debtor RPA Participants (collectively, the "***Consortium***")[2] for entry of an order granting relief from the automatic stay, to the extent applicable, in order to (a) suspend and terminate Akorn's status as an RPA Participant as provided under the RPA and as a party to the PMO Agreement, and (b) apply Akorn's Security Deposit against amounts owed by Akorn to Syneos pursuant to the RPA and the PMO Agreement on account of PMO Costs and Expenses; and the Court having jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference from the United States District Court for the District of Delaware*, dated February 29, 2012; and this Court having found that this is a core proceeding within the meaning of 28 U.S.C. §157(b) and that this Court may enter a final order consistent with Article III of the United States Constitution; and this Court having found that venue of this proceeding is proper

---

[1] The debtors in these chapter 7 cases (the "***Debtors***"), along with the last four digits of their federal tax identification numbers and case numbers, are Akorn Holding Company LLC (9190), Case No. 23-10253 (KBO); Akorn Intermediate Company LLC (6123), Case No. 23-10254 (KBO); and Akorn Operating Company LLC (6184), Case No. 23-10255. The Debtors' headquarters is located at 5605 CenterPoint Court, Gurnee, IL 60031.

[2] Capitalized terms used but not otherwise defined herein shall have the meanings accorded to them in the Motion.

RLF1 29087006v.3

pursuant to 28 U.S.C. §§ 1408 and 1409; and this Court having found that notice of the Motion was appropriate and no other notice need be provided; and the Court having reviewed the Motion; and the Court having determined that the legal and factual bases set forth therein establish just cause for the relief granted herein; and upon due deliberation and sufficient cause appearing therefor,

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED THAT:

1. The Motion is GRANTED as set forth herein.

2. To the extent applicable, the automatic stay is hereby lifted pursuant to 11 U.S.C. § 362(d)(1) to permit the Consortium to suspend and terminate Akorn as an RPA Participant under the RPA and as a party to the PMO Agreement, pursuant to the terms of those Agreements.

3. To the extent applicable, the automatic stay is hereby lifted pursuant to 11 U.S.C. §§ 362(d)(1) and 362(d)(2) to allow Syneos to apply Akorn's Security Deposit against Akorn's share of PMO Fees and Expenses in accordance with the PMO Agreement.

4. This Order shall constitute a formal notice of default to Akorn to the extent the RPA or the PMO Agreement requires such notice in order to effectuate termination of Akorn as an RPA Participant thereunder.

5. Syneos and the Consortium are authorized to take all actions necessary under the RPA and the PMO Agreement to terminate Akorn as an RPA Participant.

6. This Order shall be immediately effective and enforceable upon its entry, and the stay imposed by Bankruptcy Rule 4001(a)(3) is hereby waived.

7.  The Court shall retain jurisdiction with respect to all matters arising from or related to the interpretation or implementation of this Order.

**Dated: June 5th, 2023**
**Wilmington, Delaware**

**KAREN B. OWENS**
**UNITED STATES BANKRUPTCY JUDGE**