IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>AKORN HOLDING COMPANY LLC, *et al.*[1]<br><br>Debtors. | Chapter 7<br><br>Case No. 23-10253 (KBO)<br><br>(Jointly Administered)<br><br>Re D.I. 106, 137 |

**PURCHASER'S DECLARATION IN SUPPORT OF TRUSTEE'S MOTION FOR ENTRY OF (I) AN ORDER (A) APPROVING BIDDING PROCEDURES IN CONNECTION WITH SALE OF SUBSTANTIALLY ALL OF THE ESTATES' ASSETS, (B) SCHEDULING AN AUCTION AND HEARING TO CONSIDER THE PROPOSED SALE, AND (C) APPROVING THE FORM AND MANNER OF NOTICE THEREOF; AND (II) AN ORDER (A) APPROVING THE SALE, (B) AUTHORIZING THE ASSUMPTION AND ASSIGNMENT OF EXECUTORY CONTRACTS AND UNEXPIRED LEASES, AND (C) GRANTING CERTAIN RELATED RELIEF**

I, Amy Farris Wolfe, pursuant to 28 U.S.C. §1746, declare under penalty of perjury that the following is true and correct:

1. I am the General Counsel of Aurobindo Pharma USA, Inc. (the "Purchaser"), the proposed purchaser of certain assets from the Debtors' Estates (the "Purchased Assets"), and I submit this Declaration in support of the *Trustee's Motion for Entry of (I) an Order (A) Approving Bidding Procedures in Connection With Sale of Substantially all of the Estates' Assets, (B) Scheduling an Auction and Hearing to Consider the Proposed Sale and (C) Approving the Form and Manner of Notice Thereof; and (II) an Order (A) Approving the Sale, (B) Authorizing the Assumption and Assignment of Executory Contracts and Unexpired Leases, and (C) Granting Certain Related Relief* (the "Sale Motion") [D.I. 106].[2]

---

[1] The Debtors in these chapter 7 cases, along with the last four digits of their federal tax identification numbers, and cases numbers are Akorn Holding Company LLC (9190), Case No. 23-10253 (KBO); Akorn Intermediate Company LLC (6123), Case No. 23-10254 (KBO); and Akorn Operating Company LLC (6184), Case No. 23- 10255. The Debtors' headquarters is located at 5605 CenterPoint Court, Gurnee, IL 60031.
[2] Capitalized terms not otherwise defined herein shall have the meanings provided in the Sale Motion.

157492424v1

2. Unless otherwise stated herein, I have personal knowledge of the facts set forth in this Declaration.

3. The Purchaser was a Qualified Bidder and attended the Auction through its representatives and/or professionals, and was selected as the Successful Bidder for the Purchased Assets. The Purchaser did not engage in any collusion with respect to the bidding at the Auction or the sale of any assets at the Auction.

4. The Purchaser and the Trustee (together, the "Parties"), through their respective representatives and/or professionals, engaged in arm's length negotiations with respect to the Purchased Assets, culminating in their entry into a Purchase Agreement (the "Purchase Agreement"), a true and correct copy of which has been, or will be, filed with the Court. The Parties' negotiations were in no way tainted by collusion, fraud, or bad faith.

5. The Parties have not, and will not, exchange any consideration other than as set forth in the Purchase Agreement. The consideration as set forth in the Purchase Agreement represents fair and reasonable value being paid for the Purchased Assets.

6. In the Sale Motion, the Trustee requests that the Court approve the Sale and, *inter alia*, find that the Purchaser is a "good faith" purchaser entitled to the protections afforded to good faith purchasers under 11 U.S.C. §363(m).

7. To the best of my knowledge, information and belief, the Purchaser has no connections with the Trustee, the Debtor, the Debtor's employees, other professionals, the United States Trustee, or any persons employed in the Office of the United States Trustee.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on this __6th__ day of June, 2023.

_____
Amy Farris Wolfe
General Counsel