**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 7 |
| AKORN HOLDING COMPANY LLC, *et al.*[1] | Case No. 23-10253 (KBO) |
| Debtors. | (Jointly Administered) |
| | **Re D.I.  106, 137, 273, 283, 320, 345** |

**ORDER (A) APPROVING THE SALE OF CERTAIN**
**OF THE ESTATES' ASSETS FREE AND CLEAR OF ALL LIENS, CLAIMS,**
**ENCUMBRANCES AND INTERESTS, (B) AUTHORIZING THE TRUSTEE TO ENTER**
**INTO AND PERFORM HIS OBLIGATIONS TO AUROBINDO PHARMA USA, INC.**
**UNDER THE MASTER ASSET PURCHASE AGREEMENT, AND (C) GRANTING**
**CERTAIN RELATED RELIEF (THE "AUROBINDO SALE ORDER")**

This matter is before the Court on the Trustee's *Motion for Entry of (I) an Order (A) Approving Bidding Procedures in Connection With Sale of Substantially all of the Estates' Assets, (B) Scheduling an Auction and Hearing to Consider the Proposed Sale and (C) Approving the Form and Manner of Notice Thereof; and (II) an Order (A) Approving the Sale, (B) Authorizing the Assumption and Assignment of Executory Contracts and Unexpired Leases, and (C) Granting Certain Related Relief* (the "Sale Motion") [D.I. 106],[2] seeking, among other things: (a) approval of the Asset Purchase Agreement dated May 25, 2023 filed on the docket in these Bankruptcy Cases at D.I. No. 273 (together with all exhibits, schedules, and other documents ancillary thereto, the "Purchase Agreement"); (b) authority to sell the Purchased Assets designated in the "Aurobindo Schedule 2.1(a)" attached to the Purchase Agreement (the "Aurobindo Purchased

---

[1] The Debtors in these chapter 7 cases, along with the last four digits of their federal tax identification numbers, and cases numbers are Akorn Holding Company LLC (9190), Case No. 23-10253 (KBO); Akorn Intermediate Company LLC (6123), Case No. 23-10254 (KBO); and Akorn Operating Company LLC (6184), Case No. 23- 10255. The Debtors' headquarters is located at 5605 CenterPoint Court, Gurnee, IL 60031.

[2] Unless otherwise defined in this Order, all capitalized terms shall have the meanings provided in the Sale Motion and/or the Purchase Agreement.

Assets") to Aurobindo Pharma USA, Inc. (the "Aurobindo Purchaser") as set forth in the Purchase Agreement, free and clear of Liens (as defined below), Claims (as defined below), and other interests, and (c) related relief; and this Court, in furtherance of the Sale Motion, having entered an order on April 28, 2023 (the "Bidding Procedures Order") [D.I. 137] approving, among other things, the Bidding Procedures and the Notice Procedures; and the Trustee having determined, after an extensive marketing process, that the Aurobindo Purchaser has submitted the highest and best bid for the Aurobindo Purchased Assets; and adequate and sufficient notice of the Bidding Procedures, the Purchase Agreement, and all transactions contemplated thereunder and in this Order having been given in the manner directed by the Court in the Bidding Procedures Order; and all interested parties having been afforded an opportunity to be heard with respect to the Sale Motion and all relief related thereto; and the Court having reviewed and considered the Sale Motion and all relief related thereto, and all objections thereto having been withdrawn, waived, settled or overruled, and having held a hearing regarding the Sale Motion on June 8, 2023 (the "Sale Hearing"); and it appearing that the Court has jurisdiction over this matter; and it further appearing that the legal and factual bases set forth in the Sale Motion and at the Sale Hearing establish just cause for the relief granted herein; and after due deliberation; and good and sufficient cause appearing,

**THE COURT HEREBY FINDS AND DETERMINES THAT:**[3]

## Jurisdiction, Final Order, and Statutory Predicates

A.      This Court has jurisdiction to hear and determine the Sale Motion pursuant to 28 U.S.C. § 1334(a).  This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A), (N), and (O).  Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

B.      The statutory predicates for the relief requested in the Sale Motion are sections 105(a), 363, and 365 of the Bankruptcy Code, and Bankruptcy Rules 2002(a)(2), 6004, 6006, 9007, and 9014.

C.      This Order constitutes a final order within the meaning of 28 U.S.C. § 158(a).  Notwithstanding Bankruptcy Rules 6004(h) and 6006(d), and to any extent necessary under Bankruptcy Rule 9014 and Federal Rule of Civil Procedure 54(b), as made applicable by Bankruptcy Rule 7054, the Court expressly finds that there is no just reason for delay in the implementation of this Order.

## Notice of the Sale and Auction

D.      Actual written notice of the Sale Motion was provided to the Notice Parties.

E.      The Trustee's Notice of Auction and Sale Hearing was reasonably calculated to provide all interested parties with timely and proper notice of the Sale, Sale Hearing, and Auction.

