# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 7 |
| AKORN HOLDING COMPANY LLC, *et al.*,[1] | Case No.: 23-10253 (KBO) |
| Debtors. | (Jointly Administered) |

**Objection Deadline: July 7, 2023 at 4:00 pm (ET)**

## MOTION OF LEADIANT BIOSCIENCES, INC. FOR ALLOWANCE AND PAYMENT OF ADMINISTRATIVE EXPENSE CLAIM

Leadiant Biosciences, Inc., f/k/a Sigma-Tau Pharmaceuticals, Inc. ("**Leadiant**"), pursuant to sections 507(a)(2) and 503(b)(9) of title 11 of the United States Code, 11 U.S.C. §§ 101 *et seq.* (the **Bankruptcy Code**"), hereby moves (the "**Motion**") for entry of an order granting the allowance and directing payment of its administrative priority claim in the amount of $217, 828.94 for goods sold and delivered to Akorn Operating Company LLC during the 20-day period prior to the commencement of the Debtors' above-captioned bankruptcy proceedings. In support of its Motion, Leadiant respectfully states as follows:

## JURISDICTION AND VENUE

1. The Court has jurisdiction over the subject matter of this Motion pursuant to 28 U.S.C. § 1334. This matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A), (B), and (O).

2. Venue in this Court is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

---

[1] Debtors in these chapter 7 cases, along with the last four digits of their federal tax identification numbers, and cases numbers are Akorn Holding Company LLC (9190), Case No. 23-10253 (KBO) ("**Akorn Holding**"); Akorn Intermediate Company LLC (6123), Case No. 23-10254 (KBO) ("**Akorn Intermediate**"); and Akorn Operating Company LLC (6184), Case No. 23- 10255 ("**Akorn Operating**" and collectively, "**Debtors**"). Debtors' headquarters is located at 5605 CenterPoint Court, Gurnee, IL 60031.

**GENERAL BACKGROUND**[2]

1. On February 23, 2023 (the "**Petition Date**"), the Debtors commenced these jointly administered cases by filing voluntary petitions for relief under chapter 7 of the Bankruptcy Code in the United States Bankruptcy Court for the District of Delaware.

2. On or about the Petition Date, the Office of the United States Trustee appointed George L. Miller as the chapter 7 Trustee (the "**Trustee**") for the estates of the Debtors.

**The Business Relationship**

3. Leadiant is a pharmaceutical company focusing on research, development, and commercialization of patient-therapies for rare diseases. Sandoval Dec., at ¶5.

4. Prior to the Petition Date, Leadiant and Akorn. Inc. ("**Akorn**") were parties to several agreements, including that certain *License Agreement* (the "**License Agreement**"), between Leadiant and Akorn as of April 1, 2016, to, among other things, supply Akorn with generic Levocarnitine tablets. *Id.* at ¶6. Upon information and belief, prior to the Petition Date, Akorn's rights under the License Agreement were assigned to Akorn Operating, as assignee of Akorn Holding Topco LLC, successor-in-interest to Akorn, Inc., in connection with the jointly-administered chapter 11 cases of Akorn, Inc. and its affiliated debtors.[3]

5. Under the License Agreement, Akorn was authorized to purchase, sell, and distribute certain generic products produced by Leadiant, including Levocarnitine tablets (the

---

[2] Attached hereto is the *Declaration of David Sandoval* (the "**Sandoval Declaration**") in Support of the Motion as **Exhibit 1**.

[3] On May 20, 2020, the Debtors' predecessors in interest, including Akorn, Inc. (the "**Chapter 11 Debtors**"), commenced cases under chapter 11 of the Bankruptcy Code with the Bankruptcy Court, which cases were jointly administered at case number 20-11177 (KBO) (collectively the "**Chapter 11 Proceedings**"). The Chapter 11 Proceedings culminated in a sale of substantially all of the Chapter 11 Debtors' assets under section 363 of the Bankruptcy Code, *See* Case No.: 20-11177 [ECF No. 656] (the "**Chapter 11 Sale Order**") and [ECF No. 673] (the "**Confirmed Plan**").

