## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 7 |
| | ) | |
| AKORN HOLDING COMPANY LLC, *et al.*[1] | ) | Case No. 23-10253 (KBO) |
| | ) | |
| Debtors. | ) | **Hearing Date: September 13, 2023 at 2:30 pm (ET)** |
| | ) | **Objection Deadline: August 25, 2023 at 4:00 pm (ET)** |

## <u>MOTION OF WELDON CHIN TO DEEM LATE-FILED CLAIM TIMELY FILED</u>

Weldon Chin ("Chin"), by and through his undersigned counsel, hereby moves for an order deeming his late-filed proof of claim timely filed, and in support thereof states as follows:

1.      This Court has jurisdiction to consider this motion pursuant to 28 U.S.C. §§ 157 and 1334.  The subject matter of the Motion is a core proceeding pursuant to 28 U.S.C. § 157. Venue is proper in this district pursuant to 28 U.S.C. § 1408.

2.      The statutory predicate for the relief sought by the Motion is § 105(a) of title 11 of the United States Code (the "Bankruptcy Code") and Rules 3003(c)(3) and 9006(b)(1) of the Federal Rules of Bankruptcy Procedure (the "Rules").

### BACKGROUND

3.      On February 23, 2023 (the "Petition Date"), the above-captioned debtors (the "<u>Debtors</u>") filed voluntary petitions for relief under chapter 11 of title 11 of the Bankruptcy Code in the United States Bankruptcy Court for the District of Delaware (the "<u>Court</u>").

4.      On March 24, 2023, this Court established June 26, 2023 as the bar date for filing

---

[1] The Debtors in these chapter 7 cases, along with the last four digits of their federal tax identification numbers, and cases numbers are Akorn Holding Company LLC (9190), Case No. 23-10253 (KBO); Akorn Intermediate Company LLC (6123), Case No. 23-10254 (KBO); and Akorn Operating Company LLC (6184), Case No. 23- 10255. The Debtors' headquarters is located at 5605 CenterPoint Court, Gurnee, IL 60031.

proofs of claim (the "Bar Date").

### RELIEF REQUESTED AND THE BASIS THEREFORE

5.        Bankruptcy Rule 3003(c)(3) allows Courts to "extend the time within which proofs of claim or interest may be filed" for cause.  Fed. R. Bankr. P. 3003(c)(3).

6.        Moreover, Bankruptcy Rule 9006(b)(1) empowers a bankruptcy court to permit a creditor to file a late claim if the movant's failure to comply with an earlier deadline "was the result of excusable neglect."  *See Pioneer Inv. Serv. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 388 (1993).  In *Pioneer*, the U.S. Supreme Court stated that Rule 9006(b)(1) was intended to permit courts "to accept late filings caused by inadvertence, mistake or carelessness, as well as by intervening circumstances beyond the party's control."  *Id.*  The burden of proving excusable neglect lies with the late claimant.  *Jones v. Chemetron Corp.*, 212 F.3d 199, 205 (3d Cir. 2000) (citing *In re Trump Taj Mahal Assocs.*, 156 B.R. 928, 936 (Bankr. D.N.J. 1993), *aff'd*, No. 9303571, 1993 U.S. Dist. LEXIS 17827, at *5 (D.N.J. Dec. 13, 1993)).

7.    "The determination whether a party's neglect of a bar date is 'excusable' is essentially an equitable one, in which courts are to take into account all relevant circumstances surrounding a party's failure to file." *Jones v. Chemetron Corp.* 72 F.3d 341, 349 (3d Cir. 1995) (citing *Pioneer*, 507 U.S. at 389).  Relevant circumstances to be considered by the court include: (1) danger of prejudice to the debtor, (2) the length of delay and its potential impact on judicial proceedings, (3) the reason for the delay, including whether it was within the reasonable control of the movant, and (4) whether the movant acted in good faith.  *Pioneer*, 507 U.S. at 395.

8.        Here, consideration of the totality of the circumstances weighs in favor of deeming Chin's Claim timely filed.  There is no danger of prejudice to the Debtor. Chin's claim appears on Debtor's schedules and is not contingent, unliquidated or disputed.

9.     The delay in this instance will have no material impact on the proceedings.  At all times, Chin has acted in good faith in connection with the Claim and this motion.

WHEREFORE, Chin respectfully requests that this Court enter an order directing that his proof of claim be deemed timely filed and granting such other and further relief as the Court deems proper and just.

Dated: August 11, 2023
Wilmington, Delaware

GELLERT SCALI BUSENKELL & BROWN, LLC

*/s/ Amy D. Brown*
Amy D. Brown (DE 4077)
1201 North Orange Street, Suite 300
Wilmington, Delaware 19801
Telephone: (302) 416-3357
abrown@gsbblaw.com