IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: ) | |
| ) | Chapter 7 |
| Akorn Holding Company LLC, *et al.*, ) | |
| ) | Case No. 23-10253 (KBO) |
| Debtors. ) | |
| ) | (Jointly Administered) |
| ) | |
| ) | Hearing Date & Time: |
| ) | |
| ) | Response Deadline: |
| ) | |
| ) | Related to Docket No. 637 |
| _____ ) | |

**LIMITED OBJECTION OF CV II GURNEE, LLC TO THE NOTICE OF TRUSTEE'S ABANDONMENT OF PROPERTY**

CV II Gurnee, LLC ("**CV II**") files this *Limited Objection of CV II Gurnee, LLC to the Notice of Trustee's Abandonment of Property* (the "**Limited Objection**") and in support of thereof and represents the following:

**PRELIMINARY STATEMENT**

1. CV II does not directly oppose the abandonment of certain property that remains at 5605 CenterPoint Court, Gurnee, Illinois 66031 (the "**Premises**") itself, but instead files this Limited Objection to the *Notice of Trustee's Abandonment of Property* [ECF No. 637] (the "**Notice**") to preserve its right to subsequently seek an administrative expense claim for the removal of the Property (as defined below) and to request additional language protecting CV II upon such abandonment.

**BACKGROUND**

2. On October 23, 2007, Akorn Holding Company LLC (the "**Debtor**") entered into the Industrial Building Lease (the "**Lease**") with CV II to lease the Premises as its headquarters for its operations.

273618124

-2-

3.      On February 23, 2023 (the "**Petition Date**"), the Debtor filed a voluntary petition for relief under Chapter 7 of the Bankruptcy Code (11 U.S.C. 101, *et seq.*)  On the Petition Date, George L. Hill was appointed Chapter 7 trustee of the Debtor's bankruptcy estate (the "**Trustee**").

4.      On September 29, 2023, the Trustee surrendered possession of the Premises to CV II and, pursuant to the operation of law, the Lease was rejected on October 1, 2023.

5.      Subsequent to the rejection, the Trustee filed the Notice to abandon the property remaining on the Premises, which includes but is not limited to a (1) vault, (2) cooler, (3) exterior fence and gate, (4) security system, readers, and control panels, (5) guard rails, (6) rain bird sprinkler system and control panels, (7) Waxie Solution Station, and (8) pest control equipment (collectively, the "**Property**").

6.      After review and discussions with third party consultants, it is CV II's understanding that removal of the Property will incur an expense well outside the typical amounts incurred for the removal of abandoned bankruptcy estate property. Furthermore, it is CV II's understanding that federal regulation or law required installation of much of the Property at the Premises for the Debtor to manufacture federally controlled substances at the Premises.  In other words, the Debtor could not produce pharmaceuticals at the Premises without the installation of the Property.

## LIMITED OBJECTION

7.      As stated above, CV II does not directly oppose the Trustee's abandonment, but instead files this Limited Objection to preserve its right to seek an administrative claim for the

-3-

removal of the Property and provide additional language to protect CV II from liability to third parties.[1]

8.  First, CV II asserts that the abandonment of the Property is unduly burdensome and costly for CV II to remove and only the Debtor and its estate benefitted from its installation. Accordingly, CV II files this Limited Objection to preserve its right to seek the expense for removing the Property as an administrative expense claim under the Bankruptcy Code.[2]

9.  Second, if the Court permits the Trustee to abandon the Property, CV II objects to the extent that the abandonment exposes CV II to potential liability to third parties, including, without limitation, the government, if still applicable. To resolve this objection, CV II requests that language substantially similar to the following be added to any order permitting abandonment of the Property: "The Landlord may dispose of such Property in its sole and absolute discretion without liability to the Debtors or third parties and without further notice or order of the Court" (the "**Protective Language**").

WHEREFORE, CV II respectfully requests that this Court recognize CV II's preservation of the right to seek an administrative expense claim and deny the Trustee's request to abandon the Property unless the Protective Language is included in any order permitting the abandonment, and grant any other relief as is just and proper.

---

[1] CV II has requested the Court set a deadline to file a rejection claim and administrative claim by a separately filed *Limited Objection of CV II Gurnee, LLC to the Motion for Entry of Order Approving Stipulation Extending Deadline to Assume or Reject Lease to Gurnee Facility and Granting Related Relief*.

[2] Any administrative expense claim will be sought in a separate pleading to be subsequently filed with the Court.

|  |  |
|---|---|
| Dated: October 11, 2023 | CLARK HILL, PLC |

*/s/ Karen M. Grivner*
Karen M. Grivner (DE No.4372)
824 N. Market St., Suite 710
Wilmington, DE
Telephone: (302) 250-4750
kgrivner@clarkhill.com

Kevin H. Morse
IL Bar No. 6297244
130 E. Randolph Street, Suite 3900
Chicago, IL 60601
Telephone: (312) 965-5556
kmorse@clarkhill.com

Audrey Hornisher
TX Bar No. 24094369
901 Main Street, Suite 6000
Dallas, TX 75202
Telephone: (214) 651-2056
ahornisher@clarkhill.com

**ATTORNEYS FOR CV II GURNEE, LLC**