**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | ) Chapter 7 |
| AKORN HOLDING COMPANY LLC, *et al.*[1] | ) Case No. 23-10253 (KBO) |
| Debtors. | ) (Jointly Administered) |
| | ) **Hearing Date: December 6, 2023 at 1:00 p.m. (ET)**<br>**Objection Deadline: November 14, 2023 at 4:00 p.m. (ET)** |

**APPLICATION OF GEORGE L. MILLER, CHAPTER 7 TRUSTEE, FOR AUTHORITY TO EMPLOY AND RETAIN SAUL EWING LLP AS SPECIAL COUNSEL TO CHAPTER 7 TRUSTEE, EFFECTIVE AS OF OCTOBER 26, 2023**

George L. Miller, the duly appointed chapter 7 trustee (the "**Trustee**") for the estates of the above-captioned Debtors (collectively, the "**Debtors**" or "**Estates**"), pursuant to section 327(e) of title 11 of the United States Code (the "**Bankruptcy Code**"), Rule 2014 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), and Rule 2014-1 of the Local Rules for the United States Bankruptcy Court for the District of Delaware (the "**Local Rules**"), hereby respectfully submits this application (the "**Application**") for the entry of an order approving the retention of Saul Ewing LLP ("**Saul Ewing**") as special counsel to the Trustee for recovery of accounts receivable, effective as of October 26, 2023. In support of this Application, the Trustee relies on the Declaration of Evan T. Miller, Esquire (the "**Miller Declaration**"), a copy of which is attached hereto as **Exhibit B,** and respectfully represent as follows:

**JURISDICTION AND VENUE**

1. The United States Bankruptcy Court for the District of Delaware (the "**Court**") has

---

[1] The Debtors in these chapter 7 cases, along with the last four digits of their federal tax identification numbers, and cases numbers are Akorn Holding Company LLC (9190), Case No. 23-10253 (KBO); Akorn Intermediate Company LLC (6123), Case No. 23-10254 (KBO); and Akorn Operating Company LLC (6184), Case No. 23- 10255 (KBO). The Debtors' headquarters is located at 5605 CenterPoint Court, Gurnee, IL 60031.

jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the Amended Standing Order of Reference from the United States District Court for the District of Delaware, dated February 29, 2012.  This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2), and the Trustee confirms his consent pursuant to Local Rule 9013-l(f) to the entry of a final order by the Court in connection with this Motion to the extent that it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution.

2. Venue is proper before the Court pursuant to 28 U.S.C. §§ 1408 and 1409.

3. The statutory predicates for the relief sought herein are Sections 327(e) and 328 of the Bankruptcy Code and Bankruptcy Rule 2014.

## BACKGROUND

4. On February 23, 2023 (the "**Petition Date**"), each of the affiliated Debtors Akorn Holding Company LLC, Case No. 23-10253; Akorn Intermediate Company LLC, Case No. 23-10254 and Akorn Operating Company, LLC, Case No. 23-10255 (collectively the "**Bankruptcy Cases**") filed a voluntary petition in the Bankruptcy Court for relief under chapter 7 of the Bankruptcy Code.

5. On or about the Petition Date, the Office of the United States Trustee appointed George L. Miller as the chapter 7 Trustee to the Estates of each of the Debtors.

6. On March 20, 2023, this Court entered the *Order Directing Joint Administration and Procedural Consolidation of Cases* [D.I. 42], directing procedural consolidation and joint administration of these Bankruptcy Cases.

7. The Debtors' businesses included developing, manufacturing, and marketing specialty pharmaceuticals, including prescription, consumer health, and animal health products.

The Debtors were an industry leader in branded and generic products in alternate dosage forms such as ophthalmics, injectables, oral liquids, topicals, inhalants and nasal sprays. The Debtors operated at numerous locations in the United States, both owned and leased, and were headquartered in Gurnee, Illinois.

8. The Debtors' operations in the U.S. have all ceased. However, the property of the Estates includes outstanding accounts receivables owed to the Estates by certain companies. On October 26, 2023, the Trustee executed an engagement letter to retain Saul Ewing as his special counsel in connection with certain of these matters, a copy of which is attached hereto as **Exhibit C**.

