IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>AKORN HOLDING COMPANY LLC, *et al* [1]<br><br>Debtors. | Chapter 7<br><br>Case No. 23-10253 (KBO)<br><br>(Jointly Administered)<br><br>Hearing Date:   July 3, 2024 at 10:30 a.m. ET<br>Objection Date:   June 21, 2024 at 4:00 p.m. ET |

**MOTION OF GEORGE L. MILLER, CHAPTER 7 TRUSTEE, FOR AN ORDER AUTHORIZING DISTRIBUTION OF FUNDS TO HOLDERS OF ADMINISTRATIVE CLAIMS AND GRANTING RELATED RELIEF**

George L. Miller, as chapter 7 trustee (the "Trustee") of the estates (the "Estates") of the above-captioned debtors (the "Debtors"), through his undersigned counsel, hereby moves (the "Motion") pursuant to section 105(a) of title 11 of the United States Code (the "Bankruptcy Code") for entry of an order, substantially in the form appended hereto, approving the distribution of funds to holders of administrative claims, including without limitation those listed on the attached Exhibit A, and for related relief. In support of the Motion, the Trustee respectfully states as follows:

**JURISDICTION AND VENUE**

1. The United States Bankruptcy Court for the District of Delaware (the "Bankruptcy Court") has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated as of February 29, 2012.

---

[1] The Debtors in these chapter 7 cases, along with the last four digits of their federal tax identification numbers, and cases numbers are Akorn Holding Company LLC (9190), Case No. 23-10253 (KBO); Akorn Intermediate Company LLC (6123), Case No. 23-10254 (KBO); and Akorn Operating Company LLC (6184), Case No. 23-10255. The Debtors' headquarters is located at 5605 CenterPoint Court, Gurnee, IL 60031.

2.     This matter is a core proceeding pursuant to 28 U.S.C. § 157(b), and pursuant to Local Rule 9013-1(f), the Trustee consents to the entry of a Final Order by the Bankruptcy Court in connection with this Motion to the extent that it is later determined that the Bankruptcy Court, absent the consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution.

## BACKGROUND

### A. Overview

3.     On February 23, 2023 (the "Petition Date"), each of the affiliated Debtors Akorn Holding Company LLC, Case No. 23-10253; Akorn Intermediate Company LLC, Case No. 23-10254 and Akorn Operating Company, LLC, Case No. 23-10255 (collectively the "Bankruptcy Cases") filed a voluntary petition in the Bankruptcy Court for relief under chapter 7 of the Bankruptcy Code.

4.     On or about the Petition Date, the Office of the United States Trustee appointed George L. Miller as the chapter 7 Trustee to the Estates of each of the Debtors. The Debtors' businesses included developing, manufacturing, and marketing specialty pharmaceuticals, including prescription, consumer health, and animal health products. The Debtors were an industry leader in branded and generic products in alternate dosage forms such as ophthalmics, injectables, oral liquids, topicals, inhalants and nasal sprays. The Debtors operated at numerous locations throughout the United States and maintained headquarters in Gurnee, Illinois.

### B. Asset Sales

5.     On April 28, 2023, the Court entered its *Order Granting Trustee's Motion for Entry of an Order (A) Approving Bidding Procedures in Connection with Sale of Substantially All of the Estates' Assets, (B) Scheduling an Auction and Hearing to Consider the Proposed Sale, (C)*

*Approving the Form and Manner of Notice Thereof, and (B) Granting Certain Related Relief* [Dkt. No. 137] (the "Bidding Procedures Order").  In the Bidding Procedures Order, the Court approved bidding procedures in connection with the Trustee's sale of substantially all of the Debtors' assets, including the Estates' interests in certain abbreviate new drug applications ("ANDAs"), real estate and equipment.  Beginning on May 10, 2023, the Trustee conducted an auction as provided for in the Bidding Procedures Order.

6. Upon the conclusion of the auction, the Trustee named the Successful Bidders (as defined in the Bidding Procedures Order).  *See* [Dkt. No. 204].  The Court subsequently entered a series of orders approving the sales to the Successful Bidders (the "Auction Sales").  *See* [Dkt. Nos. 351, 352, 353, 354, 355, 356, 357, 358, 359, 360, 361, 362, 363, 368, 369, 370, 371, 376, 382].

