**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 7 |
| AKORN HOLDING COMPANY LLC, *et al.*,[1] | Case No. 23-10253 (KBO) |
| Debtors. | (Jointly Administered) |

**DEBTORS' MOTION FOR ENTRY OF AN ORDER**
**AUTHORIZING AND APPROVING THE CONVERSION OF**
**THESE CHAPTER 7 CASES TO CASES UNDER CHAPTER 11**

Akorn Holding Company LLC, Akorn Intermediate Company LLC and Akorn Operating Company LLC (collectively, the "Debtors") respectfully submit this motion (the "Motion") for entry of an order, substantially in the form attached hereto as **Exhibit A** (the "Proposed Order"), pursuant to Section 706(a) of title 11 of the United States Code (the "Bankruptcy Code"), authorizing and approving the conversion of the above-captioned Chapter 7 cases (the "Chapter 7 Cases") to cases under Chapter 11 of the Bankruptcy Code on the terms, conditions and timeline described herein. In support of this Motion, the Debtors respectfully state as follows:

**PRELIMINARY STATEMENT**[2]

The Debtors' Chapter 7 cases have progressed at a glacial pace. Certain holders of a majority interest of the Debtors' outstanding common stock (the "Controlling Shareholders") contacted the Chapter 7 Trustee through counsel to discuss the Chapter 7 Trustee's workplan and strategy, but the Chapter 7 Trustee simply ignored them.

---

[1] The Debtors in these chapter 7 cases, along with the last four digits of their federal tax identification numbers and case numbers are Akorn Holding Company LLC (9190), Case No. 23-10253 (KBO); Akorn Intermediate Company LLC (6123), Case No. 23-10254 (KBO); and Akorn Operating Company LLC (6184), Case No. 23-10255. The Debtors' headquarters is located at 5605 CenterPoint Court, Gurnee, IL 60031.

[2] Capitalized terms used but not defined in the Preliminary Statement shall have the meanings ascribed to them below.

Frustrated with the Chapter 7 Trustee's failure to respond and in light of the minimal progress in this case, the Controlling Shareholders appointed Lloyd Sprung to serve as the sole director of lead Debtor Akorn Holding Company LLC and authorized the Debtors to seek to convert these cases to Chapter 11 to confirm a plan as soon as practicable to maximize value, minimize administrative expense and expedite distributions to unsecured creditors.

The Debtors intend to propose a Chapter 11 plan of liquidation to reconcile claims, collect accounts receivable, sell the remainder of the Debtors' assets, prosecute litigation against former directors and officers and distribute cash quickly through a plan of liquidation without paying the 3% fee that the Chapter 7 Trustee will charge.

Because the Debtors were eligible to file Chapter 11 cases in the first place and there is no basis to believe that the cases are doomed to remain in Chapter 7, the Court should grant conversion as a matter of right under Section 706(a) of the Bankruptcy Code.

## **JURISDICTION**

1.     The United States Bankruptcy Court for the District of Delaware (the "Court") has jurisdiction over these Chapter 7 Cases, the Debtors and their estates and this matter under 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference from the United States District Court for the District of Delaware*, dated February 29, 2012.  This is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2).

2.     Pursuant to Local Rule 9013-1(f), the Debtors consent to the entry of a final order with respect to this Motion if it is determined that the Court, absent consent of the parties, cannot enter final orders or judgments consistent with Article III of the United States Constitution.

3.     Venue of these Chapter 11 Cases and this Motion in this District is proper under 28 U.S.C. §§ 1408 and 1409.

4. The statutory predicates for the relief requested in this Motion are Section 706(a) of the Bankruptcy Code and Rule 1017(f)(2) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules").

## BACKGROUND

5. On February 23, 2023 (the "Petition Date"), the Debtors filed voluntary petitions for relief under Chapter 7 of the Bankruptcy Code in this Court. On or about the Petition Date, the Office of the United States Trustee appointed George L. Miller as the Chapter 7 trustee for the Debtors' estates (the "Chapter 7 Trustee").

6. The Controlling Shareholders have authorized by written consent (attached hereto as **Exhibit B**) the conversion of these Chapter 7 Cases to cases under Chapter 11 of the Bankruptcy Code.

## RELIEF REQUESTED

7. By this Motion, the Debtors respectfully request entry of an order, substantially in the form attached hereto as **Exhibit A**, authorizing and approving the conversion of the Chapter 7 Cases to cases under Chapter 11 of the Bankruptcy Code.

