**Exhibit 1**

**Stipulation**

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

|  |  |
|---|---|
| In re: | ) Chapter 7 |
| AKORN HOLDING COMPANY LLC, *et al.*, | ) Case No. 23-10253 (KBO) |
| Debtors.[1] | ) (Jointly Administered) |

**STIPULATION FURTHER EXTENDING DEADLINE TO
DELIVER EARNOUT STATEMENT**

This stipulation (the "**Stipulation**") is made and entered into by and among George L. Miller, the duly appointed chapter 7 trustee (the "**Trustee**") for the estates of the above-captioned Debtors (collectively, the "**Debtors**"), and Thea Pharma Inc. ("**TPI**" or "**Buyer**," and together with the Debtors, the "**Parties**" and each individually, a "**Party**"). The Parties hereby stipulate and agree as follows:

**RECITALS**

WHEREAS, on February 23, 2023 (the "**Petition Date**"), the Debtors filed voluntary petitions for relief under chapter 7 of title 11 of the United States Code, 11 U.S.C. § 101 *et seq.* (the "**Bankruptcy Code**"), in the United States Bankruptcy Court for the District of Delaware (the "**Court**");

WHEREAS, prior to the Petition Date, on January 27, 2022, TPI, as "Buyer," and Akorn Operating, as "Seller," entered into that certain *Asset Purchase Agreement* (collectively,

---

[1] The Debtors in these chapter 7 cases, along with the last four digits of their federal tax identification numbers, and cases numbers are Akorn Holding Company LLC (9190), Case No. 23-10253 (KBO); Akorn Intermediate Company LLC (6123), Case No. 23-10254 (KBO); and Akorn Operating Company LLC (6184), Case No. 23-10255. The Debtors' headquarters is located at 5605 CenterPoint Court, Gurnee, IL 60031.

with all ancillary agreements, schedules, and documents attached thereto and contemplated thereby, the "**APA**"),[2] pursuant to which TPI acquired the "Purchased Assets"[3] from Akorn Operating. The APA closed on March 8, 2022.

WHEREAS, Section 3.04(b) of the APA obligates the Buyer to provide an Earnout Statement[4] by no later than forty-five (45) days after the conclusion of the Second Earnout Period.[5]

WHEREAS, on February 15, 2024, the Court entered an *Order Approving Stipulation Extending Deadline to Deliver Earnout Statement* (Docket No. 753), which extended the deadline to deliver the Earnout Statement by forty-five (45) days to March 30, 2024.

WHEREAS, on April 1, 2024, the Court entered an *Order Approving Stipulation Further Extending Deadline to Deliver Earnout Statement* (Docket No. 781), which extended the deadline to deliver the Earnout Statement by an additional forty-five (45) days to May 14, 2024.

WHEREAS, on May 13, 2024, the Court entered an *Order Approving Stipulation Further Extending Deadline to Deliver Earnout Statement* (Docket No. 807), which extended the deadline to deliver the Earnout Statement by an additional forty-five (45) days to June 28, 2024.

WHEREAS, the Parties have engaged in good-faith, arm's-length discussions in connection with resolving issues among them, and intend to continue to engage in such discussions.

---

[2] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to such terms in the APA. The APA contains confidential and sensitive commercial information, which, if disclosed, would likely cause substantial and irreparable injury to TPI. TPI believes that the Trustee is already in possession of the APA, but, to the extent reasonably necessary, TPI will make the APA available to the Trustee for inspection.

[3] The term "Purchased Assets" is defined in Section 2.01 of the APA, and such definition is incorporated herein by reference.

[4] The term "Earnout Statement" is defined in Section 3.04(b) of the APA, and such definition is incorporated herein by reference.

[5] The term "Second Earnout Period" is defined in Section 1.01 of the APA, and such definition is incorporated herein by reference.

**NOW, THEREFORE**, it is hereby **STIPULATED AND AGREED** as follows:

1. The forty-five (45) day deadline set forth in Section 3.04(b) of the APA is hereby extended by an additional forty-five (45) days to August 12, 2024.

2. The Parties' respective rights, claims, causes of action, and defenses, at law and in equity, are expressly reserved in their entirety, and nothing herein shall waive or shall be construed as a waiver of any of such rights, claims, causes of action, and defenses.

3. The undersigned who executes this Stipulation by or on behalf of each respective Party represents and warrants that he or she has been duly authorized and empowered to execute and deliver this Stipulation on behalf of such Party.

4. This Stipulation shall be effective as of June 28, 2024.

5. The Court shall retain jurisdiction to resolve any disputes or controversies arising from this Stipulation.

[*Remainder of Page Intentionally Left Blank*]

IN WITNESS WHEREOF and in agreement herewith, by and through the undersigned, the Parties have executed and delivered this Stipulation as of the date set forth below.

Dated: June 27, 2024
      Wilmington, Delaware

*/s/ Curtis S. Miller*

**MORRIS, NICHOLS, ARSHT & TUNNELL LLP**
Curtis S. Miller (No. 4583)
Sophie Rogers Churchill (No. 6905)
1201 N. Market Street, 16th Floor
P.O. Box 1347
Wilmington, Delaware 19899-1347
Telephone: (302) 658-9200
Facsimile: (302) 658-3989
Email:   cmiller@morrisnichols.com
             srchurchill@morrisnichols.com

- and -

**WEIL, GOTSHAL & MANGES LLP**
Clifford W. Carlson  (admitted *pro hac vice*)
700 Louisiana Street, Suite 3700
Houston, TX  77002-2784
Telephone: (713) 546-5000
Email:   clifford.carlson@weil.com

*Attorneys for Laboratoires Théa SAS and Thea Pharma Inc.*

4

IN WITNESS WHEREOF and in agreement herewith, by and through the undersigned, the Parties have executed and delivered this Stipulation as of the date set forth below.

Dated: June 27, 2024
      Wilmington, Delaware

*/s/ John T. Carroll, III*
John T. Carroll, III (DE No. 4060)
1201 N. Market Street
Suite 1001
Wilmington, DE 19801
(302) 295-2028
(302) 295-3013 Fax No.
jcarroll@cozen.com

*Counsel to George L. Miller,
Chapter 7 Trustee*

5