IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>AKORN HOLDING COMPANY LLC, *et al.*,[1]<br><br>Debtors. | Chapter 7<br><br>Case No. 23-10253 (KBO)<br><br>(Jointly Administered)<br><br>Re: Docket No. 849 |

**ARGO PARTNERS II, LLC'S OBJECTION TO MOTION OF GEORGE L. MILLER, CHAPTER 7 TRUSTEE, FOR AN ORDER AUTHORIZING FIRST DISTRIBUTION OF FUNDS TO HOLDERS OF ALLOWED PRIORITY CLAIMS UNDER SECTION 507(a)(4) OF THE BANKRUPTCY CODE AND GRANTING RELATED RELIEF**

Argo Partners II, LLC ("Argo Partners"), by its undersigned counsel, hereby objects (this "Objection") to the *Motion of George L. Miller, Chapter 7 Trustee, for an Order Authorizing First Distribution of Funds to Holders of Allowed Priority Claims under Section 507(a)(4) of the Bankruptcy Code and Granting Related Relief* [D.I. 849] (the "Distribution Motion"). In support of its Objection, Argo Partners respectfully states as follows:

**PRELIMINARY STATEMENT**

1. Argo Partners holds a perfected statutory mechanic's lien claim that is secured by the proceeds of certain real property asset sales. Pursuant to the Distribution Motion, the Trustee seeks to distribute proceeds of sales of substantially all of the Debtors' assets including the proceeds of all real estate, to priority unsecured creditors *before* the satisfaction of Argo Partner's higher priority statutory lien. There is approximately $87 million in remaining surplus proceeds from these asset sales that are available for distributions to creditors and administrative expenses.

---

[1] The Debtors in these chapter 7 cases, along with the last four digits of their federal tax identification numbers, and case numbers are: Akorn Holding Company LLC (9190), Case No. 23-10253 (KBO); Akorn Intermediate Company LLC (6123), Case No. 23-10254 (KBO); and Akorn Operating Company LLC (6184), Case No. 23-10255. The Debtors' headquarters is located at 5605 CenterPoint Court, Gurnee, IL 60031.

The Trustee should be required to pay Argo Partners the full amount of its statutory lien claim (plus pre- and postpetition statutory interest) before making distributions to these priority unsecured creditors.

## BACKGROUND

### Chapter 7 Cases and Asset Sales

2. On February 23, 2023 (the "Petition Date"), each of the above-captioned debtors (the "Debtors") filed a voluntary petition for relief under chapter 7 of the Bankruptcy Code.

3. On or about the Petition Date, the Office of the United States Trustee appointed George L. Miller as the chapter 7 trustee (the "Trustee") to the Debtors' estates.

4. Since the Petition Date, the Trustee and his advisors conducted an auction and consummated various sales of substantially all of the Debtors' assets (the "Asset Sales"), resulting in sale proceeds of approximately $313 million. *See* D.I. 858 at ¶21.

5. Following the asset sales, the Trustee distributed approximately $204 million in sale proceeds to the lenders under both of the Debtors' secured credit facilities, paying them in full. *Id.* at ¶23. As of July 9, 2024, the Trustee reports that he has distributed approximately $242 million in total to creditors, leaving approximately $87 million for distribution to the remaining creditors of the Debtors' estates. *Id.*

6. Pursuant to the Distribution Motion, the Trustee seeks Court approval to make distributions to holders of priority claims of former employees of the Debtors under section 507(a)(4) of the Bankruptcy Code (the "Priority Unsecured Claims") of approximately $1.3 million.

**Argo Partners' Lien Claim**

7. On March 24, 2023, the Clerk of the Court issued a Notice indicating that assets might be available for payment of a dividend to creditors and establishing a deadline of June 26, 2023 to file proofs of claims (the "Bar Date").

