IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>AKORN HOLDING COMPANY LLC, *et al.*[1]<br><br>Debtors. | Chapter 7<br><br>Case No.  23-10253 (KBO)<br><br>(Jointly Administered)<br><br>Related Doc. No. _____ |

**ORDER GRANTING TRUSTEE'S MOTION FOR ENTRY
OF ORDER (I) APPROVING SETTLEMENT WITH THEA PHARMA INC.
AND (II) GRANTING RELATED RELIEF**

This matter coming before the Bankruptcy Court on the *Trustee's Motion for Entry of Order (I) Approving Settlement with Thea Pharma Inc. and (II) Granting Related Relief* (the "Motion")[2]; adequate and sufficient notice of the Motion having been provided by the Trustee; all interested parties having been afforded an opportunity to be heard with respect to the Motion and all relief related thereto; the Bankruptcy Court having reviewed and considered the Motion and all relief related thereto; it appearing that the Bankruptcy Court has jurisdiction over this matter, and it further appearing that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and after due deliberation, and good and sufficient cause appearing,

**THE COURT HEREBY ORDERS AS FOLLOWS:**

1. The Motion is GRANTED.

2. The Settlement Agreement is approved pursuant to Bankruptcy Rule 9019 and section 363(b)(1) of the Bankruptcy Code.

---

[1] The Debtors in these chapter 7 cases, along with the last four digits of their federal tax identification numbers, and cases numbers are Akorn Holding Company LLC (9190), Case No. 23-10253 (KBO); Akorn Intermediate Company LLC (6123), Case No. 23-10254 (KBO); and Akorn Operating Company LLC (6184), Case No. 23-10255.  The Debtors' headquarters is located at 5605 CenterPoint Court, Gurnee, IL 60031.

[2] Capitalized terms not otherwise defined in this Order shall have the meanings given in the Motion.

2

3. In accordance with the Settlement Agreement, Thea Pharma Inc. is allowed a general unsecured non-priority claim in the amount of $1,341,059 against the estate of Akorn Operating.

4. The Trustee is authorized and directed to take any and all actions necessary or appropriate to perform under the Settlement Agreement in accordance with the Settlement Agreement, including, but not limited to, execution of a joint written instruction to the Escrow Agent authorizing the immediate release of the Escrow Amount to TPI and any remaining amount in the Escrow Account (after accounting for the payment of the Escrow Amount to TPI) to the Trustee. For the avoidance of doubt, the Escrow Amount shall not be subject to avoidance, recapture, clawback, re-calculation, further objection or any further contest by the Trustee or its respective successors or assigns.

5. The Bankruptcy Court shall retain jurisdiction over the parties to the Settlement Agreement, and the subject matter thereof, in order to interpret or enforce all provisions of this Order and the Settlement Agreement.

6. Notice of the Motion to the Notice Parties as set forth in the Motion is approved, and further notice of the Motion is hereby waived for cause shown pursuant to Bankruptcy Rule 2002(a)(2).

7. This Order shall be effective immediately and enforceable upon its entry. For cause shown, the stay imposed by Bankruptcy Rule 6004 is hereby waived.

LEGAL\71653573\4