**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re:<br><br>AKORN HOLDING COMPANY LLC, *et al* [1]<br><br>Debtors. | Chapter 7<br><br>Case No. 23-10253 (KBO)<br><br>(Jointly Administered)<br><br>**Hearing Date: September 9, 2024 at 12:30 p.m. (ET)**<br>**Objection Date: September 2, 2024 at 4:00 p.m. (ET)** |

**MOTION OF GEORGE L. MILLER, CHAPTER 7 TRUSTEE, FOR AN ORDER AUTHORIZING TRUSTEE'S SECOND DISTRIBUTION OF FUNDS TO ADDITIONAL HOLDERS OF ALLOWED PRIORITY CLAIMS UNDER SECTION 507(a)(4) OF THE BANKRUPTCY CODE AND GRANTING RELATED RELIEF**

George L. Miller, as chapter 7 trustee (the "Trustee") of the estates (the "Estates") of the above-captioned debtors (the "Debtors"), through his undersigned counsel, hereby moves (the "Motion") pursuant to section 105(a) of title 11 of the United States Code (the "Bankruptcy Code") for entry of an order, substantially in the form appended hereto, approving a second round of distributions of funds to certain additional holders of allowed claims entitled to priority under section 507(a)(4) of the Bankruptcy Code in the amounts set forth on the attached Exhibit A under the column entitled "Allowed Priority Claim & Distribution Amount" (the "Allowed Priority Distribution Amount") not to exceed the statutory limit of $15,150 (the "Allowed Section 507(a)(4) Claims") and for related relief. In support of the Motion, the Trustee respectfully states as follows:

[1] The Debtors in these chapter 7 cases, along with the last four digits of their federal tax identification numbers, and cases numbers are Akorn Holding Company LLC (9190), Case No. 23-10253 (KBO); Akorn Intermediate Company LLC (6123), Case No. 23-10254 (KBO); and Akorn Operating Company LLC (6184), Case No. 23-10255. The Debtors' headquarters is located at 5605 CenterPoint Court, Gurnee, IL 60031.

## JURISDICTION AND VENUE

1. The United States Bankruptcy Court for the District of Delaware (the "Bankruptcy Court") has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated as of February 29, 2012.

2. This matter is a core proceeding pursuant to 28 U.S.C. § 157(b), and pursuant to Local Rule 9013-1(f), the Trustee consents to the entry of a Final Order by the Bankruptcy Court in connection with this Motion to the extent that it is later determined that the Bankruptcy Court, absent the consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution.

## BACKGROUND

### A. Overview

3. On February 23, 2023 (the "Petition Date"), each of the affiliated Debtors Akorn Holding Company LLC, Case No. 23-10253; Akorn Intermediate Company LLC, Case No. 23-10254 and Akorn Operating Company, LLC, Case No. 23-10255 (collectively the "Bankruptcy Cases") filed a voluntary petition in the Bankruptcy Court for relief under chapter 7 of the Bankruptcy Code.

4. On or about the Petition Date, the Office of the United States Trustee appointed George L. Miller as the chapter 7 Trustee to the Estates of each of the Debtors. The Debtors' businesses included developing, manufacturing, and marketing specialty pharmaceuticals, including prescription, consumer health, and animal health products. The Debtors were an industry leader in branded and generic products in alternate dosage forms such as ophthalmics,

injectables, oral liquids, topicals, inhalants and nasal sprays. The Debtors operated at numerous locations throughout the United States and maintained headquarters in Gurnee, Illinois.

**B. Asset Sales**

5. On April 28, 2023, the Court entered its *Order Granting Trustee's Motion for Entry of an Order (A) Approving Bidding Procedures in Connection with Sale of Substantially All of the Estates' Assets, (B) Scheduling an Auction and Hearing to Consider the Proposed Sale, (C) Approving the Form and Manner of Notice Thereof, and (B) Granting Certain Related Relief* [Dkt. No. 137] (the "Bidding Procedures Order"). In the Bidding Procedures Order, the Court approved bidding procedures in connection with the Trustee's sale of substantially all of the Debtors' assets, including the Estates' interests in certain abbreviated new drug applications ("ANDAs"), real estate and equipment. Beginning on May 10, 2023, the Trustee conducted an auction as provided for in the Bidding Procedures Order.

6. Upon the conclusion of the auction, the Trustee named the Successful Bidders (as defined in the Bidding Procedures Order). *See* [Dkt. No. 204]. The Court subsequently entered a series of orders approving the sales to the Successful Bidders (the "Auction Sales"). *See* [Dkt. Nos. 351, 352, 353, 354, 355, 356, 357, 358, 359, 360, 361, 362, 363, 368, 369, 370, 371, 376, 382].

7. In addition, for assets that were not sold at the Auction, the Court entered orders approving the Trustee's private sales (the "Private Sales," and together with the Auction Sales, the "Asset Sales") of the Estates' interests in certain ANDAs, inventory, raw materials and equipment. *See* [Dkt. Nos. 216, 220, 300, 560, 624, 628, 662, 684].

