**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re:<br><br>AKORN HOLDING COMPANY LLC, *et al.* [1]<br><br>Debtors. | Chapter 7<br><br>Case No. 23-10253 (KBO)<br>(Jointly Administered)<br><br>**Re D.I. 832, 858, 909**<br><br>Hearing Date: September 9, 2024 at 12:30 p.m. (ET) |

**CHAPTER 7 TRUSTEE'S MOTION FOR LEAVE TO FILE SUR-REPLY IN FURTHER OPPOSITION TO MOTION TO CONVERT BANKRUPTCY CASES TO CHAPTER 11**

George L. Miller, as chapter 7 trustee (the "Trustee") of the estates (the "Estates") of the above-captioned debtors (the "Debtors"), through his undersigned counsel, hereby moves for entry of an order authorizing the filing of the *Sur-Reply in Support of Chapter 7 Trustee's Objection to Debtors' Motion for Entry of an Order Authorizing and Approving the Conversion of These Chapter 7 Cases to Cases under Chapter 11* (the "Sur-Reply"),[2] a copy of which is attached hereto as Exhibit A, in response to the *Debtors' Reply in Further Support of Motion for Entry of an Order Authorizing and Approving the Conversion of These Chapter 7 Cases to Cases under Chapter 11* [D.I. 909] (the "Reply"). In support of this Motion, the Trustee respectfully states:

1. On June 21, 2024, the Movants filed the *Motion for Entry of an Order Authorizing and Approving the Conversion of These Chapter 7 Cases to Cases under Chapter 11* [D.I. 832] (the "Conversion Motion").

---

[1] The Debtors in these chapter 7 cases, along with the last four digits of their federal tax identification numbers, and cases numbers are Akorn Holding Company LLC (9190), Case No. 23-10253 (KBO); Akorn Intermediate Company LLC (6123), Case No. 23-10254 (KBO); and Akorn Operating Company LLC (6184), Case No. 23-10255. The Debtors' headquarters is located at 5605 CenterPoint Court, Gurnee, IL 60031.

[2] Capitalized terms used but not defined herein shall have the meanings ascribed to them in the Objection (as defined below).

2. On July 9, 2024, the Trustee filed the *Chapter 7 Trustee's Objection to Debtors' Motion for Entry of an Order Authorizing and Approving the Conversion of These Chapter 7 Cases to Cases under Chapter 11* [D.I. 858] (the "Objection"). Among other arguments, the Trustee argued that the issuance of the Purported Consent, and the filing of the Conversion Motion, were invalid and without force or effect, because the Delaware Secretary of State had cancelled Akorn Holding's certificate of formation in June of 2023.

3. On July 31, 2024, the Movants filed their Reply. In the Reply, the Movants responded to the Objection by arguing that they had revived the Akorn Holding's good standing. According to the Movants, after the filing of the Objection, the Limited Director filed a Certificate of Revival for Akorn Holding with the Delaware Secretary of State.

4. The Trustee believes the Limited Director had no authority to file the Certificate of Revival. The Trustee respectfully requests an opportunity to address the filing of the Certificate of Revival, which occurred after the filing of his Objection, as well as certain related arguments raised in the Reply.

### Relief Requested and Basis for Relief

5. By this Motion, the Trustee respectfully requests that the Court enter an order granting the Trustee leave and permission to file the Sur-Reply.

6. Sur-replies are regularly and properly permitted to allow a party the opportunity to respond to issues raised for the first time in reply. Courts in this Circuit have stated that a "[c]ourt may grant leave to file a sur-reply if it responds to new evidence, facts, or arguments." *St. Clair Intellectual Prop. Consultants Inc. v. Samsung Elecs. Co.,* 291 F.R.D. 75, 80 (D. Del. 2013) (citation omitted); *see also Davis v. Ace Hardware Corp.,* No. CV 12-1185-SLR-CJB, 2014 WL 2990329, at *1 n.1 (D. Del. July 2, 2014) (granting sur-reply where plaintiffs "addressed certain

[issues] for the first time in their reply brief, fairly rendering them 'new evidence' or 'new arguments' that Defendants may address by way of a sur-reply brief.").

7.      Here, the Movants have raised a new argument and presented new facts in the Reply, namely that, after the filing of the Trustee's Objection, the Movants allegedly cured the cancellation of Akorn Holding's certificate of formation by purporting to file a Certificate of Revival.

8.      The Trustee submits that this Court should grant this Motion and permit the Trustee to file the Sur-Reply in order to address the filing of the Certificate of Revival and related arguments raised in the Reply.

WHEREFORE, the Trustee respectfully requests that the Court enter an order, substantially in the form filed with the Motion, authorizing the Trustee to file the Sur-Reply.

| | |
|---|---|
| Dated:  September 4, 2024 | COZEN O'CONNOR |
| | By:   /s/ John T. Carroll, III |

John T. Carroll, III (DE No. 4060)
Simon E. Fraser (DE No. 5335)
1201 N. Market Street
Suite 1001
Wilmington, DE  19801
(302) 295-2000 Phone
(302) 295-2013 Fax No.
jcarroll@cozen.com
sfraser@cozen.com

David R. Doyle (IL ARDC 6303215)
(Admitted in IL/Not admitted in DE)
123 N. Wacker Drive
Suite 1800
Chicago, IL  60606
(312) 474-1648 Phone
(312) 382-8910 Fax
daviddoyle@cozen.com

*Counsel to George L. Miller,
Chapter 7 Trustee*

4

LEGAL\72557241\2 6010823/00574256