# EXHIBIT "1"

## Stipulation and Agreed Protective Order

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>AKORN HOLDING COMPANY LLC,<br><br>               Debtor. | Chapter 7<br><br>Case No. 23-10253 (KBO)<br>(Jointly Administered) |
| In re:<br><br>AKORN INTERMEDIATE COMPANY LLC<br><br>               Debtor. | Case No. 23-10254 (KBO) |
| In re:<br><br>AKORN OPERATING COMPANY LLC<br><br>               Debtor. | Case No. 23-10255 (KBO) |

## STIPULATION AND AGREED PROTECTIVE ORDER

IT IS HEREBY AGREED, by and among movants, Akorn Holding Company LLC, Akorn Intermediate Company LLC and Akorn Operating Company LLC (collectively, the "Movants") and George L. Miller, in his capacity as chapter 7 trustee of the estates (the "Estates") of Akorn Holding Company LLC, Akorn Intermediate Company LLC and Akorn Operating Company LLC (the "Chapter 7 Trustee" and, collectively with the Movants, the "Parties," and each, a "Party"), through their undersigned attorneys regarding the production of certain confidential information, documents or things in connection with the contested *Motion for Entry of an Order Authorizing and Approving the Conversion of these Chapter 7 Cases to Cases under Chapter 11* [D.I. 832] (the "Contested Matter") as follows:

1.     Scope.  The terms of this Protective Order apply to any information, document or thing that is produced in discovery in connection with the Contested Matter (the "Discovery Material").  As that term is used herein, Discovery Material shall refer to:

    a.  all recorded or transcribed deposition testimony of the Parties;

    b.  all documents and other discovery materials produced by any Party (i) in response to any discovery request, (ii) pursuant to any Order or direction of the court in the proceedings on the Contested Matter the ("Court"), or (iii) pursuant to any agreement of the Parties;

    c.  all recorded or transcribed deposition testimony of any person or entity sought in connection with the Contested Matter that is not a party (a "Non-Party"); and

    d.  all documents or other information submitted or produced by any Non-Party (i) in response to any subpoena issued in connection with or arising from the Contested Matter, (ii) pursuant to any Order or direction of the Court, or (iii) pursuant to any agreement with the Parties, or with any Party.

2.     All Discovery Material disclosed by the Parties to the Contested Matter shall be handled by the Parties in accordance with this Protective Order.

3.     Other Proceedings.  Discovery Material, or information derived therefrom, will be used solely in connection with the Contested Matter, and will not be used by the non-producing Party in any other proceedings or for any purpose.  By entering this Protective Order and limiting the disclosure of information in this case, the Court does not intend to preclude another court from finding that information may be relevant and subject to disclosure in another case.  Any person or party subject to this Protective Order who becomes subject to a motion, demand, or request to disclose another Party's information designated "Confidential" pursuant to this order shall promptly notify that Party of the motion, demand, or request so that the Party may have an opportunity to appear and be heard on whether that information should be disclosed.

4

4.    <u>Designation of Discovery Material as Confidential</u>.    Any Party or Non-Party producing Discovery Material may designate as "<u>Confidential</u>" any Discovery Material.    As defined herein, "Confidential" information means (i) information used by a Producing Party (as that term is defined below) in, or pertaining to, its business, which information is not available to the public, is treated confidentially by the Producing Party and has current competitive or economic value, (ii) material non-public insider information, (iii) non-public financial information, (iv) private personal identifying information, (v) information that a Producing Party is under a duty to preserve as confidential under a court or administrative order, by agreement, or because of a legal obligation such as a fiduciary duty, (vi) information which the Producing Party believes in good faith must be maintained in confidence to protect its business or commercial interests, or (vii) information which would cause unreasonable annoyance, expense, embarrassment, disadvantage, or other prejudice to any person or the courts (as so designated, "<u>Confidential Discovery Material</u>").    As the term is defined herein, "<u>Producing Party</u>" means a Party or Non-Party that produces or discloses any Document, information, or thing that has been designated "Confidential" in this Contested Matter in accordance with this Protective Order. Correspondence and other communications between the Parties or with Non-Parties may be designated as Confidential if the communication was made with the understanding or reasonable expectation that the information would not become generally available to the public.    Any "Confidential" designation will be fully applicable to any information contained in or derived from any Discovery Material so designated.    All documents designated as "Confidential" shall be treated as Confidential Discovery Material.

