IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>AKORN HOLDING COMPANY LLC, *et al* [1]<br>                    Debtors. | Chapter 7<br><br>Case No. 23-10253 (KBO)<br><br>(Jointly Administered)<br><br>Related Doc. No.    832, ___ |

**ORDER GRANTING TRUSTEE'S MOTION FOR ENTRY OF AN ORDER
(I) APPROVING SETTLEMENT WITH THE DEBTOR MOVANTS PURSUANT TO
FED. R. BANKR. P. 9019 AND (II) GRANTING RELATED RELIEF**

This matter coming before the Bankruptcy Court on the *Trustee's Motion for Entry of an Order (I) Approving Settlement with the Debtor Movants Pursuant to Fed. R. Bankr. P. 9019 and (II) Granting Related Relief* (the "Motion")[2]; adequate and sufficient notice of the Motion having been provided by the Trustee; all interested parties having been afforded an opportunity to be heard with respect to the Motion and all relief related thereto; the Bankruptcy Court having reviewed and considered the Motion and all relief related thereto; it appearing that the Bankruptcy Court has jurisdiction over this matter, and it further appearing that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and after due deliberation, and good and sufficient cause appearing,

---

[1] The Debtors in these chapter 7 cases, along with the last four digits of their federal tax identification numbers, and cases numbers are Akorn Holding Company LLC (9190), Case No. 23-10253 (KBO); Akorn Intermediate Company LLC (6123), Case No. 23-10254 (KBO); and Akorn Operating Company LLC (6184), Case No. 23-10255.  The Debtors' headquarters is located at 5605 CenterPoint Court, Gurnee, IL 60031.

[2] Capitalized terms not otherwise defined in this Order shall have the meanings given in the Motion.

LEGAL\72890110\7 6010823/00574256
10/17/2024

**THE COURT HEREBY ORDERS AS FOLLOWS:**

1. The Motion is GRANTED and the Settlement Agreement is approved pursuant to Bankruptcy Rule 9019 of the Bankruptcy Code.

2. The Trustee is authorized to take any and all actions necessary or appropriate to perform under the Settlement Agreement in accordance with the Motion, the Settlement Agreement and this Order.

3. Subject to the terms of the Settlement Agreement, Holdco is granted standing and authority to object to (i) Insider Claims, and (ii) any claim asserted against the Debtors in excess of $1 million in the event that the Chapter 7 Trustee declines to object to any such claims in whole or in part, and in such event Holdco shall be entitled to reimbursement from the Estates of reasonable professional fees and expenses, subject to this Court's approval, incurred in the prosecution of any such objections by Holdco.

4. Subject to the terms of the Settlement Agreement, Holdco's election and the terms of a subsequent stipulation among Holdco and the Chapter 7 Trustee, Holdco is granted standing and authority to prosecute the D&O Litigation on behalf of the Estates without the need for further order of this Court.

5. The Bankruptcy Court shall retain and have sole and exclusive jurisdiction of all matters and disputes related to the Settlement Agreement.

6. Notice of the Motion to the Notice Parties as set forth in the Motion is approved, and further notice of the Motion is hereby waived for cause shown pursuant to Bankruptcy Rule 2002(a)(2).

LEGAL\72890110\7 6010823/00574256
10/17/2024