**<u>EXHIBIT A</u>**

**SETTLEMENT AGREEMENT**

SETTLEMENT, RELEASE AND ALLOWANCE OF CLAIM AGREEMENT

between and among

LISHA ABRAHAM, SUSAN BERRY AND BENJAMIN SUMMERS, ON BEHALF OF
THEMSELVES AND AS CLASS REPRESENTATIVES ON BEHALF OF THE OTHER
CLASS MEMBERS,

and

GEORGE L. MILLER, IN HIS CAPACITY AS CHAPTER 7 TRUSTEE FOR
AKORN OPERATING COMPANY LLC, AKORN INTERMEDIATE COMPANY LLC AND
AKORN HOLDING COMPANY LLC, CHAPTER 7 DEBTORS,

Dated as of August 23, 2024

71876061\9

## SETTLEMENT, RELEASE AND ALLOWANCE OF CLAIM AGREEMENT

This Settlement, Release and Allowance of Claim Agreement, dated as of August 23, 2024 (this "Settlement Agreement" or "Settlement"), is entered into by and among: (a) George L. Miller in his capacity as chapter 7 trustee (the "Trustee"), for the bankruptcy estates (the "Estates") of debtors Akorn Operating Company LLC, Akorn Intermediate Company LLC, and Akorn Holding Company LLC  (collectively, the "Debtors" or "Defendants"), the debtors in bankruptcy cases pending in the United States Bankruptcy Court for the District of Delaware (the "Bankruptcy Court") jointly administered at Case No. 23-10253 (KBO) (the "Bankruptcy Cases") on the one hand, and Lisha Abraham, Susan Berry, and Benjamin Summers (the "Plaintiffs" and collectively, the "Class Representatives"), on behalf of themselves and on behalf of similarly situated class members as identified in Section 2 below (together with the Class Representatives, but excluding the Opt-Outs (as hereinafter defined), and as defined in Section 2 below, the "Class Members" or the "Class"), on the other hand.  The Trustee and the Class Members are collectively referred to herein as the "Parties," or, as to each, a "Party."

### RECITALS

WHEREAS, on February 23, 2023 (the "Petition Date"), Defendants simultaneously filed voluntary petitions for relief under chapter 7 of the Bankruptcy Code in the Bankruptcy Court, thereby commencing these chapter 7 bankruptcy cases (the "Chapter 7 Cases");

WHEREAS, prior to the Petition Date, the Debtors employed over 900 employees, both hourly and salaried, including the Class Members, in their various business operations;

WHEREAS, on or about February 22, 2023, and thereafter, Debtors allegedly terminated the Plaintiffs and over 900 of their employees who worked at or reported to their facilities ("Facilities");

71876061\9

WHEREAS, on the Petition Date, the Plaintiffs commenced a class action adversary proceeding in the Bankruptcy Court, pending at AP No. 23-50117 (the "WARN Action"), under the Worker Adjustment and Retraining Notification, or "WARN," Act, 29 U.S.C. § 2101 *et seq.* ("Federal WARN Act") and the New York Worker Adjustment and Retraining Notification Act ("NY WARN Act") New York Labor Law ("NYLL") § 860 et seq. (collectively, the "WARN Acts") by filing a complaint (as amended, the "WARN Complaint"), asserting claims against Defendants under the "single employer" theory of liability.  Plaintiffs alleged that Defendants, as a single employer, shutdown the Facilities, resulting in employment losses suffered by the Plaintiffs and the hundreds of other similarly situated former employees, without notice that complied with the WARN Act.  Plaintiffs alleged that, as a consequence of Defendants' failure to give the Plaintiffs and the putative class members any advance written notice of termination, much less sixty days' notice, the Plaintiffs seek 60 days' priority wages and benefits for each putative Class Member, with any spillover beyond the cap of section 507(a)(4) of the Bankruptcy Code to be allowed as a general unsecured claim;

WHEREAS, the claims bar date in this matter was June 26, 2023 (the "Bar Date");

WHEREAS, on the Bar Date, Plaintiffs filed a timely Class Proof of Claim against each of the Defendants asserting the class WARN claim ("WARN Class POCs").  No objections have been filed concerning the WARN Class POCs;

WHEREAS, also on the Bar Date, Plaintiffs filed a motion seeking (A) Class Certification, (B) Appointment of Class Representatives, (C) Appointment of Class Counsel, (D) Approval of the Form and Manner of Class Notice, and (E) Such Other and Further Relief as this Court May Deem Appropriate (the "Class Motion").  The Plaintiffs provided declarations supporting their claims that they each worked at one of the Facilities and were terminated, without cause on their

part, during the relevant period.  The Plaintiffs have no conflict of interest with other Class members.  The Class Motion is unopposed;

WHEREAS, on July 21, 2023, the Trustee filed an answer to the WARN Action;

WHEREAS, on July 31, 2023, and as amended on May 3, 2024, the Court entered a scheduling order setting September 24, 2024 as the cutoff date for fact discovery;

WHEREAS, following entry of the Scheduling Order, Plaintiffs conducted discovery and engaged in motion practice to secure certain responsive information;

WHEREAS, on June 21, 2024 and as amended on June 24, 2024, the Court assigned this adversary proceeding to mediation and appointed Frank Monaco as the mediator; and

WHEREAS, the Parties mediated the claims in this matter on July 25 and 30, 2024, and following good faith and arms' length negotiations, the Parties reached agreement on a compromise that will resolve the WARN Action and the WARN Class POCs.

NOW, THEREFORE, as material consideration and inducements to the execution of this Settlement Agreement, and in consideration of the mutual promises and agreements set forth herein, and other good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged and intended to be binding, the Parties hereby agree subject to Bankruptcy Court approval as described below:

1.     **Settlement Filings.**   Within two (2) business days of the full execution of this Settlement Agreement, the Parties shall file a joint motion in the WARN Action under Rules 9019 and 7023 of the Federal Rules of Bankruptcy Procedure (the "<u>Bankruptcy Rules</u>"), and Rule 23 of the Federal Rules of Civil Procedure (the "<u>Federal Rules</u>") as made applicable by Bankruptcy Rule 7023, for approval of the Settlement through a bifurcated hearing process (the "<u>Settlement Motion</u>").   As part of the Settlement Motion, the Trustee shall ask the Bankruptcy Court's

permission to fully pay to the Qualified Settlement Fund (defined below) the Allowed Priority WARN Claims Distribution (defined below) promptly following the Effective Date (defined below).  The Settlement Motion shall request an initial hearing (the "Initial Hearing") to be set within thirty days of the Settlement Motion filing, at which time the Parties shall seek entry of an order from the Bankruptcy Court substantially in the form attached hereto as Exhibit A certifying a class of WARN Act claimants for settlement purposes only, preliminarily approving the Settlement, and approving the form and manner of notice to the Class Members of class certification and the Settlement, including, among other things, their right to opt out of the Class, object to the Settlement in person, or appear by counsel (the "Preliminary Settlement Order").  The Parties shall also request a date for a fairness hearing (the "Fairness Hearing") to be set within sixty days of entry of the preliminary approval order.  At the Fairness Hearing, the Bankruptcy Court will consider final approval of the Settlement, including the award of Class Counsel's Fees (defined below), pursuant to an order substantially in the form attached hereto as Exhibit B (the "Final Settlement Order").  This Settlement Agreement is subject to, and conditioned upon, issuance of the Final Settlement Order by the Bankruptcy Court approving this Settlement under Federal Rule 23, and Bankruptcy Rule 9019, after notice to parties in interest and an opportunity for a hearing, in accordance with applicable law and procedural rules.

2.    **Class Certification.**  The Parties consent to the certification of a class, for settlement purposes only pursuant to Federal Rule 23(e), in connection with the WARN Action and the Settlement Motion, consisting of the following individuals (the "Class Members" and, together, the "Class"): the individuals listed on Schedule 1 to this Settlement Agreement, who have been identified from the Defendants' records as former employees of one or more Defendants, who worked at or reported to any of the Facilities and who were terminated without cause on their

part on or about February 22, 2023, within thirty days of that date, and thereafter, as part of or as the result of the shutdown of the Facilities; provided however, that the Class shall not include individuals (whether presently listed on Schedule 1 or otherwise): (i) who are found by the Trustee to have previously released any WARN Act claims which they may otherwise have been entitled to assert in this WARN Action ("Previous Releasors"); (ii) who become Opt-Outs (as defined below); and/or (iii) whose claims the Trustee identifies as being subject to disallowance pursuant to section 502(d) of the Bankruptcy Code unless and until such individual has paid the amount or turned over such property for which such individual is liable under section 502(d) ("Section 502(d) Parties").  The Trustee represents that, to the best of his knowledge, information, and belief and based solely upon the Debtors' books and records, all of the former employees (along with their last known addresses and wage information) who satisfy the criteria above, and no other former employees, are listed on Schedule 1 hereto (except that Schedule 1 may include Opt-Outs, Previous Releasors, and/or Section 502(d) Parties, who shall not be Class Members).  The Trustee makes no representation regarding the accuracy of the Debtors' books and records.  The Gardner Firm, P.C., Lankenau & Miller, LLP, and Margolis Edelstein shall be appointed class counsel ("Class Counsel") for the Class.  Lisha Abraham, Susan Berry, and Benjamin Summers shall be appointed Class Representatives for the Class.

3.    **Effective Date.**  This Settlement Agreement, and the Settlement, shall become effective upon the date on which the Final Settlement Order becomes a "Final Order" (the "Effective Date").  The Final Settlement Order shall become a Final Order when the time for taking an appeal has expired or, in the event an appeal has been taken, the day the Final Settlement Order has been affirmed with no further right of appeal.  In the event that the Effective Date does not occur: (i) this Settlement Agreement and the recitals contained herein shall be void and without

6

force or effect, and neither this Settlement Agreement, nor any of the statements contained herein, shall be admissible in any proceeding involving the Parties; (ii) neither the motions to obtain an order approving this Settlement Agreement nor any of the pleadings filed in support of the motions shall be admissible in any proceeding involving the Parties; and (iii) none of the provisions hereof shall prejudice or impair any rights, remedies, or defenses of any of the Parties.

