## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 7 |
| AKORN HOLDING COMPANY LLC, *et al.*[1] | Case No. 23-10253 (KBO) |
| Debtors. | (Jointly Administered) |
| | **Objection Deadline:** November 1, 2024 at 4:00 p.m. (ET) |
| | **Hearing Date:** November 20, 2024 at 9:30 a.m. (ET) |
| | **Related D.I.:** 973 |

## SUMMARY COVER SHEET TO THE *AMENDED*[2] SECOND INTERIM FEE APPLICATION OF SAUL EWING LLP, SPECIAL COUNSEL TO GEORGE L. MILLER, CHAPTER 7 TRUSTEE, FOR ALLOWANCE OF COMPENSATION AND REIMBURSEMENT OF EXPENSES
## FOR THE PERIOD FROM JANUARY 1, 2024 THROUGH SEPTEMBER 30, 2024

| | |
|---|---|
| Name of Applicant: | Saul Ewing LLP |
| Authorized to Provide Professional Services to: | George L. Miller, Chapter 7 Trustee |
| Period for which compensation and reimbursement is sought | Start: January 1, 2024<br>End: September 30, 2024 |
| Total compensation sought this period | $435,231.50 |
| Total expenses sought this period | $5,776.40 |
| Petition dates | February 23, 2023 |
| Date of retention | October 26, 2023 |
| Date of order approving employment | November 2, 2023 |
| Total compensation approved by interim order to date | $57,591.00 |

---

[1] The Debtors in these chapter 7 cases, along with the last four digits of their federal tax identification numbers, and cases numbers are Akorn Holding Company LLC (9190), Case No. 23-10253 (KBO); Akorn Intermediate Company LLC (6123), Case No. 23-10254 (KBO); and Akorn Operating Company LLC (6184), Case No. 23-10255. The Debtors' headquarters is located at 5605 CenterPoint Court, Gurnee, IL 60031.

[2] **The total amount of compensation and expenses sought were <u>not</u> changed in this amended fee application ("Application") compared to the original Application filed at D.I. 973. The amendments are limited to (i) correcting the "Total compensation approved [and paid] by interim order to date" figure, which previously said $57,*951*.00, not $57,*591*.00 (Application, p. 1-2); (ii) the Attorney Compensation was corrected on the Summary of Billing by Timekeeper section, which previously included *all* timekeepers (Application, p. 4); (iii) the Blended Hourly Rate figures in the "Billing Disclosures" exhibit are updated (Application, Exh. A); and (iv) the Application's expense detail was revised to include additional information (Application, p. 10, Exh. D).**

| Total expenses approved by interim order to date | $198.00 |
| Total allowed compensation paid to date | $57,591.00 |
| Total allowed expenses paid to date | $198.00 |
| Blended rate in this application for all attorneys | $598.67 |
| Blended rate in this application for all timekeepers | $589.82 |

This is an: ___ monthly    **X** interim    ___ final application.

Prior Applications:  None

Saul Ewing LLP intends to seek compensation in connection with the preparation of this Application at a later date.

Prior Applications:

| Date and Docket No. | Filing Period | Requested Fees | Requested Expenses | Approved Fees | Approved Expenses | Unapproved Fees/ Expenses | Order Date and Docket No. |
|---|---|---|---|---|---|---|---|
| 02/28/2024 D.I. 759 | 10/26/2023 through 12/31/2023 | $57,591.00 | $198.00 | $57,591.00 | $198.00 | $0.00 | 4/03/24 D.I. 783 |
| | **TOTAL** | **$57,591.00** | **$198.00** | **$57,591.00** | **$198.00** | **$0.00** | |

