# EXHIBIT E

**Declaration of Evan T. Miller**

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>AKORN HOLDING COMPANY LLC, *et al.*[1]<br><br>Debtors. | Chapter 7<br><br>Case No. 23-10253 (KBO)<br><br>(Jointly Administered) |

## DECLARATION OF EVAN T. MILLER

I, Evan T. Miller, declare under the penalties of perjury that:

1. I am a Partner in the firm of Saul Ewing LLP ("**Saul Ewing**"), which serves as special counsel to George L. Miller, chapter 7 trustee (the "**Chapter 7 Trustee**") of the estates of the above-captioned debtors.

2. I am familiar with the work performed by Saul Ewing on behalf of the Chapter 7 Trustee.

3. I have read the foregoing Amended[2] Second Interim Fee Application of Saul Ewing for allowance of compensation and reimbursement of expenses and know the contents thereof and that the same are true and correct, to the best of my knowledge, information and belief.

4. There is no agreement or understanding between Saul Ewing and any other person for a division of compensation as special counsel to the Chapter 7 Trustee.

---

[1] The Debtors in these chapter 7 cases, along with the last four digits of their federal tax identification numbers, and cases numbers are Akorn Holding Company LLC (9190), Case No. 23-10253 (KBO); Akorn Intermediate Company LLC (6123), Case No. 23-10254 (KBO); and Akorn Operating Company LLC (6184), Case No. 23- 10255. The Debtors' headquarters is located at 5605 CenterPoint Court, Gurnee, IL 60031.

[2] **The total amount of compensation and expenses sought were not changed in this Application compared to the original Application filed at D.I. 973. The amendments are limited to (i) correcting the "Total compensation approved [and paid] by interim order to date" figure, which previously said $57,*9*51.00, not $57,*5*91.00 (Application, p. 1-2); (ii) the Attorney Compensation was corrected on the Summary of Billing by Timekeeper section, which previously included *all* timekeepers (Application, p. 4); (iii) the Blended Hourly Rate figures in the "Billing Disclosures" exhibit are updated (Application, Exh. A); and (iv) the Application's expense detail was revised to include additional information (Application, p. 10, Exh. D)**.

5. No division prohibited by the Bankruptcy Code will be made by Saul Ewing.

6. No agreement prohibited by Title 18, Section 155 has been made.

7. I hereby certify that the Amended Second Interim Fee Application complies with the applicable provisions of the Bankruptcy Code, the Bankruptcy Rules and Del. Bankr. L.R. 2016-2. I hereby certify that, in connection with the Second Interim Fee Application, Saul Ewing made a reasonable effort to comply with the Revised UST Guidelines.

Dated: October 28, 2024

                                          */s/ Evan T. Miller*
                                          EVAN T. MILLER