**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re:<br><br>AKORN HOLDING COMPANY LLC, *et al.*[1]<br><br>Debtors. | Chapter 7<br><br>Case No. 23-10253 (KBO<br>(Jointly Administered)<br><br><u>Objection Deadline:</u><br>**December 6, 2024 at 4:00 p.m. (ET)**<br><u>Hearing Date:</u><br>**December 18, 2024 at 9:30 a.m. (ET))** |

**SUPPLEMENTAL APPLICATION OF GEORGE L. MILLER, CHAPTER 7
TRUSTEE, FOR ENTRY OF AN ORDER (I) AUTHORIZING THE
EXPANDED SCOPE OF EMPLOYMENT AND RETENTION OF
SAUL EWING LLP AS SPECIAL COUNSEL TO CHAPTER 7 TRUSTEE, EFFECTIVE
<u>AS OF NOVEMBER 12, 2024 AND (II) GRANTING RELATED RELIEF</u>**

George L. Miller, the duly appointed chapter 7 trustee (the "<u>Trustee</u>") for the estates of the

above-captioned Debtors (collectively, the "<u>Debtors</u>" or "<u>Estates</u>") hereby submits this

supplemental application (this "<u>Supplemental Application</u>") to his *Application of George L. Miller,*

*Chapter 7 Trustee, for Authority to Employ and Retain Saul Ewing LLP as Special Counsel to*

*Chapter 7 Trustee, Effective as of October 26, 2023* [D.I. 678] (the "<u>Application</u>"). In support of

this Supplemental Application, the Trustee states as follows:

<u>**RELIEF REQUESTED**</u>

1.     By this Supplemental Application, the Trustee seeks the entry of an order,

substantially in the form attached hereto as **<u>Exhibit A</u>** (the "<u>Proposed Order</u>"): (a) authorizing the

Trustee to expand the scope of the initial retention of Saul Ewing LLP ("<u>Saul Ewing</u>") to provide

---

[1]     The Debtors in these chapter 7 cases, along with the last four digits of their federal tax identification numbers, and cases numbers are Akorn Holding Company LLC (9190), Case No. 23-10253 (KBO); Akorn Intermediate Company LLC (6123), Case No. 23-10254 (KBO); and Akorn Operating Company LLC (6184), Case No. 23- 10255.  The Debtors' headquarters is located at 5605 CenterPoint Court, Gurnee, IL 60031.

additional services beyond those contemplated by the Application, including the investigation, prosecution, settlement, and/or resolution of certain avoidance actions arising under chapter 5 of the Bankruptcy Code ("Avoidance Actions") and pursuant to the terms outlined in the engagement letter attached to the Proposed Order as **Annex 1** (the "Engagement Letter"); and (b) granting related relief.

2.      In support of this Supplemental Application, the Trustee submits the *Declaration of Evan T. Miller in Support of the Supplemental Application of George L. Miller, Chapter 7 Trustee, for Entry of an Order (I) Authorizing the Expanded Scope of Employment and Retention of Saul Ewing LLP as Special Counsel to Chapter 7 Trustee, Effective as of November 12, 2024, and (II) Granting Related Relief* (the "Supplemental Declaration"), a copy of which is attached hereto as **Exhibit B** and incorporated herein by reference.

### JURISDICTION AND VENUE

3.      The United States Bankruptcy Court for the District of Delaware (the "Court") has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference from the United States District Court for the District of Delaware, dated February 29, 2012*.  This matter is a core proceeding under 28 U.S.C. § 157(b)(2). Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

4.      The statutory predicates for the relief sought in this Supplemental Application are sections 327 and 328(a) of Bankruptcy Code, Rules 2014(a) and 2016 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Rule 2014-1 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules").

5.      Pursuant to Local Rule 9013-1(f), the Trustee confirms his consent to the entry of a final order or judgment by the Court with respect to this Supplemental Application if it is determined that this Court, absent the parties' consent, this Court cannot enter a final order or judgment consistent with Article III of the United States Constitution.

