# EXHIBIT 1

## REVISED SETTLEMENT AGREEMENT

[EXECUTION VERSION]

## Akorn – Settlement Agreement

**I.   Conversion.** The Debtors shall withdraw the Conversion Motion [D.I. 832] with prejudice and the Debtors' bankruptcy cases shall remain in Chapter 7 subject to the terms and conditions set forth in this revised Settlement Agreement (the "Revised Settlement Agreement")[1]. The Debtors and their Controlling Members who consented to the Conversion Motion shall (i) not file any additional motions to convert to Chapter 11, and (ii) not object to the payment to the Chapter 7 Trustee of a commission on all monies disbursed or turned over in the Chapter 7 Cases by the Chapter 7 Trustee to parties in interest, excluding the Debtors, but including the holders of secured claims calculated at the maximum percentage rates set forth in 11 U.S.C. § 326(a).

**II.   D&O Claims.** Akorn Holding Company LLC ("Holdco") shall be granted derivative standing to prosecute the Debtors' claims against any of their former directors and officers (the "D&O Litigation") on behalf of the Debtors' Estates in the Bankruptcy Court (as defined below), subject to the rights any of the Debtors' creditors may have against the Estates. All professional fees and expenses incurred by Holdco in prosecution of D&O Litigation are to be paid by Holdco and not from the Debtors' Chapter 7 Estates.

**III.   Insider Claims.** Holdco shall have the right to object to all claims filed against the Debtors by former directors and officers of the Debtors (the "Insider Claims") provided however that Holdco shall only file objections to Insider Claims in the D&O Litigation. Holdco shall be entitled to reimbursement of reasonable professional fees and expenses, subject to Holdco filing of a fee application and Bankruptcy Court approval, incurred in the prosecution of any objections by Holdco to Insider Claims, except to the extent that such objections relate to the fact that they would be offset by the D&O Litigation. The Chapter 7 Trustee shall cooperate reasonably with Holdco in respect of the prosecution of such objections pursuant to this Section III.

**IV.   Other Claim Objections.** The Chapter 7 Trustee shall consult regularly with Holdco concerning the status and strategy of the claims reconciliation process, including the allowance of and/or objection to any and all claims. In addition to Holdco's right to object to any and all Insider Claims in accordance with Section III of this Revised Settlement Agreement, the Trustee agrees Holdco shall also have the right to object to any claim asserted against the Debtors in excess of $1 million in the event that the Chapter 7 Trustee declines to object to any such claims in whole or in part. The Chapter 7 Trustee and Holdco agree in the event Holdco files any claims objections pursuant to this Section IV that the Trustee will not object to Holdco being reimbursed reasonable professional fees and expenses related to such objections from the Estates <u>provided that</u> Holdco in advance of filing any such objections shall have requested and obtained Bankruptcy Court approval to be reimbursed from the Debtors' Chapter 7 Estates for reasonable professional fees and expenses to be incurred in the prosecution of any such objections by Holdco. The Chapter 7 Trustee shall cooperate with Holdco and take other actions reasonably requested by Holdco in respect of the claims reconciliation process and the objection by Holdco to any claims.

---

[1] Unless expressly defined herein, capitalized terms shall have the meanings ascribed to them in the Trustee's Motion for Entry of an Order (I) Approving Settlement of Conversion Motion Pursuant to Fed. R. Bankr. P. 9019 and (II) Granting Related Relief [D.I. 972].

**[EXECUTION VERSION]**

**V.     McKesson/Amerisource Litigation**.  The Chapter 7 Trustee shall consult regularly with Holdco concerning the status, strategy and settlement of the lawsuits filed against McKesson Corp. and Amerisource Bergen.  If Holdco does not consent to the amount of any settlement proposed by the Chapter 7 Trustee of the lawsuits against McKesson Corp. and/or Amerisource Bergen, then Holdco shall have the right to acquire such claims upon payment to the Debtors' Chapter 7 Estates of a sum equal to the value to the Debtors' Chapter 7 Estates of the Chapter 7 Trustee's proposed settlement.

