**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re:<br><br>AKORN HOLDING COMPANY LLC, *et al.*[1]<br><br>Debtors. | Chapter 7<br><br>Case No. 23-10253 (KBO<br><br>(Jointly Administered)<br><br>Related D.I. __996, 1008 |

**ORDER (I) AUTHORIZING THE EXPANDED SCOPE OF EMPLOYMENT**
**AND RETENTION OF SAUL EWING LLP AS SPECIAL COUNSEL TO**
**CHAPTER 7 TRUSTEE, EFFECTIVE AS OF NOVEMBER 12, 2024**
**AND (II) GRANTING RELATED RELIEF**

Upon consideration of the supplemental application (the "Supplemental Application")[2] of the Trustee for entry of an order (a) authorizing the expanded scope of employment and retention of Saul Ewing LLP ("Saul Ewing") as special litigation counsel to the Trustee effective as of November 12, 2024, and (b) granting related relief, all as more fully set forth in the Supplemental Application and the Supplemental Declaration; and this Court having jurisdiction to consider the Supplemental Application and the relief requested therein pursuant to 28 U.S.C. §§157 and 1334 and the *Amended Standing Order of Reference from the United States District Court for the District of Delaware, dated as of February 29, 2012*; and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Supplemental Application having been provided under the particular circumstances; and it appearing that the

---

[1] The Debtors in these chapter 7 cases, along with the last four digits of their federal tax identification numbers, and cases numbers are Akorn Holding Company LLC (9190), Case No. 23-10253 (KBO); Akorn Intermediate Company LLC (6123), Case No. 23-10254 (KBO); and Akorn Operating Company LLC (6184), Case No. 23- 10255. The Debtors' headquarters is located at 5605 CenterPoint Court, Gurnee, IL 60031.

[2] Capitalized terms not otherwise defined herein shall have the same meanings ascribed to them in the Supplemental Application.

relief requested therein is in the best interests of the Trustee, the bankruptcy estates, and other parties-in-interest; and it appearing that no other or further notice need be provided; and this Court having found that the Trustee's notice of the Supplemental Application and opportunity for a hearing thereon was appropriate under the circumstances and no other notice need be provided; and this Court having reviewed the Supplemental Application and having heard the statements in support of the relief requested therein at a hearing (if any) before this Court (the "Hearing"); and this Court having determined that the legal and factual bases set forth in the Supplemental Application and at the Hearing (if any) establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor;

**IT IS HEREBY ORDERED THAT:**

1. The Supplemental Application is granted as set forth herein.

2. Pursuant to sections 327(e) and 328(a) of the Bankruptcy Code, the Trustee is authorized to expand the scope of Saul Ewing's employment and retention in accordance with the terms and conditions set forth in the Supplemental Application and the Engagement Letter, attached hereto as **Annex 1** and incorporated herein by reference and as modified herein, effective as of November 12, 2024, to include the following additional services related to the Trustee's investigation, prosecution, and/or settlement or other resolution of the Avoidance Actions (collectively, the "Additional Services"), as needed:

    a) review, edit, or comment on the detailed preference analysis of all potential preference claims provided by the Trustee;

    b) preparing and sending "demand packages" to targets of Avoidance Actions, which include (i) a customized explanatory letter regarding avoidance liability; and (ii) a settlement offer and acceptance form;

    c) in the event the Trustee authorizes the commencement of a lawsuit, preparing and serving the summons, complaint, and any appropriate local

forms; and d) prosecuting to judgment and/or settling the Avoidance Actions.

d) prosecuting to judgment and/or settling the Avoidance Actions.

3. The terms of the Engagement Letter are approved in all respects except as limited or modified herein. For the avoidance of doubt, the terms of the Engagement Letter, including, without limitation, the proposed contingency fee arrangement, shall apply only with respect to the Additional Services to be performed by Saul Ewing. With respect to providing further Initial Services to the Trustee, Saul Ewing shall only be compensated for such services and reimbursed for costs incurred in furtherance of such services in accordance with the terms of the Initial Retention Order.

4. The compensation provisions of the Engagement Letter, including with respect to the contingency fees, are reasonable terms and conditions of employment as required under sections 328(a) of the Bankruptcy Code, and are hereby approved. Saul Ewing's fees and reasonable and documented out-of-pocket expenses incurred in performing the Additional Services shall be compensated and reimbursed in accordance with the terms of, and at the times specified by, the Engagement Letter. All fees and out-of-pocket expense reimbursements to be paid to Saul Ewing shall be subject to review only pursuant to the standards set forth in section 328(a) of the Bankruptcy Code.

5. Notwithstanding anything to the contrary herein, or in the Supplemental Application, and/or the Engagement Letter, Saul Ewing shall file interim fee applications for allowance of compensation and reimbursement of out-of-pocket expenses, and Saul Ewing's fees shall be subject only to the standard of review set forth in section 328 of the Bankruptcy Code, and shall not be subject to any other standard of review. In the fee applications, Saul Ewing shall not be required to submit the type of detailed time records generally required from professionals

seeking compensation under section 330 of the Bankruptcy Code and Del. Bankr. L. R. 2016-2(d).

6. Notwithstanding anything to the contrary in the Application or this Order, Saul Ewing shall be, and hereby is, authorized to apply for reimbursement of expenses and costs incurred in connection with the prosecution of the Additional Services prior to any recovery by the Estates in connection with the Additional Services, including but not limited to costs associated with experts.

7. Saul Ewing shall use reasonable efforts to avoid any duplication of services provided by any of the Trustee's other retained professionals in these chapter 7 cases.

8. Saul Ewing shall have a continuing duty to review whether any new material facts or relationships bearing on the matters described herein arise during the pendency of these chapter 7 cases. If such material facts or relationships are discovered or otherwise arise, Saul Ewing will use reasonable efforts to provide the Court with a supplemental declaration disclosing such new materials facts or relationships.

9. The Trustee and Saul Ewing are authorized and empowered to take all actions necessary to implement the relief granted in and pursuant to this Order.

10. Notice of the Supplemental Application as provided therein shall be deemed good and sufficient notice of such Supplemental Application and the requirements of Bankruptcy Rule 6004(a) and the Local Rules are satisfied by such notice.

11. The terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

12. Notwithstanding any provision to the contrary in the Supplemental Application or the Engagement Letter, the Court shall retain jurisdiction to hear and to determine all matters arising from or related to the implementation, interpretation, or enforcement of this Order and Saul

Ewing's retention.

13. To the extent that there is any inconsistency between the Engagement Letter, the Supplemental Application, the Supplemental Declaration, and this Order, the provisions of this Order shall apply.

Dated: December 13th, 2024  
Wilmington, Delaware

KAREN B. OWENS  
UNITED STATES BANKRUPTCY JUDGE