EXHIBIT "A"

Proposed Final Order Approving the WARN Settlement
Under Fed. R. Civ. P. 23, Fed. Bankr. R. 7023, and Bankr. R. 9019

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| **In re:**<br><br>AKORN HOLDING COMPANY LLC, *et al.* [1]<br><br>Debtors**.**<br><br>-------------------------------------------------<br><br>LISHA ABRAHAM, SUSAN BERRY and BENJAMIN SUMMERS on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>AKORN OPERATING COMPANY LLC, AKORN INTERMEDIATE COMPANY LLC and AKORN HOLDING COMPANY LLC<br><br>Defendants. | Chapter 7<br>Case No. 23-10253 (KBO)<br>(Jointly Administered)<br><br>Related Doc. No. 975, 976, 978, 993<br><br><br><br>Adversary Proceeding No.: 23-50117-KBO<br><br>Related Doc. No. 26, 27, 29, 35 |

**FINAL ORDER APPROVING THE WARN SETTLEMENT UNDER FED. R. CIV. P. 23, FED. BANKR. R. 7023, AND BANKR. R. 9019**

**UPON** the Order dated November 19, 2024 [Dkt. No. 993; Adv. Dkt. No. 35] (the "Preliminary Settlement Order") preliminarily approving the *Joint Motion of Chapter 7 Trustee and Proposed Class Representatives, Pursuant to Section 105 of the Bankruptcy Code and Bankruptcy Rules 9019 and 7023 to: (I) Approve the Settlement Agreement Pursuant to Bankruptcy Rule 9019, (II) Preliminarily Approve the Settlement Agreement Pursuant to*

---

[1] The Debtors in these chapter 7 cases, along with the last four digits of their federal tax identification numbers, and cases numbers are Akorn Holding Company LLC (9190), Case No. 23-10253 (KBO); Akorn Intermediate Company LLC (6123), Case No. 23-10254 (KBO); and Akorn Operating Company LLC (6184), Case No. 23-10255 (KBO). The Debtors' headquarters is located at 5605 CenterPoint Court, Gurnee, IL 60031.

73625830\3 6010823/00574256

*Bankruptcy Rule 7023, (III) Certify the Warn Class for Settlement Purposes, Including the Appointment of Class Counsel and the Class Representatives, (IV) Approve the Form and Manner of Notice to Class Members of the Settlement, (V) Schedule a Fairness Hearing to Consider Final Approval of the Settlement Agreement, (VI) Finally Approve the Settlement Agreement Following the Fairness Hearing, and (VII) Grant Related Relief* [Dkt. No. 975; Adv. Dkt. No. 26] (the "Joint Motion")[2] which seeks, among other things, entry of an Order finally approving the Settlement Agreement[3] following the Fairness Hearing and providing related relief (the "Final Settlement Order"); the Court having reviewed the Joint Motion and any objections thereto, and being fully advised; the Court finding that: (a) the Court has jurisdiction over this matter pursuant to 28 USC § 1334, (b) this is a core proceeding pursuant to 28 USC § 157(b)(2), (c) notice of the Joint Motion and the Fairness Hearing thereon was sufficient under the circumstances, and (d) the Court having reviewed the terms of the Settlement Agreement; and the Court having determined that the legal and factual bases set forth in the Joint Motion establish just cause for the relief granted herein; the Court having determined that the relief sought in the Joint Motion is in the best interest of the Estates; and after due deliberations and sufficient cause appearing therefore,

**IT IS HEREBY ORDERED, ADJUDGED AND DECREED THAT:**

1. The Joint Motion is GRANTED in its entirety.

2. All objections to the Joint Motion or the relief requested in the Joint Motion, if any, that have not been withdrawn, waived or settled, and all reservations of rights in such

---

[2] Capitalized terms not otherwise defined in this Order shall have the meanings provided in the Joint Motion, the Joint Memorandum of Law in support thereof, and/or the Settlement Agreement, as applicable.

[3] A copy of the Settlement Agreement is attached to the Joint Memorandum of Law as Exhibit A.

objections, if any, shall be and hereby are, OVERRULED in all respects on the merits and denied.

    3.    The Settlement Agreement is approved in all respects as being fair, reasonable, and adequate for the following reasons:

    a. If the Settlement is not approved, the Adversary Proceeding will likely be complicated, protracted and expensive, thereby unnecessarily depleting the Estates and delaying and diminishing distributions to creditors, including Class Members.

    b. The Settlement was reached after the essential facts had been thoroughly investigated by Class Counsel through formal and informal discovery and through informal settlement conferences and mediation.

    c. The Settlement is well within the range of reasonableness given the risks facing both Parties.

    d. The Settlement Agreement was negotiated in a mediation, at arm's length by experienced counsel and in good faith, is fair, equitable, and in the best interests of the Parties.

    4.    On the Effective Date, the Settlement and the Settlement Agreement shall become binding upon the Parties and the Class.

    5.    The entry of this Order is without prejudice to the relief granted in the Preliminary Settlement Order, and entry of this Order shall not serve to extend or stay the time of filing any appeal regarding any of the relief granted in the Preliminary Settlement Order.

    6.    The Trustee and Class Counsel are hereby authorized and empowered to take such steps and perform such acts as may be necessary to carry out the terms of this Order and the Settlement Agreement. Further, the Trustee is authorized to make the Allowed Priority WARN Claims Distribution promptly following the Effective Date to the Qualified Settlement Fund in accordance with the terms of the Settlement.

7. On the Effective Date, and in accordance with the Settlement Agreement, any and all Released Claims shall be deemed waived without need for further Bankruptcy Court order, and any Released Claims that have been scheduled on behalf of, or filed by, any Class Members in any of the Bankruptcy Cases are disallowed in their entirety and shall be deemed expunged from the applicable schedule(s) or claims register(s) without any further action needed by the Trustee or the Bankruptcy Court.

8. This Court shall retain jurisdiction over all matters arising from or related to the interpretation and/or implementation of this Order.

9. Notwithstanding any applicable rules of procedure that may be interpreted to the contrary, this Order is effective immediately upon entry.