IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | : | Chapter 7 |
| | : | (*jointly administered*) |
| AKORN HOLDING COMPANY, LLC, *et al.*, | : | Case No. 23-10253 (KBO) |
| | : | Hearing Date: February 7, 2025 at 10:00 a.m. ET |
| Debtors.[1] | : | Objection Deadline: January 29, 2025 at 4:00 p.m. ET |

**APPLICATION OF THE CHAPTER 7
TRUSTEE FOR AN ORDER AUTHORIZING THE EMPLOYMENT
AND RETENTION OF CIARDI CIARDI & ASTIN AS SPECIAL COUNSEL, *NUNC
PRO TUNC* TO DECEMBER 16, 2024**

George L. Miller, chapter 7 trustee (the "Chapter 7 Trustee" or "Trustee") for the estates of Akorn Holding Company, LLC and its affiliated debtors (collectively, the "Debtors"), hereby submits this application (the "Application") for entry of an order authorizing him to retain and employ Ciardi Ciardi & Astin ("CC&A") as special counsel, *nunc pro tunc* to December 16, 2024, pursuant to Sections 327(e) of Title 11 of the United States Code as amended, 11 U.S.C. §§ 101-1532 (the "Bankruptcy Code"), Rule 2014 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Rule 2014-1 of the Local Rules of Bankruptcy Practice and Procedure (the "Local Rules"). In support of the Application, the Chapter 7 Trustee respectfully represents as follows:

**JURISDICTION AND VENUE**

1. This Court has jurisdiction over this Application pursuant to 28 U.S.C. §§ 157 and 1334. This matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A).

---

[1] The Debtors along with the last four digits of their federal tax identification numbers, and cases numbers are Akorn Holding Company LLC (9190), Case No. 23-10253 (KBO); Akorn Intermediate Company LLC (6123), Case No. 23-10254 (KBO); and Akorn Operating Company LLC (6184), Case No. 23-10255. The Debtors' headquarters is located at 5605 CenterPoint Court, Gurnee, IL 60031.

2. Venue of this proceeding and this Application is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409.

3. The statutory predicates for the relief sought herein are Sections 327(e) of the Bankruptcy Code.

**BACKGROUND**

4. By this Application, the Trustee seeks to employ CC&A as special counsel for the prosecution of certain preferential transfer actions under Chapter 5 as identified and instructed by the Trustee.

5. The Trustee seeks to employ CC&A as his special counsel because of CC&A's considerable experience in matters of this nature, and the Trustee believes that CC&A is well-qualified to perform the services required. CC&A has represented trustees (including the Trustee), debtors in possession and creditors' committees in numerous cases.

6. To the best of the Trustee's knowledge, and except as disclosed in the declaration of Albert A. Ciardi III, Esquire (the "Declaration"), which is attached hereto and made a part hereof as **Exhibit A**, CC&A has not represented (and does not have any connection with) the Trustee, the Debtors, creditors of the estate, equity security holders or any other parties in interest or its respective attorneys or accountants, the United States Trustee or any person employed in the Office of the United States Trustee in any matter relating to the Debtors or their estates.

7. To the best of the Trustee's knowledge, and except as otherwise disclosed in the Declaration, CC&A does not hold or represent any interest adverse to the Debtors or their estates, and CC&A is a "disinterested person" as that phrase is defined in section 101(14) of the Bankruptcy Code.

8. The Trustee believes that CC&A's employment is necessary and in the best interests of the estate and its creditors.

## RELIEF REQUESTED

9. By this Application, the Trustee seeks the Court's approval to employ CC&A as special counsel, *nunc pro tunc* to December 7, 2024, pursuant to 11 U.S.C §§327 (a) and 328, Bankruptcy Rule 2014(a), and Local Rule 2014-1.

10. Section 327(e) of the Bankruptcy Code provides, in relevant part, as follows:

> The trustee, with the court's approval, may employ, for a specified special purpose, other than to represent the trustee in conducting the case, an attorney that has represented the debtor, if in the best interest of the estate, and if such attorney does not represent or hold any interest adverse to the debtor or to the estate with respect to the matter on which such attorney is to be employed

11 U.S.C. § 327(e).

11. Bankruptcy Rule 2014(a) provides, in relevant part, as follows:

> An order approving the employment of attorneys . . . pursuant to § 327, § 1103, or § 1114 of the Code shall be made only on application of the trustee or committee. The application shall be filed and . . . a copy of the application shall be transmitted by the applicant to the United States trustee. The application shall state the specific facts showing the necessity for the employment, the name of the person to be employed, the reasons for the selection, the professional services to be rendered, any proposed arrangement for compensation, and, to the best of the applicant's knowledge, all of the person's connections with the Debtors, creditors, any other party in interest, its respective attorneys and accountants, the United States trustee, or any person employed in the office of the United States trustee. The application shall be accompanied by a verified statement of the person to be employed setting forth the person's connections with the Debtors, creditors, or any other party in interest, its respective attorneys and accountants, the United States trustee, or any person employed in the office of the United States trustee.

FED. R. BANKR. P. 2014(a).

