## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>AKORN HOLDING COMPANY LLC, *et al.*[1]<br><br>Debtors. | Chapter 7<br><br>Case No. 23-10253 (KBO)<br>(Jointly Administered)<br><br>**Objection Deadline: 1/31/2025 at 4:00 PM ET**<br>**Hearing Date: 2/7/2025 at 10:00 AM ET** |

### MOTION FOR APPROVAL OF PROCEDURES REGARDING SETTLEMENTS OF AVOIDANCE CLAIMS PURSUANT TO BANKRUPTCY RULE 9019(b)

George L. Miller, the Chapter 7 trustee of the bankruptcy estates of Akorn Holding Company LLC, *et al.* ("Trustee"), by and through his undersigned counsel, hereby files this Motion for Approval of Procedures Regarding Settlements of Avoidance Claims Pursuant to Bankruptcy Rule 9019(b) (the "Motion"). In further support of this Motion, the Trustee represents as follows:

### JURISDICTION AND VENUE

1.     The United States Bankruptcy Court for the District of Delaware (the "Court") has jurisdiction over this Motion pursuant to 28 U.S.C. §§ 157 and 1334. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).

2.     The statutory predicates for the relief requested herein are 11 U.S.C. §§ 105, 363(b), and 1109 and Federal Rules of Bankruptcy Procedure ("Bankruptcy Rules") 2002 and 9019.

### BACKGROUND

3.     On February 23, 2023 (the "Petition Date"), each of the Debtors filed a voluntary petition in the Bankruptcy Court for relief under chapter 7 of the Bankruptcy Code.

---

[1]     The debtors in these chapter 7 cases ("Debtors"), along with the last four digits of their federal tax identification numbers, and cases numbers are Akorn Holding Company LLC (9190), Case No. 23-10253 (KBO); Akorn Intermediate Company LLC (6123), Case No. 23-10254 (KBO); and Akorn Operating Company LLC (6184), Case No. 23- 10255.  The Debtors' headquarters is located at 5605 CenterPoint Court, Gurnee, IL 60031.

4.     On or about the Petition Date, the Office of the United States Trustee appointed George L. Miller as the Chapter 7 Trustee of the estates (the "Estates") of each of the Debtors.

5.     On March 20, 2023, this Court entered the *Order Directing Joint Administration and Procedural Consolidation of Cases* [D.I. 42], directing procedural consolidation and joint administration of these Bankruptcy Cases.

6.     On November 22, 2024, the Trustee filed the *Supplemental Application of George L. Miller, Chapter 7 Trustee, for Entry of an Order (I) Authorizing the Expanded Scope of Employment and Retention of Saul Ewing LLP as Special Counsel to Chapter 7 Trustee, Effective as of November 12, 2024 and (II) Granting Related Relief* [D.I. 996] (the "Saul Application"), to expand the scope of the engagement of Saul Ewing LLP as special litigation counsel to investigate, prosecute, and resolve certain avoidance action claims arising under chapter 5 of the Bankruptcy Code (the "Avoidance Claims").

7.     On December 13, 2024, the Court entered the *Order (I) Authorizing the Expanded Scope of Employment and Retention of Saul Ewing LLP as Special Counsel to Chapter 7 Trustee, Effective as of November 12, 2024 and (II) Granting Related Relief* [D.I. 1011], approving the Saul Application.

8.     On January 15, 2025, the Trustee filed the *Application of the Chapter 7 Trustee for an Order Authorizing the Employment and Retention of Ciardi Ciardi & Astin as Special Counsel, Nunc Pro Tunc to December 16, 2024* [D.I. 1033] (the "CCA Application"), to engage Ciardi Ciardi & Astin for the purposes of pursuing certain of the Avoidance Claims as identified and instructed by the Trustee.  The CCA Application is set for hearing on February 7, 2025, with objections due January 29, 2025.

**RELIEF REQUESTED**

-2-

9.      By this Motion, and pursuant to sections 105(a) and 363(b) of the Bankruptcy Code and Bankruptcy Rule 9019(b), the Trustee requests entry of an order approving the Settlement Procedures (as defined herein) and authorizing the Trustee to settle the Avoidance Claims pursuant to such procedures.

