**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re:<br><br>AKORN HOLDING COMPANY LLC, *et al.*[2]<br><br>Debtors. | Chapter 7<br><br>Case No. 23-10253 (KBO)<br>(Jointly Administered)<br><br><u>Related D.I.: 1034, 1038</u> |

**ORDER APPROVING PROCEDURES REGARDING SETTLEMENTS OF**
**AVOIDANCE CLAIMS PURSUANT TO BANKRUPTCY RULE 9019(b)**

Upon consideration of the *Motion for Approval of Procedures Regarding Settlements of Avoidance Claims Pursuant to Bankruptcy Rule 9019(b)* (the "<u>Motion</u>") filed by George L. Miller, the Chapter 7 trustee (the "<u>Trustee</u>") of the bankruptcy estates of the above-captioned debtors in the above-captioned chapter 7 cases; and the Court having jurisdiction to decide the Motion and the relief requested therein; it appearing that approval of the Motion is warranted; and that due and timely notice of the Motion has been given, it is hereby:

ORDERED that the Motion is GRANTED in its entirety; and it is further

ORDERED that the Trustee is authorized, but not directed, to compromise and settle Avoidance Claims[3] pursuant to the following Settlement Procedures:

    a.   **Avoidance Claims with Gross Transfers of $500,000 or less**: The Trustee will be free to consummate settlements in this class in his business judgment by filing a notice of settlement with the Court (a "Notice of Settlement"), without further hearing, unless an objection is filed to the Notice of Settlement. The Notice of Settlement may include multiple settlements in one notice, and will provide an

---

[2] The Debtors in these chapter 7 cases, along with the last four digits of their federal tax identification numbers, and cases numbers are Akorn Holding Company LLC (9190), Case No. 23-10253 (KBO); Akorn Intermediate Company LLC (6123), Case No. 23-10254 (KBO); and Akorn Operating Company LLC (6184), Case No. 23- 10255. The Debtors' headquarters is located at 5605 CenterPoint Court, Gurnee, IL 60031.

[3] Terms not otherwise defined herein shall have the meanings ascribed to them in the Motion.

-5-

      objection deadline of seven (7) calendar days from the date of filing the Notice of Settlement. The Notice of Settlement shall be served on the U.S. Trustee and any counterparty to a settlement. Such notice, along with notice of electronic filing of Notice of Settlement issued through the Court's Electronic Filing System, shall constitute adequate and sufficient service of the Notice of Settlement. If an objection is filed, the objecting party and Trustee shall confer and, should the objection not be resolved, set the objection for hearing at the next regularly-scheduled omnibus hearing.

    b.    **Avoidance Claims with Gross Transfers Greater Than $500,000**: With regard to any Avoidance Claim in which the gross transfers are greater than $500,000, the Trustee shall seek Court approval of the proposed settlement pursuant to Bankruptcy Rule 9019(a).

If no objections are timely and properly filed and served by the objection deadline, the Trustee is authorized to submit a proposed form of order approving one or multiple settlements of the potential Avoidance Claims, under certification of counsel (the "Proposed Order"). A proposed settlement will be deemed final and fully authorized by the Court upon the entry of the Proposed Order without further notice or a hearing, and the Trustee shall be authorized to consummate such settlement. In the event a proposed settlement may terminate prior to entry of a Proposed Order or is otherwise time-sensitive, the Trustee is authorized to consummate such settlement prior to entry of a Proposed Order, provided that the terms of such settlement are expressly subject to entry of the Proposed Order; and it is further

ORDERED that this Court shall retain jurisdiction over the interpretation and enforcement of the Motion and this Order.

**Dated: February 4th, 2025**
**Wilmington, Delaware**

**KAREN B. OWENS**
**UNITED STATES BANKRUPTCY JUDGE**