# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>AKORN HOLDING COMPANY, ET AL.,<br><br>Debtors[1]. | Chapter 7<br><br>Case No. 23-10253-KBO<br>(Jointly Administered) |
| GEORGE L. MILLER, solely in<br>his capacity as the Chapter 7 Trustee of<br>AKORN HOLDING COMPANY, ET AL.,<br><br>Plaintiff,<br>v.<br><br>M3 ADVISORY PARTNERS LP,<br><br>Defendant. | Adv. Pro. No. _____ |

## TRUSTEE'S COMPLAINT FOR AVOIDANCE AND RECOVERY OF PREFERENTIAL TRANSFERS PURSUANT TO 11 U.S.C. §§ 547 AND 550

Plaintiff, George L. Miller, the chapter 7 trustee (the "Trustee") for the bankruptcy estate of Akorn Holding Company, et al. ("AKORN", or the "Debtors"), by and through his attorneys, Ciardi Ciardi & Astin, as and for his complaint against M3 Advisory Partners LP ("Defendant"), hereby alleges as follows:

### NATURE OF THE ACTION

1.     The Trustee brings this action against the Defendant to avoid and recover certain preferential transfers made by the Debtors to the Defendant that occurred during the ninety (90) day period prior to the date of commencement of the Debtors' bankruptcy proceedings and to recover the

---

[1] The Debtors in these chapter 7 cases, along with the last four digits of their federal tax identification numbers and case numbers are Akorn Holding Company LLC (9190), Case No. 23-10253(KBO); Akorn Intermediate Company LLC (6123), Case No. 23-10254(KBO); and Akorn Operating Company LLC (6184), Case No. 23-10255. The Debtors' corporate headquarters were located at 5605 CenterPoint Court, Gurnee, IL 60031.

value thereof.

## JURISDICTION, VENUE AND PREDICATES FOR RELIEF

2. The United States Bankruptcy Court for the District of Delaware (the "Bankruptcy Court") has subject matter jurisdiction over this adversary proceeding pursuant to 28 U.S.C. § 1334(b).

3. This adversary proceeding has been referred to the Bankruptcy Court pursuant to 28 U.S.C. § 157(a).

4. This adversary proceeding is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(F).

5. The Trustee agrees to entry of a final order or judgment by the Bankruptcy Court in this adversary proceeding.

6. Venue is proper in the Bankruptcy Court pursuant to 28 U.S.C. § 1409(a) because this is a proceeding related to and arising under Title 11 of the United States Code, 11 U.S.C. §§ 101-1532 (as amended, the "Bankruptcy Code").

7. The Bankruptcy Court has personal jurisdiction over the Defendant pursuant to Rule 7004(f) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules").

8. Upon information and belief, and according to the Debtors' books and records, the Defendant's principal place of business is located at 1717 K Street NW, Washington, DC 20006.

9. The predicates for the relief sought herein are sections 547 and 550 of the Bankruptcy Code and Bankruptcy Rule 7001.

10. Pursuant to sections 323(b) and 704(a)(1) of the Bankruptcy Code, the Trustee has standing to litigate affirmative claims of and object to claims asserted against the Debtors.

## BACKGROUND

11. On February 23, 2023 (the "Petition Date"), the Debtors filed voluntary petitions

for relief under Chapter 7 of the Bankruptcy Code in the Bankruptcy Court.

12. On or about February 23, 2023, the United States Trustee appointed George L. Miller as Trustee of the Debtors' estates and is presently so acting. As the chapter 7 trustee for the Debtors' jointly administered estates, Plaintiff has the authority to investigate the acts, conduct, assets, liabilities, and financial condition of the Debtors and litigate affirmative claims of and object to claims asserted against the Debtors pursuant to 11 U.S.C. § 704.

13. Upon information and belief, Defendant was, at all relevant times, a vendor or creditor that provided goods and/or services to or for one or more of the Debtors prior to the Petition Date, as more fully disclosed herein.

14. Before the Petition Date, the Debtors' business included developing, manufacturing, and marketing specialty pharmaceuticals, including prescription, consumer health, and animal health products. The Debtors were industry leaders in branded and generic products in alternate dosage forms such as ophthalmic, injectables, oral liquids, topicals, inhalants and nasal sprays. The Debtors no longer operate their business, and Plaintiff is in the process of liquidating the Debtors' assets.

