# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>AKORN HOLDING COMPANY, LLC, *et al.*,<br><br>        Debtors.[1] | Chapter 7<br>(*jointly administered*)<br><br>Case No. 23-10253 (KBO) |
| George L. Miller, solely in his capacity as the Chapter 7 Trustee of Akorn Holding Company, LLC., *et al.*,<br><br>        Plaintiff,<br>v.<br><br>Defendants Listed on Exhibit A to Motion,<br><br>        Defendants. | Adv. Pro. Nos. Listed on Exhibit A to Motion |

**EX PARTE MOTION OF PLAINTIFF, GEORGE L. MILLER. CHAPTER 7 TRUSTEE FOR AN ORDER DIRECTING THE WITHDRAWAL OF THE INITIAL COMPLAINT AND SEALING ADDRESSES ON DOCKET**

Plaintiff, George L. Miller, Chapter 7 Trustee (the "<u>Plaintiff</u>"), by and through his undersigned counsel, hereby file this ex parte motion (the "**Motion**") for entry of an order substantially in the form attached hereto as **Exhibit B** (the "**Order**") granting the relief described below. In support of the Motion, the Plaintiff states as follows:

**RELIEF REQUESTED**

---

[1] The Debtors along with the last four digits of their federal tax identification numbers, and cases numbers are Akorn Holding Company LLC (9190), Case No. 23-10253 (KBO); Akorn Intermediate Company LLC (6123), Case No. 23-10254 (KBO); and Akorn Operating Company LLC (6184), Case No. 23-10255. The Debtors' headquarters is located at 5605 CenterPoint Court, Gurnee, IL 60031.

1.  By this Motion, pursuant to sections 105(a) and 107(b) of title 11 of the United States Code (the "**Bankruptcy Code**"), Rule 9018 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**") and Rule 9018-1 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "**Local Rules**"), the Plaintiff requests entry of an order, substantially in the form attached hereto as **Exhibit B**, directing the Clerk of Court to seal the address for each defendant listed on the docket in each of the adversary proceedings listed on **Exhibit A** (collectively, the "Adversary Proceedings") and withdraw each of the initial unredacted complaints filed in each of the Adversary Proceedings. The Motion is made on an *ex parte* basis as it seeks relief to comply with the Sealing Order already entered in this case.

## JURISDICTION, VENUE AND PREDICATES FOR RELIEF

2.  This Court has jurisdiction to consider this Motion under 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for theDistrict of Delaware, dated February 29, 2012 (Sleet, C.J.). This is a core proceeding under 28 U.S.C. § 157(b). Venue of these Chapter 11 Cases (defined below) and this Motion is proper in this District under 28 U.S.C. §§ 1408 and 1409.

3.  The statutory predicates for the relief requested herein are sections 105(a) and 107(b) of the Bankruptcy Code, Bankruptcy Rule 9018, and Local Rule 9018-1.

4.  Pursuant to Local Rule 9013-1(f), Plaintiff consents to the entry of a final judgment or order with respect to this Motion if it is determined that this Court lacks Article III jurisdiction to enter such final order or judgment absent consent of the parties.

## BACKGROUND

5. On February 23, 2023 (the "**Petition Date**"), the Debtors each commenced with this Court a voluntary case under chapter 7 of the Bankruptcy Code (collectively, the "**Chapter 7 Cases**"). The Chapter 7 Cases are jointly administered for procedural purposes only pursuant to Bankruptcy Rule 1015(b).

6. On April 11, 2023, this Court entered that certain *Order (I) Authorizing Debtors To (A) Redact Certain Personally Identifiable Information and (B) File A Consolidated List Of Creditors In Lieu Of Submitting A Separate Mailing Matrix For Each Debtor; And (II) Granting Related Relief* [D.I. 94], authorizing, *inter alia*, the sealing of personally identifiable information of certain parties (the "**Sealing Order**").

7. On February 20 and February 21, 2025, Plaintiff filed the initial complaints commencing each of the Adversary Proceedings (collectively, the "**Complaints**").

8. Each of the Complaints were inadvertently filed without redactions of certain personally identifiable information (*i.e.* addresses of the defendants) that should have been sealed pursuant to the Sealing Order. Moreover, the docket lists the addresses of the defendants, which are parties that are the subject to the Sealing Order.

9. Plaintiff has since filed amended complaints redacting the subject identifiable information in accordance with the Sealing Order.

## BASIS FOR RELIEF

10. Pursuant to section 105(a) of the Bankruptcy Code, bankruptcy courts have the inherent equitable power to "issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title." 11 U.S.C. § 105(a). In addition, section 107(b) provides bankruptcy courts with the power to protect parties in interest from potentially harmful

disclosures:

> On request of a party in interest, the bankruptcy court shall, and on the bankruptcy court's own motion, the bankruptcy court may—
>
> > (1) protect an entity with respect to a trade secret or confidential research, development, or commercial information . . . .

