# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>AKORN HOLDING COMPANY LLC, *et al* [1]<br><br>Debtors. | Chapter 7<br><br>Case No. 23-10253 (KBO)<br><br>(Jointly Administered)<br><br>**Objection Date:** March 25, 2025 at 4:00 p.m. (ET)<br>**Hearing Date:** April 11, 2025 at 10:00 a.m. (ET) |

**TRUSTEE'S MOTION FOR ENTRY OF AN ORDER
APPROVING SETTLEMENT WITH EAGLE PHARMACY LLC
AND AFFILIATES PURSUANT TO FED. R. BANKR. P. 9019**

George L. Miller, the duly appointed chapter 7 trustee (the "Trustee") for the estates of the above-captioned debtors (collectively, the "Debtors" or "Estates"), pursuant to Rule 9019 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), respectfully moves (the "Motion") for the entry of an order approving the *Settlement Agreement Regarding Eagle Pharmacy LLC Accounts Receivable*, dated as of February 21, 2025, by and between Eagle Pharmacy LLC ("Eagle Pharmacy"), its affiliated entities J. Knipper and Company, Inc., Knipperx, Inc., and Knipper 3PL, Inc. (collectively, the "Affiliates" and together with Eagle Pharmacy, the "Obligor"), and the Trustee, a copy of which is attached hereto as **Exhibit A** (the "Settlement Agreement")[2] and authorizing the Trustee to take any and all actions as may be necessary and appropriate to implement the provisions of the Settlement Agreement. In support of the Motion, the Trustee respectfully states as follows:

---

[1] The Debtors in these chapter 7 cases, along with the last four digits of their federal tax identification numbers, and cases numbers are Akorn Holding Company LLC (9190), Case No. 23-10253 (KBO); Akorn Intermediate Company LLC (6123), Case No. 23-10254 (KBO); and Akorn Operating Company LLC (6184), Case No. 23-10255. The Debtors' headquarters is located at 5605 CenterPoint Court, Gurnee, IL 60031.

[2] All undefined terms herein shall carry the meanings given them in the Settlement Agreement.

**JURISDICTION AND VENUE**

1. The United States Bankruptcy Court for the District of Delaware (the "Bankruptcy Court") has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated as of February 29, 2012.

2. This matter is a core proceeding pursuant to 28 U.S.C. § 157(b), and pursuant to Local Rule 9013-1(f), the Trustee consents to the entry of a Final Order by the Bankruptcy Court in connection with this Motion to the extent that it is later determined that the Bankruptcy Court, absent the consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution.

**BACKGROUND**

3. On February 23, 2023 (the "Petition Date"), each of the affiliated Debtors Akorn Holding Company LLC, Case No. 23-10253; Akorn Intermediate Company LLC, Case No. 23-10254 and Akorn Operating Company, LLC, Case No. 23-10255 (collectively the "Bankruptcy Cases") filed a voluntary petition in the Bankruptcy Court for relief under chapter 7 of the Bankruptcy Code.

4. On or about the Petition Date, the Office of the United States Trustee appointed George L. Miller as the chapter 7 Trustee to the Estates of each of the Debtors.

5. Prior to the Petition Date, the Debtors' businesses included developing, manufacturing, and marketing specialty pharmaceuticals, including prescription, consumer health, and animal health products. The Debtors were an industry leader in branded and generic products in alternate dosage forms such as ophthalmics, injectables, oral liquids, topicals, inhalants and nasal sprays. The Debtors operated at numerous locations in the United States.

6. Also prior to the Petition Date, Eagle Pharmacy purchased various pharmaceuticals from the Debtors. Specifically, Eagle Pharmacy ordered various pharmaceutical products from the Debtors and the Debtors shipped the ordered products to Eagle Pharmacy and issued invoices to Eagle Pharmacy reflecting the products sold. The Trustee understands that, on occasion, Eagle Pharmacy would transfer the ordered products to its Affiliates.

