# EXHIBIT "A"

## Settlement Agreement

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 7 |
| AKORN HOLDING COMPANY LLC, *et al* [1] | Case No. 23-10253 (KBO) |
| Debtors. | (Jointly Administered) |

**SETTLEMENT AGREEMENT REGARDING EAGLE PHARMACY LLC**
**ACCOUNTS RECEIVABLE**

      This Settlement Agreement (the "Settlement Agreement") is entered into as of February 21 2025, by and between George L. Miller, in his capacity as chapter 7 trustee (the "Trustee") for the bankruptcy estates of Akorn Holding Company LLC, *et al.* (the "Estates" of the "Debtors"), and Eagle Pharmacy, LLC (along with its affiliated entities, J. Knipper and Company, Inc., Knipperx, Inc., and Knipper 3PL, Inc.) (collectively, the "Obligor" and, together with the Trustee, the "Parties") with reference to the following facts and recitals:

**RECITALS**

      **WHEREAS**, on February 23, 2023 (the "Petition Date"), the Debtors filed voluntary petitions for relief under chapter 7 of title 11 of the United States Code in the Bankruptcy Court, thereby commencing the Chapter 7 Cases;

      **WHEREAS**, on or about the Petition Date, the Office of the United States Trustee appointed the Trustee to serve as the duly authorized trustee to the Estates of the Debtors;

      **WHEREAS**, the Trustee has analyzed the Debtors' available records, and those records indicate that the Obligor owes the Debtors $367,543.64 for certain unpaid invoices, identified as Invoice Nos. 3898255, 4065356, and 4087514 (collectively, the "Invoices"), for pharmaceutical products sold and delivered to Eagle Pharmacy (the "Accounts Receivable");

      **WHEREAS**, the Trustee has made demands upon the Obligor to turnover to the Estates the entire Accounts Receivable owed on the Invoices;

      **WHEREAS**, the Obligor disputes that it is obligated to pay the full amount of the Accounts Receivable demanded by the Trustee and has asserted various defenses to the Trustee's ability to recover the entire amount of the Accounts Receivable; and

---

[1] The Debtors in these chapter 7 cases, along with the last four digits of their federal tax identification numbers, and cases numbers are Akorn Holding Company LLC (9190), Case No. 23-10253 (KBO); Akorn Intermediate Company LLC (6123), Case No. 23-10254 (KBO); and Akorn Operating Company LLC (6184), Case No. 23-10255 (KBO). The Debtors' headquarters is located at 5605 CenterPoint Court, Gurnee, IL 60031.

**WHEREAS**, in order to avoid the potential costs, risks, and delay of litigation, the Parties have determined to resolve their disputes relating to the Accounts Receivable on the terms and subject to the conditions set forth in this Settlement Agreement.

## AGREEMENT

**NOW, THEREFORE**, the Parties intending to be legally bound, and for good and valuable consideration, the receipt of which is hereby acknowledged, agree as follows:

1.     **Recitals.**  The recitals set forth in the "Whereas" clauses above are incorporated herein by reference.

2.     **Settlement Payment.**  Upon execution of this Settlement Agreement, the Obligor shall pay to the Trustee the sum of $250,000 (the "Settlement Amount") in full and complete satisfaction of the Trustee's claims to recover the Accounts Receivable identified on the Invoices. The Settlement Amount shall be paid by wire transfer pursuant to instructions separately provided in writing to the Obligor.

3.     **Mutual Releases.**  Upon payment of the Settlement Amount in full to the Trustee and entry of the Approval Order (term defined below), the Trustee on the one hand, and the Obligor on the other hand, in respect of the mutual promises and other consideration recited in this Settlement Agreement, hereby release each other and their respective predecessors in interest, successors, affiliates, shareholders, members, directors, officers, agents, representatives, and attorneys of any and all obligations, claims, actions and demands of any kind whatsoever, at law or in equity, direct or indirect, known or unknown, discovered or undiscovered, including but not limited to any such obligations, claims, actions and demands arising under Chapter 5 of the Bankruptcy Code, except that the obligations arising out of this Settlement Agreement are not released.

4.     **Bankruptcy Court Approval.**  Notwithstanding any provision herein to the contrary, this Settlement Agreement's effectiveness is subject to an order entered by the Bankruptcy Court approving this Settlement Agreement in accordance with Fed. R. Bankr. P. 9019 (the "Approval Order").  After the Parties have executed this Settlement Agreement and the Trustee has received payment of the Settlement Amount in good funds, the Trustee will file papers with the Bankruptcy Court to obtain entry of the Approval Order.  In the event that the Bankruptcy Court does not enter the Approval Order, the Trustee will promptly thereafter return the Settlement Amount to Obligor and this Settlement Agreement shall be null and void.

