# Exhibit 1

**Stipulation**

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>AKORN HOLDING COMPANY LLC, *et al.*[1]<br><br>Debtors. | Chapter 7<br><br>Case No. 23-10253 (KBO)<br><br>(Jointly Administered)<br><br>Re D.I. 849, 916 |

**STIPULATION RESOLVING LIMITED OBJECTION AND JOINDER OF E.L. PRUITT CO. TO ARGO PARTNERS, II LLC'S OBJECTION TO MOTION OF GEORGE L. MILLER, CHAPTER 7 TRUSTEE, FOR AN ORDER AUTHORIZING FIRST DISTRIBUTION OF FUNDS TO HOLDERS OF ALLOWED PRIORITY CLAIMS UNDER SECTION 507(a)(4) OF THE BANKRUPTCY CODE AND GRANTING RELATED RELIEF**

George L. Miller, the duly appointed chapter 7 trustee (the "Trustee") for the estates (the "Estates") of the above-captioned Debtors (the "Debtors"), and E.L. Pruitt Co. ("Pruitt" and, together with the Trustee, the "Parties"), hereby stipulate (this "Stipulation") as follows:

WHEREAS, on February 23, 2023 (the "Petition Date"), the Debtors commenced these jointly administered bankruptcy cases (collectively, the "Bankruptcy Cases") by each filing a voluntary petition in the United States Bankruptcy Court for the District of Delaware (the "Bankruptcy Court") for relief under chapter 7 of the Bankruptcy Code.

WHEREAS, on or about the Petition Date, the Office of the United States Trustee appointed the Trustee as the chapter 7 trustee for the Estates of each of the Debtors.

WHEREAS, on May 18, 2023, Pruitt filed the *Limited Objection of E.L. Pruitt Co. to Trustee's Motion for Approval of Sharing Agreement and Carve-Out with Lenders and Related*

---

[1] The Debtors in these chapter 7 cases, along with the last four digits of their federal tax identification numbers, and cases numbers are Akorn Holding Company LLC (9190), Case No. 23-10253 (KBO); Akorn Intermediate Company LLC (6123), Case No. 23-10254 (KBO); and Akorn Operating Company LLC (6184), Case No. 23- 10255. The Debtors' headquarters is located at 5605 CenterPoint Court, Gurnee, IL 60031.

72115542\7

*Relief* [D.I. 201] (the "Carve-Out Objection"), on account of its asserted mechanics lien pursuant to the Illinois Mechanic's Lien Act, 770 ILCS 60/0.01 *et seq.* for services that it asserts it performed between February 3, 2023 and February 20, 2023 at facilities of the Debtors located at 140 South Wyckles Road, Decatur, IL 62522, 150 South Wyckles Road, Decatur, IL 62522 and 1222 West Grand Avenue, Decatur, IL 62522 (the "Decatur Facilities").

WHEREAS, On May 30, 2023, the Parties agreed that the Trustee would insert language into the form of *Order Granting Trustee's Motion for Approval of Sharing Agreement and Carve-Out with Lenders, and Related Relief* resolving the Carve-Out Objection, providing that the pre-petition liens of the Debtors' lenders were subject and subordinate to ". . . any valid, perfected and unavoidable senior priority liens in existence as of the Petition Date or any valid, unavoidable lien that is senior in priority upon perfection after the Petition Date pursuant to generally applicable law as provided for in 11 U.S.C. 546(b) against the [applicable collateral]." [D.I. 292, ¶9] (the "Carve-Out Agreement").

WHEREAS, on June 23, 2023, Pruitt filed a proof of claim asserting a secured claim in the amount of $426,703, which proof of claim was docketed on the claims register of Debtor Akorn Operating Company LLC as Claim No. 385 (the "Lien Claim").

WHEREAS, the Trustee subsequently sold the Decatur Facilities for a sum less than the amount of the secured debt of the Debtors' lenders but greater than the amount of the Lien Claim.

