# EXHIBIT A

| ALBERT A. CIARDI, III<br>ACIARDI@CIARDILAW.COM | CIARDI CIARDI & ASTIN | 1905 Spruce Street<br>Philadelphia, PA 19103<br>215-557-3550 Telephone<br>215-557-3551 Facsimile |

February 21, 2025

*Via Electronic Mail*
Nava S. Sanders, Esquire
Assistant General Counsel
Ernst & Young LLP
Nava.S.Sanders@ey.com

   *Re*: George L. Miller, Chapter 7 Trustee of the
      Estate of Akorn Holding Company, LLC, *et al.*
      v. Ernst & Young, LLP
      Bankruptcy Case No. 23-10253 (KBO)

Dear Transferee:

  This letter (the "Letter Agreement") confirms the settlement of the attached demand letter, dated December 6, 2024 (the "Demand Letter") against Ernst & Young LLP (the "Transferee") in consideration of payment by Transferee of $366,797.55 (the "Settlement Payment") to George L. Miller (the "Trustee," and together with Transferee, the "Parties"), and waiver by Transferee of its right to file a claim relating to the Settlement Payment against the Chapter 7 estates of Akorn Holding Company LLC et al. (the "Debtors"), Case No. 23-10253 (KBO) (the "Debtors") pursuant to 11 U.S.C. § 502(h) (the "502(h) Claim") and the waiver of any filed proof of claim in the Debtors' estates. The Settlement Payment shall be payable to "George L. Miller, Chapter 7 Trustee for the Estates of Akorn Holding Company LLC et al." and sent via wire transfer to George L. Miller, Trustee, 8 Penn Center, Suite 950, 1628 John F. Kennedy Boulevard, Philadelphia, PA 19103. The Transferee shall pay the Settlement Payment by the Effective Date, as defined below.

Pursuant to the ORDER APPROVING PROCEDURES REGARDING SETTLEMENTS OF AVOIDANCE CLAIMS PURSUANT TO BANKRUPTCY RULE 9019(b) (DI 1040), entered on February 4, 2025, in the above-referenced bankruptcy proceeding, the Trustee may compromise or settle Adversary Proceedings and Affirmative Claims where the Demand Amount is more than $500,000 pursuant to the following procedures.

  a. The Trustee shall file an omnibus or individual motion pursuant to Rule 9019 (the "9019 Motion").

  b. A hearing and objection deadline with respect to the 9019 Motion shall be scheduled in accordance with the Court's ordinary procedures and an order of the Court shall be entered either approving or disapproving the Settlement(s).

Nava S. Sanders, Esquire
Assistant General Counsel
Ernst & Young LLP
February 21, 2025
Page 2 of 4

---

The Parties understand and acknowledge that this Letter Agreement shall become final and binding on the date (the "Effective Date") on which all of the following have occurred: (i) execution by all Parties of this Letter Agreement and (ii) approval of this Letter Agreement by an order of the Bankruptcy Court pursuant to Federal Rule of Bankruptcy Procedure 9019, which order is final and no longer subject to appeal. If the Bankruptcy Court does not approve this Letter Agreement, then (i) this Letter Agreement shall be null and void, and of no force and effect and (ii) the Parties will revert to the status quo ante.

Upon the Effective Date, the Trustee, on behalf of the Debtors' respective estates, releases and forever discharges the Transferee, its affiliates, Ernst & Young Global Ltd. (and all of its member firms), and Ernst & Young Global Services and each and all of their respective present and former parents, partners, principals, owners, affiliates, subsidiaries, divisions, branches, units, predecessors, successors and assigns, equity holders, members, managers, directors, officers, representatives, agents, servants, sureties, insurers, employees, attorneys, administrators, retained professionals, independent contractors, insurers, and all persons acting by, through, under or in concert with any of them from and against any and all claims, demands, suits, obligations, charges, complaints, liabilities, promises, agreements, controversies, damages, actions, costs, losses, debts, expenses, accounts, reckonings, bills, invoices, applications for payment, liens and all other obligations of any nature whatsoever, known or unknown, suspected or unsuspected, absolute or contingent, matured or unmatured that could be brought by the Trustee, the Debtors or their estates arising at any time out of or related to the facts set forth in the Demand Letter.

