**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 7 |
| AKORN HOLDING COMPANY LLC, *et al.*,[1] | Case No. 23-10253 (KBO) |
| Debtors. | (Jointly Administered) |
| GEORGE MILLER, Chapter 7 Trustee of the bankruptcy estates of Akorn Holding Company LLC, *et al.*, | |
| Plaintiff, | |
| v. | Adv. Proc. No. 25-_____ (KBO) |
| CITYMEDRX, LLC, | |
| Defendant. | |

**COMPLAINT FOR (I) PAYMENT OF GOODS SOLD AND DELIVERED,**
**(II) BREACH OF CONTRACT, (III) ACCOUNT STATED, AND**
**(IV) UNJUST ENRICHMENT (IN THE ALTERNATIVE)**

Plaintiff, George L. Miller, Chapter 7 Trustee for the bankruptcy estates of Akorn Holding Company LLC, Akorn Intermediate Company LLC and Akorn Operating Company LLC (collectively, the "Debtors"), by and through his undersigned counsel, hereby files this *Complaint for (I) Payment of Goods Sold and Delivered, (II) Breach of Contract, (III) Account Stated, and (IV) Unjust Enrichment (In the Alternative)* (the "Complaint") against the above-captioned defendant ("Defendant") and alleges as follows:

---

[1]    The Debtors in these Chapter 7 Cases, along with the last four digits of each Debtor's federal tax identification number, are: Akorn Holding Company LLC (9190); Akorn Intermediate Company LLC (6123) and Akorn Operating Company LLC (6184). The Debtors' headquarters was located at 5605 CenterPoint Court, Gurnee, Illinois 60031.

## JURISDICTION AND VENUE

1.      The United States Bankruptcy Court for the District of Delaware (the "Bankruptcy Court") has jurisdiction over this adversary proceeding under the Bankruptcy Code pursuant to 28 U.S.C. §§ 157(a) and 1334(a) and the *Amended Standing Order of Reference from the United States District Court for the District of Delaware* dated February 29, 2012.

2.      This proceeding is a core proceeding within the meaning of 28 U.S.C. § 157(b).

3.      Venue in this District is proper pursuant to 28 U.S.C. §§ 1408 and 1409(a).

4.      Pursuant to Local Bankruptcy Rule 7008-1, Plaintiff affirms his consent to the entry of final orders or judgments by the Bankruptcy Court if it is determined that the Bankruptcy Court, absent consent of the parties, cannot enter final orders or judgments consistent with Article III of the United States Constitution.

## PARTIES

5.      Plaintiff, George L. Miller, is the duly appointed Chapter 7 Trustee of the Debtors' bankruptcy estates ("Trustee").

6.      Defendant CityMedRx LLC is a limited liability company formed under the laws of the State of New York with its principal office address at 97-17 64th Road, Lower Level, Rego Park, NY 11374.

## BACKGROUND FACTS

7.      On February 23, 2023 (the "Petition Date"), each of the Debtors, Akorn Holding Company LLC, Case No. 23-10253; Akorn Intermediate Company LLC, Case No. 23-10254 and Akorn Operating Company, LLC, Case No. 23-10255 filed voluntary petitions in the Bankruptcy Court for relief under Chapter 7 of Title 11 of the Bankruptcy Code (the "Chapter 7 Cases").  The Chapter 7 Cases are being jointly administered.

8.      On or about the Petition Date, the Office of the United States Trustee appointed George L. Miller as the Trustee to the bankruptcy estates of each of the Debtors.

9.      Prior to the Petition Date, the Debtors' businesses included developing, manufacturing, and marketing specialty pharmaceuticals, including prescription, consumer health, and animal health products.

10.      The Debtors were an industry leader in branded and generic products in alternate dosage forms such as ophthalmic, injectables, oral liquids, topicals, inhalants and nasal sprays.

11.      The Debtors operated at numerous locations in the United States and were headquartered in Gurnee, Illinois.  The Debtors' operations in the United States have all ceased.

12.      Prior to the Petition Date, Defendant agreed to purchase goods and products from the Debtors, which were distributed to various stores and pharmacies affiliated with Defendant.

13.      After the Debtors shipped and delivered the goods, Defendant failed to pay for the goods. A spreadsheet of Defendant's account with the Debtors, showing the invoices and total amounts owed for goods sold between the Debtors and Defendant, is attached to the Complaint as **Exhibit A**.

### ***Defendant's Account with the Debtor for Sales of Goods***

14.      The Debtors agreed to sell products to Defendant in amounts that it deemed necessary to fill customer orders, and agreed to invoice Defendant on the date the products were shipped.

15.      Defendant agreed to pay the Debtors on the invoices on the due dates specified on the invoices.

16.      Pursuant to the terms of the customer purchase orders, and as itemized in Exhibit A, the Debtors supplied the products ordered by Defendant and invoiced Defendant for those products.

17.     Defendant has not paid the full amount owed for the goods sold.

18.     Upon information and belief, Defendant was paid in full by its customers for all products purchased from the Debtors.

19.     The total amount owed to the Debtors by Defendant is **$57,126.72**. *See* Exhibit A.

20.     On or about June 22, 2023, Plaintiff sent a demand letter to Defendant, informing Defendant of the amounts owed and demanding payment.  Plaintiff sent a final follow-up demand to Defendant on or about January 23, 2024 (collectively, the "Demand Letters").  Defendant has failed to respond to the Demand Letters.

