**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re:<br><br>AKORN HOLDING COMPANY LLC, *et al.*[1]<br><br>Debtors. | Chapter 7<br><br>Case No. 23-10253 (KBO)<br>(Jointly Administered)<br><br>**Objection Deadline:** April 15, 2025 at 4:00 p.m. (ET)<br>**Hearing Date:** May 16, 2025 at 10:00 a.m. (ET) |

**SUMMARY COVER SHEET TO THE THIRD INTERIM FEE APPLICATION OF
SAUL EWING LLP, SPECIAL COUNSEL TO GEORGE L. MILLER,
CHAPTER 7 TRUSTEE, FOR ALLOWANCE OF COMPENSATION
AND REIMBURSEMENT OF EXPENSES FOR THE PERIOD
FROM OCTOBER 1, 2024 THROUGH FEBRUARY 28, 2025**

| Name of Applicant: | Saul Ewing LLP |
|---|---|
| Authorized to Provide Professional Services to: | George L. Miller, Chapter 7 Trustee |
| Period for which compensation and reimbursement is sought | Start: October 1, 2024<br>End: February 28, 2025 |
| Total compensation sought this period | $267,022.00[2] |
| Total expenses sought this period | $4,086.79 |
| Petition dates | February 23, 2023 |
| Date of retention | October 26, 2023 |
| Date of order approving employment | November 2, 2023 |
| Total compensation approved by interim order to date | $492,822.50 |
| Total expenses approved by interim order to date | $5,974.40 |
| Total allowed compensation paid to date | $492,822.50 |
| Total allowed expenses paid to date | $5,974.00 |

---

[1] The Debtors in these chapter 7 cases, along with the last four digits of their federal tax identification numbers, and cases numbers are Akorn Holding Company LLC (9190), Case No. 23-10253 (KBO); Akorn Intermediate Company LLC (6123), Case No. 23-10254 (KBO); and Akorn Operating Company LLC (6184), Case No. 23- 10255. The Debtors' headquarters is located at 5605 CenterPoint Court, Gurnee, IL 60031.

[2] Saul Ewing voluntarily reduced compensation in the amount of $4,356.10 from the Fee/Employment Applications (Saul Ewing) project category. The total compensation requested for that category is now $12,507.90. The total compensation requested for this Fee Application is now $262,665.90.

1

2

| | |
|---|---|
| Blended rate in this application for all attorneys | $630.79 |
| Blended rate in this application for all timekeepers | $612.44 |

This is an: ___ monthly     **X** interim     ___ final application.

Prior Applications: None

Saul Ewing LLP intends to seek compensation in connection with the preparation of this Application at a later date.

Prior Applications:

| Date and Docket No. | Filing Period | Requested Fees | Requested Expenses | Approved Fees | Approved Expenses | Unapproved Fees/ Expenses | Order Date and Docket No. |
|---|---|---|---|---|---|---|---|
| 02/28/2024 D.I. 759 | 10/26/2023 through 12/31/2023 | $57,591.00 | $198.00 | $57,591.00 | $198.00 | $0.00 | 4/03/24 D.I. 783 |
| 10/28/2024 D.I. 981 | 01/01/2024 Through 09/30/2024 | $435,231.50 | $5,776.40 | $435,231.50 | $5,776.40 | $0.00 | 11/05/24 D.I. 985 |
| | **TOTAL** | **$492,822.50** | **$5,974.00** | **$492,822.50** | **$5,974.00** | **$0.00** | |

