**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re:<br><br>AKORN HOLDING COMPANY LLC, *et al.*[1]<br><br>Debtors. | Chapter 7<br><br>Case No. 23-10253 (KBO)<br>(Jointly Administered)<br><br>**Obj. Deadline:** April 15, 2025 at 4:00 p.m. (ET)<br>**Hearing Date:** May 16, 2025 at 10:00 a.m. (ET)<br>**Related D.I.:** 1368 |

**MOTION TO LIMIT SERVICE OF NOTICE REGARDING THIRD INTERIM FEE APPLICATION OF SAUL EWING LLP, AS SPECIAL COUNSEL TO GEORGE L. MILLER, CHAPTER 7 TRUSTEE, FOR ALLOWANCE OF COMPENSATION AND REIMBURSEMENT OF EXPENSES FOR THE PERIOD FROM OCTOBER 1, 2024 THROUGH FEBRUARY 28, 2025**

George L. Miller, in his capacity as the chapter 7 trustee (the "**Trustee**") of the estates of the above-captioned debtors (the "**Debtors**"), hereby moves (the "**Motion**") for an order under Rule 2002(a)(6) of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), providing that service with respect to the *Third Interim Fee Application of Saul Ewing LLP, as Special Counsel to George L. Miller, Chapter 7 Trustee, for Allowance of Compensation and Reimbursement of Expenses for the Period from October 1, 2024 Through February 28, 2025* [D.I. 1368] (the "**Saul Third Interim Fee Application**") be limited to the Service Parties (as defined below). In support of this Motion, the Trustee respectfully represents as follows:

1. Bankruptcy Rule 2002(a)(6) provides that at least twenty one (21) days notice of a hearing on a request for compensation or reimbursement of expenses totaling in excess of $1,000 shall be given to all creditors. Fed. R. Bankr. P. 2002(a)(6). The Trustee submits that there is

---

[1] The Debtors in these chapter 7 cases, along with the last four digits of their federal tax identification numbers, and cases numbers are Akorn Holding Company LLC (9190), Case No. 23-10253 (KBO); Akorn Intermediate Company LLC (6123), Case No. 23-10254 (KBO); and Akorn Operating Company LLC (6184), Case No. 23- 10255. The Debtors' headquarters is located at 5605 CenterPoint Court, Gurnee, IL 60031.

1

sufficient cause to justify limiting the service of the Saul Third Interim Fee Application to the Service Parties designated below.

2. As reflected in the Debtors' schedules of assets and liabilities, the Debtors have approximately 700 creditors in the aggregate. *See* Schedules of Assets and Liabilities (D.I. 70, 72 & 74). The Trustee represents that to serve a copy of the Saul Third Interim Fee Application on each and every creditor of the Debtors would be a significant expense to the Debtors' estates.

3. The Trustee requests that a copy of the Notice of the Saul Third Interim Fee Application (the "**Notice**") be served via U.S. First Class Mail and be limited to: (a) the Office of the United States Trustee; (b) counsel to the Debtors; (c) the Debtors' pre-petition secured lenders with names and addresses appearing in Schedule D of the Schedules of Assets and Liabilities prepared by the Debtors; (d) known counsel to any other Lenders; (e) the largest thirty (30) unsecured creditors with names and addresses appearing in Schedule F of the Schedules of Assets and Liabilities prepared by the Debtors; and (f) all parties who have requested notice pursuant to Federal Rule of Bankruptcy Procedure 2002 (the "**Notice Service Parties**").[2]

4. Additionally, the Trustee requests that a complete copy of the Saul Third Interim Fee Application be served via electronic mail and be limited to (i) the Trustee, and (ii) the Office of the United States Trustee for the District of Delaware (the "**Application Service Parties**"). The Notice Service Parties and the Application Service Parties are collectively referred to herein as the "**Service Parties**".

5. The Trustee believes service of the Notice of the Saul Third Interim Fee Application and service of the Saul Third Interim Fee Application as described above on the Service Parties is

---

[2] Notification of filing the Saul Third Interim Fee Application was provided by way of electronic service via a Notice of Electronic Filing (NEF) through the Court's CM/ECF system to all parties receiving notifications through CM/ECF in the above-captioned cases and a complete copy of the Saul Second Interim Fee Application can be accessed via CM/ECF.

sufficient to ensure that all parties reasonably interested in the outcome of the Saul Third Interim Fee Application will have notice thereof and an opportunity to respond thereto. The Trustee previously sought and received approval for identical relief in connection with Saul Ewing's first and second interim fee applications. *See* D.I. 759, 760, 768, 973, 974, 981, 986 (the "**Limited Service Orders**"). For the sake of time and efficiency, the Trustee has served the Saul Third Interim Fee Application concurrently with this Motion in accordance with the relief sought herein and the Limited Service Orders.

WHEREFORE, the Trustee respectfully requests that the Court enter an order, in the form attached hereto as **Exhibit A**, providing that service of the Notice of the Saul Third Interim Fee Application and service of the Saul Third Interim Fee Application be limited to the Service Parties as described above.

| | |
|---|---|
| Dated: April 1, 2025<br>Wilmington, Delaware | **SAUL EWING LLP**<br><br>*/s/ Evan T. Miller*<br>Evan T. Miller (DE Bar No. 5364)<br>1201 N. Market Street, Suite 2300<br>Wilmington, DE 19801<br>Telephone: (302) 421-6800<br>evan.miller@saul.com<br><br>*Special Counsel to Chapter 7 Trustee* |