**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

|  |  |  |
|---|---|---|
| | : | Chapter 7 |
| In re: | : | |
| | : | Case No.: 23-10253 (KBO) |
| AKORN HOLDING COMPANY LLC, *et al.*,[1] | : | |
| | : | (Jointly Administered) |
| Debtors. | : | |
| | : | |

**LIMITED OBJECTION OF LEADIANT BIOSCIENCES, INC. TO MOTION**
**FOR ORDERS ESTABLISHING STREAMLINED PROCEDURES GOVERNING**
**ADVERSARY PROCEEDINGS BROUGHT BY PLAINTIFF PURSUANT TO**
**SECTIONS 502, 547, 548, AND 550 OF THE BANKRUPTCY CODE**

Leadiant Biosciences, Inc., f/k/a Sigma-Tau Pharmaceuticals, Inc. ("**Leadiant**"), pursuant to section 105 of title 11 of the United States Code, 11 U.S.C. §§ 105 *et seq*. (the **Bankruptcy Code**"), and Rule 9019 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), hereby files this limited objection (the "**Objection**") to the *Motion for Orders Establishing Procedures Governing Adversary Proceedings Brought by Plaintiff Pursuant to Sections 502, 547, 548, and 550 of the Bankruptcy Code* [D.I. 1388] (the "**Motion**") filed by George L. Miller, in his capacity as the chapter 7 trustee (the "**Trustee**") for the estates of the above-captioned debtors (collectively, the "**Debtors**") solely to the extent the proposed procedures would impact the pending adversary in the matter of *George Miller, Chapter 7 Trustee of the bankruptcy estates of Akorn Holding Company LLC, et al., v. Leadiant Biosciences, Inc*., which is pending under Adv. Proc. No. 25-50160-KBO (the "**Adversary Proceeding**"). In support of the Objection, Leadiant respectfully states as follows:

---

[1] Debtors in these Chapter 7 cases, along with the last four digits of their federal tax identification numbers and cases numbers are Akorn Holding Company LLC (9190), Case No. 23-10253 (KBO) ("**Akorn Holding**"); Akorn Intermediate Company LLC (6123), Case No. 23-10254 (KBO) ("**Akorn Intermediate**"); and Akorn Operating Company LLC (6184), Case No. 23- 10255 ("**Akorn Operating**"). Debtors' headquarters is located at 5605 CenterPoint Court, Gurnee, IL 60031.

## INTRODUCTION

1.      The Trustee has filed hundreds of preference adversary proceedings in these Chapter 7 cases. To manage this volume, the Trustee seeks court approval of "streamlined" procedures to govern all such cases. Although Leadiant understands the logistical issues driving the Trustee's request, it objects to certain procedures proposed by the Trustee and requests that the relief sought with regard to those matters be denied and/or modified with respect to the Adversary Proceeding in order to protect Leadiant's rights, as more specifically set forth herein.

## GENERAL BACKGROUND

2.      On February 23, 2023, the Debtors filed these Chapter 7 cases, and George L. Miller was appointed as Chapter 7 Trustee.

3.      In early 2025, the Trustee commenced hundreds of adversary proceedings to avoid and recover alleged transfers under sections 547, 548, and 550 of the Bankruptcy Code. Leadiant is a defendant in the Adversary Proceeding, which is pending under Adv. Proc. No. 25-50082 (KBO), and pursuant which the Trustee seeks to claw back certain pre-petition transfers.

4.      On May 8, 2025, the Trustee filed the Motion [D.I. 1388] seeking an order establishing uniform procedures to "streamline" the resolution of all adversaries involving avoidance actions. The Trustee has requested that the Court enter proposed orders to apply across the board, in lieu of the usual case-by-case scheduling process (and in lieu of the default procedures under the Bankruptcy Rules and Local Rules).

## ARGUMENT

5.      Leadiant objects to the following procedures as infringing upon its rights under established rules of procedure, including the Federal Rules of Bankruptcy Procedure and this Court's Local Rules.

## I. The Proposed Procedures Impose Undue Burdens and Violate Defendants' Due Process Rights.

### A. Unreasonably Short Deadlines and Automatic Waivers.

6. For "larger" avoidance actions (those > $75,000 in controversy), the Trustee's proposed procedures would significantly compress the applicable discovery period without affording the parties an opportunity to confer on a discovery plan and schedule as contemplated under Rule 26.

7. Specifically, while the Motion contemplates initial disclosures to be made within 30 days of entry of the Trustee's requested procedures order, it would prohibit parties from serving interrogatories, requests for production, and requests for admission later than 45 days from entry of the same order. In other words, all written discovery must be served within a 6-week window at the outset of the case, *i.e.*, before the Trustee has provided initial disclosures, before the Court has ruled on any motions to dismiss, before the defendant has answered and identified defenses, and before the defendant has obtained any discovery responses that may identify facts prompting further discovery requests.

