# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>AKORN HOLDING COMPANY LLC, *et al.*,[1]<br><br>Debtors. | Chapter 7<br><br>Case No. 23-10253 (KBO)<br>(Jointly Administered) |
| GEORGE L. MILLER, Chapter 7 Trustee of the bankruptcy estates of Akorn Holding Company LLC, *et al.*,<br><br>Plaintiff,<br><br>v.<br><br>MEDTECH PRODUCTS, INC. *dba* MEDTECH PRODUCTS,<br><br>Defendant. | Adv. Proc. No. 25-50452 (KBO)<br><br>**Objection Deadline: 6/13/2025 at 4:00 PM (E.T.)**<br><br>**Hearing Date: 6/20/2025 at 10:00 AM (E.T.)** |

**MOTION OF THE CHAPTER 7 TRUSTEE FOR ENTRY OF
AN ORDER APPROVING THE SETTLEMENT BETWEEN
THE TRUSTEE AND MEDTECH PRODUCTS, INC.**

George L. Miller, the chapter 7 trustee (the "Trustee") in the above-captioned chapter 7 cases (the "Chapter 7 Cases") for the bankruptcy estates of Akorn Holding Company LLC, Akorn Intermediate Company LLC and Akorn Operating Company LLC (collectively, the "Debtors"), hereby moves (the "Motion") the Court pursuant to section 105 of title 11 of the United States Code, §§ 101-1532, as amended (the "Bankruptcy Code") and Rule 9019 of the Federal Rules of

---

[1] The Debtors in the chapter 7 cases, along with the last four digits of each Debtor's federal tax identification number, are Akorn Holding Company LLC (9190), Akorn Intermediate Company LLC (6123), and Akorn Operating Company LLC (6184). The Debtors' headquarters was located at 5605 CenterPoint Court, Gurnee, Illinois 60031.

1

Bankruptcy Procedure (the "Bankruptcy Rules"), for entry of an order, substantially in the form attached hereto as **Exhibit A** (the "Proposed Order"), (i) approving the settlement of certain claims, including for payment of goods sold and delivered, breach of contract, account stated, unjust enrichment, with Medtech Products, Inc. ("Medtech" or "Defendant," and together with the Trustee, the "Parties") and authorizing the Trustee to enter a Settlement Agreement (the "Settlement Agreement") by and between the Trustee and Medtech, attached hereto as **Exhibit B**, and (ii) granting such other relief as may be just and proper. In support of this Motion, the Trustee states respectfully as follows:

## JURISDICTION

1. The United States Bankruptcy Court for the District of Delaware (the "Court") has jurisdiction over this Motion pursuant to 28 U.S.C. §§ 157 and 1334(b) and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware dated as of February 29, 2012.

2. This is a core proceeding pursuant to 28 U.S.C. § 157(b), and pursuant to Rule 9013-1(f) of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules"), the Trustee consents to the entry of a final order by the Court in connection with this Motion to the extent that it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution.

3. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

4. The bases for the relief requested herein are section 105 of the Bankruptcy Code and Bankruptcy Rule 9019.

**BACKGROUND**

A.  **General Background**

1. On February 23, 2023 (the "Petition Date"), each of the Debtors, Akorn Holding Company LLC, Case No. 23-10253; Akorn Intermediate Company LLC, Case No. 23-10254 and Akorn Operating Company, LLC, Case No. 23-10255 filed voluntary petitions in the Bankruptcy Court for relief under Chapter 7 of Title 11 of the Bankruptcy Code, commencing the Chapter 7 Cases. The Chapter 7 Cases are being jointly administered.

2. On or about the Petition Date, the Office of the United States Trustee appointed the Trustee as the trustee to the bankruptcy estates of each of the Debtors.

3. Prior to the Petition Date, the Debtors' businesses included developing, manufacturing, and marketing specialty pharmaceuticals, including prescription, consumer health, and animal health products. The Debtors were an industry leader in branded and generic products in alternate dosage forms such as ophthalmic, injectables, oral liquids, topicals, inhalants and nasal sprays.

4. The Debtors operated at numerous locations in the United States and were headquartered in Gurnee, Illinois. The Debtors' operations in the United States have all ceased.

