IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>AKORN HOLDING COMPANY LLC, *et al* [1]<br><br>Debtors. | Chapter 7<br><br>Case No. 23-10253 (KBO)<br><br>(Jointly Administered)<br><br>Hearing Date:    August 15, 2025 at 10:00 a.m. (ET)<br>Objection Date:  August 8, 2025 at 4:00 p.m. (ET) |

**MOTION OF GEORGE L. MILLER, CHAPTER 7 TRUSTEE
FOR AN ORDER AUTHORIZING TRUSTEE'S SECOND DISTRIBUTION TO
HOLDERS OF GENERAL UNSECURED CLAIMS**

George L. Miller, as chapter 7 trustee (the "Trustee") of the estates (the "Estates") of the above-captioned debtors (the "Debtors"), through his undersigned counsel, hereby moves (this "Motion") pursuant to sections 704(a)(1) and 105(a) of title 11 of the United States Code (the "Bankruptcy Code") for entry of an order, substantially in the attached form, approving a second round of distributions of funds (the "Proposed Distributions") to certain holders of allowed general unsecured claims as identified on Exhibit A to this Motion (the "Allowed General Unsecured Claims"), in the amounts set forth on Exhibit A under the column entitled "Proposed Interim Distribution" (the "Proposed Distribution Amounts"). In support of this Motion, the Trustee respectfully states as follows:

**JURISDICTION AND VENUE**

1. The United States Bankruptcy Court for the District of Delaware (the "Court") has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing*

---

[1] The Debtors in these chapter 7 cases, along with the last four digits of their federal tax identification numbers, and cases numbers are Akorn Holding Company LLC (9190), Case No. 23-10253 (KBO); Akorn Intermediate Company LLC (6123), Case No. 23-10254 (KBO); and Akorn Operating Company LLC (6184), Case No. 23-10255. The Debtors' headquarters was located at 5605 CenterPoint Court, Gurnee, IL 60031.

*Order of Reference* from the United States District Court for the District of Delaware, dated as of February 29, 2012.

2. This matter is a core proceeding pursuant to 28 U.S.C. § 157(b), and pursuant to Local Rule 9013-1(f), the Trustee consents to the entry of a Final Order by this Court in connection with this Motion to the extent that it is later determined that this Court, absent the consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution.

## BACKGROUND

### A. Overview

3. On February 23, 2023 (the "Petition Date"), each of the affiliated Debtors Akorn Holding Company LLC, Case No. 23-10253; Akorn Intermediate Company LLC, Case No. 23-10254 and Akorn Operating Company, LLC, Case No. 23-10255 (collectively the "Bankruptcy Cases") filed a voluntary petition in this Court for relief under chapter 7 of the Bankruptcy Code.

4. On or about the Petition Date, the Office of the United States Trustee appointed George L. Miller as the chapter 7 Trustee to the Estates of each of the Debtors. The Debtors' businesses included developing, manufacturing, and marketing specialty pharmaceuticals, including prescription, consumer health, and animal health products. The Debtors were an industry leader in branded and generic products in alternate dosage forms such as ophthalmics, injectables, oral liquids, topicals, inhalants and nasal sprays. The Debtors operated at numerous locations throughout the United States and maintained headquarters in Gurnee, Illinois.

### B. Asset Sales

5. On April 28, 2023, the Court entered its *Order Granting Trustee's Motion for Entry of an Order (A) Approving Bidding Procedures in Connection with Sale of Substantially All of the*

*Estates' Assets, (B) Scheduling an Auction and Hearing to Consider the Proposed Sale, (C) Approving the Form and Manner of Notice Thereof, and (B) Granting Certain Related Relief* [Dkt. No. 137] (the "Bidding Procedures Order").  In the Bidding Procedures Order, the Court approved bidding procedures in connection with the Trustee's sale of substantially all of the Debtors' assets, including the Estates' interests in certain abbreviated new drug applications ("ANDAs"), real estate and equipment.  Beginning on May 10, 2023, the Trustee conducted an auction as provided for in the Bidding Procedures Order.

