## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

|  |  |  |
|---|---|---|
| | : | |
| In re: | : | Chapter 7 |
| | : | |
| AKORN HOLDING COMPANY LLC, *et al.*,[1] | : | Case No.: 23-10253 (KBO) |
| | : | |
| Debtors. | : | (Jointly Administered) |
| | : | |

### OBJECTION OF LEADIANT BIOSCIENCES, INC. TO MOTION FOR AN ORDER AUTHORIZING TRUSTEE'S SECOND DISTRIBUTION TO HOLDERS OF GENERAL UNSECURED CLAIMS

Leadiant Biosciences, Inc., f/k/a Sigma-Tau Pharmaceuticals, Inc. ( "**Leadiant** "), pursuant to sections 704 and 724 of title 11 of the United States Code, 11 U.S.C. §§ 105 *et seq.* (the "**Bankruptcy Code** ") and Rule 3009 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules** "), hereby objects (the "**Objection** ") to the *Motion for an Order Authorizing Trustee's Second Distribution to Holders of General Unsecured Claims* [ECF No. 1448] (the "**Motion** "), filed by George L. Miller, in his capacity as the Chapter 7 Trustee (the "**Trustee** ") for the estates of the above-captioned debtors (collectively, the "**Debtors** "). In support of the Objection, Leadiant respectfully states as follows:

### GENERAL BACKGROUND

1.     On February 23, 2023, the Debtors filed these Chapter 7 cases, and George L. Miller was appointed as Chapter 7 Trustee.

2.     On July 24, 2025, the Trustee filed the instant Motion seeking authorization to distribute a total of "slightly over $4.1 million" to holders of certain allowed general unsecured

---

[1] Debtors in these chapter 7 cases, along with the last four digits of their federal tax identification numbers, and cases numbers are Akorn Holding Company LLC (9190), Case No. 23-10253 (KBO) ("**Akorn Holding**"); Akorn Intermediate Company LLC (6123), Case No. 23-10254 (KBO) ("**Akorn Intermediate**"); and Akorn Operating Company LLC (6184), Case No. 23- 10255 ("**Akorn Operating**" and collectively, "**Debtors**"). Debtors' headquarters is located at 5605 CenterPoint Court, Gurnee, IL 60031.

claims, which equates to a 19.2% dividend on each such claim. ECF No. 1448, at ¶13. Exhibit "A"
to the Motion lists the specific claims and claimants that would receive this distribution, which
does not include all holders of general unsecured claims.

3.      The Trustee asserts that all listed claims are "indisputably valid" and that their
holders have not received any avoidable transfers nor owe any debts to the estate. *Id.* at ¶ 14. The
Trustee further states his "belief" that this 19.2% payout is "conservative" relative to remaining
estate funds, and that he anticipates the final total recovery for general unsecured creditors will
exceed 19.2%. *Id.* at ¶ ¶ 12-14. The Trustee notes that he sees no reason to refrain from making
this interim distribution now, claiming that ample cash reserves will remain to pay all priority
claims in full and to ensure a *pari passu* recovery for all general unsecured claimants not included
in the distributions contemplated in the Motion. *Id.* at ¶ 14.

4.      For the reasons set forth below, Leadiant files this Objection.

## OBJECTION

5.      Section 704(a)(1) of the Bankruptcy Code requires chapter 7 trustees to "collect
and reduce to money the property of the estate" and close the estate "as expeditiously as is
compatible with the best interests of parties in interest." 11 U.S.C. §704(a)(1).

6.      The Bankruptcy Code likewise mandates that estate property be distributed in a
strict order of priority: higher-priority claims must be paid in full before lower-priority claims
receive anything, and creditors of equal priority share *pro rata*. 11 U.S.C. § 726(a)–(b). While
section 105(a) grants courts broad equitable power to issue orders necessary to carry out the
provisions of the Bankruptcy Code, that power cannot be used to circumvent the Code's
distribution scheme. Absent creditor consent, a bankruptcy court may not approve a distribution
that deviates from the Code's priority rules, nor can § 105(a) be invoked to create priorities

inconsistent with those set forth in  section 726. *See Czyzewski v. Jevic Holding Corp.*, 137 S. Ct. 973, 983–84 (2017).

