**IN THE UNITED STATES BANKRUPTCY**
**COURT FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re:<br><br>AKORN HOLDING COMPANY, LLC, *et al.*,<br><br>Debtors.[1] | Chapter 7<br>(*jointly administered*)<br><br>Case No. 23-10253 (KBO)<br><br>Hrg. Date: October 17, 2025 at 10:00 a.m. ET<br>Obj. Ddl.: October 10, 2025 at 4:00 p.m. ET |

**MOTION OF GEORGE L. MILLER, CHAPTER 7 TRUSTEE TO THE ESTATES OF AKORN HOLDING COMPANY, LLC, ET AL. TO APPROVE SETTLEMENT AGREEMENT WITH ABBOTT LABORATORIES, INC. AND ABBOTT LABORATORIES CIE**

George L. Miller, the chapter 7 trustee (the "Trustee") to the estates of the above-captioned debtors (collectively, the "Debtors"), hereby files this motion (the "Motion") for an order, pursuant to sections 105(a) and 704 of title 11 of the United States Code, as amended (the "Bankruptcy Code") and Rule 9019 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") approving the Settlement Agreement[2] (the "Letter Agreement") with Abbott Laboratories, Inc. and Abbott Laboratories CIE ("Abbott"). Abbott along with the Trustee, shall collectively be referred to as (the "Parties"). In support of the Motion, the Trustee respectfully represents as follows:

**JURISDICTION AND VENUE**

---

[1] [1] The Debtors along with the last four digits of their federal tax identification numbers, and cases numbers are Akorn Holding Company LLC (9190), Case No. 23-10253 (KBO); Akorn Intermediate Company LLC (6123), Case No. 23-10254 (KBO); and Akorn Operating Company LLC (6184), Case No. 23-10255. The Debtors' headquarters is located at 5605 CenterPoint Court, Gurnee, IL 60031.

[2] A true and correct copy of the Settlement Agreement are attached hereto and incorporated herein as Exhibit "A."

1. The Court has jurisdiction over this Motion pursuant to 28 U.S.C. §§ 157 and 1334.  This matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A), (F) and (O).  Venue of this proceeding and this Motion is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409.  The statutory predicates for the relief sought herein are sections 105(a) and 704 of theBankruptcy Code and Bankruptcy Rule 9019.

## BACKGROUND

2. On February 23, 2023, (the "Petition Date"), the Debtors each commenced with this Court a voluntary case under chapter 7 of the Bankruptcy Code (collectively, the "Chapter 7 Cases").  The Chapter 7 Cases are jointly administered for procedural purposes only pursuant to Bankruptcy Rule 1015(b).

3. The United States Trustee appointed George L. Miller as chapter 7 trustee for the Debtors' estates, such that the Trustee succeeded and acquired the authority and standing to, among other things, liquidate the estate and pursue certain of the Debtors' litigation claims;

4. On December 6, 2024, the Trustee sent a demand letter to Abbott Laboratories, Inc. and Abbott Laboratories CIE seeking payment pursuant to §547 of the Bankruptcy Code of $423,696.00  in transfers  (the "Transfers") made to Abbott by the Debtor during the ninety days prior to the Petition Date;

5. After negotiation, the Parties have been able to reach a full and final settlement   relating to the Transfers.

6. As set forth in the Settlement Agreement[3], the Parties have agreed that

Abbott shall pay $50,000.00 (the "Settlement Payment") in full and final settlement of the Transfers.

## RELIEF REQUESTED

7. By this Motion, the Trustee seeks this Court's approval of the Settlement Agreement[3] pursuant to sections 105 and 704 of the Bankruptcy Code and Bankruptcy Rule 9019.

## BASIS FOR RELIEF

8. This Court has the authority to grant the relief requested in this Motion pursuant to Section 105 of the Bankruptcy Code and Bankruptcy Rule 9019. Section 105(a) of the Bankruptcy Code provides that "[t]he court may issue any order. . .that is necessary or appropriate to carry out the provisions of this title." Bankruptcy Rule 9019 grants the Court authority to approve settlements of claims and controversies after notice and a hearing.[4] Under this authority, the Third Circuit has emphasized that "to minimize litigation and expedite the administration of a bankruptcy estate, '[c]ompromises are favored in bankruptcy.'" Myers v. Martin (In re Martin), 91 F. 3d 389, 393 (3d Cir. 1996) (quoting 9 Collier on Bankruptcy ¶ 9019.03[1] (15th ed. 1993). In addition, this District has recognized that the approval of a proposed compromise and settlement is committed to the sound discretion of the bankruptcy court. See In re Louise's, Inc., 211 B.R. 798, 801 (D. Del. 1997).

---

[3] The description contained herein is qualified in its entirety by reference to the Settlement Agreement attached hereto as Exhibit "A."

