# **EXHIBIT A**

ALBERT A. CIARDI, III
ACIARDI@CIARDILAW.COM

# CIARDI CIARDI & ASTIN

1905 Spruce Street
Philadelphia, PA 19103
215-557-3550 Telephone
215-557-3551 Facsimile

July 21, 2025

*Via Electronic Mail*
Eric R. von Helms, Esquire
Kohner, Mann & Kailas, S.C.
Washington Building
Barnabas Business Center
4650 N. Port Washington Road
Milwaukee, WI 53212-1059
kmksc@kmksc.com

> *Re*: **George L. Miller, Chapter 7 Trustee of the
> Estate of Akorn Holding Company, LLC, *et al.*
> Bankruptcy Case No. 23-10253 (KBO)
> v. Abbott Laboratories, Inc. and Abbott Laboratoires CIE
> <u>Adversary Proceeding No. 25-50334(KBO)</u>**

Dear Mr. von Helms:

    This letter (the "Letter Agreement") confirms the settlement of the attached demand letter, dated December 6, 2024 (the "Demand Letter") against Abbott Laboratories, Inc. and Abbott Laboratoires CIE (the "Transferee") in consideration of payment by Transferee of $50,000.00 (the "Settlement Payment") to George L. Miller (the "Trustee," and together with Transferee, the "Parties"), and waiver by Transferee of its right to file a claim relating to the Settlement Payment against the Chapter 7 estates of Akorn Holding Company LLC et al. (the "Debtors"), Case No. 23-10253 (KBO) (the "Debtors") pursuant to 11 U.S.C. § 502(h) (the "502(h) Claim"). The Settlement Payment shall be made payable to "George L. Miller, Chapter 7 Trustee for the Estates of Akorn Holding Company LLC et al." and sent to counsel for the Trustee, George L. Miller, c/o Albert A. Ciardi, III, Ciardi Ciardi & Astin, 1905 Spruce Street, Philadelphia, PA 19103. The Transferee shall pay the Settlement Payment by the Effective Date, as defined below.

    Pursuant to the ORDER APPROVING PROCEDURES REGARDING SETTLEMENTS OF AVOIDANCE CLAIMS PURSUANT TO BANKRUPTCY RULE 9019(b) (DI 1040), entered on February 4, 2025, in the above-referenced bankruptcy proceeding, the Trustee may compromise or settle Adversary Proceedings and Affirmative Claims where the Demand Amount is less than $500,000 pursuant to the following procedures.

    a. The Trustee will be free to consummate settlements in this class in his business judgment by filing a notice of settlement with the Court (a "Notice of Settlement"), without further hearing, unless an objection is filed to the Notice of Settlement. The

**PHILADELPHIA**
1905 Spruce Street
Philadelphia, PA 19103
Phone: (215) 557-3550
Fax: (215) 557-3551

**WILMINGTON**
1204 N. King Street
Wilmington, DE 19801
Phone: (302) 658-1100
Fax: (302) 658-1300

**NEW JERSEY**
52 Haddonfield-Berlin Road
Suite 1000
Cherry Hill, NJ 08034
Phone: (856) 368-2001
Fax: (856) 368-2002

Eric R. von Helms, Esquire
Kohner Mann & Kailas, S.C.
July 21, 2025
Page 2 of 4

---

Notice of Settlement may include multiple settlements in one notice and will provide an objection deadline of seven (7) calendar days from the date of filing the Notice of Settlement. The Notice of Settlement shall be served on the U.S. Trustee and any counterparty to a settlement. Such notice, along with notice of electronic filing of Notice of Settlement issued through the Court's Electronic Filing System, shall constitute adequate and sufficient service of the Notice of Settlement. If an objection is filed, the objecting party and Trustee shall confer and, should the objection not be resolved, set the objection for hearing at the next regularly scheduled omnibus hearing.

The Parties understand and acknowledge that this Letter Agreement shall become final and binding on the date (the "Effective Date") on which all of the following have occurred: (i) execution by all Parties of this Letter Agreement, (ii) the Trustee's receipt of the Settlement Payment funds, and (iii) approval of this Letter Agreement by an order of the Bankruptcy Court pursuant to Federal Rule of Bankruptcy Procedure 9019, which order is final and no longer subject to appeal. If the Bankruptcy Court does not approve this Letter Agreement, then (i) this Letter Agreement shall be null and void, and of no force and effect; (ii) the Parties will revert to the status quo ante; and (iii) the Trustee will promptly return, or cause to be returned, the Settlement Payment to the Transferee

Upon the Effective Date, Abbott shall retain all of its rights provided with its existing proof of claim against the Debtors' respective bankruptcy estates (the "Abbott Proof of Claim"). The Abbott Proof of Claim shall not in any manner be considered waived, reduced, or disallowed by virtue of this Letter Agreement or the Notice of Settlement. However, the Abbott Proof of Claim shall not be amended to include additional amounts related to the 502(h) Claim. Other than the Abbott Proof of Claim, each of: (i) the Trustee, on behalf of the Debtors' respective estates, and (ii) the Transferee, and each of their respective officers, directors, partners, agents, employees, sureties, insurers, successors and assigns, mutually remise, release and forever discharge each other and their respective officers, directors, partners, agents, employees, sureties, insurers, successors and assigns from and against any and all claims, demands, suits, obligations, accounts, reckonings, bills, invoices, applications for payment, liens and all other obligations arising at any time out of or related to the Demand Letter.

Each person signing this Letter Agreement represents and warrants that he or she has been duly authorized and has the requisite authority and power to execute and deliver the Letter Agreement on behalf of such Party and to bind his or her respective client(s) to the terms and conditions of the Letter Agreement.

The Parties represent and acknowledge that, in entering into this Letter Agreement, they relied entirely upon their own judgment, beliefs and interest and the advice of their counsel (for

Eric R. von Helms, Esquire
Kohner Mann & Kailas, S.C.
July 21, 2025
Page 3 of 4

---

whose expense each shall be solely responsible) and that they have had a reasonable period of time to consider the Letter Agreement.

The Parties agree that each has reviewed this Letter Agreement and fully understands and voluntarily accepts all the provisions contained herein. The Parties further agree that the Letter Agreement was the product of good faith and arm's length negotiations between the Parties and that any rule of construction that ambiguities are to be resolved against the drafting party shall not apply in the interpretation of this Letter Agreement.

This Letter Agreement sets forth the entire agreement between the Parties and supersedes any and all prior agreements and understandings, written or oral, between the Parties pertaining to the subject matter hereof.

Each of the Parties represents and warrants that, as of its execution of this Letter Agreement, it has not assigned or otherwise transferred any of the claims addressed in, or to be released by, this Letter Agreement and shall not assign or otherwise transfer to any person any such claim.

If any provision of this Letter Agreement be declared or be determined by any court of competent jurisdiction to be illegal, invalid, or unenforceable, then said illegal, unenforceable, or invalid provision shall be deemed not to be a part of this Letter Agreement and the legality, validity, and enforceability of the remaining provisions shall not be affected thereby, unless the provision(s) held illegal, unenforceable, or invalid will, if not enforced, substantially impair the benefits and fairness of the remaining Letter Agreement provisions.

No modification of this Letter Agreement shall be binding or enforceable unless in writing and signed by the Parties.

This Letter Agreement shall be binding upon and inure to the benefit of the Parties, their respective heirs, executors, successors, administrators and assigns.

To confirm the Transferee's acceptance of the terms and conditions herein, please execute this Letter Agreement where indicated below and forward the fully executed Letter Agreement with the Settlement Payment to the undersigned below as counsel to Mr. Miller.

Eric R. von Helms, Esquire
Kohner Mann & Kailas, S.C.
July 21, 2025
Page 4 of 4

---

Sincerely,

/s/ *Albert A. Ciardi, III*
Albert A Ciardi, III, Esquire
On behalf of George L. Miller,
Chapter 7 Trustee

*Agreed to and accepted by*:

Abbott Laboratories, Inc. and
Abbott Laboratoires CIE

By: _____  _____

Name: SEBASTIAN M. CHELENA    ARTO EKMEKDJIAN

Title: FINANCE DIRECTOR    TREASURER

Date: 7/23/2025    7/23/2025


George L. Miller, Chapter 7 Trustee of the Estate of Akorn Holding Company, LLC, *et al.*

By: _____

Name: GEORGE L MILLER

Title: CHAPTER 7 TRUSTEE

Date: 7/21/2025