# EXHIBIT A

**Proposed Order**

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>AKORN HOLDING COMPANY LLC, *et al.*,[1]<br><br>Debtors. | Chapter 7<br><br>Case No. 23-10253 (KBO)<br>(Jointly Administered)<br><br>**Related D.I.: 1467 & _____** |
| GEORGE MILLER, Chapter 7 Trustee of the bankruptcy estates of Akorn Holding Company LLC, *et al.*,<br><br>Plaintiff,<br><br>v.<br><br>McKESSON CORPORATION, McKESSON SPECIALTY CARE DISTRIBUTION LLC, and McKESSON MEDICAL-SURGICAL, INC.,<br><br>Defendants. | Adv. Proc. No. 24-50042 (KBO)<br><br>**Related Adv. D.I.: 75 & _____** |

### ORDER APPROVING SETTLEMENT BETWEEN GEORGE L. MILLER, CHAPTER 7 TRUSTEE, AND McKESSON CORPORATION, McKESSON SPECIALTY CARE DISTRIBUTION LLC, AND McKESSON MEDICAL-SURGICAL, INC.

Upon consideration of the *Motion of George L. Miller, Chapter 7 Trustee, for Entry of Order Approving Settlement with McKesson Corporation, McKesson Specialty Care Distribution LLC, and McKesson Medical-Surgical, Inc.* (the "**Motion**")[2] filed by George L. Miller, in his capacity as Chapter 7 Trustee (the "**Trustee**") for the bankruptcy estates of Akorn Holding Company LLC, Akorn Intermediate Company LLC, and Akorn Operating Company LLC

---

[1] The Debtors in the chapter 7 cases, along with the last four digits of each Debtor's federal tax identification number, are Akorn Holding Company LLC (9190), Akorn Intermediate Company LLC (6123), and Akorn Operating Company LLC (6184). The Debtors' headquarters was located at 5605 CenterPoint Court, Gurnee, Illinois 60031.

[2] Capitalized terms used but not defined herein are defined in the Motion.

-2-

(collectively, the "**Debtors**"); and the Court finding that it has jurisdiction over the Motion and the relief requested therein in accordance with 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware dated as of February 29, 2012; and the Court having found that this is a core proceeding as that term is defined in 28 U.S.C. § 157(b)(2); and the Court having found that venue of the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and the Court having found that notice of the Motion and opportunity for a hearing on the Motion was appropriate and no other notice need be provided; and the Court having reviewed the Motion; and the Court having determined that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and upon all of the proceedings had before the Court; and after due deliberation and sufficient cause appearing therefor;

    **IT IS HEREBY ORDERED**:

1. The Motion is GRANTED as set forth herein.

2. The Settlement Agreement attached to the Motion as Exhibit B is hereby approved.

3. The following proofs of claim are DISALLOWED in their entirety:

    a) Case No. 23-10253-KBO Claim Register, Claim No. 345;

    b) Case No. 23-10254-KBO Claim Register, Claim No. 199; and

    c) Case No. 23-10255-KBO Claim Register, Claim No. 374.

4. For the avoidance of doubt, the Trustee is authorized to enter into and take all actions necessary to effectuate the Settlement Agreement and the relief granted pursuant to this Order.

-3-

5. This Order shall be effective immediately upon entry, notwithstanding anything to the contrary in the Bankruptcy Rules or the Local Rules.

6. This Court retains jurisdiction with respect to all matters arising from or related to the interpretation or implementation of this Order.