## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>AKORN HOLDING COMPANY LLC, *et al.*,[1]<br><br>Debtors. | Chapter 7<br><br>Case No. 23-10253 (KBO)<br>(Jointly Administered)<br><br>**Objection Deadline:** 10/10/2025 at 4:00 PM (E.T.)<br>**Hearing Date:** 10/17/2025 at 10:00 AM (E.T.) |
| GEORGE MILLER, Chapter 7 Trustee of the bankruptcy estates of Akorn Holding Company LLC, *et al.*,<br>Plaintiff,<br><br>v.<br><br>SIEGFRIED USA, INC.,<br><br>Defendant. | Adv. Proc. No. 25-50204 (KBO) |
| GEORGE MILLER, Chapter 7 Trustee of the bankruptcy estates of Akorn Holding Company LLC, *et al.*,<br>Plaintiff,<br><br>v.<br><br>APTAR PHARMA,<br><br>Defendant. | Adv. Proc. No. 25-50244 (KBO) |

---

[1] The Debtors in the chapter 7 cases, along with the last four digits of each Debtor's federal tax identification number, are Akorn Holding Company LLC (9190), Akorn Intermediate Company LLC (6123), and Akorn Operating Company LLC (6184). The Debtors' headquarters was located at 5605 CenterPoint Court, Gurnee, Illinois 60031.

GEORGE MILLER, Chapter 7 Trustee of the
bankruptcy estates of Akorn Holding Company
LLC, et al.,

                Plaintiff,

      v.

LEADIANT BIOSCIENCES, INC.,

                Defendant.

Adv. Proc. No. 25-50160 (KBO)

## MOTION FOR ENTRY OF AN ORDER PURSUANT TO SECTION 105(a) OF THE BANKRUPTCY CODE AND BANKRUPTCY RULE 9019 APPROVING SETTLEMENTS BETWEEN THE TRUSTEE AND SIEGFRIED USA, INC., BETWEEN THE TRUSTEE AND APTAR PHARMA, AND BETWEEN THE TRUSTEE AND LEADIANT BIOSCIENCES, INC.

George L. Miller, the chapter 7 trustee (the "Trustee") in the above-captioned chapter 7 cases (the "Chapter 7 Cases") for the bankruptcy estates of Akorn Holding Company LLC, Akorn Intermediate Company LLC and Akorn Operating Company LLC (collectively, the "Debtors"), hereby moves (the "Motion") the Court pursuant to section 105 of title 11 of the United States Code, §§ 101-1532, as amended (the "Bankruptcy Code") and Rule 9019 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), for entry of an order, substantially in the form attached hereto as **Exhibit A** (the "Proposed Order"), (i) approving the settlement with Siegfried USA LLC[2] ("Siegfried") and authorizing the Trustee to enter the settlement agreement with Siegfried (the "Siegfried Settlement Agreement") attached hereto as **Exhibit B**, (ii) approving the settlement with Aptar Pharma ("Aptar,") and authorizing the Trustee to enter the settlement agreement with Aptar (the "Aptar Settlement Agreement,") attached hereto as **Exhibit C**, and (iii) approving the settlement with Leadiant Biosciences, Inc. ("Leadiant," and together with Siegfried

---

[2] The Trustee filed the adversary complaint against Siegfried USA, Inc.; however, counsel for Siegfried has advised that the correct name of the defendant is Siegfried USA LLC. Therefore, based upon counsel's representation, the Trustee entered into the Siegfried Settlement Agreement with Siegfried USA LLC.

and Aptar, the "<u>Defendants</u>") and authorizing the Trustee to enter the settlement agreement with Leadiant (the "<u>Leadiant Settlement Agreement</u>," and together with the Siegfried Settlement Agreement and Aptar Settlement Agreement, the "<u>Settlement Agreements</u>") attached hereto as **Exhibit D**, and (iv) granting such other relief as may be just and proper.  In support of this Motion, the Trustee states respectfully as follows:

<u>**JURISDICTION**</u>

1.      The United States Bankruptcy Court for the District of Delaware (the "<u>Court</u>") has jurisdiction over this Motion pursuant to 28 U.S.C. §§ 157 and 1334(b) and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware dated as of February 29, 2012.

2.      This is a core proceeding pursuant to 28 U.S.C. § 157(b), and pursuant to Rule 9013-1(f) of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "<u>Local Rules</u>"), the Trustee consents to the entry of a final order by the Court in connection with this Motion to the extent that it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution.

3.      Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

4.      The bases for the relief requested herein is section 105 of the Bankruptcy Code, as supplemented by Bankruptcy Rule 9019.

**BACKGROUND**

**A.      General Background**

5.      On February 23, 2023 (the "Petition Date"), each of the Debtors, Akorn Holding Company LLC, Case No. 23-10253; Akorn Intermediate Company LLC, Case No. 23-10254 and Akorn Operating Company, LLC, Case No. 23-10255 filed voluntary petitions in the Bankruptcy Court for relief under Chapter 7 of Title 11 of the Bankruptcy Code, commencing the Chapter 7 Cases (collectively, the "Chapter 7 Cases").  The Chapter 7 Cases are being jointly administered.

6.      On or about the Petition Date, the Office of the United States Trustee appointed the Trustee as the trustee to the bankruptcy estates of each of the Debtors.

7.      Prior to the Petition Date, the Debtors' businesses included developing, manufacturing, and marketing specialty pharmaceuticals, including prescription, consumer health, and animal health products.

8.      The Debtors were an industry leader in branded and generic products in alternate dosage forms such as ophthalmic, injectables, oral liquids, topicals, inhalants and nasal sprays.

9.      The Debtors operated at numerous locations in the United States and were headquartered in Gurnee, Illinois.  The Debtors' operations in the United States have all ceased.

10.     Since the date of his appointment, the Trustee and his professionals have reviewed the transfers made by the Debtors on or within the designated range for asserting direct and indirect fraudulent transfer actions, insider preference actions, and non-insider preference actions (the "Avoidance Period") and have identified potential claims to avoid and recover the certain transfers pursuant to sections 547, 548, and/or 550 of the Bankruptcy Code (the "Avoidance Claims").

11.     Based upon that investigation, the Trustee filed an adversary proceeding on February 11, 2025, styled *George Miller, Chapter 7 Trustee of the bankruptcy estates of Akorn*

*Holding Company, LLC, et al. v. Leadiant Biosciences, Inc.*, in the Bankruptcy Court, commencing the adversary case number 25-50160 (KBO) (the "Leadiant Adversary Proceeding"); and on February 12, 2025, the Trustee filed an adversary proceeding styled *George Miller, Chapter 7 Trustee of the bankruptcy estates of Akorn Holding Company, LLC, et al. v. Siegfried USA, Inc.*, in the Bankruptcy Court, commencing the adversary case number 25-50204 (KBO) (the "Siegfried Adversary Proceeding"); and on February 13, 2025, the Trustee filed an adversary proceeding styled *George Miller, Chapter 7 Trustee of the bankruptcy estates of Akorn Holding Company, LLC, et al. v. Aptar Pharma*, in the Bankruptcy Court, commencing the adversary case number 25-50244 (KBO) (the "Aptar Adversary Proceeding," and together with the Leadiant Adversary Proceeding and the Siegfried Adversary Proceeding, the "Adversary Proceedings").

12.     While the Trustee has continued to pursue and negotiate settlements with respect to the Avoidance Claims, he has settled the Adversary Proceedings. Since the amounts demanded by the Trustee in both proceedings were over $500,000.00, the settlements must be approved by a separate motion under Rule 9019 of the Bankruptcy Code, pursuant to that certain *Order Approving Procedures Regarding Settlements of Avoidance Claims Pursuant to Bankruptcy Rule 9019(b)* [D.I. 1040].

13.     The terms of the settlement between the Trustee and the Defendants are embodied in their respective Settlement Agreements attached hereto as **Exhibit B, Exhibit C** and **Exhibit D**.  Under the Siegfried Settlement Agreement, which was the result of extensive, active, good-faith discussions and arms' length negotiations between the Trustee and Siegfried, Siegfried will pay the estate $65,000.00 ("Siegfried Settlement Amount") and waive its rights under Section 502(h) of the Bankruptcy Code in exchange for dismissal of the Siegfried Adversary Proceeding with prejudice. In addition, any existing claim filed by Siegfried in the Chapter 7 Cases ("Siegfried

5

Existing Claims") remain unaffected by this settlement. For clarity, the Siegfried Existing Claims will not be allowed, disallowed, modified, or otherwise affected as a result of the Siegfried Settlement Agreement, and the Trustee retains his right (unaffected by the Siegfried Settlement Agreement) to object to the allowance of any of the Siegfried Existing Claims as late filed or otherwise. Under the Siegfried Settlement Agreement, both the Trustee and Siegfried are executing mutual general releases.

14.    Under the Aptar Settlement Agreement, which was the result of extensive, active, good-faith discussions and arms' length negotiations between the Trustee and Aptar, Aptar will pay the estate $250,000.00 ("Aptar Settlement Amount") and waive its rights under Section 502(h) of the Bankruptcy Code in exchange for dismissal of the Aptar Adversary Proceeding with prejudice. Additionally, Aptar has agreed that, upon entry of an order approving the Aptar Settlement Agreement, Aptar will waive 20% of the amount asserted in its proof of claim, filed in the Chapter 7 Cases on May 21, 2023 (Claim No. 124-1), in the amount of $1,943,100.00 ("Aptar Proof of Claim"). Aptar's partial waiver of the Aptar Proof of Claim equates to a reduction of $388,620.00 without the need for any further documentation. For clarity, the Aptar Proof of Claim will be allowed in the amount of $1,554,480.00. Under the Aptar Settlement Agreement, both the Trustee and Aptar are executing mutual general releases.

15.    Under the Leadiant Settlement Agreement, which was the result of extensive, active, good-faith discussions and arms' length negotiations between the Trustee and Leadiant, Leadiant will pay the estate $125,000.00 ("Leadiant Settlement Amount") and waive its rights under Section 502(h) of the Bankruptcy Code in exchange for dismissal of the Leadiant Adversary Proceeding with prejudice. Additionally, Leadiant has agreed that, upon entry of an order approving the Leadiant Settlement Agreement, Leadiant acknowledges that $217,828.94 of the

amount asserted in its proof of claim ("Leadiant Proof of Claim").  (Claim No. 350-1) has been satisfied by prior payments, that Leadiant is further waiving $252,755.25 asserted in the Leadiant Proof of Claim without the need for any further documentation.  For clarity, the Leadiant Proof of Claim will be allowed as a general unsecured claim in the amount of $1,800,000.00, and the Trustee will make a 19.2% distribution to Leadiant on account of the allowed amount of this claim. Leadiant further agrees to resolve all pending objections and motions to dismiss in the Leadiant Adversary Proceeding and the Chapter 7 Cases.  Under the Leadiant Settlement Agreement, both the Trustee and Leadiant are executing mutual general releases.

16.     Upon consummation of the settlements and approval of the Settlement Agreements and approval by court order, the Trustee will dismiss the Adversary Proceedings in their entirety with prejudice.

## RELIEF REQUESTED

17.     Pursuant to section 105(a) of the Bankruptcy Code and Bankruptcy Rule 9019, the Trustee seeks entry of an order substantially in the form attached hereto as **Exhibit A**: (i) approving the Settlement Agreements, and (ii) granting such other relief as may be just and proper.

## BASIS FOR RELIEF

18.     Section 105(a) of the Bankruptcy Code allows a court to "issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of [the Bankruptcy Code]." 11 U.S.C. § 105(a).  Bankruptcy Rule 9019 provides:

> On motion of the trustee, after notice and a hearing, the court may approve a compromise or settlement.  Notice shall be given to creditors, the United States trustee, the debtor and indenture trustees as provided in Rule 2002 and to any other entity as the court may direct.

Fed. R. Bankr. P. 9019(a).

19.     When reviewing settlements under Bankruptcy Rule 9019, the court generally defers to the Trustee's business judgment.  "[U]nder normal circumstances the court would defer to the trustee's judgment so long as there is a legitimate business justification [for the settlement]." In re Martin, 91 F.3d 389, 395 (3d Cir. 1996).

20.     The Third Circuit has emphasized that "[c]ompromises are favored in bankruptcy." Id. at 393 (quoting Collier on Bankruptcy ¶ 9019.03[1] (15th ed. 1993)); see also In re World Health Alternatives, Inc., 344 B.R. 291, 296 (Bankr. D. Del. 2006) (finding settlements "generally favored in bankruptcy").  Courts in this District also have recognized that the approval of a proposed compromise and settlement is committed to the sound discretion of the bankruptcy court. See, e.g., *In re Coram Healthcare Corp.*, 315 B.R. 321, 329 (Bankr. D. Del. 2004).

21.     Pursuant to Bankruptcy Rule 9019(a), the Court may, after appropriate notice and a hearing, approve a compromise or settlement so long as the proposed settlement is fair, reasonable, and equitable.  See *In re Key3Media Grp., Inc.*, 336 B.R. 87, 92 (Bankr. D. Del. 2005) (noting that "the bankruptcy court has a duty to make an informed, independent judgment that the compromise is fair and equitable.").  The court need not be convinced that the settlement is the best possible compromise in order to approve it.  *Coram Healthcare Corp.*, 315 B.R. at 330. Rather, the court's obligation is to "canvass the issues and see whether the settlement falls below the lowest point in a range of reasonableness." *Travelers Cas. & Sur. Co. v. Future Claimants Representative*, No. 07-2785, 2008 WL 821088, at *5 (D.N.J. Mar. 25, 2008) (citing *Matter of Jasmine, Ltd.*, 285 B.R. 119 (D.N.J. 2000)).

22.     In determining whether a settlement is fair and equitable, the Third Circuit has adopted a balancing test, under which a bankruptcy court should decide whether to approve a particular compromise or settlement.  The factors of the balancing test are: "(1) the probability of

8

success in litigation; (2) the likely difficulties in collection; (3) the complexity of the litigation involved, and the expense, inconvenience and delay necessarily attending it; and (4) the paramount interest of the creditors." *In re Martin*, 91 F.3d at 393.

23.     The Trustee respectfully submits that the Settlement Agreements satisfy the requirements of Bankruptcy Rule 9019.  The Settlement Agreements allow the Trustee to resolve costly litigation and potential liability while preserving its limited resources for, among other things, the payment of creditors, professionals and administrative expenses.  Although the Trustee relinquishes its right to pursue the lawsuits against the Defendants as part of the Settlement Agreements, there is no certainty of a positive result when engaging in the litigation process, including with respect to any defenses the Defendants may raise.  The only certainty is the accrual of more legal fees and further diminishing the limited resources of the Trustee and the bankruptcy estates.  Therefore, taking into consideration the time, cost, expense and complexity of litigation, the Trustee has determined that the Settlement Agreements are fair, reasonable and appropriate as the settlements will help avoid costs and delay, and bring finality and certainty to the Adversary Proceedings.

24.     More specifically, the settlements here pertain to the potential liability of the Defendants as recipients of avoided transfers under, inter alia, 11 U.S.C. §§ 544-550.  The Trustee believes payment of the settlement amounts and the reduction in the Aptar Proof of Claim and Leadiant Proof of Claim represent good-faith resolutions of the claims.  In sum, the Trustee submits that entry into the Settlement Agreements are a sound exercise of the Trustee's business judgment and that the Settlement Agreements are therefore in the best interest of the Debtor's estate and its creditors.

**WHEREFORE**, for the reasons set forth above, the Trustee respectfully requests that the Court enter an order, substantially in the form attached hereto as **Exhibit A**, (i) approving the Settlement Agreements, and (ii) granting such other relief as may be just and proper.

Dated: September 26, 2025
Wilmington, Delaware

**SAUL EWING LLP**

*/s/ Evan T. Miller*
Evan T. Miller (DE Bar No. 5364)
Paige N. Topper (DE Bar No. 6470)
1201 N. Market Street, Suite 2300
Wilmington, DE 19801
Telephone:  (302) 421-6800
evan.miller@saul.com
paige.topper@saul.com

*Special Counsel to the Chapter 7 Trustee*