IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>AKORN HOLDING COMPANY LLC, *et al* [1]<br><br>Debtors. | Chapter 7<br><br>Case No. 23-10253 (KBO)<br>(Jointly Administered)<br><br>Related Doc. No.  1479, 1498 |

**ORDER AUTHORIZING EMPLOYMENT AND COMPENSATION OF
JNR ADJUSTMENT COMPANY, INC. AS ACCOUNTS RECEIVABLE
COLLECTION AGENCY**

Upon consideration of the *Trustee's Motion for Entry of Order Authorizing Employment and Compensation of JNR Adjustment Company, Inc.* ("JNR") as Accounts Receivable Collection Agency (the "Motion");[2] and it appearing that the relief requested in the Motion is in the best interest of the Estates; and the notice of the Motion and hearing given to the Notice Parties having been adequate, proper and appropriate under the circumstances,

IT IS HEREBY ORDERED THAT:

1. The Motion is **GRANTED** as provided herein.

2. Pursuant to 11 U.S.C. §§ 363 and 105(a), the Trustee is authorized to (i) enter into the Collection Services Agreement, (ii) employ and compensate JNR for the collection of the Customer Accounts pursuant to the terms set forth in the Collection Services Agreement; and (iii) take any and all actions that may be reasonably necessary to carry out the terms of the Collection Services Agreement.

---

[1] The Debtors in these chapter 7 cases, along with the last four digits of their federal tax identification numbers, and cases numbers are Akorn Holding Company LLC (9190), Case No. 23-10253 (KBO); Akorn Intermediate Company LLC (6123), Case No. 23-10254 (KBO); and Akorn Operating Company LLC (6184), Case No. 23-10255. The Debtors' headquarters was located at 5605 CenterPoint Court, Gurnee, IL 60031.

[2] Capitalized terms not otherwise defined shall have the meanings ascribed to them in the Motion.

3. JNR shall be compensated on a contingent Commission basis as set forth in the Motion and pursuant to the Collection Services Agreement, without further order of the Court but subject to the terms of this Order.

4. JNR shall not be required to maintain or submit to the Court records of detailed time entries in connection with professional services rendered in these cases.

5. JNR will submit an invoice to the Trustee for Commissions earned on one or more Qualifying Payment. Prior to payment to JNR the Trustee shall file and serve a notice (the "Fee Notice") upon (i) the Office of the United States Trustee, (ii) the Debtors' counsel, (iii) the twenty (20) largest unsecured creditors of the Debtors; and (iv) all parties requesting such notice in these Bankruptcy Cases pursuant to Bankruptcy Rule 2002 of the Bankruptcy Rules, in accordance with Del. Bankr. L.R. 2002-1(b), (collectively, the "Fee Notice Parties") indicating the demand amount, amount collected and amount of Commission to be paid to JNR and such Fee Notice shall be subject to a ten (10) day objection period to file an objection to the Fee Notice. If no objections are filed by such ten-day objection deadline, the Trustee may pay JNR its Commission without further order of the Court.

6. JNR shall not be required to file interim fee applications prior to payment of Commissions pursuant to issuance of a Fee Notice provided; however, that JNR upon conclusion of providing services under the Collection Services Agreement shall file a final fee application subject to final approval by this Court.

7. This Court shall retain jurisdiction with respect to all matters arising from or related to the implementation of this Order.

Dated: October 30th, 2025  
Wilmington, Delaware

KAREN B. OWENS  
CHIEF JUDGE

LEGAL\80389483\2 6010823/00574256