# **EXHIBIT B**

**Settlement Agreement**

## SETTLEMENT AGREEMENT AND MUTUAL RELEASE

This settlement agreement and mutual release ("Settlement Agreement") is made and entered into by and between: (i) George L. Miller, not individually, but solely in his capacity as chapter 7 trustee ("Trustee") for the bankruptcy estates of Akorn Holding Company LLC, Akorn Intermediate Company LLC, and Akorn Operating Company LLC (collectively, the "Debtors") and (ii) Ethypharm S.A.S. ("Defendant"). Hereinafter, the Trustee and Defendant are each referred to as a "Party" or collectively as the "Parties."

WHEREAS, on February 23, 2023, each of the Debtors filed a voluntary petition for relief under chapter 7, title 11 of the United States Code, 11 U.S.C. §§ 101–1532 as amended, ("Bankruptcy Code") in the United States Bankruptcy Court for the District of Delaware ("Bankruptcy Court"), and are jointly administered under the bankruptcy case number 23-10253 (KBO) ("Chapter 7 Cases");

WHEREAS, Defendant filed proof of claim no. 368-1 in Case 23-10255-KBO, no. 341-1 in Case 23-10253-KBO, and claim no. 195-1 in Case 23-10254-KBO (collectively, the "Proofs of Claim"), each asserting the same right to payment in the liquidated amount of $603,077.70, with additional unliquidated amounts alleged;

WHEREAS, on February 11, 2025, a complaint styled *George L. Miller v. Ethypharm* ("Complaint") was filed in the Bankruptcy Court thereby commencing Adversary Case No. 25-50249 (KBO) ("Adversary Proceeding");

WHEREAS, in the Adversary Proceeding, the Trustee, on behalf of the Debtors' estates, asserted certain claims against Defendant for (i) the return of payments received by the Defendant pursuant to sections 547, 548 and 550 of the Bankruptcy Code and (ii) the disallowance of any claim that Defendant has filed or asserted against the Debtors in the Chapter 7 Cases pursuant to sections 502(d) and (j) of the Bankruptcy Code;

WHEREAS, in the Adversary Proceeding, the Trustee demanded the return of $1,234,564.53 from Defendant ("Claims");

WHEREAS, on September 22, 2025, Defendant filed its *Motion to Dismiss Adversary Complaint* [Adv. D.I. 5] and the *Opening Brief in Support of Ethypharm S.A.S.'s Motion to Dismiss Adversary Complaint* [Adv. D.I. 6] (collectively the "Motion to Dismiss");

WHEREAS, following good faith, arms' length negotiations, the Parties desire to resolve the Adversary Proceeding, the Claims, Proofs of Claim and all other disputes on the terms set forth herein, to avoid the cost and uncertainty of litigation.

## AGREEMENT

**NOW THEREFORE,** for good and valuable consideration, the sufficiency of which the Parties acknowledge, the Parties stipulate and agree that:

1. **Recitals.** All the foregoing recitals are incorporated into this Settlement Agreement as if fully set forth herein.

2. **Court Approval.** This Settlement Agreement, and the obligations of the Parties to perform hereunder, become effective only upon entry of a final and non-appealable order of the Bankruptcy Court approving the Settlement Agreement ("Approval Order"), the form and substance of which shall be reasonably acceptable to the Parties. Upon execution of the Settlement Agreement, the Trustee shall, through his counsel, promptly file an appropriate motion seeking entry of the Approval Order (the "Settlement Motion"), reasonably acceptable to the Parties, which Settlement Motion shall be noticed for the omnibus hearing set for December 19, 2025 (the "December 19th Hearing").

3. **Settlement Payment.** Within three (3) business days of entry of the Approval Order, Defendant shall pay a total sum of three hundred and fifty thousand U.S. dollars ($350,000.00) ("Settlement Payment") to the Trustee by company check, bank check, or cashier's check made payable to "George L. Miller, Trustee or Akorn Holding Company LLC, et al." and sent to the attention of George L. Miller, Chapter 7 Trustee, c/o Miller Coffey Tate LLP, 1628 John F. Kennedy Blvd., Suite 950, Philadelphia, PA 19103, or by wire transfer (wire instructions to be sent separately upon request).

4. **Allowance of Proof of Claim and Section 502(h) Claim.** Upon entry of the Approval Order and payment of the Settlement Payment, Defendant's Proofs of Claims shall be allowed as a single general unsecured claim in the amount of $953,077.70 in Case 23-10255-KBO, which is inclusive of amounts related to the Settlement Payment pursuant to section 502(h) of the Bankruptcy Code (the "Allowed Claim"). For the avoidance of doubt, Defendant's filed proof of claim no. 368-1 in Case 23-10255-KBO shall be treated as the Allowed Claim (as modified to $953,077.70 as set forth in this paragraph) and proof of claim no. 341-1 in Case 23-10253-KBO and proof of claim no. 195-1 in Case 23-10254-KBO shall be deemed disallowed and expunged. Upon entry of the Approval Order and payment of the Settlement Payment, Defendant waives all other rights to payment from the Debtors, excepting distributions on account of the Allowed Claim. Defendant agrees to execute any and all documents needed and requested by the Trustee to effectuate these transactions.

5. **Payment of Allowed Claim.** The Trustee shall include the Allowed Claim in the Trustee's motion for an order authorizing a third distribution to holders of unsecured claims (the "Third Distribution Motion"), thereby entitling Defendant to its interim distribution of 19.2%[1] of the Allowed Claim (the "Distribution Payment"). The Third Distribution Motion will also be noticed for the December 19th Hearing. The Distribution Payment shall be due to Defendant three (3) business days after the later of (i) an order approving the Third Distribution Motion ("Distribution Order") or (ii) the Estate's receipt of the Settlement Payment. For the avoidance of

---

[1] This is the same interim treatment provided to other allowed unsecured claims in these cases. *See* D.I. 1000, 1448.

doubt, the Estate shall not be obligated to make the Distribution Payment prior to entry of the Approval Order and receipt of the Settlement Payment.

6. **Extension of Adversary Proceeding Deadlines.** Upon the execution of this Settlement Agreement, Defendant shall agree to the extension of all applicable deadlines, including all briefing on the Motion to Dismiss in the Adversary Proceeding pending entry of the Approval Order. In the event that the Approval Order is not entered, all applicable deadlines in the Adversary Proceeding shall be reinstated; provided, however, that the Trustee shall have until the later of (i) December 22, 2025 and (ii) two (2) business days after entry of an order denying the Settlement Motion to file responsive briefing on the Motion to Dismiss.

7. **Dismissal of Adversary Proceeding.** Within five (5) business days of receipt of the entry of the Approval Order and payment of the Settlement Payment, the Trustee will dismiss the Adversary Proceeding with prejudice, subject to the terms of this Settlement Agreement, and without costs other than as set forth herein.

8. **No Admission of Liability.** The Parties each acknowledge that the settlement of the Claims constitutes a resolution of the Parties' disputes regarding the Adversary Proceeding, the Claims and the Proofs of Claim, and that nothing contained in this Settlement Agreement is a concession or admission of any liability or wrongdoing by either Party.

9. **Trustee's Release.** Effective immediately upon the entry of the Approval Order and payment of the Settlement Payment, the Trustee on behalf of himself, the Debtors and the Debtors' estates, and their respective successors and assigns, forever discharges Defendant, and all of Defendant's representatives, agents and professionals, and their respective successors and assigns, of and from any and all manners of action, causes of action, suits, debts, accounts, covenants, contracts, controversies, agreements, variances, damages, judgments, claims, demands, duties and obligations of any nature whatsoever, whether present or future, whether known or unknown, whether suspected or unsuspected, whether liquidated or unliquidated, whether matured or unmatured, which the Trustee, the Debtors, or the Debtors' estates, now have, or can, shall or may have at any time against Defendant in connection with the Adversary Proceeding, the Chapter 7 Cases, the Claims and the Proofs of Claim. This provision does not release Defendant from its obligations under this Settlement Agreement.

10. **Defendant's Release.** Effective immediately upon the entry of the Approval Order and payment of the Settlement Payment, Defendant, on behalf of itself and its successors and assigns, forever discharges (i) the Trustee and all of his representatives, agents and professionals, and their respective successors and assigns and (ii) the Debtors and the Debtors' estates, of and from any and all manner of actions, causes of action, suits, debts, accounts, covenants, contracts, controversies, agreements, variances, damages, judgments, claims, demands, duties and obligations of any nature whatsoever, whether present or future, whether known or unknown, whether suspected or unsuspected, whether liquidated or unliquidated, whether matured or unmatured, which Defendant, now has, or can, shall or may have at any time against the Trustee, the Debtors, or the Debtors' estates in connection with the Adversary Proceeding, the Chapter 7 Cases, the Claims and the Proofs of Claim. This provision does not release the Trustee from his obligations under this Settlement Agreement or, for the avoidance of doubt, with respect to any distributions to be made to Defendant pursuant to the Allowed Claim.

11. **No Assignment of Claim.** The Trustee represents and warrants that he has made no assignment of his rights in respect of the matters addressed herein and hereafter will make no assignment, of any claim, cause of action, right of action, or any other right released pursuant to the terms of this Settlement Agreement.

12. **Confidentiality.** The Parties agree that the negotiations leading to this Settlement Agreement have been and remain confidential. The Parties shall not disclose any statement made during negotiations except as may be necessary to obtain the Bankruptcy Court's approval of this Settlement Agreement, to prepare financial statements or tax returns, or to comply with applicable law or by valid order of a court of competent jurisdiction, including as may be required to comply with a Party's obligation to report transactions to appropriate governmental, taxing, or registering agencies.

13. **Fees and Costs.** Except as provided in this Settlement Agreement, the Parties shall each be responsible for their own attorneys' fees and costs arising from the Adversary Proceeding, including those associated with negotiation, preparation, and implementation of this Settlement Agreement.

14. **Terms and Conditions.** The Parties have each read the Settlement Agreement in its entirety and represent and warrant (a) that the Settlement Agreement, including each term and provision, as memorialized herein, has been explained to them by their legal counsel and (b) that each understands all of the terms, obligations, releases, and other provisions of the Settlement Agreement.

15. **Authority.** The Parties each represent and warrant that they are duly authorized to execute this Settlement Agreement and that each intends to be legally bound by all provisions of this Settlement Agreement; provided, however, that the Trustee's authorization is subject to Bankruptcy Court approval, and this Settlement Agreement shall become effective upon the Approval Order becoming effective.

16. **Execution.** This Settlement Agreement may be executed in one or more counterparts, including by PDF or facsimile, each of which shall be deemed an original, but all of which together shall constitute one and the same instrument.

17. **Entire Agreement.** This Settlement Agreement is a fully integrated agreement and constitutes the entire agreement and understanding between the Parties regarding the subject matter hereof. Each Party acknowledges that this Settlement Agreement controls over the Parties' prior discussions and negotiations.

18. **Modification.** Except as expressly set forth herein, this Settlement Agreement may not be amended except by a writing signed by all Parties.

19. **Conversion.** The Approval Order survives conversion of the Chapter 7 Cases to any other Chapter of the Bankruptcy Code.

20. **Jurisdiction.** The Parties acknowledge and agree that the Bankruptcy Court has jurisdiction over the Parties and the subject matter hereof to resolve all disputes arising from or related to the Claims and this Settlement Agreement.

21.     **Choice of Law.** This Settlement Agreement is governed by the laws of the State of Delaware and shall be construed and interpreted in accordance with its laws, notwithstanding its conflict of laws principles or any other rule or regulation that would result in the application of any other state's law.

22.     **Construction.** Each party represents and warrants that it has had an opportunity to fully review the provisions of this Settlement Agreement, as a result, the Parties hereto acknowledge and agree that (a) any rule of law that provides that ambiguities are to be construed against the drafting party shall not be employed in the interpretation of this Settlement Agreement; and (b) each party signing this Settlement Agreement is entering into this Settlement Agreement knowingly, voluntarily, and of his, her or its free will.

*[Signatures on the following page]*

**WHEREFORE**, the Parties execute this Settlement Agreement on the dates set forth below.

**GEORGE L. MILLER, CHAPTER 7 TRUSTEE**

By: *[signature]*     Date: 11/6/2025

George L. Miller

*Not individually but solely in his capacity as Chapter 7 trustee for the bankruptcy estates of Akorn Holding Company LLC, Akorn Intermediate Company LLC, and Akorn Operating Company LLC*

**ETHYPHARM S.A.S.**

By: _____     Date: _____

Denis Delval
*President & CEO*
*Ethypharm S.A.S.*

WHEREFORE, the Parties execute this Settlement Agreement on the dates set forth below.

**GEORGE L. MILLER, CHAPTER 7 TRUSTEE**

By: _____     Date: _____
George L. Miller
*Not individually but solely in his capacity as Chapter 7 trustee for the bankruptcy estates of Akorn Holding Company LLC, Akorn Intermediate Company LLC, and Akorn Operating Company LLC*

**ETHYPHARM S.A.S.**

By: _____     Date:  November 6, 2025
Denis Delval
*President & CEO*
*Ethypharm S.A.S.*

[Signature Page to Settlement Agreement]