EXHIBIT A

## SETTLEMENT AGREEMENT AND MUTUAL RELEASE

This settlement agreement and mutual release (the "Settlement Agreement" or "Agreement"), dated as of August 15, 2025, is made and entered into by and between: (i) George L. Miller, not individually, but solely in his capacity as chapter 7 trustee (the "Trustee") for the bankruptcy estates of Akorn Holding Company LLC, Akorn Intermediate Company LLC, and Akorn Operating Company LLC (collectively, the "Debtors") and (ii) The Hilsinger Company d/b/a Hilco Vision ("Defendant"). Hereinafter, the Trustee and Defendant are each referred to as a "Party" or collectively as the "Parties."

WHEREAS, on February 23, 2023, (the "Petition Date") each of the Debtors filed a voluntary petition for relief under chapter 7, title 11 of the United States Code, 11 U.S.C. §§ 101-1532 as amended, (the "Bankruptcy Code") in the United States Bankruptcy Court for the District of Delaware (the "Bankruptcy Court"), and are jointly administered under the bankruptcy case number 23-10253 (KBO) (the "Chapter 7 Cases");

WHEREAS, on or about the Petition Date, the Office of the United States Trustee (the "United States Trustee") appointed George L. Miller as the Trustee to the bankruptcy estate of each of the Debtors.

WHEREAS, before the Petition Date, the Debtors' business included developing, manufacturing, and marketing specialty pharmaceuticals, including prescription, consumer health, and animal health products.

WHEREAS, the Debtors were industry leaders in branded and generic products in alternate dosage forms such as ophthalmic, injectables, oral liquids, topicals, inhalants, and nasal sprays. The Debtors no longer operate their business, and Plaintiff is in the process of liquidating the Debtors' assets.

WHEREAS, prior to the Chapter 7 cases, the Debtors and the Defendant were parties to certain agreements ("Agreements") and had a course of dealing regarding the supply of the Debtor's products.

WHEREAS, Pursuant to said Agreements, the Debtors supplied products ordered by the Defendant and invoiced the Defendant for the same (each invoice a "Transaction", and collectively, the "Transactions").

WHEREAS, Trustee asserts that Defendant has not paid the full amount owed to the Debtors under said Agreements. Trustee further asserts that the total amount owed to the Debtors by the Defendant is $272,297.77.

WHEREAS, on February 21, 2025, an adversary proceeding styled *George L. Miller v. The Hilsinger Company d/b/a Hilco Vision.*, was filed in the Bankruptcy Court thereby commencing the adversary case number 25-50385 (KBO) (the "Adversary Proceeding");

WHEREAS, in the Adversary Proceeding, the Trustee, on behalf of the Debtors'

1

estates, asserted certain claims against Defendant, including for payment of goods sold and delivered, breach of contract, account stated, unjust enrichment, turnover of accounts receivable under sections 105(a) and 542 of the Bankruptcy Code, and disallowance of claims under section 502(d) of the Bankruptcy Code (the "Claims");

**WHEREAS,** the Adversary Proceeding demands the return of an aggregate amount of $272,297.77 from Defendant stemming from fourteen (14) invoices for products delivered by the Debtors (collectively, the "Invoices", and each, an "Invoice") dated December 20, 2022 – February 16, 2023.

**WHEREAS,** on April 29, 2025, the Defendant, in response to the Adversary Proceeding stated the affirmative defense of recoupment based on the fact that the Debtors issued two recalls for their products (the "Recalls") and Defendant's debt arose from Invoices for those Recalled Products, (the "Recalled Products") including, but not limited to, processing returns and destruction of Recalled Products remaining in inventory as directed by the Recalls.

**WHEREAS,** following good faith, arm's length negotiations, the Parties desire to resolve the Claims on the terms set forth herein, to avoid the cost and uncertainty of litigation.

**WHEREAS,** as reflected by the execution of this Agreement by the Trustee and The Hilsinger Company d/b/a Hilco Vision, the Parties wish to settle the issues existing between them without delay on the terms and conditions hereof; and

**NOW THEREFORE,** for good and valuable consideration, the sufficiency of which the Parties acknowledge, the Parties stipulate and agree that:

1.     **Recitals**. All the foregoing recitals are incorporated into this Settlement Agreement as if fully set forth herein.

2.     **Settlement**. Defendant shall pay a total sum of eighty-five thousand dollars ($85,000.00) (the "Settlement Payment") to the Trustee by company check, bank check, or cashier's check made payable to "George L. Miller, Trustee of Akorn Holding Company LLC, *et al.*" and sent to the attention of George L. Miller, Chapter 7 Trustee, c/o Miller Coffey Tate LLP, 1628 John F. Kennedy Blvd., Suite 950, Philadelphia, PA 19103, or by wire transfer. The Settlement Payment shall be delivered and paid to the Trustee within fifteen (15) days after the later of (a) entry of the Approval Order by the Bankruptcy Court; or (b) receipt of the Trustee's W-9.

3.     **Court Approval.** This Settlement Agreement, and the obligations of the Parties to perform hereunder, shall become effective only upon entry of a final and non-appealable order of the Bankruptcy Court approving the Settlement Agreement (the "Approval Order"). Upon execution of the Settlement Agreement, the Trustee shall, through his counsel, promptly file an appropriate motion seeking entry of the Approval Order. If the Bankruptcy Court does not approve this Agreement, the Trustee shall promptly return the Settlement Payment to Hilco.

4.     **No Admission of Liability.** The Parties each acknowledge that the settlement of the Claims constitutes a resolution of the Parties' disputes regarding the Claims, and that neither

2

the Settlement Payment (as defined above) to be made hereunder nor entry into or anything contained in this Settlement Agreement is a concession or admission of any liability or wrongdoing by either Party.

5. **Dismissal of Adversary Proceeding.** Within ten (10) business days of receipt of the Settlement Payment, the Trustee will dismiss the Adversary Proceeding with prejudice, subject to the terms of this Settlement Agreement.

6. **Third Party Representation.** Defendant represents and warrants that its agreement to pay the Settlement Payment is not, in any way, conditioned upon any returns, claims, or chargebacks by any third-party. For sake of clarity, Defendant's negotiations with any third- party will have no impact on Defendant's representations, warranties, and agreements set forth herein, and Defendant shall be entitled to retain any funds received from any third parties in connection with any returns, claims, or chargebacks.

7. **Trustee's Release.** Effective immediately upon the later of (i) the entry of the Approval Order and (ii) the Trustee's receipt of the Settlement Payment in good and sufficient funds, the Trustee on behalf of the Debtors and the Debtors' estates shall forever discharge Defendant and its officers, directors, employees, representatives, agents and professionals, and all of its respective successors and assigns, of and from any and all manner of actions, causes of action, suits, debts, accounts, covenants, contracts, controversies, agreements, variances, damages, judgments, claims, demands, duties and obligations of any nature whatsoever, whether present or future, whether known or unknown, whether suspected or unsuspected, whether liquidated or unliquidated, whether matured or unmatured, which the Trustee, the Debtors, or the Debtors' estates, now have, or can, shall or may have at any time against Defendant in connection with the Chapter 7 Cases. This provision does not release Defendant from its obligations under this Settlement Agreement.

8. **Defendant's Release.** Effective immediately upon the entry of the Approval Order, Defendant shall forever discharge (i) the Trustee and all of his representatives, agents and professionals, and their respective successors and assigns and (ii) the Debtors and the Debtors' estates, of and from any and all manner of actions, causes of action, suits, debts, accounts, covenants, contracts, controversies, agreements, variances, damages, judgments, claims, demands, duties and obligations of any nature whatsoever, whether present or future, whether known or unknown, whether suspected or unsuspected, whether liquidated or unliquidated, whether matured or unmatured, which Defendant, now has, or can, shall or may have at any time against the Trustee, the Debtors, or the Debtors' estates. With respect to the Claims specified herein, Defendant's releases include, but are not necessarily limited to the release and waiver of Defendant's proofs of claim filed against the Debtors' estates and any right(s) under Section 502(h) of the Bankruptcy Code to file a proof of claim (or to modify an existing proof of claim) seeking an allowed unsecured claim. equal to the Settlement Payment in the Chapter 7 Cases. This· provision does not release the Trustee from his obligations under this Settlement Agreement.

9. **Mutual Releases.** The mutual releases given hereunder are intended by the Parties to be full, final, and general releases. This Settlement Agreement covers both claims that either of the Parties know to exist as of the date of this Settlement Agreement, and any

3

claims or potential claims existing as of the date of this Settlement Agreement whether known or unknown.

10. **Null and Void.** In the event that the Trustee is required to return part or all of the Settlement Payment to Defendant or to any representative, agent, fiduciary, or creditor of Defendant in connection with a future bankruptcy or state insolvency proceeding concerning Defendant: (a) the Trustee's releases and waivers of Defendant will be null and void and without any legal effect, and all purportedly waived claims will be reinstated; (b) the full amount of the Settlement Payment shall be immediately due and owing to the Trustee; (c) the Trustee may pursue remedy by payment of the full amount of the Settlement Payment, together with interest thereon calculated at the judgment rate from the date of the execution of this Settlement Agreement, through any means permitted by applicable law, and attorneys' fees and costs against the Defendant; and (d) Defendant expressly reserves all rights, remedies, claims, and defenses against the Debtors' estates in connection with any such future bankruptcy or state insolvency proceeding.

11. **No Assignment of Claim.** The Trustee represents and warrants that he has made no assignment of his rights under the Adversary Proceeding, and hereafter will make no assignment, of any claim, cause of action, right of action, or any other right released pursuant to the terms of this Settlement Agreement.

12. **Confidentiality.** The Parties agree that the negotiations leading to this Settlement Agreement have been and remain confidential. The Parties shall not disclose any statement made during negotiations except as may be necessary to obtain the Bankruptcy Court's approval of this Settlement Agreement, to prepare financial statements or tax returns, or to comply with applicable law or by valid order of a court of competent jurisdiction, including as may be required to comply with a Party's obligation to report transactions to appropriate governmental, taxing, or registering agencies. If any Party or its representatives, directors, officers, shareholders, attorneys, insurers, employees, agents, subsidiaries, parents and related entities, predecessors, successors, or assigns receives an inquiry from the press or otherwise about this Settlement Agreement, such person shall respond that *"the matter has been resolved."*

13. **Fees and Costs.** Except as provided in this Settlement Agreement, the Parties shall each be responsible for their attorneys' fees and costs arising from the Adversary Proceeding including those associated with negotiation, preparation, and implementation of this Settlement Agreement.

14. **Terms and Conditions.** The Parties have each read the Settlement Agreement in its entirety and represent and warrant (a) that the Settlement Agreement, including each term and provision, as memorialized herein, has been explained to them by their legal counsel and (b) that each understands all the terms, obligations, releases, and other provisions of the Settlement Agreement.

15. **Authority.** The Parties each represent and warrant that they are duly authorized to execute this Settlement Agreement and that each intends to be legally bound by all provisions of this Settlement Agreement; provided, however, that the Trustee's authorization is subject to Bankruptcy Court approval, and this Settlement Agreement shall become effective upon the

Approval Order becoming effective.

16. **Execution.** This Settlement Agreement may be executed in one or more counterparts, including by PDF or facsimile, each of which shall be deemed an original, but all of which together shall constitute one and the same instrument.

17. **Entire Agreement.** This Settlement Agreement is a fully integrated agreement and constitutes the entire agreement and understanding between the Parties regarding the subject matter hereof. Each Party acknowledges that this Settlement Agreement controls and supersedes all of the Parties' prior discussions, agreements, communications or negotiations regarding the terms hereof.

18. **Modification.** Except as expressly set forth herein, this Settlement Agreement may not be amended except by a writing signed by all Parties.

19. **Conversion.** The Approval Order shall survive conversion of the Chapter 7 Cases to any other Chapter of the Bankruptcy Code.

20. **Jurisdiction.** The Parties acknowledge and agree that the Bankruptcy Court shall retain exclusive jurisdiction over the Parties and the subject matter hereof to resolve all disputes arising from or related to the Claims and this Settlement Agreement, including but not limited to any action to enforce this Agreement or interpret its terms. The Parties hereto irrevocably submit to the personal jurisdiction of the Bankruptcy Court for such purpose.

21. **Choice of Law.** This Settlement Agreement shall be governed by the laws of the State of Delaware and shall be construed and interpreted in accordance with its laws, notwithstanding its conflict of laws principles or any other rule or regulation that would result in the application of any other state's law.

22. **Construction.** Each party represents and warrants that it has had an opportunity to fully review the provisions of this Settlement Agreement, as a result, the Parties hereto acknowledge and agree that (a) any rule of law that provides that ambiguities are to be construed against the drafting party shall not be employed in the interpretation of this Settlement Agreement; (b) each party signing this Settlement Agreement is entering into this Settlement Agreement knowingly, voluntarily, and of his or its free will; (c) no promises or representation that are not contained in this Agreement have been made to induce either Party into executing such documents; and (d) neither has relied on any promise or representation except as set forth herein, and that it has conducted its own independent investigation of all matters it deems relevant regarding this Agreement.

**WHEREFORE** the Parties hereto, intending to be legally bound, have caused this Agreement to be duly executed as set forth below on this *9th* day of September, 2025.

AGREED TO BY:

**GEORGE L. MILLER, CHAPTER 7 TRUSTEE**


By: _____
George L. Miller, Chapter 7 Trustee



**THE HILSINGER COMPANY D/B/A
HILCO VISION.**

By: _____
Kari Coniglio
Attorney for the Defendant

AGREED TO BY:

**GEORGE L. MILLER, CHAPTER 7 TRUSTEE**

By: _____
George L. Miller, Chapter 7 Trustee


**THE HILSINGER COMPANY D/B/A
HILCO VISION.**


By: _____
Kari Coniglio
Attorney for the Defendant

6