**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re:<br><br>AKORN HOLDING COMPANY LLC, *et al.*[1]<br><br>Debtors. | Chapter 7<br><br>Case No. 23-10253 (KBO)<br>(Jointly Administered)<br><br>**Objection Deadline: 12/2/2025 at 4:00 p.m. (ET)**<br>**Hearing Date: 12/19/2025 at 10:00 a.m. (ET)** |

**FIFTH INTERIM (SECOND CONTINGENT) FEE APPLICATION OF SAUL EWING LLP, SPECIAL COUNSEL TO GEORGE L. MILLER, CHAPTER 7 TRUSTEE, FOR ALLOWANCE OF COMPENSATION AND REIMBURSEMENT OF EXPENSES FOR THE PERIOD FROM JULY 1, 2025 THROUGH OCTOBER 31, 2025**

| | |
|---|---|
| Name of Applicant: | Saul Ewing LLP |
| Authorized to Provide Professional Services to: | George L. Miller, Chapter 7 Trustee |
| Period for which compensation and reimbursement is sought | Start: July 1, 2025<br>End: October 31, 2025 |
| Total compensation sought this period | $672,364.55 |
| Total expenses sought this period | $30,252.65 |
| Petition dates | February 23, 2023 |
| Effective Date of retention | October 26, 2023 (Original Retention) and November 12, 2024 (Supplemental Retention) |
| Date of order approving employment | November 2, 2023 (Original Retention); December 13, 2024 (Supplemental Retention) |

This is an: ___ monthly      **X** interim      ___ final application.

---

[1] The Debtors in these chapter 7 cases, along with the last four digits of their federal tax identification numbers, and cases numbers are Akorn Holding Company LLC (9190), Case No. 23-10253 (KBO); Akorn Intermediate Company LLC (6123), Case No. 23-10254 (KBO); and Akorn Operating Company LLC (6184), Case No. 23- 10255. The Debtors' headquarters is located at 5605 CenterPoint Court, Gurnee, IL 60031.

Prior Applications:

| Date and Docket No. | Filing Period | Requested Fees | Requested Expenses | Approved Fees | Approved Expenses | Unapproved Fees/ Expenses | Order Date and Docket No. |
|---|---|---|---|---|---|---|---|
| 02/28/2024 D.I. 759 | 10/26/2023 through 12/31/2023 | $57,591.00 | $198.00 | $57,591.00 | $198.00 | $0.00 | 4/03/2024 D.I. 783 |
| 10/28/2024 D.I. 981 | 01/01/2024 Through 09/30/2024 | $435,231.50 | $5,776.40 | $435,231.50 | $5,776.40 | $0.00 | 11/05/2024 D.I. 985 |
| 04/01/2025 D.I. 1368 | 10/01/2024 Through 02/28/2025 | $262,665.90 | $4,086.79 | $262,665.90 | $4,086.79 | $0.00 | 04/17/2025 D.I. 1378 |
| 07/03/2025 D.I. 1432 | 11/12/2024 Through 06/30/2025 (First Contingent) | $431,509.82 | $102,035.24 | $431,509.82 | $102,035.24 | $0.00 | 07/22/2025 D.I. 1446 |
| | **TOTAL** | **$1,186,998.22** | **$112,096.43** | **$1,186,998.22** | **$112,096.43** | **$0.00** | |

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re:<br><br>AKORN HOLDING COMPANY LLC, *et al.*[1]<br><br>Debtors. | Chapter 7<br><br>Case No. 23-10253 (KBO)<br>(Jointly Administered)<br><br><u>Objection Deadline</u>: 12/2/2025 at 4:00 p.m. (ET)<br><u>Hearing Date</u>: 12/19/2025 at 10:00 a.m. (ET) |

**FIFTH INTERIM (SECOND CONTINGENT) FEE APPLICATION OF SAUL EWING LLP, SPECIAL COUNSEL TO GEORGE L. MILLER, CHAPTER 7 TRUSTEE, FOR ALLOWANCE OF COMPENSATION AND REIMBURSEMENT OF EXPENSES FOR THE PERIOD FROM JULY 1, 2025 THROUGH OCTOBER 31, 2025**

Saul Ewing LLP ("**Saul Ewing**" or "**Applicant**"), special counsel to George L. Miller, chapter 7 trustee (the "**Chapter 7 Trustee**") of the estates (the "**Estates**") of the above-captioned debtors (the "**Debtors**"), hereby submits its Fifth Interim (Second Contingent) Fee Application (the "**Fifth Interim (Second Contingent) Fee Application**") for allowance of compensation for professional services rendered and reimbursement of actual and necessary expenses incurred for the period July 1, 2025 Through October 31, 2025 (the "**Application Period**"). In support of this Application, Saul Ewing represents as follows:

**<u>Jurisdiction</u>**

1. The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference from the United States District Court for the District of Delaware*, dated February 29, 2012. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2). Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409. The statutory

---

[1] The Debtors in these chapter 7 cases, along with the last four digits of their federal tax identification numbers, and cases numbers are Akorn Holding Company LLC (9190), Case No. 23-10253 (KBO); Akorn Intermediate Company LLC (6123), Case No. 23-10254 (KBO); and Akorn Operating Company LLC (6184), Case No. 23- 10255. The Debtors' headquarters is located at 5605 CenterPoint Court, Gurnee, IL 60031.

3

bases for the relief requested herein is section 328 of the Bankruptcy Code.

## Background

2. On February 23, 2023 (the "**Petition Date**"), each of the Debtors filed a voluntary petition for relief under chapter 7 of the Bankruptcy Code (the "**Bankruptcy Cases**").

3. On or about the Petition Date, the Office of the United States Trustee (the "**UST**") appointed George L. Miller as the chapter 7 Trustee to the Estates of each of the Debtors.

4. On March 20, 2023, this Court entered the *Order Directing Joint Administration and Procedural Consolidation of Cases* [D.I. 42], directing procedural consolidation and joint administration of these Bankruptcy Cases.

## Retention of Saul Ewing

5. On November 2, 2023, this Court entered the *Order Granting Application of George L. Miller, Chapter 7 Trustee, for Authority to Employ and Retain Saul Ewing LLP as Special Counsel to Chapter 7 Trustee, Effective as of October 26, 2023* [D.I. 692].

6. Thereafter, Applicant's scope of employment was expanded. On December 13, 2024, this court entered the *Order (I) Authorizing the Expanded Scope of Employment and Retention of Saul Ewing LLP as Special Counsel to Chapter 7 Trustee, Effective as of November 12, 2024 and (II) Granting Related Relief* (the "**Supplemental Retention Order**") [D.I. 1011].

7. The Supplemental Retention Order provides for Applicant's employment to pursue Avoidance Actions on a contingency fee basis. A copy of the Supplemental Retention Order is attached hereto as **Exhibit A**. The Supplemental Retention Order provides that Saul Ewing's fees shall be subject only to the standard of review set forth in section 328 of the Bankruptcy Code, and shall not be subject to any other standard of review.

8. This is Applicant's fifth interim application and second interim application made pursuant to the Supplemental Retention Order and contingency fee agreement (the "**Second**

**Interim Application**") for allowance of compensation and reimbursement of expenses pursuant to the Bankruptcy Code, the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), and the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "**Local Rules**").

## Professional Services Rendered

9. The Applicant seeks interim approval of compensation for legal services rendered by Applicant solely on a contingency fee basis in the amount of $672,364.55, and reimbursement of certain expenses incurred by (or first billed by outside vendors to) Applicant in the amount of $30,252.65, for the period of July 1, 2025 Through October 31, 2025 (the "**Fee Period**"). A detailed summary and calculation of Applicant's contingency fee compensation for the Fee Period is attached hereto as **Exhibit B**.

10. The Applicant's employment under the Supplemental Retention Order became effective as of November 12, 2024. As allowed pursuant to the Supplemental Retention Order, Applicant was retained solely on a contingency fee basis to be paid (i) 30% for all gross collections obtained on cases settled after issuing a demand letter but prior to filing a Complaint, and (ii) 35% for any cases settled after filing a Complaint.[2] For these reasons and as authorized by the Supplemental Retention Order, there is no billing summary, or detailed invoice for Applicant's services. Applicant is simply requesting an Order approving the fees and expenses for collections on settled preference claims between July 1, 2025 and October 31, 2025, as authorized by the Supplemental Retention Order. *See, e.g., In re Merry-Go-Round Enterprises, Inc.*, 244 B.R. 327

---

[2] Saul Ewing also asserts that its engagement provides for entitlement to a fee based on the value of any claim waivers secured in the course of any avoidance action resolutions. As the final value of the claim waivers will not be known with certainty until these cases have moved closer to final administration and distribution, Saul Ewing is not seeking a fee on any claim waivers in this application, but intends to do so at the appropriate time.

(Bankr. D. Md. 2000) ("once a contingency fee agreement of a professional employed by the estate is properly preapproved under the Bankruptcy Code, the fee produced thereby is no longer subject to a lodestar analysis or an after-the-fact, de novo determination of reasonableness; rather, the only appropriate review is whether the terms and conditions of the contingent fee agreement have proved to be improvident because of subsequent developments not capable of being anticipated when the contingent fee agreement was approved.").

11.  Given that the nature of Applicant's fee structure is contingency based, all compensation for Applicant's services is determined based on a pre-determined percentage of collections received as a result of Applicant's services. Therefore, the amount of time Applicant expends on any one avoidance action has no bearing on Applicant's fee, and the same fee will be earned regardless of the amount of time Applicant expends on a given matter. Due to the contingency-based nature of Applicant's fee structure, Applicant does not typically track in detail the amount of time its attorneys and paralegals expend on a given contingency file. While such information could be generated if needed, Applicant submits that such requirements would be unnecessarily burdensome in comparison to the benefit of disclosure, as the amount of time Applicant expends on a given contingency file has no relation to Applicant's earned fee. Importantly, the Supplemental Retention Order expressly excuses Applicant from submitting these types of detailed time records. *See* Supplemental Retention Order, ¶5.

12.  Between July 1, 2025 and October 31, 2025, Applicant performed professional services, and incurred actual and necessary expenses, in furtherance of its employment purpose, including but not limited to:

  a. Negotiating with counsel for the recipients of demand letters and complaints;
  b. Legal research and analysis regarding defenses raised by recipients of potentially avoidable transfers; and

      c. Issue and respond to discovery in connection with avoidance actions;

      d. Prepare and file notices of settlement or dismissal and motions for settlement under Bankruptcy Rule 9019;

      e. Recovering $1,921,048.58 in potentially avoidable transfers as of October 31, 2025.

13. Attached hereto as **Exhibit C** is a description of the costs actually expended by the Applicant in the performance of services rendered as special counsel to the Chapter 7 Trustee during the Application Period. The costs for which reimbursement is requested total $30,252.65. The breakdown of costs includes the rate for copying charges ($.10/page) and the basis for each rate, facsimile charges ($.25/page – outgoing transmission only), legal research, courier services, professional services, filing fees and outside reproduction. By this Application, the Applicant does not seek expenses for incoming facsimile transmissions.

14. Furthermore, Saul Ewing maintains flat fee contracts with both Westlaw and Lexis. As a general matter, and in the present case, Saul Ewing charges all clients (bankruptcy and non-bankruptcy) on whose behalf legal research is undertaken the amounts that Westlaw and Lexis charge to regular users (i.e. users that do not maintain flat fee contracts) on a basis that is tied to the actual length of usage for each research session; however, Saul Ewing then applies a 50% discount to the amounts charged to its clients. In applying such discounted charges to its clients, Saul Ewing passes the benefits of the flat fee arrangement on to its clients while also maintaining a revenue neutral arrangement under its contracts with Westlaw and Lexis; specifically, Saul Ewing does not derive a profit from such legal research charges.

15. To be clear, some of the costs sought for reimbursement in this Application are general costs incurred in the Application Period and not necessarily attributable to the particular settled matters referenced on **Exhibit B**. The overwhelming majority of the costs, for instance, are attributable to the process of serving non-domestic defendants consistent with international

law, either through the Hague Convention or analogous procedures, depending on the nationality of the defendant entity in question. Per the terms of the Supplemental Retention Order and Saul Ewing's Engagement Letter ("**Engagement Letter**") attached as Annex 1 thereto, Saul Ewing is entitled to reimbursement of costs regardless of the outcome of any avoidance actions.[3]

16. Applicant believes that the requested compensation is not improper because there have been no subsequent developments that were not anticipated when the contingent fee agreement was approved. The settlements set forth in **Exhibit B** have been approved by the Court pursuant to the *Order Approving Settlements of Avoidance Claims Listed on Chapter 7 Trustees Fifth Notice of Settlement Pursuant to The Settlement Procedures Order* [D.I. 1461], *Order Approving Settlements of Avoidance Claims Listed on Chapter 7 Trustee's Sixth Notice of Settlement Pursuant to the Settlement Procedures Order* [D.I. 1471], *Order Approving Settlements of Avoidance Claims Listed on Chapter 7 Trustee's Seventh Notice of Settlement Pursuant to the Settlement Procedures Order* [D.I. 1483], *Order Approving Settlements of Avoidance Claims Listed on Chapter 7 Trustee's Eighth Notice of Settlement Pursuant to the Settlement Procedures Order* [D.I. 1502], *Order Approving the Settlement Between the Trustee and Teva API Inc.* [D.I. 1462], *Order Approving the Settlement Between the Trustee and Mikart, LLC* [D.I. 1463], and *Order Approving the Settlement Between the Trustee and Siegfried USA, Inc., Between the Trustee and Aptar Pharma, and Between the Trustee and Leadiant Biosciences Inc.* [D.I. 1489]. The total settlement value to the Estate in those orders (exclusive of claims waivers) is $1,921,041.58.

---

[3] *See* Engagement Letter, pp. 3-4 ("Regardless of the outcome of any of the Avoidance Actions, [the Estate] will be responsible for any and all out-of-pocket costs and expenses incurred by [Saul Ewing] in connection with the analysis, prosecution, and resolution of the Avoidance Actions. Such costs and expenses may include, but are not limited to, copying, faxing, postage, long-distance telephone charges, messenger services, computerized legal research, document management fees, court reporters' fees, filing and service fees, witness and expert witness fees, travel and lodging expenses, and any other cost or expense incurred by the Firm in connection with the Avoidance Actions. Some of these costs, such as duplicating, messenger service, and computerized legal research include a reasonable overhead charge.").

17.    Attached hereto as **Exhibit D** is a Certification of Applicant with respect to the compensation requested.

## Compensation Should Be Allowed

18.    The foregoing services in the total amount of $702,617.20 of fees and expenses provided by Saul Ewing on behalf of the Chapter 7 Trustee during the Application Period were necessary and appropriate in connection with the administration of these Bankruptcy Cases. The Applicant's contingency fee structure was previously approved by this Court and the fees requested herein are consistent with that approved fee structure. Accordingly, the Applicant submits that approval of the compensation and expenses sought herein is warranted.

19.    Saul Ewing has reviewed the requirements of Del. Bankr. L.R. 2016-2 and believes that this Application complies with the such requirements.

WHEREFORE, Saul Ewing hereby respectfully requests (i) interim allowance of compensation for Saul Ewing's duly authorized, necessary and valuable services to the Chapter 7 Trustee during the Fee Period in the total amount of $672,364.55; (ii) reimbursement of reasonable and necessary expenses incurred during the Fee Period in the total sum of $30,252.65; and (iii) such other and further relief as the Court deems just and proper.

Dated:  November 18, 2025              **SAUL EWING LLP**

                                       */s/ Evan T. Miller*
                                       Evan T. Miller (No. 5364)
                                       1201 N. Market Street, Suite 2300
                                       Wilmington, DE 19801
                                       Telephone:  (302) 421-6800
                                       evan.miller@saul.com

                                       *Special Counsel to the Chapter 7 Trustee*