## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>AKORN HOLDING COMPANY LLC, *et al.*,[1]<br><br>Debtors. | Chapter 7<br><br>Case No. 23-10253 (KBO)<br>(Jointly Administered)<br><br>**Objection Deadline: 12/18/2025 at 4:00 PM (E.T.)**<br>**Hearing Date: 1/23/2026 at 10:00 AM (E.T.)** |
| GEORGE MILLER, Chapter 7 Trustee of the bankruptcy estates of Akorn Holding Company LLC, *et al.*,<br><br>Plaintiff,<br><br>v.<br><br>MEDLINE INDUSTRIES, INC.,<br><br>Defendant. | Adv. Proc. No. 25-50900 (KBO) |

### MOTION OF THE CHAPTER 7 TRUSTEE FOR ENTRY OF AN ORDER APPROVING THE SETTLEMENT AND COMPROMISE OF ADVERSARY PROCEEDING AGAINST MEDLINE INDUSTRIES, INC.

George L. Miller, the chapter 7 trustee (the "Trustee") in the above-captioned chapter 7 cases (the "Chapter 7 Cases") for the bankruptcy estates of Akorn Holding Company LLC, Akorn Intermediate Company LLC and Akorn Operating Company LLC (collectively, the "Debtors"), hereby moves (the "Motion") the Court pursuant to section 105 of title 11 of the United States Code, §§ 101-1532, as amended (the "Bankruptcy Code") and Rule 9019 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), for entry of an order, substantially in the form

---

[1] The Debtors in the chapter 7 cases, along with the last four digits of each Debtor's federal tax identification number, are Akorn Holding Company LLC (9190), Akorn Intermediate Company LLC (6123), and Akorn Operating Company LLC (6184). The Debtors' headquarters was located at 5605 CenterPoint Court, Gurnee, Illinois 60031.

attached hereto as **Exhibit A** (the "Proposed Order"), (i) approving the settlement with Medline Industries, Inc. ("Defendant") and authorizing the Trustee to enter the settlement agreement with Defendant (the "Settlement Agreement") attached hereto as **Exhibit B**, and (ii) granting such other relief as may be just and proper.  In support of this Motion, the Trustee states respectfully as follows:

## JURISDICTION

1.      The United States Bankruptcy Court for the District of Delaware (the "Court") has jurisdiction over this Motion pursuant to 28 U.S.C. §§ 157 and 1334(b) and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware dated as of February 29, 2012.

2.      This is a core proceeding pursuant to 28 U.S.C. § 157(b), and pursuant to Rule 9013-1(f) of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules"), the Trustee consents to the entry of a final order by the Court in connection with this Motion to the extent that it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution.

3.      Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

4.      The bases for the relief requested herein are section 105 of the Bankruptcy Code and Bankruptcy Rule 9019.

## BACKGROUND

**A.      General Background**

1.      On February 23, 2023 (the "Petition Date"), each of the Debtors, Akorn Holding Company LLC, Case No. 23-10253; Akorn Intermediate Company LLC, Case No. 23-10254 and

Akorn Operating Company, LLC, Case No. 23-10255 filed voluntary petitions in the Bankruptcy Court for relief under Chapter 7 of Title 11 of the Bankruptcy Code, commencing the Chapter 7 Cases. The Chapter 7 Cases are being jointly administered.

2.　　　On or about the Petition Date, the Office of the United States Trustee appointed the Trustee as the trustee to the bankruptcy estates of each of the Debtors.

3.　　　Prior to the Petition Date, the Debtors' businesses included developing, manufacturing, and marketing specialty pharmaceuticals, including prescription, consumer health, and animal health products. The Debtors were an industry leader in branded and generic products in alternate dosage forms such as ophthalmic, injectables, oral liquids, topicals, inhalants, and nasal sprays.

4.　　　The Debtors operated at numerous locations in the United States and were headquartered in Gurnee, Illinois. The Debtors' operations in the United States have all ceased.

5.　　　Since the date of his appointment, the Trustee and his professionals have been investigating and marshalling the Debtors' assets, including unpaid amounts owed to the Debtors under prepetition contracts and transfers made during the prepetition preference period.

6.　　　Based upon that investigation, the Trustee filed an adversary proceeding on May 6, 2025, styled *George Miller, Chapter 7 Trustee of the bankruptcy estates of Akorn Holding Company, LLC, et al. v. Medline Industries, Inc.*, in the Bankruptcy Court, commencing the adversary case number 25-50900 (KBO) (the "Adversary Proceeding").

7.　　　Pursuant to the complaint filed above in the Adversary Proceeding, the Trustee, on behalf of the Debtors' estates, asserted claims for payment of goods sold and delivered, breach of contract, account stated, and unjust enrichment against the Defendant. Through the Adversary Proceeding, the Trustee demanded payment as noted above on account of prepetition

pharmaceutical products supplied by the Debtors to the Defendant for which the Debtors had not been paid as of the Petition Date.

**B.      Summary of the Settlement Agreement**

8.      The terms of the settlement between the Trustee and Defendant are embodied in the Settlement Agreement attached hereto as **Exhibit B**.  Under the Settlement Agreement, which was the result of good-faith discussions and arms' length negotiations among the parties, Defendant has agreed to pay an $11,000.00 settlement.

9.      The key terms of the Settlement Agreement[2] are as follows:

a.      Defendant will pay $11,000.00 to the Trustee within twenty-one (21) business days of the entry of an order approving this Motion;

b.      Within ten (10) business days of receiving payment, the Trustee will dismiss the Adversary Proceeding with prejudice; and

c.      The Trustee and Defendant will provide mutual releases of all claims and causes of action, known or unknown.

**C.      Trustee's Business Judgment**

10.      The Settlement Agreements represent a substantial benefit to the bankruptcy estates while avoiding the costs and uncertainty associated with litigation.

11.      The Trustee on behalf of the bankruptcy estates will receive $11,000.00 from this settlement.  The Trustee and his professionals (i) investigated the claims asserted in the Complaint; (2) thereafter, Defendant worked with Trustee's counsel to provide documents and information supporting any partial payments or defenses and/or to negotiate a resolution; and (3) the Trustee and the Defendant entered into the Settlement Agreement to resolve the claims.  The Settlement Agreement is a good faith exercise of the Trustee's business judgment and should be approved.

---

[2]      This summary of key terms is provided for convenience; in the event of any conflict between the Motion and Settlement Agreement, the Settlement Agreement will control.

**RELIEF REQUESTED**

12.     Pursuant to section 105(a) of the Bankruptcy Code and Bankruptcy Rule 9019, the

Trustee seeks entry of an order substantially in the form attached hereto as **Exhibit A**: (i) approving

the Settlement Agreement, and (ii) granting such other relief as may be just and proper.

**BASIS FOR RELIEF**

13.     Section 105(a) of the Bankruptcy Code allows a court to "issue any order, process,

or judgment that is necessary or appropriate to carry out the provisions of [the Bankruptcy Code]."

11 U.S.C. § 105(a).  Bankruptcy Rule 9019 provides:

> On motion of the trustee, after notice and a hearing, the court may
> approve a compromise or settlement.  Notice shall be given to
> creditors, the United States trustee, the debtor and indenture trustees
> as provided in Rule 2002 and to any other entity as the court may
> direct.

Fed. R. Bankr. P. 9019(a).

14.     When reviewing settlements under Bankruptcy Rule 9019, the court generally

defers to the Trustee's business judgment.  "[U]nder normal circumstances the court would defer

to the trustee's judgment so long as there is a legitimate business justification [for the settlement]."

*In re Martin*, 91 F.3d 389, 395 (3d Cir. 1996).

15.     The Third Circuit has emphasized that "[c]ompromises are favored in bankruptcy."

*Id.* at 393 (quoting Collier on Bankruptcy ¶ 9019.03[1] (15th ed. 1993)); *see also In re World*

*Health Alternatives, Inc.*, 344 B.R. 291, 296 (Bankr. D. Del. 2006) (finding settlements "generally

favored in bankruptcy").  Courts in this District also have recognized that the approval of a

proposed compromise and settlement is committed to the sound discretion of the bankruptcy court.

*See, e.g.*, *In re Coram Healthcare Corp.*, 315 B.R. 321, 329 (Bankr. D. Del. 2004).

16.     Pursuant to Bankruptcy Rule 9019(a), the Court may, after appropriate notice and

a hearing, approve a compromise or settlement so long as the proposed settlement is fair,

reasonable, and equitable. *See In re Key3Media Grp., Inc.*, 336 B.R. 87, 92 (Bankr. D. Del. 2005) (noting that "the bankruptcy court has a duty to make an informed, independent judgment that the compromise is fair and equitable."). The court need not be convinced that the settlement is the best possible compromise in order to approve it. *Coram Healthcare Corp.*, 315 B.R. at 330. Rather, the court's obligation is to "canvass the issues and see whether the settlement falls below the lowest point in a range of reasonableness." *Travelers Cas. & Sur. Co. v. Future Claimants Representative*, No. 07-2785, 2008 WL 821088, at \*5 (D.N.J. Mar. 25, 2008) (citing *Matter of Jasmine, Ltd.*, 285 B.R. 119 (D.N.J. 2000)).

17.    In determining whether a settlement is fair and equitable, the Third Circuit has adopted a balancing test, under which a bankruptcy court should decide whether to approve a particular compromise or settlement. The factors of the balancing test are: "(1) the probability of success in litigation; (2) the likely difficulties in collection; (3) the complexity of the litigation involved, and the expense, inconvenience and delay necessarily attending it; and (4) the paramount interest of the creditors." *In re Martin*, 91 F.3d at 393.

18.    The Trustee respectfully submits that the Settlement Agreement satisfies the requirements of Bankruptcy Rule 9019. The Settlement Agreement allows the Trustee to resolve costly litigation and potential liability while preserving its limited resources for, among other things, the payment of creditors, professionals and administrative expenses. Although the Trustee relinquishes his rights to pursue the claims against Defendant as part of the Settlement Agreement, there is unlikely to be a materially better result from litigating the Adversary Proceeding.

19.    The only certainty if litigation is to continue in this matter is the accrual of more legal fees and further diminishing the resources of the Trustee. Therefore, taking into consideration the time, cost, expense and complexity of litigation, the Trustee has determined that

the Settlement Agreement is fair, reasonable and appropriate as the Settlement Agreement will help avoid costs and delay, and bring finality and certainty to the Adversary Proceeding—while recovering $11,000.00 for the claims against the Defendant.

20.    Based upon the foregoing, the compromise embodied in the Settlement Agreement do not "fall below the lowest point in the range of reasonableness." *Integrated Health*, 2001 WL 1820426, at *2 (*quoting Cosoff v. Rodman (In re WW.T. Grant Co.*), 699 F.2d 599, 608 (2d Cir. 1983)). The Settlement Agreement is the result of substantial good faith, arm's-length negotiations between the Trustee and the Defendant and constitutes a reasonable exercise of the Trustee's business judgment. Accordingly, this Court should exercise its discretion and approve the Settlement Agreement.

**WHEREFORE**, for the reasons set forth above, the Trustee respectfully requests that the Court enter an order, substantially in the form attached hereto as **Exhibit A**, (i) approving the Settlement Agreement, and (ii) granting such other relief as may be just and proper.

Dated: December 4, 2025
Wilmington, Delaware

**SAUL EWING LLP**

*/s/ Evan T. Miller*
Evan T. Miller (DE Bar No. 5364)
Paige N. Topper (DE Bar No. 6470)
1201 N. Market Street, Suite 2300
Wilmington, DE 19801
Telephone: (302) 421-6800
evan.miller@saul.com
paige.topper@saul.com

*Special Counsel to the Chapter 7 Trustee*