# EXHIBIT B

**Settlement Agreement**

## SETTLEMENT AGREEMENT AND MUTUAL RELEASE

This settlement agreement and mutual release ("Settlement Agreement") is made and entered into by and between: (i) George L. Miller, not individually, but solely in his capacity as chapter 7 trustee ("Trustee") for the bankruptcy estates of Akorn Holding Company LLC, Akorn Intermediate Company LLC, and Akorn Operating Company LLC (collectively, the "Debtors") and (ii) Whelan Security Co. d/b/a GardaWorld Security Services ("Defendant"). Hereinafter, the Trustee and Defendant are each referred to as a "Party" or collectively as the "Parties."

WHEREAS, on February 23, 2023, each of the Debtors filed a voluntary petition for relief under chapter 7, title 11 of the United States Code, 11 U.S.C. §§ 101–1532 as amended, ("Bankruptcy Code") in the United States Bankruptcy Court for the District of Delaware ("Bankruptcy Court"), and are jointly administered under the bankruptcy case number 23-10253 (KBO) ("Chapter 7 Cases");

WHEREAS, on February 10, 2025, a complaint styled *George L. Miller v. Gardaworld Security Services* ("Complaint") was filed in the Bankruptcy Court thereby commencing Adversary Case No. 25-50097 (KBO) ("Adversary Proceeding");

WHEREAS, in the Adversary Proceeding, the Trustee, on behalf of the Debtors' estates, asserted certain claims against Defendant for (i) the return of payments received by the Defendant pursuant to sections 547, 548 and 550 of the Bankruptcy Code and (ii) the disallowance of any claim that Defendant has filed or asserted against the Debtors in the Chapter 7 Cases pursuant to sections 502(d) and (j) of the Bankruptcy Code;

WHEREAS, in the Adversary Proceeding, the Trustee demanded the return of $662,034.63 from Defendant ("Claims");

WHEREAS, Defendant contested the Claims and asserted numerous good faith defenses to any alleged liability; and

WHEREAS, following good faith, arms' length negotiations, the Parties desire to resolve the Claims, Proof of Claim and all other disputes on the terms set forth herein, to avoid the cost and uncertainty of litigation.

## AGREEMENT

NOW THEREFORE, for good and valuable consideration, the sufficiency of which the Parties acknowledge, the Parties stipulate and agree that:

1. **Recitals.** All the foregoing recitals are incorporated into this Settlement Agreement as if fully set forth herein.

2. **Court Approval.** This Settlement Agreement, and the obligations of the Parties to perform hereunder, shall become effective only upon entry of a final and non-appealable order of the Bankruptcy Court approving the Settlement Agreement ("Approval Order"). Upon execution of the Settlement Agreement, the Trustee shall, through his counsel, promptly file an appropriate

motion seeking entry of the Approval Order. Upon entry of the Approval Order, Defendant shall promptly make the Settlement Payment (as defined below).

3. **Settlement Payment.** Upon entry of the Approval Order, Defendant shall promptly pay a total sum of fifty thousand dollars ($50,000.00) ("Settlement Payment") to the Trustee by company check, bank check, or cashier's check made payable to "George L. Miller, Trustee or Akorn Holding Company LLC, et al." and sent to the attention of George L. Miller, Chapter 7 Trustee, c/o Miller Coffey Tate LLP, 1628 John F. Kennedy Blvd., Suite 950, Philadelphia, PA 19103, or by wire transfer (wire instructions to be sent separately upon request).

4. **Waiver of 502(h) Claim.** As part of the Settlement Agreement, Defendant waives its right(s) under Section 502(h) of the Bankruptcy Code to file a proof of claim (or to modify an existing proof of claim) for the Settlement Payment.

5. **Dismissal of Adversary Proceeding**. Within ten (10) business days of receipt of the entry of the Approval Order and payment of the Settlement Payment, the Trustee shall dismiss the Adversary Proceeding with prejudice, subject to the terms of this Settlement Agreement, and without costs other than as set forth herein.

6. **No Admission of Liability.** The Parties each acknowledge that the settlement of the Claims constitutes a resolution of the Parties' disputes regarding the Claims, and that nothing contained in this Settlement Agreement is a concession or admission of any liability or wrongdoing by either Party.

7. **Trustee's Release.** Effective immediately upon the entry of the Approval Order and payment of the Settlement Payment, the Trustee on behalf of the Debtors and the Debtors' estates, and their successors and assigns, shall forever discharge Defendant and its employees, directors, officers, insurers, and attorneys, of and from any and all manners of action, causes of action, suits, debts, accounts, covenants, contracts, controversies, agreements, variances, damages, judgments, claims, demands, duties and obligations of any nature whatsoever, whether present or future, whether known or unknown, whether suspected or unsuspected, whether liquidated or unliquidated, whether matured or unmatured, which the Trustee, the Debtors, or the Debtors' estates, now have, or can, shall or may have at any time against Defendant in connection with the Claims. This provision does not release Defendant from its obligations under this Settlement Agreement.

8. **Defendant's Release.** Effective immediately upon the entry of the Approval Order and payment of the Settlement Payment, Defendant, on behalf of itself and its successors and assigns, shall forever discharge (i) the Trustee and all of his representatives, agents and professionals, and their respective successors and assigns and (ii) the Debtors and the Debtors' estates, of and from any and all manner of actions, causes of action, suits, debts, accounts, covenants, contracts, controversies, agreements, variances, damages, judgments, claims, demands, duties and obligations of any nature whatsoever, whether present or future, whether known or unknown, whether suspected or unsuspected, whether liquidated or unliquidated, whether matured or unmatured, which Defendant, now has, or can, shall or may have at any time against the Trustee, the Debtors, or the Debtors' estates in connection with the Claims. This provision does not release

the Trustee from his obligations under this Settlement Agreement or, for the avoidance of doubt, on account of any filed proof of claim.

9. **Null and Void.** In the event that the Trustee is required, pursuant to a final order of a court of competent jurisdiction, to return all or part of the Settlement Payment to Defendant or to any representative, agent, fiduciary, or creditor of Defendant in connection with a future bankruptcy or state insolvency proceeding concerning Defendant, or for any other reason whatsoever, then: (a) the Trustee shall have an independent, contractual right to payment from Defendant in an amount equal to the net portion of the Settlement Payment actually returned or disgorged by the Trustee (the "Disgorged Amount"); and (b) interest on the Disgorged Amount shall accrue at the applicable judgment rate from and after the date on which the Trustee actually returns or disgorges such Disgorged Amount, and the Trustee may pursue recovery of the Disgorged Amount together with such interest, and reasonable costs of enforcement, through any means permitted by applicable law. For the avoidance of doubt, (i) in no event shall the Trustee be entitled to recover more than the Disgorged Amount plus interest as provided in this Section 9, and recovery of the Disgorged Amount shall not be duplicative or punitive, and (ii) the releases and waivers set forth in Sections 7 and 8 shall remain in full force and effect and shall not be otherwise affected by any such disgorgement or return described in this Section 9. The Parties shall promptly notify one another in writing of any demand or proceeding seeking the return of any portion of the Settlement Payment and shall cooperate in good faith in connection with contesting such demand or proceeding.

10. **No Assignment of Claim.** The Trustee represents and warrants that he has made no assignment of his rights under the Adversary Proceeding, and hereafter will make no assignment, of any claim, cause of action, right of action, or any other right released pursuant to the terms of this Settlement Agreement.

11. **Confidentiality.** The Parties agree that the negotiations leading to this Settlement Agreement have been and remain confidential. The Parties shall not disclose any statement made during negotiations except as may be necessary to obtain the Bankruptcy Court's approval of this Settlement Agreement, to prepare financial statements or tax returns, or to comply with applicable law or by valid order of a court of competent jurisdiction, including as may be required to comply with a Party's obligation to report transactions to appropriate governmental, taxing, or registering agencies. If any Party or its representatives, directors, officers, shareholders, attorneys, insurers, employees, agents, subsidiaries, parents and related entities, predecessors, successors, or assigns receives an inquiry from the press or otherwise about this Settlement Agreement, such person shall respond that "*the matter has been resolved.*"

12. **Fees and Costs.** Except as provided in this Settlement Agreement, the Parties shall each be responsible for their own attorneys' fees and costs arising from the Adversary Proceeding, including those associated with negotiation, preparation, and implementation of this Settlement Agreement.

13. **Terms and Conditions.** The Parties have each read the Settlement Agreement in its entirety and represent and warrant (a) that the Settlement Agreement, including each term and provision, as memorialized herein, has been explained to them by their legal counsel and (b) that

each understands all of the terms, obligations, releases, and other provisions of the Settlement Agreement.

14. **Authority.** The Parties each represent and warrant that they are duly authorized to execute this Settlement Agreement and that each intends to be legally bound by all provisions of this Settlement Agreement; provided, however, that the Trustee's authorization is subject to Bankruptcy Court approval, and this Settlement Agreement shall become effective upon the Approval Order becoming effective.

15. **Execution.** This Settlement Agreement may be executed in one or more counterparts, including by PDF or facsimile, each of which shall be deemed an original, but all of which together shall constitute one and the same instrument.

16. **Entire Agreement.** This Settlement Agreement is a fully integrated agreement and constitutes the entire agreement and understanding between the Parties regarding the subject matter hereof. Each Party acknowledges that this Settlement Agreement controls over the Parties' prior discussions and negotiations.

17. **Modification.** Except as expressly set forth herein, this Settlement Agreement may not be amended except by a writing signed by all Parties.

18. **Conversion.** The Approval Order shall survive conversion of the Chapter 7 Cases to any other Chapter of the Bankruptcy Code.

19. **Jurisdiction.** The Parties acknowledge and agree that the Bankruptcy Court shall have jurisdiction over the Parties and the subject matter hereof to resolve all disputes arising from or related to the Claims and this Settlement Agreement.

20. **Choice of Law.** This Settlement Agreement shall be governed by the laws of the State of Delaware and shall be construed and interpreted in accordance with its laws, notwithstanding its conflict of laws principles or any other rule or regulation that would result in the application of any other state's law.

21. **Construction.** Each party represents and warrants that it has had an opportunity to fully review the provisions of this Settlement Agreement, as a result, the Parties hereto acknowledge and agree that (a) any rule of law that provides that ambiguities are to be construed against the drafting party shall not be employed in the interpretation of this Settlement Agreement; and (b) each party signing this Settlement Agreement is entering into this Settlement Agreement knowingly, voluntarily, and of his, her or its free will.

*[Signatures on the following page]*

**WHEREFORE**, the Parties execute this Settlement Agreement this 3rd day of ~~November~~ December, 2025.

**GEORGE L. MILLER, CHAPTER 7 TRUSTEE**

By: /s/ George L. Miller
George L. Miller
*Not individually but solely in his capacity as Chapter 7 trustee for the bankruptcy estates of Akorn Holding Company LLC, Akorn Intermediate Company LLC, and Akorn Operating Company LLC*

**WHELAN SECURITY CO. d/b/a GARDAWORLD SECURITY SERVICES**

By: _____

_____
*Authorized Representative*

5

56709369.1

WHEREFORE, the Parties execute this Settlement Agreement this 3rd day of December, 2025.

**GEORGE L. MILLER, CHAPTER 7 TRUSTEE**

By: _____
George L. Miller
*Not individually but solely in his capacity as Chapter 7 trustee for the bankruptcy estates of Akorn Holding Company LLC,
Akorn Intermediate Company LLC, and Akorn Operating Company LLC*

**WHELAN SECURITY CO. d/b/a
GARDAWORLD SECURITY SERVICES**

By: *[signature]* 12/3/25
Name: George Ulses
Senior Director of Customer Financial Services
*Authorized Representative*

5

56709369.1