# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 7 |
| AKORN HOLDING COMPANY LLC, *et al.*,[1] | Case No. 23-10253 (KBO) (Jointly Administered) |
| Debtors. | **Objection Deadline**: 3/10/2026 at 4:00 PM (E.T.) **Hearing Date**: 3/27/2026 at 10:00 AM (E.T.) |
| GEORGE MILLER, Chapter 7 Trustee of the bankruptcy estates of Akorn Holding Company LLC, *et al.*, | |
| Plaintiff, | Adv. Proc. No. 25-50222 (KBO) |
| v. | |
| VEOLIA ES TECHNICAL SOLUTIONS, LLC | |
| Defendant. | |
| GEORGE MILLER, Chapter 7 Trustee of the bankruptcy estates of Akorn Holding Company LLC, *et al.*, | |
| Plaintiff, | Adv. Proc. No. 25-50258 (KBO) |
| v. | |
| BERLIN PACKAGING, LLC, | |
| Defendant. | |

---

[1] The Debtors in the chapter 7 cases, along with the last four digits of each Debtor's federal tax identification number, are Akorn Holding Company LLC (9190), Akorn Intermediate Company LLC (6123), and Akorn Operating Company LLC (6184).  The Debtors' headquarters was located at 5605 CenterPoint Court, Gurnee, Illinois 60031.

| | |
|---|---|
| GEORGE MILLER, Chapter 7 Trustee of the bankruptcy estates of Akorn Holding Company LLC, *et al.*,<br><br>Plaintiff,<br><br>v.<br><br>FEDERAL COMPLIANCE SOLUTIONS, LLC,<br><br>Defendant. | Adv. Proc. No. 25-50250 (KBO) |
| GEORGE MILLER, Chapter 7 Trustee of the bankruptcy estates of Akorn Holding Company LLC, *et al.*,<br><br>Plaintiff,<br><br>v.<br><br>COLBERT PACKAGING CORPORATION,<br><br>Defendant. | Adv. Proc. No. 25-50129 (KBO) |
| GEORGE MILLER, Chapter 7 Trustee of the bankruptcy estates of Akorn Holding Company LLC, *et al.*,<br><br>Plaintiff,<br><br>v.<br><br>FLAVINE NORTH AMERICA, INC.<br><br>Defendant. | Adv. Proc. No. 25-50095 (KBO) |

**MOTION FOR ENTRY OF AN ORDER PURSUANT TO SECTION 105(a) OF THE BANKRUPTCY CODE AND BANKRUPTCY RULE 9019 APPROVING SETTLEMENTS BETWEEN (I) THE TRUSTEE AND VEOLIA ES TECHNICAL SOLUTIONS LLC, (II) THE TRUSTEE AND BERLIN PACKAGING, LLC, (III) THE TRUSTEE AND FEDERAL COMPLIANCE SOLUTIONS, LLC, (IV) THE TRUSTEE AND COLBERT PACKAGING CORPORATION AND (V) THE TRUSTEE AND FLAVINE NORTH AMERICA, INC.**

2

George L. Miller, the chapter 7 trustee (the "Trustee") in the above-captioned chapter 7 cases (the "Chapter 7 Cases") for the bankruptcy estates of Akorn Holding Company LLC, Akorn Intermediate Company LLC and Akorn Operating Company LLC (collectively, the "Debtors"), hereby moves (the "Motion") the Court pursuant to section 105 of title 11 of the United States Code, §§ 101-1532, as amended (the "Bankruptcy Code") and Rule 9019 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), for entry of an order, substantially in the form attached hereto as **Exhibit A** (the "Proposed Order"), (i) approving the settlement with Veolia Es Technical Solutions LLC ("Veolia") and authorizing the Trustee to enter the settlement agreement with Veolia (the "Veolia Settlement Agreement") attached hereto as **Exhibit B**, (ii) approving the settlement with Berlin Packaging, LLC ("Berlin") and authorizing the Trustee to enter the settlement agreement with Berlin (the "Berlin Settlement Agreement") attached hereto as **Exhibit C**, (iii) approving the settlement with Federal Compliance Solutions, LLC ("FCS") and authorizing the Trustee to enter into the settlement agreement with FCS (the "FCS Settlement Agreement") attached hereto as **Exhibit D**, (iv) approving the settlement with Colbert Packaging Corporation ("Colbert") and authorizing the Trustee to enter into the settlement agreement with Colbert (the "Colbert Settlement Agreement") attached hereto as **Exhibit E**, and (v) approving the settlement with Flavine North America, Inc. ("Flavine," and together with Veolia, Berlin, FCS and Colbert, the "Defendants") and authorizing the Trustee to enter the settlement agreement with Flavine (the "Flavine Settlement Agreement," and together with the Veolia Settlement Agreement, Berlin Settlement Agreement, FCS Settlement Agreement and Colbert Settlement Agreement, the "Settlement Agreements") attached hereto as **Exhibit F**, and (vi) granting such other relief as may be just and proper.  In support of this Motion, the Trustee states respectfully as follows:

## JURISDICTION

1.       The United States Bankruptcy Court for the District of Delaware (the "Court") has jurisdiction over this Motion pursuant to 28 U.S.C. §§ 157 and 1334(b) and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware dated as of February 29, 2012.

2.       This is a core proceeding pursuant to 28 U.S.C. § 157(b), and pursuant to Rule 9013-1(f) of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules"), the Trustee consents to the entry of a final order by the Court in connection with this Motion to the extent that it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution.

3.       Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

4.       The bases for the relief requested herein is section 105 of the Bankruptcy Code, as supplemented by Bankruptcy Rule 9019.

## BACKGROUND

### A.       General Background

5.       On February 23, 2023 (the "Petition Date"), each of the Debtors, Akorn Holding Company LLC, Case No. 23-10253; Akorn Intermediate Company LLC, Case No. 23-10254 and Akorn Operating Company, LLC, Case No. 23-10255 filed voluntary petitions in the Bankruptcy Court for relief under Chapter 7 of Title 11 of the Bankruptcy Code, commencing the Chapter 7 Cases (collectively, the "Chapter 7 Cases").  The Chapter 7 Cases are being jointly administered.

6.       On or about the Petition Date, the Office of the United States Trustee appointed the Trustee as the trustee to the bankruptcy estates of each of the Debtors.

7.    Prior to the Petition Date, the Debtors' businesses included developing, manufacturing, and marketing specialty pharmaceuticals, including prescription, consumer health, and animal health products.

8.    The Debtors were an industry leader in branded and generic products in alternate dosage forms such as ophthalmic, injectables, oral liquids, topicals, inhalants and nasal sprays.

9.    The Debtors operated at numerous locations in the United States and were headquartered in Gurnee, Illinois.  The Debtors' operations in the United States have all ceased.

10.    Since the date of his appointment, the Trustee and his professionals have reviewed the transfers made by the Debtors on or within the designated range for asserting direct and indirect fraudulent transfer actions, insider preference actions, and non-insider preference actions (the "Avoidance Period") and have identified potential claims to avoid and recover the certain transfers pursuant to sections 547, 548, and/or 550 of the Bankruptcy Code (the "Avoidance Claims").

11.    Based upon that investigation, the Trustee filed an adversary proceeding on February 12, 2025, styled *George L. Miller, Chapter 7 Trustee of the bankruptcy estates of Akorn Holding Company, LLC, et al. v. Veolia ES Technical Solutions, LLC*, in the Bankruptcy Court, commencing the adversary case number 25-50222 (KBO) (the "Veolia Adversary Proceeding"); and on February 13, 2025, the Trustee filed an adversary proceeding styled *George L. Miller, Chapter 7 Trustee of the bankruptcy estates of Akorn Holding Company, LLC, et al. v. Berlin Packaging, LLC*, in the Bankruptcy Court, commencing the adversary case number 25-50258 (KBO) (the "Berlin Adversary Proceeding"); and on February 13, 2025, the Trustee filed an adversary proceeding styled *George L. Miller, Chapter 7 Trustee of the bankruptcy estates of Akorn Holding Company, LLC, et al. v. Federal Compliance Solutions, LLC*, in the Bankruptcy Court, commencing the adversary case number 25-50250 (KBO) (the "FCS Adversary

Proceeding"); and on February 11, 2025, the Trustee filed an adversary proceeding styled *George L. Miller, Chapter 7 Trustee of the bankruptcy estates of Akorn Holding Company, LLC, et al. v. Colbert Packaging Corporation*, in the Bankruptcy Court, commencing the adversary case number 25-50129 (KBO) (the "Colbert Adversary Proceeding"); and on February 10, 2025, the Trustee filed an adversary proceeding styled *George L. Miller, Chapter 7 Trustee of the bankruptcy estates of Akorn Holding Company, LLC, et al. v. Flavine North America, Inc.*, in the Bankruptcy Court, commencing the adversary case number 25-50095 (KBO) (the "Flavine Adversary Proceeding," and together with the Veolia Adversary Proceeding, the Berlin Adversary Proceeding, the FCS Adversary Proceeding and the Colbert Adversary Proceeding, the "Adversary Proceedings").

12.     While the Trustee has continued to pursue and negotiate settlements with respect to the Avoidance Claims, he has settled the Adversary Proceedings. Since the amounts demanded by the Trustee in the Adversary Proceedings were over $500,000.00, the settlements must be approved by a separate motion under Rule 9019 of the Bankruptcy Code, pursuant to that certain *Order Approving Procedures Regarding Settlements of Avoidance Claims Pursuant to Bankruptcy Rule* 9019(b) [D.I. 1040].

13.     The terms of the settlement between the Trustee and the Defendants are embodied in their respective Settlement Agreements attached hereto as **Exhibit B, Exhibit C, Exhibit D, Exhibit E,** and **Exhibit F.**

14.     Under the Veolia Settlement Agreement, which was the result of extensive, active, good-faith discussions and arms' length negotiations between the Trustee and Veolia, Veolia will pay the estate $325,000.00 ("Veolia Settlement Amount") and waive its rights under Section 502(h) of the Bankruptcy Code in exchange for dismissal of the Veolia Adversary Proceeding with prejudice.  In addition, any existing claim filed by Veolia in the Chapter 7 Cases ("Veolia Existing

6

Claims") remain unaffected by this settlement. For clarity, the Veolia Existing Claims will not be allowed, disallowed, modified, or otherwise affected as a result of the Veolia Settlement Agreement, and the Trustee retains his right (unaffected by the Veolia Settlement Agreement) to object to the allowance of any of the Veolia Existing Claims as late filed or otherwise. Under the Veolia Settlement Agreement, both the Trustee and Veolia are executing mutual general releases.

15.     Under the Berlin Settlement Agreement, which was the result of extensive, active, good-faith discussions and arms' length negotiations between the Trustee and Berlin, Berlin will pay the estate $50,000.00 ("Berlin Settlement Amount") and waive its rights under Section 502(h) of the Bankruptcy Code in exchange for dismissal of the Berlin Adversary Proceeding with prejudice. Additionally, the Trustee has agreed that, on or before entry of an order approving the Berlin Settlement Agreement, he will reissue a check in the amount of $178,393.84 for an administrative payment that was previously paid but never cashed by Berlin. Further, after reissuance of the administrative payment, Berlin has agreed that the remaining amount owed on account of its proof of claim (Claim No. 25-1) ("Berlin Proof of Claim") will be disallowed in its entirety. The disallowance of the Berlin Proof of Claim equates to a reduction of $169,645.40 without the need for any further documentation. Under the Berlin Settlement Agreement, both the Trustee and Berlin are executing mutual general releases.

16.     Under the FCS Settlement Agreement, which was the result of extensive, active, good-faith discussions and arms' length negotiations between the Trustee and FCS, FCS will pay the estate $100,000.00 ("FCS Settlement Amount") and waive its rights under Section 502(h) of the Bankruptcy Code in exchange for dismissal of the FCS Adversary Proceeding with prejudice. Under the FCS Settlement Agreement, both the Trustee and FCS are executing mutual general releases.

17.     Under the Colbert Settlement Agreement, which was the result of extensive, active, good-faith discussions and arms' length negotiations between the Trustee and Colbert, Colbert will pay the estate $100,000.00 ("Colbert Settlement Amount") and waive its rights under Section 502(h) of the Bankruptcy Code in exchange for dismissal of the Colbert Adversary Proceeding with prejudice. In addition, Colbert's existing claim filed by Colbert in the Chapter 7 Cases ("Colbert Existing Claim") is allowed as a general unsecured claim in the amount of $238,165.38. Under the Colbert Settlement Agreement, both the Trustee and Colbert are executing mutual general releases.

18.     Under the Flavine Settlement Agreement, which was the result of extensive, active, good-faith discussions and arms' length negotiations between the Trustee and Flavine, Flavine will pay the estate $27,500.00 ("Flavine Settlement Amount") in exchange for dismissal of the Flavine Adversary Proceeding with prejudice.  Under the Flavine Settlement Agreement, both the Trustee and Flavine are executing mutual general releases.

19.     Upon consummation of the settlements and approval of the Settlement Agreements by court order, the Trustee will dismiss the Adversary Proceedings in their entirety with prejudice.

## RELIEF REQUESTED

20.     Pursuant to section 105(a) of the Bankruptcy Code and Bankruptcy Rule 9019, the Trustee seeks entry of an order substantially in the form attached hereto as **Exhibit A**: (i) approving the Settlement Agreements, and (ii) granting such other relief as may be just and proper.

## BASIS FOR RELIEF

21.     Section 105(a) of the Bankruptcy Code allows a court to "issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of [the Bankruptcy Code]." 11 U.S.C. § 105(a).  Bankruptcy Rule 9019 provides:

> On motion of the trustee, after notice and a hearing, the court may approve a compromise or settlement.  Notice shall be given to creditors, the United States trustee, the debtor and indenture trustees as provided in Rule 2002 and to any other entity as the court may direct.

Fed. R. Bankr. P. 9019(a).

22.    When reviewing settlements under Bankruptcy Rule 9019, the court generally defers to the Trustee's business judgment.  "[U]nder normal circumstances the court would defer to the trustee's judgment so long as there is a legitimate business justification [for the settlement]." In re Martin, 91 F.3d 389, 395 (3d Cir. 1996).

23.    The Third Circuit has emphasized that "[c]ompromises are favored in bankruptcy." Id. at 393 (quoting Collier on Bankruptcy ¶ 9019.03[1] (15th ed. 1993)); see also *In re World Health Alternatives, Inc.*, 344 B.R. 291, 296 (Bankr. D. Del. 2006) (finding settlements "generally favored in bankruptcy").  Courts in this District also have recognized that the approval of a proposed compromise and settlement is committed to the sound discretion of the bankruptcy court. See, e.g., *In re Coram Healthcare Corp.*, 315 B.R. 321, 329 (Bankr. D. Del. 2004).

24.    Pursuant to Bankruptcy Rule 9019(a), the Court may, after appropriate notice and a hearing, approve a compromise or settlement so long as the proposed settlement is fair, reasonable, and equitable.  See *In re Key3Media Grp., Inc.*, 336 B.R. 87, 92 (Bankr. D. Del. 2005) (noting that "the bankruptcy court has a duty to make an informed, independent judgment that the compromise is fair and equitable.").  The court need not be convinced that the settlement is the best possible compromise in order to approve it.  *Coram Healthcare Corp.*, 315 B.R. at 330. Rather, the court's obligation is to "canvass the issues and see whether the settlement falls below the lowest point in a range of reasonableness." *Travelers Cas. & Sur. Co. v. Future Claimants Representative*, No. 07-2785, 2008 WL 821088, at *5 (D.N.J. Mar. 25, 2008) (citing *Matter of Jasmine, Ltd.*, 285 B.R. 119 (D.N.J. 2000)).

25.     In determining whether a settlement is fair and equitable, the Third Circuit has adopted a balancing test, under which a bankruptcy court should decide whether to approve a particular compromise or settlement.  The factors of the balancing test are: "(1) the probability of success in litigation; (2) the likely difficulties in collection; (3) the complexity of the litigation involved, and the expense, inconvenience and delay necessarily attending it; and (4) the paramount interest of the creditors."  *In re Martin*, 91 F.3d at 393.

26.     The Trustee respectfully submits that the Settlement Agreements satisfy the requirements of Bankruptcy Rule 9019.  The Settlement Agreements allow the Trustee to resolve costly litigation and potential liability while preserving its limited resources for, among other things, the payment of creditors, professionals and administrative expenses.  Although the Trustee relinquishes its right to pursue the lawsuits against the Defendants as part of the Settlement Agreements, there is no certainty of a positive result when engaging in the litigation process, including with respect to any defenses the Defendants may raise.  The only certainty is the accrual of more legal fees and further diminishing the limited resources of the Trustee and the bankruptcy estates.  Therefore, taking into consideration the time, cost, expense and complexity of litigation, the Trustee has determined that the Settlement Agreements are fair, reasonable and appropriate as the settlements will help avoid costs and delay, and bring finality and certainty to the Adversary Proceedings.

27.     More specifically, the settlements here pertain to the potential liability of the Defendants as recipients of avoided transfers under, inter alia, 11 U.S.C. §§ 544-550.  The Trustee believes payment of the settlement amounts, referenced above, and the disallowance of the remaining amount of the Berlin Proof of Claim represent good-faith resolutions of the claims.  In sum, the Trustee submits that entry into the Settlement Agreements are a sound exercise of the

Trustee's business judgment and that the Settlement Agreements are therefore in the best interest of the Debtor's estate and its creditors.

**WHEREFORE**, for the reasons set forth above, the Trustee respectfully requests that the Court enter an order, substantially in the form attached hereto as **Exhibit A**, (i) approving the Settlement Agreements, and (ii) granting such other relief as may be just and proper.

Dated: February 24, 2026                      **SAUL EWING LLP**

*/s/ Evan T. Miller*
Evan T. Miller (DE Bar No. 5364)
Paige N. Topper (DE Bar No. 6470)
1201 N. Market Street, Suite 2300
Wilmington, DE 19801
Telephone:  (302) 421-6800
evan.miller@saul.com
paige.topper@saul.com

and

Michelle G. Novick (admitted pro hac vice)
161 North Clark Street, Suite 4200
Chicago, IL 60601
Telephone: (312) 876-7899
michelle.novick@saul.com

and

Turner N. Falk (admitted pro hac vice)
1735 Market Street, 34th Floor
Philadelphia, PA 19103
Telephone: (215) 972-8415
turner.falk@saul.com

*Special Counsel to Plaintiff*