# EXHIBIT "D"

# DECLARATION

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 7 |
| AKORN HOLDING COMPANY LLC, *et al* [1] | Case No. 23-10253 (KBO) (Jointly Administered) |
| Debtors. | |

**DECLARATION OF WILLIAM A. HOMONY IN SUPPORT OF FIRST OMNIBUS (SUBSTANTIVE) OBJECTION TO CERTAIN CLAIMS PURSUANT TO SECTION 502 OF THE BANKRUPTCY CODE, RULES 3007 AND 9014 OF THE FEDERAL RULES OF BANKRUPTCY PROCEDURE AND DEL. BANKR. L.R. 3007-1**

I, William A. Homony, CIRA declare that the following is true to the best of my knowledge, information and belief:

1.      On February 23, 2023 (the "Petition Date"), the above-captioned debtors (the "Debtors") filed a petition for relief under Chapter 7 of 11 U.S.C. § 101 et seq. in the Bankruptcy Court for the District of Delaware (the "Bankruptcy Court").

2.      On or about the Petition Date, George L. Miller was appointed by the Office of the United States Trustee to serve as the duly qualified Chapter 7 Trustee for the estates (the "Estates") of the Debtors.

3.      By Order dated April 11, 2023, the Bankruptcy Court approved the *Application of Chapter 7 Trustee to Employ Miller Coffey Tate LLP as Accountants and Bankruptcy Consultants* (the "Accountants") [Docket No. 92].   I am one of the Accountants assisting the Chapter 7 Trustee in reviewing and analyzing the filed proofs of claim and the Debtors' books and records (the

---

[1] The Debtors in these chapter 7 cases, along with the last four digits of their federal tax identification numbers, and cases numbers are Akorn Holding Company LLC (9190), Case No. 23-10253 (KBO); Akorn Intermediate Company LLC (6123), Case No. 23-10254 (KBO); and Akorn Operating Company LLC (6184), Case No. 23-10255.  The Debtors' headquarters was located at 5605 CenterPoint Court, Gurnee, IL 60031.

"Books and Records" to determine the validity of the filed proofs of claim (the "Proofs of Claim") asserted against the Estates.

4.    I submit this declaration (the "Declaration") in support of the Trustee's First Omnibus (Substantive) Objection to Certain Claims Pursuant to Section 502 of the Bankruptcy Code, Rules 3007 and 9014 of the Federal Rules of Bankruptcy Procedure and Del. Bankr. L.R. 3007-1 (the "First Omnibus Objection").[2]

5.    I have reviewed the First Omnibus Objection and I am aware of the statements contained therein, which statements are true and correct to the best of my knowledge, information, and belief.

6.    I make this Declaration on the basis of my review and analysis of the Debtors' Books and Records and the official register of claims (the "Claims Register"), the docket, and the Proofs of Claim filed in the Bankruptcy Cases.

7.    The information contained in "Exhibit "A," Exhibit "B," and Exhibit "C" attached to the First Omnibus Objection (the "Disputed Claims") is true and correct to the best of my knowledge on a substantive basis for the reasons described below.

8.    By the First Omnibus Objection the Trustee objects to each of the No Liability Claims identified on Exhibit "A" of the First Omnibus Objection because the claims do not agree with the Debtors' Books and Records, the claims are not based upon actual liability amounts against the Debtors and do not otherwise support a claim against the Debtors for the reasons(s) set forth under the column heading "Reason for Disallowance" on Exhibit "A" to the First Omnibus

---

[2] Unless otherwise defined herein, all capitalized terms shall have the meanings set forth in the First Omnibus Objection.

2

Objection. Accordingly, each of the No Liability Claims should be disallowed in their entirety without prejudice to the Trustee's right and ability to raise any further objection.

9.      By the First Omnibus Objection the Trustee objects to each of the Modified Amount Claims identified on Exhibit "B" of the First Omnibus Objection because the obligations and amounts claimed are incorrect for the reasons set forth under the heading of "Reason for Modification" and should be allowed in the reduced and/or modified amount(s) set forth in the column entitled "Modified Claim Amount" on Exhibit "B" to the First Omnibus Objection without prejudice to the Trustee's right and ability to raise any further objection.

10.     By the First Omnibus Objection the Trustee objects to each of the Modify Claim Amount and/or Classification Claims identified on Exhibit "C" of the First Omnibus Objection because the obligations and amounts claimed are incorrect for the reasons set forth under the heading of "Reason for Modification" and should be allowed in the reduced and/or modified amount(s), if applicable, and modified claim status set forth in the column entitled "Modified Status and Amount" on Exhibit "C" to the First Omnibus Objection without prejudice to the Trustee's right and ability to raise any further objection.

## Conclusion

11.     Based upon my review and analysis of the Disputed Claims, the Claims Register and certain Books and Records of the Debtors, I believe that granting the relief requested in the First Omnibus Objection is appropriate, correct and also in the best interests of the Debtors' Estates and creditors.

LEGAL\112978447\1 6010823/00574256

I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge, information and belief.

Dated:   February 25, 2026                    /s/ *William A. Homony*
                                              William A. Homony, CIRA
                                              Miller Coffey Tate LLP
                                              8 Penn Center, Suite 950
                                              1628 JFK Boulevard
                                              Philadelphia, PA  19103
                                              215-561-0950 Phone
                                              215-561-0330 Fax
                                              bhomony@mctllp.com

LEGAL\112978447\1 6010823/00574256