# EXHIBIT "E"

# PROPOSED ORDER

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>AKORN HOLDING COMPANY LLC, *et al* [1]<br><br>Debtors. | Chapter 7<br><br>Case No. 23-10253 (KBO)<br>(Jointly Administered)<br><br>**Related Doc. No.** |

**ORDER SUSTAINING FIRST OMNIBUS (SUBSTANTIVE) OBJECTION TO CERTAIN CLAIMS PURSUANT TO SECTION 502 OF THE BANKRUPTCY CODE, RULES 3007 AND 9014 OF THE FEDERAL RULES OF BANKRUPTCY PROCEDURE AND <u>BANKR. D. DEL. L.R. 3007-1</u>**

Upon consideration of the First Omnibus (Substantive) Objection to Certain Claims pursuant to Section 502 of the Bankruptcy Code, Rules 3007 and 9014 of the Federal Rules of Bankruptcy Procedure and Bankr. D. Del L.R. 3007-1 (the "<u>First Omnibus Objection</u>"),[2] filed by George L. Miller, the Trustee (the "<u>Trustee</u>") for the Estates of the above-captioned Debtors; and the Declaration of the William A. Homony, attached as Exhibit "<u>D</u>" to the First Omnibus Objection (the "<u>Declaration</u>"); and it appearing that good and sufficient notice of the First Omnibus Objection has been given and that no further notice of the First Omnibus Objection or entry of this order need be provided; and upon the entire record herein; and the Bankruptcy Court having considered the First Omnibus Objection, the Declaration, and the Disputed Claims; and after due deliberation and good and sufficient cause appearing therefore;

---

[1] The Debtors in these chapter 7 cases, along with the last four digits of their federal tax identification numbers, and cases numbers are Akorn Holding Company LLC (9190), Case No. 23-10253 (KBO); Akorn Intermediate Company LLC (6123), Case No. 23-10254 (KBO); and Akorn Operating Company LLC (6184), Case No. 23-10255. The Debtors' headquarters was located at 5605 CenterPoint Court, Gurnee, IL 60031.

[2] Unless expressly defined herein, capitalized terms shall have the meanings ascribed to them in the First Omnibus Objection.

**IT IS HEREBY FOUND THAT:**

A. Each holder of a Disputed Claim listed on Exhibit "A," Exhibit "B," and Exhibit "C" of the First Omnibus Objection (the "Claimants") was provided proper and adequate notice of the First Omnibus Objection pursuant to Bankruptcy Rule 3007 and Local Rule 3007-1;

B. The First Omnibus Objection is a core proceeding under 28 U.S.C. § 157(b)(2);

C. Any entity known to have an interest in the Disputed Claims listed on Exhibit "A," Exhibit "B," and Exhibit "C" has been afforded reasonable opportunity to respond or to be heard regarding the relief requested in the First Omnibus Objection;

D. Each of the No Liability Claims listed on Exhibit "A" of the First Omnibus Objection are claims that do not agree with the Debtors' Books and Records, are not based on actual liability amounts against the Debtors and/or do not otherwise support a claim against the Debtors;

E. Each of the Modified Amount Claims listed on Exhibit "B" of the First Omnibus are claims that set forth a basis for a claim in reduced or modified amounts;

F. Each of the Modify Claim Amount and/or Classification Claims listed on Exhibit "C" of the First Omnibus are claims that set forth a basis for a claim in reduced or modified amounts and modified classification;

G. The relief requested in the First Omnibus Objection is in the best interest of the Debtors' Estates, creditors, and other parties in interest; and it is therefore

**ORDERED, ADJUDGED AND DECREED THAT:**

1. The First Omnibus Objection is **GRANTED** to the extent set forth herein.

2. Pursuant to Sections 105(a) and 502(b) of the Bankruptcy Code, each of the No Liability Claims identified on Exhibit "A" hereto are hereby disallowed in their entirety as identified in the "Reason for Disallowance" column on Exhibit "A" without prejudice to the Trustee's right and ability to raise any further objection.

3. Pursuant to Sections 105(a) and 502(b) of the Bankruptcy Code, each of the Modified Amount Claims identified on Exhibit "B" hereto are hereby reduced as identified in the "Modified Claim Amount" column on Exhibit "B," without prejudice to the Trustee's right and ability to raise any further objection.

4. Pursuant to Sections 105(a) and 502(b) of the Bankruptcy Code, each of the Modify Claim Amount and/or Classification Claims identified on Exhibit "C" hereto are hereby reclassified and the claim amounts reduced and/or modified as identified in the "Modified Status and Amount" column on Exhibit "C," without prejudice to the Trustee's rights and ability to raise any further objection.

5. The Bankruptcy Court shall retain jurisdiction over the Debtors' Estates and the Claimants whose claims are subject to the First Omnibus Objection with respect to any matters related to or arising from the implementation of this Order.

6. Each of the Disputed Claims and the objection by the Trustee constitutes a separate contested matter pursuant to Bankruptcy Rule 9014. This Order shall be deemed a separate Order with respect to each of the Disputed Claims. Any stay of this Order pending appeal by any of the Claimants shall not act to stay the applicability and/or finality of this Order with respect to any other contested matters covered hereby.

7. This Order is without prejudice to the Trustee's right to amend, modify, or supplement the First Omnibus Objection, or to file additional non-substantive or substantive objections.

8. This Order does not affect any claims, rights, or remedies the Trustee has or may have against the Claimants in respect of any amounts owed to the Debtors' Estates by any Claimant under Chapter 5 of the Bankruptcy Code, including without limitation the right to seek disallowance of a Disputed Claim pursuant to Section 502(d) of the Bankruptcy Code.