**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re:<br><br>AKORN HOLDING COMPANY LLC, *et al* [1]<br><br>Debtors. | Chapter 7<br><br>Case No. 23-10253 (KBO)<br>(Jointly Administered)<br><br>Hearing Date:  March 27, 2026 at 10:00 a.m. ET<br>Objection Date:  March 20, 2026 at 4:00 p.m. ET |

**CHAPTER 7 TRUSTEE'S SECOND OMNIBUS (NON-SUBSTANTIVE) OBJECTION TO CERTAIN CLAIMS PURSUANT TO SECTION 502 OF THE BANKRUPTCY CODE, RULES 3007 AND 9014 OF THE FEDERAL RULES OF BANKRUPTCY PROCEDURE AND DEL. BANKR. L.R. 3007-1**

**Claimants receiving this Objection should locate their names and claims in Exhibit "A" and/or Exhibit "B".**

George L. Miller, in his capacity as the Chapter 7 Trustee (the "Trustee") for the estates (the "Estates") of the above-captioned Debtors (the "Debtors"), hereby objects (the "Second Omnibus Objection") to each of the claims listed on Exhibit "A" and Exhibit "B", attached hereto and incorporated herein by reference, pursuant to Section 502 of Title 11 of the United States Code (the "Bankruptcy Code") and Rules 3007 and 9014 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Rule 3007-1 of the Local Rules of Bankruptcy Practice and Procedure (the "Local Rules") of the United States Bankruptcy Court for the District of Delaware (the "Bankruptcy Court").  In support of this Second Omnibus Objection the Trustee submits the Declaration of William A. Homony CIRA (the "Declaration") attached hereto as Exhibit "C" and incorporated herein by reference, and respectfully represents as follows:

---

[1] The Debtors in these chapter 7 cases, along with the last four digits of their federal tax identification numbers, and cases numbers are Akorn Holding Company LLC (9190), Case No. 23-10253 (KBO); Akorn Intermediate Company LLC (6123), Case No. 23-10254 (KBO); and Akorn Operating Company LLC (6184), Case No. 23-10255.  The Debtors' headquarters was located at 5605 CenterPoint Court, Gurnee, IL 60031.

**JURISDICTION**

1.  The Bankruptcy Court has jurisdiction over the Second Omnibus Objection pursuant to 28 U.S.C. §§ 157 and 1334. The matter is a core proceeding pursuant to 28 U.S.C. §§ 157(b)(2)(A), (B), and (O). Venue is proper before this Bankruptcy Court pursuant to 28 U.S.C. §§ 1408 and 1409. The predicates for relief sought herein are 11 U.S.C. §§ 105, 501, and 502, Bankruptcy Rules 1001 and 3007, and Local Rules 1001-1(c) and 3007-1.

**BACKGROUND**

2.  On February 23, 2023 (the "Petition Date"), each of the affiliated Debtors Akorn Holding Company LLC, Case No. 23-10253; Akorn Intermediate Company LLC, Case No. 23-10254 and Akorn Operating Company, LLC, Case No. 23-10255 (collectively the "Bankruptcy Cases") filed a voluntary petition in this Court for relief under chapter 7 of the Bankruptcy Code.

3.  On or about the Petition Date, the Office of the United States Trustee appointed George L. Miller as the chapter 7 Trustee to the Estates of each of the Debtors.

4.  The Debtors' businesses included developing, manufacturing, and marketing specialty pharmaceuticals, including prescription, consumer health, and animal health products. The Debtors were an industry leader in branded and generic products in alternate dosage forms such as ophthalmics, injectables, oral liquids, topicals, inhalants and nasal sprays. The Debtors operated at numerous locations throughout the United States and maintained headquarters in Gurnee, Illinois.

5.  By an order dated April 11, 2023, this Bankruptcy Court approved the *Application of Chapter 7 Trustee to Employ Miller Coffey Tate LLP as Accountants and Bankruptcy Consultants* (the "Accountants") [D.I. No. 92].

6.  The Trustee, with the assistance of his Accountants, is in the process of reviewing filed proofs of claim (collectively, and including any supporting documentation thereto, the "Proofs of Claims") and the Debtors' available books and records (the "Books and Records") to determine the validity of all claims asserted against the Estates.

## RELIEF REQUESTED

7.  By this Second Omnibus Objection, after review of the Proofs of Claims the Trustee objects to each of the Proofs of Claim listed on Exhibit "A" and Exhibit "B" attached hereto (together the "Disputed Claims") on a non-substantive basis for the reasons described below, and seeks entry of the proposed order attached hereto as Exhibit "D" pursuant to Section 502 of the Bankruptcy Code, and Bankruptcy Rules 3007 and 9014 and Local Rule 3007-1: (a) disallowing your claim because you subsequently filed a duplicate claim; or (b) disallowing your claim because you subsequently filed an amended claim.

### A. Claims to be Disallowed as Duplicates

8.  The Trustee objects to each of the Disputed Claims identified on Exhibit "A" because these claims are duplicates of claims and/or other Proofs of Claim (the "Duplicate Claims") that were filed in the Bankruptcy Cases. Because each of the Duplicate Claims are duplicative of other Proofs of Claims filed in the Bankruptcy Cases, each of the Duplicate Claims as set forth under the column heading "Duplicate Claim No. to be Disallowed" should be disallowed, and the "remaining" claim should be allowed as set forth under the column heading "Remaining Claim Number" column on Exhibit "A", without prejudice to the Trustee's right and ability to raise any further objection.

### B. Claims to be Disallowed as Amendments

9.      The Trustee objects to each of the Disputed Claims identified on Exhibit "B" because these claims were amended by other Proofs of Claim that were filed in the Bankruptcy Cases (the "Amended Claims"). Because each of the Disputed Claims on Exhibit "B" are duplicative of and supplanted by the Amended Claims, each of the claims as set forth under the column heading "Amended Claims to be Disallowed" column on Exhibit "B" should be disallowed, and the Amended Claims should be allowed as set forth under the column heading "Remaining Claim Number" column on Exhibit "B", without prejudice to the Trustee's right and ability to raise any further objection.

### SEPARATE CONTESTED MATTERS

10.     Each of the Disputed Claims and the Trustee's objections thereto constitute a separate contested matter pursuant to Bankruptcy Rule 9014 and Local Rule 3007-1. The Trustee requests that any order entered by the Bankruptcy Court with respect to an objection asserted herein be deemed a separate order with respect to each Disputed Claim.

### RESPONSES TO THE SECOND OMNIBUS OBJECTION

#### A.      Filing and Service of Responses

11.     Pursuant to the Bankruptcy Code, the Bankruptcy Rules, and the Local Rules, in the event a claimant does not agree to disallowance and/or modification of the Disputed Claims or otherwise contests any of the relief sought in this Second Omnibus Objection, a claimant must file a written response to the Second Omnibus Objection (a "Response") with the United States Bankruptcy Court for the District of Delaware, 824 Market Street, Wilmington, DE 19801 on or before **March 20, 2026 at 4:00 p.m. (Prevailing Eastern Time)** (the "Response Deadline").

12. At the same time a claimant files a written Response, if any, with the Bankruptcy Court, the claimant must also serve a copy of the written Response upon the Trustee's counsel:

> John T. Carroll, III, Esquire
> Cozen O'Connor
> 1201 North Market Street
> Suite 1001
> Wilmington, DE 19801

13. Any Response filed with the Bankruptcy Court and served on the Trustee's counsel, should **not** disclose social security numbers or other personal information.

14. If a Response to this Second Omnibus Objection is not received by the Response Deadline, the relief requested shall be deemed unopposed, and the Bankruptcy Court may enter an order granting the relief sought without a hearing.

15. If a Response contains an address different from that stated on the Disputed Claims actually filed, the address in the Response shall control and shall be the service address for other future service of papers.

B. Timely Response Required; Hearing; Replies

16. If a Response is properly and timely filed and served in accordance with the above procedures, the Trustee will attempt to reach a consensual resolution with the claimant. If no consensual resolution is reached, the Bankruptcy Court will conduct a hearing with respect to the Second Omnibus Objection and the Response on **March 27, 2026 at 10:00 a.m. (Prevailing Eastern Time)** or other such date and time as the parties filing responses may be notified. Only those Responses made in writing and timely filed and received will be considered by the Bankruptcy Court at any such hearing. The Trustee reserves the right to adjourn a hearing with respect to a specific objection set forth herein and any Response thereto.

17. If a claimant whose Claim is subject to the Second Omnibus Objection fails to file and serve a timely Response on or before the Response Deadline, the Trustee will present to the Court an appropriate order **without further notice to the claimant**.

## NOTICE

18. The Trustee will provide notice of this Second Omnibus Objection by (a) mailing a copy of the Second Omnibus Objection to the individual claimants listed on Exhibit "A" and Exhibit "B", by first-class, U.S. mail, postage prepaid to the addresses listed on each of the Disputed Claims. A copy of this Second Omnibus Objection is also being served upon the United States Trustee.

## RESERVATION OF RIGHTS

19. In the Second Omnibus Objection, the Trustee has asserted certain objections to the Disputed Claims. Pursuant to Local Rule 3007-1, the objections contained herein are non-substantive. By this reservation, the Trustee expressly reserves the right to amend, modify, or supplement the objections asserted herein and to file additional objections, including without limitation, pursuant to Section 502(d) of the Bankruptcy Code, to the Disputed Claims or any other claims (whether filed or not filed) that may be asserted against the Debtors' Estates. Should the Second Omnibus Objection be dismissed or overruled, the Trustee reserves the right to object on any other grounds that the Trustee discovers during the pendency of the Bankruptcy Cases.

## STATEMENT OF COMPLIANCE WITH LOCAL RULE 3007-1

20. The undersigned representative of Cozen O'Connor ("Cozen") certifies that he has reviewed the requirements of Local Rule 3007-1 and that the Second Omnibus Objection substantially complies with that Local Rule. To the extent that the Second Omnibus Objection

does not comply in all respects with the requirements of Local Rule 3007-1, Cozen believes that such deviations are not material, and respectfully requests that any such requirements be waived.

**WHEREFORE**, the Trustee respectfully requests that the Court: (i) sustain this Second Omnibus Objection, (ii) enter an Order, substantially in the form which is attached hereto as Exhibit "D" disallowing and/or modifying the claim classification of the Disputed Claims, and (iii) grant such other and further relief as the Court may deem just and proper.

| | |
|---|---|
| Dated:  February 25, 2026<br>           Wilmington, DE | COZEN O'CONNOR |
| | By:  /s/ *John T. Carroll, III*<br>         John T. Carroll, III (DE 4060)<br>         1201 N. Market Street<br>         Suite 1001<br>         Wilmington, DE  19801<br>         (302) 295-2028<br>         (302) 295-2013 Fax No.<br>         jcarroll@cozen.com<br><br>         *Counsel to George L. Miller,*<br>         *Chapter 7 Trustee* |