# EXHIBIT "C"

# DECLARATION

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re:<br><br>AKORN HOLDING COMPANY LLC, *et al* [1]<br><br>Debtors. | Chapter 7<br><br>Case No. 23-10253 (KBO)<br>(Jointly Administered) |

**DECLARATION OF WILLIAM A. HOMONY IN SUPPORT OF SECOND OMNIBUS (NON-SUBSTANTIVE) OBJECTION TO CERTAIN CLAIMS PURSUANT TO SECTION 502 OF THE BANKRUPTCY CODE, RULES 3007 AND 9014 OF THE FEDERAL RULES OF BANKRUPTCY PROCEDURE AND DEL. BANKR. L.R. 3007-1**

I, William A. Homony, CIRA declare that the following is true to the best of my knowledge, information and belief:

1. On February 23, 2023 (the "Petition Date"), the above-captioned debtors (the "Debtors") filed a petition for relief under Chapter 7 of 11 U.S.C. § 101 et seq. in the Bankruptcy Court for the District of Delaware (the "Bankruptcy Court").

2. On or about the Petition Date, George L. Miller was appointed by the Office of the United States Trustee to serve as the duly qualified Chapter 7 Trustee for the estates (the "Estates") of the Debtors.

3. By Order dated April 11, 2023, the Bankruptcy Court approved the *Application of Chapter 7 Trustee to Employ Miller Coffey Tate LLP as Accountants and Bankruptcy Consultants* (the "Accountants") [Docket No. 92]. I am one of the Accountants assisting the Chapter 7 Trustee in reviewing and analyzing the filed proofs of claim and the Debtors' books and records (the

---

[1] The Debtors in these chapter 7 cases, along with the last four digits of their federal tax identification numbers, and cases numbers are Akorn Holding Company LLC (9190), Case No. 23-10253 (KBO); Akorn Intermediate Company LLC (6123), Case No. 23-10254 (KBO); and Akorn Operating Company LLC (6184), Case No. 23-10255. The Debtors' headquarters was located at 5605 CenterPoint Court, Gurnee, IL 60031.

"Books and Records" to determine the validity of the filed proofs of claim (the "Proofs of Claim") asserted against the Estates.

4.     I submit this Declaration (the "Declaration") in support of the Second Omnibus (Non-Substantive) Objection to Certain Claims Pursuant to Section 502 of the Bankruptcy Code, Rules 3007 and 9014 of the Federal Rules of Bankruptcy Procedure and Del. Bankr. L.R. 3007-1 (the "Second Omnibus Objection").[2]

5.     I have reviewed the Second Omnibus Objection and I am aware of the statements contained therein, which statements are true and correct to the best of my knowledge, information and belief.

6.     I make this Declaration on the basis of my review and analysis of the Debtors' Books and Records and the official register of claims together (the "Claims Register"), the docket, and the Proofs of Claim filed in the Bankruptcy Cases.

7.     The information contained in "Exhibit "A" and Exhibit "B" attached to the Second Omnibus Objection (the "Disputed Claims") is true and correct to the best of my knowledge on a non-substantive basis for the reasons described below.

8.     By the Second Omnibus Objection the Trustee objects to each of the Duplicate Claims identified on Exhibit "A" of the Second Omnibus Objection (the "Duplicate Claims") because each of the Disputed Claims on Exhibit "A" are duplicates of other claims that were filed in the Bankruptcy Cases. Each of the Duplicate Claims as set forth under the column heading "Duplicate Claim No. to be Disallowed" should be disallowed, and the "remaining" claim should

---

[2] Unless otherwise defined herein, all capitalized terms shall have the meanings set forth in the Second Omnibus Objection.

be allowed as set forth under the column heading "Remaining Claim Number" column on Exhibit "A", without prejudice to the Trustee's right and ability to raise any further objection.

9. By the Second Omnibus Objection the Trustee objects to each of the Amended Claims identified on Exhibit "B" of the Second Omnibus Objection (the "Amended Claims") because each of the Disputed Claims on Exhibit "B" are duplicative of and supplanted by the Amended Claims, each of the claims set forth under the column heading "Amended Claims to be Disallowed" column on Exhibit "B" should be disallowed, and the Amended Claims should be allowed as set forth under the column heading "Remaining Claim Number" column on Exhibit "B", without prejudice to the Trustee's right and ability to raise any further objection.

## Conclusion

10. Based upon my review and analysis of the Disputed Claims, the Claims Register and certain Books and Records of the Debtors, I believe that granting the relief requested in the Second Omnibus Objection is appropriate and correct and also in the best interests of the Debtors' Estates and creditors.

I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge, information and belief.

Dated: February 25, 2026        /s/ *William A. Homony*
　　　　　　　　　　　　　　　　William A. Homony, CIRA
　　　　　　　　　　　　　　　　Miller Coffey Tate LLP
　　　　　　　　　　　　　　　　8 Penn Center, Suite 950
　　　　　　　　　　　　　　　　1628 JFK Boulevard
　　　　　　　　　　　　　　　　Philadelphia, PA  19103
　　　　　　　　　　　　　　　　215-561-0950 Phone
　　　　　　　　　　　　　　　　215-561-0330 Fax
　　　　　　　　　　　　　　　　bhomony@mctllp.com