# EXHIBIT "D"

# PROPOSED FORM OF ORDER

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>AKORN HOLDING COMPANY LLC, *et al* [1]<br><br>Debtors. | Chapter 7<br><br>Case No. 23-10253 (KBO)<br>(Jointly Administered)<br><br>Related Doc. No. |

**ORDER SUSTAINING SECOND OMNIBUS (NON-SUBSTANTIVE) OBJECTION TO CERTAIN CLAIMS PURSUANT TO SECTION 502 OF THE BANKRUPTCY CODE, RULES 3007 AND 9014 OF THE FEDERAL RULES OF BANKRUPTCY PROCEDURE AND BANKR. D. DEL. L.R. 3007-1**

Upon consideration of the Second Omnibus (Non-Substantive) Objection to Certain Claims pursuant to Section 502 of the Bankruptcy Code, Rules 3007 and 9014 of the Federal Rules of Bankruptcy Procedure and Bankr. D. Del L.R. 3007-1 (the "Second Omnibus Objection")[2], filed by George L. Miller, the Trustee (the "Trustee") for the estates of the above-captioned Debtors; and the Declaration of William A. Homony, attached as Exhibit "C" to the Second Omnibus Objection (the "Declaration"); and it appearing that good and sufficient notice of the Second Omnibus Objection has been given and that no further notice of the Second Omnibus Objection or entry of this order need be provided; and upon the entire record herein; and the Bankruptcy Court having considered the Second Omnibus Objection, the Declaration, and the Disputed Claims; and after due deliberation and good and sufficient cause appearing therefore;

---

[1] The Debtors in these chapter 7 cases, along with the last four digits of their federal tax identification numbers, and cases numbers are Akorn Holding Company LLC (9190), Case No. 23-10253 (KBO); Akorn Intermediate Company LLC (6123), Case No. 23-10254 (KBO); and Akorn Operating Company LLC (6184), Case No. 23-10255. The Debtors' headquarters was located at 5605 CenterPoint Court, Gurnee, IL 60031.

[2] Unless expressly defined herein, capitalized terms shall have the meanings ascribed to them in the Second Omnibus Objection.

**IT IS HEREBY FOUND THAT:**

A.    Each holder of a Disputed Claim listed on Exhibit "<u>A</u>," and Exhibit "<u>B</u>" of the Second Omnibus Objection (the "<u>Claimants</u>") was provided proper and adequate notice of the Second Omnibus Objection pursuant to Bankruptcy Rule 3007 and Local Rule 3007-1;

B.    The Second Omnibus Objection is a core proceeding under 28 U.S.C. § 157(b)(2);

C.    Any entity known to have an interest in the Disputed Claims listed on Exhibit "<u>A</u>", and Exhibit "<u>B</u>" has been afforded reasonable opportunity to respond or to be heard regarding the relief requested in the Second Omnibus Objection;

D.    Each of the Duplicate Claims listed on Exhibit "<u>A</u>" of the Second Omnibus Objection is a duplicate of another claim that was filed in the Bankruptcy Cases and should be disallowed;

E.    Each of the Amended Claims listed on Exhibit "<u>B</u>" of the Second Omnibus Objection are duplicative of and supplanted of another claim that was subsequently filed in the Bankruptcy Cases and should be disallowed;

F.    The relief requested in the Second Omnibus Objection is in the best interest of the Debtors' Estates, creditors, and other parties in interest; and it is therefore

**ORDERED, ADJUDGED AND DECREED THAT**

1.    The Second Omnibus Objection is **GRANTED** to the extent set forth herein.

2.    Pursuant to Sections 105(a) and 502(b) of the Bankruptcy Code, each of the Duplicate Claims identified on Exhibit "<u>A</u>" hereto as set forth under the column heading "<u>Duplicate Claim No. to be Disallowed</u>" are hereby disallowed as duplicative, and the remaining claim shall be allowed as set forth under the column heading "<u>Remaining Claim Number</u>" column on Exhibit "<u>A</u>," without prejudice to the Trustee's right and ability to raise any further objection.

3.	Pursuant to Sections 105(a) and 502(b) of the Bankruptcy Code, each of the Amended Claims identified on Exhibit "B" hereto are hereby disallowed as duplicative of and supplanted by the Amended Claims, and the remaining claim shall be allowed as set forth under the column heading "Remaining Claim Number" column on Exhibit "B," without prejudice to the Trustee's right and ability to raise any further objection.

4.	The Bankruptcy Court shall retain jurisdiction over the Debtors' Estates and the Claimants whose claims are subject to the Second Omnibus Objection with respect to any matters related to or arising from the implementation of this Order.

5.	Each of the Disputed Claims and the objection by the Trustee constitutes a separate contested matter pursuant to Bankruptcy Rule 9014. This Order shall be deemed a separate Order with respect to each of the Disputed Claims. Any stay of this Order pending appeal by any of the Claimants shall not act to stay the applicability and/or finality of this Order with respect to any other contested matters covered hereby.

6.	This Order is without prejudice to the Trustee's right to amend, modify, or supplement the Second Omnibus Objection, or to file additional non-substantive or substantive objections.

7.	This Order does not affect any claims, rights, or remedies the Trustee has or may have against the Claimants in respect of any amounts owed to the Debtors' Estates by any Claimant under Chapter 5 of the Bankruptcy Code, including without limitation the right to seek disallowance of a Claim pursuant to Section 502(d) of the Bankruptcy Code.