UNITED STATES BANKRUPTCY COURT
DISTRICT OF DELAWARE

---

In re:

AKORN HOLDING COMPANY, LLC, et al.

Debtors.

Chapter 7

Case # 23-10253
(KBO)
(Jointly Administered)

---

**Response of N.Y. State Department of Labor
To First Omnibus Objection**

The New York State Department of Labor ("NYDOL") respectfully responds as follows to the Chapter 7 Trustee's First Omnibus (Substantive) Objection to Certain Claims Pursuant to Section 502 of the Bankruptcy Code, Rules 307 and 9014 of the Federal Rules of  Bankruptcy Procedure and Del. Bank. L.R. 3007-1 (ECF # 1564, "First Omnibus Objection"):

1.      On August 16, 2023 the NYDOL filed its Claim # 456-1 ("NYDOL Claim") in the amount of $4,445,959.04 based on a determination by the N.Y. State Commissioner of Labor that the Debtor Akorn Holding Company, LLC had violated the New York State Worker Adjustment & Retraining Act, N.Y. Labor Law Article 25-A (**§860-§860-i**) ("NY WARN Act") and owed $4,415,959.04 in wages and benefits and $30,000.00 as a civil penalty. *See* Claim # 456-2 filed August 16, 2023.

2.      On February 25, 2026 the Chapter 7 Trustee for the estates of the Debtors in the present case ("Trustee") filed the First Omnibus Objection objecting to, among other claims, that of the NYDOL. The asserted basis for objecting to the NYDOL Claim was that

> "Debtor has no obligation or liability for asserted claim and the claim does not agree with the Debtors' Books and Records. Claimant filed on behalf of the Debtor's former workers for liability under the NY State Warn Act. The Trustee settled directly with a class of WARN Act claimants for the same liability asserted by claimant. Debtor has no duplicate liability to the claimant for the amounts allowed to the WARN Act class."

1

*See* ECF # 1564-2 (Exhibit A – "No Liability Claims"), at 3.

3.     Upon information and belief, the First Omnibus Objection's references to having "settled directly with a class of WARN Act claimants for the same liability asserted by claimant," and to having "no duplicate liability to the claimant for the amounts allowed to the WARN Act class," refer to a Settlement Agreement dated August 23, 2024, filed October 20, 2024 (ECF # 975-4), and approved by the Court January 13, 2025 (ECF # 1030). As stated in the Joint Memorandum of Law in support of the Settlement Agreement filed by counsel for the Trustee and for Class Representatives Abraham, Susan Berry and Benjamin Summers (ECF # 975-2), the Settlement Agreement provided for allowance of claims "as shown for each individual Plaintiff and Class Member on Schedule 1, in the full amount of each Class Member's WARN damages" (*id.* at 13), and that "any **individual claim of Class Members**… based upon the WARN Acts or any comparable state and local laws… shall be deemed satisfied and… no person, including the Class Member, shall be entitled to any further distribution **thereon**" (*id.* at 10, emphasis supplied).

4.     The Settlement Agreement approved by the Court and described above did not waive or release, or purport to waive or release, the NYDOL's claim for statutory penalties in the amount of $30,000.00, which is neither an individual claim of Class Members, "the same liability" settled by the Debtor, nor "duplicat[iv]e… for the amounts allowed to the WARN Act class."  To that extent, the First Omnibus Objection, as applied to the  to the NYDOL Claim, therefore has no validity.

5.     The Trustee's counsel advised me on March 12, 2026 that he was "in the process of getting the Trustee's approval to allow the NYS DOL claim for the civil penalties" and anticipated receiving approval "within the next day or two."  On March 18, 2026 he advised me that "Last evening the Trustee approved the allowance of the requested claim for civil penalty of $30,000 as a general unsecured claim. Kindly confirm that this is acceptable and if so, we will

modify the proposed order on the objection to reflect the allowance of such a claim to NYS DOL."

I confirmed that same day that that was acceptable, requesting that counsel send a draft of the

modified order, which he said he would do.  *See* Exhibit A hereto.

6.      To date, however, I have received nothing, nor has there been any confirmation that

the Trustee has, indeed, modified the First Omnibus Objection to reflect his agreement.  Inasmuch

as the First Omnibus Object states that if no response is filed "by the Response Deadline, the relief

requested shall be deemed unopposed, and the Bankruptcy Court may enter an order granting the

relief without a hearing," and the stated Response Deadline expires in less than two hours, I am

filing this Response to protect the NYDOL's rights.

Dated: March 20, 2026                          Respectfully submitted,


Karen Cacace                                   Office of the Attorney General
Chief of Labor Bureau                          28 Liberty Street
                                               New York, New York 10005
Seth Kupferberg                                (212) 416-8856
Section Chief, General Labor Section


                                               By:


                                               _____/s_____
                                               Seth Kupferberg, Assistant Attorney General

3