**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 7 |
| AKORN HOLDING COMPANY LLC, *et al* [1] | Case No. 23-10253 (KBO) (Jointly Administered) |
| Debtors. | **Related Doc. No.   1564, 1572** |

**CERTIFICATION OF COUNSEL IN SUPPORT OF ORDER APPROVING CHAPTER 7
TRUSTEE'S FIRST OMNIBUS (SUBSTANTIVE) OBJECTION
TO CERTAIN CLAIMS PURSUANT TO SECTION 502 OF THE BANKRUPTCY
CODE, RULES 3007 AND 9014 OF THE FEDERAL RULES OF BANKRUPTCY
PROCEDURE AND DEL. BANKR. L.R. 3007-1**

I, John T. Carroll, III, counsel to George L. Miller in his capacity as the chapter 7 trustee (the "Trustee") for the estates (the "Estates") of the above-captioned debtors (the "Debtors") hereby certifies as follows in connection with the Chapter 7 Trustee's First Omnibus (Substantive) Objection to Claims Pursuant to Section 502 of the Bankruptcy Code, Rules 3007 and 9014 of the Federal Rules of Bankruptcy Procedure and Del. Bankr. L.R. 3007-1.

1.     On or about February 25, 2026 the Trustee filed a *First Omnibus (Substantive) Objection to Claims Pursuant to Section 502 of the Bankruptcy Code, Rules 3007 and 9014 of the Federal Rules of Bankruptcy Procedure and Del. Bankr. L.R. 3007-1* [D.I. 1564]   (the "First Omnibus Objection")[2].

---

[1] The Debtors in these chapter 7 cases, along with the last four digits of their federal tax identification numbers, and cases numbers are Akorn Holding Company LLC (9190), Case No. 23-10253 (KBO); Akorn Intermediate Company LLC (6123), Case No. 23-10254 (KBO); and Akorn Operating Company LLC (6184), Case No. 23-10255.  The Debtors' headquarters was located at 5605 CenterPoint Court, Gurnee, IL 60031.

[2] The Trustee reserved his right to amend, modify, or supplement the objections asserted in the First  Omnibus Objection and to file additional objections, including without limitation, pursuant to Section 502(d) of the Bankruptcy Code, to the Proofs of Claims or any other claims (whether filed or not filed) that may be asserted against the Debtors' estates.

114317141\1 6010823/00574256
03/26/2026

2.      Subsequent to the filing of the First Omnibus Objection, claimant, New York State Department of Labor ("NYDOL"), through its representatives contacted the Trustee's counsel in response to the First Omnibus Objection regarding Proof of Claim No. 456 filed by NYDOL (the "NYDOL Claim") against the Debtors' Estates.   The NYDOL subsequently filed a *Response of N.Y. State Department of Labor to First Omnibus Objection* [D.I. 1572] (the "NYDOL Response").  The Trustee through his professionals after negotiations with representatives for the NYDOL have reached a resolution of the NYDOL Claim.   The Trustee has agreed that NYDOL shall have an allowed general unsecured claim for civil penalty in the amount of $30,000 against Debtor, Akorn Operating LLC, Case No. 23-10255 and to provide for allowance of such claim in the Revised Order (as defined herein and attached hereto).

3.      Subsequent to the filing of the First Omnibus Objection, claimant, Water Technologies Corporation ("WTC"), through its counsel contacted the Trustee's counsel in response to the First Omnibus Objection (the "WTC Informal Response") regarding Proof of Claim No. 278 filed by WTC (the "WTC Claim") against the Debtors' Estates.   The Trustee through his professionals have communicated with counsel to WTC and after negotiations with WTC, the Trustee has agreed to withdraw his objection and has removed the WTC Claim from Exhibit "A" to the Revised Order (as defined herein and attached hereto).

4.      Subsequent to the filing of the First Omnibus Objection, claimant, SSI Services, Inc. ("SSI"), through its counsel contacted the Trustee's counsel in response to the First Omnibus Objection (the "SSI Informal Response") regarding Proof of Claim No. 14 filed by SSI (the "SSI Claim") against the Debtors' Estates.   The Trustee through his professionals have communicated with counsel to SSI and are currently in negotiations regarding the SSI Claim; accordingly, the Trustee has agreed to (i) adjourn the Trustee's objection to the SSI Claim to May 15, 2026 at 10:00

114317141\1 6010823/00574256
03/26/2026

a.m. and extend the response date to May 1, 2026 and (ii) remove the SSI Claim from Exhibit "A" to the Revised Order (as defined herein and attached hereto).

5.      Subsequent to the filing of the First Omnibus Objection, claimant, Philadelphia Indemnity Insurance Company ("PIIC"), through its counsel contacted the Trustee's counsel in response to the First Omnibus Objection (the "PIIC Informal Response") regarding Proof of Claim No. 248 filed by PIIC (the "PIIC Claim") against the Debtors' Estates.   The Trustee through his professionals have communicated with counsel to PIIC and are currently in negotiations regarding the PIIC Claim; accordingly, the Trustee has agreed to (i) adjourn the Trustee's objection to the PIIC Claim to May 15, 2026 at 10:00 a.m. and extend the response date to May 1, 2026 and (ii) remove the PIIC Claim from Exhibit "A" to the Revised Order (as defined herein and attached hereto).

6.      Subsequent to the filing of the First Omnibus Objection, claimant, ARAMARK Uniform & Career Apparel, LLC (n/k/a Vestis Services, LLC) ("Vestis"),  through its counsel contacted the Trustee's counsel in response to the First Omnibus Objection (the "Vestis Informal Response") regarding Proof of Claim No. 365 filed by Vestis (the "Vestis Claim") against the Debtors' Estates.   The Trustee through his professionals have communicated with counsel to Vestis and are currently in negotiations regarding the Vestis Claim; accordingly, the Trustee has agreed to (i) adjourn the Trustee's objection to the Vestis Claim to May 15, 2026 at 10:00 a.m. and extend the response date to May 1, 2026 and (ii) remove the Vestis Claim from Exhibit "B" to the Revised Order (as defined herein and attached hereto).

7.      Subsequent to the filing of the First Omnibus Objection, claimant, Argo Partners ("Argo"),  through its counsel contacted the Trustee's counsel in response to the First Omnibus Objection (the "Argo Informal Response") regarding Proof of Claim No. 255 filed by Argo (the

3

"Argo Claim") against the Debtors' Estates.    The Trustee through his professionals have communicated with counsel to Argo and are currently in negotiations regarding the Argo Claim; accordingly, the Trustee has agreed to (i) adjourn the Trustee's objection to the Argo Claim to May 15, 2026 at 10:00 a.m. and extend the response date to May 1, 2026 and (ii) remove the Argo Claim from Exhibits "B" and "C" to the Revised Order (as defined herein and attached hereto).

8.    With the exception of the NYDOL Response, the WTC Informal Response, the SSI Informal Response, the PIIC Informal Response, the Vestis Informal Response and the Argo Informal Response which have now been resolved, or, adjourned,  no other answer, objection or other responsive pleading to the First Omnibus Objection has been filed or received by the Trustee. Responses to the First  Omnibus Objection were due to be filed by March 20, 2026 at 4:00 p.m.

9.    Attached as Exhibit "1" to this Certification of Counsel is a redline version of the revised proposed Order regarding the First Omnibus Objection reflecting the changes made to the proposed Order and revised Exhibits "A", "B" and "C" as originally filed with the First Omnibus Objection.

Attached as Exhibit "2" to this Certification of Counsel is a clean version of the revised proposed order regarding the First  Omnibus Objection and revised Exhibits "A", "B" and "C" sustaining the Trustee's First Omnibus Objection (collectively, the "Revised Order").

WHEREFORE, the Trustee respectfully requests that this Court enter the Revised Order and revised Exhibits "A", "B" and "C" thereto (attached hereto as Exhibit "2") sustaining the First Omnibus Objection at the Court's earliest convenience.

114317141\1 6010823/00574256
03/26/2026

Dated:  March 26, 2026                    COZEN O'CONNOR

                    By:    */s/ John T. Carroll*
                            John T. Carroll, III (DE No. 4060)
                            1201 N. Market Street
                            Suite 1001
                            Wilmington, DE  19801
                            (302) 295-2028 Phone
                            (302) 295-2013 Fax No.
                            jcarroll@cozen.com

                            *Counsel to George L. Miller,*
                            *Chapter 7 Trustee*

114317141\1 6010823/00574256
03/26/2026