# EXHIBIT "2"

# REVISED ORDER

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 7 |
| AKORN HOLDING COMPANY LLC, *et al* [1] | Case No. 23-10253 (KBO)<br>(Jointly Administered) |
| Debtors. | **Related Doc. No.    1564, 1569, 1572** |

**ORDER SUSTAINING FIRST OMNIBUS (SUBSTANTIVE) OBJECTION TO CERTAIN CLAIMS PURSUANT TO SECTION 502 OF THE BANKRUPTCY CODE, RULES 3007 AND 9014 OF THE FEDERAL RULES OF BANKRUPTCY PROCEDURE AND BANKR. D. DEL. L.R. 3007-1**

Upon consideration of the First Omnibus (Substantive) Objection to Certain Claims pursuant to Section 502 of the Bankruptcy Code, Rules 3007 and 9014 of the Federal Rules of Bankruptcy Procedure and Bankr. D. Del L.R. 3007-1 (the "First Omnibus Objection"),[2] filed by George L. Miller, the Trustee (the "Trustee") for the Estates of the above-captioned Debtors; and the Declaration of the William A. Homony, attached as Exhibit "D" to the First Omnibus Objection (the "Declaration"); and it appearing that good and sufficient notice of the First Omnibus Objection has been given and that no further notice of the First Omnibus Objection or entry of this order need be provided; and upon the entire record herein; and the Bankruptcy Court having considered the First Omnibus Objection, the Declaration, and the Disputed Claims; and after due deliberation and good and sufficient cause appearing therefore;

---

[1] The Debtors in these chapter 7 cases, along with the last four digits of their federal tax identification numbers, and cases numbers are Akorn Holding Company LLC (9190), Case No. 23-10253 (KBO); Akorn Intermediate Company LLC (6123), Case No. 23-10254 (KBO); and Akorn Operating Company LLC (6184), Case No. 23-10255.  The Debtors' headquarters was located at 5605 CenterPoint Court, Gurnee, IL 60031.

[2] Unless expressly defined herein, capitalized terms shall have the meanings ascribed to them in the First Omnibus Objection.

LEGAL\114319641\2 6010823/00574256

**IT IS HEREBY FOUND THAT:**

A. Each holder of a Disputed Claim listed on Exhibit "A," Exhibit "B," and Exhibit "C" of the First Omnibus Objection (the "Claimants") was provided proper and adequate notice of the First Omnibus Objection pursuant to Bankruptcy Rule 3007 and Local Rule 3007-1;

B. The First Omnibus Objection is a core proceeding under 28 U.S.C. § 157(b)(2);

C. Any entity known to have an interest in the Disputed Claims listed on Exhibit "A," Exhibit "B," and Exhibit "C" has been afforded reasonable opportunity to respond or to be heard regarding the relief requested in the First Omnibus Objection;

D. Each of the No Liability Claims listed on the attached revised Exhibit "A", except as otherwise expressly provided herein, are claims that do not agree with the Debtors' Books and Records, are not based on actual liability amounts against the Debtors and/or do not otherwise support a claim against the Debtors;

E. Each of the Modified Amount Claims listed on the attached revised Exhibit "B" are claims that set forth a basis for a claim in reduced or modified amounts;

F. Each of the Modify Claim Amount and/or Classification Claims listed on the attached revised Exhibit "C" are claims that set forth a basis for a claim in reduced or modified amounts and modified classification;

G. The relief requested in the First Omnibus Objection is in the best interest of the Debtors' Estates, creditors, and other parties in interest; and it is therefore

LEGAL\114319641\2 6010823/00574256

**ORDERED, ADJUDGED AND DECREED THAT:**

1.      The First Omnibus Objection is **GRANTED** to the extent set forth herein.

2.      Pursuant to Sections 105(a) and 502(b) of the Bankruptcy Code, each of the No Liability Claims identified on Exhibit "A" hereto, with the exception of proof of claim no. 456 filed by the New York State Department of Labor, are hereby disallowed in their entirety as identified in the "Reason for Disallowance" column on Exhibit "A" without prejudice to the Trustee's right and ability to raise any further objection.   The New York State Department of Labor shall have an allowed general unsecured claim for civil penalty in the amount of $30,000 against Debtor, Akorn Operating LLC, Case No. 23-10255.

3.      Pursuant to Sections 105(a) and 502(b) of the Bankruptcy Code, each of the Modified Amount Claims identified on Exhibit "B" hereto are hereby reduced as identified in the "Modified Claim Amount" column on Exhibit "B," without prejudice to the Trustee's right and ability to raise any further objection.

4.      Pursuant to Sections 105(a) and 502(b) of the Bankruptcy Code, each of the Modify Claim Amount and/or Classification Claims identified on Exhibit "C" hereto are hereby reclassified and the claim amounts reduced and/or modified as identified in the "Modified Status and Amount" column on Exhibit "C," without prejudice to the Trustee's rights and ability to raise any further objection.

5.      The Bankruptcy Court shall retain jurisdiction over the Debtors' Estates and the Claimants whose claims are subject to the First Omnibus Objection with respect to any matters related to or arising from the implementation of this Order.

6.      Each of the Disputed Claims and the objection by the Trustee constitutes a separate contested matter pursuant to Bankruptcy Rule 9014.  This Order shall be deemed a separate Order

LEGAL\114319641\2 6010823/00574256

with respect to each of the Disputed Claims.  Any stay of this Order pending appeal by any of the Claimants shall not act to stay the applicability and/or finality of this Order with respect to any other contested matters covered hereby.

7.      This Order is without prejudice to the Trustee's right to amend, modify, or supplement the First Omnibus Objection, or to file additional non-substantive or substantive objections.

8.      This Order does not affect any claims, rights, or remedies the Trustee has or may have against the Claimants in respect of any amounts owed to the Debtors' Estates by any Claimant under Chapter 5 of the Bankruptcy Code, including without limitation the right to seek disallowance of a Disputed Claim pursuant to Section 502(d) of the Bankruptcy Code.

# EXHIBIT "A"

# NO LIABILITY CLAIMS

**Akorn Holdings Company LLC, et al.**
**Case No. 23-10253-KBO**
**Exhibit A - No Liability Claims**
**First Omnibus (Substantive) Objection**

| Claimant Name | Debtor | Claim Number | Claim Amount | Reason for Disallowance |
|---|---|---|---|---|
| ACE American Insurance Company<br>Duane Morris LLP<br>Attn: Wendy M. Sumkulak<br>30 S. 17th Street<br>Philadelphia PA 19103 | Akorn Operating LLC<br>(Case No. 23-10255) | 323.1 | $0 plus unliquidated/contingent | Debtor has no obligation or liability for asserted claim and the claim does not agree with the Debtors' Books and Records. Claimant filed a protective claim in advance of proof of claim bar date. Claim is contingent and unliquidated in connection with potential insurance premiums and other obligations. No specific claims or other details are provided to support any actual liability. |
| Arch Insurance Company<br>Francine Petrosino, Legal Assistant<br>210 Hudson Street, Suite 300<br>Jersey City, NJ 07311 | Akorn Operating LLC<br>(Case No. 23-10255) | 411.1 | $0 plus unliquidated/contingent | Debtor has no obligation or liability for asserted claim and the claim does not agree with the Debtors' Books and Records.Claimant filed a protective claim in advance of proof of claim bar date. Claim is contingent and unliquidated in connection with potential unidentified claims covered by insurance policies issued by Claimant. No specific claims or other details are provided to support any actual liability. |
| Chubb Custom Insurance Company<br>Duane Morris LLP<br>Attn: Wendy M. Sumkulak<br>30 S. 17th Street<br>Philadelphia PA 19103 | Akorn Operating LLC<br>(Case No. 23-10255) | 325.1 | $0 plus unliquidated/contingent | Debtor has no obligation or liability for asserted claim and the claim does not agree with the Debtors' Books and Records.Claimant filed a protective claim in advance of proof of claim bar date. Claim is contingent and unliquidated in connection with potential insurance premiums and other obligations. No specific claims or other details are provided to support any actual liability. |
| ClarusOne Sourcing Services LLP<br>Russell Square House<br>10-12 Russell Square<br>London WC1b5EH<br>United Kingdom | Akorn Operating LLC<br>(Case No. 23-10255) | 381.1 | $0 plus unliquidated/contingent | Debtor has no obligation or liability for asserted claim and the claim does not agree with the Debtors' Books and Records. Claimant filed a protective claim in advance of proof of claim bar date. Claim is contingent and unliquidated in connection with potential obligations under a contract between the parties. No specific claims or other details are provided to support any actual liability. |
| Federal Insurance Company<br>Duane Morris LLP<br>Attn: Wendy M. Sumkulak<br>30 S. 17th Street<br>Philadelphia PA 19103 | Akorn Operating LLC<br>(Case No. 23-10255) | 324.1 | $0 plus unliquidated/contingent | Debtor has no obligation or liability for asserted claim and the claim does not agree with the Debtors' Books and Records.Claimant filed a protective claim in advance of proof of claim bar date. Claim is contingent and unliquidated in connection with potential insurance premiums and other obligations. No specific claims or other details are provided to support any actual liability. |
| Great Northern Insurance Company<br>Duane Morris LLP<br>Attn: Wendy M. Sumkulak<br>30 S. 17th Street<br>Philadelphia PA 19103 | Akorn Operating LLC<br>(Case No. 23-10255) | 326.1 | $0 plus unliquidated/contingent | Debtor has no obligation or liability for asserted claim and the claim does not agree with the Debtors' Books and Records.Claimant filed a protective claim in advance of proof of claim bar date. Claim is contingent and unliquidated in connection with potential insurance premiums and other obligations. No specific claims or other details are provided to support any actual liability. |
| Illinois Union Insurance Company<br>Duane Morris LLP<br>Attn: Wendy M. Sumkulak<br>30 S. 17th Street<br>Philadelphia PA 19103 | Akorn Operating LLC<br>(Case No. 23-10255) | 327.1 | $0 plus unliquidated/contingent | Debtor has no obligation or liability for asserted claim and the claim does not agree with the Debtors' Books and Records.Claimant filed a protective claim in advance of proof of claim bar date. Claim is contingent and unliquidated in connection with potential insurance premiums and other obligations. No specific claims or other details are provided to support any actual liability. |

**Akorn Holdings Company LLC, et al.**
**Case No. 23-10253-KBO**
**Exhibit A - No Liability Claims**
**First Omnibus (Substantive) Objection**

| Claimant Name | Debtor | Claim Number | Claim Amount | Reason for Disallowance |
|---|---|---|---|---|
| Mississippi Department of Revenue<br>Attn Bankruptcy Section<br>PO Box 22808<br>Jackson, MS 39225−2808 | Akorn Holding Company LLC<br>(Case No. 23-10253) | 153.1 | Unliquidated/Unknown | Debtor has no obligation or liability for asserted claim and the claim does not agree with the Debtor's Books and Records.  Claimant filed the claim as a placeholder for any liabilities related to periods subject to audit that claimant may assess the Debtor under Mississippi law. |
| New York State Department of Health<br>Attn: Martin A. Mooney, Assistant Attorney General<br>The Capitol<br>Albany NY 12224 | Akorn Operating LLC<br>(Case No. 23-10255) | 210.1 | $                    66,863.22 | Debtor has no obligation or liability for asserted claim and the claim does not agree with the Debtors' Books and Records.  Claim is for obligations of the  Debtors' predecessor companies in first bankruptcy related to year 2017. |
| New York State Department of Labor<br>Office of Counsel<br>1220 Washington Ave., Room 509<br>Albany, NY 12240 | Akorn Operating LLC<br>(Case No. 23-10255) | 456.1 | 4,445,959.04 (as filed); to be allowed as $30,000 GUC | The Trustee has reached a resolution with the New York State Department of Labor (NYDOL) regarding claim no. 456. The Trustee and NYDOL have agreed that NYDOL shall have an allowed general unsecured claim for civil penalty in the reduced amount of $30,000 against Debtor, Akorn Operating LLC, Case No. 23-10255. |
| U.S. Customs and Border Protection<br>Attn: Revenue Division, Bankruptcy Team<br>6650 Teleco Drive, Suite 100<br>Indianapolis, IN  46278 | Akorn Operating LLC<br>(Case No. 23-10255) | 34.1 | $0 plus unliquidated/contingent | Debtor has no obligation or liability for asserted claim and the claim does not agree with the Debtors' Books and Records.   Claimant filed a protective claim in advance of proof of claim bar date.  Claim is contingent and unliquidated in connection with potential customs duties, fees and other charges.  No specific claims or damages are provided to support any actual liability. |

# EXHIBIT "B"

# MODIFIED AMOUNT CLAIMS

**Akorn Holdings Company LLC, et al.**
**Case No. 23-10253-KBO**
**Exhibit B - Modified Amount Claims**
**First Omnibus (Substantive) Objection**

| Claimant Name | Debtor | Claim Number | Filed Claim Amount | Modified Claim Amount | Reason for Modification |
|---|---|---|---|---|---|
| Apexus, LLC<br>Mike Benedict<br>290 E. John Carpenter Freeway<br>Irving, TX 75062 | Akorn Intermediate Company LLC<br>(Case No. 23-10254) | 222.1 | $ 190,000.00 | $ 62,370.29 | Claim does not include sufficient documentation to ascertain the validity of the asserted claim in the filed amount. The reduced modified claim amount is reported on the Debtor's Bankruptcy Schedule F. |
| Carty Eye Associates<br>830 Old Lancaster Road<br>Bryn Maur, PA 19010 | Akorn Operating LLC<br>(Case No. 23-10255) | 346.1 | Unknown | $ 398.00 | Claim alleges an unknown amount is owed from the Debtor. The Debtor's Bankrtupcy Schedule F reports $398.00 owed to the Claimant. |
| DiFazio Power & Electric, LLP<br>Maxwell Rubin, Esq.<br>Warshaw Burstein, LLP<br>575 Lexington Avenue, 7th Floor<br>New York, NY 10022 | Akorn Holding Company LLC<br>(Case No. 23-10253) | 257.1 | $ 468,031.91 | $ 76,499.42 | Claim amount reduced by $391,532.49 which is included in Henderson Constructors, Inc. (AOC Claim #73.1). Henderson was the general contractor of a project of which claimant provided subcontractor services. Claimant has no contractual relationship with the Debtor. |
| Hartcorn Plumbing & Heating, Inc.<br>850 South 2nd Street<br>Ronkonkoma, NY 11779 | Akorn Holding Company LLC<br>(Case No. 23-10253) | 25.1 | $ 278,264.20 | 16,976.65 | Claim amount reduced by $261,287.55 which is included in Henderson Constructors, Inc. (AOC Claim #73.1). Henderson was the general contractor of a project of which claimant provided subcontractor services. Claimant has no contractual relationship with the Debtor. |
| Johnson Controls Security Solutions LLC<br>10405 Crosspoint Blvd.<br>Indianapolis IN 46256 | Akorn Operating LLC<br>(Case No. 23-10255) | 305.1 | $ 8,681.95 | $ 5,725.65 | Modified claim amount reduced to reflect post-petition invoices paid by Trustee in the amount of $2,956.30. |
| State of California<br>Bankruptcy Section MS A-340<br>Franchise Tax Board<br>PO Box 2952<br>Sacramento, CA 95812-2952 | Akorn Holding Company LLC<br>(Case No. 23-10253) | 402.1 | $ 1,816,235.14 | $ 6.00 | The Debtors' filed tax returns for the years 2020 - 2023 reflect a $6 penalty for 2020. All other tax years report no tax, interest or penalty owing. The claim should be reduced to a $6 general unsecured claim. |

# EXHIBIT "C"

# MODIFY CLAIM AMOUNT AND/OR CLASSIFICATION CLAIMS

**Akorn Holdings Company LLC, et al.**
**Case No. 23-10253-KBO**
**Exhibit C - Modified Priority Claims**
**First Omnibus (Substantive) Objection**

| Name of Claimant | Claim Number | Debtor | Claim Amount | Claim Priority Status | Modified Status and Amount (if applicable) | Reason for Modification |
|---|---|---|---|---|---|---|
| Abbott Laboratories, Inc. Kohner, Mann & Kailas, S.C. 2650 North Port Washington Road Milwaukee WI 53212 | 6.1 | Akorn Operating LLC (Case No. 23-10255) | Secured - $36,000.00 Unsecured -$492,614.01 | Secured | General Unsecured | Trustee did not locate or sell the identified collateral valued at $36,000.00. |
| Bodines Electric of Decatur Attn: Edward Q. Costa 225 N. Water Street, Suite 301 Decatur IL 62523 | 212.1 | Akorn Operating LLC (Case No. 23-10255) | $  294,814.36 | Secured | General Unsecured | Claimant asserts a mechanics lien on real property.  Proceeds from the sale of collateral (real property) paid the first priority lien holder.  The Trustee is not in possession of any collateral proceeds. |
| DiFazio Power & Electric, LLP Maxwell Rubin, Esq. Warshaw Burstein, LLP 575 Lexington Avenue, 7th Floor New York, NY 10022 | 257.1 | Akorn Holding Company LLC (Case No. 23-10253) | $  468,031.91 | Secured | General Unsecured | Claimant asserts a mechanics lien on real property.  Proceeds from the sale of collateral (real property) paid the first priority lien holder.  The Trustee is not in possession of any collateral proceeds. |
| Hain Capital Investors Master Fund, LTD 302 Route 17 North, 7th Floor Rutherford, NJ 07070 | 205.1 | Akorn Operating LLC (Case No. 23-10255) | $  280,278.00 | Secured | General Unsecured | Claimant asserts a mechanics lien on real property.  Proceeds from the sale of collateral (real property) paid the first priority lien holder.  The Trustee is not in possession of any collateral proceeds. |
| Hartcorn Plumbing & Heating, Inc. 850 South 2nd Street Ronkonkoma, NY 11779 | 25.1 | Akorn Holding Company LLC (Case No. 23-10253) | $  278,264.20 | Secured | General Unsecured | Claimant asserts a mechanics lien on real property.  Proceeds from the sale of collateral (real property) paid the first priority lien holder.  The Trustee is not in possession of any collateral proceeds. |