## IN THE UNITED STATES BANKRUPTCY
## COURT FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>AKORN HOLDING COMPANY, LLC, *et al.*,<br><br>Debtors.[2] | Chapter 7<br>(*jointly administered*)<br><br>Case No. 23-10253 (KBO)<br><br><br>**Hrg. Date: June 12, 2026 at 10:00 a.m. ET**<br>**Obj. Ddl.:  May 27, 2026 at 4:00 p.m. ET** |

**MOTION OF GEORGE L. MILLER, CHAPTER 7 TRUSTEE TO THE ESTATES OF AKORN HOLDING COMPANY, LLC, ET AL. TO APPROVE SETTLEMENT AGREEMENT WITH THE BAIN DEFENDANTS[3]**

George L. Miller, the chapter 7 trustee (the "Trustee") to the estates of the above-captioned debtors (collectively, the "Debtors"), hereby files this motion (the "Motion") for an order, pursuant to sections 105(a) and 704 of title 11 of the United States Code, as amended  (the "Bankruptcy Code") and Rule 9019 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rule(s)") approving the Settlement Agreement[4] (the "Settlement Agreement") with the Bain Defendants. The Bain Defendants along with the Trustee, shall collectively be referred to as (the "Parties").  In support of the Motion, the Trustee respectfully represents as follows:

---

[2] The Debtors along with the last four digits of their federal tax identification numbers, and cases numbers are Akorn Holding Company LLC (9190), Case No. 23-10253 (KBO); Akorn Intermediate Company LLC (6123), Case No. 23-10254 (KBO); and Akorn Operating Company LLC (6184), Case No. 23-10255. The Debtors' headquarters is located at 5605 CenterPoint Court, Gurnee, IL 60031.

[3] Defendants Kevin Bain, James E. Bauersmith, Steven Lynn, Lynn Consulting, LLC, Steven Jeffords, Elizabeth Jeffords, Mark A. Rechan, Jeffrey Wasserstein, and Robert B. Webster will be referred to herein as the "Bain Defendants".

[4] The Settlement Agreement is attached hereto as **Exhibit A**.

**JURISDICTION AND VENUE**

1.      The Court has jurisdiction over this Motion pursuant to 28 U.S.C. §§ 157 and 1334.  This matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A), (F) and (O).  Venue of this proceeding and this Motion is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409.  The statutory predicates for the relief sought herein are sections 105(a) and 704 of the Bankruptcy Code and Bankruptcy Rule 9019.

**BACKGROUND**

2.      On February 23, 2023, (the "Petition Date"), the Debtors each commenced with this Court (the "Bankruptcy Court"), a voluntary case under chapter 7 of the Bankruptcy Code (collectively, the "Chapter 7 Cases"). The Chapter 7 cases are jointly administered for procedural purposes only pursuant to Bankruptcy Rule 1015(b).

3.      The United States Trustee (the "United States Trustee") appointed George L. Miller as chapter 7 trustee for the Debtors' estates, such that the Trustee succeeded and acquired the authority and standing to, among other things, liquidate the estate and pursue certain of the Debtors' litigation claims.

4.      The Bain Defendants, as members of the Board of Directors, received Restricted Stock Units ("RSUs") from Debtor Akorn Holding Company, LLC in the two-year period before the Petition Date.

5.      In the Adversary Proceeding, defined *infra*, the Trustee alleged that, subsequent to the issuance of the RSUs, the Debtors and the Bain Defendants became aware that the Debtors were hopelessly insolvent and the RSUs had a fair value of zero.

6.      Further, the Trustee alleged that, on or before the Petition Date, the Debtor

4

Akorn Operating Company, LLC redeemed the RSUs for value, all of which value was well in excess of the value of the RSUs as set forth in Exhibit A to the Complaint, defined *infra*. According to the Schedules and Bank Accounts, Debtor Akorn Operating Company, LLC made one or more transfers of an interest of Debtor Akorn Operating Company, LLC's property through payments to Defendants during the Transfer Period[5] (the "Transfers").

7. On February 21, 2025, an adversary proceeding styled *George L. Miller v. Kevin Bain et al.* was filed in the Bankruptcy Court thereby commencing the adversary case number 25-50367 (KBO) (the "Adversary Proceeding").

8. In the Adversary Proceeding, the Trustee, on behalf of the Debtors' estates, asserted certain claims against the Bain Defendants, including avoidance of fraudulent transfer under section 548, 544 and ILCA 160/5 and 160/6, 70 Del. Laws. Sections 1304 and 1304, and recovery of preferential transfers under section 550 (the "Claims").

9. The Bain Defendants deny these allegations and have asserted defenses to the Claims.

10. The Adversary Proceeding demands the return of an aggregate amount of $325,145.92.

11. After negotiation, the Parties have been able to reach a full and final settlement relating to the Transfers and other matters between them.

12. As set forth in the Settlement Agreement, annexed hereto as **Exhibit "A"**, the Parties have agreed that the Bain Defendants shall direct to be paid $105,000.00 (the "Settlement Payment") to the Trustee in full and final settlement of the Transfers, Claims,

---

[5] All capitalized, yet undefined, terms herein have the meaning ascribed to them in the Complaint.

Adversary Proceeding, and in return for a general release of claims from the Trustee, Debtors and their estates.

**RELIEF REQUESTED**

13.     By this Motion, the Trustee seeks this Court's approval of the Settlement Agreement pursuant to sections 105 and 704 of the Bankruptcy Code and Bankruptcy Rule 9019.

14.     This Court has the authority to grant the relief requested in this Motion pursuant to Section 105 of the Bankruptcy Code and Bankruptcy Rule 9019.  Section 105(a) of the Bankruptcy Code provides that "[t]he court may issue any order. . .that is necessary or appropriate to carry out the provisions of this title."  Bankruptcy Rule 9019 grants the Court authority to approve settlements of claims and controversies after notice and a hearing.[4]  Under this authority, the Third Circuit has emphasized that "to minimize litigation and expedite the administration of a bankruptcy estate, '[c]ompromises are favored in bankruptcy.'" *Myers v. Martin (In re Martin)*, 91 F. 3d 389, 393 (3d Cir. 1996) (*quoting* 9 Collier on Bankruptcy ¶ 9019.03[1] (15th ed. 1993).  In addition, this District has recognized that the approval of a proposed compromise and settlement is committed to the sound discretion of the bankruptcy court.  *See In re Louise's, Inc.,* 211 B.R. 798, 801 (D. Del. 1997).

15.     Settlements in bankruptcy are favored as a means of minimizing litigation, expediting the administration of the bankruptcy estates, and providing for the efficient resolution of bankruptcy cases. *In re Martin*, 91 F.3d 389, 393 (3d Cir. 1996); *In re Mavrode*, 205 B.R. 716, 719 (Bankr. D.N.J. 1997).  To achieve these results, Bankruptcy Rule 9019(a) empowers a bankruptcy court to approve a settlement or compromise by a

debtor after notice and a hearing. FED. R. BANKR. P. 9019(a).

16.     Before approving a settlement under Bankruptcy Rule 9019, a court must determine whether "the compromise is fair, reasonable, and in the interests of the estate." *In re Marvel Entertainment Group, Inc.,* 222 B.R. 243, 249 (D. Del. 1998) (*quoting Louise's*, 211 B.R. at 801).  To reach such a determination, the court must assess the value of the claim that is being settled and balance it against the value to the estate of the approval of the settlement.

*Martin*, 91 F.3d at 393.  In striking this balance, the court should consider the following factors:

    a.   The probability of success in the litigation;

    b.   The complexity, expense and likely duration of the litigation;

    c.   The possibilities of collecting on any judgment which might be obtained;

    d.   All other factors relevant to making a full and fair assessment of the wisdom of the proposed compromise; and

    e.   Whether the proposed compromise is fair and equitable to the debtors, their creditors, and other parties in interest.  *Protective Comm. For Indep. Stockholders of TMT Trailer Ferry, Inc. v. Anderson,* 390 U.S. 414, 424-425 (1968).  *See also Martin*, 91 F.3d at 393.  Basic to the process of evaluating proposed settlements is "the need to compare the terms of the compromise with the likely rewards of litigation." *TMT Trailer Ferry*, 390 U.S. at 425.  The *TMT* rule does not require the Court to hold a full evidentiary hearing before a compromise can be approved, rather, the Court's obligation is "to canvas the issues and see whether the settlement 'falls below the lowest point in a range of reasonableness.'" Collier on

Bankruptcy, ¶ 9019.2, 9019-4 (15th ed.) (*quoting In re Drexel Lambert Group, Inc.,* 134 B.R. 493 (Bankr. S.D.N.Y. 1991)). *See also, Cosoff v. Rodman (In re W.T. Grant Co.),* 699 F.2d 599, 608 (2d Cir. 1983).

17.     When applying the above criteria to the facts of a particular case, a bankruptcy court does not have to conduct a mini-trial to determine the probable outcome of any claims waived in the settlement. *Cajun Electric Power Cooperative, Inc.*, 119 F.3d at 356. Nor does a bankruptcy court have to conduct an evidentiary hearing as a prerequisite to approving a settlement. *In re Depositer*, 36 F.3d 582, 586 (7th Cir. 1994).

18.     The bankruptcy court must, however, gather all of the relevant facts and law so that it can make an informed, intelligent, and objective decision with respect to approving the settlement. *Depositer*, 36 F.3d at 586. *See also Cajun Electric Power Cooperative*, 119 F.3d at 356.

19.     In the present matter, the Settlement Agreement falls well within the range of reasonableness and, accordingly, should be approved. The Parties have agreed to settle all matters relating to the Transfers for $105,000.00. In addition, upon approval of the Settlement Agreement, the Parties give a each other a full, final, and general release from any and all claims known and unknown, between the Parties, Debtors and their estates, thus further resolving any potential additional litigable matter between any of the Defendants, on the one hand, and the Trustee, Debtors and their estates, on the other hand.

20.     Therefore, the Trustee has determined that the terms set forth in the Settlement Agreement are in the best interests of the estates and all of the creditors and are reasonable and within the Trustee's sound business judgment.

8

## NOTICE

21.     Notice of the Motion has been served on the Office of the United States Trustee, the Bain Defendants, and all parties requesting notice pursuant to Bankruptcy Rule 2002.  The Trustee submits that such notice is sufficient.

WHEREFORE, the Trustee respectfully requests that this Court enter an order approving the Settlement Agreement and granting such other relief as may be just and appropriate under the circumstances.

Dated: May 13, 2026
       Wilmington, Delaware

**CIARDI CIARDI & ASTIN**

*/s/ John D. McLaughlin, Jr.*
John D. McLaughlin, Jr. (No. 4123)
 Ciardi Ciardi & Astin
1204 N. King Street
Wilmington, DE  19801
Telephone:  484-437-2676
Email:  jmclaughlin@ciardilaw.com

-and-

Albert A. Ciardi, III, Esq.
Walter W. Gouldsbury III, Esq.
1905 Spruce Street
Philadelphia, PA 19103
Tel: (215) 557-3550
Fax: (215) 557-3551
aciardi@ciardilaw.com
wgouldsbury@ciardilaw.com

*Counsel to George L. Miller,*
*Chapter 7 Trustee*