**IN THE UNITED STATES BANKRUPTCY
COURT FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re:<br><br>AKORN HOLDING COMPANY, LLC, *et al.*,<br><br><div align="center">Debtors.[3]</div> | Chapter 7<br>(*jointly administered*)<br><br>Case No. 23-10253 (KBO)<br><br><br>**Hrg. Date: June 12, 2026 at 10:00 a.m. ET**<br>**Obj. Ddl.:  May 27, 2026 at 4:00 p.m. ET** |

**OMNIBUS MOTION OF GEORGE L. MILLER, CHAPTER 7 TRUSTEE TO THE
ESTATES OF AKORN HOLDING COMPANY, LLC, ET AL. TO APPROVE
SETTLEMENT AGREEMENT WITH ADVERSARY DEFENDANTS[4]**

George L. Miller, the chapter 7 trustee (the "Trustee") to the estates of the above-captioned debtors (collectively, the "Debtors"), hereby files this motion (the "Motion") for an order, pursuant to sections 105(a) and 704 of title 11 of the United States Code, as amended  (the "Bankruptcy Code") and Rule 9019 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rule(s)") approving the Settlement Agreements[5] (the "Settlement Agreements") with the Defendants. The Defendants, along with the Trustee, shall collectively be referred to as (the "Parties").  In support of the Motion, the Trustee respectfully represents as follows:

### JURISDICTION AND VENUE

1.      The Court has jurisdiction over this Motion pursuant to 28 U.S.C. §§ 157

---

[3] The Debtors along with the last four digits of their federal tax identification numbers, and cases numbers are Akorn Holding Company LLC (9190), Case No. 23-10253 (KBO); Akorn Intermediate Company LLC (6123), Case No. 23-10254 (KBO); and Akorn Operating Company LLC (6184), Case No. 23-10255. The Debtors' headquarters is located at 5605 CenterPoint Court, Gurnee, IL 60031.

[4]  The term "Defendants" used herein means: Erislandy Dorado-Boladeres (Adv. Pro. 25-50382), William Ostrowski (Adv. Pro. 25-50384), Christopher Young (Adv. Pro. 25-50381), John Sweeney (Adv. Pro. 25-50383), and Beth Zelnick Kaufman (Adv. Pro. 25-50380).

[5] The Settlement Agreements are attached hereto as **Exhibit A**.

and 1334.  This matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A), (F) and (O).  Venue of this proceeding and this Motion is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409.  The statutory predicates for the relief sought herein are sections 105(a) and 704 of the Bankruptcy Code and Bankruptcy Rule 9019.

## BACKGROUND

2.      On February 23, 2023, (the "Petition Date"), the Debtors each commenced with this Court (the "Bankruptcy Court"), a voluntary case under chapter 7 of the Bankruptcy Code (collectively, the "Chapter 7 Cases"). The Chapter 7 cases are jointly administered for procedural purposes only pursuant to Bankruptcy Rule 1015(b).

3.      The United States Trustee (the "United States Trustee") appointed George L. Miller as chapter 7 trustee for the Debtors' estates, such that the Trustee succeeded and acquired the authority and standing to, among other things, liquidate the estate and pursue certain of the Debtors' litigation claims.

4.      In the Retention Bonus Adversary Proceedings, defined *infra*, the Trustee alleged that, in the two-year period before the Petition Date (the "Transfer Period"), Erislandy Dorado-Boladeres (Adv. Pro. 25-50382), William Ostrowski (Adv. Pro. 25-50384), and Christopher Young (Adv. Pro. 25-50381) (collectively, the "Retention Bonus Defendants"), as officers of the Debtors, entered into letter agreements (the "Retention Bonus Agreements") with Debtor Akorn Operating Company, LLC which provided for the payment of retention bonuses (the "Avoidable Retention Bonuses") at a time when the Retention Bonus Defendants and Debtors, and members of the Board, were aware that the Debtors were insolvent.

5.      The Trustee further alleged that the Retention Bonus Agreements and

Avoidable Retention Bonuses were provided to the Retention Bonus Defendants in exchange for no consideration or for less than reasonably equivalent value.

6.      Finally, the Trustee alleged that, according to the Schedules and Bank Accounts, Debtor Akorn Operating Company LLC made the Avoidable Retention Bonuses from an interest of the Debtor Akorn Operating Company LLC's property through payments to the Retention Bonus Defendants during the Transfer Period (collectively the "Avoidable Retention Bonus Transfers").

7.      On February 21, 2025, the following adversary proceedings were filed against the Retention Bonus Defendants:

   a.   *George L. Miller, solely in his capacity as the Chapter 7 Trustee of Akorn Holding Company, et al. v. Erislandy Dorado-Boladeres* (25-50382-KBO);

   b.   *George L. Miller, solely in his capacity as the Chapter 7 Trustee of Akorn Holding Company, et al. v. William Ostrowski* (25-50384-KBO); and

   c.   *George L. Miller, solely in his capacity as the Chapter 7 Trustee of Akorn Holding Company, et al. v. Christopher Young* (25-50381-KBO)

(collectively, the "Retention Bonus Adversary Proceedings").

8.      In the Retention Bonus Adversary Proceedings, the Trustee, on behalf of the Debtors' estates, asserted certain claims against the Retention Bonus Defendants, including avoidance of fraudulent transfer under section 548, 544 and ILCA 160/5 and 160/6, 70 Del. Laws. Sections 1304 and 1305, and recovery of preferential transfers under section 550 (the "Retention Bonus Claims").

9.      The Retention Bonus Adversary Proceedings demand the return of an Avoidable Retention Bonus in the amount of $125,000.00 per Retention Bonus Defendant.

10.     The Retention Bonus Defendants denied these allegations and raised

defenses to the Retention Bonus Claims.

11.     After negotiation, the Retention Bonus Defendants and the Trustee have been able to reach a full and final settlement relating to the Avoidable Retention Bonus Transfers and other matters between them.

12.     As set forth in the Settlement Agreements, annexed hereto as **Exhibit A**, the Retention Bonus Defendants and the Trustee have agreed that the Retention Bonus Defendants shall reduce and allow their claims against the Debtors in the amounts set forth in **Exhibit A** (the "Retention Bonus Settlement") in full and final settlement of the Avoidable Retention Bonus Transfers. These claims are further detailed in **Exhibit B**. The Retention Bonus Defendants and the Trustee, for and on behalf of the Debtors and their estates, also have agreed to mutual general releases. *See* **Exhibit A**.

13.     Similarly, in the Salary Increase Adversary Proceedings, defined *infra*, the Trustee alleged John Sweeney (Adv. Pro. 25-50383) and Beth Zelnick-Kaufman (Adv. Pro. 25-50380) (collectively, the "Salary Increase Defendants") were parties to the Retention Bonus Agreements with Debtor Akorn Operating Company, LLC.

14.     Further the Trustee alleged, in the Transfer Period and pursuant to the Retention Bonus Agreements, the Salary Increase Defendants, in or around November 2022, received excessive and unjustified salary increases (the "Avoidable Salary Increases") at a time when the Avoidable Salary Defendants and the Debtors as well as members of the Board of Directors, were aware that the Debtors were insolvent.

15.     The Trustee alleged, in November 2022, three months before the Petition Date, the Salary Increase Defendants received the Avoidable Salary Increases by way of a substantial annual salary increase (1) from $425,000 to $725,000, or a 71% increase in the

7

case of John Sweeney and (2) from $540,000 to $825,000, or a 53% increase in the case of Beth Zelnick-Kaufman.

16.     Therefore, the Trustee alleged that the Avoidable Salary Increases were not justified and were not a reasonably equivalent exchange of value and are subject to voidance.

17.     Finally, the Trustee alleged that, according to the Schedules and Bank Accounts, Debtor Akorn Operating Company LLC made the Avoidable Salary Increases from an interest of the Debtor Akorn Operating Company LLC's property through payments to Defendant during the Transfer Period (collectively the "Avoidable Salary Increase Transfers").

18.     The Salary Increase Defendants denied these allegations and raised defenses to the Salary Increase Claims, defined *infra*, and other claims asserted against them.

19.     On February 21, 2025, the following adversary proceedings were filed against the Salary Increase Defendants:

     a.  *George L. Miller, solely in his capacity as the Chapter 7 Trustee of Akorn Holding Company, et al. v. John Sweeney* (25-50383-KBO); and

     b.  *George L. Miller, solely in his capacity as the Chapter 7 Trustee of Akorn Holding Company, et al. v. Beth Zelnick-Kaufman* (25-50380-KBO)

(the "Salary Increase Adversary Proceedings").

20.     In the Salary Increase Adversary Proceedings, the Trustee, on behalf of the Debtors' estates, asserted certain claims against the Salary Increase Defendants, including avoidance of fraudulent transfer under section 548, 544 and ILCA 160/5 and 160/6, 70 Del. Laws. Sections 1304 and 1305, and recovery of preferential transfers under section 550 (the "Salary Increase Claims").

21.     The Salary Increase Adversary Proceedings demand the return of the Avoidable Salary Increase Transfers in the amount of $488,653.83 for John Sweeney and $503,993.25 for Beth Zelnick-Kaufman.

22.     After negotiation, the Salary Increase Defendants and the Trustee have been able to reach a full and final settlement  relating to the Avoidable Salary Increase Transfers.

23.     As set forth in the Settlement Agreements, annexed hereto as **Exhibit A**, the Salary Increase Defendants and the Trustee have agreed that the Salary Increase Defendants shall reduce and allow their claims against the Debtors, other than in connection with any contingent indemnification claims which are reserved, in the amounts set forth in Exhibit A (the "Salary Increase Settlement") in full and final settlement of the Avoidable Salary Increase Transfers.  These claims are further set forth in **Exhibit B**.  The Salary Increase Defendants and the Trustee, for and on behalf of the Debtors and their estates, also have agreed to mutual general releases.  *See* **Exhibit A**.

## RELIEF REQUESTED

24.     By this Motion, the Trustee seeks this Court's approval of the Settlement Agreements pursuant to sections 105 and 704 of the Bankruptcy Code and Bankruptcy Rule 9019.

25.     This Court has the authority to grant the relief requested in this Motion pursuant  to Section 105 of the Bankruptcy Code and Bankruptcy Rule 9019.  Section 105(a) of the Bankruptcy Code provides that "[t]he court may issue any order. . .that is necessary or appropriate to carry out the provisions of this title."  Bankruptcy Rule 9019 grants the Court authority to approve settlements of claims and controversies after notice and a hearing.  Under this authority, the Third Circuit has emphasized that "to minimize

9

litigation and expedite the administration of a bankruptcy estate, '[c]ompromises are favored in bankruptcy.'" *Myers v. Martin (In re Martin)*, 91 F. 3d 389, 393 (3d Cir. 1996) (*quoting* 9 Collier on Bankruptcy ¶ 9019.03[1] (15th ed. 1993). In addition, this District has recognized that the approval of a proposed compromise and settlement is committed to the sound discretion of the bankruptcy court. *See In re Louise's, Inc.,* 211 B.R. 798, 801 (D. Del. 1997).

26.    Settlements in bankruptcy are favored as a means of minimizing litigation, expediting the administration of the bankruptcy estates, and providing for the efficient resolution of bankruptcy cases. *In re Martin*, 91 F.3d 389, 393 (3d Cir. 1996); *In re Mavrode*, 205 B.R. 716, 719 (Bankr. D.N.J. 1997). To achieve these results, Bankruptcy Rule 9019(a) empowers a bankruptcy court to approve a settlement or compromise by a debtor after notice and a hearing. FED. R. BANKR. P. 9019(a).

27.    Before approving a settlement under Bankruptcy Rule 9019, a court must determine whether "the compromise is fair, reasonable, and in the interests of the estate." *In re Marvel Entertainment Group, Inc.,* 222 B.R. 243, 249 (D. Del. 1998) (*quoting Louise's*, 211 B.R. at 801). To reach such a determination, the court must assess the value of the claim that is being settled and balance it against the value to the estate of the approval of the settlement. *Martin*, 91 F.3d at 393. In striking this balance, the court should consider the following factors:

    a. The probability of success in the litigation;

    b. The complexity, expense and likely duration of the litigation;

    c. The possibilities of collecting on any judgment which might be obtained;

    d. All other factors relevant to making a full and fair assessment of the wisdom

of the proposed compromise; and

e.  Whether the proposed compromise is fair and equitable to the debtors, their creditors, and other parties in interest. *Protective Comm. For Indep. Stockholders of TMT Trailer Ferry, Inc. v. Anderson,* 390 U.S. 414, 424-425 (1968). *See also Martin*, 91 F.3d at 393. Basic to the process of evaluating proposed settlements is "the need to compare the terms of the compromise with the likely rewards of litigation." *TMT Trailer Ferry*, 390 U.S. at 425. The *TMT* rule does not require the Court to hold a full evidentiary hearing before a compromise can be approved, rather, the Court's obligation is "to canvas the issues and see whether the settlement 'falls below the lowest point in a range of reasonableness.'" Collier on Bankruptcy, ¶ 9019.2, 9019-4 (15th ed.) (*quoting In re Drexel Lambert Group, Inc.,* 134 B.R. 493 (Bankr. S.D.N.Y. 1991)). *See also, Cosoff v. Rodman (In re W.T. Grant Co.),* 699 F.2d 599, 608 (2d Cir. 1983).

28.    When applying the above criteria to the facts of a particular case, a bankruptcy court does not have to conduct a mini-trial to determine the probable outcome of any claims waived in the settlement. *Cajun Electric Power Cooperative, Inc.*, 119 F.3d at 356. Nor does a bankruptcy court have to conduct an evidentiary hearing as a prerequisite to approving a settlement. *In re Depositer*, 36 F.3d 582, 586 (7th Cir. 1994).

29.    The bankruptcy court must, however, gather all of the relevant facts and law so that it can make an informed, intelligent, and objective decision with respect to approving the settlement. *Depositer*, 36 F.3d at 586. *See also Cajun Electric Power Cooperative*, 119 F.3d at 356.

30.     In the present matter, the Settlement Agreements fall well within the range of reasonableness and, accordingly, should be approved.  The Parties have agreed to settle all matters relating to the Avoidable Retention  Bonus Transfers and the Avoidable Salary Increase Transfers (collectively, the "Transfers").  The Parties also have agreed to reduce and allow the individual defendants' proofs of claim, providing further certainty to the Debtors' claims process.  In addition, upon approval of the Settlement Agreements, the Parties give a each other a full, final, and general release from any and all claims known or unknown, between the Parties, Debtors and their estates, thus further resolving any potential additional litigable matters between any of the Defendants, on the one hand, and the Trustee, Debtor and their estates, on the other hand.  .

31.     Therefore, the Trustee has determined that the terms set forth in the Settlement Agreements are in the best interests of the estates and all of the creditors and are reasonable and within the Trustee's sound business judgment.

## NOTICE

32.     Notice of the Motion has been served on the Office of the United States Trustee, the Defendants, and all parties requesting notice pursuant to Bankruptcy Rule 2002.  The Trustee submits that such notice is sufficient.

WHEREFORE, the Trustee respectfully requests that this Court enter an order approving the Settlement Agreements and granting such other relief as may be just and appropriate under the circumstances.

Dated: May 12, 2026
        Wilmington, Delaware

**CIARDI CIARDI & ASTIN**

*/s/ John D. McLaughlin, Jr.*
John D. McLaughlin, Jr. (No. 4123)
Ciardi Ciardi & Astin

12

1204 N. King Street
Wilmington, DE  19801
Telephone:  484-437-2676
Email:  jmclaughlin@ciardilaw.com

-and-

Albert A. Ciardi, III, Esq.
Walter W. Gouldsbury III, Esq.
1905 Spruce Street
Philadelphia, PA 19103
Tel: (215) 557-3550
Fax: (215) 557-3551
aciardi@ciardilaw.com
wgouldsbury@ciardilaw.com

*Counsel to George L. Miller,*
*Chapter 7 Trustee*

13