# EXHIBIT A

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 7 |
| AKORN HOLDING COMPANY LLC, *et al.*[1] | Case No. 23-10253 (KBO) |
| Debtors. | (Jointly Administered) |

**STIPULATION BETWEEN TRUSTEE AND AKORN AG RESOLVING CLAIM**

George L. Miller, the duly appointed chapter 7 trustee (the "Trustee") for the estates (the "Estates") of the above-captioned Debtors (the "Debtors"), and Akorn AG (now known as Opthtapharm AG, a company formed under the laws of Switzerland) (together with the Trustee, the "Parties"), hereby stipulate (this "Stipulation") as follows:

WHEREAS, on February 23, 2023 (the "Petition Date"), the Debtors commenced these jointly administered bankruptcy cases (collectively, the "Bankruptcy Cases") by each filing a voluntary petition in the United States Bankruptcy Court for the District of Delaware (the "Bankruptcy Court") for relief under chapter 7 of the Bankruptcy Code.

WHEREAS, on or about the Petition Date, the Office of the United States Trustee appointed the Trustee as the chapter 7 trustee for the Estates of each of the Debtors.

WHEREAS, on June 26, 2023, Akorn AG timely filed a proof of claim on the claims register of Debtor Akorn Operating Company LLC asserting a general unsecured claim in the amount of $28,344,959, which is docketed at claim No. 416-1 on the claims register (the "Claim").

---

[1] The Debtors in these chapter 7 cases, along with the last four digits of their federal tax identification numbers, and cases numbers are Akorn Holding Company LLC (9190), Case No. 23-10253 (KBO); Akorn Intermediate Company LLC (6123), Case No. 23-10254 (KBO); and Akorn Operating Company LLC (6184), Case No. 23- 10255. The Debtors' headquarters is located at 5605 CenterPoint Court, Gurnee, IL 60031.

116371655\3

WHEREAS, through counsel, the Trustee contacted Akorn AG and asserted an informal objection to the Claim, and the Parties, through counsel, subsequently entered into discussions about the Claim.

WHEREAS, following arm's-length negotiations, the Parties have agreed to resolve the Trustee's informal objection to the Claim on the terms and conditions set forth below.

NOW, THEREFORE, intending to be legally bound, and subject to Bankruptcy Court approval, the Parties agree as follows:

1.    In full and final resolution of all claims that Akorn AG may possess against any of the Debtor's Estates, including without limitation all claims asserted in the Claim, the Claim shall be allowed as a general unsecured claim against the Estate of Debtor Akorn Operating Company LLC in the amount of $18,500,000 (as so allowed, the "Allowed Claim").  Except for the Allowed Claim, Akorn AG shall have no other claims in these Bankruptcy Cases.

2.    Within twenty (20) days after the entry of a final order[2] of the Bankruptcy Court approving this Stipulation (the "Approval Order"), the Trustee shall make an interim distribution to Opthtapharm AG  on account of the Claim in an amount equal to $12,802,000 (i.e., 69.2% of the agreed-upon face amount of $18,500,000), which payment and future distribution payments, if any, may be made by wire transfer by the Trustee to Opthapharm AG pursuant to wire instructions to be provided by Opthtapharm AG's counsel to Trustee's counsel in advance of such distribution.

3.    Opthtapharm AG , formerly known as Akorn AG, represents and warrants that it is legal owner of the Claim.

---

[2] The Approval Order shall become a final order when the time for taking an appeal has expired or, in the event that an appeal has been taken, on the day when the Approval Order is affirmed with no further right of appeal.

4.      Promptly following the full execution of this Stipulation, the Trustee shall file a motion with the Bankruptcy Court requesting entry of the Approval Order.  The Parties shall cooperate as may be reasonably necessary to obtain Bankruptcy Court approval.  In the event that the Bankruptcy Court enters a final order denying approval of this Stipulation, then this Stipulation shall automatically terminate and be of no further force and effect.  If this Stipulation becomes so terminated, the Parties acknowledge and agree that this Stipulation, and all negotiations and proceedings connected therewith, shall be without prejudice to the rights and remedies of the Parties, and no part of this Stipulation, any statement by the Parties, or any finding of fact or conclusion of law related thereto may be used in any manner by the Parties in any action, suit or proceeding as evidence of the respective rights, liabilities, duties or obligations of the Parties hereto, and the Parties shall be restored fully to their prior positions.

5.      With the exception of the specific obligations, consents, and releases expressly agreed to by the Parties pursuant to this Stipulation, the Parties' acceptance and execution of this Stipulation shall not be deemed an admission of liability by either of the Parties.

6.      This Stipulation may not be modified except as mutually agreed to in writing by the Parties or as ordered by the Bankruptcy Court.

7.      All of the terms, covenants, and conditions herein contained shall inure to the benefit of and be binding upon each of the Parties hereto, their successors, assigns, personal representatives, and heirs.

8.      This Stipulation sets forth the entire understanding of the Parties and supersedes all prior and contemporaneous agreements between the Parties relating to the subject matter contained herein.

9.      The Bankruptcy Court shall retain jurisdiction to enforce the terms of this Stipulation.

Dated: July _____, 2026                          **COZEN O'CONNOR**

                                                 /s/
                                                 John T. Carroll, III (No. 4060)
                                                 Simon E. Fraser (No. 5335)
                                                 1201 N. Market St., Ste. 1001
                                                 Wilmington, DE  19801
                                                 Telephone:  (302) 295-2000
                                                 jcarroll@cozen.com
                                                 sfraser@cozen.com

                                                 *Counsel for the Trustee, George L. Miller*

Dated: July _____, 2026                          **K&L GATES**

                                                 /s/
                                                 A. Lee Hogewood III
                                                 301 Hillsborough Street, Ste. 1200
                                                 Raleigh, NC 27603
                                                 Telephone:  (919) 743-7306
                                                 A.Lee.HogewoodIII@klgates.com

                                                 *Counsel for Akorn AG (n/k/a Opthtapharm AG)*

4