**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

```
-----------------------------------------------------------------x
                                          :   Chapter 7
In re:                                    :
                                          :   Case No. 23-10253 (KBO)
AKORN HOLDING COMPANY LLC, et al.,        :
                                          :
                                          :   (Jointly Administered)
              Debtors.                    :
                                          :
-----------------------------------------------------------------x
                                          :
GEORGE MILLER, Chapter 7 Trustee of the   :
bankruptcy estates of Akorn Holding Company:
LLC, et al.                               :
                                          :
              Plaintiff,                  :
                                          :
vs.                                       :   Adv. Pro. No.: 25-50124 (KBO)
                                          :
C-SQUARED PHARMA LIMITED d/b/a            :
C2 PHARMA,                                :
                                          :
              Defendant.                  :
-----------------------------------------------------------------x
```

**ANSWER OF C-SQUARED PHARMA LIMITED, d/b/a C2 PHARMA,**
**TO COMPLAINT FOR AVOIDANCE AND**
**RECOVERY OF TRANSFERS PURSUANT TO 11 U.S.C. §§ 547, 548 & 550**
**AND TO DISALLOW CLAIMS PURSUANT TO 11 U.S.C. § 502(d)**

C-Squared Pharma Limited, d/b/a C2 Pharma (the "Defendant"), by and through its undersigned attorneys, hereby allege for its Answer to the Complaint (the "Complaint") of George Miller, Chapter 7 Trustee of the Bankruptcy Estates of Akorn Holding Company, LLC, et al. (collectively, the "Plaintiff") as follows:

**NATURE OF THE ACTION**

1.    With respect to paragraph 1 of the Complaint, no admission or denial is required as to Plaintiff's characterization of this action. To the extent that paragraph 1 makes any allegations of fact requiring a response, Defendant denies such allegations.

2.    With respect to paragraph 2 of the Complaint, no admission or denial is required. To the extent that paragraph 2 makes any allegations of fact requiring a response, Defendant denies such allegations.

**JURISDICTION AND VENUE**

3.    Paragraph 3 of the Complaint is a legal conclusion to which no response is required. To the extent that paragraph 3 makes any allegations of fact requiring a response, Defendant denies such allegations.

4.    Paragraph 4 of the Complaint is a legal conclusion to which no response is required. To the extent that paragraph 4 makes any allegations of fact requiring a response, Defendant denies such allegations.

5.    Paragraph 5 of the Complaint is a legal conclusion to which no response is required. To the extent that paragraph 5 makes any allegations of fact requiring a response, Defendant denies such allegations.

6.    Paragraph 6 of the Complaint is a legal conclusion to which no response is required. To the extent that paragraph 6 makes any allegations of fact requiring a response, Defendant denies such allegations.

7.    Paragraph 7 of the Complaint is a legal conclusion to which no response is required. To the extent that paragraph 7 makes any allegations of fact requiring a response, Defendant denies such allegations.

8.      Paragraph 8 of the Complaint is a legal conclusion to which no response is required. To the extent that paragraph 8 makes any allegations of fact requiring a response, Defendant denies such allegations.

## THE PARTIES

9.      Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations stated in Paragraph 9 and, therefore, the same are denied.

10.      Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations stated in Paragraph 10 and, therefore, the same are denied.

11.      Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations stated in Paragraph 11 and, therefore, the same are denied.

## BACKGROUND

12.      Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations stated in Paragraph 12 and, therefore, the same are denied.

13.      Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations stated in Paragraph 13 and, therefore, the same are denied.

14.      Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations stated in Paragraph 14 and, therefore, the same are denied.

15.      Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations stated in Paragraph 15 and, therefore, the same are denied.

16.      Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations stated in Paragraph 16 and, therefore, the same are denied.

17.      Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations stated in Paragraph 17 and, therefore, the same are denied.

18.    Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations stated in Paragraph 18 and, therefore, the same are denied.

19.    Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations stated in Paragraph 19 and, therefore, the same are denied.

20.    Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations stated in Paragraph 20 and, therefore, the same are denied.

21.    Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations stated in Paragraph 21 and, therefore, the same are denied.

22.    Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations stated in Paragraph 22 and, therefore, the same are denied.

23.    Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations stated in Paragraph 23 and, therefore, the same are denied.

24.    Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations stated in Paragraph 24 and, therefore, the same are denied.

### CLAIMS FOR RELIEF

**Count I: Avoidance of Preferential Transfers Pursuant to 11 U.S.C. § 547**

25.    Defendant repeats and realleges the assertions contained in Paragraphs 1 through 24 as though set forth fully herein.

26.    Defendant admits having received certain transfers prior to the Petition Date on account of goods and/or services previously provided.  To the extent that Paragraph 26 of the Complaint makes any further allegations of fact requiring a response, Defendant denies such allegations.

27.     Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations stated in Paragraph 27 and, therefore, the same are denied.

28.     Defendant denies the allegations contained in paragraph 28 of the Complaint. To the extent that paragraph 28 makes any allegations of fact requiring a response, Defendant denies such allegations.

29.     Paragraph 29 contains legal conclusions for which no response is necessary.  To the extent that paragraph 29 makes any allegations of fact requiring a response, Defendant denies such allegations.

30.     Paragraph 30 contains legal conclusions for which no response is necessary.  To the extent that paragraph 30 makes any allegations of fact requiring a response, Defendant denies such allegations.

31.     Paragraph 31 contains legal conclusions for which no response is necessary.  To the extent that paragraph 31 makes any allegations of fact requiring a response, Defendant denies such allegations.

32.     Paragraph 32 contains legal conclusions for which no response is necessary.  To the extent that paragraph 32 makes any allegations of fact requiring a response, Defendant denies such allegations.

33.     Paragraph 33 contains legal conclusions for which no response is necessary.  To the extent that paragraph 33 makes any allegations of fact requiring a response, Defendant denies such allegations.

34.     Paragraph 34 contains legal conclusions for which no response is necessary.  To the extent that paragraph 34 makes any allegations of fact requiring a response, Defendant denies such allegations.

35.    Paragraph 35 contains legal conclusions for which no response is necessary.  To the extent that paragraph 35 makes any allegations of fact requiring a response, Defendant denies such allegations.

### Count II: Avoidance of Fraudulent Transfers Pursuant to 11 U.S.C. § 548

36.    Defendant repeats and realleges the assertions contained in Paragraphs 1 through 35 as though set forth fully herein.

37.    Defendant denies the allegations contained in paragraph 37 of the Complaint. To the extent that paragraph 37 makes any allegations of fact requiring a response, Defendant denies such allegations.

38.    Defendant denies the allegations contained in paragraph 38 of the Complaint. To the extent that paragraph 38 makes any allegations of fact requiring a response, Defendant denies such allegations.

### Count III: Recovery of Property Pursuant to 11 U.S.C. § 550

39.    Defendant repeats and realleges the assertions contained in Paragraphs 1 through 38 as though set forth fully herein.

40.    Defendant denies the allegations contained in paragraph 40 of the Complaint. To the extent that paragraph 40 makes any allegations of fact requiring a response, Defendant denies such allegations.

41.    Defendant denies the allegations contained in paragraph 41 of the Complaint. To the extent that paragraph 41 makes any allegations of fact requiring a response, Defendant denies such allegations.

42.      Defendant denies the allegations contained in paragraph 42 of the Complaint. To the extent that paragraph 42 makes any allegations of fact requiring a response, Defendant denies such allegations.

### Count IV: Claim Objection Pursuant to 11 U.S.C. § 502

43.      Defendant repeats and realleges the assertions contained in Paragraphs 1 through 42 as though set forth fully herein.

44.      Defendant denies the allegations contained in paragraph 44 of the Complaint. To the extent that paragraph 44 makes any allegations of fact requiring a response, Defendant denies such allegations.

45.      Defendant denies the allegations contained in paragraph 45 of the Complaint. To the extent that paragraph 45 makes any allegations of fact requiring a response, Defendant denies such allegations.

46.      Defendant denies the allegations contained in paragraph 46 of the Complaint. To the extent that paragraph 46 makes any allegations of fact requiring a response, Defendant denies such allegations.

### AFFIRMATIVE DEFENSES

Defendant will rely upon the following Affirmative Defenses, if applicable, and if established by facts during the course of discovery and at trial.  Defendant does not hereby assume any burden of proof that would otherwise rest on the Plaintiff.

**First Affirmative Defense**: The Complaint, and each and every count therein, fails to state a claim upon which relief can be granted, in that Defendant was not the recipient or transferee of any Transfer(s) as alleged in the Complaint.

**Second Affirmative Defense: Contemporaneous Exchange**: Defendant denies that it received any transfer from the Debtors that could be avoided as a preference under 11 U.S.C. § 547. Subject to, and without waiving its denial to having received any preferential transfer, to the extent the Debtors are able to prove that a transfer was made by the Debtors to the Defendant during the preference period, any such transfers may not be avoided because, pursuant to 11 U.S.C. § 547(c)(1), each transfer was intended by the Debtors and the Defendant to be contemporaneous exchanges for new value given to the Debtors, and were, in fact, contemporaneous exchanges. Consequently, such transfers may not be avoided by virtue of 11 U.S.C. § 547(c)(1).

**Third Affirmative Defense: Ordinary Course of Business:** Defendant denies that it received any transfer from the Debtors that could be avoided as a preference under 11 U.S.C. § 547. Subject to, and without waiving its denial to having received any preferential transfer, to the extent the Debtors are able to prove that a transfer was made to the Defendant during the preference period, any such transfers may not be avoided because, pursuant to 11 U.S.C. § 547(c)(2), all transfers received were made in payment of debts incurred by the Debtors in the ordinary course of business or financial affairs of the Debtors and the Defendant.

**Fourth Affirmative Defense: Subsequent New Value**: Defendant denies that it received any transfer from the Debtors that could be avoided as a preference under 11 U.S.C. § 547. Subject to, and without waiving their denial to having received any preferential transfer, to the extent the Debtors are able to prove that a transfer was made by the Debtors to the Defendant during the preference period, any such transfers may not be avoided because, pursuant to 11 U.S.C. § 547(c)(4), subsequent to each transfer, the Defendant provided value for the benefit of the Debtors, not secured by an otherwise unavoidable security interest, and on account of which new value the debtors did not make an otherwise unavoidable transfer to or for the benefit of the Defendant.

**Fifth Affirmative Defense:  Elements of Alleged Causes of Action Cannot Be Satisfied:**
Plaintiff cannot satisfy one or more elements of 11 U.S.C. §§ 502, 547, 548, and/or 550, including without limitation that the Transfers caused the Defendant to receive more than it otherwise would have in Chapter 7.

**Sixth Affirmative Defense: Failure to Plead with Particularity**:  Plaintiff failed to state with particularity the circumstances constituting the alleged fraudulent nature of the alleged Transfer(s).

### RESERVATION OF RIGHTS

Defendant expressly hereby gives notice that it intends expressly reserves and preserves its rights to rely upon any other defenses that may become available or appear during proceedings in this case and reserves the right to add additional affirmative defenses identified during discovery in this case.

WHEREFORE, Defendant respectfully requests that Plaintiff's Complaint be dismissed with prejudice, and that Defendant be awarded its attorneys' fees and costs incurred in defending this action, as well as such other legal and equitable relief as the Court deems proper.

Dated:  July 10, 2026

**BELLEW LLC**

By: */s/ Sean J. Bellew*
Sean J. Bellew (DE Bar No. 4072)
3801 Kennett Pike, Suite D-300
Wilmington, DE 19807
Telephone: (610) 585-5900
 Email: sjbellew@bellewllc.com

*Attorneys for Defendant*
*C-Squared Pharma Limited d/b/a/ C2 Pharma*