# EXHIBIT B

## Settlement Agreement

# SETTLEMENT AGREEMENT AND MUTUAL RELEASE

This settlement agreement and mutual release (the "Settlement Agreement") is made and entered into by and between: (i) George L. Miller, not individually, but solely in his capacity as chapter 7 trustee (the "Trustee") for the bankruptcy estates of Akorn Holding Company LLC, Akorn Intermediate Company LLC, and Akorn Operating Company LLC (collectively, the "Debtors") and (ii) P&L Development, LLC ("PLD"). Hereinafter, the Trustee and PLD are each referred to as a "Party" or collectively as the "Parties."

**WHEREAS**, on February 23, 2023, each of the Debtors filed a voluntary petition for relief under chapter 7, title 11 of the United States Code, 11 U.S.C. §§ 101–1532 as amended, (the "Bankruptcy Code") in the United States Bankruptcy Court for the District of Delaware (the "Bankruptcy Court"), and are jointly administered under the bankruptcy case number 23-10253 (KBO) (the "Chapter 7 Cases");

**WHEREAS**, on August 17, 2023, PLD filed a proof claim against Akorn's Chapter 7 estate in the amount of $2,748,720.06 (the "Proof of Claim"), docketed as Claim No. 458-1 in Case No. 23-10255-KBO;

**WHEREAS**, on July 3, 2024, the Trustee sent a demand letter to PLD, demanding money owed for goods and services provided by the Debtors in the total amount of $598,107.94 (the "Trustee's Claims");

**WHEREAS**, PLD responded to the Trustee's Claims and subsequently determined that its Proof of Claim should be upwardly revised to $2,817,072.61 (the "Revised Proof of Claim");

**WHEREAS,** following good faith, arms' length negotiations, the Parties desire to resolve the above claims on the terms set forth herein, to avoid the cost and uncertainty of litigation.

## AGREEMENT

**NOW THEREFORE,** for good and valuable consideration, the sufficiency of which the Parties acknowledge, the Parties stipulate and agree that:

1. **Recitals**. All the foregoing recitals are incorporated into this Settlement Agreement as if fully set forth herein.

2. **Court Approval.** This Settlement Agreement, and the obligations of the Parties to perform hereunder, shall become effective only upon entry of a final and non-appealable order of the Bankruptcy Court approving the Settlement Agreement (the "Approval Order"). Upon execution of the Settlement Agreement, the Trustee shall, through his counsel, promptly file an appropriate motion seeking entry of the Approval Order.

3. **No Admission of Liability.** The Parties each acknowledge that the settlement of the Claims constitutes a resolution of the Parties' disputes regarding the Claims, and that neither the Settlement Consideration (as defined below) to be made hereunder nor entry into or anything contained in this Settlement Agreement is a concession or admission of any liability or wrongdoing by either Party.

4. **Settlement.** Upon the entry of the Approval Order, PLD will reduce the Revised Proof Claim amount by $598,107.94, resulting in PLD having an *allowed* post-reduction claim of $2,218,964.67 (the "Post-Reduction Claim"). The Trustee will pay 69.2% of the Post-Reduction Claim to PLD within thirty (30) days of the Approval Order. PLD will be entitled to participate in all subsequent distributions made by the Trustee until PLD's Post-Reduction Claim is paid in full or the Trustee is otherwise unable to make further distributions on account of allowed claims.

5. **Third Party Representation.** PLD represents and warrants that its agreement to reduce its Revised Proof of Claim is not, in any way, conditioned upon any returns, claims, or chargebacks by any third party. For sake of clarity, PLD's negotiations with any third party will have no impact on PLD's representations, warranties, and agreements set forth herein, and PLD shall be entitled to retain any funds received from any third parties in connection with any returns, claims, or chargebacks.

6. **Trustee's Release.** Effective immediately upon the entry of the Approval Order, the Trustee on behalf of the Debtors and the Debtors' estates shall forever discharge PLD and its officers, members, directors, employees, representatives, agents and professionals, and all of its respective successors and assigns, of and from any and all manner of actions, causes of action, suits, debts, accounts, covenants, contracts, controversies, agreements, variances, damages, judgments, claims, demands, duties and obligations of any nature whatsoever, whether present or future, whether known or unknown, whether suspected or unsuspected, whether liquidated or unliquidated, whether matured or unmatured, which the Trustee, the Debtors, or the Debtors' estates, now have, or can, shall or may have at any time against PLD in connection with the Trustee's Claims and any other claims or potential claims of the Trustee, the Debtors, or the Debtors' estates existing as of the date of this Settlement Agreement. This provision does not release PLD from its obligations under this Settlement Agreement.

7. **PLD's Release.** Effective immediately upon the entry of the Approval Order, PLD shall forever discharge (i) the Trustee and all of his representatives, agents and professionals, and their respective successors and assigns and (ii) the Debtors and the Debtors' estates, of and from any and all manner of actions, causes of action, suits, debts, accounts, covenants, contracts, controversies, agreements, variances, damages, judgments, claims, demands, duties and obligations of any nature whatsoever, whether present or future, whether known or unknown, whether suspected or unsuspected, whether liquidated or unliquidated, whether matured or unmatured, which PLD, now has, or can, shall or may have at any time against the Trustee, the Debtors, or the Debtors' estates. This provision does not release the Trustee from his obligations under this Settlement Agreement or from his obligations to satisfy PLD's Post-Reduction Claim to the extent funds are available.

8. **Mutual Releases**. The mutual releases given hereunder are intended by the Parties to be full, final, and general releases. This Settlement Agreement covers both claims that either of the Parties know to exist as of the date of this Settlement Agreement, and any claims or potential claims existing as of the date of this Settlement Agreement whether known or unknown.

9. **Null and Void.** In the event that the Trustee is required to return part or all of the Settlement Consideration to PLD or to any representative, agent, fiduciary, or creditor of PLD in

connection with a future bankruptcy or state insolvency proceeding concerning PLD: (a) the Trustee's releases and waivers of PLD will be null and void and without any legal effect, and all purportedly waived claims will be reinstated; (b) the full amount of the Settlement Consideration shall be immediately due and owing to the Trustee; (c) the Trustee may pursue remedy by payment of the full amount of the Settlement Consideration, together with interest thereon calculated at the judgment rate from the date of the execution of this Settlement Agreement, through any means permitted by applicable law, and attorneys' fees and costs against PLD; and (d) PLD expressly reserves all rights, remedies, claims, and defenses against the Debtors' estates in connection with any such future bankruptcy or state insolvency proceeding.

10. **No Assignment of Claim.** The Trustee represents and warrants that he has made no assignment of his rights, and hereafter will make no assignment, of any claim, cause of action, right of action, or any other right released pursuant to the terms of this Settlement Agreement.

11. **Confidentiality.** The Parties agree that the negotiations leading to this Settlement Agreement have been and remain confidential. The Parties shall not disclose any statement made during negotiations except as may be necessary to obtain the Bankruptcy Court's approval of this Settlement Agreement, to prepare financial statements or tax returns, or to comply with applicable law or by valid order of a court of competent jurisdiction, including as may be required to comply with a Party's obligation to report transactions to appropriate governmental, taxing, or registering agencies. If any Party or its representatives, directors, officers, shareholders, attorneys, insurers, employees, agents, subsidiaries, parents and related entities, predecessors, successors, or assigns receives an inquiry from the press or otherwise about this Settlement Agreement, such person shall respond that "*the matter has been resolved.*"

12. **Fees and Costs.** Except as provided in this Settlement Agreement, the Parties shall each be responsible for their attorneys' fees and costs arising from this action, including those associated with negotiation, preparation, and implementation of this Settlement Agreement.

13. **Terms and Conditions.** The Parties have each read the Settlement Agreement in its entirety and represent and warrant (a) that the Settlement Agreement, including each term and provision, as memorialized herein, has been explained to them by their legal counsel and (b) that each understands all of the terms, obligations, releases, and other provisions of the Settlement Agreement.

14. **Authority.** The Parties each represent and warrant that they are duly authorized to execute this Settlement Agreement and that each intends to be legally bound by all provisions of this Settlement Agreement; provided, however, that the Trustee's authorization is subject to Bankruptcy Court approval, and this Settlement Agreement shall become effective upon the Approval Order becoming final and non-appealable.

15. **Execution.** This Settlement Agreement may be executed in one or more counterparts, including by PDF or facsimile, each of which shall be deemed an original, but all of which together shall constitute one and the same instrument.

16. **Entire Agreement.** This Settlement Agreement is a fully integrated agreement and constitutes the entire agreement and understanding between the Parties regarding the subject

matter hereof. Each Party acknowledges that this Settlement Agreement controls over the Parties' prior discussions and negotiations.

17. **Modification.** Except as expressly set forth herein, this Settlement Agreement may not be amended except by a writing signed by all Parties.

18. **Conversion.** The Approval Order shall survive conversion of the Chapter 7 Cases to any other Chapter of the Bankruptcy Code.

19. **Jurisdiction.** The Parties acknowledge and agree that the Bankruptcy Court shall have jurisdiction over the Parties and the subject matter hereof to resolve all disputes arising from or related to the Claims and this Settlement Agreement.

20. **Choice of Law.** This Settlement Agreement shall be governed by the laws of the State of Delaware and shall be construed and interpreted in accordance with its laws, notwithstanding its conflict of laws principles or any other rule or regulation that would result in the application of any other state's law.

21. **Construction.** Each party represents and warrants that it has had an opportunity to fully review the provisions of this Settlement Agreement, as a result, the Parties hereto acknowledge and agree that (a) any rule of law that provides that ambiguities are to be construed against the drafting party shall not be employed in the interpretation of this Settlement Agreement; and (b) each party signing this Settlement Agreement is entering into this Settlement Agreement knowingly, voluntarily, and of his or its free will.

[*Signatures on next page*]

**WHEREFORE**, the Parties execute this Settlement Agreement this 1st day of ~~September,~~ October 2026.

**GEORGE L. MILLER, CHAPTER 7 TRUSTEE**

By: ______________________
George L. Miller
*Not individually but solely in his capacity as Chapter 7 trustee for the bankruptcy estates of Akorn Holding Company LLC, Akorn Intermediate Company LLC, and Akorn Operating Company LLC*

**P&L DEVELOPMENT, LLC**

By: ______________________
GENERAL COUNSEL & CHIEF ADMINISTRATIVE OFFICER
*Authorized Representative*



58709782.1