**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re:<br><br>AKORN HOLDING COMPANY LLC, *et al.*,[1]<br><br>Debtors. | Chapter 7<br><br>Case No. 23-10253 (KBO)<br>(Jointly Administered)<br><br>**<u>Obj. Deadline</u>: 10/23/2026 at 4:00 pm**<br>**<u>Hearing Date</u>: 11/20/2026 at 10:00 am** |

**MOTION OF THE CHAPTER 7 TRUSTEE FOR ENTRY OF AN ORDER APPROVING THE SETTLEMENT AND COMPROMISE OF CLAIMS AGAINST ANDA, INC. AND ANDA PHARMACEUTICALS, INC.**

George L. Miller, the chapter 7 trustee (the "Trustee") in the above-captioned chapter 7 cases (the "Chapter 7 Cases") for the bankruptcy estates of Akorn Holding Company LLC, Akorn Intermediate Company LLC and Akorn Operating Company LLC (collectively, the "Debtors"), hereby moves (the "Motion") the Court pursuant to section 105 of title 11 of the United States Code, §§ 101-1532, as amended (the "Bankruptcy Code") and Rule 9019 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), for entry of an order, substantially in the form attached hereto as **Exhibit A** (the "Proposed Order"), (i) approving the settlement with Anda, Inc. and Anda Pharmaceuticals, Inc. (the "Defendants") and authorizing the Trustee to enter the settlement agreement with Defendants (the "Settlement Agreement") attached hereto as **Exhibit B**, and (ii) granting such other relief as may be just and proper. In support of this Motion, the Trustee states respectfully as follows:

[1] The Debtors in the chapter 7 cases, along with the last four digits of each Debtor's federal tax identification number, are Akorn Holding Company LLC (9190), Akorn Intermediate Company LLC (6123), and Akorn Operating Company LLC (6184). The Debtors' headquarters was located at 5605 CenterPoint Court, Gurnee, Illinois 60031.

## JURISDICTION

1. The United States Bankruptcy Court for the District of Delaware (the "Court") has jurisdiction over this Motion pursuant to 28 U.S.C. §§ 157 and 1334(b) and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware dated as of February 29, 2012.

2. This is a core proceeding pursuant to 28 U.S.C. § 157(b), and pursuant to Rule 9013-1(f) of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules"), the Trustee consents to the entry of a final order by the Court in connection with this Motion to the extent that it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution.

3. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

4. The bases for the relief requested herein are section 105 of the Bankruptcy Code and Bankruptcy Rule 9019.

## BACKGROUND

### A. General Background

1. On February 23, 2023 (the "Petition Date"), each of the Debtors, Akorn Holding Company LLC, Case No. 23-10253; Akorn Intermediate Company LLC, Case No. 23-10254 and Akorn Operating Company, LLC, Case No. 23-10255 filed voluntary petitions in the Bankruptcy Court for relief under Chapter 7 of Title 11 of the Bankruptcy Code, commencing the Chapter 7 Cases. The Chapter 7 Cases are being jointly administered.

2. On or about the Petition Date, the Office of the United States Trustee appointed the Trustee as the trustee to the bankruptcy estates of each of the Debtors.

3. Prior to the Petition Date, the Debtors' businesses included developing, manufacturing, and marketing specialty pharmaceuticals, including prescription, consumer health, and animal health products. The Debtors were an industry leader in branded and generic products in alternate dosage forms such as ophthalmic, injectables, oral liquids, topicals, inhalants, and nasal sprays.

4. The Debtors operated at numerous locations in the United States and were headquartered in Gurnee, Illinois. The Debtors' operations in the United States have all ceased.

5. Since the date of his appointment, the Trustee and his professionals have been investigating and marshalling the Debtors' assets, including unpaid amounts owed to the Debtors under prepetition contracts and transfers made during the prepetition preference period.

6. Based on that investigation, the Trustee asserted claims via demand letter for payment of pharmaceutical products supplied by the Debtors to the Defendants for which the Debtors had not been paid as of the Petition Date.

**B. Summary of the Settlement Agreement**

7. The terms of the settlement between the Trustee and Defendants are embodied in the Settlement Agreement attached hereto as **Exhibit B**. Under the Settlement Agreement, which was the result of good-faith discussions and arms' length negotiations among the parties, Defendants has agreed to pay a $275,000.00 settlement.

8. The key terms of the Settlement Agreement[2] are as follows:

a. Defendants will pay $275,000.00 to the Trustee within thirty (30) days of the entry of an Order approving this Motion; and

b. The Trustee and Defendants will provide mutual releases of all claims and

[2] This summary of key terms is provided for convenience; in the event of any conflict between the Motion and Settlement Agreement, the Settlement Agreement will control.

causes of action, known or unknown.

## C. Trustee's Business Judgment

9. The Settlement Agreement represents a substantial benefit to the bankruptcy estates while avoiding the costs and uncertainty associated with litigation.

10. The Trustee on behalf of the bankruptcy estates will receive $275,000.00 from this settlement. The Trustee and his professionals (i) investigated the claims asserted; (2) thereafter, Defendants worked with Trustee's counsel to provide documents and information supporting any partial payments or defenses and/or to negotiate a resolution; and (3) the Trustee and the Defendants entered into the Settlement Agreement to resolve the claims. The Settlement Agreement is a good faith exercise of the Trustee's business judgment and should be approved.

## RELIEF REQUESTED

11. Pursuant to section 105(a) of the Bankruptcy Code and Bankruptcy Rule 9019, the Trustee seeks entry of an order substantially in the form attached hereto as **Exhibit A**: (i) approving the Settlement Agreement, and (ii) granting such other relief as may be just and proper.

## BASIS FOR RELIEF

12. Section 105(a) of the Bankruptcy Code allows a court to "issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of [the Bankruptcy Code]." 11 U.S.C. § 105(a). Bankruptcy Rule 9019 provides:

> On motion of the trustee, after notice and a hearing, the court may approve a compromise or settlement. Notice shall be given to creditors, the United States trustee, the debtor and indenture trustees as provided in Rule 2002 and to any other entity as the court may direct.

Fed. R. Bankr. P. 9019(a).

13. When reviewing settlements under Bankruptcy Rule 9019, the court generally defers to the Trustee's business judgment. "[U]nder normal circumstances the court would defer

to the trustee's judgment so long as there is a legitimate business justification [for the settlement]." *In re Martin*, 91 F.3d 389, 395 (3d Cir. 1996).

14. The Third Circuit has emphasized that "[c]ompromises are favored in bankruptcy." *Id.* at 393 (quoting Collier on Bankruptcy ¶ 9019.03[1] (15th ed. 1993)); *see also In re World Health Alternatives, Inc.*, 344 B.R. 291, 296 (Bankr. D. Del. 2006) (finding settlements "generally favored in bankruptcy"). Courts in this District also have recognized that the approval of a proposed compromise and settlement is committed to the sound discretion of the bankruptcy court. *See, e.g.*, *In re Coram Healthcare Corp.*, 315 B.R. 321, 329 (Bankr. D. Del. 2004).

15. Pursuant to Bankruptcy Rule 9019(a), the Court may, after appropriate notice and a hearing, approve a compromise or settlement so long as the proposed settlement is fair, reasonable, and equitable. *See In re Key3Media Grp., Inc.*, 336 B.R. 87, 92 (Bankr. D. Del. 2005) (noting that "the bankruptcy court has a duty to make an informed, independent judgment that the compromise is fair and equitable."). The court need not be convinced that the settlement is the best possible compromise in order to approve it. *Coram Healthcare Corp.*, 315 B.R. at 330. Rather, the court's obligation is to "canvass the issues and see whether the settlement falls below the lowest point in a range of reasonableness." *Travelers Cas. & Sur. Co. v. Future Claimants Representative*, No. 07-2785, 2008 WL 821088, at *5 (D.N.J. Mar. 25, 2008) (citing *Matter of Jasmine, Ltd.*, 285 B.R. 119 (D.N.J. 2000)).

16. In determining whether a settlement is fair and equitable, the Third Circuit has adopted a balancing test, under which a bankruptcy court should decide whether to approve a particular compromise or settlement. The factors of the balancing test are: "(1) the probability of success in litigation; (2) the likely difficulties in collection; (3) the complexity of the litigation involved, and the expense, inconvenience and delay necessarily attending it; and (4) the paramount

interest of the creditors." *In re Martin*, 91 F.3d at 393.

17. The Trustee respectfully submits that the Settlement Agreement satisfies the requirements of Bankruptcy Rule 9019. The Settlement Agreement allows the Trustee to resolve potentially costly litigation if commenced and potential liability while preserving its limited resources for, among other things, the payment of creditors, professionals and administrative expenses. Although the Trustee relinquishes his rights to pursue the claims against Defendants as part of the Settlement Agreement, there is unlikely to be a materially better result from initiating an Adversary Proceeding.

18. The only certainty if litigation commences in this matter is the accrual of more legal fees and further diminishing the resources of the Trustee. Therefore, taking into consideration the time, cost, expense and complexity of litigation, the Trustee has determined that the Settlement Agreement is fair, reasonable and appropriate as the Settlement Agreement will help avoid costs and delay, and bring finality and certainty to the Trustee's payment demand—while recovering $275,000.00 for the claims against the Defendants.

19. Based upon the foregoing, the compromise embodied in the Settlement Agreement do not "fall below the lowest point in the range of reasonableness." *Integrated Health*, 2001 WL 1820426, at *2 (*quoting Cosoff v. Rodman (In re WW.T. Grant Co.*), 699 F.2d 599, 608 (2d Cir. 1983)). The Settlement Agreement is the result of substantial good faith, arm's-length negotiations between the Trustee and the Defendants and constitutes a reasonable exercise of the Trustee's business judgment. Accordingly, this Court should exercise its discretion and approve the Settlement Agreement.

**WHEREFORE**, for the reasons set forth above, the Trustee respectfully requests that the Court enter an order, substantially in the form attached hereto as **Exhibit A**, (i) approving the

Settlement Agreement, and (ii) granting such other relief as may be just and proper.

Dated: October 9, 2026
Wilmington, Delaware

**SAUL EWING LLP**

*/s/ Evan T. Miller*

Evan T. Miller (DE Bar No. 5364)
1201 N. Market Street, Suite 2300
Wilmington, DE 19801
Telephone: (302) 421-6800
evan.miller@saul.com

*Special Counsel to the Chapter 7 Trustee*