---

[3] These findings and conclusions constitute the Court's findings of fact and conclusions of law pursuant to Bankruptcy Rule 7052, made applicable to this proceeding pursuant to Bankruptcy Rule 9014.  All findings of fact and conclusions of law announced by the Court at the Sale Hearing in relation to the Sale Motion are hereby incorporated herein to the extent not inconsistent herewith.  To the extent that any of the following findings of fact constitute conclusions of law, they are adopted as such.  To the extent any of the following conclusions of law constitute findings of fact, they are adopted as such.

F.      As evidenced by the certificates of service previously filed with the Court, proper, timely, adequate, and sufficient notice of the Sale Motion, Auction, Sale Hearing, Sale, the Purchase Agreement and the transactions contemplated thereby (collectively, the "Aurobindo Transaction") have been provided in accordance with the Bidding Procedures Order, sections 105(a), 363, and 365 of the Bankruptcy Code, and Bankruptcy Rules 2002, 6004, 6006, and 9007.  The notices described above were good, sufficient, and appropriate under the circumstances, and no other or further notice of the Sale Motion, Auction, Sale Hearing, and Sale is or shall be required.

G.      The disclosures made by the Trustee concerning the Sale Motion, Auction, Purchase Agreement, Sale, and Sale Hearing were good, complete, and adequate.

H.      A reasonable opportunity to object and be heard with respect to the Sale and the Sale Motion and the relief requested therein, has been afforded to all interested persons and entities, including but not necessarily limited to the Notice Parties.

I.      This Order relates only to the Aurobindo Purchased Assets and the Aurobindo Transaction.  This Order is separate from and unrelated to any other order entered by this Court in connection with the Sale Hearing approving the sale of any assets of the Debtors to other purchasers pursuant to the Purchase Agreement or any other asset purchase agreement other than the Aurobindo Purchased Assets (the "Other Assets").  Any order related to the Other Assets shall be equally treated as granting the relief requested in the Sale Motion only as it related to such Other Assets, except to the extent expressly provided therein.  The relief granted in any order related to the Other Assets shall not derogate from the relief granted by this Order and, in the event of any conflict between any such order and this Order, this Order shall control with respect to the Aurobindo Purchased Assets and the Aurobindo Transaction.  The relief sought in the Sale

4

Motion relating to the Aurobindo Purchased Assets, the Purchase Agreement and the Aurobindo Transaction as to the Aurobindo Purchased Assets and the Aurobindo Transaction shall be deemed as severed from all other relief sought in the Sale Motion so that this Order shall constitute a separate final order for all purposes related to the Aurobindo Purchased Assets, Purchase Agreement, and the Aurobindo Transaction.   Any appeal from or request for reconsideration, rehearing, or reargument of, or for relief from, any order entered in connection with the Sale Motion and relating to the sale of any Other Assets, or any transaction other than the Aurobindo Transaction regardless if pursuant to the Purchase Agreement or another asset purchase agreement, shall not affect or otherwise impact this Order or the finality hereof in any manner whatsoever.

### **Good Faith of Purchaser**

J.      The Purchase Agreement was negotiated, proposed, and entered into by the Trustee and the Aurobindo Purchaser without collusion, in good faith, and from arm's-length bargaining positions.

K.      Neither the Trustee nor the Aurobindo Purchaser has engaged in any conduct that would cause or permit the Purchase Agreement to be avoided under section 363(n) of the Bankruptcy Code.   Specifically, the Aurobindo Purchaser has not acted in a collusive manner with any person and the Purchase Price was not controlled by any agreements among the bidders.

L.      The Aurobindo Purchaser is purchasing the Aurobindo Purchased Assets in good faith, and is a good faith buyer within the meaning of section 363(m) of the Bankruptcy Code, and is therefore entitled to all of the protections afforded by that provision, and otherwise has proceeded in good faith in all respects in connection with this proceeding in that, *inter alia*: (a) the Aurobindo Purchaser recognized that the Trustee was free to deal with any other party

interested in acquiring the Aurobindo Purchased Assets; (b) the Aurobindo Purchaser complied with the provisions in the Bidding Procedures Order; (c) the Aurobindo Purchaser agreed to subject its bid to the competitive bidding procedures set forth in the Bidding Procedures Order; (d) the Aurobindo Purchaser in no way induced or caused the filing of the Bankruptcy Cases; and (e) all payments to be made by the Aurobindo Purchaser in connection with the Sale have been disclosed.

M.      The form and total consideration to be realized by the Estates under the Purchase Agreement constitutes fair value, fair, full, and adequate consideration, reasonably equivalent value, and reasonable market value for the Aurobindo Purchased Assets.

N.      Neither the Aurobindo Purchaser nor any of its Affiliates, officers, directors, managers, shareholders, members or any of their respective successors or assigns is an "insider" of the Debtors, as that term is defined under section 101(31) of the Bankruptcy Code. No common identity of directors, managers, controlling shareholders, or members exists between the Debtors, Trustee or the Aurobindo Purchaser.

## Highest and Best Offer

O.      The Trustee conducted an auction process in accordance with, and has otherwise complied in all respects with, the Bidding Procedures Order.  The auction process set forth in the Bidding Procedures Order afforded a full, fair, and reasonable opportunity for any person or entity to make a higher or otherwise better offer to purchase the Aurobindo Purchased Assets. The auction process was duly noticed and conducted in a non-collusive, fair, and good faith manner, and a reasonable opportunity was given to any interested party to make a higher and better offer for the Aurobindo Purchased Assets.

P.      The Aurobindo Purchase Price (as defined in the Purchase Agreement) constitutes the highest and best offer for the Aurobindo Purchased Assets, and will provide a greater recovery for the Estates than would be provided by any other available alternative.  The Trustee's determination that the Aurobindo Purchase Price constitutes the highest and best offer for the Aurobindo Purchased Assets constitutes a valid and sound exercise of the Trustee's business judgment.

Q.      The Aurobindo  Purchaser is the Successful Bidder for the Aurobindo Purchased Assets in accordance with the Bidding Procedures Order.   The Aurobindo Purchaser has complied in all respects with the Bidding Procedures Order and any other applicable order of this Court in negotiating and entering into the Purchase Agreement, and the sale and the Purchase Agreement likewise comply with the Bidding Procedures Order and any other applicable order of this Court.

**No Fraudulent Transfer**

R.      The consideration provided by the Aurobindo Purchaser pursuant to the Purchase Agreement (i) is fair and reasonable, (ii) constitutes the highest and/or best offer for the Aurobindo Purchased Assets, and (iii) constitutes reasonably equivalent value and fair consideration for the Aurobindo Purchased Assets under the Bankruptcy Code and applicable law, including, without limitation, under the laws of the United States, and each State, territory, possession, and the District of Columbia or any other applicable jurisdiction with laws similar to the foregoing, including, without limitation, the Uniform Fraudulent Conveyance Act, the Uniform Fraudulent Transfer Act, and the Uniform Voidable Transactions Act.  No other person or entity or group of entities has offered to purchase the Aurobindo Purchased Assets for greater economic value to the Estates than the Aurobindo Purchaser.  Approval of the Sale Motion and

the Purchase Agreement (solely as to the Aurobindo Purchaser), and the consummation of the transactions contemplated thereby to which the Aurobindo Purchaser is a party are in the best interests of the Estates.

S.     The Aurobindo Purchaser is not a mere continuation of the Debtors or the Estates, and no continuity of enterprise exists between the Aurobindo Purchaser and the Debtors or the Estates.  The Aurobindo Purchaser is not holding itself out to the public as a continuation of the Debtors or the Estates.  The Aurobindo Purchaser is not a successor to the Debtors or the Estates, and the Sale of the Aurobindo Purchased Assets to the Aurobindo Purchaser does not amount to a consolidation, merger, or de facto merger of the Aurobindo Purchaser and the Debtors or the Estates.

**Validity of Transfer**

T.     The Purchase Agreement was not entered into for the purpose of hindering, delaying, or defrauding creditors.  Neither the Trustee nor the Aurobindo Purchaser is entering into the transactions contemplated by the Purchase Agreement to which the Aurobindo Purchaser is a party fraudulently for purposes of statutory and/or common law fraudulent conveyance and fraudulent transfer laws.

U.     The Estates are the sole and lawful owners of the Aurobindo Purchased Assets. Subject to section 363(f) of the Bankruptcy Code, the transfers of the Aurobindo Purchased Assets to the Aurobindo Purchaser will be, as of the Closing Date, legal, valid, and effective transfers of the Aurobindo Purchased Assets, which transfer will vest the Aurobindo Purchaser with all right, title, and interest of the Estates to the Aurobindo Purchased Assets free and clear of: (a) all Liens (as defined in the Purchase Agreement), accruing or arising any time prior to the Closing Date, and (b) all claims (as that term is defined in section 101(5) of the Bankruptcy

63933910\4

Code), liabilities, obligations, demands, guaranties, options, rights, contractual commitments, restrictions, interests, and matters of any kind and nature, whether arising prior to or subsequent to the Petition Date, and whether imposed by agreement, understanding, law, equity, or otherwise (including, without limitation, rights with respect to Claims and Liens (i) that purport to give to any party a right of setoff or recoupment against, or a right or option to effect any forfeiture, modification, profit sharing interest, right of first refusal, purchase or repurchase right or option, or termination of, any of the Estates' or the Aurobindo Purchaser's interests in the Aurobindo Purchased Assets, or any similar rights, or (ii) in respect of taxes, restrictions, rights of first refusal, charges, or interests of any kind or nature, if any, including, without limitation, any restriction of use, voting, transfer, receipt of income, or other exercise of any attributes of ownership), whether known or unknown, disclosed or undisclosed, matured or unmatured, fixed or contingent, asserted or unasserted, liquidated or unliquidated (collectively, as defined in this clause (b), "Claims"), relating to, accruing, or arising any time prior to the Closing Date.

### **Section 363(f) is Satisfied**

V.     The conditions of section 363(f) of the Bankruptcy Code have been satisfied in full; therefore, the Trustee may sell the Aurobindo Purchased Assets free and clear of any interest in the property.

W.     The Aurobindo Purchaser would not have entered into the Purchase Agreement, and would not consummate the transactions contemplated thereby, if the sale of the Aurobindo Purchased Assets to the Aurobindo Purchaser were not free and clear of all Liens and Claims. The Aurobindo Purchaser shall not be responsible for any Liens or Claims other than Assumed Liabilities (as defined in the Purchase Agreement) which have been expressly assumed by the Aurobindo Purchaser pursuant to the Purchase Agreement.

63933910\4

X.    The Trustee may sell the Aurobindo Purchased Assets free and clear of all Liens and Claims against the Estates and/or any of the Aurobindo Purchased Assets because, in each case, one or more of the standards set forth in section 363(f)(1)-(5) of the Bankruptcy Code have been satisfied.  Those holders of Liens or Claims against the Estates or any of the Aurobindo Purchased Assets who did not object, or who withdrew their objections, to the Sale or the Sale Motion are deemed to have consented pursuant to section 363(f)(2) of the Bankruptcy Code.  All other holders of Liens or Claims are adequately protected by having their Liens or Claims, if any, in each instance against the Estates or any of the Aurobindo Purchased Assets, attach to the net cash proceeds of the Sale ultimately attributable to the particular Aurobindo Purchased Assets in which such creditor alleges a Lien or Claim, in the same order of priority, with the same validity, force and effect that such Lien or Claim had prior to the Sale, subject to any claims and defenses that the Estates may possess with respect thereto.

**Compelling Circumstances for an Immediate Sale**

Y.    Good and sufficient reasons for approval of the Purchase Agreement (solely as to the Aurobindo Purchaser) and the Sale have been articulated.  The relief requested in the Sale Motion is in the best interests of the Estates.  The Trustee has demonstrated both (i) good, sufficient, and sound business purposes and justifications, and (ii) compelling circumstances for the Sale other than in the ordinary course of business, pursuant to section 363(b) of the Bankruptcy Code in that, among other things, the immediate consummation of the Sale of the Aurobindo Purchased Assets to the Aurobindo Purchaser is necessary and appropriate to maximize the value of the Estates.  Time is of the essence in consummating the Sale.

Z.    Given all of the circumstances of the Bankruptcy Cases and the adequacy and fair value of the Aurobindo Purchase Price under the Purchase Agreement, the proposed Sale of the

Aurobindo Purchased Assets to the Aurobindo Purchaser constitutes a reasonable and sound exercise of the Trustee's business judgment and should be approved.

AA.    The consummation of the Sale of the Aurobindo Purchased Assets to the Aurobindo Purchaser is legal, valid, and properly authorized under all applicable provisions of the Bankruptcy Code, including, without limitation, sections 105(a), 363(b), 363(f), 363(m), and 365, and all of the applicable requirements of such sections have been complied with in respect of the transaction.

**NOW, THEREFORE, IT IS HEREBY ORDERED:**

**<u>General Provisions</u>**

1.    The relief requested in the Sale Motion, as it pertains to the Aurobindo Transaction, is granted and approved as set forth herein. The Trustee is authorized to sell the Aurobindo Purchased Assets to the Aurobindo Purchaser and transfer, assign and convey the Aurobindo Purchased Assets to the Aurobindo Purchaser on the Closing Date.  For the avoidance of doubt, this Order relates only to the Aurobindo Transaction, and is independent of any other order approving or disapproving any other transactions with any other purchaser under the Purchase Agreement or any other asset purchase agreement.

2.    All objections or responses to the Sale Motion or the relief requested therein as to the Aurobindo Transaction and the Aurobindo Purchaser that have not been withdrawn, waived, or settled as announced to the Court at the Sale Hearing or by stipulation filed with the Court, and all reservations of rights included therein, are hereby denied and overruled with prejudice. All persons and entities given notice of the Sale Motion that failed to timely object thereto are deemed to consent to the Aurobindo Transaction, for all purposes, including for purposes of sections 363(f)(2), 365(c)(1), and 365(e)(2) of the Bankruptcy Code.

63933910\4

**Approval of the Purchase Agreement**

3.       The Purchase Agreement (and all schedules and exhibits affixed thereto relating to the Aurobindo Purchaser) and all other ancillary documents, all of the terms and conditions thereof, and the transactions contemplated therein to which the Aurobindo Purchaser is a party are hereby approved and authorized.

4.       Pursuant to sections 363(b) and (f) of the Bankruptcy Code, the Trustee is authorized and empowered to take any and all actions necessary or appropriate to: (i) consummate the Sale of the Aurobindo Purchased Assets to the Aurobindo Purchaser pursuant to and in accordance with the terms and conditions of the Purchase Agreement and this Order; (ii) close the Sale of the Aurobindo Purchased Assets to the Aurobindo Purchaser as contemplated in the Purchase Agreement and this Order; and (iii) execute and deliver, perform under, consummate, implement, and close fully the Purchase Agreement as to the Aurobindo Purchaser, together with all additional instruments and documents that may be reasonably necessary or desirable to implement the Purchase Agreement and the Sale with respect to the Aurobindo Purchaser and the Aurobindo Purchased Assets.

5.       This Order shall be binding in all respects upon the Trustee, the Estates, the Debtors, all creditors of, and holders of equity interests in, the Debtors, any holders of Liens, Claims, or other interests in, against, or on all or any portion of the Aurobindo Purchased Assets (whether known or unknown), the Aurobindo Purchaser and all successors and assigns of the Aurobindo Purchaser, and the Aurobindo Purchased Assets.  This Order and the Purchase Agreement shall inure to the benefit of the Estates and their creditors, the Aurobindo Purchaser, and the respective successors and assigns of each of the foregoing.

63933910\4

6.      Subject to the terms, conditions, and provisions of this Order, all persons and entities are hereby forever prohibited, enjoined and barred from taking any action that would adversely affect or interfere, or that would be inconsistent (i) with the ability of the Trustee to sell and transfer the Aurobindo Purchased Assets to the Aurobindo Purchaser free and clear of all Claims in accordance with the terms of the Purchase Agreement and this Order and (ii) with the ability of the Aurobindo Purchaser to acquire, take possession of, use and operate the Aurobindo Purchased Assets in accordance with the terms of the Purchase Agreement and this Order.

7.      The Sale of the Aurobindo Purchased Assets to the Aurobindo Purchaser under the Purchase Agreement constitutes a transfer for reasonably equivalent value, fair value and fair consideration under the Bankruptcy Code and applicable law, including, without limitation, the laws of each jurisdiction in which the Aurobindo Purchased Assets are located, and the Sale of the Aurobindo Purchased Assets to the Aurobindo Purchaser may not be avoided under any statutory or common law fraudulent conveyance and fraudulent transfer theories whether under the Bankruptcy Code or under the laws of the United States, any state, territory, possession thereof or the District of Columbia or any other applicable jurisdiction with laws substantially similar to the foregoing including the Uniform Fraudulent Conveyance Act, the Uniform Fraudulent Transfer Act, the Uniform Voidable Transactions Act and any other applicable law. The Sale shall not be subject to avoidance or rejected by any person, and costs or damages shall not be imposed or awarded against the Aurobindo Purchaser under section 363(m) or any other provision of the Bankruptcy Code or applicable State or other law.

**Transfer of the Aurobindo Purchased Assets**

8.      Pursuant to sections 105(a), 363(b), and 363(f) of the Bankruptcy Code, the Trustee is authorized to transfer the Aurobindo Purchased Assets to the Aurobindo Purchaser on

63933910\4

the Closing Date and, upon the Closing with the Aurobindo Purchaser under the Purchase Agreement, such transfers shall constitute legal, valid, binding, and effective transfers of such Aurobindo Purchased Assets and shall vest the Aurobindo Purchaser with title to the Aurobindo Purchased Assets and, upon the Trustee's receipt of the full Aurobindo Purchase Price from the Aurobindo Purchaser on account of the Aurobindo Purchased Assets, shall be free and clear of all Liens, Claims, and other interests of any kind or nature whatsoever, including but not limited to, successor or successor-in-interest liability and Claims, with all such Liens, Claims or other interests to attach to the net cash proceeds ultimately attributable to the property against or in which such Liens, Claims, or interests are asserted, subject to the terms thereof, with the same validity, force and effect, and in the same order of priority, that such Liens, Claims, or interests now have against the Aurobindo Purchased Assets.  Upon the Closing, the Aurobindo Purchaser shall take title to and possession of the Aurobindo Purchased Assets.

9.      In accordance with the written Sharing Agreement by and among the Trustee, the ABL Agent and TL Agent, to the extent approved by the Court or as modified by later Order of the Court (the "Sharing Agreement"), upon consummation of the Sale approved hereby, the Trustee is authorized to indefeasibly pay via wire transfer  the allowed ABL Claim Amount and allowed TL Claim Amount (as such terms are defined in the Sharing Agreement); provided that if one or more additional Sale transactions must be consummated before full payment of such allowed claims is feasible, then the Trustee is authorized to make such payments as and when such other transactions are consummated.

10.      All persons and entities in possession of some or all of the Aurobindo Purchased Assets on the Closing Date are directed to surrender possession of such Aurobindo Purchased Assets to the Aurobindo Purchaser or its assignee at the Closing.  On the Closing Date, each of

the Estates' creditors is authorized and directed to execute such documents and take all other actions as may be reasonably necessary to release its Liens, Claims, or other interests in the Aurobindo Purchased Assets, if any, as such Liens, Claims, or interests may have been recorded or may otherwise exist.

11.     On the Closing Date, this Order shall be construed and shall constitute for any and all purposes a full and complete general assignment, conveyance, and transfer of the Estates' interests in the Aurobindo Purchased Assets.   Each and every federal, state, and local governmental agency or department is hereby directed to accept any and all documents and instruments necessary and appropriate to consummate the Aurobindo Transaction.

12.     A certified copy of this Order may be filed with the appropriate clerk and/or recorded with the recorder to act to cancel any Liens and other encumbrances of record.

13.     If any person or entity that has filed statements or other documents or agreements evidencing Liens on, or interests in, all or any portion of the Aurobindo Purchased Assets shall not have delivered to the Trustee prior to the Closing, in proper form for filing and executed by the appropriate parties, termination statements, instruments of satisfaction, releases of liens and easements, and any other documents necessary for the purpose of documenting the release of all Liens, Claims, or other interests that the person or entity has or may assert with respect to all or any portion of the Aurobindo Purchased Assets, the Trustee is hereby authorized and directed, and the Aurobindo Purchaser is hereby authorized, to execute and file such statements, instruments, releases, and other documents on behalf of such person or entity with respect to the Aurobindo Purchased Assets.

14.     This Order is and shall be effective as a determination that, on the Closing Date, all Liens, Claims, or other interests of any kind or nature whatsoever existing as to the

Aurobindo Purchased Assets prior to the Closing Date, shall have been unconditionally released, discharged, and terminated, and that the conveyances described herein have been effected.  This Order is and shall be binding upon and govern the acts of all persons and entities, including, without limitation, all filing agents, filing officers, title agents, title companies, recorders of mortgages, recorders of deeds, registrars of deeds, administrative agencies, governmental departments, secretaries of state, federal, state and local officials, and all other persons and entities who may be required by operation of law, the duties of their office, or contract, to accept, file, register, or otherwise record or release any documents or instruments, or who may be required to report or insure any title or state of title in or to any lease; and each of the foregoing persons and entities is hereby directed to accept for filing any and all of the documents and instruments necessary and appropriate to consummate the transactions contemplated by the Purchase Agreement to which the Aurobindo Purchaser is a party.

15.    No governmental unit (as defined in section 101(27) of the Bankruptcy Code) or any representative thereof may deny, revoke, suspend or refuse to renew any permit, license or similar grant relating to the operation of the Aurobindo Purchased Assets on account of the filing or pendency of the chapter 7 case or the consummation of the Sale to the extent that any such action by a governmental unit or any representative thereof would violate section 525 of the Bankruptcy Code.

16.    The Aurobindo Purchaser is hereby authorized, in connection with the consummation of the Aurobindo Transaction, to allocate the Aurobindo Purchased Assets and Assumed Liabilities among its Affiliates, designees, assignees, or successors in a manner as it, in its sole discretion, deems appropriate, and to assign, sublease, sublicense, transfer or otherwise dispose of any of the Aurobindo Assets to its Affiliates, designees, assignees, or successors with

63933910\4

all of the rights and protections accorded under this Order and the Purchase Agreement, and the Trustee shall cooperate with and take all actions reasonably requested by the Aurobindo Purchaser to effectuate any of the foregoing.  For the avoidance of confusion, nothing in this paragraph shall excuse the Aurobindo Purchaser from any of its obligations to the Trustee under this or any other order of the Court, or under the Purchase Agreement.

### **Prohibition of Actions against the Purchaser**

17.     Except as otherwise provided in this Order or the Purchase Agreement, the Aurobindo Purchaser shall not have any liability or other obligation to the Estates arising under or related to any of the Aurobindo Purchased Assets.  Without limiting the generality of the foregoing, and except as otherwise provided herein or in the Purchase Agreement, the Aurobindo Purchaser shall not be liable for any Claims against the Estates, and the Aurobindo Purchaser shall have no successor or vicarious liabilities of any kind or character, including, but not limited to, under any theory of antitrust, environmental, successor or transferee liability, labor law, de facto merger, mere continuation, or substantial continuity, whether known or unknown as of the Closing Date, now existing or hereafter arising, whether fixed or contingent, whether asserted or unasserted, whether legal or equitable, whether liquidated or unliquidated.

18.     All persons and entities holding Liens, Claims, or other interests of any kind or nature whatsoever against or in all or any portion of the Aurobindo Purchased Assets (whether legal or equitable, secured or unsecured, matured or unmatured, contingent or non-contingent, liquidated or unliquidated, senior or subordinate), including, without limitation, the Debtors, Estates, any and all debt security holders, equity security holders, governmental tax and regulatory authorities, lenders, customers, vendors, employees, former employees, litigation claimants, trustees, trade creditors, and any other creditors (or agent of any of the foregoing) who

63933910\4

may or do hold Claims against the Debtors or the Aurobindo Purchased Assets, arising under or out of, in connection with, or in any way relating to, the Debtors, the Aurobindo Purchased Assets, the operation or ownership of the Aurobindo Purchased Assets by the Debtors prior to the Closing Date, or the Sale, are hereby prohibited, hereby are forever barred, estopped, and permanently enjoined from asserting against the Aurobindo Purchaser, its Affiliates, its successors or assigns, its property, or the Aurobindo Purchased Assets, such persons' or entities' Liens, Claims, or interests in and to the Aurobindo Purchased Assets, including, without limitation, the following actions: (i) commencing or continuing in any manner any action, whether at law or in equity, in any judicial, administrative, arbitral, or any other proceeding, against the Aurobindo Purchaser, its affiliates, successors, assigns, Aurobindo Purchased Assets, and/or properties; (ii) enforcing, attaching, collecting, or recovering in any manner any judgment, award, decree, or order against the Aurobindo Purchaser, its affiliates, successors, assigns, the Aurobindo Purchased Assets, and/or properties; (iii) asserting or prosecuting any cause of action, any process or other act seeking to collect, offset, setoff, recoup or recover on account of any Claims against the Aurobindo Purchaser, its affiliates, successors, assigns, assets (including the Aurobindo Purchased Assets), and/or properties; (d) creating, perfecting, or enforcing any Claim against the Aurobindo Purchaser, its affiliates, any of its respective successors, assigns, the Aurobindo Purchased Assets, and/or properties; (e) asserting a Claim as a setoff, right of subrogation, or recoupment of any kind against any obligation due against the Aurobindo Purchaser, its affiliates or any of its respective successors or assigns; (f) commencing or continuing any action in any manner or place that does not comply, or is inconsistent, with the provisions of this Order, the Purchase Agreement, or the agreements or actions contemplated or taken in respect thereof, including the Trustee's ability to transfer the Aurobindo Purchased

Assets to the Aurobindo Purchaser in accordance with the terms of this Order and the Purchase Agreement, or (g) revoking, terminating, or failing or refusing to renew any license, permit, or authorization to operate any of the Aurobindo Purchased Assets or conduct any of the businesses operated with such assets.

19.     No Person shall assert or pursue any such Claim against the Aurobindo Purchaser or its affiliates, successors or assigns nor shall such Person interfere with the Aurobindo Purchaser's title to or use and enjoyment of the Aurobindo Purchased Assets based on or related to any such Claim, or based on any act or omission of the Debtors or Trustee, including in the Bankruptcy Case.

20.     All persons and entities are hereby forever prohibited and enjoined from taking any action that would adversely affect or interfere with the ability of the Trustee to sell and transfer the Aurobindo Purchased Assets to the Aurobindo Purchaser in accordance with the terms of the Purchase Agreement and this Order.

21.     Neither the Aurobindo Purchaser nor its Affiliates, successors, assigns, equity holders, employees or professionals shall have or incur any liability to, or be subject to any action by the Debtors, Trustee or any of their estates, predecessors, successors, or assigns, arising out of the negotiation, investigation, preparation, execution, delivery of the Purchase Agreement and the ancillary agreements and the entry into and consummation of the Sale of the Aurobindo Purchased Assets, except as expressly provided in the Purchase Agreement and this Order.

22.     Neither the Trustee, the Aurobindo Purchaser, nor any affiliate of either the Trustee or the Aurobindo Purchaser have engaged in any collusion with other bidders or other parties or have taken any other action or inaction that would cause or permit the Aurobindo Transaction to be avoided or costs or damages to be imposed under section 363(n) of the

Bankruptcy Code or otherwise.  The Aurobindo Purchaser has given substantial consideration under the Purchase Agreement for the benefit of the Estates.  The consideration given by the Aurobindo Purchaser shall constitute valid and valuable consideration for the releases of any potential Claims and Liens pursuant to this Order, which releases shall be deemed to have been given in favor of the Aurobindo Purchaser by all holders of Liens against or interests in, or Claims against, the Estates or any of the Aurobindo Purchased Assets.  The consideration provided by the Aurobindo Purchaser for the Aurobindo Purchased Assets under the Purchase Agreement is fair and reasonable and may not be avoided under section 363(n) of the Bankruptcy Code.

23.     Nothing in this Order or the Purchase Agreement releases, nullifies, or enjoins the enforcement of any liability to a governmental unit under police and regulatory statutes or regulations that any entity would be subject to as the owner or operator of property after the date of entry of this Order; *provided, however,* that the foregoing shall not limit, diminish or otherwise alter the Trustee's or the Aurobindo Purchaser's defenses, claims, causes of action, or other rights under applicable non-bankruptcy law with respect to any liability that may exist to a governmental unit at such owned or operated property.  Nothing in this Order or the Purchase Agreement authorizes the transfer or assignment to the Aurobindo Purchaser of any license, permit, registration, authorization, or approval of or with respect to a governmental unit without the Aurobindo Purchaser's complying with all applicable legal requirements under non-bankruptcy law governing such transfers or assignments.

**<u>Other Provisions</u>**

24.     The Aurobindo Transaction is undertaken by the Aurobindo Purchaser without collusion and in good faith, and accordingly, the reversal or modification on appeal of the

63933910\4

authorization provided herein to consummate the Sale of the Aurobindo Purchased Assets shall not affect the validity of such Sale, unless such authorization and the Sale are duly stayed pending such appeal.  The Aurobindo Purchaser is a good faith buyer and, as such, shall have the full protections of section 363(m) of the Bankruptcy Code and, accordingly, the reversal or modification on appeal of the authorization provided herein to consummate the sale shall not affect the validity of the Aurobindo Transaction, unless such authorization and consummation of the sale are duly and properly stayed pending such appeal before the occurrence of the Closing.

25.     The Aurobindo Purchaser is not an "insider" of any of the Debtors as that term is defined in section 101(31) of the Bankruptcy Code.

26.     Pursuant to Federal Rules of Bankruptcy Procedure 7062, 9014, 6004(h), and 6006(d), this Order shall be effective immediately upon entry and the Trustee and the Aurobindo Purchaser are authorized to close the Sale of the Aurobindo Purchased Assets to the Aurobindo Purchaser immediately upon entry of this Order.

27.     No bulk sales law or any similar law of any state or other jurisdiction (including those relating to taxes other than Transfer Taxes) shall apply in any way to the transactions authorized herein, including, without limitation, the Purchase Agreement and the Aurobindo Transaction, and the Aurobindo Purchaser shall have no liability in respect thereof.

28.     The failure specifically to reference any particular provision of the Purchase Agreement in this Order shall not diminish or impair the effectiveness of such provision, it being the intent of the Court that the Purchase Agreement is authorized and approved in its entirety as to the Aurobindo Purchaser and the Aurobindo Purchased Assets; provided, however, that this Order shall govern if any inconsistency exists between the Purchase Agreement (including all

ancillary documents executed in connection therewith) and this Order.  Likewise, all of the provisions of this Order are nonseverable and mutually dependent.

29.     The Purchase Agreement and any related agreements, documents, or other instruments may be modified, amended, or supplemented as to the Aurobindo Purchaser or the Aurobindo Purchased Assets by the Trustee and the Aurobindo Purchaser and in accordance with the terms thereof, without further order of the Court, provided that any such modification, amendment, or supplement does not have a material adverse effect on the Estates or on any non-consenting third party.

30.     The Court shall retain jurisdiction to, among other things, interpret, implement, and enforce the terms and provisions of this Order and the Purchase Agreement, all amendments thereto and any waivers and consents thereunder and each of the agreements executed in connection therewith to which the Trustee is party or which has been assigned by the Trustee to the Aurobindo Purchaser, and to adjudicate, if necessary, any and all disputes concerning or relating in any way to the Sale of the Aurobindo Purchased Assets to the Aurobindo Purchaser, including, but not limited to, retaining jurisdiction to: (a) compel delivery of the Aurobindo Purchased Assets to the Aurobindo Purchaser; (b) interpret, implement, and enforce the provisions of this Order; and (c) protect the Aurobindo Purchaser against any alleged Liens, Claims, or other interests in or against the Aurobindo Purchased Assets of any kind or nature whatsoever.

31.     All time periods set forth in this Order shall be calculated in accordance with Bankruptcy Rule 9006(a).

63933910\4

32.     To the extent that this Order is inconsistent or conflicts with the Bidding Procedures Order, any prior order or pleading with respect to the Sale Motion, or the terms of the Purchase Agreement, the terms of this Order shall govern and control.

Ka B. O——.

**Dated: June 8th, 2023**
**Wilmington, Delaware**

**KAREN B. OWENS**
**UNITED STATES BANKRUPTCY JUDGE**

63933910\4