2

"**Generic Tablets**"). The Generic Tablets were the authorized generic form of Leadiant's Carnitor® tablets manufactured under NDA N018948. *Id.* at ¶7.

6. On March 7, 2022, Leadiant provided Akorn Operating with written notice of its intention not to renew the License Agreement beyond the expiration of the existing term on March 30, 2023 (the "**Termination Notice**").[4] *Id.* at ¶8-9.

7. Thus, the License Agreement expired on its own terms after the Petition Date on March 30, 2023.

### The Administrative Priority Claim

8. On June 22, 2023, Leadiant filed a proof of claim, together with the attached supporting addendum and exhibits in Case Nos. 23-10253 and 23-10255 (KBO) [Claim Nos. 321 and 350,[5] respectively] (collectively, the "**Proof of Claim**"), against Akorn Operating, as assignee of Akorn Holding Topco LLC, successor-in-interest to Akorn, Inc., for an unsecured claim in a total amount no less than $2,270,584.19. *Id.* at ¶11.

9. The Proof of Claim designates $217,828.94 of the total claim as entitled to administrative priority for goods sold and delivered to Akorn Operating within the 20-day period prior to the Petition Date, *i.e.*, between February 3, 2023 through February 23, 2023. On February 7, 2023, Leadiant sold and delivered Generic Tablets to Akorn Operating in the ordinary course of Akorn Operating's business. Specifically, on February 6, 2023, Leadiant shipped Generic Tablets that were ordered by Akorn Operating pursuant to Purchase Order No. 219535. The Generic Tablets were delivered on February 7, 2023 and are pending payment as set forth on the invoice below:

---

[4] A true and correct copy of the Termination Notice is attached as **Exhibit "A"** to the Sandoval Declaration.
[5] Leadiant's claim against Akorn Operating was also filed in the pending Akorn Holding proceeding in an abundance of caution as a result of the joint administration of the Debtors' estates.

| **Invoice Number** | **Outstanding Balance** |
|:---:|:---:|
| 206274 | $217,828.94[6] |

10. Although Akorn Operating accepted delivery of the Generic Tablets, the balance owed to Leadiant under Invoice Number 206274 remains unpaid. Thus, the $217,828.94 outstanding should be allowed as an administrative claim under sections 507(a)(2) and 503(b)(9) of the Bankruptcy Code for goods sold in the ordinary course of the Debtor's business and delivered on February 7, 2023. *See* Sandoval Decl. at ¶¶ 12-13.

### REQUESTED RELIEF

11. Leadiant seeks entry of an order, substantially in the form attached hereto as "**Exhibit 2**," granting Leadiant an allowed administrative priority claim under section 503(b)(9) of the Bankruptcy Code in the amount of $217,828.94 for the full value of the Generic Tablets delivered to Akorn Operating in the 20-day period prior to the Petition Date.

### BASIS FOR REQUESTED RELIEF

12. Section 503(b)(9) of the Bankruptcy Code states that:

> After notice and hearing, there shall be allowed, administrative expenses, including the value of any goods received by the debtor within 20 days before the commencement of the case under [the Bankruptcy Code] in which the goods have been sold to the debtor in the ordinary course of such debtor's business.[7]

13. The statutory language allows an administrative prior claim for the value of goods provided that the claimant establishes: "(1) the vendor sold goods to the debtor; (2) the goods were

---

[6] A copy of Invoice Number 206274, which has been redacted to protect confidential information under the terms of the License Agreement, is included as part of **Exhibit "B"** to the Sandoval Declaration.
[7] 11 U.S.C. § 503(b)(9).

received by the debtor within twenty days prior to filing; and (3) the goods were sold to the debtor in the ordinary course of business." *In re NE Opco, Inc.*, 501 B.R. 233, 241 (Bankr. D. Del. 2013).

14.  The Bankruptcy Code does not define the term "goods" under section 503(b)(9). However, this Court has adopted the definition of "goods" in Article 2 of the Uniform Commercial Code. *See, e.g.*, *In re NE Opco, Inc.*, 501 B.R. 233, 241 (Bankr. D. Del. 2013); *see also In re Goody's Family Clothing Inc.*, 401 B.R. 131, 133-37 (Bankr. D. Del. 2009) (holding that "Article 2 of the UCC, the Court concludes that the term "goods" in section 503(b)(9) conforms with the meaning given in U.C.C. § 2–105(1); goods are something that is moveable) (internal quotations omitted).

15.  Here, Leadiant has satisfied all three requirements under section 503(b)(9). First, the Generic Tablets under Invoice No. 206274 qualify as "goods" under Article 2 of the Uniform Commercial Code. The Generic Tables are movable goods delivered by Leadiant and sold to Akorn Operating for distribution to domestic and international customers. *See* 6 DE Code § 2-105 (defining the term goods as "all things (including specially manufactured goods) which are movable at the time of identification to the contract for sale other than the money in which the price is to be paid, investment securities (Article 8) and things in action."); *see also In re VPH Pharmacy, Inc.*, 578 B.R. 776 (CRR) 263 (Bankr. E.D. Mich. 2017) (holding that pharmaceutical drugs were goods sold to the debtor under sections 503(b)(9)).

16.  Second, Akorn Operating received the Generic Tablets within the 20-day period prior to the Petition Date. By February 7, 2023, Akorn Operating took physical possession of the Generic Tablets at the shipping address identified on Invoice Number 206274. *See In re World Imports, Ltd.*, 862 F.3d 338, 346 (3d Cir. 2017); *see also Auriga Polymers Inc. v. PMCM2, LLC as Tr. for Beaulieu Liquidating Tr.*, 40 F.4th 1273, 1288 (11th Cir. 2022) (holding that "Congress

chose to afford creditors who ship goods to a debtor within twenty days of a bankruptcy filing with statutory priority.").

17. Third, Leadiant sold the Generic Tablets to Akorn Operating in the ordinary course of Akorn Operating's business, including pursuant to an established relationship among the parties pursuant to the terms of the License Agreement and the purchase orders issued thereunder, including Purchase Order 219535. Since April 2016, Leadiant has supplied the Generic Tablets to Akorn pursuant to the License Agreement in the regular course of Akorn's business for distribution to customers.  *See* Sandoval Decl. at ¶¶ 12-13; *see also In re SemCrude, L.P.*, 416 B.R. 399, 405 (Bankr. D. Del. 2009) (holding that "Court's in District have found that "ample and convincing authority support[s] the proposition that the invoice of purchase price is presumptively the best determinant of value).

## CONCLUSION

**WHEREFORE**, Leadiant respectfully requests entry of an order, substantially in the form attached hereto as "**Exhibit 2**," (i) granting Leadiant an allowed an administrative claim with respect to the Generic Tablets delivered to Debtor Akorn Operating in the amount of no less than $217,828.94, (ii) directing the payment of the administrative expense claim; and (iii) granting such other and further relief as the Court deems just and proper.

Date: June 23, 2023                                    Respectfully submitted,

                                                       GELLERT SCALI BUSENKELL &
                                                       BROWN, LLC

                                               By:     *Michael Busenkell*
                                                       Michael Busenkell, Esq. (DE 3933)
                                                       1201 North Orange Street, Suite 300
                                                       Wilmington, DE 19801
                                                       Phone: (302) 425-5800
                                                       mbusenkell@gsbblaw.com

and

*Fernando J. Menendez*
Fernando J. Menendez, Esq.
Florida Bar No.: 18167
SEQUOR LAW
1111 Brickell Avenue, Suite 1250
Miami, FL  33131
Tel: (305) 372-8282
Fax: (305) 372-8202
E-mail: fmenendez@sequorlaw.com
*Counsel for Leadiant Biosciences, Inc.*