9. The Trustee is currently in the process of collecting and liquidating all property of the Estates. Because of Saul Ewing's experience in the type of collection and litigation matters contemplated by the Trustee, the Trustee desires to retain Saul Ewing to assist him with his ongoing efforts to collect and liquidate accounts receivable of the Estates.

## RELIEF REQUESTED

10. Pursuant to section 327(e) of the Bankruptcy Code, the Trustee requests the entry of an order substantially in the form of the Proposed Order attached hereto as **Exhibit A**: (a) authorizing the Trustee to employ Saul Ewing as his special counsel, effective as of October 26, 2023; and (b) granting related relief.

## BASIS FOR RELIEF REQUESTED

I.  **Applicable Authority**

11. Section 327(e) of the Bankruptcy Code provides that upon Court approval, a trustee may employ an attorney "for a specified purpose"—even where the attorney has previously represented the debtor—if the employment is "in the best interest of the estate, and if such attorney does not represent or hold any interest adverse to the debtor or to the estate with respect to the

matter on which such attorney is to be employed." *See* 11 U.S.C. § 327(e).

12. Bankruptcy Code section 330 further provides that:

> [a]fter notice to the parties in interest and the United States Trustee and a hearing, and subject to sections 326, 328, and 329, the court may award to a . . . professional person employed under section 327 or 1103 —
>
> (A) reasonable compensation for actual, necessary services rendered by . . . the professional person, or attorney and by any paraprofessional person employed by any such person; and
>
> (B) reimbursement for actual, necessary expenses.

### II.    Saul Ewing LLP's Qualifications

13. The Trustee seeks to retain Saul Ewing as its special counsel because of the Saul Ewing's extensive experience and knowledge in the field of debtors' and creditors' rights and business reorganizations, including litigation to recover accounts receivable under chapter 7 of the Bankruptcy Code. The Trustee believes that Saul Ewing's expertise and experience in practicing before the Court will enable Saul Ewing to work in an efficient and cost-effective manner on behalf of the Trustee for the Estates. Accordingly, the Trustee believes that Saul Ewing is well-qualified to represent him as special counsel in these Bankruptcy Cases.

### III.    Services to Be Performed

14. The professional services that Saul Ewing will render to the Trustee in these Bankruptcy Cases will be limited to the following ("**Special Counsel Services**"):

   a. providing legal advice with respect to the Trustee's powers and duties in collecting and liquidating accounts receivable of the Estates;

   b. preparing, on behalf of the Trustee, necessary applications, motions, answers, orders, reports, and other legal papers regarding negotiations and prosecution of actions to recover accounts receivable;

   c. appearing in Court and protecting the interests of the Trustee before the Court on account receivable related matters;

      d.      providing assistance, advice and representation concerning any investigation related to accounts receivable owing to the Estates that may be required under local, state or federal law or orders of this or any other court of competent jurisdiction; and

      e.      performing all other services related to accounts receivable recovery assigned by the Trustee to Saul Ewing as special counsel to the Trustee.

## IV.   Terms of Retention

15. For the avoidance of doubt, Saul Ewing's retention will not include other aspects of the administration of the Debtors' Chapter 7 bankruptcy beyond recovery of accounts receivable owing to the Debtors and Saul Ewing will not serve as general bankruptcy counsel in these Bankruptcy Cases or otherwise overlap with the services provided by the Trustee's general bankrutpcy counsel.

16. Attorneys and other personnel within Saul Ewing will undertake this representation at their standard hourly rates, and the Trustee proposes to reimburse Saul Ewing for reasonable and necessary expenses, subject to the approval of the Court in accordance with sections 330 and 331 of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules and other applicable orders of this Court.

17. The present hourly rates for attorneys and paralegals of the Firm are set forth in the Miller Declaration attached hereto. These hourly rates are subject to periodic adjustments to reflect economic and other conditions and to reflect increased expertise and experience in one's area of law.

18. Saul Ewing will also seek reimbursement for reasonable and necessary expenses incurred, which may include, among other things, travel expenses, work-related meals, telephone and facsimile (outgoing only), tolls and other charges, mail and express or overnight mail charges, special or hand delivery charges, document processing, photocopying (not to exceed $0.10 per

page), scanning and printing charges, vendor charges, computerized research, transcription costs, filing fees, non-ordinary overhead expenses such as overtime, and other out-of-pocket expenses incurred in providing professional services to the Trustee. Saul Ewing will charge for these expenses in a manner and at rates consistent with charges made generally to its other clients.

19. As noted above, Saul Ewing will file fee applications with the Court, and be paid in accordance with the applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules and orders of this Court.

20. As set forth in the Miller Declaration, Saul Ewing has not shared or agreed to share any of its compensation from the Trustee with any other person, other than as permitted by section 504 of the Bankruptcy Code.

**V.** **Saul Ewing Holds No Adverse Interest**

21. To the best of the Trustee's knowledge, information, and belief, and based upon the attached Miller Declaration, Saul Ewing meets the standards to be employed as special counsel to the Trustee under section 327(e) of the Bankruptcy Code. Saul Ewing does not represent or hold any interest adverse to the Trustee, the Debtors, the Estates or any parties in interest regarding the limited matters for which Saul Ewing is to be employed, all as set forth in the Miller Declaration.

22. As described in detail in the attached Miller Declaration, Saul Ewing has conducted a search of its conflict database with respect to the Debtors and a list of parties in interest and potential parties in interest in these Bankruptcy Cases. The scope of that conflicts search is set out on **Exhibit 1** to the Miller Declaration and the results of the conflicts search are set forth on **Exhibit 2** to the Miller Declaration. Based on the results of the conflicts search, Saul Ewing has informed the Trustee that, except as may be set forth in the Miller Declaration, Saul Ewing does not hold or represent any interest adverse to the Debtors' estates or other parties in interest as to

the limited matters for which Saul Ewing is to be employed.

23. Saul Ewing has also informed the Trustee that it will conduct an ongoing review of its files to ensure that no conflicts or other disqualifying circumstances exist or arise. If any new material facts or relationships are discovered or arise, and/or the scope of this representation expands, Saul Ewing will supplement its disclosure to the Court.

24. For the reasons set forth above, the Trustee submits that Saul Ewing's employment is necessary and in the best interests of the Debtors and the Estates.

## V.  **Approval Effective as of October 26, 2023**

25. The Third Circuit has identified "time pressure to begin service" and absence of prejudice as factors favoring *nunc pro tunc* retention. *See Matter of Arkansas Co.*, 798 F.2d 645, 650 (3d Cir. 1986). The Trustee has requested Saul Ewing begin work immediately in order to collect and liquidate estate property, and resolve other litigation issues, promptly. This necessitated that the Trustee and Saul Ewing focus their immediate attention on time-sensitive matters and promptly devote resources to these Bankruptcy Cases, pending submission and approval of this Application. Upon information and belief, no party-in-interest would be prejudiced by the granting of the relief requested herein on a retroactive basis to October 26, 2023.

## **NOTICE**

26. The Trustee has provided notice of this Application to the following parties (the "**Notice Parties**"): (i) the Office of the United States Trustee for the District of Delaware; (ii) the Debtors' counsel; (iii) the ABL Administrative Agent, (iv) the TL Administrative Agent, (v) known counsel to the ABL Lenders; (vi) known counsel to the TL Lenders; (vii) the largest thirty (30) unsecured creditors with names and addresses appearing in Schedule F of the Schedules of Assets and Liabilities prepared by the Debtors; and (viii) all parties who have requested notice

pursuant to Federal Rule of Bankruptcy Procedure 2002. Due to the nature of the relief requested herein, the Trustee submits that no other or further notice need be provided.

WHEREFORE, the Trustee respectfully requests the entry of an order in substantially the form attached as Exhibit A: (i) authorizing and approving the employment and retention of Saul Ewing as special counsel to the Trustee, effective as of October 26, 2023; and (ii) granting such other and further relief as the Court deems appropriate.

Dated: October 27, 2023

**George L. Miller, Solely in his Capacity as Chapter 7 Trustee for the Debtors' Estates**

By: _____
George L. Miller