7. In addition, for assets that were not sold at the Auction, the Court entered orders approving the Trustee's private sales (the "Private Sales," and together with the Auction Sales, the "Asset Sales") of the Estates' interests in certain ANDAs, inventory, raw materials and equipment.  *See* [Dkt. Nos. 216, 220, 300, 560, 624, 628, 662, 684].

**RELIEF REQUESTED**

8. By this Motion, the Trustee requests entry of an order from the Court authorizing, but not directing, the Trustee to make distributions to holders of the administrative claims set forth on Exhibit A.  The Trustee has reviewed the claims on Exhibit A and determined that the claims are valid and should be allowed.

9. Additionally, certain of the claims listed on Exhibit A which have been filed on the claims docket have also been filed on the main docket in these Bankruptcy Cases.  These claims are listed on Exhibit A as having both a claim number (from the claims docket) and a motion

3

docket number (D.I.) (from the main case docket). The Trustee is requesting that the order specifically allow those claims docketed on the main case docket in order to resolve those outstanding matters, to the extent those claims have not previously been allowed by the Court. With regard to those claims assigned both a claim number (from the claims docket) and a motion docket number (D.I.) (from the main case docket), the Trustee will make a single payment because the claims represent the same liability; the Trustee will not pay the same liability twice. All claims in <u>Exhibit A</u>, to the extent not paid in full, shall be reduced by the amount paid by the Trustee. .

## BASIS FOR RELIEF REQUESTED

10.    Section 704(a)(1) of the Bankruptcy Code requires the Trustee to close the Estates and make distributions to creditors "as expeditiously as possible as is compatible with the best interests of all parties in interest." 11 U.S.C. § 704(a)(1). Section 105(a) of the Bankruptcy Code permits the Court to issue "any order . . . that is necessary or appropriate to carry out the provisions of this title." 11 U.S.C. § 105(a).

11.    Allowing the Trustee to pay administrative claims identified on <u>Exhibit A</u> will permit the Trustee to carry out his obligations under 704 of the Bankruptcy Code by working to close the Estates as expeditiously as possible. The relief is also compatible with the best interests of parties in interest. Administrative claims must be paid prior to other unsecured claims. *See* 11 U.S.C. §§ 503, 507(a)(2), 726(a)(1). The Trustee has determined that the Estates have available funds to pay all known administrative claims, accounting for disputed claims and anticipated professional fees, with the balance to be distributed pursuant to § 726 of the Bankruptcy Code.

## NOTICE

12.    Notice of this Motion together with a copy of the Motion will be given to the following parties: (i) the Office of the United States Trustee for the District of Delaware, (ii)

Debtors' counsel; (iii) the holders of the administrative claims set forth on the attached <u>Exhibit A</u>; (iv) the largest twenty (20) unsecured creditors with names and addresses appearing in Schedule F of the Schedules of Assets and Liabilities prepared by the Debtors; and (v) all other parties who have requested notice pursuant to Federal Rule of Bankruptcy Procedure 2002 of the Bankruptcy Rules, in accordance with Del. Bankr. L.R. 2002-1(b) (collectively, the "<u>Notice Parties</u>").

WHEREFORE, the Trustee respectfully requests the Court enter an order, substantially in the form attached hereto, granting the relief requested herein and granting such other and further relief as the Court deems just.

Dated:  May 31, 2024

COZEN O'CONNOR

By:  */s/ John T. Carroll, III*
John T. Carroll, III (DE No. 4060)
Simon E. Fraser (DE No. 5335)
1201 N. Market Street
Suite 1001
Wilmington, DE  19801
(302) 295-2000 Phone
(302) 295-2013 Fax No.
jcarroll@cozen.com
sfraser@cozen.com

David R. Doyle (IL ARDC 6303215)
(Admitted in IL/Not admitted in DE)
123 N. Wacker Drive, Suite 1800
Chicago, IL  60606
Telephone:  (312) 474-1648
Facsimile: (312) 382-8910
daviddoyle@cozen.com

*Counsel to George L. Miller, Chapter 7 Trustee*