## BASIS FOR RELIEF REQUESTED

8. Section 706(a) of the Bankruptcy Code governs the conversion of a Chapter 7 case to one under Chapter 11 and provides, in pertinent part, as follows:

> (a) The debtor may convert a case under this chapter to a case under chapter 11, 12, or 13 of this title at any time, if the case has not been converted under section 1112, 1208, or 1307 of this title. Any waiver of the right to convert a case under this subsection is unenforceable.

11 U.S.C. § 706(a). This section "gives the debtor the one-time absolute right of conversion of a liquidation case to a reorganization or individual repayment plan case." H.R.Rep. No. 95-595, at 380 (1977); S.Rep. No. 95-989, at 94 (1978), reprinted in 1978 U.S.C.C.A.N. 5787, 5880.

3

9. However, the Supreme Court in *Marrama* determined that a case may not be converted under Section 706(a) unless the bankruptcy court determines that the debtor may be a debtor under the chapter of the Bankruptcy Code to which the debtor seeks to convert its case, or where the converted case would be subject to immediate dismissal or conversion back to Chapter 7. *Marrama v. Citizens Bank of Mass.*, 549 U.S. 365, 373 (2007). This requirement arises from section 706(d), which provides "[n]otwithstanding any other provision of this section, a case may not be converted to a case under another chapter of this title unless the debtor may be a debtor under such chapter." 11 U.S.C. § 706(d). Additionally, at least one court in this district has held that "[a] debtor may not qualify as a 'debtor' under chapter 11, if pursuant to *11 U.S.C. § 1112(b)(1)*, 'cause' exists for the court to convert a debtor's chapter 11 case to a chapter 7 case or dismiss it". *In re NLG, LLC*, 2023 Bankr. LEXIS 398, at *11 (Bankr. D. Del. Feb. 16, 2023).[3]

10. While it is the debtor's burden to make a *prima facie* case for its eligibility, after such a showing, the burden shifts to any objecting party to prove ineligibility. *See In re Broad Creek Edgewater, LP*, 371 B.R. at 757; *see also In re FMO Associates II, LLC*, 402 B.R. 546, 551 (Bankr. E.D.N.Y. 2009) (internal citation omitted) (stating that an objecting party bears the burden of demonstrating, by a preponderance of the evidence, why a debtor should not be permitted to convert its case to Chapter 11 pursuant to Section 706(a)).

11. Here, the incontrovertible evidence shows that the Debtors are entitled to convert the Chapter 7 Cases to cases under Chapter 11 of the Bankruptcy Code because (i) the Chapter 7

---

[3] Although *Marrama* involved a conversion from Chapter 7 to Chapter 13, the aforementioned standards apply equally to motions to convert to Chapter 11. *See, e.g., In re Nimoityn*, No. 21-cv-02709, 2022 WL 523601, at *2 (E.D. Pa. Feb. 22, 2022) ("Although *Marrama* dealt with a requested conversion from Chapter 7 to Chapter 13, the language of § 706(a) and the *Marrama* holding also apply when the chosen chapter for conversion is Chapter 11."); *In re Premier Gen. Holdings, Ltd.*, 427 B.R. 592, 601 n.8 (Bankr. W.D. Tex. 2010) (indicating that there is "little reason to confine the Court's ruling in *Marrama* to the Chapter 13 context"); *In re Broad Creek Edgewater, LP*, 371 B.R. 752, 758 (Bankr. D.S.C. 2007) ("[T]his Court believes that *Marrama* applies to motions to convert to Chapter 11.").

4

Cases have not been converted previously and (ii) the Debtors may be debtors in Chapter 11.

12.     *First*, as the record reflects that these Chapter 7 Cases have not been previously converted, the only possible bar to conversion would be if the Debtors were somehow ineligible to be debtors under the Bankruptcy Code. And as the below make clear, the Debtors are eligible.

13.     *Second*, each of the Debtors (i) is a "person" eligible to be a Chapter 11 debtor under Section 109 of the Bankruptcy Code, as each Debtor is a "corporation" within the meaning of Section 101(9) of the Bankruptcy Code, (ii) has its principal place of business in the United States, and (iii) is domiciled in the United States. Thus, all of the eligibility requirements under § 109 are met.

14.     Likewise, cause **does not exist** under § 1112(b)(1) for the court to convert the Debtors' cases from Chapter 11 back to Chapter 7, so as to make conversion of these Chapter 7 Cases to Chapter 11 futile. Courts have found that "[a] debtor may not qualify as a 'debtor' under chapter 11, if pursuant to 11 U.S.C. § 1112(b)(1), 'cause' exists for the court to convert a debtor's chapter 11 case to a chapter 7 case or dismiss it." *NLG, LLC*, 2023 Bankr. LEXIS 398, at *11. In *NLG, LLC*, the Debtor's estate was administratively insolvent and "there [were] no assets to reorganize or distribute under a plan of reorganization or liquidation." 2023 Bankr. LEXIS 398, at *17. As a result, the court found conversion to chapter 11 to be futile and denied the debtor's conversion motion. *Id.* at *21.

15.     Here, none of the examples of cause under § 1112(b)(4) would apply to the Debtors' cases under Chapter 11. Unlike the debtor in *NLG, LLC*, the Debtors' estate is solvent and the Debtors have property available for distribution to creditors. Additionally, the Debtors believe that additional value will be created for the estate through conversion to Chapter 11. The Debtors intend to reconcile claims, collect accounts receivable, sell the remainder of the Debtors' assets,

prosecute litigation against former directors and officers and then distribute cash quickly through a plan of liquidation, and the Debtors believe the foregoing can be completed expeditiously with the assistance of its proposed professionals to the benefit of all stakeholders.  In sum, the Debtors may be debtors in Chapter 11 pursuant to Sections 109 and 1112(b) of the Bankruptcy Code.

16.     Finally, unless the Court directs otherwise, a hearing is not required, as the Motion is not considered a contested matter and the only issue to be determined—whether the Debtors are eligible for relief under Chapter 11—is readily apparent from the record.  *See In re Premier Gen. Holdings, Ltd.*, 427 B.R. at 600-601 (Bankr. W.D. Tex. 2010) (citing Fed. R. Bankr. P. 1017(f)(2)) ("[T]he Rules contemplate that, while a conversion under section 706 is accomplished by motion, it is not a contested matter, and a court may rule on the motion without a hearing."); *In re Rossen*, No. 99-10383, 2000 WL 34448606, at *2 (Bankr. D. Vt. July 11, 2000) (quoting 6 Collier on Bankruptcy, ¶ 706.07 (15th ed.1999)) ("[I]f conversion is sought pursuant to section 706(a), the motion to convert is not considered a contested matter, since the only possible issues are whether the case has been previously converted and whether the debtor is eligible [pursuant to § 109] for relief under the chapter to which the debtor seeks to convert."); *Matter of Omaha Midwest Wholesale Distributors, Inc.*, 94 B.R. 160, 162 n.2 (Bankr. D. Neb. 1988) ("[A] hearing is not required for conversion pursuant to Section 706(a)."); *see also* Fed. R. Bankr. P. 1017, Advisory Committee Note (1987), reprinted in 11 Norton Bankr. L. & Prac. 3d Fed. R. Bankr. P. 1017 ("[N]o hearing is required on these motions unless the court directs.").

## **NOTICE**

17.     Notice of this Motion will be given to the following parties or their respective counsel: (a) the Chapter 7 Trustee; and (b) any party that has requested or that is required to receive notice pursuant to Bankruptcy Rule 2002.  In light of the nature of the relief requested, the Debtors

respectfully submit that no other or further notice is required or needed under the circumstances.

[*Remainder of Page Intentionally Left Blank*]

WHEREFORE, the Debtors respectfully request entry of an order, substantially in the form attached hereto as **Exhibit A**, granting the relief requested herein and such other and further relief as may be just and proper.

Dated: June 21, 2024
Wilmington, Delaware

*/s/ Robert J. Dehney*
**MORRIS, NICHOLS, ARSHT & TUNNEL LLP**
Robert J. Dehney (No. 3578)
Daniel B. Butz (No. 4227)
1201 North Market Street, 16th Floor
P.O. Box 1347
Wilmington, Delaware 19899-1347
Telephone: (302) 658-9200
Facsimile: (302) 658-3989
Email: rdehney@morrisnichols.com
dbutz@morrisnichols.com

- and -

**GLENN AGRE BERGMAN & FUENTES LLP**
Andrew K. Glenn (*pro hac vice* admission pending)
Shai Schmidt (*pro hac vice* admission pending)
Richard C. Ramirez (*pro hac vice* admission pending)
Malak S. Doss (*pro hac vice* admission pending)
1185 Avenue of the Americas, 22nd Floor
New York, New York 10036
Telephone: (212) 970-1600
Email: aglenn@glennagre.com
stecklin@glennagre.com
sschmidt@glennagre.com
rramirez@glennagre.com
mdoss@glennagre.com

*Proposed Counsel to the Debtors*