8. Prior to the Bar Date, on May 19, 2023, Henderson Constructors Inc. ("Henderson") filed a proof of claim asserting a secured claim against the Debtors in the amount of $2,178,962.06[2] on account of statutory mechanic's liens under New York law, which claim was designated as claim no. 117 on the claims register for these cases (the "Lien Claim"). The Lien Claim relates to labor, services and/or materials provided by Henderson for the improvement of real estate owned by the Debtors located at 26 Edison Street, Amityville, NY 11701 (the "Edison Street Property") and 369 Bayview Avenue, Amityville, NY 11701 (the "Bayview Avenue Property" and together with the Edison Street Property, the "Properties").

9. In particular, the Lien Claim is comprised of the following amounts that are subject to mechanic's liens: (i) $1,998,962.06 related to work at the Edison Street Property (plus statutory interest), and (ii) $180,000.00 related to work performed at the Bayview Avenue Property (plus statutory interest). *See* D.I. 183, 184. Henderson perfected its statutory liens that underlie the Lien Claim by timely recording its mechanic's liens under New York lien law and filing *Notices of Perfection* of its mechanic's liens with the Court pursuant to section 546(b) of the Bankruptcy Code. *See id.*

10. Henderson subsequently sold, transferred and assigned its Lien Claim to Argo Partners, as evidenced by the *Notice of Transfer of Claim Other than for Security* filed by Argo

---

[2] The claimed amount does not account for statutory pre- and postpetition interest and other charges, which continue to accrue.

3

Partners on February 15, 2024 pursuant to Rule 3001(e)(2) of the Federal Rules of Bankruptcy Procedure. *See* D.I. 754. Accordingly, Argo Partners is the current holder of the Lien Claim.

## **OBJECTION**

11. Argo Partners objects to the Distribution Motion and the Trustee's proposed payment of the Priority Unsecured Claims out of the proceeds of the Asset Sales unless and until Argo Partners is paid in full (plus statutory pre- and postpetition interest) on account of its Lien Claim, which must be satisfied prior to payment of the Priority Unsecured Claims.

**A.     Argo Partners Lien Claim is Prima Facie Valid**

12. A proof of claim that is executed and filed constitutes "prima facie evidence" of the validity and amount of the claim. Fed. R. Bankr. P. 3001(f); *In re Allegheny Int'l, Inc.*, 954 F.2d 167, 173 (3d Cir. 1992). Once a creditor files a prima facie valid proof of claim, the burden of proof shifts to the debtor to "produce evidence sufficient to negate the prima facie validity of the filed claim." *In re Allegheny*, 954 F.2d at 173-74. The objector must produce evidence that is "equal in force" to the evidence submitted by the claimant. *Id.* at 173.

13. The Trustee has not objected to the Lien Claim, pursuant to which Argo Partners asserts a claim that is secured by perfected liens against the Debtors' real property. The Lien Claim constitutes prima facie evidence of the validity and amount of the claim.

**B.     Argo Partners' Valid Lien Claim Must be Satisfied Prior to Payment of Priority Claims**

14. Although Congress has given special status to certain creditors, so called "priority creditors," these claims remain unsecured claims and are subordinate to claims that are secured by a perfected lien against the debtor's property. *In re Darnell*, 834 F.2d at 1265-66; *see also* 4 Collier on Bankruptcy P ¶507.02[4][a] (16th ed. 2024) ("The rights of holders of priority claims are subject to the rights of holders of liens against property."). Accordingly, the Priority Unsecured

Claims that are the subject of the Distribution Motion are subordinate to Argo Partners' prima facie valid Lien Claim and the Lien Claim must be satisfied prior to making distributions on account of the Priority Unsecured Claims.

**C.    To the Extent Necessary, The Trustee Should be Required to Marshal the Sale Proceeds in Order to Satisfy Argo Partners' Lien Claim**

15.    To the extent the Properties were encumbered by liens that are senior to the priority of the Lien Claim, the Trustee should equitably allocate (marshal) the lien proceeds to avoid a prejudicial outcome to Argo Partners and similarly situated statutory lienholders.[3]  "[T]he equitable doctrine of marshaling rests upon the principle that a creditor having two funds to satisfy his debt may not, by his application of them to his demand, defeat another creditor, who may have resort to only one of the funds." *Meyer v. United States*, 375 U.S. 233, 236 (1963) (quoting *Sowell v. Federal Reserve Bank*, 268 U.S. 449, 456-57 (1925)).  The doctrine of marshaling "is not bottomed on the law of contracts or liens. It is founded instead in equity, designed to promote fair dealings and justice. Its purpose is to prevent the arbitrary action of a senior lienor from destroying the rights of a junior lienor or a creditor having less security. It deals with the rights of all who have an interest in the property involved and is applied only when it can be equitably fashioned as to all of the parties." *Meyer v. United States*, 375 U.S. at 237; *see, e.g.*, *In re Wilmot Mining Co.*, 167 B.R. 806 (Bankr. W.D. Pa. 1994) (compelling chapter 7 trustee to marshal assets in order to avoid injustice to junior lien holder).

16.    In these cases, it appears that all senior lenders, with liens on substantially all of the Debtors' assets, have been paid in full, leaving a surplus of sale proceeds of approximately $109 million ($313 million in total sale proceeds less $204 million in payments to the senior lenders).

---

[3] Argo Partners reserves its rights to argue that there any purported senior liens are in fact properly perfected on the Properties.  Argo Partners requests information regarding any senior liens and the application of the applicable sale proceeds prior to filing this Objection.

Accordingly, there should be ample proceeds from the Asset Sales to allow for the marshaling of assets in order to satisfy the Lien Claim.

17. The sales of the real property to which Argo Partners' mechanic's liens attach generated more than sufficient funds to satisfy the Lien Claim. According to the *Trustee's Report of Sale pursuant to Fed. R. Bankr. P. 6004(f)(1) to Hikma Pharmaceuticals USA Inc.* [D.I. 763], the sale of the Edison Street Property generated proceeds in the amount of $2,859,750.00 and the sale of the Bayview Avenue Property generated proceeds in the amount of $7,749,000.00. In each case, the proceeds from the sale of the collateral to which Argo Partners' mechanic's liens attach exceed the value of the asserted liens:

| **Edison Street Property** | | **Bayview Avenue Property** | |
|---|---|---|---|
| Sale Proceeds | $2,859,750.00 | Sale Proceeds | $7,749,000.00 |
| Lien Amount[4] | $1,998,962.06 | Lien Amount[5] | $180,000.00 |
| Surplus | $860,787.94 | Surplus | $7,569,000.00 |

18. Under the doctrine of marshaling, payments to the lenders should have been made first on account of proceeds of the sale of lenders' exclusive or higher value collateral, as opposed to proceeds from the sale of *shared* collateral that is subject to liens of other secured creditors, including Argo Partners. At a minimum, the Trustee should be required to provide an accounting to demonstrate that payments to creditors have been allocated in a manner that is fair and equitable to all secured creditors.

---

[4] This amount does not include statutory interest.
[5] This amount does not include statutory interest.

6

**RESERVATION OF RIGHTS**

19. Argo Partners expressly reserves all of its rights, including, without limitation, the right to supplement or modify this Objection and to provide additional documentation or evidence in support hereof, the right to request affirmative relief in the form of a motion or adversary proceeding if necessary or appropriate, and the right to conduct discovery related to the Trustee's Distribution Motion and the objections stated herein.

WHEREFORE, Argo Partners respectfully requests that the Court deny the relief requested in the Trustee's Distribution Motion and withhold authorization to pay the Priority Claims unless and until (i) Argo Partners is paid in full on account of its Lien Claim, or (ii) the Trustee reserves or sets aside funds sufficient to pay the Lien Claim in full pending resolution of any dispute as to the validity or allowance of the Lien Claim.

Dated: July 17, 2024

BARNES & THORNBURG LLP

*<u>/s/ Kevin G. Collins</u>*

Kevin G. Collins (DE No. 5149)
222 Delaware Ave., Suite 1200
Wilmington, DE 19801
(302) 300-3455
kcollins@btlaw.com

and

Gregory G. Plotko
390 Madison Avenue, 12th Floor
New York, NY 10017
(646) 746-2406
gplotko@btlaw.com

*Counsel to Argo Partners II, LLC*