**RELIEF REQUESTED**

8. On July 3, 2024 the Trustee filed the *Motion of George L. Miller, Chapter 7 Trustee, for an Order Authorizing First Distribution of Funds to Holders of Allowed Priority Claims Under Section 507(a)(4) of the Bankruptcy Code and Granting Related Relief* [Dkt. No. 849] (the "First Distribution Motion") seeking authority to make distributions to holders of Allowed Section 507(a)(4) Claims. On August 7, 2024 an Order was entered by the Court granting the First Distribution Motion [Dkt. 920] and the Trustee is proceeding to pay the Allowed Priority Distribution Amount to the holders of Allowed Section 507(a)(4) Claims as identified in the First Distribution Motion.

9. By this Motion, the Trustee now requests entry of an order from the Court authorizing, but not directing, the Trustee to make a second round of distributions to additional holders of Allowed Section 507(a)(4) Claims in the amount of the Allowed Priority Distribution Amount as identified on Exhibit A. The Trustee has reviewed the Allowed Section 507(a)(4) Claims and determined that the claims are valid and should be paid in the amounts identified as Allowed Priority Distribution Amount on Exhibit A up to the statutory limit ($15,150), subject to the Trustee's reservation of rights to object to the balance of any additional claims being asserted by holders of the Allowed Section 507(a)(4) Claims.

10. The Allowed Section 507(a)(4) Claims identified on Exhibit A are all employee claims and historically all employees were employed and paid by Akorn Operating Company LLC. To the extent any of the Allowed Section 507(a)(4) Claims identified on Exhibit A were filed against the Estates of Akorn Holding Company LLC or Akorn Intermediate Company LLC, the Trustee seeks to have such claims deemed reclassified to correctly be filed solely against the Estate of Akorn Operating Company LLC and payment of the Allowed Priority Distribution Amount made from the Estate of Akorn Operating Company LLC.

## BASIS FOR RELIEF REQUESTED

11. Section 704(a)(1) of the Bankruptcy Code requires the Trustee to close the Estates and make distributions to creditors "as expeditiously as is compatible with the best interests of parties in interest." 11 U.S.C. § 704(a)(1). Section 105(a) of the Bankruptcy Code permits the Court to issue "any order . . . that is necessary or appropriate to carry out the provisions of this title." 11 U.S.C. § 105(a).

12. Attached hereto as Exhibit A is a partial listing of the claims filed against the Estates which include claims entitled to priority under section 507(a)(4) of the Bankruptcy Code. Allowing the Trustee to pay the Allowed Priority Distribution Amount to the holders of Allowed Section 507(a)(4) Claims will permit the Trustee to carry out his obligations under section 704 of the Bankruptcy Code by working to close the Estates as expeditiously as possible. The relief is also compatible with the best interests of parties in interest. Priority claims, such as the Allowed Section 507(a)(4) Claims, must be paid prior to other unsecured claims. *See* 11 U.S.C. §§ 507(a)(4), 726(a)(1). The Trustee has determined that after paying the Allowed Priority Distribution Amounts to the holders of Allowed Section 507(a)(4) Claims as identified on Exhibit A hereto, the Estate of Akorn Operating Company LLC shall still have sufficient remaining funds to pay all additional claims asserting entitlement to priority under section 507(a)(4) of the Bankruptcy Code up to the statutory limit, including without limitation, claims for the priority portion of the alleged damages under the WARN Act, with the balance of such funds to be distributed in accordance with section 726 of the Bankruptcy Code.

## RESERVATION OF RIGHTS

13. Certain holders of Allowed Section 507(a)(4) Claims currently assert, or may assert in the future, other claims, including without limitation: (i) priority claims that exceed the statutory

limit of $15,150, (ii) claims under other priority sections of the Bankruptcy Code, or (iii) other unsecured claims. The Trustee requests that the Court expressly approve the reservation of the Trustee's right to object to the balance of claims asserted by holders of Allowed Section 507(a)(4) Claims on any and all grounds.

**NOTICE**

14. Notice of this Motion together with a copy of the Motion will be given to the following parties: (i) the Office of the United States Trustee for the District of Delaware, (ii) Debtors' counsel; (iii) the holders of the Allowed Section 507(a)(4) Claims identified on the attached Exhibit A; (iv) the largest twenty (20) unsecured creditors with names and addresses appearing in Schedule F of the Schedules of Assets and Liabilities prepared by the Debtors; and (v) all other parties who have requested notice pursuant to Federal Rule of Bankruptcy Procedure 2002 of the Bankruptcy Rules, in accordance with Del. Bankr. L.R. 2002-1(b) (collectively, the "Notice Parties").

WHEREFORE, the Trustee respectfully requests the Court enter an order, substantially in the form attached hereto, granting the relief requested herein and granting such other and further relief as the Court deems just.

Dated: August 19, 2024

COZEN O'CONNOR

By: */s/ John T. Carroll, III*
John T. Carroll, III (DE No. 4060)
Simon E. Fraser (DE No. 5335)
1201 N. Market Street, Suite 1001
Wilmington, DE 19801
(302) 295-2000 Phone
(302) 295-2013 Fax No.
jcarroll@cozen.com
sfraser@cozen.com

David R. Doyle (IL ARDC 6303215)
(Admitted in IL/Not admitted in DE)
123 N. Wacker Drive, Suite 1800
Chicago, IL 60606
Telephone: (312) 474-1648
Facsimile: (312) 382-8910
daviddoyle@cozen.com

*Counsel to George L. Miller, Chapter 7 Trustee*