LEGAL\72600412\2 6010823/00574256
09/05/2024

5.      Confidential Discovery Material does not include:

    a.  information that is at any time independently developed by the Receiving Party (as defined in paragraph 7) without use or reliance upon any Discovery Materials;

    b.  information that was, prior to its disclosure in this Contested Matter, rightfully in the possession of the Receiving Party and not otherwise subject to a duty of confidentiality;

    c.  information that is publicly available in substantially the same form in which it was provided by the Party producing or disclosing the information; or

    d.  information that was, is, or becomes available to the public, other than in violation of this Protective Order.

6.      Any Party or Non-Party producing Discovery Material may designate as Confidential by applying the legend "CONFIDENTIAL" to the Discovery Material and on all copies thereof in a manner that will not interfere with the legibility of the document. In the case of data stored in electronic form, the legend will be printed on the cover or container of the disk, thumb drive, or other medium in which the electronic data is produced. Any "Confidential" designation will be fully applicable to any information contained in or derived from any Discovery Material so designated. All documents designated as "Confidential" shall be treated as Confidential Discovery Material.

7.      <u>Non-Disclosure of Confidential Information</u>. Confidential Information will be maintained in confidence and will not be shared by any Party that receives the Confidential Information (the "<u>Receiving Party</u>") with any person other than:

    a.  the Parties;

    b.  the Parties' members, managers, agents and directors;

    c.  counsel of record and such counsel's employees and agents;

LEGAL\72600412\2 6010823/00574256
09/05/2024

d.  such outside experts and consultants as counsel may, in good faith, require to provide assistance in the conduct of the Contested Matter;

e.  any person indicated on the face of the document to be the author or prior recipient of the Confidential Information;

f.  deponents, witnesses and prospective witnesses or prospective deponents in this Contested Matter, where such disclosure is reasonably necessary for the purposes of trial preparation or discovery;

g.  the Court in connection with the Contested Matter (including court reporters, professional vendors, stenographic reporters and other Court personnel); and

h.  any other person as to whom the Producing Party agrees in writing.

8.    <u>Depositions</u>.  Information disclosed at (a) the deposition of a Party or one of its present or former officers, directors, employees, agents, consultants, representatives, or independent experts retained by counsel, or (b) the deposition of a Non-Party may be designated by any party as Confidential by indicating on the record at the deposition that the testimony is "Confidential" and is subject to the provisions of this Order.  Any party also may designate information disclosed at a deposition as Confidential by notifying all Parties in writing not later than fifteen (15) days of receipt of the transcript of the specific pages and lines of the transcript that should be treated as Confidential thereafter.  All deposition transcripts shall be treated as Confidential for a period of fifteen (15) days after initial receipt of the transcript.

9.    <u>Non-Disclosure Form</u>.  Before making disclosure of any Confidential Discovery Material to anyone described in paragraph 7 above, except those persons described in subsections (a), (b), (d), or (f) of such paragraph, a Party must obtain an agreement in writing, in the form attached hereto as **<u>Exhibit A</u>**, from such person reciting that he or she has read a copy of this Protective Order and agrees to be bound by its provisions, including, without limitation, (i) that he or she will not use or disclose the Confidential Discovery Material other than in connection with

7

the Contested Matter, and (ii) that he or she will return to counsel of record, at the conclusion of his or her involvement in the Contested Matter, all Confidential Discovery Material that has been provided to him or her and all copies thereof. Such persons shall not make any copies of Confidential Discovery Material except as may be necessary in connection with their participation in the Contested Matter. Each Party shall maintain a list of all persons who have executed such agreements.

10. <u>Disputes over Designation of Discovery Materials</u>. Unless otherwise directed by the Court with respect to any of the provisions in this paragraph, in the event that any Party objects to any designation of testimony or Discovery Materials as Confidential (the "<u>Objecting Party</u>"), the Objecting Party will notify the other Parties in writing, which may be by e-mail, identifying with specificity (*i.e.*, by bates stamp or document control numbers, deposition transcript page and line reference, or other means sufficient to locate such materials) each document bearing a disputed Confidential designation. The Objecting Party and the Designating Party are then to meet and confer in an attempt to resolve the dispute no later than five (5) business days after the Objecting Party provides such notice, during which time the Designating Party will provide the Objecting Party with the basis for its designation. If the dispute is not resolved by the meet and confer, the Objecting Party will file with the Court a motion not to exceed five (5) pages in length describing the dispute and seeking resolution of the matter. Each such motion must be accompanied by a competent declaration that affirms that the Objecting Party has complied with the meet and confer requirements of this procedure. Any response filed by the Designating Party will not exceed five (5) pages in length. In connection with any such application for a ruling on the disputed designation, the burden will be on the Designating Party to establish the grounds for the claimed confidentiality. No Confidential Information will be filed in the public record prior to such a

LEGAL\72600412\2 6010823/00574256
09/05/2024

determination by the Court.

11.     <u>No Restriction on a Party's Use of Its Own Information</u>.  Nothing herein is intended to or shall prohibit a Producing Party or Non-Party from use of its own Discovery Materials.

12.     <u>Good Faith Efforts</u>.  Each Party represents and agrees that, should it become necessary for any reason to file with the Court any Confidential Discovery Material, such Party will use its best, good faith efforts to maintain the confidentiality of any such Confidential Discovery Material.

13.     <u>Filing Instructions</u>. All Confidential Discovery Material filed with the Court, and all portions of pleadings, motions, or other papers filed with the Court that disclose such Confidential Discovery Material, shall be filed under seal with the Clerk of the Court in the manner provided by the Court.  Correspondingly, in filing Confidential Discovery Material with this Court, or filing portions of any pleadings, motions, or other papers that disclose such Confidential Discovery Material, the Parties shall publicly file a redacted copy of the same ("<u>Confidential Court Submission</u>") via the Court's Electronic Case Filing System that redacts only the Confidential Discovery Material itself, and not text that in no material way reveals the Confidential Discovery Material.  The Parties shall also file an unredacted copy of the Confidential Court Submission under seal with the Clerk of this Court, and the Parties shall serve this Court and opposing counsel with unredacted courtesy copies.  Such material will be kept under seal until further order of the Court.  Notwithstanding any provisions in this Protective Order to the contrary, if the Court finds that portions of pleadings, motions, or other papers are not subject to Confidential protection, the filing party may be authorized to file such document, to the extent permitted, on the public docket.

14.     <u>No Waiver</u>.  Nothing contained in this Protective Order shall be deemed a waiver of any privilege or immunity or to affect in any way the admissibility of any document, testimony

LEGAL\72600412\2 6010823/00574256
09/05/2024

or other evidence in the Contested Matter. The terms of the Protective Order are without prejudice to the right of any Party or Non-Party to seek other or additional protection from the Court for any documents or information that such Party or Non-Party believes may not be adequately protected by the provisions of this Stipulation.

15.     <u>Inadvertent Disclosure.</u> The inadvertent production or disclosure of any document or communication otherwise protected by the attorney-client privilege or work product immunity shall not operate as a waiver of any such privilege or immunity if, after learning of the inadvertent production or disclosure and in accordance with the applicable case law, the Party who made the inadvertent production or disclosure sends to any receiving Party notice of such inadvertent production or disclosure, and, where applicable, a written request for the return or destruction of the inadvertently produced document. Upon its receipt of such a request, the receiving Party shall, within five (5) business days, take all necessary steps to return or destroy such document, including all copies and electronic copies thereof, and all documents derived therefrom or containing a description of such document or communication, and shall make a written notification to the Producing Party of its compliance with such request. If the receiving Party disclosed the inadvertently produced document or communication prior to notification by the Producing Party, the receiving Party shall take reasonable steps to retrieve the inadvertently produced document or communication.

16.     <u>Binding Effect.</u> This Protective Order will survive the determination of the Contested Matter and will remain in full force and effect unless modified by an Order of this Court or by the written stipulation of the Parties filed with the Court. Within sixty (60) days after the final determination of the Contested Matter, each Party or other individual subject to the terms hereof will be under an obligation to assemble and to return to the Producing Party or Non-Party

10

all originals and reproductions of documents and things containing Confidential Discovery Material, or to destroy the same at the request of the Producing Party or Non-Party. Notwithstanding anything to the contrary, counsel of record for the Parties may retain one copy of documents constituting its work product, the pleadings, motion papers, written discovery responses, deposition transcripts and deposition and trial exhibits.

17.    <u>Modification</u>.  Nothing in this Protective Order shall preclude any modification by written agreement of the Parties, or shall preclude either Party from applying to the Court for an Order modifying the terms herein.

18.    <u>Jurisdiction</u>.  During the pendency of the Contested Matter, any disputes arising out of this Protective Order, or the enforcement thereof, shall be submitted to the Court for resolution.

[signature page to follow]

LEGAL\72600412\2 6010823/00574256
09/05/2024

**COZEN O'CONNOR**

By: _____

    John T. Carroll, III (DE No. 4060)
    Simon E. Fraser (DE No. 5335)
    1201 North Market Street
    Suite 1001
    Wilmington, DE  19801
    (302) 295-2000 Telephone
    (302) 295-2013 Facsimile
    jcarroll@cozen.com
    sfraser@cozen.com

***Counsel to George L. Miller,
Chapter 7 Trustee***

Dated: September 5, 2024

**MORRIS, NICHOLS, ARSHT &
TUNNEL LLP**

By:   /s/ Robert J. Dehney

    Robert J. Dehney (DE No. 3578)
    Daniel B. Butz (DE No. 4227)
    1201 North Market Street, 6th Floor
    Wilmington, DE 19899-1347
    (302) 658-9200 Telephone
    (302) 658-3989 Facsimile
    rdehney@morrisnichols.com
    dbutz@morrisnichols.com

**GLENN AGRE BERGMAN &
FUENTES LLP**

    Andrew K. Glenn
    Shai Schmidt
    Richard C. Ramirez
    Malak S. Doss
    1185 Avenue of the Americas
    22nd Floor
    New York, NY 10036
    (212) 970-1600 Telephone
    aglenn@glennagre.com
    stecklin@glennagre.com
    sschmidt@glennagre.com
    rramirez@glennagre.com
    mdoss@glennagre.com

***Counsel to Movants***

Date:  September  5, 2024

12

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re:<br><br>AKORN HOLDING COMPANY LLC,<br><br>Debtor. | Chapter 7<br><br>Case No. 23-10253 (KBO)<br>(Jointly Administered) |
| In re:<br><br>AKORN INTERMEDIATE COMPANY LLC<br><br>Debtor. | Case No. 23-10254 (KBO) |
| In re:<br><br>AKORN OPERATING COMPANY LLC<br><br>Debtor. | Case No. 23-10255 (KBO) |

**EXHIBIT A**

I, _____, hereby acknowledge that I have read the foregoing Protective Order entered in connection with the contested *Motion for Entry of an Order Authorizing and Approving the Conversion of these Chapter 7 Cases to Cases under Chapter 11* [D.I. 832] (the "Contested Matter"), and understand the terms thereof. I agree (i) that I will not use the Confidential Discovery Material as such terms are defined in the Stipulation for any purpose other than in connection with the prosecution or defense of the Contested Matter; (ii) that I will not further disclose or disseminate the Confidential Discovery Material except in testimony taken in the Contested Matter; and, (iii) that I will otherwise comply with the terms of the Protective Order. I shall not make any copies of Confidential Discovery Material except as is necessary in connection with my participation in the Contested Matter.

At the conclusion of my involvement in the Contested Matter, I will return to counsel of record all Confidential Discovery Material that has been provided to me and all copies thereof.

_____
Signature

_____
Print Name

_____
Address

_____
Phone

_____
Email

_____
Date