4.    **Allowance of WARN Claims.**  Pursuant to the terms of this Settlement Agreement, and upon the Effective Date, the Class, in full and final settlement of the WARN Action and the WARN Class POCs, shall be granted: (i) allowed priority claims jointly and severally against Defendants pursuant to 11 U.S.C. § 507(a)(4) in the aggregate amount shown on Schedule 1 in the column titled "Allowed Priority Claims," subject to reduction to account for Opt-Outs (as defined below), Previous Releasors, Section 502(d) Parties, and Allowed Non-WARN Priority Claims[1] (the "Allowed Priority WARN Claims"); and (ii) allowed non-priority general unsecured claims jointly and severally against Defendants in the aggregate amount shown on Schedule 1 in the column titled "Allowed GUC Claims," subject to reduction to account for Opt-Outs (as defined below), Previous Releasors, and Section 502(d) Parties, and to adjustment to account for Allowed Non-WARN Priority Claims (the "Allowed GUC WARN Claims" and collectively with the Allowed Priority WARN Claims, the "Allowed WARN Claims").[2]  The amounts attributable to any Opt-Outs (as defined below), Previous Releasors, and Section 502(d) Parties will be deducted from the amounts of the Allowed Priority WARN Claims and the Allowed GUC WARN Claims,

---

[1] To the extent any Class Member has an allowed non-WARN related Section 507(a)(4) claim in the Bankruptcy Cases (an "Allowed Non-WARN Priority Claim"), then in such event any portion of the Allowed Priority WARN Claim for such Class Member which exceeds $15,150 when added to the Allowed Non-WARN Priority Claim, shall be classified as an Allowed GUC WARN Claim.  For avoidance of doubt, no Class Member's combined allowed Section 507(a)(4) claims shall exceed the priority maximum of $15,150 permitted under the Bankruptcy Code.

[2] All references in this Settlement Agreement to information provided on Schedule 1 shall be interpreted to refer to Schedule 1, and/or such information, as adjusted to account for Opt-Outs (as defined below), Previous Releasors, Section 502(d) Parties, and Allowed Non-WARN Priority Claims (as defined below).

and such amounts shall be adjusted to account for Allowed Non-WARN Priority Claims. Promptly following the Effective Date, the Trustee shall,forward a distribution from the Estates in the aggregate amount of the Allowed Priority WARN Claims, adjusted as provided herein (the "Allowed Priority WARN Claims Distribution"), and a separate distribution to be determined in accordance with the priority scheme of the Bankruptcy Code on account of the Allowed GUC WARN Claims adjusted as provided herein (the "Allowed GUC WARN Claims Distribution"),[3] to a qualified settlement fund to be established by Class Counsel, or their designee, in conformity with Internal Revenue Code §468B (the "Qualified Settlement Fund"), pursuant to written instructions to be provided by Class Counsel. The name of the Qualified Settlement Fund shall be *Akorn WARN QSF*, and Class Counsel or the Administrator (as defined below) of the Qualified Settlement Fund shall provide the Trustee with a W-9 for the Qualified Settlement Fund to enable payment of the applicable distributions from the Estates to the Qualified Settlement Fund. The Administrator (as defined below) shall act as the trustee of the Qualified Settlement Fund. The Administrator (as defined below) shall cause each Class Member's distribution to be paid from the Qualified Settlement Fund, and shall transmit distributions via first class U.S. Mail to the Class Members at their last known address as indicated on Schedule 1 (or to such other address as the Class Members may provide to Class Counsel or the Administrator (as defined below), or which Class Counsel or the Administrator (as defined below) may locate), in accordance with applicable law. By accepting his or her distribution from the Qualified Settlement Fund, each Class Member agrees that he or she will be solely responsible for any and all tax liabilities stemming from the payment of such distribution, provided however that the Administrator (as defined below) (or

---

[3] The Trustee will make the Allowed GUC WARN Claims Distribution at the same time as he makes distributions on account of allowed general unsecured (non-priority) claims in these Bankruptcy Cases generally.

Class Counsel, if no administrator is retained) shall be solely responsible for any tax withholdings required by applicable law and/or this Settlement Agreement, if any, with respect to distributions to Class Members, and for transmitting the tax withholdings required by applicable law to the applicable taxing authority/ies.  The Parties agree that the Allowed WARN Claims shall be inclusive of any and all required payments by the Estates under this Settlement Agreement.  Under no circumstances shall the Estates be required to pay any sums or other consideration in addition to the Allowed WARN Claims for any purpose whatsoever.  Upon or before entry of the Preliminary Settlement Order, the Trustee agrees to provide Class Counsel with social security numbers for each Class Member, to the extent known to the Trustee based on the records in the Trustee's possession.  Class Counsel and the Administrator agree to keep the Class Members' social security numbers confidential and will use them only to locate Class Members and/or in the preparation of IRS 1099 Forms reflecting distributions to the Class Members.  Neither the Allowed Priority WARN Claims Distribution nor the Allowed GUC WARN Claims Distribution constitutes a penalty, fine, punitive damages, or other form of penalty for any alleged claim or offense.  For the avoidance of doubt, the Class Counsel's Fees, Class Counsel's Expenses, and Class Representative Service Payments shall be payable solely out of the Qualified Settlement Fund, and the Estates shall not have any responsibility or obligation beyond making the Allowed Priority WARN Claims Distribution  and the Allowed GUC WARN Claims Distribution to the Qualified Settlement Fund.

5.    **Satisfaction and Expungement of Individual Claims**.  The Final Settlement Order shall provide that, on the Effective Date, any and all individual claims asserted by Class Members against the Debtors related in any way to the WARN Acts or any comparable state and local laws requiring notice prior to a shutdown shall be deemed satisfied and expunged, and

71876061\9

payment on account of such claims shall be limited solely to the Allowed WARN Claims provided for herein.

6.     **Responsibilities of Class Counsel**.  Class Counsel or the Administrator (as defined below) shall be responsible for the production and mailing of all notices required to be provided to the Class Members (the "Class Notice"), the cost of which shall be paid solely from the Qualified Settlement Fund.  The Class Notice shall be mailed within five (5) business days following entry of the order certifying the Class for settlement purposes and preliminarily approving the Settlement Agreement.  The address of Class Counsel will be used as the return address for the Class Notice, and Class Counsel will respond to all inquiries of Class Members arising from or related to this Settlement.    Class Counsel may retain the services of a settlement administrator (the "Administrator") to perform this service and other services related to the administration of the Qualified Settlement Fund, and the costs of the Administrator acting in this capacity, if applicable, may be deducted from the Qualified Settlement Fund.

7.     **Allocation of the Allowed WARN Claims and Disbursement of the Same to Class Members from the Qualified Settlement Fund**.

(a)     Allocation of the Allowed WARN Claims.  The Allowed WARN Claims (after being first reduced by the Class Representative Service Payments, Class Counsel's Fees, and Class Counsel's Expenses, each as defined below) shall be allocated to each Class Member as set forth on Schedule 1 and in accordance with this Settlement, subject to adjustment to account for Opt-Outs (as defined below), Previous Releasors, Section 502(d) Parties, and Allowed Non-WARN Priority Claims.

(b)     Disbursement of Allowed WARN Claims from the Qualified Settlement Fund.  Class Counsel, or its designee, the Administrator, as fiduciary on behalf of the Qualified Settlement Fund, shall be responsible for making all distributions from the Qualified Settlement

Fund to Class Members, including without limitation the preparation and mailing of the individual settlement checks to Class Members in accordance with this Settlement Agreement. The total amount distributed from the Qualified Settlement Fund to each Class Member on their Allowed Priority WARN Claims shall equal the amount of the Net Priority Payment Amount listed on Schedule 1 (which amount reflects a deduction for Class Counsel's Fees, Class Counsel's Expenses and the Class Representative Service Payments). Further, in the event that the Allowed GUC WARN Claims Distribution is in an amount sufficient to make full payment on the Allowed GUC WARN Claims, then in such event the total amount distributed from the Qualified Settlement Fund to each Class Member on their Allowed GUC WARN Claims shall equal the amount of the Net Allowed GUC WARN Claim listed on Schedule 1 for each Class Member (which amount reflects a deduction for Class Counsel's Fees and Class Counsel's Expenses). In the event that the Allowed GUC WARN Claims are greater than the Allowed GUC WARN Claims Distribution, then each Class Member shall receive a percentage pro rata distribution from the Qualified Settlement Fund on account of each Class Member's Net Allowed GUC WARN Claim. Class Counsel will also provide each Class Member with a notice advising each Class Member to seek his or her own personal tax advice regarding the potential tax consequences of the Settlement disbursements and an explanation of the deduction of Class Counsel's Fees and Costs. This notice will be included with each Settlement disbursement to the Class Members.

(c)    Residual Funds. Any disbursements from the Qualified Settlement Fund to Class Member that are not deposited, endorsed or negotiated within one hundred eighty (180) days of the distribution shall be deemed residual funds (the "Residual Funds"), and treated as follows:

(i)    first, used to make distributions to additional Class Members, if any, that may be identified after Class Counsel has made the final

distribution from the Qualified Settlement Fund on the Allowed WARN Claims and who fall within the Class definition herein but who did not appear on Schedule 1 ("Additional Class Members"), provided however, that no such distribution shall be made that would cause any such Additional Class Member to exceed the statutory cap of 11 U.S.C. § 507(a)(4);

(ii)    second, distributed on a pro rata basis in a supplemental distribution (the "Supplemental Distribution") to Class Members who have timely cashed or deposited their original Settlement distribution(s), so long as Class Counsel determines, in their sole discretion, that such Supplemental Distribution is feasible, and subject to 11 U.S.C. § 507(a)(4); and

(iii)    if any Residual Funds remain after disbursements to Additional Class Members or a Supplemental Distribution, then last, donated to Ronald McDonald House Charities NY Metro, a non-profit 501(c)(3) charitable organization.  No portion of the Residual Funds shall revert to or be retained by the Trustee, Debtors, or Class Counsel for any reason.

(d)    Service Payments to Class Representatives.  The Class Representatives shall receive an aggregate one-time payment from the first distribution from the Qualified Settlement Fund on the Allowed Priority WARN Claims of $30,000, to be allocated as follows: $10,000 each to Lisha Abraham, Susan Berry, and Benjamin Summers for their service in this matter (the "Class Representative Service Payments").  The Administrator shall distribute this

12

payment to the Class Representatives, in addition to each Class Representative's individualized disbursements on account of the Allowed Priority WARN Claims and any distribution to which they may be entitled on account of their Allowed GUC WARN Claims.[4]  Class Counsel's Fees (as defined below) will not be deducted from the Class Representative Service Payments.  The Administrator shall report the Class Representative Service Payments on behalf of each Class Representative on an IRS Form 1099 issued by Class Counsel to the Class Representative with his or her taxpayer identification number.  The Class Representative Service Payments shall be paid exclusively by the Qualified Settlement Fund and the Class Representatives shall have no right to payment, either as an administrative expense, unsecured claim, or otherwise, from the Estates for any reason at any time.

      8.      **Class Counsel's Fees and Class Counsel's Expenses.**  Class Counsel is entitled to attorneys' fees ("Class Counsel's Fees") in the amount of one-third (1/3) of each distribution on the Allowed WARN Claims, net of the one-time $30,000 payment for Class Representative Service Payments.  In addition, Class Counsel is entitled to its litigation expenses (including costs associated with the production and mailing of the Class Notice) ("Class Counsel's Expenses") which have been projected to be $50,000 per distribution.  Class Counsel's Fees and Class Counsel's Expenses, as well as the Representative Service Payments, shall be paid exclusively by the Qualified Settlement Fund, and Class Counsel shall have no right to payment, either as an administrative expense, unsecured claim, or otherwise, from the Estates for any reason at any time. Class Counsel's Fees and Class Counsel's Expenses shall be payment in full for Class Counsel's work and expenses in connection with this matter.

---

[4] For avoidance of doubt, the Class Representative Service Payments shall have no affect on the priority amounts available to the Class Representatives for their individualized Allowed Priority WARN Claims.

9.      **The Class Notice.**  As noted above, Class Counsel or the Administrator shall bear responsibility for preparation of the Class Notices.  Class Counsel's address, or the Administrator's address, will be used as the return address for the Class Notice so that any returned Class Notice will be returned to Class Counsel or the Administrator.  Class Counsel or the Administrator shall mail the Class Notice by first class mail to the Class Members at the addresses listed on Schedule 1 no later than five (5) business days after the entry of the Preliminary Settlement Order by the Bankruptcy Court.  The Class Notice, which shall include an opt-out notice form ("Opt-Out Notice Form"), shall be in substantially the form annexed hereto as Exhibit C or such substantially similar form as may be approved by the Bankruptcy Court.  In the event that a Class Notice is returned as undeliverable, Class Counsel or the Administrator shall mail the Class Notice to the corrected address of the intended Class Member recipient as may be determined by Class Counsel or the Administrator through a search of a national database or as may otherwise be obtained by the Parties.

(a)      Contents of the Class Notice.  The Class Notice shall contain the following information, which shall be individualized for each Class Member:

(i)      That each Class Member has the right to opt out of the Class and preserve all of his or her rights against Debtors, if any, including the Released Claims, as defined below (all such Class Members timely electing to opt out of the Class, the "Opt-Outs");

(ii)      That the Settlement shall become effective only if it is finally approved by the Bankruptcy Court under Rules 7023 and Rule 9019 of the Federal Rules of Bankruptcy Procedure, and Rule 23 of the

Federal Rules of Civil Procedure, as made applicable by Rule 7023 of the Federal Rules of Bankruptcy Procedure;

(iii)    That, if so approved,  the Settlement shall be effective as to all Class Members who did not timely elect to opt out of the Class;

(iv)    The projected net dollar amounts such Class Member would receive under the Settlement, as shown on Schedule 1, assuming full funding of the Allowed WARN Claims;

(v)    That such Class Member who does not opt out has the right to object to this Settlement either in person or through counsel and be heard at the Fairness Hearing; and

(vi)    That all Released Claims of a Class Member (other than claims with respect to amounts to be paid under the terms of this Settlement) shall be waived and any individual claim of Class Members against the Debtors related in any way to the WARN Act or any comparable state and local laws requiring notice prior to a shutdown shall be deemed satisfied and expunged from the applicable claims registers maintained by the Bankruptcy Court, and that no person, including the Class Member, shall be entitled to any further distribution thereon.

10.    **Objection to Settlement Procedures**.  A Class Member may object to this Settlement by sending timely written notice of such objection to Class Counsel and counsel to the Trustee at the addresses set forth in Section 17(c) below and filing such objection with the Bankruptcy Court.  Any such objections shall include (i) the objector's full name, mailing address,

and telephone number, (ii) if applicable, the full name, mailing address, and telephone number of the objector's attorney, and (iii) all reasons for objecting to the Settlement and any supporting papers, materials, or briefs.  Any such objections must be sent/filed such that they are received by Class Counsel, counsel for the Trustee, and the Bankruptcy Court by the objection deadline established by the Bankruptcy Court and/or applicable law or rules of procedure, and served in accordance with the procedures set forth herein and in the Preliminary Settlement Order.

      11.    **<u>Right of Employee to Opt Out of Class</u>.**

      (a)    Any Class Member may opt out of the Class by mailing to Class Counsel the completed and executed Opt-Out Notice Form, contained in the Class Notice, attached as Exhibit C hereto, such that it is received no later than the opt-out deadline fixed by the Bankruptcy Court (which shall coincide with the objection deadline).  Upon the timely and proper mailing of the Opt-Out Notice Form to Class Counsel, such Class Member shall be classified as an Opt-Out. Class Counsel shall provide the Trustee with copies of the Opt-Out Notice Forms received from Class Members.

      (b)    If a Class Member does not wish to be bound by this Settlement, such Class Member must opt out of the Class by timely returning a completed and executed Opt-Out Notice Form to Class Counsel.  Otherwise, if and when the Settlement becomes effective, all Class Members shall be bound by the terms of this Settlement.

      (c)    Any Class Member who elects to opt out shall not have a claim against any of the Debtors or the Estates by reason of this Settlement Agreement or otherwise, and shall retain his or her rights, if any, against the Debtors and the Estates.  The Trustee, Debtors, and their Estates reserve all rights against any Class Member who opts out.  Class Counsel agrees that it will not, directly or indirectly, commence any litigation or assert any claims on behalf of any former

employees of the Debtors who either opt-out of the Settlement Agreement, or who are not included in the Class for any reason.

(d)    If more than a certain percentage of Class Members timely request exclusion from the Class, as set forth in a supplemental agreement entered into by the Parties contemporaneously with this Agreement (the "Opt-Out Threshold"), then the Trustee may terminate this Agreement by giving written notice of termination to the Class Representatives in accordance with the provisions in the supplemental agreement.

12.    **Waiver and Release of Claims.**

(a)    Released Claims of Class Members.  Except for the rights expressly arising out of, provided for, or reserved in this Settlement Agreement, upon the Effective Date, the Class Members, for and on behalf of themselves, and their respective predecessors, successors, assigns, heirs, personal representatives, and estates (collectively, the "Releasing Parties"), do hereby fully and forever release and discharge the Trustee, each of the Estates and Debtors, and each of their respective current and former members, subsidiaries and affiliated entities, and each of their respective officers, directors, shareholders, agents, employees, partners, members, accountants, attorneys, representatives and other agents, and all of their respective predecessors, successors and assigns (collectively, the "Released Parties"), of and from any and all claims, demands, debts, liabilities, obligations, liens, actions and causes of action, costs, expenses, attorneys' fees and damages of whatever kind or nature, at law, in equity and otherwise, whether known or unknown, anticipated, suspected or disclosed, that the Releasing Parties may now have or hereafter may have against the Released Parties related to and/or based upon the WARN Acts or any other federal, state, or local laws or regulations of similar effect (the "Released Claims").  The Released Parties expressly reserve the right to object to, offset, or oppose any and all claims, obligations, or causes of action, of any type, except those claims expressly allowed hereunder.  Upon the Effective Date,

the Class Members agree that any Released Claims shall be deemed waived without need for further Bankruptcy Court order, and the Class Members agree that any Released Claims that have been scheduled on behalf of, or filed by, any Class Members in any of the Bankruptcy Cases are disallowed in their entirety and shall be deemed expunged from the applicable schedule(s) or claims register(s) without any further action needed by the Trustee or the Bankruptcy Court.  In addition, each Releasing Party shall be deemed upon the Effective Date to have released each of the Class Representatives from any and all claims whether liquidated or unliquidated, contingent or non-contingent, asserted or unasserted, fixed or not, matured or unmatured, disputed or undisputed, legal or equitable, known or unknown that he or she may have against the Class Representatives, any successors or assignees to their legal interests, or any of their present or former agents, attorneys or consultants arising out of any Released Claim or the terms of this Settlement.

> (b)     To the fullest extent allowed under applicable law each person and entity granting a release under this Settlement Agreement hereby: (a) waives and relinquishes all statutory and common law protections purporting to limit the scope or effect of a release, whether due to lack of knowledge of any claim or otherwise, including, waiving and relinquishing the terms of any law, such as section 1542 of the California Civil Code, which provides that a release may not apply to material unknown claims.  Each Class Member hereby expressly waives all rights under section 1542 of the California Civil Code and any similar rights under any other federal or state law or regulation of similar effect.  Section 1542 of the California Civil Code provides as follows:

> > A general release does not extend to claims which the creditor does not know or suspect to exist in his or her favor at the time of executing the release, which if known by him must have materially affected his settlement with the debtor.

18

Each Class Member acknowledges the effect of this waiver. That is, in the event a Class Member should suffer additional damages arising out of the matters released by this Settlement, the Class Member will not be able to make any claim for those damages. Each Party represents, warrants, and agrees that this waiver is a material term of this Settlement Agreement, without which no Party would have entered into this Settlement

(c)     Dismissal of WARN Action. The Parties shall execute a stipulation of dismissal with prejudice of the WARN Action, substantially in the form attached hereto as Exhibit D (the "Dismissal"). Class Counsel shall file the Dismissal with the Bankruptcy Court upon the Effective Date. Dismissal of the WARN Action shall not abate or limit the effectiveness of this Settlement Agreement and the Final Settlement Order, including the releases set forth herein.

13.    **No Litigation.** Except as may be necessary to enforce the terms of this Settlement, the Parties agree that they shall not commence or proceed with any action, claim, suit, proceeding, or litigation, including the filing of any proof of claim in these Bankruptcy Cases, with respect to the Released Claims, or take any action inconsistent with the terms of the Settlement.

14.    **No Admission of Liability.** This Settlement is intended to settle and dispose of the Released Claims. Nothing herein shall constitute or be construed as an admission by the Trustee, the Estates, or the Debtors of any facts or liability of any kind. The Parties acknowledge and agree that they are entering into this Settlement Agreement to avoid further costs of litigation and that the Trustee, the Estates, and the Debtors do not admit, and specifically deny, any liability under the WARN Act.

15.    **Representations and Warranties**. The Parties represent and warrant that upon Bankruptcy Court approval of this Settlement, all will have the legal right and authority to enter into this Settlement and the transactions and releases contemplated hereby.

19

16.     **Further Assurances.**   The Parties shall cooperate fully and shall execute and deliver any and all supplemental papers, documents, instruments and other assurances and shall do any and all acts that may be reasonably necessary or appropriate to give full force and effect to the terms and intent of this Settlement.

17.     **Miscellaneous**.

(a)     <u>Continuing Jurisdiction of Bankruptcy Court</u>.  The Bankruptcy Court shall have full jurisdiction over this Settlement and any dispute or controversy arising from or related to the interpretation or enforcement of this Settlement.

(b)     <u>Governing Law/Jurisdiction</u>.   Except where superseded by applicable federal law, this Settlement shall be governed by the internal laws of the State of Delaware, without regard to conflict of law principles.

(c)     <u>Notices</u>.  Any notice or other communication required or permitted to be delivered under this Settlement shall be (i) in writing, (ii) delivered personally, by courier service or by certified or registered mail, first-class postage prepaid and return receipt requested, (iii) deemed to have been received on the date of delivery, and (iv) addressed as follows (or to such other address as the Party entitled to notice shall hereafter designate by a written notice filed with the Bankruptcy Court):

**If to the Debtors or the Trustee, to**

COZEN O'CONNOR
1201 NORTH MARKET STREET, SUITE 1001
WILMINGTON, DE 19801
ATTENTION:  SIMON E. FRASER, ESQ. AND JOHN T. CARROLL, III, ESQ.

71876061\9

**If to Class Members or Class Counsel, to:**

THE GARDNER FIRM, PC
182 ST. FRANCIS STREET
SUITE 103
MOBILE, ALABAMA 36602
ATTENTION:  MARY E. OLSEN, ESQ.

AND

LANKENAU & MILLER, LLP
100 CHURCH STREET
8TH FLOOR
NEW YORK, NY 10007
ATTENTION:  STUART J. MILLER, ESQ.

(d)    <u>Amendments</u>.    This Settlement may not be modified, amended or supplemented by the Parties except by a written agreement that the Parties have signed with any required approval of the Bankruptcy Court.

(e)    <u>Integration</u>.  Except as provided herein with respect to the Opt-Out Threshold, this Settlement contains the entire agreement among the Parties with respect to the matters covered by this Settlement, and no promise or understanding or representation made by any Party, or any respective agent, director, officer, employee or attorney that is not expressly contained in this Settlement shall be binding or valid.

(f)    <u>Interpretation</u>.  This Settlement was the product of negotiations between the Parties and any rule of construction requiring that ambiguities are to be resolved against the drafting party shall not apply in the interpretation of this Settlement.

(g)    <u>Headings</u>.  The headings of this Settlement are for convenience only and are not part of the Settlement and do not in any way define, limit, extend, describe or amplify the terms, provisions or scope of this Settlement and shall have no effect on its interpretation.  Where

appropriate, the use of the singular shall include the plural and the use of the masculine gender shall include the feminine gender as well.

(h)     Signatures.   Facsimile or other electronic copies of signatures on this Settlement are acceptable, and a facsimile or other electronic copy of a signature on this Settlement shall be deemed to be an original.

(i)     Counterparts.    This Settlement may be executed in one or more counterparts, each of which together or separately shall constitute an original and which, when taken together, shall be considered one and the same binding agreement.

(j)     Cooperation.  The Parties agree to cooperate with one another to effectuate an efficient and equitable implementation of this Settlement.  Each of Class Counsel agrees that, upon execution of this Agreement by all Parties, and unless the Settlement is not approved by the Bankruptcy Court, it will not represent any Class Members or Opt-Outs, individually or as a class, in any court or administrative proceeding related in any way to the WARN Action other than in the Bankruptcy Court to effectuate the Settlement.

(k)     Binding Nature of Settlement.  This Settlement shall be binding upon and shall inure to the benefit of the Parties and their respective successors, transferees, assigns, heirs and estates.

(l)     Effect of Waiver of Breach.  The waiver by one Party of any breach of this Settlement Agreement by any other Party shall not be deemed a waiver of any prior or subsequent breach of this Settlement Agreement.

(m)     Receipt of Advice of Counsel.  The Parties acknowledge, agree, and specifically warrant to each other that they have fully read this Settlement Agreement, received legal advice with respect to the advisability of entering into this Settlement Agreement and with

22

respect to the legal effect of this Settlement Agreement.  The Parties further acknowledge, agree, and specifically warrant that they fully understand the legal effect of this Settlement Agreement.

(n)    Opportunity to Investigate.    The Parties acknowledge, agree, and specifically warrant to each other that they and their counsel have had adequate opportunity to make whatever investigation and inquiries deemed necessary or desirable in connection with the subject matter of this Settlement Agreement and the advisability of entering into this Settlement Agreement.

(o)    Good Faith Settlement.  The Parties acknowledge, agree, and specifically warrant to each other that they are entering into this Settlement Agreement freely, without duress, in good faith, and at arms' length.

(p)    Preservation of Privilege.  Nothing contained in this Settlement Agreement or any order of the Bankruptcy Court and no act required to be performed pursuant to this Settlement Agreement or any order of the Bankruptcy Court is intended to constitute, cause, or effect any waiver (in whole or in part) of any attorney-client privilege, work product protection, or common interest/joint defense privilege.

(q)    Nonadmissibility.  The negotiations resulting in this Settlement Agreement have been undertaken by the Parties and their respective counsel in good faith and for settlement purposes only.  No evidence of negotiations or discussions underlying this Settlement Agreement shall be offered or received in evidence for any purpose in any action or proceeding.

IN WITNESS WHEREOF, the Parties have executed and delivered this Settlement as of the date first written above.

> GEORGE L. MILLER,
> solely in his capacity as Chapter 7 Trustee for the Estates of the Debtors
>
> By: _____
> Name:  George L. Miller
> Title:  Chapter 7 Trustee to the Estates of Akorn Holding Company LLC, *et al.*
>
>
> THE GARDNER FIRM, P.C.,
> on behalf of the Class Representatives and Class Members
>
> By: _____
> Name:  Mary E. Olsen
> Title:  Proposed Class Counsel
>
>
> LANKENAU & MILLER LLP,
> on behalf of the Class Representatives and Class Members
>
> By: _____
> Name:  Stuart J. Miller
> Title:  Proposed Class Counsel

24

IN WITNESS WHEREOF, the Parties have executed and delivered this Settlement as of the date first written above.

GEORGE L. MILLER,
solely in his capacity as Chapter 7 Trustee for the
Estates of the Debtors

By: _____
     Name:  George L. Miller
     Title:   Chapter 7 Trustee to the Estates of
     Akorn Holding Company LLC, *et al.*

THE GARDNER FIRM, P.C.,
on behalf of the Class Representatives and Class
Members

By: _____
     Name:  Mary E. Olsen
     Title:   Proposed Class Counsel

LANKENAU & MILLER LLP,
on behalf of the Class Representatives and Class
Members

By: _____
     Name:  Stuart J. Miller
     Title:   Proposed Class Counsel

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>AKORN HOLDING COMPANY LLC, *et al.* [1]<br>                                    Debtors.<br>-------------------------------------------------------<br>LISHA ABRAHAM, SUSAN BERRY and<br>BENJAMIN SUMMERS on behalf of<br>themselves and all others similarly situated,<br><br>                    Plaintiffs,<br><br>v.<br><br>AKORN OPERATING COMPANY LLC,<br>AKORN INTERMEDIATE<br>COMPANY LLC and AKORN HOLDING<br>COMPANY LLC<br>                    Defendants. | Chapter 7<br>Case No. 23-10253 (KBO)<br>(Jointly Administered)<br><br><br><br><br><br><br><br>Adversary Proceeding No.: 23-50117-KBO |

<span style="color:red">**CONFIDENTIAL DOCUMENT FILED UNDER SEAL**</span>
**SCHEDULE 1 TO SETTLEMENT AGREEMENT**
**CLASS MEMBERS**

COZEN O'CONNOR

By:    /s/ *John T. Carroll, III*
         John T. Carroll III (DE 4060)
         Simon E. Fraser (DE 5335)
         1201 North Market Street, Ste 1001
         Wilmington, DE 19801
         Telephone: (302) 295-2000
         Facsimile: (302) 295-2013
         jcarroll@cozen.com
         sfraser@cozen.com

         *Counsel for George L. Miller,*
         *Chapter 7 Trustee*

---

[1] The Debtors in these chapter 7 cases, along with the last four digits of their federal tax identification numbers, and cases numbers are Akorn Holding Company LLC (9190), Case No. 23-10253 (KBO); Akorn Intermediate Company LLC (6123), Case No. 23-10254 (KBO); and Akorn Operating Company LLC (6184), Case No. 23-10255 (KBO). The Debtors' headquarters is located at 5605 CenterPoint Court, Gurnee, IL 60031.

**<u>Exhibit A to Settlement Agreement</u>**

**Preliminary Order**

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| **In re:** | Chapter 7 |
| AKORN HOLDING COMPANY LLC, *et al.* [1] | Case No. 23-10253 (KBO) |
| **Debtors**. | (Jointly Administered) |
| ------------------------------------------------------- | Related Doc. No. _____ |
| LISHA ABRAHAM, SUSAN BERRY and BENJAMIN SUMMERS on behalf of themselves and all others similarly situated, | |
| Plaintiffs, | |
| v. | Adversary Proceeding No.: 23-50117-KBO |
| AKORN OPERATING COMPANY LLC, AKORN INTERMEDIATE COMPANY LLC and AKORN HOLDING COMPANY LLC | Related Doc. No. _____ |
| Defendants. | |

**ORDER PURSUANT TO SECTION 105 OF THE BANKRUPTCY CODE AND BANKRUPTCY RULES 7023 AND 9019 (I) PRELIMINARILY APPROVING THE SETTLEMENT, (II) CERTIFYING A CLASS OF WARN ACT CLAIMANTS FOR SETTLEMENT PURPOSES ONLY, (III) APPOINTING CLASS COUNSEL AND CLASS REPRESENTATIVES, (IV) APPROVING THE FORM AND MANNER OF NOTICE TO CLASS MEMBERS OF THE CLASS CERTIFICATION AND SETTLEMENT, (V) SCHEDULING A FAIRNESS HEARING TO CONSIDER FINAL APPROVAL OF THE SETTLEMENT, AND (VI) GRANTING RELATED RELIEF**

Upon the *Joint Motion of Chapter 7 Trustee and Proposed Class Representatives, Pursuant to Section 105 of the Bankruptcy Code and Bankruptcy Rules 9019 and 7023 to: (I) Approve the*

---

[1] The Debtors in these chapter 7 cases, along with the last four digits of their federal tax identification numbers, and cases numbers are Akorn Holding Company LLC (9190), Case No. 23-10253 (KBO); Akorn Intermediate Company LLC (6123), Case No. 23-10254 (KBO); and Akorn Operating Company LLC (6184), Case No. 23-10255 (KBO). The Debtors' headquarters is located at 5605 CenterPoint Court, Gurnee, IL 60031.

*Settlement Agreement Pursuant to Bankruptcy Rule 9019, (II) Preliminarily Approve the Settlement Agreement Pursuant to Bankruptcy Rule 7023, (III) Certify the WARN Class for Settlement Purposes, Including the Appointment of Class Counsel and the Class Representatives, (IV) Approve the Form and Manner of Notice to Class Members of the Settlement, (V) Schedule a Fairness Hearing to Consider Final Approval of the Settlement Agreement, (VI) Finally Approve the Settlement Agreement Following the Fairness Hearing, and (VII) Grant Related Relief* (the "Joint Motion"),[2] seeking entry of an Order: (1) approving the *Settlement, Release and Allowance of Claim Agreement* (the "Settlement Agreement")[3] pursuant to Bankruptcy Rule 9019; (2) preliminarily approving the Settlement Agreement pursuant to Bankruptcy Rule 7023; (3) certifying the WARN Class for settlement purposes only pursuant to Civil Rule 23(e), including the appointment of The Gardner Firm, P.C., Lankenau & Miller, LLP, and Margolis Edelstein as Class Counsel and Lisha Abraham, Susan Berry and Benjamin Summers as Class Representatives; (4) approving the form and manner of notice of the Settlement to the members of the Class (the "Class Notice"); (5) scheduling a fairness hearing to consider final approval of the Settlement Agreement (the "Fairness Hearing"); (6) finally approving the Settlement Agreement following the fairness hearing (the "Final Settlement Order"), submitted by the Trustee and the Plaintiffs; and the Bankruptcy Court having considered the Joint Motion and any opposition thereto; and the Bankruptcy Court having found that proper and sufficient notice of the Joint Motion has been given and that no further notice of the Joint Motion is required except as set forth herein; and that based on the range of possible outcomes and the cost, delay, and uncertainty associated with further

---

[2] Capitalized terms not otherwise defined in this Order shall have the meanings provided in the Joint Motion and/or the Settlement Agreement, as applicable.

[3] A copy of the Settlement Agreement is attached to the Joint Memorandum of Law as Exhibit A.

litigation, the Settlement Agreement is reasonable and cost-effective, and preliminary approval of the Settlement Agreement is warranted and in the best interest of the Estates;

**IT IS HEREBY ORDERED THAT:**

1.        The Bankruptcy Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1334.

2.        This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).

3.        The Settlement and the Settlement Agreement are preliminarily approved, subject to final approval at the Fairness Hearing.  The Trustee is authorized to enter into the Settlement Agreement and to take any actions necessary to carry out the terms thereof.

4.        The Class is certified for settlement purposes only pursuant to Civil Rule 23(e), as applicable through Bankruptcy Rule 7023, and Consists of the Class Members as identified and described in paragraph 2 of the Settlement Agreement, provided however, that, consistent with the Settlement Agreement, the Class shall not include individuals (whether presently listed on Schedule 1 to the Settlement Agreement or otherwise): (i) who are found by the Trustee to have previously released any WARN Act claims which they may otherwise have been entitled to assert in the WARN Action ("Previous Releasors"); (ii) who become Opt-Outs; and/or (iii) whose claims the Trustee identifies as being subject to disallowance pursuant to section 502(d) of the Bankruptcy Code unless and until such individual has paid the amount or turned over such property for which such individual is liable under section 502(d) of the Bankruptcy Code ("Section 502(d) Parties").

5.        The Plaintiffs are appointed as Class Representatives.

6.        The Gardner Firm, P.C., Lankenau & Miller, LLP, and Margolis Edelstein are appointed Class Counsel pursuant to Civil Rule 23(c)(1)(B).

7.      The Class Notice, substantially in the form annexed to the Settlement Agreement, is hereby approved.

8.      Notice to the Class Members identified in Schedule 1 attached to the Settlement Agreement by first class mail, postage prepaid, at their last known address is reasonable and the best notice practicable under the circumstances and constitutes due and sufficient notice to all potential Class Members in full compliance with the notice requirements of Civil Rule 23 and such mailing shall be made by Class Counsel within five (5) business days following entry of this Order.

9.      Within five (5) business days of mailing the Class Notice, Class Counsel shall file and serve a statement under oath constituting proof of mailing.

10.     Any Class Member who intends to opt-out or object to the Settlement must timely serve the completed opt-out form or objection to the Settlement so that it is received by the required recipients identified in the Class Notice no later than thirty-five (35) days after the mailing of the Class Notice (the "Objection and Opt-Out Deadline").

11.     Within five (5) days after the Objection and Opt-Out Deadline, Class Counsel shall file and serve a statement under oath listing the names of any Class Members who objected to the proposed settlement or exercised their right to opt-out of the Class.

12.     The final Fairness Hearing regarding the Settlement Agreement shall be held on **_____, 2024 at \_\_\_\_\_ \_.m. prevailing Eastern Time**. The final Fairness Hearing may be continued from time to time by the Bankruptcy Court without further notice other than the announcement of the adjourned date(s) at the final Fairness Hearing or any continued hearing.

4

13.    The Bankruptcy Court shall retain jurisdiction over all matters arising pursuant to or related to the relief granted by this Order.

**<u>Exhibit B to Settlement Agreement</u>**

**Final Order**

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| **In re:** | |
| AKORN HOLDING COMPANY LLC, *et al.* [1] | Chapter 7 |
| | Case No. 23-10253 (KBO) |
| Debtors**.** | (Jointly Administered) |
| | |
| ------------------------------------------------------- | Related Doc. No. _____ |
| | |
| LISHA ABRAHAM, SUSAN BERRY and BENJAMIN SUMMERS on behalf of themselves and all others similarly situated, | |
| | |
| Plaintiffs, | |
| | Adversary Proceeding No.: 23-50117-KBO |
| v. | |
| | Related Doc. No. _____ |
| AKORN OPERATING COMPANY LLC, AKORN INTERMEDIATE COMPANY LLC and AKORN HOLDING COMPANY LLC | |
| | |
| Defendants. | |

**FINAL ORDER APPROVING THE WARN SETTLEMENT UNDER FED. R. CIV. P.
23, FED. BANKR. R. 7023, AND BANKR. R. 9019**

**UPON** the Order dated _____, 2024 [Dkt. No. ____] (the "Preliminary

Settlement Order") preliminarily approving the *Joint Motion of Chapter 7 Trustee and Proposed*

*Class Representatives, Pursuant to Section 105 of the Bankruptcy Code and Bankruptcy Rules*

*9019 and 7023 to: (I) Approve the Settlement Agreement Pursuant to Bankruptcy Rule 9019, (II)*

*Preliminarily Approve the Settlement Agreement Pursuant to Bankruptcy Rule 7023, (III) Certify*

---

[1] The Debtors in these chapter 7 cases, along with the last four digits of their federal tax identification numbers, and cases numbers are Akorn Holding Company LLC (9190), Case No. 23-10253 (KBO); Akorn Intermediate Company LLC (6123), Case No. 23-10254 (KBO); and Akorn Operating Company LLC (6184), Case No. 23-10255 (KBO). The Debtors' headquarters is located at 5605 CenterPoint Court, Gurnee, IL 60031.

*the Warn Class for Settlement Purposes, Including the Appointment of Class Counsel and the Class Representatives, (IV) Approve the Form and Manner of Notice to Class Members of the Settlement, (V) Schedule a Fairness Hearing to Consider Final Approval of the Settlement Agreement, (VI) Finally Approve the Settlement Agreement Following the Fairness Hearing, and (VII) Grant Related Relief* [Dkt. No. _____] (the "Joint Motion")[2] which seeks, among other things, entry of an Order finally approving the Settlement Agreement[3] following the Fairness Hearing and providing related relief (the "Final Settlement Order"); the Court having reviewed the Joint Motion and any objections thereto, and being fully advised; the Court finding that: (a) the Court has jurisdiction over this matter pursuant to 28 USC § 1334, (b) this is a core proceeding pursuant to 28 USC § 157(b)(2), (c) notice of the Joint Motion and the Fairness Hearing hearing thereon was sufficient under the circumstances, and (d) the Court having reviewed the terms of the Settlement Agreement; and the Court having determined that the legal and factual bases set forth in the Joint Motion establish just cause for the relief granted herein; the Court having determined that the relief sought in the Joint Motion is in the best interest of the Estates; and after due deliberations and sufficient cause appearing therefore,

**IT IS HEREBY ORDERED, ADJUDGED AND DECREED THAT:**

1.    The Joint Motion is GRANTED in its entirety.

2.    All objections to the Joint Motion or the relief requested in the Joint Motion, if any, that have not been withdrawn, waived or settled, and all reservations of rights in such objections, if any, shall be and hereby are, OVERRULED in all respects on the merits and denied.

---

[2] Capitalized terms not otherwise defined in this Order shall have the meanings provided in the Joint Motion, the Joint Memorandum of Law in support thereof, and/or the Settlement Agreement, as applicable.

[3] A copy of the Settlement Agreement is attached to the Joint Memorandum of Law as Exhibit A.

2

3.      The Settlement Agreement is approved in all respects as being fair, reasonable, and adequate for the following reasons:

     a.  If the Settlement is not approved, the Adversary Proceeding will likely be complicated, protracted and expensive, thereby unnecessarily depleting the Estates and delaying and diminishing distributions to creditors, including Class Members.

     b.  The Settlement was reached after the essential facts had been thoroughly investigated by Class Counsel through formal and informal discovery and through informal settlement conferences and mediation.

     c.  The Settlement is well within the range of reasonableness given the risks facing both Parties.

     d.  The Settlement Agreement was negotiated in a mediation, at arm's length by experienced counsel and in good faith, is fair, equitable, and in the best interests of the Parties.

4.      On the Effective Date, the Settlement and the Settlement Agreement shall become binding upon the Parties and the Class.

5.      The entry of this Order is without prejudice to the relief granted in the Preliminary Settlement Order, and entry of this Order shall not serve to extend or stay the time of filing any appeal regarding any of the relief granted in the Preliminary Settlement Order.

6.      The Trustee and Class Counsel are hereby authorized and empowered to take such steps and perform such acts as may be necessary to carry out the terms of this Order and the Settlement Agreement.  Further, the Trustee is authorized to make the Allowed Priority WARN Claims Distribution promptly following the Effective Date to the Qualified Settlement Fund in accordance with the terms of the Settlement.

7.      On the Effective Date, and in accordance with the Settlement Agreement, any and all Released Claims shall be deemed waived without need for further Bankruptcy Court order, and any Released Claims that have been scheduled on behalf of, or filed by, any Class

Members in any of the Bankruptcy Cases are disallowed in their entirety and shall be deemed expunged from the applicable schedule(s) or claims register(s) without any further action needed by the Trustee or the Bankruptcy Court.

8.      This Court shall retain jurisdiction over all matters arising from or related to the interpretation and/or implementation of this Order.

9.      Notwithstanding any applicable rules of procedure that may be interpreted to the contrary, this Order is effective immediately upon entry.

73625830\2 6010823/00574256

**Exhibit C to Settlement Agreement**

**Class Notice**

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| **In re:** | Chapter 7 |
| AKORN HOLDING COMPANY LLC, *et al.*[1] | Case No. 23-10253 (KBO) |
| Debtors**.** | (Jointly Administered) |
| ---------------------------------------------------- | |
| LISHA ABRAHAM, SUSAN BERRY and BENJAMIN SUMMERS on behalf of themselves and all others similarly situated, | |
| Plaintiffs, | |
| v. | |
| AKORN OPERATING COMPANY LLC, AKORN INTERMEDIATE COMPANY LLC and AKORN HOLDING COMPANY LLC | Adversary Proceeding No.: 23-50117-KBO |
| Defendants. | |

### NOTICE TO CLASS OF
### (I) PROPOSED SETTLEMENT OF CLASS ACTION CONCERNING WARN ACT CLAIMS; (II) CERTIFICATION OF A CLASS FOR SETTLEMENT PURPOSES ONLY; (III) APPOINTMENT OF CLASS COUNSEL AND CLASS REPRESENTATIVES; (IV) DATE OF COURT HEARING FOR FINAL APPROVAL OF PROPOSED WARN ACT SETTLEMENT; (V) RIGHT TO OBJECT TO THE SETTLEMENT AND TO APPEAR AT COURT HEARING, AND (VI) RIGHT OF <u>CLASS MEMBERS TO OPT-OUT OF THE CLASS ACTION</u>

TO:    The proposed Class of individuals reflected on Schedule 1 to the Settlement Agreement, who have been identified from the Defendants' records as all former employees of one or more Defendants, who worked at or reported to any of the Facilities and who were terminated without cause on their part on or about February 22, 2023, within thirty days of

---

[1] The Debtors in these chapter 7 cases, along with the last four digits of their federal tax identification numbers, and cases numbers are Akorn Holding Company LLC (9190), Case No. 23-10253 (KBO); Akorn Intermediate Company LLC (6123), Case No. 23-10254 (KBO); and Akorn Operating Company LLC (6184), Case No. 23-10255 (KBO). The Debtors' headquarters is located at 5605 CenterPoint Court, Gurnee, IL 60031.

that date, and thereafter, as part of or as the result of the shutdown of the Facilities, who do not file a timely request to opt-out of the class; provided however, that the Class shall not include individuals (whether presently listed on Schedule 1 or otherwise): (i) who are found by the Trustee to have previously released any WARN Act claims which they may otherwise have been entitled to assert in this WARN Action ("Previous Releasors"); (ii) who become Opt-Outs (as defined below); and/or (iii) whose claims the Trustee identifies as being subject to disallowance pursuant to section 502(d) of the Bankruptcy Code unless and until such individual has paid the amount or turned over such property for which such individual is liable under section 502(d) ("Section 502(d) Parties").

## INTRODUCTION

There is currently pending in the United States Bankruptcy Court for the District of Delaware (the "Bankruptcy Court") the above-captioned adversary proceeding (the "WARN Action") brought under the Worker Adjustment and Retraining Notification, or "WARN," Act, 29 U.S.C. § 2101 *et seq.* ("Federal WARN Act") and the New York Worker Adjustment and Retraining Notification Act ("NY WARN Act") New York Labor Law ("NYLL") § 860 et seq. (collectively, the "WARN Acts"). The Plaintiffs listed above in the caption (the "Class Representatives") on the one hand, and George L. Miller, in his capacity as chapter 7 trustee (the "Trustee") of the bankruptcy estates (the "Estates") of the Debtors on the other hand, have reached a proposed settlement of the WARN Action (the "Settlement") under which the benefits described below will be provided to the members of the Class. After litigation  and extensive negotiations, the parties were able to negotiate in good faith the proposed Settlement, which all parties, including Class Counsel (defined below), believe is fair and reasonable under the circumstances.

This Notice constitutes notice to the Class of (a) the certification of the Class for settlement purposes only; (b) the proposed Settlement of the WARN Action; (c) a description of the proposed Settlement; (d) the date of the Bankruptcy Court hearing for final approval of the Settlement; (e) the right of each member of the Class to object to the Settlement, and to appear at the hearing at which the Bankruptcy Court will consider the final approval of the Settlement; and (f) the right of Class Members to opt-out of the Class.

Unless otherwise defined herein, capitalized terms shall have the meanings given to them in the Joint Motion of the Trustee and the Class Representatives for approval of the Settlement and the Joint Memorandum of Law filed in support thereof.

## DESCRIPTION OF THE WARN ACTION

On February 23, 2023 (the "Petition Date"), Defendants simultaneously filed voluntary petitions for relief under chapter 7 of the Bankruptcy Code in the Bankruptcy Court, thereby commencing these chapter 7 bankruptcy cases (the "Chapter 7 Cases"). The Office of the United States Trustee appointed George L. Miller as the chapter 7 Trustee to the Estates of each of the Debtors.

Also on February 23, 2023, the Plaintiffs commenced the WARN Action by filing a Class Action Adversary Proceeding Complaint (as amended, the "Complaint"), asserting claims against Defendants under the "single employer" theory of liability. Plaintiffs alleged

72495092\2

that Defendants, as a single employer, shutdown the Facilities, resulting in employment losses suffered by the Plaintiffs and the hundreds of other similarly situated former employees, without notice that complied with the WARN Act.  Plaintiffs alleged that, as a consequence of Defendants' failure to give the Plaintiffs and the putative class members any advance written notice of termination, much less sixty days' notice, the Plaintiffs seek 60 days' priority wages and benefits for each putative Class Member, with any spillover as a general unsecured claim.

On June 26, 2023, Plaintiffs filed a timely Class Proof of Claim against each of the Defendants asserting the class WARN claim ("WARN Class POCs").  No objections have been filed concerning the WARN Class POCs.

The Parties mediated the claims in this matter on July 25 and 30, 2024, and following good faith and arms' length negotiations, the Parties reached agreement on a compromise that will resolve the WARN Action and WARN Class POCs. The parties agree that the WARN Action presents significant and complex legal and factual issues regarding the application of the WARN Act.  In an attempt to preserve the Estates' assets by avoiding extensive and costly litigation, and the risks attendant thereto, the Parties reached a settlement, subject to Bankruptcy Court approval, the terms of which have been set out in the Settlement, which contemplates the certification of the Class for settlement purposes only, as further described herein.

## THE PROPOSED SETTLEMENT AGREEMENT

The terms of the Settlement are embodied in a settlement agreement entered into between the Trustee and the Class Representatives (the "Settlement Agreement").  The following description of the proposed Settlement Agreement, which was preliminarily approved by the Court on _____, 2024, is only a summary.  In the event of any discrepancy between this summary and the terms of the Settlement Agreement, the terms of the Settlement Agreement shall control.  The Settlement Agreement shall become effective only if it is finally approved by the Bankruptcy Court. You may secure a copy of the complete Settlement Agreement from Class Counsel, Mary Olsen, at (251) 415-4978 or at the address shown for her below.  The relevant terms of the Settlement may be summarized as follows:

## THE TERMS OF THE SETTLEMENT AGREEMENT

The Parties have agreed to certification of a class (the "Class"), for settlement purposes only, consisting of individuals reflected on Schedule 1 to the Settlement, and who have been identified from the Defendants' records as all former employees of one or more Defendants, who worked at or reported to any of the Facilities and who were terminated without cause on their part on or about February 22, 2023, within thirty days of that date, and thereafter, as part of or as the result of the shutdown of the Facilities, who do not file a timely request to opt-out of the class; provided however, that the Class shall not include individuals (whether presently listed on Schedule 1 or otherwise): (i) who are found by the Trustee to have previously released any WARN Act claims which they may otherwise have been entitled to assert in this WARN Action ("Previous Releasors"); (ii) who become Opt-Outs; and/or (iii) whose claims the Trustee identifies as being subject to disallowance pursuant to section 502(d) of the Bankruptcy Code unless and until such individual has paid

3

the amount or turned over such property for which such individual is liable under section 502(d) ("Section 502(d) Parties").

The Class is represented by Lisha Abraham, Susan Berry and Benjamin Summers (the "Class Representatives") and The Gardner Firm, P.C., Lankenau & Miller, LLP and Margolis Edelstein are counsel to the Class ("Class Counsel").

Upon the Effective Date, the Class shall be awarded (i) allowed priority claims jointly and severally against Defendants pursuant to 11 U.S.C. § 507(a)(4) in the aggregate amount shown on Schedule 1 to the Settlement[2] in the column titled "Allowed Priority Claims," subject to reduction to account for Opt-Outs, Previous Releasors, Section 502(d) Parties, and Allowed Non-WARN Priority Claims (the "Allowed Priority WARN Claims"); and (ii) allowed non-priority general unsecured claims jointly and severally against Defendants in the aggregate amount shown on Schedule 1 in the column titled "Allowed GUC Claims," subject to reduction to account for Opt-Outs, Previous Releasors, and Section 502(d) Parties, and to adjustment to account for Allowed Non-WARN Priority Claims (the "Allowed GUC WARN Claims" and collectively with the Allowed Priority WARN Claims, the "Allowed WARN Claims"). The amounts attributable to any Opt-Outs, Previous Releasors, and Section 502(d) Parties will be deducted from the amounts of the Allowed Priority WARN Claims and the Allowed GUC WARN Claims, and such amounts shall be adjusted to account for Allowed Non-WARN Priority Claims. Promptly following the Effective Date, the Trustee shall forward a distribution from the Estates in the aggregate amount of the Allowed Priority WARN Claims, adjusted as provided herein (the "Allowed Priority WARN Claims Distribution"), and a separate distribution to be determined in accordance with the priority scheme of the Bankruptcy Code on account of the Allowed GUC WARN Claims adjusted as provided herein (the "Allowed GUC WARN Claims Distribution"), to a qualified settlement fund to be established by Class Counsel, or their designee, in conformity with Internal Revenue Code §468B (the "Qualified Settlement Fund"), pursuant to written instructions to be provided by Class Counsel. The Settlement provides that payments made to Class Counsel will be distributed pursuant to the terms of the Settlement Agreement, and as described herein.[3]

Note--to the extent any Class Member has an allowed **non-WARN** related Section 507(a)(4) claim in the Bankruptcy Cases (an "Allowed Non-WARN Priority Claim"), then the Trustee may pay that first, without any deduction for attorneys' fees or expenses up to the wage priority cap of $15,150. Should any Class Member's Allowed Non-WARN Priority Claim be less than $15,150, that Class Member's Allowed Priority WARN Claim will be added to the Allowed Non-WARN Priority Claim up to a combined total of $15,150. Then, any portion of the Allowed Priority WARN Claim for such Class Member that exceeds $15,150 when added to the Allowed Non-WARN Priority Claim shall be classified as an Allowed GUC WARN

---

[2] All references in this Notice to the information provided on Schedule 1 shall be interpreted to refer to Schedule 1 to the Settlement Agreement, and/or such information, as adjusted to account for Opt-Outs, Previous Releasors, Section 502(d) Parties, and Allowed Non-WARN Priority Claims (all as defined herein).

[3] There are sufficient funds in the Estates to fully fund the Allowed Priority WARN Claims Distribution  and the Trustee has requested the Court's permission to pay it promptly following the Effective Date, and in accordance with the terms of the Settlement.

72495092\2

Claim.  For avoidance of doubt, no Class Member's combined allowed Section 507(a)(4) claims shall exceed the priority maximum of $15,150 permitted under the Bankruptcy Code.

Class Counsel, or its designee, the Administrator, as fiduciary on behalf of the Qualified Settlement Fund, shall be responsible for making distributions from the Qualified Settlement Fund of any amounts required by the Settlement Agreement, including the preparation and mailing of the individual settlement checks to Class Members in accordance with applicable law.  The total amount distributed from the Qualified Settlement Fund to each Class Member on their Allowed Priority WARN Claim shall equal the amount of the Net Priority Payment Amount listed on Schedule 1 (which amount reflects a deduction for Class Counsel's Fees, Class Counsel's Expenses and the Class Representative Service Payments), net of any applicable withholdings.  Further, in the event that the Allowed GUC WARN Claims Distribution is in an amount sufficient to make full payment on the Allowed GUC WARN Claims, then in such event the total amount distributed from the Qualified Settlement Fund to each Class Member on their Allowed GUC WARN Claim shall equal the amount of the Net Allowed GUC WARN Claim listed on Schedule 1 for each Class Member (which amount reflects a deduction for Class Counsel's Fees and Class Counsel's Expenses), net of any applicable withholdings.  In the event that the Allowed GUC WARN Claims are greater than the Allowed GUC WARN Claims Distribution, then each Class Member shall receive a percentage pro rata distribution from the Qualified Settlement Fund on account of each Class Member's Net Allowed GUC WARN Claim.  Class Counsel will also provide each Class Member with a notice advising each Class Member to seek his or her own personal tax advice regarding the potential tax consequences of the Settlement disbursements and an explanation of the deduction of Class Counsel's Fees and Costs.  This notice will be included with each Settlement disbursement to the Class Members.

Each Class Member has the right to opt out of the Class, which was certified by the Court on _____, 2024, and preserve all of her/his rights, if any, against Debtors' Estates, (the "Opt-Outs").  Those Class Members who do not opt-out of the Class are eligible to share in the Allowed Bankruptcy WARN Claims.  Upon Bankruptcy Court approval of the Settlement Agreement by a Final Order, it shall be effective as to all Class Members (excluding Opt-Outs, Previous Releasors, and/or Section 502(d) Parties, who shall not be Class Members).

Class Counsel, as fiduciary for the Qualified Settlement Fund, or, if applicable, the Administrator, will make the following distributions from the Qualified Settlement Fund to the extent sufficient funds are available therein:

- The Class Representatives shall each receive $10,000 (the "Class Representative Service Payments") as payment for the services they provided to the Class in connection with the prosecution of the WARN Action; and

- After payment of the Class Representative Service Payments, Class Counsel shall receive one third of the balance of the Allowed WARN Claims as its attorneys' fees, plus reimbursement of Class Counsel's expenses.

72495092\2

- The Allowed WARN Claims (after being reduced on account of the Class Representative Service Payments, Class Counsel's Fees, and Class Counsel's Expenses) shall be allocated to each Class Member (excluding Opt-Outs, Previous Releasors, and/or Section 502(d) Parties, who shall not be Class Members) as set forth on Schedule 1 to the Settlement Agreement and in accordance with the Settlement.

## CLASS COUNSEL'S RECOMMENDATION AND YOUR ALLOWED WARN CLAIMS

Class Counsel recommends the Settlement, believing that it is fair, reasonable and adequate to the Class.

Information about the projected net, pre-tax amounts which you would receive under the Settlement, assuming you are not an Opt-Out, Previous Releasor, and/or Section 502(d) Party, and assuming the Allowed Priority WARN Claims and Allowed GUC WARN Claims are fully funded, is shown on **Exhibit A**, hereto.

## RELEASE OF CLAIMS AND EFFECT OF APPROVAL OF SETTLEMENT AGREEMENT

Upon the Effective Date, the Class Members, for and on behalf of themselves, and their respective predecessors, successors, assigns, heirs, personal representatives and estates (collectively, the "Releasing Parties"), do hereby fully and forever release and discharge the Trustee, each of the Estates and Debtors, and each of their respective current and former members, subsidiaries and affiliated entities, and each of their respective officers, directors, shareholders, agents, employees, partners, members, accountants, attorneys, representatives and other agents, and all of their respective predecessors, successors and assigns (collectively, the "Released Parties"), of and from any and all claims, demands, debts, liabilities, obligations, liens, actions and causes of action, costs, expenses, attorneys' fees and damages of whatever kind or nature, at law, in equity and otherwise, whether known or unknown, anticipated, suspected or disclosed, that the Releasing Parties may now have or hereafter may have against the Released Parties related to and/or based upon the WARN Acts or any other federal, state, or local laws or regulations of similar effect (the "Released Claims").

Upon the Effective Date, the Class Members agree that any Released Claims shall be deemed waived without need for further Bankruptcy Court order, and the Class Members agree that any Released Claims that have been scheduled on behalf of, or filed by, any Class Members in any of the Bankruptcy Cases are disallowed in their entirety and shall be deemed expunged from the applicable schedule(s) or claims register(s) without any further action needed by the Trustee or the Bankruptcy Court.

## HOW TO OBJECT OR OPT-OUT

If you are satisfied with the proposed Settlement and the information shown on Exhibit A, you need to do nothing and you will receive your share of any distributions made from the Qualified Settlement Fund.

If, on the other hand, you believe that the proposed Settlement is unfair or inadequate or

believe that Class Counsel's Fees or Class Counsel's Expenses should not be approved, you may object by mailing a written statement bearing the caption of this action (shown on the first page of this Notice) with the basis for your objection, to the Clerk of the United States Bankruptcy Court for the District of Delaware, 824 North Market Street, 3rd Floor, Wilmington, Delaware, 19801, and by sending copies of that statement to: 1) Mary E. Olsen, The Gardner Firm, P.C., 182 St. Francis Street, Suite 103, Mobile, AL 36602 36602; and 2) Simon Fraser, Esq. and John T. Carroll, III, Esq., Cozen O'Conner, 1201 N. Market Street, Suite 1001, Wilmington, DE 19801. Objections must be mailed so as to be received no later than _____, 2024, and must include your name, address, and telephone number, together with a statement of the basis for your objection, and will be heard at the final Fairness Hearing, at which the parties will be requesting binding Bankruptcy Court approval of the Settlement, including Class Counsel's Fees and Class Counsel's Expenses, as described above.

You may appear in person or by counsel at the final hearing described below.

**If you choose not to be bound by this Settlement and do not wish to share in any of the benefits described herein, you may opt-out of the Class by filling out the attached "Opt-Out Form," and signing and mailing that form by U.S. Mail to: Class Counsel attn: Mary E. Olsen, Esq., The Gardner Firm, P.C., 182 St. Francis Street, Suite 103, Mobile, Alabama 36602. The completed "Opt-Out Form" must be <u>received</u> no later than_____, 2024. All requests for exclusion received after that date will not be effective, and any person who sends a late request will be a member of the Class.**

### FINAL HEARING TO APPROVE SETTLEMENT AND ATTORNEYS' FEES AND COSTS

The final Fairness Hearing, for final consideration and approval of the Settlement, including Class Counsel's Fees and Class Counsel's Expenses, is scheduled to take place on _____, 2024, at ___.m. in Courtroom # 3 of the United States Bankruptcy Court for the District of Delaware at 824 North Market Street, 6th Floor, Wilmington, Delaware 19801, before the Honorable Karen B. Owens. That hearing may be adjourned without further notice. If you wish to determine if the hearing is adjourned, you may contact Mary E. Olsen at the address shown above.

### OTHER INFORMATION

Any questions from Settlement Class Members concerning this Notice or the WARN Action should be directed to Mary E. Olsen at the address shown above. All requests for more information, including a copy of the Settlement should directed to Ms. Olsen. Her contact information is as follows: Mary E. Olsen, Esq., The Gardner Firm, P.C., 182 St. Francis Street, Suite 103, Mobile, AL 36602; email: molsen@thegardnerfirm.com; phone (251) 415-4978.

While the Bankruptcy Court has approved the sending of this Notice, it has not taken any position as to the respective claims or defenses asserted by the parties in the WARN Action.

### <u>PLEASE DO NOT WRITE TO OR CALL<br>THE COURT CONCERNING THIS MATTER</u>

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| **In re:** | |
| AKORN HOLDING COMPANY LLC, *et al.* [1] <br> Debtors**.** | |
| ------------------------------------------------------- | **Chapter 7** <br> **Case No. 23-10253 (KBO)** <br> **(Jointly Administered)** |
| LISHA ABRAHAM, SUSAN BERRY and BENJAMIN SUMMERS on behalf of themselves and all others similarly situated, | **Adversary Proceeding No.: 23-50117-KBO** |
| Plaintiffs, | |
| v. | |
| AKORN OPERATING COMPANY LLC, AKORN INTERMEDIATE COMPANY LLC and AKORN HOLDING COMPANY LLC | |
| Defendants. | |

<u>**OPT-OUT FORM**</u>

I, the undersigned, have read the foregoing Class Notice and understand its contents.

I **<u>DO NOT</u>** want to participate or accept any money award in the above WARN Action and **<u>DO NOT</u>** wish to be bound by the Settlement described herein.

_____          _____
SIGNATURE                                                        ADDRESS

_____          _____
NAME (printed or typed)                              CITY, STATE and ZIP CODE

_____          _____
DATE                                                               TELEPHONE

_____
EMAIL ADDRESS

If you **<u>DO NOT</u>** wish to participate, send this completed form to:

**MARY E. OLSEN, ESQ.**
**THE GARDNER FIRM, P.C.,**
**182 ST. FRANCIS STREET, SUITE 103**
**MOBILE, ALABAMA 36602**

---

[1] The Debtors in these chapter 7 cases, along with the last four digits of their federal tax identification numbers, and cases numbers are Akorn Holding Company LLC (9190), Case No. 23-10253 (KBO); Akorn Intermediate Company LLC (6123), Case No. 23-10254 (KBO); and Akorn Operating Company LLC (6184), Case No. 23-10255 (KBO). The Debtors' headquarters is located at 5605 CenterPoint Court, Gurnee, IL 60031.

**EXHIBIT A**

| | |
|---|---|
| Your Pre-Tax Projected Allowed WARN Priority Claim, After Deduction of the Class Representative Service Payments, Class Counsel's Fees and Class Counsel's Expenses+ <br><br> _____ <br><br> Where Applicable, Your Pre-Tax Projected Allowed GUC WARN Claim, After Deduction of Class Counsel's Fees and Expenses* | $_____ <br><br><br> _____ <br><br> $_____ |

+This assumes that you are not an Opt-Out, Previous Releasor, and/or Section 502(d) Party.  Further, the Trustee represents that there are sufficient funds in the Estates to fully fund the Allowed Priority WARN Claims Distribution upon the Effective Date.  Therefore, the Trustee has requested permission to pay the Allowed Priority WARN Claims Distribution in full promptly following the Effective Date.

 *There is no guarantee that you will receive this amount. At this time, the Parties do not know what percentage, if any, of the Allowed GUC WARN Claims will be funded.

9

**<u>Exhibit D to Settlement Agreement</u>**

**Stipulation of Dismissal**

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| **In re:** | |
| AKORN HOLDING COMPANY LLC, *et al.* [1] | Chapter 7 |
| Debtors**.** | Case No. 23-10253 (KBO) |
| | (Jointly Administered) |
| ---------------------------------------------------- | |
| LISHA ABRAHAM, SUSAN BERRY and BENJAMIN SUMMERS on behalf of themselves and all others similarly situated, | |
| Plaintiffs, | |
| v. | Adversary Proceeding No.: 23-50117-KBO |
| AKORN OPERATING COMPANY LLC, AKORN INTERMEDIATE COMPANY LLC and AKORN HOLDING COMPANY LLC | |
| Defendants. | |

## JOINT STIPULATION TO VOLUNTARILY DISMISS, WITH PREJUDICE

This action was settled between Plaintiffs Lisha Abraham, Susan Berry and Benjamin Summers (the "Plaintiffs" or the "Class Representatives"), and George L. Miller, in his capacity as the chapter 7 trustee (the "Trustee" and together with the Plaintiffs, the "Parties") for the bankruptcy estates (the "Estates") of debtors Akorn Operating Company LLC, Akorn Intermediate Company LLC and Akorn Holding Company LLC  (collectively, the "Debtors" or

---

[1] The Debtors in these chapter 7 cases, along with the last four digits of their federal tax identification numbers, and cases numbers are Akorn Holding Company LLC (9190), Case No. 23-10253 (KBO); Akorn Intermediate Company LLC (6123), Case No. 23-10254 (KBO); and Akorn Operating Company LLC (6184), Case No. 23-10255 (KBO).  The Debtors' headquarters is located at 5605 CenterPoint Court, Gurnee, IL 60031.

"Defendants"), and the settlement agreement entered into between the Trustee and the Class Representatives (the "<u>Settlement Agreement</u>") was granted final approval by this Court on _____, 2024.  Pursuant to, and in accordance with, Paragraph 12(c) of the Settlement Agreement, the Class Representatives and the Trustee, by and through their respective counsel of record, hereby jointly stipulate to the dismissal, with prejudice, of this adversary proceeding.  Dismissal of this adversary proceeding shall not abate or limit the effectiveness of the Settlement Agreement and the Final Settlement Order, including the releases set forth therein.

 A proposed form of Order is attached as Exhibit A.


DATED:        MARGOLIS EDELSTEIN

          By: <u>/s/    </u>
            James E. Huggett
            300 Delaware Ave., Ste. 800
            Wilmington, DE 19801
            Telephone: (302) 888-1112
            Facsimile: (302) 888-1119

            —and—

            THE GARDNER FIRM, P.C.
            Mary E. Olsen (OLSEM4818)
            M. Vance McCrary (MCCRM4402)
            The Gardner Firm, P.C.
            182 St. Francis Street, Suite 103
            Mobile, AL 36602
            Telephone: (251) 433-8100
            Facsimile: (251) 433-8181

            —and—

LANKENAU & MILLER, LLP
Stuart J. Miller (SJM 4276)
100 Church Street, 8th FL
New York, NY 10007
P: (212) 581-5005
F: (212) 581-2122

*Counsel for Plaintiffs and the Putative Class*


COZEN O'CONNOR

By:     /s/_____
        John T. Carroll III (DE 4060)
        Simon E. Fraser (DE 5335)
        1201 North Market Street, Ste 1001
        Wilmington, DE 19801
        Telephone: (302) 295-2000
        Facsimile: (302) 295-2013
        jcarroll@cozen.com
        sfraser@cozen.com

        *Counsel for George L. Miller,*
        *Chapter 7 Trustee*

# EXHIBIT A

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| **In re:** | |
| AKORN HOLDING COMPANY LLC, *et al.* [1]<br>Debtors**.** | Chapter 7<br>Case No. 23-10253 (KBO)<br>(Jointly Administered) |
| ------------------------------------------------------- | |
| LISHA ABRAHAM, SUSAN BERRY and<br>BENJAMIN SUMMERS on behalf of<br>themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>AKORN OPERATING COMPANY LLC,<br>AKORN INTERMEDIATE<br>COMPANY LLC and AKORN HOLDING<br>COMPANY LLC<br><br>Defendants. | Adversary Proceeding No.: 23-50117-KBO<br><br>Related Doc. No. _____ |

## <u>ORDER GRANTING STIPULATION OF DISMISSAL, WITH PREJUDICE</u>

Having considered the Parties' joint stipulation to voluntarily dismiss this action, with

prejudice (the "Stipulation");[2]

**IT IS ORDERED THAT**:

The above-captioned adversary proceeding is hereby **DISMISSED** with prejudice.  The

dismissal of this adversary proceeding is made pursuant to, and subject to, Paragraph 12(c) of the

---

[1] The Debtors in these chapter 7 cases, along with the last four digits of their federal tax identification numbers, and cases numbers are Akorn Holding Company LLC (9190), Case No. 23-10253 (KBO); Akorn Intermediate Company LLC (6123), Case No. 23-10254 (KBO); and Akorn Operating Company LLC (6184), Case No. 23-10255 (KBO). The Debtors' headquarters is located at 5605 CenterPoint Court, Gurnee, IL 60031.

[2] Capitalized terms not otherwise defined herein shall have the meanings provided in the Stipulation.

Settlement Agreement between the Trustee and the Class Representatives, which was approved by this Court by Final Order dated _____, 2024.  Dismissal of this adversary proceeding shall not abate or limit the effectiveness of the Settlement Agreement and the Final Settlement Order, including the releases set forth therein.

      This Court shall retain jurisdiction, even after the closing of these Chapter 7 Cases, with respect to all matters arising from or related to the implementation of the Settlement Agreement and this Order.

LEGAL\73630803\1 6010823/00574256