**SUMMARY OF BILLING BY TIMEKEEPER**
**FOR SECOND INTERIM FEE APPLICATION**

**For the Period from JANUARY 1, 2024 THROUGH SEPTEMBER 30, 2024**

| Name of Professional Person | Year of Bar Admission | Position with the applicant and number of years in that position | Practice Group | Hourly billing rate | Total billed hours | Total compensation |
|---|---|---|---|---|---|---|
| Evan T. Miller | 2009 | Partner (2023)[3] | Bankruptcy | $680 | 279.0 | $189,720.00 |
| Michelle G. Novick | 1991 | Partner (2008) | Bankruptcy | $715 | 157.5 | $112,612.50 |
| Steven C. Reingold | 1993 | Partner (2017)[4] | Litigation | $760 | 26.5 | $20,140.00 |
| Paige N. Topper | 2017 | Associate (2023) | Bankruptcy | $450 | 92.6 | $41,670.00 |
| Paige N. Topper | 2017 | Associate (2023) | Bankruptcy | $225 | 1.8 | $405.00 |
| Turner N. Falk | 2014 | Associate (2022) | Bankruptcy | $430 | 91.4 | $39,302.00 |
| Sabrina Espinal | 2022 | Associate (2022) | Bankruptcy | $360 | 58.0 | $20,880.00 |
| Jorge Garcia | 2017 | Associate (2020) | Bankruptcy | $450 | 10.7 | $4,815.00 |
| Robyn E. Warren | N/A | Paraprofessional | Bankruptcy | $285 | 16.0 | $4,560.00 |
| Stacey A. Dignan | N/A | Paraprofessional | Library | $285 | 2.5 | $712.50 |
| Sean F. Kenny | N/A | Paraprofessional | Bankruptcy | $205 | 1.7 | $348.50 |
| Jennifer R. Fitzgerald | N/A | Paraprofessional | Transactional | $330 | 0.2 | $66.00 |
| **TOTAL** | | | | | **737.9** | **$435,231.50** |

Attorney Compensation: $429,544.50

Total Attorney Hours: 717.5

Blended Hourly Rate for Attorneys: $598.67

Blended Hourly Rate for All Professionals: $589.82

---

[3] Mr. Miller joined Saul Ewing in September 2023.  Mr. Miller was previously a Director at Bayard, P.A. since 2019.

[4] Mr. Reingold joined Saul Ewing as a Partner in 2017.  Mr. Reingold was previously a Partner at his prior firm.

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 7 |
| AKORN HOLDING COMPANY LLC, *et al.*[1] | Case No. 23-10253 (KBO) (Jointly Administered) |
| Debtors. | |
| | <u>Objection Deadline</u>: November 1, 2024 at 4:00 p.m. (ET) <u>Hearing Date</u>: November 20, 2024 at 9:30 a.m. (ET) <u>Related D.I.</u>: 973 |

### *AMENDED*[2] SECOND INTERIM FEE APPLICATION OF SAUL EWING LLP, SPECIAL COUNSEL TO GEORGE L. MILLER, CHAPTER 7 TRUSTEE, FOR ALLOWANCE OF COMPENSATION AND REIMBURSEMENT OF EXPENSES FOR <u>THE PERIOD FROM JANUARY 1, 2024 THROUGH SEPTEMBER 30, 2024</u>

Saul Ewing LLP ("**Saul Ewing**" or "**Applicant**"), special counsel to George L. Miller, chapter 7 trustee (the "**Chapter 7 Trustee**") of the estates (the "**Estates**") of the above-captioned debtors (the "**Debtors**"), hereby submits its Amended Second Interim Fee Application (the "**Second Interim Fee Application**") for allowance of compensation for professional services rendered and reimbursement of actual and necessary expenses incurred for the period January 1, 2024 through September 30, 2024 (the "**Application Period**"). In support of this Application, Saul Ewing represents as follows:

### <u>Jurisdiction</u>

1.      The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334

---

[1]      The Debtors in these chapter 7 cases, along with the last four digits of their federal tax identification numbers, and cases numbers are Akorn Holding Company LLC (9190), Case No. 23-10253 (KBO); Akorn Intermediate Company LLC (6123), Case No. 23-10254 (KBO); and Akorn Operating Company LLC (6184), Case No. 23- 10255. The Debtors' headquarters is located at 5605 CenterPoint Court, Gurnee, IL 60031.

[2]      **The total amount of compensation and expenses sought were <u>not</u> changed in this Application compared to the original Application filed at D.I. 973. The amendments are limited to (i) correcting the "Total compensation approved [and paid] by interim order to date" figure, which previously said $57,951.00, not $57,591.00 (Application, p. 1-2); (ii) the Attorney Compensation was corrected on the Summary of Billing by Timekeeper section, which previously included *all* timekeepers (Application, p. 4); (iii) the Blended Hourly Rate figures in the "Billing Disclosures" exhibit are updated (Application, Exh. A); and (iv) the Application's expense detail was revised to include additional information (Application, p. 10, Exh. D).**

and the *Amended Standing Order of Reference from the United States District Court for the District of Delaware*, dated February 29, 2012. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2).  Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

2.      The statutory bases for the relief requested herein are sections 330 and 331 of the Bankruptcy Code.

## Background

3.      On February 23, 2023 (the "**Petition Date**"), each of the Debtors filed a voluntary petition for relief under chapter 7 of the Bankruptcy Code (the "**Bankruptcy Cases**").

4.      On or about the Petition Date, the Office of the United States Trustee (the "**UST**") appointed George L. Miller as the chapter 7 Trustee to the Estates of each of the Debtors.

5.      On March 20, 2023, this Court entered the *Order Directing Joint Administration and Procedural Consolidation of Cases* [D.I. 42], directing procedural consolidation and joint administration of these Bankruptcy Cases.

6.      The Debtors' operations in the U.S. have all ceased.  However, the property of the Estates includes outstanding accounts receivables owed to the Estates by certain companies.

## Retention of Saul Ewing

7.      On November 2, 2023, this Court entered the *Order Granting Application of George L. Miller, Chapter 7 Trustee, for Authority to Employ and Retain Saul Ewing LLP as Special Counsel to Chapter 7 Trustee, Effective as of October 26, 2023* [D.I. 692].

## Professional Services Rendered

8.      Saul Ewing submits this Second Interim Fee Application seeking interim approval and allowance of compensation in the amount of $435,231.50, and actual and necessary expenses in the amount of $5,776.40 incurred during the Application Period.

9. Saul Ewing's hourly rates are set at a level designed to compensate Saul Ewing for the work of its attorneys, paralegals and paraprofessionals and to cover fixed and routine expenses. The hourly rates and corresponding hourly rates structure utilized by Saul Ewing in these Bankruptcy Cases are equivalent to the hourly rates and corresponding rate structure used by Saul Ewing for other corporate restructuring and bankruptcy matters, as well as similar complex corporate, labor, real estate and litigation matters, whether in court or otherwise, regardless of whether a fee application is required. Attached hereto as **Exhibit A** is a summary of the blended hourly rates for timekeepers who billed during the Application Period and Saul Ewing's firm-wide range of billing rates for its various positions.

10. Saul Ewing maintains computerized records of all time expended for the professional services rendered in connection with these Bankruptcy Cases on behalf of the Chapter 7 Trustee. Attached hereto as **Exhibit B** is a summary of fees incurred and hours expended during the Application Period along with a detailed, chronological itemization covering all the services performed by Applicant. This detailed itemization complies with Del. Bankr. L.R. 2016-2(d) in that (i) each time entry contains a separate time allotment, a description of the type of activity and the subject matter of the activity, (ii) all time is billed in increments of one-tenth of an hour, and (iii) time entries are presented chronologically by Applicant.

11. Attached hereto as **Exhibit C** is a detailed itemization, by project category, of all services performed by Applicant with respect to these matters during the Application Period. Non-working travel time (to the extent applicable) is billed at 50% of normal rates.

12. Attached hereto as **Exhibit D** is a description of the costs actually expended by the Applicant in the performance of services rendered as special counsel to the Chapter 7 Trustee during the Application Period. These costs for which reimbursement is requested total $5,776.40.

The breakdown of costs includes the rate for copying charges (\$.10/page) and the basis for each rate, facsimile charges (\$.25/page – outgoing transmission only), telephone charges, postage, messenger service, outside photocopying, teleconferencing, legal research, filing fees, and work associated meals.  By this Application, the Applicant does not seek expenses for incoming facsimile transmissions.

13.    Saul Ewing maintains flat fee contracts with both Westlaw and Lexis. As a general matter, and in the present case, Saul Ewing charges all clients (bankruptcy and non-bankruptcy) on whose behalf legal research is undertaken the amounts that Westlaw and Lexis charge to regular users (i.e. users that do not maintain flat fee contracts) on a basis that is tied to the actual length of usage for each research session; however, Saul Ewing then applies a 50% discount to the amounts charged to its clients.  In applying such discounted charges to its clients, Saul Ewing passes the benefits of the flat fee arrangement on to its clients while also maintaining a revenue neutral arrangement under its contracts with Westlaw and Lexis; specifically, Saul Ewing does not derive a profit from such legal research charges.

14.    Attached hereto as **Exhibit E** is a Declaration of Applicant with respect to the compensation requested.

**Summary of Legal Services by Project Category**

15.    The services rendered by Saul Ewing during the Application Period can be grouped in the categories set forth below.  The following chart is a summary of the fees and hours billed for each project category during the Application Period.

| Project Category | Total Hours | Total Fees |
|---|---|---|
| Fee/Employment Applications (Saul Ewing) | 9.2 | $4,999.00 |
| Litigation: Contested Matters and Adversary Proceedings | 726.8 | $429,759.50 |
| Non-Working Travel | 1.8 | $405.00 |
| Preparation for and Attendance at Hearings | 0.1 | $68.00 |
| **TOTAL** | **737.9** | **$435,231.50** |

16.    These categories are generally described below, with a more detailed identification of the actual services provided set forth in **Exhibit C** attached hereto.

(a)    <u>Fee/Employment Applications (Saul Ewing)</u>.  This category includes all matters related to the review and preparation of a fee application for Saul Ewing.  Time in this category includes drafting, revising and filing Saul Ewing's fee application; communicating with the Chapter 7 Trustee regarding Saul Ewing's fee application; and communicating with the Saul Ewing team regarding the fee application.  Saul Ewing spent 9.2 hours of attorney and paraprofessional time on the foregoing services.  Said services have a value of $4,999.00 for which Saul Ewing is seeking compensation.

| Fee/Employment Applications (Saul Ewing) | | | |
|---|---|---|---|
| **Professionals** | **Position** | **Hours** | **Compensation** |
| Evan T. Miller | Partner | 5.6 | $3,808.00 |
| Paige N. Topper | Associate | 1.0 | $450.00 |
| Robyn E. Warren | Paraprofessional | 2.6 | $741.00 |
| **Total** | | **9.2** | **$4,999.00** |

(b)    <u>Litigation: Contested Matters and Adversary Proceedings</u>.  This category includes all matters related to litigation.  Time in this category includes drafting and analyzing materials related to the Debtors' accounts receivable, correspondence with various parties regarding the same, drafting and filing complaints, litigating motions regarding same, and attending conferences with litigants.    Saul Ewing spent 726.8 hours of attorney and paraprofessional time on the foregoing services.  Said services have a value of $429,759.50 for which Saul Ewing is seeking compensation.

| Litigation: Contested Matters and Adversary Proceedings | | | |
|---|---|---|---|
| **Professionals** | **Position** | **Hours** | **Compensation** |
| Evan T. Miller | Partner | 273.3 | $185,844.00 |
| Michelle G. Novick | Partner | 157.5 | $112,612.50 |

| Litigation: Contested Matters and Adversary Proceedings | | | |
|---|---|---|---|
| **Professionals** | **Position** | **Hours** | **Compensation** |
| Steven C. Reingold | Partner | 26.5 | $20,140.00 |
| Paige N. Topper | Associate | 91.6 | $41,220.00 |
| Turner N. Falk | Associate | 91.4 | $39,302.00 |
| Sabrina Espinal | Associate | 58.0 | $20,880.00 |
| Jorge Garcia | Associate | 10.7 | $4,815.00 |
| Robyn E. Warren | Paraprofessional | 13.4 | $3,819.00 |
| Stacey A. Dignan | Paraprofessional | 2.5 | $712.50 |
| Sean F. Kenny | Paraprofessional | 1.7 | $348.50 |
| Jennifer R. Fitzgerald | Paraprofessional | 0.2 | $66.00 |
| **Total** | | **726.8** | **$429,759.50** |

(c)  Expenses.  **Exhibit D** lists expenses, such as copying costs at $.10¢ per page, postage, filing fees, transcripts, outside reproduction, charges for telephonic Court appearances, charges for legal research, transcripts, outside reproduction, filing fees meals and travel expenses.  Saul Ewing seeks $5,776.40 in expenses.

| EXPENSES | | |
|---|---|---|
| **Expense Category** | **Service Provider (if applicable)** | **Total Expenses** |
| Legal Research | Westlaw | $2,468.78 |
| Legal Research | Lexis Legal Research | $742.50 |
| Filing Fees | Delaware Bankruptcy Court, Delaware District Court and Delaware Secretary of State, | $1,413.00 |
| Postage | U.S. Postal Service- Regular Mail- | $19.81 |
| Transcript | Reliable Copy Service- DE | $144.00 |
| Meals | Marathon Grill-See attached chart | $66.42 |
| Outside Reproduction | Reliable Copy Service- DE- | $921.89 |
| **Total** | | **$5,776.40** |

(d)  Non-Working Travel (Saul Ewing).  This category includes Non-Working Travel for Saul Ewing. Saul Ewing spent 1.8 hours of attorney time on the foregoing services. Non-Working Travel time is billed at 50% of Attorney's standard rate. Said services have a value of $405.00 for which Saul Ewing is seeking compensation.

| Non- Working Travel (Saul Ewing) | | | |
|---|---|---|---|
| **Professionals** | **Position** | **Hours** | **Compensation** |
| Paige N. Topper | Associate | 1.8 | $405.00 |
| **Total** | | **1.8** | **$405.00** |

(e)    Preparation for and Attendance at Hearing.  This category includes all time spent on preparing for and attending court hearings. Time in this category includes reviewing hearing agenda. Saul Ewing spent 0.1 hours of attorney and paraprofessional time on the foregoing services. Said services have a value of $68.00 for which Saul Ewing is seeking compensation.

| Preparation for and Attendance at Hearing | | | |
|---|---|---|---|
| **Professionals** | **Position** | **Hours** | **Compensation** |
| Evan T. Miller | Partner | 0.1 | $68.00 |
| **Total** | | **0.1** | **$68.00** |

## Compensation Should Be Allowed

17.    The foregoing services in the total amount of $435,231.50 provided by Saul Ewing on behalf of the Chapter 7 Trustee during the Application Period were reasonable, necessary and appropriate to the administration of these Bankruptcy Cases.

18.    The attorneys who worked on this case during the Application Period have various levels and areas of expertise.  Accordingly, it was necessary for these attorneys to consult with each other on different aspects and issues relating to these Bankruptcy Cases.

19.    To the best of Saul Ewing's knowledge, this Second Interim Fee Application complies with sections 330 and 331 of the Bankruptcy Code, Del. Bankr. L.R. 2016-2, and the UST's *Guidelines for Reviewing Applications for Compensation. and Reimbursement of Expenses Filed under 11 U.S.C. §330 by Attorneys in Larger Chapter 11 Cases Effective as of November 1, 2013* (the "**Revised UST Guidelines**").

20.    During the Application Period, Saul Ewing did not agree to any variations from, or alternatives to, its standard or customary billing rates, fees or terms for services pertaining to this engagement.

21.    None of the professionals included in this Second Interim Fee Application varied their hourly rate based on the geographical location of the bankruptcy case.

22.    This Second Interim Fee Application does not include time or fees related to reviewing or revising time records or preparing, reviewing or revising invoices.

23.    This Second Interim Fee Application does not include time or fees for reviewing time records to redact any privileged or other confidential information.

24.    Saul Ewing reserves all rights and claims.  Without limiting the generality of the foregoing, Saul Ewing reserves its right to submit future interim fee applications, and final fee applications, including, without limitation, fee applications seeking final allowance of all amounts sought to be paid or reimbursed herein.

25.    The services performed by Saul Ewing during the Application Period for which compensation is sought were necessary for, and beneficial to, the Chapter 7 Trustee and the Estates. Saul Ewing submits that the compensation sought is reasonable.

26.    Saul Ewing submits that the services provided to the Chapter 7 Trustee by Saul Ewing during these Bankruptcy Cases were necessary and appropriate given the complexity of these Bankruptcy Cases, the issues involved, the nature and extent of services provided, and the cost of comparable services outside of bankruptcy, all of which are factors set forth in section 330 of the Bankruptcy Code.  Accordingly, Saul Ewing respectfully submits that approval of the compensation sought for the Application Period is appropriate and should be approved.

27.     Saul Ewing has reviewed the requirements of Del. Bankr. L.R. 2016-2 and believes that this Application complies with the such requirements.

WHEREFORE, Saul Ewing respectfully requests that the Court enter an Order (i) allowing, authorizing and directing payment of interim compensation in the amount of $435,231.50 for legal services rendered on behalf of the Chapter 7 Trustee during the Application Period, together with reimbursement of disbursements in the amount of $5,776.40; and, (ii) granting such other and further relief as the Court deems just and proper.

Dated: October 28, 2024                    **SAUL EWING LLP**

*/s/ Evan T. Miller*
Evan T. Miller (DE Bar No. 5364)
1201 N. Market Street, Suite 2300
P.O. Box 1266
Wilmington, DE 19899
Telephone: (302) 421-6800
evan.miller@saul.com

*Special Counsel to the Chapter 7 Trustee*