## BACKGROUND

### A.  General Background

1.      On February 23, 2023 (the "Petition Date"), each of the affiliated Debtors Akorn Holding Company LLC, Case No. 23-10253; Akorn Intermediate Company LLC, Case No. 23-10254; and Akorn Operating Company, LLC, Case No. 23-10255 (collectively the "Bankruptcy Cases") filed a voluntary petition in the Bankruptcy Court for relief under chapter 7 of the Bankruptcy Code.

2.      On or about the Petition Date, the Office of the United States Trustee appointed George L. Miller as the chapter 7 Trustee to the estates (the "Estates") of each of the Debtors.

3.      On March 20, 2023, this Court entered the *Order Directing Joint Administration and Procedural Consolidation of Cases* [D.I. 42], directing procedural consolidation and joint administration of these Bankruptcy Cases.

4.      The Debtors' operations included the development, manufacturing, and marketing of specialty pharmaceuticals, including prescription, consumer health, and animal health products. The Debtors were an industry leader in branded and generic products in alternate dosage forms such as ophthalmics, injectables, oral liquids, topicals, inhalants and nasal sprays.  The Debtors operated from numerous locations in the United States, including both owned and leased facilities, and were headquartered in Gurnee, Illinois.

**B.  Initial Retention of Saul Ewing**

5.      On October 26, 2023, the Trustee selected Saul Ewing as special counsel to represent it in connection with the recovery of accounts receivables. On October 30, 2023, the Trustee filed the Application, requesting, *inter alia,* this Court to approve the retention of Saul Ewing, on an hourly basis, to perform the following services (collectively, the "Initial Services"): (a) providing legal advice regarding the Trustee's powers and duties in collecting and liquidating accounts receivable of the Estates; (b) preparing, on behalf of the Trustee, necessary applications, motions, answers, orders, reports, and other legal papers for negotiations and prosecution of actions to recover accounts receivable; (c) appearing in court to protect the Trustee's interests related to accounts receivable matters; (d) offering assistance, advice, and representation concerning any investigation into accounts receivable owed to the Estates as required by law or court order; and (e) performing all additional services related to accounts receivable recovery as assigned by the Trustee.

6.      In support of the Application, the Trustee submitted the *Declaration of Evan T. Miller in Support of Application for Entry of an Order Authorizing the Employment and Retention of Saul Ewing LLP as Special Counsel to George L. Miller, the Chapter 7 Trustee of the Estates Effective as of October 26, 2023* (the "Initial Declaration").

7.      On November 20, 2023, this Court entered an order (the "Initial Retention Order")[2] authorizing the Trustee to retain Saul Ewing to perform the Initial Services.

### EXPANDED SCOPE OF SAUL EWING'S ENGAGEMENT

8.      Under the Bankruptcy Code, a Chapter 7 Trustee may pursue avoidance actions to maximize the estate for creditors, including under 11 U.S.C. § 544 ("strong arm" powers), § 547

---

[2]      *See* Order Authorizing the Employment and Retention of Saul Ewing LLP as Special Litigation Counsel to the Trustee Effective as of October 26, 2023. D.I. 692.

(preferential transfers), § 548 (fraudulent transfers), and § 549 (unauthorized post-petition transfers). Once a transfer is avoided, § 550 allows the Trustee to recover the property or its value, "ensuring additional assets are available for distribution to creditors (collectively, the "Avoidance Actions").

9.     Subject to further order of the Court, and as set forth in the Supplemental Declaration and the Engagement Letter, and in consideration for the compensation contemplated therein, Saul Ewing has agreed to assist the Trustee with the investigation, prosecution, and/or settlement or other resolution of the Avoidance Actions by providing the following additional services (collectively, the "Additional Services"), as needed:

> a)     Review, edit, or comment on the detailed preference analysis of potential preference claims provided by the Trustee;
>
> b)     preparing and sending "demand packages" to targets of Avoidance Actions, which include (i) a customized explanatory letter regarding Preference liability; and (ii) a settlement offer and acceptance form;
>
> c)     in the event the Trustee authorizes the commencement of a lawsuit, preparing and serving the summons, complaint, and any appropriate local forms; and
>
> d)     prosecuting to judgment and/or settling the Avoidance Actions.

10.     The Additional Services performed by Saul Ewing will not duplicate or overlap with the other services performed by the Trustee's other retained professionals.

## TERMS OF RETENTION

11.     Pursuant to the Engagement Letter, Saul Ewing has agreed to perform the Additional Services on a contingency fee basis.[3] A breakdown of the proposed contingent

---

[3]     In accordance with the Initial Retention Order, Saul Ewing shall continue to be compensated on an hourly basis for any work performed in connection with the Initial Services.

compensation for the Additional Services (the "<u>Contingency Fee Schedule</u>") is summarized below:

> *Pre-Suit.* Saul Ewing shall earn legal fees on a 30% contingency basis of the cash value of any recoveries and the cash equivalent value of any claim waiver obtained from a potential defendant of an Avoidance Action after Saul Ewing issues a demand letter, but prior to initiating an Avoidance Action proceeding against such defendant.

> *Post-Suit.* Saul Ewing shall earn legal fees on a 35% contingency basis of the cash value of any recoveries and the cash equivalent value of any claim waiver obtained in connection with the settlement of any Avoidance Action after Saul Ewing initiates such Avoidance Action proceeding, but prior to obtaining a judgment in connection therewith.

> *Post Judgment.* Saul Ewing shall earn legal fees on a 35% contingency basis of the cash value of any recoveries and the cash equivalent value of any claim waiver obtained from a preference action defendant after Saul Ewing obtains a judgment against such defendant.

12.     As set forth in the Engagement Letter, the Estates will cover Saul Ewing's costs and expenses in full, irrespective of any proceeds realized by recoveries on the Avoidance Actions. For the avoidance of doubt, Saul Ewing shall not be responsible for any expert witness fees and expenses, which will be the responsibility of the Estates.

13.     Notwithstanding anything to the contrary herein, or in the Engagement Letter, Saul Ewing agrees that it shall file interim and/or a final fee applications for allowance of compensation and reimbursement of reasonable and documented out-of-pocket expenses.  In the interim fee applications, Saul Ewing will not submit the type of detailed time records generally required from professionals seeking compensation under section 330 of the Bankruptcy Code and Del. Bankr. L. R. 2016-2(d).  Saul Ewing's fees shall be subject only to the standard of review set forth in section 328 of the Bankruptcy Code, and shall not be subject to any other standard of review.

14.     The terms of the Engagement Letter were negotiated between the Trustee and Saul Ewing and reflect the Trustee's evaluation of the work that will be performed by Saul Ewing on behalf of the Trustee, and its expertise in such matters. The Trustee likewise submits that the

compensation structure is consistent with, and typical of, compensation arrangements entered into by Saul Ewing and other comparable firms in connection with the rendering of similar services under similar circumstances.    As a consequence of these discussions and arm's-length negotiations, the Trustee believes that the compensation structure is reasonable, market based, and designed to compensate Saul Ewing fairly for its work performing the Additional Services and to cover customary overhead expenses.

## SAUL EWING'S DISINTERESTEDNESS

15.    Saul Ewing previously reviewed the list of parties-in-interest provided by the Trustee in connection with the Application. To the best of Saul Ewing's knowledge, information, and belief, as of the date hereof, and except to the extent disclosed herein, or in the Initial Declaration, or in the Supplemental Declaration, Saul Ewing: (a) believes it is a "disinterested person" within the meaning of section 101(14) of the Bankruptcy Code; (b) does not hold or represent an interest materially adverse to the Debtors' Estates; and (c) has no material connection to the Debtors, their creditors, or other parties-in-interest, except as disclosed in the Initial Declaration or the Supplemental Declaration.

16.    The Trustee understands that Saul Ewing will not share any compensation to be paid in connection with services to be performed after the Petition Date (including the Initial Services and the Additional Services), with any other person, other than principals and employees of Saul Ewing, to the extent required by section 504 of the Bankruptcy Code.

## BASIS FOR RELIEF

17.    Section 327(e) of the Bankruptcy Code provides that upon Court approval, a trustee may employ an attorney "for a specified purpose"—even where the attorney has previously represented the trustee—if the employment is "in the best interest of the estate, and if such attorney

does not represent or hold any interest adverse to the debtor or to the estate with respect to the matter on which such attorney is to be employed." See 11 U.S.C. § 327(e).

18.    Section 328(a) authorizes a Trustee with the court's approval, to employ "a professional person under section 327 or 1103 ... as the case may be, on any reasonable terms and conditions of employment, including ... on an hourly basis, *on a fixed or percentage fee basis, or on a contingent fee basis.*"[4] Section 328(a) thus allows flexibility in structuring compensation for retained professionals. As the Fifth Circuit noted in *Donaldson Lufkin & Jenrette Securities Corp. v. National Gypsum (In re National Gypsum Co.)*:

> Prior to 1978 the most able professionals were often unwilling to work for bankruptcy estates where their compensation would be subject to the uncertainties of what a judge thought the work was worth after it had been done. That uncertainty continues under the present [section] 330 of the Bankruptcy Code, which provides that the court award to professional consultants "reasonable compensation" based on relevant factors of time and comparable costs, etc. Under present [section] 328 the professional may avoid that uncertainty by obtaining court approval of compensation agreed to with the trustee (or debtor or committee).[5]

Accordingly, section 328 makes clear that the Trustee may retain professionals on a contingency fee basis, subject to the bankruptcy court's approval.[6]

19.    Furthermore, the Trustee submits that the contingency fee arrangement outlined in the Engagement Letter appropriately reflects the nature and scope of the Additional Services, Saul Ewing's substantial experience and expertise in the provision of such services in the context of

---

[4]    11 U.S.C. § 328(a) (emphasis added).

[5]    123 F.3d 861, 862 (5th Cir. 1997) (internal citations and emphasis omitted).

[6]    *See, e.g., In re Uni-Marts, LLC*, Case No. 08-11037 (MFW), 2010 WL 1347640, at *2 (Bankr. D. Del. Mar. 31, 2010) (stating that the Bankruptcy Code "expressly permits the retention of professionals on many different terms, including a percentage basis, an hourly rate or a flat fee.").

chapter 7 cases, and the compensation arrangement typically agreed to by Saul Ewing and other leading professional services firms for engagements of this nature.

20.     Saul Ewing has searched its computerized conflicts system for all parties against whom an Avoidance Action may be asserted. Based upon the conflict search and records, Saul Ewing does not represent any party against whom an Avoidance Action may be asserted, other than as disclosed in the Supplemental Declaration.

21.     Accordingly, the contingency fee arrangement proposed in connection with the Additional Services is appropriate, and should therefore be approved by this Court.

*[Remainder of Page Left Intentionally Blank]*

## NOTICE

22.     The Trustee has provided notice of this Supplemental Application to the following parties (the "Notice Parties"): (i) the Office of the United States Trustee for the District of Delaware; (ii) the Debtors' counsel; (iii) the ABL Administrative Agent, (iv) the TL Administrative Agent, (v) known counsel to the ABL Lenders; (vi) known counsel to the TL Lenders; (vii) the largest thirty (30) unsecured creditors with names and addresses appearing in Schedule F of the Schedules of Assets and Liabilities prepared by the Debtors; and (viii) all parties who have requested notice pursuant to Federal Rule of Bankruptcy Procedure 2002.   Due to the nature of the relief requested herein, the Trustee submits that no other or further notice need be provided.

**WHEREFORE,** the Trustee respectfully requests that the Court enter an order granting the relief requested herein and such other relief as the Court deems appropriate under the circumstances.

Dated: November 19, 2024      **George L. Miller, solely in his capacity as Chapter 7 Trustee for the Debtors' Estates**

By: _____
    George L. Miller

10