**VI.    Information Access**.  The Chapter 7 Trustee shall cooperate with Holdco regarding the prosecution of the D&O Litigation and any claims objections filed by Holdco in accordance herewith, and shall afford Holdco with reasonable access to the Debtors' books and records in connection with such matters.  The Chapter 7 Trustee shall make himself and his advisors available to representatives of Holdco for periodic updates concerning the status of the Debtors and the Chapter 7 cases.  Holdco and its advisors shall consult regularly with the Chapter 7 Trustee and his advisors regarding the status and strategy with respect to the prosecution of any D&O Litigation and any claims objections filed by Holdco.

**VII.   Governance of Holdco**.  The Chapter 7 Trustee shall not object to, or interfere with, the governance of Holdco, and Holdco shall not object to or interfere with, the administration of the Debtors' Chapter 7 Estates by the Chapter 7 Trustee.  Notwithstanding the foregoing, all references herein to the governance of Holdco, including, but not limited to, Holdco consent to the transfer of its equity interests as provided by Article VIII of Holdco's Amended and Restated Limited Liability Agreement, dated as of October 1, 2020 (the "LLC Agreement"), shall be conducted by the Members holding a minimum of 51% of the outstanding Membership Interests of Holdco (as such capitalized terms are defined in the LLC Agreement).

**VIII.  Settlement of Equity Trades**.  Holdco may proceed to approve and settle all open and future equity trades of common units of Holdco in accordance with Holdco's governing documents on a commercially reasonable basis by a transfer agent or designee of Holdco as determined by the Holdco Members holding a minimum of 51% of the outstanding Membership Interests of Holdco.  The Chapter 7 Trustee's consent shall not be required for such transfers (whether such trades are pending now or executed hereafter).

**IX.    Reimbursement of Professional Fees**.  The Debtors shall reimburse the reasonable professional fees and expenses subject to Bankruptcy Court approval which were incurred by Glenn Agre Bergman & Fuentes LLP in an amount not to exceed $320,000, Morris Nichols Arsht & Tunnel LLP in an amount not to exceed $160,000, and LAS Advisors LLC in an amount not to exceed $15,000 in connection with the Conversion Motion.

**X.     Bankruptcy Court Jurisdiction**.  The United States Bankruptcy Court for the District of Delaware (the "Bankruptcy Court") shall retain and have sole and exclusive jurisdiction of all matters and disputes related to this settlement.

**[EXECUTION VERSION]**

**AGREED TO BY:**

Dated: November 25, 2024                      **COZEN O'CONNOR**

/s/ *John T. Carroll, III*
John T. Carroll, III (DE No. 4060)
Simon E. Fraser (DE No. 5335)
1201 N. Market Street, Suite 1001
Wilmington, DE 19801
(302) 295-2000 Phone
(302) 295-2013 Fax No.
jcarroll@cozen.com
sfraser@cozen.com

David R. Doyle (IL ARDC 6303215)
(Admitted in IL/Not admitted in DE)
123 N. Wacker Drive, Suite 1800
Chicago, IL 60606
(312) 474-1648 Phone
(312) 382-8910 Fax No.
daviddoyle@cozen.com

*Counsel to George L. Miller,*
*Chapter 7 Trustee*

[EXECUTION VERSION]

**AGREED TO BY:**

Dated: November 25, 2024      **MORRIS, NICHOLS, ARSHT & TUNNEL LLP**

/s/ *Robert J. Dehney*
Robert J. Dehney (DE No. 3578)
Daniel B. Butz (DE No. 4227)
1201 N. Market Street, 16th Floor
P.O. Box 1347
Wilmington, Delaware 19899-1347
Telephone: (302) 658-9200
Facsimile: (302) 658-3989
Email:  rdehney@morrisnichols.com
        dbutz@morrisnichols.com

-and-

**GLENN AGRE BERGMAN & FUENTES LLP**
Andrew K. Glenn (admitted *pro hac vice*)
Shai Schmidt (admitted *pro hac vice*)
Richard C. Ramirez (admitted *pro hac vice*)
Malak S. Doss (admitted *pro hac vice*)
1185 Avenue of the Americas, 22nd Floor
New York, New York 10036
Telephone: (212) 970-1600
Email:  aglenn@glennagre.com
        sschmidt@glennagre.com
        rramirez@glennagre.com
        mdoss@glennagre.com

*Proposed Counsel to the Debtors and Debtors' Controlling Members*