12. Lastly, Section 328 of the Bankruptcy Code provides (in relevant part):

> [t]he trustee, or a committee appointed under section 1102 of this title, with the court's approval, may employ or authorize the employment of a professional person under section 327 or 1103 of this title, as the case may be, on any reasonable terms and conditions of employment, including on retainer, on an hourly basis, or on a contingent fee basis.

11 U.S.C. § 328(a).

13. Subject to Court approval in accordance with Section 330 of the Bankruptcy Code, compensation will be payable to CC&A at its normal and customary rates, plus reimbursement of actual, necessary expenses and other charges incurred.

## NOTICE

14. Notice of this Application has been given to the Office of the United States Trustee and all parties who have requested notice pursuant to Bankruptcy Rule 2002. The Trustee submits that no further notice is required.

WHEREFORE, the Trustee respectfully requests entry of an order, substantially in the form attached hereto, authorizing the Trustee to employ CC&A as his special counsel in this proceeding, and for such other and further relief as is just.

Dated: January 15, 2025

George L. Miller, Chapter 7 Trustee

# **EXHIBIT A**

# **Declaration of Albert A. Ciardi III, Esq.**

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 7 |
| | (*jointly administered*) |
| AKORN HOLDING COMPANY, LLC, *et al.*, | Case No. 23-10253 (KBO) |
| Debtors.[2] | |

**DECLARATION OF ALBERT A. CIARDI III, IN SUPPORT OF APPLICATION OF THE CHAPTER 7 TRUSTEE FOR AN ORDER AUTHORIZING THE EMPLOYMENT AND RETENTION OF CIARDI CIARDI & ASTIN AS SPECIAL COUNSEL TO THE CHAPTER 7 TRUSTEE, *NUNC PRO TUNC* TO DECEMBER 16, 2024**

I, Albert A. Ciardi III, Esquire, of full age, being duly sworn according to law, hereby declare as follows:

1. I am a member of Ciardi Ciardi & Astin ("CC&A"), which maintains offices for the practice of law at 1204 N. King Street, Wilmington, Delaware 19801. I am an attorney at law, duly admitted and in good standing to practice in the Commonwealth of Pennsylvania and the States of Florida and New Jersey.

2. I submit this declaration (the "Declaration") in connection with, and in support of, the *Application of George L. Miller, the Chapter 7 Trustee* (the "Chapter 7 Trustee" or "Trustee"), *Pursuant to Bankruptcy Code Sections 327(a) and 328(a) and Bankruptcy Rules 2014(a) and 2016, for Authority to Employ and Retain Ciardi Ciardi & Astin as Special Counsel to the Chapter 7 Trustee,* Nunc Pro Tunc

---

[2] The Debtors along with the last four digits of their federal tax identification numbers, and cases numbers are Akorn Holding Company LLC (9190), Case No. 23-10253 (KBO); Akorn Intermediate Company LLC (6123), Case No. 23-10254 (KBO); and Akorn Operating Company LLC (6184), Case No. 23-10255. The Debtors' headquarters is located at 5605 CenterPoint Court, Gurnee, IL 60031.

6

*to December 7, 2024* (the "Application"),[3] in which he seeks to retain CC&A as special counsel for collection actions related to accounts receivables as directed by the Trustee in the above-captioned chapter 7 case pursuant to sections 327(a) and 328 of title 11 of the United States Code (the "Bankruptcy Code") and Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") 2014(a) and 2016.

3. Except as set forth herein, neither I, CC&A, nor any partner or associate thereof, insofar as I have been able to ascertain, has any connection with the Debtors, their creditors, or any other party in interest herein, or their respective attorneys and accountants, the United States Trustee or any person employed in the Office of the United States Trustee.[4]

4. CC&A systematically maintains and updates its conflicts check system in the regular course of business. Prior to the Trustee's filing of this Declaration, CC&A reviewed the entities listed on **Exhibit 1**.

5. CC&A has represented, and currently represents, George L. Miller, the Chapter 7 Trustee, in his capacity as chapter 7 trustee of estates unrelated to the Debtors and/or the Debtors' estates.

6. CC&A employs approximately 8 lawyers, has a diverse legal practice that encompasses numerous commercial entities, some of which may be claimants or otherwise have an interest in these proceedings. CC&A may have in the past represented, currently represent, and may in the future represent, certain entities that are claimants or potential claimants of the Debtors, or other parties in interest, in matters wholly unrelated to this chapter 7 case and their respective claims or potential claims against the Debtors. Furthermore, CC&A appears in cases, proceedings and transactions involving various attorneys, accountants, financial consultants and investment bankers, some of which now, or may in the future, represent or themselves be claimants or parties in interest in this chapter 7 case. Notwithstanding the

---

[3] Capitalized terms not otherwise defined herein shall have the meanings ascribed to them in the Application.
[4] Joseph J. McMahon, Esq. was employed by CCA for approximately 10 years prior to returning to the Office of the United States Trustee in August 2020.

foregoing, CC&A has not and will not represent such entities with respect to this chapter 7 case and their respective claims against the Chapter 7 Trustee or the Debtors. CC&A has not (and will not have) any relationship with any such entity that would be adverse to the Debtors or the bankruptcy estates.

7. CC&A respectfully submits that is not disqualified from employment by the Chapter 7 Trustee pursuant to 11 U.S.C. §§ 327 (a) and 328 as a result of CC&A's representation of the aforementioned creditors and parties in interest because CC&A's representation of these creditors and parties in interest is in regard to discrete and unrelated matters. Thus, no actual conflict of interest exists with respect to such creditors.

8. Based upon the foregoing, I do not believe that CC&A either holds or represents any disqualifying interest adverse to the Chapter 7 Trustee, the Debtors, the estates, their creditors or other parties in interest. Also, CC&A is a "disinterested person" within the meaning of section 101(14) of the Bankruptcy Code.

9. CC&A intends to apply to the Court for allowance of compensation for professional services rendered and reimbursement of service charges, expenses and disbursements incurred by CC&A in connection with this case in accordance with applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules of this Court (the "Local Rules") and any Order of the Court.

10. CC&A will charge its regular hourly rates for services performed in this case. Currently, CC&A's regularly hourly rates range from $300.00 to $625.00 for attorneys. The principal attorneys presently designated to represent the Chapter 7 Trustee and their current standard hourly rates for representing the Chapter 7 Trustee are as follows:

      a. Albert A. Ciardi, III      $625.00 per hour

      b. John D. McLaughlin, Jr.      $625.00 per hour

      c. Walter W. Gouldsbury III      $525.00 per hour

Other attorneys and paraprofessionals may from time to time serve the Chapter 7 Trustee in connection with the matters herein described.

11. The hourly rates set forth above are CC&A's current regular hourly rates for work of this nature and are normally subject to periodic adjustments to reflect economic and other conditions which adjustments usually take place annually.  These rates are set at a level designed to fairly compensate CC&A for the work of its attorneys and paraprofessionals and to cover fixed and routine overhead expenses. Such hourly rates do not include charges for non-legal personnel, including word processing, clerical, proofreading and secretarial staff. It is CC&A's policy to charge its clients for all other services provided and for disbursements and expenses incurred in relation thereto. These disbursements and expenses include, among other things, charges for telephone and facsimile usage, photocopying, travel, business meals, computerized research, messengers, couriers, postage, witness fees and fees related to trials and hearings. CC&A will charge for these expenses in a manner and at rates consistent with charges made generally to its other clients. CC&A believes it is more equitable to charge these expenses to the clients incurring them than to increase the hourly rates and spread the expenses among all clients.

12. No promises have been rendered by or to CC&A as to compensation in connection with this case other than in accordance with the provisions of the Bankruptcy Code. CC&A has no agreement with any other person (other than customary arrangement among the partners of CC&A) for the sharing of compensation to be received by CC&A in connection with services rendered in this case.

13. CC&A reserves the right to supplement this Declaration should it discover further pertinent relationships that require disclosure in this case.

Case 23-10253-KBO    Doc 1033    Filed 01/15/25    Page 10 of 12

      Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury of the laws of the United States of America that the foregoing is true and correct.

Dated this 15th day of January 2025             */s/ Albert A. Ciardi III*
                                                              Albert A. Ciardi III

      Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury of the laws of the United States of America that the foregoing is true and correct.

Dated this 15th day of January 2025            */s/ Albert A. Ciardi III*
                                                         Albert A. Ciardi III

## **EXHIBIT 1**

In re: Akorn Holding Company LLC, Case No. 23-10253

In re: Akorn Intermediate Company LLC, Case No. 23-10254

In re: Akorn Operating Company LLC, Case No. 23-10255

---

Client:

George L. Miller, Chapter 7 Trustee

Debtors:

Akorn Holding Company LLC

Akorn Intermediate Company LLC

Akorn Operating Company LLC

Creditors:

See List filed on February 23, 2023 at D.I. 4.

Bankruptcy Judges:

The Honorable Laurie Selber Silverstein
The Honorable John T. Dorsey
The Honorable Craig T. Goldblatt
The Honorable Karen B. Owens
The Honorable Thomas Horan
The Honorable J. Kate Stickles
The Honorable Mary F. Walrath
The Honorable Ashley M. Chan

**Trial Attorneys for the Office of the United States Trustee:**

| | |
|---|---|
| Andrew R. Vara | Hannah M. McCollum |
| David Buchbinder | Joseph McMahon |
| Linda Casey | Linda Richenderfer |
| Joseph Cudia | Juliet Sarkessian |
| Timothy J. Fox, Jr. | Richard Schepacarter |
| Benjamin Hackman | Rosa Sierra-Fox |
| Jane Leamy | |

**Staff of the Office of the U.S. Trustee**:

| | |
|---|---|
| Lauren Attix | Nyanquoi Jones |
| Denis Cooke | James R. O'Malley |
| Holly Dice | Angelique Okita |
| Shakima L. Dortch | Michael Panacio |
| Diane Giordano | Edith A. Serrano |
| Christine Green | Dion Wynn |
| Ramona Harris | |