10.     A proposed form of order granting the relief requested herein is annexed hereto as **Exhibit A** (the "Proposed Order").

### **Avoidance Claims and Proposed Settlement Procedures**

11.     The Trustee's professionals have conducted diligence regarding the Avoidance Claims and has begun the process of issuing demand letters and pursuing such actions. The Trustee estimates that there are more than 400 Avoidance Claims. The Trustee anticipates that the net benefit to the Estates will be maximized by having the ability to compromise the vast majority of the Avoidance Claims rather than incurring the expense and uncertainty of litigating them to judgment. Possible considerations for compromise include but are not limited to the following:

     a.     errors and omissions in the Debtors' books and records;

     b.     new value as made applicable pursuant to 11 U.S.C. § 547(c)(4) documented by defendants;

     c.     ordinary course of business defense as made applicable pursuant to 11 U.S.C. § 547(c)(2);

     d.     contemporaneous exchange for new value defense as made applicable pursuant to 11 U.S.C. § 547(c)(1);

     e.     risk of not prevailing in litigation;

     f.     cost of litigating claims to judgment; and

     g.     the desirability of concluding contested matters by compromise and settlement.

12.     Because of the number of potential defendants, the need to promptly and efficiently resolve Avoidance Claims, and the various reasons that may support a determination to

compromise, the Trustee hereby seeks entry of an order, pursuant to sections 105(a) of the Bankruptcy Code and Bankruptcy Rules 2002(a) and 9019(b), to establish the following procedures to permit the Trustee to compromise and settle Avoidance Claims on an expedited basis (the "Settlement Procedures").

13.    The Settlement Procedures establish "tiered" notice requirements based upon the size of each potential Avoidance Claim:

> a.    **Avoidance Claims with Gross Transfers of $500,000 or less**: The Trustee will be free to consummate settlements in this class in his business judgment by filing a notice of settlement with the Court (a "Notice of Settlement"), without further hearing, unless an objection is filed to the Notice of Settlement. The Notice of Settlement may include multiple settlements in one notice, and will provide an objection deadline of seven (7) calendar days from the date of filing the Notice of Settlement. The Notice of Settlement shall be served on the U.S. Trustee and any counterparty to a settlement. Such notice, along with notice of electronic filing of Notice of Settlement issued through the Court's Electronic Filing System, shall constitute adequate and sufficient service of the Notice of Settlement. If an objection is filed, the objecting party and Trustee shall confer and, should the objection not be resolved, set the objection for hearing at the next regularly-scheduled omnibus hearing.

> b.    **Avoidance Claims with Gross Transfers Greater Than $500,000**: With regard to any Avoidance Claim in which the gross transfers are greater than $500,000, the Trustee shall seek Court approval of the proposed settlement pursuant to Bankruptcy Rule 9019(a).

14.    Avoidance claims often are resolved through settlements. Rather than burden the Court and the Estates with the administrative expenses of presenting a motion to compromise a claim each time the Trustee believes it appropriate to do so, the Trustee proposes that this Court approve these notice and Settlement Procedures pursuant to Bankruptcy Rule 9019(b). The Trustee submits that the settlement parameters requested herein are in the best interest of the Estates because the time and expense of seeking Court approval with respect to each and every settlement would significantly diminish the estates' net recovery on the Avoidance Claims.

## BASIS FOR RELIEF

**A. Bankruptcy Rule 9019(b) and Bankruptcy Code Sections 105(a) and 363(b) Authorize Entry of the Proposed Order**

15.    Bankruptcy Rule 9019(a) sets forth the requirements for the settlement or compromise of controversies after notice to all creditors and a hearing upon each such proposed compromise. Bankruptcy Rule 9019(b) provides an exception to this procedure: "After a hearing on such notice as the court may direct, the court may fix a class or classes of controversies and authorize the trustee to compromise or settle controversies within such class or classes without further hearing or notice." Fed. R. Bankr. P. 9019(b) (emphasis added).

16.    Compromises are favored by bankruptcy courts. *See In re Sassalos*, 160 B.R. 646, 653 (D. Or. 1993) (stating that "compromises are favored in bankruptcy, and the decision of the bankruptcy judgment to approve or disapprove a compromise…rests in the sound discretion of the judge."). Under Bankruptcy Rule 9019(a), the Court has the authority to approve a settlement if it is fair and equitable and in the best interests of the estate. *See In re Louise's Inc.*, 211 B.R. 798 (D. Del. 1997). In considering whether to approve a compromise or settlement, a court must assess and balance the value of the claim that is being compromised against the value of the estate of accepting the compromise. *Myers v Martin (In re Martin)*, 91 F.3d 389, 393 (3d Cir. 1996). Among other things, a bankruptcy court should consider "(1) the probability of success in litigation; (2) the likely difficulties in collection; (3) the complexity of the litigation involved, and the expense, inconvenience and delay necessarily attending it; and (4) the paramount interest of the creditors." *Id*. "Ultimately, the court must determine whether the settlement falls within the lowest range of reasonableness." *In re TCI2 Holdings, LLC*, 428 B.R. 117, 136 (Bankr. D.N.J. 2010); *In re Alecto Healthcare Servs., LLC*, 2024 WL 1208355, at *12 (Bankr. D. Del. Mar. 20, 2024) (approving settlement that "falls within a reasonable range of litigation possibility"). With respect to any proposed settlement that the Trustee seeks to enter into under the proposed Settlement Procedures,

the Trustee may weigh, for example, the merits of the transferee's defenses to the Avoidance Claims, the risk to the Debtors' bankruptcy estates if the Avoidance Claims were litigated, and the expense the Debtors' bankruptcy estates would likely incur in connection with such litigation.

17.     Bankruptcy Rule 9019(b) supports approval of the Settlement Procedures. Specifically, Bankruptcy Rule 9019(b) provides that the Court may authorize a debtor to settle certain classes of controversies without requiring separate notice and a hearing with respect to each separate controversy. As set forth in the Advisory Committee Note to the original enactment of this Rule, subdivision (b) permits a court to deal efficiently with a case that may involve a large number of settlements. *In re NJ Affordable Homes Corp.*, 05-60442, 2007 WL 3166950, *11 (Bankr. D.N.J. Oct. 22, 2007) (citing and discussing Advisory Committee Note). This Rule was intended to address situations in which compliance with the requirements of subdivision (a) would not be practical or efficient. *Id.* It is also intended to address situations—such as the filing of a large number of preference complaints against many individual defendants here—which may involve similar issues and seek recovery of relatively small amounts. *See* 10 COLLIER ON BANKRUPTCY ¶ 9019.03 (Alan N. Resnick & Henry J. Sommer eds., 16th ed. rev). In such a scenario, filing a new motion every time a settlement is reached would be expensive and burdensome to the estate.

18.     This Court has previously employed Bankruptcy Rule 9019(b) to enter orders approving modified settlement procedures for avoidance actions and other claims and causes of actions, including in the tiered approach proposed herein. *See, e.g., In re Pack Liquidating, LLC*, Case No. 22-10797 (CTG) (Sep. 20, 2023); *In re Armstrong Flooring, Inc.*, Case No. 22-10426 (MFW) (Nov. 21, 2022); *In re J & M Sales, Inc.*, Case No. 18-11801 (JTD) (Sept. 13, 2019); *In re CR Holding Liquidating, Inc.*, Case No. 19-10210 (LSS) (Aug. 28, 2019); *In re Fresh & Easy,*

*LLC*, Case No. 15-12220 (BLS) (Bankr. D. Del.) (Oct. 26, 2016); *In re NewPage Corporation, et al.*, Case No. 11- 12804 (KG) (Bankr. D. Del.) (Sept. 20, 2013) (establishing procedures for the settlement of various adversary actions); *In re Nortel Networks Inc., et al.*, Case No. 09-10138 (KG) (Bankr. D. Del.) (April 9, 2009) (establishing procedures for the settlement of various judicial, administrative, arbitral or other actions); *In re Amp'd Mobile, Inc. et al.*, Case No. 07-10739 (BLS) (Bankr. D. Del.) (Feb. 14, 2008) (establishing procedures for the settlement of preferential transfer claims); *see also In re iHeartMedia, Inc.*, No. 18-31274 (MI) (Bankr. S.D. Tex. July 25, 2018) (granting debtors in possession authority to settle de minimis claims and causes of action, including claims and causes of action belonging to the debtors up to $1,000,000).

19.     Additionally, section 363(b)(1) of the Bankruptcy Code allows a trustee to use assets outside of the ordinary course of business, including for settlement purposes, after notice and hearing. 11 U.S.C. § 363(b)(1). To obtain court approval of a use of property under section 363(b), a movant need only show a legitimate business justification for the proposed action. *See, e.g., Martin*, 91 F.3d at 395 (noting that under normal circumstances, courts defer to a trustee's judgment concerning use of property under section 363(b) when there is a legitimate business justification) (internal citations omitted); *Computer sales Int'l, Inc. v. Fed. Mogul Global, Inc. (In re Fed Mogul Global, Inc.)*, 293 B.R. 124, 126 (D. Del. 2003) ("As applied in the Third Circuit, a court should approve a debtor's use of assets outside the ordinary course of business if the debtor can demonstrate a sound business justification for the proposed transaction."); *In re Delaware and Hudson Ry. Co.*, 124 B.R. 169 (D. Del. 1991) (noting that the Third Circuit has adopted the "sound business judgment" test for use of property under section 363(b) of the Bankruptcy Code).

20.    Further, section 105(a) of the Bankruptcy Code empowers a bankruptcy court to "issue any order…that is necessary or appropriate to carry out the provisions of [the Bankruptcy Code]." *See* 11 U.S.C. § 105(a).

21.    Providing the Trustee with the authority to settle numerous claims in an efficient and economic manner, is clearly beneficial to the Estates and will assist the Trustee in his efforts to maximize value for all stakeholders. The Settlement Procedures will allow the Trustee to avoid the time and expense of drafting and filing separate Bankruptcy Rule 9019 motions on account of settlements involving recovery amounts that are comparatively small. The Settlement Procedures will also reduce the burden on the Court's docket while protecting the interests of all creditors through the notice and objection procedures described herein. Thus, section 363(b) of the Bankruptcy Code supports the establishment of the Settlement Procedures.

22.    Here, the establishment of these Settlement Procedures is supported by a legitimate business justification and is in the best interests of the Estates and their creditors. Specifically, the Settlement Procedures will: (a) facilitate the prompt monetization of the Avoidance Claims; and (b) minimize the administrative expense and procedural burdens associated with obtaining approval of numerous settlements of avoidance actions, while preserving fundamental checks on the reasonableness of such settlements.

**B. Bankruptcy Rule 2002(a)(3) Permits the Court to Limit Notice of Settlements of Avoidance Actions Upon Good Cause Shown.**

23.    Pursuant to Bankruptcy Rule 2002(a)(3), certain parties must receive notice of hearings on the approval of a compromise or settlement of any controversy, unless the Court orders otherwise upon good cause shown.

24.     In furtherance of the relief requested herein, the Trustee also requests that, pursuant to Bankruptcy Rule 2002(a)(3), the Court find that cause exists to limit notice, as described above, of any settlement entered pursuant to the Settlement Procedures.

25.     The estates have numerous unsecured creditors. The cost of producing and mailing notice of settlement to all creditors, or even a short list of creditors, whether or not they desire such notice, is burdensome and wasteful to the estates, especially in a Chapter 7 context. The Trustee submits that limiting notice and authorizing compromises of claims as provided hereinabove will preserve the resources of the estates.

### **NOTICE**

26.     The Trustee has served a copy of this Motion and notice on those parties who are required to receive notice under Rule 2002.

WHEREFORE, the Trustee respectfully requests (i) entry of an order substantially in the form attached hereto as Exhibit A approving the Settlement Procedures; and (ii) granting such other relief as the Court deems just and appropriate.

Dated: January 24, 2025                              **SAUL EWING LLP**
            Wilmington, DE

                                                                    */s/ Evan T. Miller*
                                                                    Evan T. Miller (No. 5364)
                                                                    1201 North Market Street, Suite 2300
                                                                    Wilmington, DE 19801
                                                                    Telephone: (302) 421-6864
                                                                    Facsimile: (302) 421-6813
                                                                    Email: evan.miller@saul.com

                                                                    *Special Counsel to George L. Miller, the Chapter 7*
                                                                    *trustee of the bankruptcy estates of Akorn Holding*
                                                                    *Company LLC et al.*