15. The Debtors maintained at least five bank accounts at Bank of America, N.A. (the "Bank Accounts"). Between November 23, 2022 and February 23, 2023 (the "Preference Period"), the Debtors continued to operate their businesses and, in connection therewith, make disbursements or other transfers of property, whether by checks, cashier's checks, wire transfers, ACH transfers, direct deposits, or otherwise to various entities for goods and services used to purportedly facilitate their business operations.

16. Upon information and belief, Defendant provided goods or services to one or more of the Debtors at varying times before the Petition Date. Prior to the Petition Date, Defendant and

one or more of the Debtors were engaged in one or more business transactions pursuant to the terms of agreements entered in connection therewith, which are evidenced by one or more contracts, purchase orders, invoices, communications, and other documents (collectively, the "<u>Agreements</u>").  The Agreements concerned and related to the goods or services provided by Defendant to one or more of the Debtors as described herein.

17. According to the Schedules and Bank Accounts, the Debtors made one or more transfers of an interest of the Debtors' property through payments aggregating not less than $2,265,420.48 to Defendant during the Preference Period (the "<u>Transfer</u>" or "<u>Transfers</u>").  The Transfers were for goods or services provided by Defendant and made pursuant to invoices or statements submitted by Defendant reflecting such goods or services previously provided, and, as a result, Plaintiff is seeking to avoid the Transfers.  The Transfers are more fully set forth on **<u>Exhibit A</u>** attached hereto.

18. Plaintiff has also performed his own due diligence evaluation of the reasonably knowable affirmative defenses available to Defendant.  As part of that due diligence and where reasonably available, Plaintiff or his professionals reviewed the Debtors' books and records in his possession applicable to the Defendant.  Notwithstanding, Defendant ultimately bears the burden of proof under section 547(g) of the Bankruptcy Code as to any defenses available under section 547(c).  Any applicable consideration that the Trustee gave to Defendant's defenses are based on data gleaned from the Debtors' books and records available and applicable to each Defendant, which calculations may be subject to adjustment or otherwise conflict with Defendant's records.  Accordingly, Plaintiff puts Defendant to its burden of proof to establish it is entitled to any defenses under section 547(c).

19. Based upon Plaintiff's review of the information, if any, provided by Defendant

4

prior to filing this Complaint, and after performing Plaintiff's own due diligence evaluation of reasonably knowable affirmative defenses to avoidance of the Transfer(s), Plaintiff has determined that Plaintiff may avoid some or all of the Transfers even after taking into account Defendant's alleged affirmative defenses.

20. During the course of this adversary proceeding, Plaintiff may learn (through discovery or otherwise) of additional transfers made to or for the benefit of Defendant during or before the Preference Period that are avoidable under sections 547 or 548 of the Bankruptcy Code. Plaintiff intends to avoid and recover all such transfers made to or for the benefit of Defendant or any other transferee during the Preference Period. Plaintiff reserves the right to amend this Complaint to include, without limitation: (i) further information regarding the Transfers (as defined below), (ii) additional transfers made during or before the Preference Period, (iii) additional defendants, (iv) modifications of or revision to Defendant's name, and (v) additional causes of action, if applicable (collectively, the "Amendments"), that may become known at any time during this Adversary Proceeding, through formal discovery or otherwise, and intends for any such Amendments to relate back to this Complaint.

21. During the Preference Period, the Debtors (i) began to fall behind on payments to their vendors, but continued to incur debts that the Debtors were unable to pay as they came due, (ii) had outstanding liabilities that exceeded the Debtors' assets, and (iii) had insufficient capital, and insufficient access to capital, to continue operating their businesses. Indeed, the Schedules show that at least as of the Petition Date, their liabilities vastly outsized their assets. *See* D.I.[2] 70 (showing $0.00 in assets against $5,651,55.04 in liabilities for Debtor Akorn Holding Company LLC, Case No. 23-10253); D.I. 72 (showing $0.00 in assets against $181,111,238.42 in liabilities

---

[2] Any references to "D.I." herein refer to the docket in Case No. 23-10253.

for Debtor Akorn Intermediate Company LLC, Case No. 23-10254); D.I. 74 (showing $222,690,796.15 in assets against $313,431,159.74 in liabilities for Debtor Akorn Operating Company LLC, Case No. 23-10255).

22. During the pendency of the chapter 7 cases, the Court entered orders authorizing the sale of substantially all of the Debtors' non-litigation assets. Following these sales, the Trustee sought, and obtained, authority to make an interim distribution to holders of allowed unsecured claims against the Debtors, which interim distribution provided such creditors with a 19.2% recovery on their respective claim amounts. *See* D.I. 1000 at ¶ 12; D.I. 1023.

23. Upon information and belief, based on Plaintiff's liquidation of the Debtors' non-litigation assets and the projected recoveries from the Debtors' litigation assets, general unsecured creditors will not be paid in full in the chapter 7 cases.

24. The Transfers were made on the dates indicated on **Exhibit A**.

25. The Transfers were listed on the Debtors' Statement of Financial Affairs as transfers made by and between the Debtors and the Defendant.

26. The Trustee has performed reasonable diligence on all known affirmative defenses as required by 11 U.S.C. § 547.

27. The Trustee has inquired of the Defendant of information related to affirmative defenses and has either (a) received no response or (b) incorporated such response into this Complaint.

**FIRST CLAIM FOR RELIEF**
**(Avoidance of Preferential Transfers Pursuant to 11 U.S.C. § 547(b))**

28. The Trustee repeats and realleges each of the allegations set forth in paragraphs 1 through 27 hereof as if fully set forth herein.

29. Each Transfer identified in **Exhibit A** was made to the Defendant.

30. Each Transfer was a transfer of an interest of the Debtor in property.

31. Each Transfer was made to or for the benefit of the Defendant that was listed in the Statement of Financial Affairs.

32. Each Transfer was made for or on account of an antecedent debt or debts owed by the Debtor to the Defendant before such Transfers were made. *See* **Exhibit A**.

33. Prior to the Petition Date, Defendant demanded the past due payment on each Transfer and/or payment made by Debtors.

34. Each Transfer was made during the Preference Period.

35. Each Transfer was made while the Debtors were insolvent.

36. Each Transfer enabled the Defendant to receive more than the Defendant would have received if (i) the transfers and/or payments had been made, or (ii) the Defendant received payment on account of the debt paid by the Transfers to the extent provided by the Bankruptcy Code.

37. Each Transfer constitutes an avoidable preference pursuant to section 547(b) of the Bankruptcy Code.

**SECOND CLAIM FOR RELIEF**
**(Recovery of Preferential Transfers Pursuant to 11 U.S.C. § 550)**

38. The Trustee repeats and realleges each of the allegations set forth in paragraphs 1 through 37 hereof as if fully set forth herein.

39. The Defendant was the initial transferee of the Transfers, the intermediate or

mediate transferee of the Transfers, or the person or entity for whose benefit the Transfer(s) was/were made.

40. Each Transfer that is avoided under section 547(b) of the Bankruptcy Code is recoverable pursuant to section 550 of the Bankruptcy Code.

41. Subject to potential defenses, the Trustee is entitled to recover the value of the Transfers pursuant to section 550(a) of the Bankruptcy Code.

## **PRAYER FOR RELIEF**

WHEREFORE, for the foregoing reasons, the Trustee demands judgment as follows:

A. Pursuant to the First and Second Claims for Relief, entering judgment against the Defendant under sections 547 and 550 of the Bankruptcy Code and in favor of the Trustee avoiding and recovering the Transfers in an amount not less than $2,265,420.48; and

B. Awarding the Trustee post judgment interest at the maximum legally applicable rate; and

C. Granting the Trustee such other and further relief the Court deems just and appropriate.

Dated: February 12, 2025
Wilmington, Delaware

CIARDI CIARDI & ASTIN

*/s/ John D. McLaughlin, Jr.*
John D. McLaughlin, Jr.
No. 4123
Ciardi Ciardi & Astin
1204 N. King Street
Wilmington, DE  19801
Telephone:  484-437-2676
Email:  jmclaughlin@ciardilaw.com

-and-

Albert A. Ciardi, III, Esquire  
1905 Spruce Street  
Philadelphia, PA 19103  
(215) 557-3550 telephone  
(215) 557-3551 facsimile  
aciardi@ciardilaw.com  
*Counsel to George L. Miller,*  
*Chapter 7 Trustee*