11 U.S.C. § 107(b).

11. Bankruptcy Rule 9018 sets forth the procedure by which a party in interest may obtain a protective order authorizing the filing of a document under seal. Bankruptcy Rule 9018 provides, in relevant part:

> On motion or on its own initiative, with or without notice, the court may make any order which justice requires (1) to protect the estate or any entity in respect of a trade secret or other confidential research, development, or commercial information . . . .

Fed. R. Bankr. P. 9018.

12. Once the court determines that a party in interest is seeking protection of information that falls within one of the categories enumerated in section 107(b) of the Bankruptcy Code, "the court is required to protect a requesting interested party and has no discretion to deny the application." *Video Software Dealers Ass'n v. Orion Pictures Corp. (In re Orion Pictures Corp.)*, 21 F.3d 24, 27 (2d Cir. 1994). Courts have held that protection under section 107(b) must be granted if the information sought to be protected is commercial information, and significantly, that commercial information need not rise to the level of a trade secret to be entitled to protection. *Id.* at 28 (finding that the use of the disjunctive in section 107(b)(1) "neither equates 'trade secret' with 'commercial information' nor requires

the latter to reflect the same level of confidentiality as the former"). Furthermore, in contrast with Rule 26(c) of the Federal Rules of Civil Procedure, section 107(b) of the Bankruptcy Code does not require an entity seeking such protection to demonstrate "good cause." *Orion Pictures Corp.,* 21 F.3d at 28. Nor does such require a finding of "extraordinary circumstances orcompelling need." *Id.* at 27.

13. Rather, a party seeking the protection of section 107(b) need only demonstrate that the information is "confidential" and "commercial" in nature. *Id.* at 27; *see also In re Global Crossing Ltd.*, 295 B.R. 720, 725 (Bankr. S.D.N.Y. 2003) (recognizing that the purpose of Bankruptcy Rule 9018 is to "protect business entities from disclosure of information thatcould reasonably be expected to cause the entity commercial injury"). Once established that the subject information qualifies as "commercial information" under section 107(b)(1), the Bankruptcy Code mandates that this information be protected from disclosure. *See Global Crossing Ltd.*, 295 B.R. at 725.

14. Grounds exist here for the Court to grant the relief requested. Here, the Court has already entered the Sealing Order authorizing the redaction of "the home addresses of individuals, as well as minors, if any, listed on the Equity Holders List, the Schedule and Statements, the Creditor Matrix, and other documents filed with this Court in these chapter 7 cases."

15. Accordingly, the Plaintiff respectfully submits that the Court direct the Clerk of Court to: (i) redact the addresses of each of the defendants on the docket of the each of the Adversary Proceedings; and (ii) withdraw the initial complaints filed by Plaintiff in each of the Adversary Proceedings.

16. In light of the foregoing, the Plaintiff respectfully requests that the Court enter

the proposed Order attached hereto as **Exhibit B**.

## COMPLIANCE WITH LOCAL RULE 9018-1(d)

17.     The compliance with Local Rule 9018-1 (d) has been satisfied as the relief requested comports with the relief granted under the terms of the Sealing Order.

## NOTICE

18.     Notice of this Motion has been provided to the following parties, or, in lieu thereof, their counsel via ECF notificatioon: (i) the U.S. Trustee; (ii) the Debtors; and (iii) any such other party entitled to receive notice pursuant to Bankruptcy Rule 2002.

## NO PRIOR REQUEST

19.     No previous request for the relief sought herein has been made to this Court orany other court.

**WHEREFORE**, the Plaintiff respectfully requests that the Court enter an order, substantially in the form attached hereto as **Exhibit B**, granting the relief requested in the Motion, and such other and further relief as may be just and proper.

Dated: February 26, 2025
      Wilmington, Delaware

**CIARDI CIARDI & ASTIN**

*/s/ John D. McLaughlin, Jr.*
John D. McLaughlin, Jr. (No. 4123)
Ciardi Ciardi & Astin
1204 N. King Street
Wilmington, DE 19801
Telephone: 484-437-2676
Email: jmclaughlin@ciardilaw.com

-and-

Albert A. Ciardi, III, Esquire
Walter W. Gouldsbury III, Esquire
1905 Spruce Street
Philadelphia, PA 19103
Tel: (215) 557-3550
Fax: (215) 557-3551
aciardi@ciardilaw.com
wgouldsbury@ciardilaw.com

*Special Counsel
for Chapter 7 Trustee*