7. In accordance with his duties under the Bankruptcy Code, the Trustee reviewed the Debtors' available records, and those records indicate that Eagle Pharmacy owes the Debtors $367,543.64 (the "Accounts Receivable") on unpaid invoices for pharmaceutical products sold and delivered to Eagle Pharmacy (the "Invoices"). The Invoices reflecting the Accounts Receivable are identified in the Settlement Agreement.

8. The Trustee subsequently made demands on Eagle Pharmacy for the payment of the Accounts Receivable.

9. In response to the Trustee's demand, Eagle Pharmacy denied that it owes the full amount of the Accounts Receivable and asserted various defenses to the Trustee's ability to recover the full amount of the Accounts Receivable, including Eagle Pharmacy's entitlement to various credits and chargebacks on the inventory it purchased from the Debtors.

10. After arm's length negotiations conducted in good faith, Eagle Pharmacy, its Affiliates and the Trustee have reached an agreement to resolve the Trustee's claims to recover the Accounts Receivable. The complete terms and conditions of the Trustee's settlement with the Obligor are more fully set forth in the Settlement Agreement attached hereto as Exhibit A and should be referred to in their entirety. The salient provisions of the Settlement Agreement include, *inter alia*, the following:

(a) <u>Settlement Amount</u>:  The Obligor shall pay to the Trustee the sum of $250,000 (the "<u>Settlement Amount</u>") in full and complete satisfaction of the Trustee's claims to recover the Accounts Receivable identified on the Invoices.  The Settlement Amount shall be paid by wire transfer pursuant to instructions separately provided in writing to the Obligor.

(b) <u>Mutual Releases</u>.  Upon payment of the Settlement Amount in full to the Trustee and entry of the Approval Order, the Trustee on the one hand, and the Obligor on the other hand, in respect of the mutual promises and other consideration recited in this Settlement Agreement, hereby release each other and their respective predecessors in interest, successors, shareholders, members, directors, officers, agents, representatives, and attorneys of any and all obligations, claims, actions and demands of any kind whatsoever, at law or in equity, direct or indirect, known or unknown, discovered or undiscovered, including but not limited to any such obligations, claims, actions and demands arising under Chapter 5 of the Bankruptcy Code, except that the obligations arising out of this Settlement Agreement are not released.

## RELIEF REQUESTED

11. By this Motion, the Trustee seeks the entry of an order, substantially in the form attached hereto, approving the terms of the Settlement Agreement and authorizing the Trustee to take any and all actions as may be necessary and appropriate to implement the provisions of the Settlement Agreement.

## BASIS FOR RELIEF REQUESTED

12. This Bankruptcy Court has the authority to grant the relief requested in this Motion pursuant to section 105 of the Bankruptcy Code and Bankruptcy Rule 9019(a).  Bankruptcy Rule 9019 governs the approval of compromises and settlements, and provides as follows:

> On motion by the Trustee and after notice and a hearing, the court may approve a compromise or settlement.  Notice shall be given to creditors, the United States trustee, the debtor, and indenture trustees as provided in Rule 2002 and to any other entity as the court may direct.

Fed. R. Bankr. P. 9019. In addition, pursuant to section 105(a) of the Bankruptcy Code, the "court may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title."

13. Under this authority, the Third Circuit has emphasized that "to minimize litigation and expedite the administration of a bankruptcy estate, '[c]ompromises are favored in bankruptcy.'" *Myers v. Martin (In re Martin)*, 91 F.3d 389, 393 (3d Cir. 1996) (*quoting* 9 Collier on Bankruptcy ¶ 9019.03[1] (15th ed. 1993)). In addition, this district has recognized that the approval of a proposed compromise and settlement is committed to the sound discretion of the bankruptcy court. *See In re Louise's, Inc.*, 211 B.R. 798, 801 (D. Del. 1997).

14. Before approving a settlement under Bankruptcy Rule 9019, a court must determine whether "the compromise is fair, reasonable, and in the interests of the estate." *In re Marvel Entm't Grp., Inc.*, 222 B.R. 243, 249 (D. Del. 1998) (*quoting Louise's*, 211 B.R. at 801). The Third Circuit has enumerated four factors that should be considered in determining whether a compromise should be approved: (i) the probability of success in litigation; (ii) the likely difficulties in collection; (iii) the complexity of the litigation involved, and the expense, inconvenience and delay necessarily attending it; and (iv) the paramount interest of the creditors. *See Martin*, 91 F.3d at 393 (*citing Protective Comm. for Indep. Stockholders of TMT Trailer Ferry, Inc. v. Anderson*, 390 U.S. 414, 424-25 (1968)).

15. Fundamental to the process of evaluating proposed settlements is "the need to compare the terms of the compromise with the likely rewards of litigation." *TMT Trailer Ferry*, 390 U.S. at 425. The *TMT* rule does not require the Bankruptcy Court to hold a full evidentiary hearing before a compromise can be approved, but rather the Bankruptcy Court's obligation is "to canvas the issues and see whether the settlement 'falls below the lowest point in a range of

reasonableness.'" 10 Collier on Bankruptcy ¶ 9019.2 (16th 2024) (*quoting In re Drexel Lambert Grp., Inc.*, 134 B.R. 493 (Bankr. S.D.N.Y. 1991)).

16. The Settlement Agreement and the proposed settlement and compromise embodied therein meets all of the above criteria. Eagle Pharmacy has asserted an entitlement to various credits and chargebacks on the inventory it purchased from the Debtors and therefore denies that it owes the full amount of the Accounts Receivable. The Trustee in the exercise of his business judgment has determined that it is appropriate to compromise the Estates' claim to avoid costly litigation and discovery over the credits and chargebacks claimed by Eagle Pharmacy and thereby obtain a substantial consensual payment without the need to issue additional execution proceedings. Such litigation involves inherent risk, with little or no certainty that the Trustee would prevail in recovering the full amount of the Accounts Receivable demanded. By entering into the Settlement Agreement, the Trustee has efficiently resolved the parties' dispute over the Accounts Receivable in return for a 68% recovery for the benefit of the Estates. Indeed, the substantial Settlement Amount has already been paid to the Trustee subject to the Court's approval of the Settlement Agreement.

17. For these reasons, the Trustee respectfully submits that all of the foregoing factors reflect that the Settlement Agreement is a fair and appropriate settlement reached in the exercise of the Trustee's business judgment which meets or exceeds the required range of reasonableness and should be approved by this Court as being in the best interests of the Estates and the Debtors' creditors.

**NOTICE**

18. Notice of this Motion will be given to the following parties (the "Notice Parties"): (i) the Office of the United States Trustee; (ii) counsel to Eagle Pharmacy and its Affiliates J. Knipper and Company, Inc., Knipperx, Inc., and Knipper 3PL, Inc.; (iii) counsel to the Debtors;

(iv) the largest thirty (30) unsecured creditors with names and addresses appearing in Schedule F of the Schedules of Assets and Liabilities prepared by the Debtors; and (v) all parties who have requested notice pursuant to Federal Rule of Bankruptcy Procedure 2002.   The Trustee submits that, in light of the nature of the relief requested, no other or further notice need be given.

## **CONCLUSION**

WHEREFORE, the Trustee respectfully requests that the Court enter an order granting the relief requested by this Motion, as well as any additional relief as is just and proper.

Dated:  March 4, 2025

COZEN O'CONNOR

By: */s/ John T. Carroll, III*
John T. Carroll, III (DE No. 4060)
Simon E. Fraser (DE No. 5335)
1201 N. Market Street
Suite 1001
Wilmington, DE  19801
Tel: (302) 295-2000
jcarroll@cozen.com
sfraser@cozen.com

Christina M. Sanfelippo
(Admitted in IL/Not admitted in DE)
123 North Wacker Drive
Suite 1800
Chicago, IL 60606
(312) 382-3100 Telephone
csanfelippo@cozen.com

*Counsel to George L. Miller,*
*Chapter 7 Trustee*