5.     **No Liability.**  The Parties acknowledge that this Settlement Agreement is a compromise of disputed claims and that neither admits, and each expressly denies, any liability on its part.

6.     **Entire Agreement**.  This Settlement Agreement sets forth the entire agreement between the Parties and fully supersedes any and all prior agreements and understandings, written or oral, between the Parties pertaining to the subject matter hereof.  The Parties agree that no rule of construction shall apply to this Settlement Agreement construing its provisions in favor of or against either of the Parties.

2

7. **No Reliance.** Except as otherwise set forth in this Settlement Agreement, the Parties represent and acknowledge that, in executing this Settlement Agreement, they do not rely and have not relied upon any representation or statement made by any Party or any of their agents, shareholders, representatives, or attorneys, with regard to the subject matter, basis, or effect of this Settlement Agreement.

8. **Advice of Counsel.** The Parties further declare that, in making this Settlement Agreement, they have relied entirely upon their own judgment, beliefs, and the advice of their counsel (for whose expense each shall be solely responsible), if any, and that they have had a reasonable period of time to consider this Settlement Agreement and, if so desired, to consult with counsel.

9. **Severability**. Each provision of this Settlement Agreement is intended to be severable. If any term or provision is held to be invalid, void, or unenforceable by a court of competent jurisdiction for any reason whatsoever, such ruling shall not affect the enforceability of the remainder of this Settlement Agreement.

10. **Amendment**. No modification of this Settlement Agreement shall be binding or enforceable unless in writing and signed by the Parties.

11. **Binding Effect of Agreement**. This Settlement Agreement shall be binding upon and inure to the benefit of the Parties and their respective successors, administrators, and assigns.

12. **Choice of Law and Forum Selection**. This Settlement Agreement shall be interpreted and construed in accordance with the provisions of the Bankruptcy Code and, where not inconsistent, the laws of the State of Delaware, without regard to the conflict of laws principles of the State of Delaware. Each of the Parties hereby irrevocably consents to the jurisdiction of the Bankruptcy Court with respect to any action to enforce the terms and provisions of this Settlement Agreement and expressly waives any right to commence any such action in any other forum.

13. **Counterparts**. This Settlement Agreement may be executed in one or more counterparts, including by email or facsimile, each of which shall be deemed an original, but all of which together shall constitute one and the same instrument.

14. **Authorization**. Each person signing this Settlement Agreement represents and warrants that he/she has been duly authorized and has the requisite authority to execute and deliver this Settlement Agreement on behalf of such Party and to bind his/her respective clients to the terms and conditions of this Settlement Agreement.

[ *signature page(s) to follow* ]

IN WITNESS WHEREOF, the Parties have each approved and executed this Settlement

Agreement:

**EAGLE PHARMACY LLC**

By: _____
    Name:
    Title:

**GEORGE L. MILLER, AS CHAPTER 7 TRUSTEE FOR THE ESTATES OF AKORN HOLDING COMPANY LLC,** *et al.*

By: _____ 2/21/25
    Name: George L. Miller
    Title:   Chapter 7 Trustee

**J. KNIPPER AND COMPANY, INC.**

By: _____
    Name:
    Title:

**KNIPPERX, INC.**

By: _____
    Name:
    Title:

**KNIPPER 3PL, INC.**

By: _____
    Name:
    Title:

LEGAL\72226589\4 6010823/00574256

IN WITNESS WHEREOF, the Parties have each approved and executed this Settlement Agreement:

**EAGLE PHARMACY LLC**

Knipper Health, Inc.

**John Petrolino**
General Counsel
February 21, 2025    16:51 UTC
IP: 174.203.69.169

**GEORGE L. MILLER, AS CHAPTER 7 TRUSTEE FOR THE ESTATES OF AKORN HOLDING COMPANY LLC,** *et al.*

By: _____
     Name: George L. Miller
     Title:  Chapter 7 Trustee

**J. KNIPPER AND COMPANY, INC.**

Knipper Health, Inc.

**John Petrolino**
General Counsel
February 21, 2025    16:51 UTC
IP: 174.203.69.169

**KNIPPERX, INC.**

Knipper Health, Inc.

**John Petrolino**
General Counsel
February 21, 2025    16:51 UTC
IP: 174.203.69.169

**KNIPPER 3PL, INC.**

Knipper Health, Inc.

**John Petrolino**
General Counsel
February 21, 2025    16:51 UTC
IP: 174.203.69.169