WHEREAS, on July 3, 2024, the Trustee filed a *Motion for an Order Authorizing First Distribution of Funds to Holders of Allowed Priority Claims Under Section 507(a)(4) of the Bankruptcy Code and Granting Related Relief* [D.I. 849] (the "Motion").

WHEREAS, on August 6, 2024, Pruitt filed the *Limited Objection and Joinder of E.L. Pruitt Co. to Argo Partners, II LLC's Objection to Motion of George L. Miller, Chapter 7 Trustee, for an Order Authorizing First Distribution of Funds to Holders of Allowed Priority Claims Under Section 507(a)(4) of the Bankruptcy Code and Granting Related Relief* [D.I. 916] (the "Objection"), in which it asserts, *inter alia*, that the Lien Claim is a fully secured claim with respect to the proceeds of the Trustee's sale of the Decatur Facilities (as that term is defined in the Objection).

WHEREAS, following arm's-length negotiations, the Trustee and Pruitt wish to resolve the Objection on the terms and conditions set forth below.

NOW, THEREFORE, intending to be legally bound, and subject to Bankruptcy Court approval, the Parties agree as follows:

1. The Trustee shall set aside the sum of $556,347.66 (the "Pruitt Set-Aside Funds").

2. Within ninety (90) days of the entry of an order of the Bankruptcy Court approving this Stipulation (the "Approval Order"), the Trustee shall file an objection to the Lien Claim with the Bankruptcy Court addressing the alleged secured status of the Lien Claim (the "Classification Objection"). The Classification Objection may include any objections that the Trustee wishes to assert to any other aspects of the Lien Claim, including without limitation, to the amount and/or validity of the Lien Claim.

3. The Trustee shall not disburse the Pruitt Set-Aside Funds pending either an adjudication by the Bankruptcy Court of the Classification Objection as provided for herein, or further order of the Bankruptcy Court.

4. By no later than the thirtieth (30th) day following the entry of the Approval Order, the Parties shall hold a meet-and-confer session regarding the potential consensual resolution of the

3

Lien Claim, and cooperate in good faith to exchange information needed to resolve the Lien Claim and Classification Objection.

5. Pruitt represents and warrants that it is legal owner of the Lien Claim.

6. Except as expressly provided herein, all rights of the Parties are reserved.

7. This Stipulation may not be materially amended without the express written consent of all Parties and approval by the Bankruptcy Court. In the event that the Parties agree to materially amend this Stipulation, they shall cooperate in good faith as necessary to obtain Bankruptcy Court approval of the Stipulation as amended.

8. Promptly following the execution of this Stipulation, the Trustee shall submit this Stipulation to the Bankruptcy Court for approval together with a certification of counsel. The Parties shall cooperate as may be reasonably necessary to obtain Bankruptcy Court approval.

9. This Stipulation shall be binding upon and inure to the benefit of the Parties, including any successor trustee or any trustee appointed under any chapter of the Bankruptcy Code, any successor debtor in possession, and any assignee or successor in interest of the Debtors or the Trustee. In the event that any subsequent trustee or debtor in possession succeeds to the Trustee's rights in the Bankruptcy Cases by conversion or otherwise, such trustee or debtor in possession shall be bound by and subject to the terms and conditions of this Stipulation, including but not limited to the Trustee's obligations hereunder.

10. The Bankruptcy Court shall retain jurisdiction to enforce the terms of this Stipulation.

Dated: March 10, 2025 **COZEN O'CONNOR**

/s/ *Simon E. Fraser*
John T. Carroll, III (No. 4060)
Simon E. Fraser (No. 5335)
1201 N. Market St., Ste. 1001
Wilmington, DE 19801
Telephone: (302) 295-2000
Facsimile: (302) 295-2013
jcarroll@cozen.com
sfraser@cozen.com
*Counsel for the Trustee, George L. Miller*

Dated: March 10, 2025 **HILLER LAW, LLC**

/s/ *Adam Hiller*
Adam Hiller (DE No. 4105)
300 Delaware Avenue, Suite 210, #227
Wilmington, DE 19801
(302) 442-7677 telephone
ahiller@adamhillerlaw.com
*Counsel for EL Pruitt Co.*