Additionally, upon the Effective Date, the Transferee and its officers, directors, partners, agents, employees, sureties, insurers, successors and assigns release and forever discharge the Trustee's officers, directors, partners, agents, employees, sureties, insurers, successors and assigns from and against any and all claims, demands, suits, obligations, accounts, reckonings, bills, invoices, applications for payment, liens and all other obligations arising at any time out of or related to the facts set forth in the Demand Letter. The Transferee additionally waives its 502(h) Claim and any filed Proof of Claim.

Each person signing this Letter Agreement represents and warrants that he or she has been duly authorized and has the requisite authority and power to execute and deliver the Letter Agreement on behalf of such Party and to bind his or her respective client(s) to the terms and conditions of the Letter Agreement.

The Parties represent and acknowledge that, in entering into this Letter Agreement, they relied entirely upon their own judgment, beliefs and interest and the advice of their counsel (for whose expense each shall be solely responsible) and that they have had a reasonable period of time to consider the Letter Agreement.

Nava S. Sanders, Esquire
Assistant General Counsel
Ernst & Young LLP
February 21, 2025
Page 3 of 4

---

The Parties agree that each has reviewed this Letter Agreement and fully understands and voluntarily accepts all the provisions contained herein. The Parties further agree that the Letter Agreement was the product of good faith and arms length negotiations between the Parties and that any rule of construction that ambiguities are to be resolved against the drafting party shall not apply in the interpretation of this Letter Agreement.

This Letter Agreement sets forth the entire agreement between the Parties and supersedes any and all prior agreements and understandings, written or oral, between the Parties pertaining to the subject matter hereof.

By entering into this Letter Agreement, neither Party admits, and each Party expressly denies, any liability, fault, wrongdoing or responsibility on its part with respect to the matters being resolved herein.

Each of the Parties represents and warrants that, as of its execution of this Letter Agreement, it has not assigned or otherwise transferred any of the claims addressed in, or to be released by, this Letter Agreement and shall not assign or otherwise transfer to any person any such claim.

If any provision of this Letter Agreement be declared or be determined by any court of competent jurisdiction to be illegal, invalid, or unenforceable, then said illegal, unenforceable, or invalid provision shall be deemed not to be a part of this Letter Agreement and the legality, validity, and enforceability of the remaining provisions shall not be affected thereby, unless the provision(s) held illegal, unenforceable, or invalid will, if not enforced, substantially impair the benefits and fairness of the remaining Letter Agreement provisions.

No modification of this Letter Agreement shall be binding or enforceable unless in writing and signed by the Parties.

This Letter Agreement shall be binding upon and inure to the benefit of the Parties, their respective heirs, executors, successors, administrators and assigns.

To confirm the Transferee's acceptance of the terms and conditions herein, please execute this Letter Agreement where indicated below and forward the fully executed Letter Agreement to Mr. Miller, copy to the undersigned.

Nava S. Sanders, Esquire
Assistant General Counsel
Ernst & Young LLP
February 21, 2025
Page 4 of 4

---

      To confirm the Transferee's acceptance of the terms and conditions herein, please execute this Letter Agreement where indicated below and forward the fully executed Letter Agreement to Mr. Miller, copy to the undersigned.

                                          Sincerely,

                                          ***/s/ Albert A. Ciardi, III***
                                          Albert A Ciardi, III, Esquire
                                          On behalf of George L. Miller,
                                          Chapter 7 Trustee

***Agreed to and accepted by***:

Ernst & Young LLP

By: ___*Dana D. Douglas* (signature)___

Name: ___Dana Douglas___

Title: ___Associate General Counsel___

Date: ___2/21/2025___


George L. Miller, Chapter 7 Trustee of the Estate of Akorn Holding Company, LLC, *et al.*

By: _____

Name: _____

Title: _____

Date: _____

Nava S. Sanders, Esquire
Assistant General Counsel
Ernst & Young LLP
February 21, 2025
Page 4 of 4

Sincerely,

*/s/ Albert A. Ciardi, III*
Albert A Ciardi, III, Esquire
On behalf of George L. Miller,
Chapter 7 Trustee

**Agreed to and accepted by:**

Ernst & Young LLP

By: _____

Name: __Dana Douglas_____

Title: __Associate General Counsel_____

Date: _____


George L. Miller, Chapter 7 Trustee of the Estate of Akorn Holding Company, LLC, *et al.*

By: *[signature]*

Name: GEORGE L. MILLER

Title: CHAPTER 7 TRUSTEE

Date: 2/21/2025