21.     The total amount of $57,126.72 remains due and owing from Defendant.

## CLAIMS FOR RELIEF

### COUNT I
### (Goods Sold and Delivered)

22.     Plaintiff repeats and realleges the allegations contained in paragraphs 1 through 21 of the Complaint as though set forth fully herein.

23.     The Debtors sold the products ordered by Defendant and delivered them to Defendant pursuant to the terms of the parties' agreements and ordinary course of business.

24.     Defendant accepted the products delivered by the Debtors without objection.

25.     Upon delivery, Defendant became obligated to pay for those products at the agreed prices pursuant to the terms of the agreement by the due date on the invoices.

26.     The total amount owed, as listed on Exhibit A, remains unpaid.

27.     Defendant has failed to pay for the goods, despite Plaintiff's demand for payment.

28.     Plaintiff is entitled to a judgment in the amount of $57,126.72 for the price of the goods sold and delivered.

WHEREFORE, Plaintiff prays for judgment against Defendant for the value of the goods sold and delivered to Defendant, in the amount of $57,126.72, plus prejudgment interest, costs, any applicable attorney's fees, and for such other and further relief as the Court may deem just and proper.

## COUNT II
### (Breach of Contact)

29.    Plaintiff repeats and realleges the allegations contained in paragraphs 1 through 21 of the Complaint as though set forth fully herein.

30.    Prior to the Petition Date, the Debtors and Defendant entered into the agreement in which Defendant agreed to pay the Debtors for any goods sold and delivered to Defendant.

31.    The Agreements were valid and enforceable contracts the terms of which Defendant is obligated to perform.

32.    Debtors performed under the contract by delivering to Defendant the goods set forth on the invoices.

33.    Defendant has failed to pay Debtors an amount not less than $57,126.72 for the products ordered and delivered pursuant to the agreements, which constitutes a material breach of Defendant's obligations under the agreements.

34.    As a direct and proximate result of Defendant's breach, the Debtors incurred damages in an amount not less than $57,126.72.

35.    Plaintiff is entitled to a judgment against Defendant in an amount not less than $57,126.72.

WHEREFORE, Plaintiff prays for judgment against Defendant for all damages caused by Defendant's breach of the agreements in the amount of $57,126.72, plus prejudgment interest,

costs, any applicable attorney's fees, and such other and further relief as the Court may deem just and proper.

## COUNT III
## (Account Stated)

36.     Plaintiff repeats and realleges the allegations contained in paragraphs 1 through 21 of the Complaint as though set forth fully herein.

37.     Defendant ordered products from the Debtors, and the Debtors invoiced Defendant for those products, creating a debtor-creditor relationship between Defendant and the Debtors.

38.     The Debtors sent invoices to Defendant setting forth the amounts due and owing for Defendant's purchase of goods from the Debtors.

39.     Defendant never objected to the invoices and, therefore, consented to the amounts owed.

40.     Plaintiff has demanded that Defendant pay for the goods that it purchased and received from the Debtors.

41.     Defendant has failed and refused to pay for the goods received from the Debtors.

42.     There is an account stated for the sale of goods due and owing to the Debtors in the amount of $57,126.72, and Plaintiff is entitled to a judgment in that amount.

WHEREFORE, Plaintiff prays for judgment against Defendant for account stated in the amount of  $57,126.72, plus prejudgment interest, costs, any applicable attorney's fees, and for such other and further relief as the Court may deem just and proper.

## COUNT IV
## (In the Alternative – Unjust Enrichment)

43.     Plaintiff repeats and realleges the allegations contained in paragraphs 1 through 21 of the Complaint as though set forth fully herein.

44.     The Debtors provided and delivered the products ordered by Defendant under the reasonable expectation that Defendant would pay the full fair market value for the products.

45.     Defendant accepted the products, and has appreciated, retained and enjoyed valuable benefits from the products.  As such, Defendant should have reasonably expected to repay Plaintiff for the products in accordance with the terms of the agreements.

46.     Defendant has not paid or otherwise compensated the Debtors for the products, as set forth in Exhibit A.

47.     Under these circumstances, allowing Defendant to retain and enjoy the benefits of the delivered products without fully compensating the Debtors would result in an inequitable outcome and unjustly enrich Defendant.

48.     There is no adequate remedy provided by law; therefore, Defendant is liable to Plaintiff for the full fair market value of the delivered products, in the amount of $57,126.72, and Plaintiff is entitled to a judgment in that amount.

WHEREFORE, in the alternative to the relief requested in Counts I through III, Plaintiff prays for a determination and judgment that Plaintiff is entitled to recover the amount by which Defendant was unjustly enriched, in the amount of $57,126.72, plus prejudgment interest, costs, any applicable attorney's fees, and for such other and further relief as the Court may deem just and proper.

Dated:  April 1, 2025                          **SAUL EWING LLP**

                                               */s/ Evan T. Miller*
                                               Evan T. Miller (DE Bar No. 5364)
                                               Paige N. Topper (DE Bar No. 6470)
                                               1201 N. Market Street, Suite 2300
                                               P.O. Box 1266
                                               Wilmington, DE  19899
                                               Telephone:  (302) 421-6800
                                               evan.miller@saul.com
                                               paige.topper@saul.com

and

Carmen Contreras-Martinez
(admitted pro hac vice)
701 Brickell Avenue, 17th Floor
Miami, FL 33131
Telephone: (305) 428-4500
carmen.contreras-martinez@saul.com

and

Ryan F. Coy (pro hac vice forthcoming)
1888 Century Park East, Suite 1500
Los Angeles, CA 90067
Telephone: (310) 255-6168
ryan.coy@saul.com

*Special Counsel to the Chapter 7 Trustee*