## SUMMARY OF BILLING BY TIMEKEEPER
## FOR THIRD INTERIM FEE APPLICATION

### For the Period from OCTOBER 1, 2024 THROUGH FEBRUARY 28, 2025

| Name of Professional Person | Year of Bar Admission | Position with the applicant and number of years in that position | Practice Group | Hourly billing rate | Total billed hours | Total compensation |
|---|---|---|---|---|---|---|
| Evan T. Miller | 2009 | Partner (2023) | Bankruptcy | $680 | 112.8 | $76,704.00 |
| Evan T. Miller | 2009 | Partner (2023)[3] | Bankruptcy | $735 | 61.2 | $44,982.00 |
| Michelle G. Novick | 1991 | Partner (2008) | Bankruptcy | $715 | 53.2 | $38,038.00 |
| Michelle G. Novick | 1991 | Partner (2008) | Bankruptcy | $770 | 6.2 | $4,774.00 |
| Steven C. Reingold | 1993 | Partner (2017) | Litigation | $760 | 28.4 | $21,584.00 |
| Steven C. Reingold | 1993 | Partner (2017)[4] | Litigation | $820 | 14.2 | $11,644.00 |
| Carmen Contreras-Martinez | 1996 | Partner (2022) | Litigation | $635 | 14.5 | $9,207.50 |
| Paige N. Topper | 2017 | Associate (2023) | Bankruptcy | $450 | 17.4 | $7,830.00 |
| Paige N. Topper | 2017 | Associate (2023) | Bankruptcy | $505 | 4.5 | $2,272.50 |
| Turner N. Falk | 2014 | Associate (2022) | Bankruptcy | $430 | 45.0 | $19,350.00 |
| Turner N. Falk | 2014 | Associate (2022) | Bankruptcy | $485 | 3.6 | $1,746.00 |
| Jorge Garcia | 2017 | Associate (2020) | Bankruptcy | $450 | 17.2 | $7,740.00 |
| Ryan Coy | 2019 | Associate (2024) | Litigation | $440 | 38.3 | $16,852.00 |
| Robyn E. Warren | N/A | Paraprofessional | Bankruptcy | $285 | 1.8 | $513.00 |
| Aida McLaughlin | N/A | Paraprofessional | Litigation | $210 | 0.5 | $105.00 |
| Aida McLaughlin | N/A | Paraprofessional | Litigation | $225 | 0.3 | $67.50 |
| Sean F. Kenny | N/A | Paraprofessional | Bankruptcy | $205 | 12.0 | $2,460.00 |
| Sean F. Kenny | N/A | Paraprofessional | Bankruptcy | $220 | 4.1 | $902.00 |
| eDiscovery Project Manager – EDPM | N/A | Litigation Support | Litigation Support | $360 | 0.3 | $108.00 |
| eDiscovery Specialist - EDS | N/A | Litigation Support | Litigation Support | $285 | 0.5 | $142.50 |
| **TOTAL** | | | | | **436.0** | **$267,022.00** [5] |

Attorney Compensation: $262,724.00

Total Attorney Hours: 416.5

Blended Hourly Rate for Attorneys: $630.79

Blended Hourly Rate for All Professionals: $612.44

---

[3] Mr. Miller joined Saul Ewing in September 2023. Mr. Miller was previously a Director at his prior firm.

[4] Mr. Reingold joined Saul Ewing as a Partner in 2017. Mr. Reingold was previously a Partner at his prior firm.

[5] Saul Ewing voluntarily reduced compensation in the amount of $4,356.10 from the Fee/Employment Applications (Saul Ewing) project category. The total compensation requested for that category is now $12,507.90. The total compensation requested for this Fee Application is now $262,665.90.

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>AKORN HOLDING COMPANY LLC, *et al.*[1]<br><br>Debtors. | Chapter 7<br><br>Case No. 23-10253 (KBO)<br>(Jointly Administered)<br><br>**Objection Deadline:** April 15, 2025 at 4:00 p.m. (ET)<br>**Hearing Date:** May 16, 2025 at 10:00 a.m. (ET) |

**THIRD INTERIM FEE APPLICATION OF SAUL EWING LLP, SPECIAL COUNSEL TO GEORGE L. MILLER, CHAPTER 7 TRUSTEE, FOR ALLOWANCE OF COMPENSATION AND REIMBURSEMENT OF EXPENSES FOR THE PERIOD FROM OCTOBER 1, 2024 THROUGH FEBRUARY 28, 2025**

Saul Ewing LLP ("**Saul Ewing**" or "**Applicant**"), special counsel to George L. Miller, chapter 7 trustee (the "**Chapter 7 Trustee**") of the estates (the "**Estates**") of the above-captioned debtors (the "**Debtors**"), hereby submits its Third Interim Fee Application (the "**Third Interim Fee Application**") for allowance of compensation for professional services rendered and reimbursement of actual and necessary expenses incurred for the period October 1, 2024 Through February 28, 2025 (the "**Application Period**"). In support of this Application, Saul Ewing represents as follows:

## Jurisdiction

1. The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference from the United States District Court for the District of Delaware*, dated February 29, 2012. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2). Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

---

[1] The Debtors in these chapter 7 cases, along with the last four digits of their federal tax identification numbers, and cases numbers are Akorn Holding Company LLC (9190), Case No. 23-10253 (KBO); Akorn Intermediate Company LLC (6123), Case No. 23-10254 (KBO); and Akorn Operating Company LLC (6184), Case No. 23- 10255. The Debtors' headquarters is located at 5605 CenterPoint Court, Gurnee, IL 60031.

5

2.       The statutory bases for the relief requested herein are sections 330 and 331 of the Bankruptcy Code.

### Background

3.       On February 23, 2023 (the "**Petition Date**"), each of the Debtors filed a voluntary petition for relief under chapter 7 of the Bankruptcy Code (the "**Bankruptcy Cases**").

4.       On or about the Petition Date, the Office of the United States Trustee (the "**UST**") appointed George L. Miller as the chapter 7 Trustee to the Estates of each of the Debtors.

5.       On March 20, 2023, this Court entered the *Order Directing Joint Administration and Procedural Consolidation of Cases* [D.I. 42], directing procedural consolidation and joint administration of these Bankruptcy Cases.

6.       The Debtors' operations in the U.S. have all ceased. However, the property of the Estates includes outstanding accounts receivables owed to the Estates by certain companies.

### Retention of Saul Ewing

7.       On November 2, 2023, this Court entered the *Order Granting Application of George L. Miller, Chapter 7 Trustee, for Authority to Employ and Retain Saul Ewing LLP as Special Counsel to Chapter 7 Trustee, Effective as of October 26, 2023* [D.I. 692].

### Professional Services Rendered

8.       Saul Ewing submits this Third Interim Fee Application seeking interim approval and allowance of compensation in the amount of $267,022.00, and actual and necessary expenses in the amount of $4,086.79 incurred during the Application Period.

9.       Saul Ewing's hourly rates are set at a level designed to compensate Saul Ewing for the work of its attorneys, paralegals and paraprofessionals and to cover fixed and routine expenses. The hourly rates and corresponding hourly rates structure utilized by Saul Ewing in these Bankruptcy Cases are equivalent to the hourly rates and corresponding rate structure used by Saul

Ewing for other corporate restructuring and bankruptcy matters, as well as similar complex corporate, labor, real estate and litigation matters, whether in court or otherwise, regardless of whether a fee application is required. Attached hereto as **Exhibit A** is a summary of the blended hourly rates for timekeepers who billed during the Application Period and Saul Ewing's firm-wide range of billing rates for its various positions.

10. Saul Ewing maintains computerized records of all time expended for the professional services rendered in connection with these Bankruptcy Cases on behalf of the Chapter 7 Trustee. Attached hereto as **Exhibit B** is a summary of fees incurred and hours expended during the Application Period along with a detailed, chronological itemization covering all the services performed by Applicant. This detailed itemization complies with Del. Bankr. L.R. 2016-2(d) in that (i) each time entry contains a separate time allotment, a description of the type of activity and the subject matter of the activity, (ii) all time is billed in increments of one-tenth of an hour, and (iii) time entries are presented chronologically by Applicant.

11. Attached hereto as **Exhibit C** is a detailed itemization, by project category, of all services performed by Applicant with respect to these matters during the Application Period. Non-working travel time (to the extent applicable) is billed at 50% of normal rates.

12. Attached hereto as **Exhibit D** is a description of the costs actually expended by the Applicant in the performance of services rendered as special counsel to the Chapter 7 Trustee during the Application Period. These costs for which reimbursement is requested total $4,086.79. The breakdown of costs includes the rate for copying charges ($.10/page) and the basis for each rate, facsimile charges ($.25/page – outgoing transmission only), legal research, transcript, courier services, and outside reproduction. By this Application, the Applicant does not seek expenses for incoming facsimile transmissions.

13. Saul Ewing maintains flat fee contracts with both Westlaw and Lexis. As a general matter, and in the present case, Saul Ewing charges all clients (bankruptcy and non-bankruptcy) on whose behalf legal research is undertaken the amounts that Westlaw and Lexis charge to regular users (i.e. users that do not maintain flat fee contracts) on a basis that is tied to the actual length of usage for each research session; however, Saul Ewing then applies a 50% discount to the amounts charged to its clients. In applying such discounted charges to its clients, Saul Ewing passes the benefits of the flat fee arrangement on to its clients while also maintaining a revenue neutral arrangement under its contracts with Westlaw and Lexis; specifically, Saul Ewing does not derive a profit from such legal research charges.

14. Attached hereto as **Exhibit E** is a Declaration of Applicant with respect to the compensation requested.

## Summary of Legal Services by Project Category

15. The services rendered by Saul Ewing during the Application Period can be grouped in the categories set forth below. The following chart is a summary of the fees and hours billed for each project category during the Application Period.

| Project Category | Total Hours | Total Fees |
|---|---|---|
| Fee/Employment Applications (Saul Ewing) | 31.1 | $16,864.00 |
| Litigation: Contested Matters and Adversary Proceedings | 404.9 | $250,158.00 |
| **TOTAL** | **436.0** | **$267,022.00**[2] |

16. These categories are generally described below, with a more detailed identification of the actual services provided set forth in **Exhibit C** attached hereto.

    (a) <u>Fee/Employment Applications (Saul Ewing)</u>. This category includes all matters related to the review and preparation of a fee application and

---

[2] Saul Ewing voluntarily reduced compensation in the amount of $4,356.10 from the Fee/Employment Applications (Saul Ewing) project category. The total compensation requested for that category is now $12,507.90. The total compensation requested for this Fee Application is now $262,665.90.

employment applications on behalf of Saul Ewing. Time in this category includes drafting, reviewing, revising, corresponding and electronically docketing Saul Ewing's 2nd Interim Fee Application, Motion Limit Service and CNOS regarding both; drafting, reviewing, revising, corresponding and electronically docketing Saul Ewing's Supplemental Retention Application and drafting, reviewing, revising, corresponding and electronically docketing Saul Ewing's Notice of Annual Rate Changes. Saul Ewing spent 31.1 hours of attorney and paraprofessional time on the foregoing services. Said services have a value of $16,864.00[3] for which Saul Ewing is seeking compensation.

| Fee/Employment Applications (Saul Ewing) | | | |
|---|---|---|---|
| **Professionals** | **Position** | **Hours** | **Compensation** |
| Evan T. Miller | Partner | 21.5 | $14,620.00 |
| Michelle G. Novick | Partner | 0.3 | $214.50 |
| Paige N. Topper | Associate | 0.4 | $180.00 |
| Aida McLaughlin | Paraprofessional | 0.5 | $105.00 |
| Sean F. Kenny | Paraprofessional | 6.9 | $1,414.50 |
| Sean F. Kenny | Paraprofessional | 1.5 | $330.00 |
| **Total** | | **31.1** | **$16,864.00** |

(b)  Litigation: Contested Matters and Adversary Proceedings. This category includes all matters related to litigation. Time in this category includes meetings, phone calls and emails regarding status of adversary proceedings; drafting, reviewing, revising objections; analysis of litigation pleadings; research regarding litigation; attending weekly team meetings; emails, phone calls, drafting and revising regarding additional accounts receivable actions; electronically docketing pleadings in adversary proceedings; phone calls, email updates with client; attention to amended scheduling orders and COCs regarding same; Saul Ewing spent 404.9 hours of attorney and paraprofessional time on the foregoing services. Said services have a value of $250,158.00 for which Saul Ewing is seeking compensation.

| Litigation: Contested Matters and Adversary Proceedings | | | |
|---|---|---|---|
| **Professionals** | **Position** | **Hours** | **Compensatio** |
| Evan T. Miller | Partner | 91.3 | $62,084.00 |
| Evan T. Miller | Partner | 61.2 | $44,982.00 |
| Michelle G. Novick | Partner | 52.9 | $37,823.50 |
| Michelle G. Novick | Partner | 6.2 | $4,774.00 |

---

[3]  Saul Ewing voluntarily reduced compensation in the amount of $4,356.10 from the Fee/Employment Applications (Saul Ewing) project category. The total compensation requested for that category is now $12,507.90.

| Litigation: Contested Matters and Adversary Proceedings ||||
|---|---|---|---|
| **Professionals** | **Position** | **Hours** | **Compensatio** |
| Steven C. Reingold | Partner | 28.4 | $21,584.00 |
| Steven C. Reingold | Partner | 14.2 | $11,644.00 |
| Carmen Contreras- Martinez | Partner | 14.5 | $9,207.50 |
| Paige N. Topper | Associate | 17.0 | $7,650.00 |
| Paige N. Topper | Associate | 4.5 | $2,272.50 |
| Turner N. Falk | Associate | 45.0 | $19,350.00 |
| Turner N. Falk | Associate | 3.6 | $1,746.00 |
| Jorge Garcia | Associate | 17.2 | $7,740.00 |
| Ryan Coy | Associate | 38.3 | $16,852.00 |
| Robyn E. Warren | Paraprofessional | 1.8 | $513.00 |
| Aida McLaughlin | Paraprofessional | 0.3 | $67.50 |
| Sean F. Kenny | Paraprofessional | 5.1 | $1,045.50 |
| Sean F. Kenny | Paraprofessional | 2.6 | $572.00 |
| eDiscovery Project Manager – EDPM | Litigation Support | 0.3 | $108.00 |
| eDiscovery Specialist - EDS | Litigation Support | 0.5 | $142.50 |
| **Total** | | **404.9** | **$250,158.00** |

(c)  Expenses.  **Exhibit D** lists expenses, such as Westlaw and PACER charges for legal research, transcripts, outside reproduction and courier services. Saul Ewing seeks $4,086.79 in expenses.

| EXPENSES |||
|---|---|---|
| **Expense Category** | **Service Provider (if applicable)** | **Total Expenses** |
| Legal Research | Westlaw | $3,501.80 |
| Legal Research | PACER | $32.10 |
| Courier Service | Reliable Copy Service- DE | $7.50 |
| Transcript | Reliable Copy Service- DE | $344.00 |
| Outside Reproduction | Reliable Copy Service- DE | $155.47 |
| Courier Service | Federal Express | $45.92 |
| **Total** | | **$4,086.79** |

**Compensation Should Be Allowed**

17. The foregoing services in the total amount of $267,022.00[4] provided by Saul Ewing on behalf of the Chapter 7 Trustee during the Application Period were reasonable, necessary and appropriate to the administration of these Bankruptcy Cases.

18. The attorneys who worked on this case during the Application Period have various levels and areas of expertise. Accordingly, it was necessary for these attorneys to consult with each other on different aspects and issues relating to these Bankruptcy Cases.

19. To the best of Saul Ewing's knowledge, this Third Interim Fee Application complies with sections 330 and 331 of the Bankruptcy Code, Del. Bankr. L.R. 2016-2, and the UST's *Guidelines for Reviewing Applications for Compensation. and Reimbursement of Expenses Filed under 11 U.S.C. §330 by Attorneys in Larger Chapter 11 Cases Effective as of November 1, 2013* (the "**Revised UST Guidelines**"), to the extent applicable to Chapter 7 matters.

20. During the Application Period, Saul Ewing did not agree to any variations from, or alternatives to, its standard or customary billing rates, fees or terms for services pertaining to this engagement.

21. None of the professionals included in this Third Interim Fee Application varied their hourly rate based on the geographical location of the bankruptcy case.

22. This Third Interim Fee Application does not include time or fees related to reviewing or revising time records or preparing, reviewing or revising invoices.

23. This Third Interim Fee Application does not include time or fees for reviewing time records to redact any privileged or other confidential information.

---

[4] Saul Ewing voluntarily reduced compensation in the amount of $4,356.10 from the Fee/Employment Applications (Saul Ewing) project category. The total compensation requested for that category is now $12,507.90. The total compensation requested for this Fee Application is now $262,665.90.

11

24. Saul Ewing reserves all rights and claims. Without limiting the generality of the foregoing, Saul Ewing reserves its right to submit future interim fee applications, and final fee applications, including, without limitation, fee applications seeking final allowance of all amounts sought to be paid or reimbursed herein.

25. The services performed by Saul Ewing during the Application Period for which compensation is sought were necessary for, and beneficial to, the Chapter 7 Trustee and the Estates. Saul Ewing submits that the compensation sought is reasonable.

26. Saul Ewing submits that the services provided to the Chapter 7 Trustee by Saul Ewing during these Bankruptcy Cases were necessary and appropriate given the complexity of these Bankruptcy Cases, the issues involved, the nature and extent of services provided, and the cost of comparable services outside of bankruptcy, all of which are factors set forth in section 330 of the Bankruptcy Code. Accordingly, Saul Ewing respectfully submits that approval of the compensation sought for the Application Period is appropriate and should be approved.

27. Saul Ewing has reviewed the requirements of Del. Bankr. L.R. 2016-2 and believes that this Application complies with the such requirements.

WHEREFORE, Saul Ewing respectfully requests that the Court enter an Order (i) allowing, authorizing and directing payment of interim compensation in the amount of $267,022.00[5] for legal services rendered on behalf of the Chapter 7 Trustee during the Application Period, together with reimbursement of disbursements in the amount of $4,086.79; and, (ii) granting such other and further relief as the Court deems just and proper.

*[SIGNATURE PAGE TO FOLLOW]*

---

[5] Saul Ewing voluntarily reduced compensation in the amount of $4,356.10 from the Fee/Employment Applications (Saul Ewing) project category. The total compensation requested for that category is now $12,507.90. The total compensation requested for this Fee Application is now $262,665.90.

12

| | |
|---|---|
| Dated:  April 1, 2025 | **SAUL EWING LLP** |
| | */s/ Evan T. Miller* |
| | Evan T. Miller (DE Bar No. 5364) |
| | 1201 N. Market Street |
| | Wilmington, DE 19801 |
| | Telephone:  (302) 421-6800 |
| | evan.miller@saul.com |
| | |
| | *Special Counsel to the Chapter 7 Trustee* |