8. In addition to limiting the window for seeking discovery, the Trustee's proposed procedures contemplate the closing of written fact discovery (documents and written responses) within 135 days (about 4.5 months)[2] of the entry of the procedures order. Given that the Trustee seeks to extend the response deadline in all cases for 90 days from issuance of the summons, this would potentially result in the close of fact discovery prior to any determination on the validity or scope of the Trustee's viable claims. While four to five months for paper discovery may be feasible for preference claims, it could be unrealistically short for more complex cases (*e.g.*, fraudulent

---

[2] Notably, this 135-day deadline excludes fact witness depositions, implying that depositions are deferred until post-mediation.

transfer actions requiring extensive document review or forensic analysis), particularly in the unique procedural context where discovery deadlines are running in parallel with extensions to initial disclosure and pleading deadlines, and the Trustee has requested that initial responses to discovery requests not be due for 60 days.

9.      This abbreviated schedule conflicts with the usual discovery norms. Typically, under Rule 26(d) and (f), parties have more control in setting discovery pacing. Here, the defendant would be required to propound and answer all written discovery in essentially two months. The procedures do not explicitly allow extensions beyond those deadlines except by court approval, although presumably, the parties could stipulate or seek an extension for cause. The danger is that important discovery could be forfeited if a defendant cannot formulate requests in time or if new issues arise after the 45-day cutoff for serving requests. In standard litigation, discovery is an iterative process, but the proposed timeline forces defendants to identify and serve all document and admission requests upfront before they even see the plaintiff's initial disclosures or document productions, and, potentially, before they identify whether further discovery is needed. This "rocket docket" approach may hamper defendants' ability to develop their defenses fully, effectively putting speed over thoroughness.

10.      To be clear, while Leadiant does not object to the proposed 60-day window for answers to interrogatories and document requests (rather than the usual 30 days), it is concerned these deadlines may inadvertently and adversely impact discovery rights when coupled with other proposed deadlines. When coupled with the front-loaded schedule (all requests must be issued within 45 days of the order), for example, it means that all written discovery will need to conclude in roughly 105 days (45 days to serve plus 60 days to respond). This is too compressed.

11.    In sum, the rigidity and timing of the proposed discovery schedule may impose undue burdens and sacrifice defendant's well-settled procedural rights on the altar of speed. To the extent the Trustee and Leadiant are not able to reach agreement on modified procedures to be implemented in the Adversary Proceeding, Leadiant requests that any scheduling relating to discovery and other applicable rights in that matter proceed in accordance with Federal Rules 16 (made applicable by Bankruptcy Rule 7016) and 26, which, among other things, contemplate entry of a scheduling order after the parties have conferred, typically following a Rule 26(f) conference or at least some opportunity for input.

### B.    The Trustee's Proposed Procedures Alter Their Expert Disclosure Deadline on Solvency

12.    The Trustee proposed procedures relating to the disclosure of expert testimony improperly (i) extends the deadline for the Trustee to provide his report of the Debtors' insolvency (which is an issue on which the Trustee has the burden of proof with respect to his pending fraudulent transfer claim), but affords no such extension to defendants, which are generally (ii) required to provide any expert testimony on insolvency at the time of any initial expert report. *See* Mot. at Ex. C, ¶¶ 20-21. This is clearly improper, intended to give the Trustee an advantage in litigating this issue. Moreover, because the Trustee's procedures propose to provide expert disclosures on solvency simultaneously with other rebuttal reports, they not only have the opportunity to vet the defendant's position before providing their analysis (turning an initial report into a rebuttal report), but, from a procedural standpoint, appear to deny the defendant an opportunity to challenge the Trustee's conclusions. This is objectionable and out of step with Rule 26 and Local Rule 7026.

## RESERVATION OF RIGHTS

13.    Leadiant reserves its right to amend, modify, or supplement this Objection and to raise any additional arguments or objections under state, federal, or other applicable law on or before the hearing on the Motion, including, without limitation, any arguments or objections in regard to the Motion. Nothing herein shall be construed to waive, limit, or inhibit Leadiant's right to raise such arguments or objections on or before the hearing.

## CONCLUSION

**WHEREFORE**, Leadiant respectfully requests entry of an order: (i) sustaining this Objection; (ii) denying the Motion as it relates to the Adversary Proceeding; (iii) denying the settlement procedures; and (iv) granting such other and further relief as the Court deems proper.

Date: March 29, 2025.                    Respectfully submitted,

By:    *Michael Busenkell*
Michael Busenkell, Esq. (DE 3933)
GELLERT SEITZ BUSENKELL &
BROWN, LLC
1201 North Orange Street, Suite 300
Wilmington, DE 19801
Phone: (302) 425-5800
mbusenkell@gsbblaw.com

and

By:    *Fernando J. Menedez*
Fernando J. Menendez, Esq.
Florida Bar No.: 18167
SEQUOR LAW
1111 Brickell Avenue, Suite 1250
Miami, FL  33131
Tel: (305) 372-8282
Fax: (305) 372-8202
E-mail: fmenendez@sequorlaw.com
E-mail: dhalperin@sequorlaw.com

*Counsel for Leadiant Biosciences, Inc.*