5. Since the date of his appointment, the Trustee and his professionals have been investigating and marshalling the Debtors' assets, including unpaid amounts owed to the Debtors under prepetition contracts and transfers made during the prepetition preference period.

6. Based upon that investigation, on March 25, 2025, the Trustee filed an adversary proceeding on February 19, 2025, styled *George Miller, Chapter 7 Trustee of the bankruptcy*

*estates of Akorn Holding Company, LLC, et al. v. Medtech Products, Inc.*, in the Bankruptcy Court, commencing the adversary case number 25-50452 (KBO) (the "Adversary Proceeding").

7. Pursuant to the complaint filed in the Adversary Proceeding, the Trustee, on behalf of the Debtors' estates, asserted certain claims against Defendants, including for payment of goods sold and delivered, breach of contract, account stated, and unjust enrichment (the "A/R Claims"). Through the Adversary Proceeding, the Trustee demanded payment of $264,272.64 on account of prepetition pharmaceutical products supplied by the Debtors to Defendants for which the Debtors had not been paid as of the Petition Date.

8. The terms of the settlement between the Trustee and Medtech are embodied in the Settlement Agreement attached hereto as **Exhibit B**. Under the Settlement Agreement, which was the result of good-faith discussions and arms' length negotiations among the Parties, Medtech has agreed to pay the amount demanded in the complaint in exchange for releases.

9. The key terms of the Settlement Agreement[2] are as follows:

   a. Defendants will pay $264,272.64 to the Trustee within fifteen (15) business days of the entry of an order approving this Motion;[3]

   b. Within ten (10) business days of receiving payment, the Trustee will dismiss the Adversary Proceeding with prejudice; and

   c. The Trustee and Defendants will provide mutual releases of all claims and causes of action, known or unknown.

10. The Settlement Agreement is a good faith exercise of the Trustee's business judgment and should be approved.

---

[2] This summary of key terms is provided for convenience; in the event of any conflict between the Motion and Settlement Agreement, the Settlement Agreement will control.

[3] The settlement amount has already been received by the Trustee and it is being held in trust pending the approval of the Settlement Agreement.

**RELIEF REQUESTED**

11. Pursuant to section 105(a) of the Bankruptcy Code and Bankruptcy Rule 9019, the Trustee seeks entry of an order substantially in the form attached hereto as **Exhibit A**: (i) approving the Settlement Agreement, and (ii) granting such other relief as may be just and proper.

**BASIS FOR RELIEF**

12. Section 105(a) of the Bankruptcy Code allows a court to "issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of [the Bankruptcy Code]." 11 U.S.C. § 105(a). Bankruptcy Rule 9019 provides:

> On motion of the trustee, after notice and a hearing, the court may approve a compromise or settlement. Notice shall be given to creditors, the United States trustee, the debtor and indenture trustees as provided in Rule 2002 and to any other entity as the court may direct.

Fed. R. Bankr. P. 9019(a).

13. When reviewing settlements under Bankruptcy Rule 9019, the court generally defers to the Trustee's business judgment. "[U]nder normal circumstances the court would defer to the trustee's judgment so long as there is a legitimate business justification [for the settlement]." *In re Martin*, 91 F.3d 389, 395 (3d Cir. 1996).

14. The Third Circuit has emphasized that "[c]ompromises are favored in bankruptcy." *Id.* at 393 (quoting Collier on Bankruptcy ¶ 9019.03[1] (15th ed. 1993)); *see also In re World Health Alternatives, Inc.*, 344 B.R. 291, 296 (Bankr. D. Del. 2006) (finding settlements "generally favored in bankruptcy"). Courts in this District also have recognized that the approval of a proposed compromise and settlement is committed to the sound discretion of the bankruptcy court. *See, e.g.*, *In re Coram Healthcare Corp.*, 315 B.R. 321, 329 (Bankr. D. Del. 2004).

15. Pursuant to Bankruptcy Rule 9019(a), the Court may, after appropriate notice and a hearing, approve a compromise or settlement so long as the proposed settlement is fair,

reasonable, and equitable. *See In re Key3Media Grp., Inc.*, 336 B.R. 87, 92 (Bankr. D. Del. 2005) (noting that "the bankruptcy court has a duty to make an informed, independent judgment that the compromise is fair and equitable."). The court need not be convinced that the settlement is the best possible compromise in order to approve it. *Coram Healthcare Corp.*, 315 B.R. at 330. Rather, the court's obligation is to "canvass the issues and see whether the settlement falls below the lowest point in a range of reasonableness." *Travelers Cas. & Sur. Co. v. Future Claimants Representative*, No. 07-2785, 2008 WL 821088, at *5 (D.N.J. Mar. 25, 2008) (citing *Matter of Jasmine, Ltd.*, 285 B.R. 119 (D.N.J. 2000)).

16. In determining whether a settlement is fair and equitable, the Third Circuit has adopted a balancing test, under which a bankruptcy court should decide whether to approve a particular compromise or settlement. The factors of the balancing test are: "(1) the probability of success in litigation; (2) the likely difficulties in collection; (3) the complexity of the litigation involved, and the expense, inconvenience and delay necessarily attending it; and (4) the paramount interest of the creditors." *In re Martin*, 91 F.3d at 393.

17. The Trustee respectfully submits that the Settlement Agreement satisfies the requirements of Bankruptcy Rule 9019. The Settlement Agreement allows the Trustee to resolve costly litigation and potential liability while preserving its limited resources for, among other things, the payment of creditors, professionals and administrative expenses. Although the Trustee relinquishes its right to pursue a lawsuit against the Defendant as part of the Settlement Agreement, there is unlikely to be a better result from litigation given the Defendant's agreement to pay the full amount demanded. The litigation process brings further uncertainties, including with respect to any defenses the potential defendant may raise. The only certainty is the accrual of more legal fees and further diminishing the limited resources of the Trustee. Therefore, taking into

consideration the time, cost, expense and complexity of litigation, the Trustee has determined that the Settlement Agreement is fair, reasonable and appropriate as the settlement will help avoid costs and delay, and bring finality and certainty to the Adversary Proceeding—while achieving a recovery of 100% of the amount demanded for the A/R Claims. The approval of the Settlement Agreement is in the best interests of the estate and its creditors, as it will recover a substantial sum for the estates while providing for a quicker resolution of the proceeding compared with continued litigation.

18. Based upon the foregoing, the compromise embodied in the Settlement Agreement does not "fall below the lowest point in the range of reasonableness." *Integrated Health*, 2001 WL 1820426, at *2 (*quoting Cosoff v. Rodman (In re WW.T. Grant Co.*), 699 F.2d 599, 608 (2d Cir. 1983)). The Settlement Agreement is the result of substantial good faith, arm's-length negotiations between the Trustee and Defendants and constitutes a reasonable exercise of the Trustee's business judgment. Accordingly, this Court should exercise its discretion and approve the Settlement Agreement.

**WHEREFORE**, for the reasons set forth above, the Trustee respectfully requests that the Court enter an order, substantially in the form attached hereto as **Exhibit A**, (i) approving the Settlement Agreement, and (ii) granting such other relief as may be just and proper.

|  |  |
|---|---|
| Dated: May 30, 2025<br>Wilmington, Delaware | **SAUL EWING LLP**<br><br>*/s/ Evan T. Miller*<br>Evan T. Miller (DE Bar No. 5364)<br>Paige N. Topper (DE Bar No. 6470)<br>1201 N. Market Street, Suite 2300<br>Wilmington, DE 19801<br>Telephone: (302) 421-6800<br>evan.miller@saul.com<br>paige.topper@saul.com<br><br>and |

8

        Carmen Contreras-Martinez
        (admitted *pro hac vice*)
        701 Brickell Avenue, 17th Floor
        Miami, FL 33131
        Telephone: (305) 428-4500
        carmen.contreras-martinez@saul.com

        and

        Ryan F. Coy (admitted *pro hac vice*)
        1888 Century Park East, Suite 1500
        Los Angeles, CA 90067
        Telephone: (310) 255-6168
        ryan.coy@saul.com

        *Special Counsel to the Chapter 7 Trustee*