6. Upon the conclusion of the auction, the Trustee named the Successful Bidders (as defined in the Bidding Procedures Order).  *See* [Dkt. No. 204].  The Court subsequently entered a series of orders approving the sales to the Successful Bidders (the "Auction Sales").  *See* [Dkt. Nos. 351, 352, 353, 354, 355, 356, 357, 358, 359, 360, 361, 362, 363, 368, 369, 370, 371, 376, 382].

7. In addition, for assets that were not sold at the Auction, the Court entered orders approving the Trustee's private sales (the "Private Sales," and together with the Auction Sales, the "Asset Sales") of the Estates' interests in certain ANDAs, inventory, raw materials and equipment. *See* [Dkt. Nos. 216, 220, 300, 560, 624, 628, 662, 684].

**RELIEF REQUESTED**

8. On July 3, 2024 the Trustee filed the *Motion of George L. Miller, Chapter 7 Trustee, for an Order Authorizing First Distribution of Funds to Holders of Allowed Priority Claims Under Section 507(a)(4) of the Bankruptcy Code and Granting Related Relief* [Dkt. No. 849] (the "First Priority Distribution Motion") seeking authority to make distributions to holders of Allowed Section 507(a)(4) Claims.  On August 7, 2024 an Order was entered by the Court granting the First Priority Distribution Motion [Dkt. 920] and the Trustee is proceeding to pay the Allowed

Priority Distribution Amount to the holders of Allowed Section 507(a)(4) Claims as identified in the First Priority Distribution Motion.

9. On August 19, 2024 the Trustee filed the *Motion of George L. Miller, Chapter 7 Trustee, for an Order Authorizing Second Distribution of Funds to Holders of Allowed Priority Claims Under Section 507(a)(4) of the Bankruptcy Code and Granting Related Relief* [Dkt. No. 928] (the "Second Priority Distribution Motion") seeking authority to make distributions to holders of Allowed Section 507(a)(4) Claims. On September 5, 2024 an Order was entered by the Court granting the Second Priority Distribution Motion [Dkt. 954] and the Trustee is proceeding to pay the Allowed Priority Distribution Amount to the holders of Allowed Section 507(a)(4) Claims as identified in the Second Priority Distribution Motion.

10. On November 26, 2024 the Trustee filed the *Motion of George L. Miller, Chapter 7 Trustee, for an Order Authorizing Trustee's Third Distribution of Funds to Additional Holders of Allowed Priority Claims Under Section 507(A)(4) of the Bankruptcy Code and Granting Related Relief* [Dkt. 999] (the "Third Priority Distribution Motion") seeking authority to make distributions to holders of Allowed Section 507(a)(4) Claims. On December 16, 2024 an Order was entered by the Court granting the Third Priority Distribution Motion [Dkt. 1021] and the Trustee is proceeding to pay the Allowed Priority Distribution Amount to the holders of Allowed Section 507(a)(4) Claims as identified in the Third Priority Distribution Motion.

11. On November 26, 2024 the Trustee filed the *Motion of George L. Miller, Chapter 7 Trustee for an Order Authorizing Trustee's First Distribution to Holders of General Unsecured Claims* [Dkt. 1000] (the "First GUC Distribution Motion") seeking authority to make distributions to holders of the Allowed General Unsecured Claims. On December 16, 2024 an Order was entered by the Court granting the First GUC Distribution Motion [Dkt. 1023] and the Trustee is

proceeding to pay the Allowed General Unsecured Claims, in the Proposed Distribution Amounts as identified in the First GUC Distribution Motion.

12. By this Motion, the Trustee now requests entry of an order from the Court authorizing, but not directing, the Trustee to make a second round of distributions to the holders of the Allowed General Unsecured Claims, in the Proposed Distribution Amounts as set forth on Exhibit "A" hereto. The Trustee has reviewed the Allowed General Unsecured Claims and determined that the claims are valid and allowable in the amounts set forth on Exhibit A. In addition, the Trustee has verified that the holders of these claims have not received any potentially avoidable transfers, and do not owe any debts to the Estates.

13. As shown on Exhibit A, the Proposed Distribution Amounts represent a 19.2% distribution on account of each Allowed General Unsecured Claim. All together, the Proposed Distributions total slightly over $4.1 million. The Trustee has reviewed the pool of asserted claims on account of which distributions have not yet been made, and believes that the aggregate Proposed Distribution contemplated by this Motion is conservative in comparison with the amount of funds remaining reserved for the payment of general unsecured claims. The Trustee anticipates that the final distribution percentage for allowed general unsecured claims will exceed 19.2%.

14. Under these circumstances, the Trustee sees no reason to refrain from making an interim distribution to holders of indisputably valid general unsecured claims at this time. Accordingly, by this Motion the Trustee requests that the Court authorize him to make the Proposed Distributions to the holders of the Allowed General Unsecured Claims.

## BASIS FOR RELIEF REQUESTED

15. Section 704(a)(1) of the Bankruptcy Code requires the Trustee to close the Estates and make distributions to creditors "as expeditiously as is compatible with the best interests of

parties in interest." 11 U.S.C. § 704(a)(1). Section 105(a) of the Bankruptcy Code permits the Court to issue "any order . . . that is necessary or appropriate to carry out the provisions of this title." 11 U.S.C. § 105(a).

16. Allowing the Trustee to make the Proposed Distributions at this time on account of the Allowed General Unsecured Claims will assist him in carrying out his obligations under section 704 to close the Estates as expeditiously as possible. In addition, the relief is equitable, and in the best interest of parties in interest. Following the Proposed Distributions, ample cash reserves will remain following the Proposed Distributions to pay all remaining allowed priority claims in full, and to ensure a *pari passu* recovery for all general unsecured claimants whose claims are not subject to this Motion.

17. Under these circumstances, the Trustee believes that his making the Proposed Distributions at this time is equitable and just. The Allowed General Unsecured Claims are valid, and the holders of these claims are not subject to section 502(d) of the Bankruptcy Code. These claimants will obviously each benefit from receiving a material cash payment on their claims. At the same time, the remaining creditors will not be prejudiced. Accordingly, the Trustee respectfully requests that the Court grant this Motion.

## **RESERVATION OF RIGHTS**

18. The Trustee reserves all rights to object on any applicable grounds to any other claims that the parties listed on Exhibit A may assert against the Estates, and/or to any additional claim amounts that those parties may assert beyond the claims amounts listed in the column titled "Allowed General Unsecured Claim Amount."

**NOTICE**

19. Notice of this Motion together with a copy of the Motion will be given to the following parties: (i) the Office of the United States Trustee (ii) the Debtors' counsel; (iii) the holders of the Allowed General Unsecured Claims as identified on Exhibit A; (iv) the largest twenty (20) unsecured creditors with names and addresses appearing in Schedule F of the Schedules of Assets and Liabilities prepared by the Debtors; and (v) all other parties who have requested notice pursuant to Federal Rule of Bankruptcy Procedure 2002 of the Bankruptcy Rules, in accordance with Del. Bankr. L.R. 2002-1(b) (collectively, the "Notice Parties").

WHEREFORE, the Trustee respectfully requests the Court enter an order, substantially in the form attached hereto, granting the relief requested in this Motion, and granting such other and further relief as the Court may deem just.

| | |
|---|---|
| Dated: July 24, 2025<br>Wilmington, DE | COZEN O'CONNOR<br><br>By: */s/ John T. Carroll, III*<br>John T. Carroll, III (DE No. 4060)<br>Simon E. Fraser (DE No. 5335)<br>1201 N. Market Street, Suite 1001<br>Wilmington, DE  19801<br>(302) 295-2000 Phone<br>(302) 295-2013 Fax No.<br>jcarroll@cozen.com<br>sfraser@cozen.com<br><br>*Counsel to George L. Miller,*<br>*Chapter 7 Trustee* |