7.      In its current form, the Trustee's Motion lacks any facts to support the contemplated distribution of 19.2% to a limited subset of general unsecured creditors and, in addition, raises a questions as to whether the intended distributions to junior claimholders would violate the Code's priority scheme.

8.      Specifically, although the Motion confirms that the Trustee believes that the estate has sufficient reserves to support a 19.2% distribution on all allowed general unsecured claims that are ultimately allowed—and that the proposed distribution contemplated in the Motion is therefore "conservative"—the Trustee's conclusion is not supported by any facts that would allow creditors to independently assess the accuracy of those conclusions, including, but not limited to the following:

9.      First, the Trustee's Motion does not discuss the amount of cash currently held by the Trustee in reserve at each of the separate Debtor estates relative to the percentage distribution contemplated in the Motion, and the amount that would remain available for payments to creditors following the distributions contemplated in the Motion.

10.      Second, the Motion does not mention the amount of total general unsecured claims that have yet to be fully reconciled and/or remain pending disallowance, and/or whether the estate holds sufficient funds to make an equivalent 19.2% distribution on those claims if they were all ultimately allowed in full.

11.      Third, there is no mention of the estimated amount of additional administrative claims that are expected to be incurred in connection with case management and/or pending adversary litigation, and how those claims would impact reserves and/or future distributions to

general unsecured claimholders that will not receive payment pursuant to the Motion, including whether existing reserves would sustain a 19.2% following payment of those amounts.

12.     Fourth, there is no discussion as to whether the 19.2% distributions to creditors of Akorn Holding (which are contemplated in the Motion) are coming from cash at Akorn Holding or cash at Akorn Operating, and, if the latter, why Akorn Holding would receive a distribution from Akorn Operating prior to general unsecured creditors at Akorn Operating being paid in full.  This would be a priority violation under the Chapter 7 distribution scheme.

13.     General unsecured creditors who are not part of the distribution currently contemplated by the Trustee should not bear the risk that their distribution will ultimately be less than the 19.2% distribution contemplated in the Motion or eroded by mounting administrative fees that have yet to be incurred. Accordingly, Leadiant respectfully submits that, if there are sufficient funds in reserve to pay a 19.2% distribution to all general unsecured creditors of Akorn Operating, proceeds equal to the 19.2% should be escrowed for the sole purpose of paying any such allowed claims that are not part of the distribution in an amount sufficient to account for all filed claims that have yet to be disallowed on a final basis.

14.     Otherwise, absent evidence sufficient to confirm that the estate currently holds sufficient reserves relative to all claims to make the distribution truly "conservative" (*i.e.*, one that does not violate the Code's priority scheme and otherwise poses no risk to equal future distributions to other holders of allowed claims), the Motion should be denied.

**<u>RESERVATION OF RIGHTS</u>**

15.     Leadiant reserves its right to amend, modify, or supplement this Objection and to raise any additional arguments or objections under state, federal, or other applicable law on or before the hearing on the Motion, including, without limitation, any arguments or objections in

regard to the Motion. Nothing herein shall be construed to waive, limit, or inhibit Leadiant's right to raise such arguments or objections on or before the hearing.

## CONCLUSION

**WHEREFORE**, Leadiant respectfully requests entry of an order: (i) sustaining this Objection; (ii) denying the Motion; and (iii) granting such other and further relief as the Court deems proper.

Date: August 8, 2025.                    Respectfully submitted,

By:    *Michael Busenkell*
       Michael Busenkell, Esq. (DE 3933)
       GELLERT SEITZ BUSENKELL &
       BROWN, LLC
       1201 North Orange Street, Suite 300
       Wilmington, DE 19801
       Phone: (302) 425-5800
       mbusenkell@gsbblaw.com

       and

By:    *Fernando J. Menedez*
       Fernando J. Menendez, Esq.
       Florida Bar No.: 18167
       SEQUOR LAW
       1111 Brickell Avenue, Suite 1250
       Miami, FL 33131
       Phone: (305) 372-8282
       Fax: (305) 372-8202
       E-mail: fmenendez@sequorlaw.com
       E-mail: dhalperin@sequorlaw.com
       *Counsel for Leadiant Biosciences, Inc.*