[4] Bankruptcy Rule 9019 provides in pertinent part that "[o]n motion by the trustee and after notice and a hearing, the court may approve a compromise or settlement."

9. Settlements in bankruptcy are favored as a means of minimizing litigation, expediting the administration of the bankruptcy estates, and providing for the efficient resolution of bankruptcy cases. *In re Martin*, 91 F.3d 389, 393 (3d Cir. 1996); *In re Mavrode*, 205 B.R. 716, 719 (Bankr. D.N.J. 1997). To achieve these results, Bankruptcy Rule 9019(a) empowers a bankruptcy court to approve a settlement or compromise by a debtor after notice and a hearing. FED. R. BANKR. P. 9019(a).

10. Before approving a settlement under Bankruptcy Rule 9019, a court must determine whether "the compromise is fair, reasonable, and in the interests of the estate." *In re Marvel Entertainment Group, Inc.,* 222 B.R. 243, 249 (D. Del. 1998) (*quoting Louise's*, 211 B.R. at 801). To reach such a determination, the court must assess the value of the claim that isbeing settled and balance it against the value to the estate of the approval of the settlement. *Martin*, 91 F.3d at 393. In striking this balance, the court should consider the following factors:

a. The probability of success in the litigation;

b. The complexity, expense and likely duration of the litigation;

c. The possibilities of collecting on any judgment which might be obtained;

d. All other factors relevant to making a full and fair assessment of the wisdom of the proposed compromise; and

e. Whether the proposed compromise is fair and equitable to the debtors, their creditors, and other parties in interest. *Protective Comm. For Indep. Stockholders of TMT Trailer Ferry, Inc. v. Anderson,* 390 U.S. 414, 424-425 (1968). *See also Martin*, 91 F.3d at 393. Basic to the process of evaluating proposed settlements is "the need to compare the terms of the

compromise with the likely rewards of litigation." *TMT Trailer Ferry*, 390 U.S. at 425. The *TMT* rule does not require the Court to hold a full evidentiary hearing before a compromise can be approved, rather, the Court's obligation is "to canvas the issues and see whether the settlement 'falls below the lowest point in a range of reasonableness.'" Collier on Bankruptcy, ¶ 9019.2, 9019-4 (15th ed.) (*quoting In re Drexel Lambert Group, Inc.,* 134 B.R. 493 (Bankr. S.D.N.Y. 1991)). *See also, Cosoff v. Rodman (In re W.T. Grant Co.),* 699 F.2d 599, 608 (2d Cir. 1983).

11. When applying the above criteria to the facts of a particular case, a bankruptcy court does not have to conduct a mini-trial to determine the probable outcome of any claims waived in the settlement. *Cajun Electric Power Cooperative, Inc.*, 119 F.3d at 356. Nor does a bankruptcy court have to conduct an evidentiary hearing as a prerequisite to approving a

settlement. *In re Depositer*, 36 F.3d 582, 586 (7th Cir. 1994).

12. The bankruptcy court must, however, gather all of the relevant facts and law so that it can make an informed, intelligent, and objective decision with respect to approving the settlement. *Depositer*, 36 F.3d at 586. *See also Cajun Electric Power Cooperative*, 119 F.3d at

356. In the present matter, the Settlement Agreement falls well within the range of reasonableness and, accordingly, should be approved. The Parties have agreed to settle all matters relating to the Transfers for $50,000.00. In addition, upon approval of the Settlement Agreement, the Parties release each other from any and all claims relating to the Transfers.

13. Therefore, the Trustee has determined that the terms set forth in the Settlement Agreements are in the best interests of the estates and all of the creditors and are reasonable and within the Trustee's sound business judgment.

## NOTICE

14. Notice of the Motion has been served on the Office of the United States Trustee, Abbott, and all parties requesting notice pursuant to Bankruptcy Rule 2002. The Trustee submits that such notice is sufficient.

WHEREFORE, the Trustee respectfully requests that this Court enter an order approving the Settlement Agreement and granting such other relief as may be just and appropriate under the circumstances.

Dated: September 19, 2025
Wilmington, Delaware

**CIARDI CIARDI & ASTIN**

*/s/ John D. McLaughlin, Jr.*
John D. McLaughlin, Jr.
(No. 4123) Ciardi Ciardi & Astin
1204 N. King Street
Wilmington, DE 19801
Telephone: 484-437-2676
Email: jmclaughlin@ciardilaw.com-and-

Albert A. Ciardi, III, Esquire Walter W. Gouldsbury III, Esquire
1905 Spruce Street
Philadelphia, PA 19103
Tel: (215) 557-3550
Fax: (215) 557-3551
aciardi@ciardilaw.com
wgouldsbury@ciardilaw.com

*Counsel to George L. Miller, Chapter 7 Trustee*

: