**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re:<br><br>AKORN HOLDING COMPANY LLC, *et al.*[1]<br><br>Debtors. | Chapter 7<br><br>Case No. 23-10253 (KBO)<br>(Jointly Administered)<br><br>**Objection Deadline: December 11, 2026 at 4:00 p.m. ET**<br>**Hearing Date: December 18, 2026 at 10:00 a.m. ET** |

**STATEMENT OF FEES FOR PROFESSIONAL SERVICES RENDERED AND DISBURSEMENTS INCURRED BY COZEN O'CONNOR**
**AS COUNSEL FOR TRUSTEE**

| | |
|---|---|
| Name of Applicant: | Cozen O'Connor |
| Authorized to Provide Professional Services to: | George L. Miller, Chapter 7 Trustee |
| Date of Retention: | Retention Application approved 04/11/2023 granting *nunc pro tunc* employment as of 02/27/2023 |
| Period for which compensation and reimbursement is sought: | Fourth Interim Application 10/01/2025 through 9/24/2026 |
| Amount of compensation sought as actual, reasonable and necessary: | $230,690.00 |
| Amount of expense reimbursement as actual, reasonable, and necessary | $10,111.83 |

This is an ☒ Interim ☐ Final ☐ Monthly Application

The time expended during the Application Period and prior application period for preparation of the Application and prior application is 15.30 hours and the corresponding compensation requested is approximately $7,863.00. Additional time for preparation of the Application will be included in Cozen O'Connor's fifth interim application as such time was incurred after the Application Period.

[1] The Debtors in these chapter 7 cases, along with the last four digits of their federal tax identification numbers, and cases numbers are Akorn Holding Company LLC (9190), Case No. 23-10253 (KBO); Akorn Intermediate Company LLC (6123), Case No. 23-10254 (KBO); and Akorn Operating Company LLC (6184), Case No. 23-10255.

*If this is not the first statement remitted, disclose the following for each prior statement:*

| Date Filed | Period Covered | Requested Fees | Requested Expenses | Approved Fees | Approved Expenses |
|---|---|---|---|---|---|
| 11/15/2023 [D.I. 688] | 02/27/2023 – 07/31/2023 | $2,355,227.00 | $13,747.61 | $2,355,227.00 | $13,747.61 |
| 11/27/2024 [D.I. 1002] | 08/01/2023 – 11/22/2024 | $1,277,970.50 | $20,686.24 | $1,277,970.50 | $20,686.24 |
| 10/23/2025 [D.I. 1495] | 11/23/2024 – 09/30/2025 | $231,542.00 | $10,081.53 | $231,542.00 | $10,081.53 |

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re:<br><br>AKORN HOLDING COMPANY LLC, *et al.*[1]<br><br>Debtors. | Chapter 7<br><br>Case No. 23-10253 (KBO)<br>(Jointly Administered)<br><br>**Objection Deadline: December 11, 2026 at 4:00 p.m. ET**<br>**Hearing Date: December 18, 2026 at 10:00 a.m. ET** |

**APPLICATION OF COZEN O'CONNOR AS COUNSEL TO THE TRUSTEE FOR ALLOWANCE OF FOURTH INTERIM COMPENSATION AND REIMBURSEMENT OF EXPENSES FOR THE PERIOD OCTOBER 1, 2025 THROUGH SEPTEMBER 24, 2026**

Pursuant to Sections 330 and 331 of Title 11 of the United States Code (the "Bankruptcy Code"), Rule 2016 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), Cozen O'Connor (the "Cozen") files this Fourth Application for Allowance of Interim Compensation and Reimbursement of Expenses as counsel to the Trustee (the "Application"). By this Application, Cozen O'Connor as counsel to the Trustee seeks allowance of $230,690.00 as compensation and $10,111.83 for reimbursement of actual and necessary expenses for a total of $240,801.83 for the period October 1, 2025 through September 24, 2026 (the "Application Period"). In support of this Application, Cozen O'Connor respectfully represents as follows:

**Background**

1. On or about February 23, 2023 (the "Petition Date"), the Debtors commenced these jointly administered bankruptcy cases (collectively, the "Bankruptcy Cases") by each filing a voluntary petition for relief under Chapter 7 of Title 11 of the Bankruptcy Code in the Bankruptcy Court for the District of Delaware (the "Bankruptcy Court").

[1] The Debtors in these chapter 7 cases, along with the last four digits of their federal tax identification numbers, and cases numbers are Akorn Holding Company LLC (9190), Case No. 23-10253 (KBO); Akorn Intermediate Company LLC (6123), Case No. 23-10254 (KBO); and Akorn Operating Company LLC (6184), Case No. 23-10255.

2. On or about the Petition Date the Office of the United States Trustee appointed George L. Miller as Trustee of the estates (the "Estates") of the Debtors.

3. An *Application of the Trustee for an Order Authorizing the Retention and Employment of Cozen O'Connor as Counsel to the Trustee Nunc Pro Tunc* (the "Retention Application") was filed on or about March 16, 2023 [D.I. 29] and an Order was entered on April 11, 2023 [D.I. 91] approving the Retention Application *nunc pro tunc* from February 27, 2023. The Retention Application requests that Cozen O'Connor be compensated on an hourly basis and be reimbursed for actual and necessary out-of-pocket expenses it incurred. At all relevant times, Cozen O'Connor has been a disinterested person as that term is defined in Section 101(14) of the Bankruptcy Code (the "Code") and has not represented nor held any interest adverse to the interest of the Debtors or the Debtors' Estates.

4. On March 17, 2023, the Trustee filed a motion seeking to have the Debtors' bankruptcy cases jointly administered [D.I. 31]. On March 20, 2023 the Court entered an Order directing joint administration and procedural consolidation of the bankruptcy cases [D.I. 42].

5. On or about May 1, 2023 the Trustee filed the *Trustee's Motion for Approval of Sharing Agreement and Carve-Out with Lenders, and Related Relief* [D.I. 147] (the "Sharing Agreement Motion") seeking approval of the *Sharing Agreement Between Chapter 7 Trustee and Administrative Agents for Secured Lenders Providing for, Among Other Things, (I) Determination and Allowance of the Secured Lenders' Pre-Petition Claims and Liens; (II) the Trustee's Sale of the Debtors' Assets and Secured Lenders' Collateral; (III) the Specified Carve-Out From the Secured Lenders' Liens; and (IV) Other Matters Concerning the Trustee's*

*Contemplated Sale(s) of Collateral and Certain Settlements* (the "Sharing Agreement")[2] between: (A) the Trustee; (B) MidCap Funding IV Trust (as successor-by-assignment to MidCap Financial Trust) as administrative agent (the "ABL Agent") for the lender parties (the "ABL Lenders") under the ABL Credit Agreement and for itself as an ABL Lender; and (C) Wilmington Savings Fund Society, FSB as administrative agent and collateral agent (the "TL Agent") for the lender parties (the "TL Lenders" and, together with the ABL Lenders, the "Lenders") under the TL Credit Agreement. The Sharing Agreement Motion and the Sharing Agreement were approved by Order of this Court on May 30, 2023 [D.I. 292]. The Lenders have now been paid in full by the Trustee as a result of the Trustee's successful liquidation of property of the Estates pursuant to the Sale Motion (as defined below).

**The Debtors' Company History and Prior Marketing of Assets**

6. The Debtors' businesses included developing, manufacturing, and marketing specialty pharmaceuticals, including prescription, consumer health, and animal health products. The Debtors were an industry leader in branded and generic products in alternate dosage forms such as ophthalmics, injectables, oral liquids, topicals, inhalants, and nasal sprays. The Debtors operated at numerous locations in the United States, both owned and leased, and were headquartered in Gurnee, Illinois.

7. The Debtors' operations in the U.S. have all ceased. However, as of the Petition Date their Swiss affiliate, non-Debtor Akorn AG, continued to operate. Debtor Akorn Operating Company LLC ("Akorn Operating") owed 100% of the equity in Akorn International S.á.r.l, a non-debtor based in Luxembourg. Akorn International S.á.r.l, in turn, owed 100% of the equity in Akorn AG.

[2] Unless otherwise indicated, capitalized terms not otherwise defined in this paragraph shall have the meanings provided in the Sharing Agreement.

8. The Debtors' predecessors (together with the Debtors, as applicable, the "Company") founded their business in 1971 in Abita Springs, Louisiana, and initially focused on ophthalmic drugs. In 1997, the Company relocated its corporate headquarters to the Chicago, Illinois area. In April 2007, the Debtors' predecessor Akorn, Inc.'s stock was listed publicly on the NASDAQ exchange.

9. In 2018, after nearly fifty years of growth, the Company began to struggle under the weight of expensive litigation, and significant remediation costs and other burdens. By 2019, the Company found itself capital-constrained, and, with the help of legal and financial advisors, it explored restructuring options to refinance or pay down debt. In 2020, after those efforts had proven unsuccessful, the Company commenced cases under chapter 11 of the Bankruptcy Code (the "2020 Cases"). Following a marketing and sale process, the 2020 Cases culminated in a going-concern sale of the Company's business, including substantially all of its assets, to its then-lenders.[3]

10. The sale closed on October 1, 2020. At approximately this same time, the three entities that are the Debtors in these chapter 7 cases were formed. The Debtors streamlined operations, including through the sale of their consumer health business to Prestige Consumer Healthcare for $230 million in June of 2021, and the sale of their branded ophthalmics businesses to Thea Pharma Inc. for an undisclosed amount in March of 2022.

[3] *See* Order (A) Approving the Asset Purchase Agreement, (B) Authorizing the Sale of Assets, (C) Authorizing the Assumption and Assignment of Contracts and Leases, and (D) Granting Related Relief, Case No. 20-11177 (KBO) (Bankr. D. Del. Sept. 2, 2020), Docket No. 656. Concurrently with the approval of the sale, the Court entered an order approving a chapter 11 plan of liquidation. *See* Case No. 20-11177 (KBO) (Bankr. D. Del., September 4, 2020), Docket No. 673. Akorn, Inc.'s stock stopped trading publicly upon the effective date of the 2020 Plan. As of the Petition Date, one of the 2020 Cases remains open for the plan administrator to complete the wind-down process.

11. In June of 2022, having recently streamlined their operations and made significant investments and upgrades, including to their Decatur, Illinois facility, the Debtors launched a sale process for substantially all of their assets as a going-concern. With the assistance of the investment bank Greenhill & Co. ("Greenhill"), the Debtors thoroughly marketed their assets and solicited bids over a period of approximately seven months. In all, Greenhill contacted ninety-seven (97) potentially interested parties (including sixty-four (64) strategic investors and thirty-three (33) financial investors) to solicit interest in a transaction to purchase all or a portion of the Debtors' assets. Forty-two (42) of these parties expressed interest in one or more of the Debtors' assets and received process materials.

12. Ultimately however, the Debtors did not receive any bids exceeding the aggregate amount of their secured debt, due in material part to a lack of liquidity and certain regulatory issues that dampened the Debtors' ability to sell their U.S. based operations on a going-concern basis. By early 2023, it was apparent that a chapter 7 bankruptcy filing, and an accompanying cessation of U.S. operations, was inevitable in order to preserve the value of the Debtors' assets and obtain maximum possible value through a sale on a non-operating (in the U.S.) basis.

**Trustee's Chapter 7 Sale Process**

13. Almost immediately following his appointment, the Trustee and his professionals began preparing to establish and conduct a sale process for substantially all of the assets of the Estates. The Trustee with the assistance of his professionals began negotiating with the Lenders regarding the use of cash collateral to fund the sale process and a sharing agreement to carve out a portion of the proceeds. The Trustee finalized the Sharing Agreement with the Lenders under which the Trustee had the ability, subject to the terms and conditions therein, to use cash collateral to conduct the sale process, and under which the Lenders agreed to carve out from the

sale proceeds certain amounts, including amounts to pay compensation for the Trustee and his professionals, amounts for payment of reasonable costs and expenses necessary to administer, recover, preserve, market, sell or otherwise dispose of property of the Estates, and amounts to be retained by Estates for distribution by the Trustee in accordance with section 726 of the Bankruptcy Code.

14. On or about April 20, 2023 the Trustee filed the *Trustee's Motion for Entry of (I) an Order (A) Approving Bidding Procedures in Connection with Sale of Substantially all of the Estates' Assets, (B) Scheduling an Auction and Hearing to Consider the Proposed Sale, and (C) Approving the Form and Manner of Notice Thereof; and (II) an Order (A) Approving the Sale, (B) Authorizing the Assumption and Assignment of Executory Contracts and Unexpired Leases, and (C) Granting Certain Related Relief* [D.I. 106] (the "Sale Motion").

15. On April 28, 2023, the Bankruptcy Court entered an *Order Granting Trustee's Motion for Entry of an Order (A) Approving Bidding Procedures in Connection With Sale of Substantially All of the Estates' Assets, (B) Scheduling an Auction and Hearing to Consider the Proposed Sale and (C) Approving the Form and Manner of Notice Thereof* [D.I. 137] (the "Bidding Procedures Order"), which, among other things, established bidding procedures (the "Bidding Procedures") that govern the manner in which certain assets of the Debtors were to be sold. The Bidding Procedures contemplated an expedited sale process to be approved within thirty (30) days.

16. In accordance with the Bidding Procedures the Trustee with the assistance of his professionals received fifty-nine (59) individual bid packages which were reviewed and summarized by Cozen O'Connor of which fifty-eight (58) were deemed to be Qualified Bidders to participate in the auction.

17. On May 10, 2023, May 11, 2023 and May 12, 2023, the Trustee through his professionals conducted a live in-person auction over several days (collectively, the "Auction") at the Philadelphia offices of Cozen O'Connor. Approximately 130 parties attended the Auction in person and approximately 222 parties registered to observe the Auction virtually via Zoom. Additionally, the Auction resumed virtually on Tuesday, May 16, 2023, Wednesday, May 17, 2023 and Thursday, May 18, 2023.

18. At the conclusion of the Auction the Trustee in consultation with his professionals named multiple Successful Bidders and Alternate Bidders for certain of the Debtors' assets (the "Purchased Assets"). See, *Notice of Successful Bidders and Alternate Bidders* [D.I. 204]. A total of twenty (20) successful bidders were identified and formed the (the "Hikma Consortium Group.") Additionally, Sentiss AG was identified as the successful bidder for the purchase of all assets listed in the Hettlingen Package Lot description, including products rights, records and other IP to the Products listed in VDR # 5.5.5.10, as well as 100% of the equity interest in Akor S.a.r.l) (the "Hettlingen Package"). (The Hikma Consortium Group and Sentiss AG are collectively referred to as the "Successful Bidders").

19. The aggregate purchase price of the Purchased Assets agreed to be paid by the Successful Bidders at the Auction (collectively the "Auction Sales") was in the aggregate amount of $314,470,000.00 (inclusive of the sale of the Hettlingen Package in the amount of $17,750,000.00).

20. Immediately following the conclusion of the Auction the Trustee through his counsel Cozen O'Connor began negotiating individual Asset Purchase Agreements with the Successful Bidders together with individual sale orders (the "Sale Orders.")

21. After arm's length negotiations on or about May 18, 2023 Sentiss AG as Purchaser, ("Sentiss") and George L. Miller, the Chapter 7 Trustee of the estates of Akorn Holding Company LLC, Akorn Intermediate Company LLC and Akorn Operating Company LLC as Seller entered into a certain Asset and Share Purchase Agreement [D.I. 205] (the "Sentiss APA").

22. Additionally, after arm's length negotiations on or about May 26, 2023 certain of the Hikma Consortium Group members; namely, (1) Hikma Pharmaceuticals USA Inc.; (2) Alcon Pharmaceuticals LTD; (3) Stira Pharmaceuticals, LLC; (4) Epic Pharma LLC; (5) Saptalis Pharmaceuticals, LLC; (6) PAI Holdings LLC d/b/a Pharmaceutical Associates, Inc.; (7) Mission Pharmacal Company; (8) Chartwell RX Sciences LLC; (9) Aurobindo Pharma USA, Inc.; and (10) Sentiss AG, each as an individual Purchaser and George L. Miller, the Chapter 7 Trustee of the Estates of Akorn Holding Company LLC, Akorn Intermediate Company LLC and Akorn Operating Company LLC as Seller entered into a certain Asset Purchase Agreement [D.I. 273] (the "Hikma Consortium Master APA").

23. Ten (10) additional members of the Hikma Consortium Group were not included in the Hikma Consortium Master APA, but instead elected to execute and file separate individual Asset Purchase Agreements with corresponding separate proposed Sale Orders. The members of the Hikma Consortium Group with individual Asset Purchase Agreements are (1) ANI Pharmaceuticals, Inc. [D.I. 266]; (2) Animal Health Acquisition Inc. [D.I. 267]; (3) Domes Pharma S.A. [D.I. 268]; (4) Long Grove Pharmaceuticals, LLC [D.I 269]; (5) Oak Tree Pharma LLC [D.I. 270]; (6) Provepharm SAS [D.I. 271]; (7) Teva Pharmaceuticals, Inc. [D.I. 272]; (8) Cronus Pharma, LLC [D.I. 282]; (9) Raisin Holdings, Inc. (HIG) [D.I. 340] and (10) Rising NewCo LLC (HIG) [D.I 341].

24. In addition to the aforementioned Asset Purchase Agreements, after arm's length negotiations on or about May 25, 2023 George L. Miller, not individually, but solely in his capacity as the Trustee of the Estates as Seller and Hikma Pharmaceuticals USA Inc. as Buyer entered into a certain Purchase and Sale Agreement [D.I. 274] (the "Hikma Purchase Agreement") together with the First Amendment to Real Estate Purchase Agreement [D.I. 343] (the "Hikma First Amendment") for the sale of real and personal property as defined in the Hikma Purchase Agreement.

25. In total, Cozen O'Connor negotiated, finalized and filed with this Court thirteen (13) individual Asset Purchase Agreements and negotiated, finalized and filed twenty-one (21) individual Sale Orders seeking approval of the Purchased Assets.

26. Additionally, Cozen O'Connor negotiated and reached a resolution of seventeen (17) separately filed objections to proposed cure amounts and assumption/assignment of executory contracts/leases to enable approval of the sales of the Purchased Assets.

27. The Sentiss sale hearing was held on May 19, 2023, and the Sentiss Sale Order was entered on May 19, 2023 [D.I. 214].

28. The sale hearing for the remaining Successful Bidders was held on June 8, 2023, at which time this Court approved the Trustee's sale of the Purchased Assets subject to submission of revised Sale Orders under Certification of Counsel. Individual Sale Orders for the remaining Successful Bidders were entered on June 8, 2023, and June 9, 2023.

29. The Auction Sales were especially complicated for reasons including that they involved a myriad of different asset classes located in different jurisdictions in the United States and in foreign countries, including but not limited to real estate, drug manufacturing facilities, equipment, FDA approved ANDAs (Abbreviated New Drug Applications) and ANADAs

(Abbreviated New Animal Drug Applications), the stock equity of Akorn International S.á.r.l, (the non-debtor Luxembourg subsidiary and owner of Swiss affiliate, Akorn AG), and the disposal of controlled drug substances, which were subject to very stringent regulation.

30. Immediately following entry of the Sale Orders Cozen O'Connor commenced transaction and closing work in connection with the Purchased Assets and successfully closed twenty-one (21) individual transactions. As outlined above, additional sales have now occurred, and the exchange information required by the FDA in connection with the sales has been substantially completed during the Application Period.

31. On or about July 6, 2023, the Trustee distributed approximately $204 million in sale proceeds to the Lenders under both of the Debtors' secured credit facilities, which repaid the Debtors' secured debt in full. Additionally, the Trustee has now obtained court approval through the filing of several motions to disburse to make additional distributions and has made such distributions to (i) holders of administrative claims, *See*, [D.I. 817]; (ii) holders of priority claims under section 507(a)(4), *See*, [D.I. 849, 928, 999]; and (iii) certain holders of general unsecured claims, *See,* [D.I. 1000, 1448] (collectively the "Distribution Motions"). The approximate amount of the distributions made to date by the Trustee is in the aggregate amount of $270 million.

**Identity of Professionals**

32. The members, associates, and paraprofessionals of Cozen O'Connor who have rendered professional services in the case during the Application Period are as follows:

| | | |
|---|---|---|
| John T. Carroll, III | Simon E. Fraser | David Doyle |
| Marla S. Benedek | Jill L. Deeney (Paralegal) | Shaina E. Carney (Paralegal) |

33. Cozen O'Connor, by and through the above-named counsel, has advised the Trustee with respect to legal matters in connection with the administration of the Estates of the Debtors as well as attending meetings with interested parties and Court appearances on behalf of the Trustee. Cozen O'Connor has prepared and/or assisted in the preparation of various motions, applications, orders, and other pleadings. These items are submitted to the Court for consideration for which Cozen O'Connor has performed all necessary professional services as described and narrated in detail in Exhibit "A" attached hereto.

## Summary of Services by Project

34. The services rendered by Cozen O'Connor during the Application Period can be grouped into the categories set forth below. The attorneys and paraprofessionals who rendered services relating to each category are identified, along with the number of hours for each individual and the total compensation sought for each category, in Exhibit "A" attached hereto.

**BKA400: Case Administration**

Fees: $12,373.00 Total Time 18.80

This category includes services during the Application Period related to case administration matters including but not limited to (i) preparation, filing and service of Agenda items including Notice of Agenda(s), electronic Notice of Agenda binders, communication with court staff and related items; (ii) attendance at court hearings, (iii) maintaining required mailing and email service lists; (iv) case management and monitoring/docket updates; and (v) hearing and critical date scheduling and indexing to enable tracking of all motions and pleadings needed for Notice(s) of Agendas.

**BKA401: Business Operations**

Fees: $3,786.00 Total Time 3.60

This category includes services during the Application Period related to business operations of the Debtors including but not limited to general matters regarding the liquidation of the Debtors' Estates by the Trustee and the related issues arising on a periodic basis including (i) Debtors' and Estates' operations; (ii) records storage; (iii) computer data preservation; (iv) license terminations; (v) equity transfers and (vi) issuance of distribution checks by the Estates.

**BKA405: Tax Matters, Tax Returns and Securities Matters**

Fees: $9,831.00 Total Time: 8.70

This category includes services during the Application Period related to tax related and securities items including but not limited to tax refunds owing to the Debtors' Estates and recovered by the Chapter 7 Trustee from the Liquidating Trustee in the Chapter 11 of Akorn, Inc.

**BKA409: Patent and Trademark Matters**

Fees: 339.00 Total Time: 0.30

This category includes services during the Application Period related but not limited to patent and trademark matters.

**BKA410: Preference/Fraudulent Transfer Claims Analysis**

Fees: $7,773.50 Total Time 8.10

This category includes services during the Application Period related but not limited to the pursuit by the Chapter 7 Trustee of preference and fraudulent transfer matters.

**BKA416: Misc. Motions and Related Pleadings**

Fees: $65,954.00 Total Time 66.90

This category includes services during the Application Period related to preparation and/or review of miscellaneous motions, pleadings and objections, if applicable, including but not limited to prosecution of the following Motions to enable significant interim distributions to be made to creditors:

(i) Motion of George L. Miller, Chapter 7 Trustee for an Order Authorizing Trustee's Second Distribution to Holders of General Unsecured Claims [D.I. 1448];

(ii) Motion of George L. Miller, Chapter 7 Trustee for an Order Authorizing Trustee's Third Distribution to Holders of General Unsecured Claims [D.I. 1521];

(iii) Motion of George L. Miller, Chapter 7 Trustee for an Order Authorizing Trustee's Fourth Distribution to Holders of General Unsecured Claims [D.I. 1595];

**BKA417: Asset Disposition/Sales**

Fees: $8,150.50 Total Time 10.70

This category includes services during the Application Period related to the recovering, preserving, marketing, and completing the sale of the assets of the Debtors' Estates as more fully described above in the Trustee's Chapter 7 Sale Process.

**BKA419: Claims Review/Objections/Administrative Claims**

Fees: $100,589.00 Total Time 113.60

This category includes services during the Application Period related to proof of claim related matters including but not limited to review and settlement of proofs of claim, administrative claim requests, mechanic lien claims, employee claims, Employee Benefit Plans and Akorn Bonus & Compensation Programs, and the review of related documentation, if any. This category includes services related to the following Omnibus Claims Objections by the

Trustee which were interposed in part to enable the three interim distributions made to creditors referenced above under BKA416:

(i) Chapter 7 Trustee's First Omnibus (Substantive) Objection to Certain Claims Pursuant to Section 502 of the Bankruptcy Code, Rules 3007 and 9014 of the Federal Rules of Bankruptcy Procedure and Del. Bankr. L.R. 3007-1 [D.I. 1566];

(ii) Chapter 7 Trustee's Second Omnibus (Non-Substantive) Objection to Certain Claims Pursuant to Section 502 of the Bankruptcy Code, Rules 3007 and 9014 of the Federal Rules of Bankruptcy Procedure and Del. Bankr. L.R. 3007-1 [D.I. 1567];

**BKA422: Fee/Employment Applications**

Fees: $12,942.00 Total Time 14.80

This category includes services during the Application Period related to preparation and prosecution of Trustee’s professional’s employment applications and preparation of Trustee’s outside professional’s fee applications including Motion of Chapter 7 Trustee for an Order Pursuant to 11 U.S.C. Sections 105(a), 326, 330 and 331 Allowing Trustee’s Interim Compensation [D.I. 1340].

**BKA427: Litigation**

Fees: $1,089.00 Total Time 1.00

This category includes services during the Application Period regarding litigation matters including but not limited to distribution issues regarding WARN action In Re: Lisha Abraham, on Behalf of Herself and all Others Similarly Situated v. Akorn Operating Company LLC Adversary No. 23-50117.

**BKA428: Cozen O'Connor Fee Application Preparation**

Fees: $7,863.00 Total Time 15.30

This category includes services during the Application Period and prior application period related to Cozen O'Connor preparation and filing of the Application as counsel to the Trustee. Additional time attributable to finalization, filing and service of the Application will be included in Cozen O'Connor's fourth interim fee application as such time was incurred after the Application Period.

## Valuation of Services

35. Attorneys/Paraprofessionals of Cozen O'Connor have expended a total of 261.80 hours in connection with this matter during the Application Period, as follows:

| ATTORNEYS AND PARAPROFESSIONAL | POSITION AND YEARS OF PRACTICE | HOURLY RATE | YEAR | HOURS BILLED | TOTAL COMPENSATION |
|---|---|---|---|---|---|
| | | | | | |
| John T. Carroll, III | Member of the firm since 2000. Bankruptcy attorney since 1981. Member of Delaware (2001), New Jersey (1983), and Pennsylvania (1981) bars. Certified by ABC as business bankruptcy specialist in 1995. | 1,025.00<br>1,130.00 | 2025<br>2026 | 31.20<br>123.40 | $31,980.00<br>$139,442.00 |
| David Doyle | Member of the firm since 2020. Member of the Illinois bar. | 785.00 | 2026 | 0.90 | $706.50 |
| Simon E. Fraser | Member of the firm since 2011. Member of the Delaware bar since 2009, New Jersey bar since 2000 and Pennsylvania bar since 1999. | 850.00<br>925.00 | 2025<br>2026 | 3.40<br>21.40 | $2,890.00<br>$19,795.00 |
| Marla S. Benedek | Member practicing since 2019; Member of the DE, PA, NY and NJ bars | 720.00 | 2026 | 12.60 | $9,072.00 |
| Jill L. Deeney (Paralegal) | Paralegal Specialist | 365.00<br>410.00 | 2025<br>2026 | 28.50<br>37.70 | $10,402.50<br>$15,457.00 |

| ATTORNEYS AND PARAPROFESSIONAL | POSITION AND YEARS OF PRACTICE | HOURLY RATE | YEAR | HOURS BILLED | TOTAL COMPENSATION |
|---|---|---|---|---|---|
| | | | | | |
| Shaina E. Carney (Paralegal) | Senior Paralegal | 350.00 | 2026 | 2.70 | $945.00 |
| **Totals** | | | | **261.80** | **$230,690.00** |
| **Blended Rate: $881.17** | | | | | |

36. The nature of the work performed by these persons is fully set forth in Exhibit "A" attached hereto. These are Cozen O'Connor's normal hourly rates for work of this character. The reasonable value of the services rendered by Cozen O'Connor to the Trustee during the Application Period is $230,690.00.

37. In accordance with the factors enumerated in 11 U.S.C. Section 330 of the Bankruptcy Code, it is respectfully submitted that the amount requested by Cozen O'Connor is fair and reasonable given (a) the complexity of the case, (b) the time expended, (c) the nature and extent of the services rendered, (d) the value of such services, and (e) the costs of comparable services other than in a case under this title.

**Actual and Necessary Expenses**

38. A summary of actual and necessary expenses incurred by Cozen O'Connor for the Application Period is attached hereto as Exhibit "B." Cozen O'Connor currently charges all of its bankruptcy clients $.10 per page for in-house photocopying expenses. In addition, Cozen O'Connor utilizes outside copier services for high-volume projects, and this Application seeks the recovery of those costs, if applicable. Cozen O'Connor also charges all of its clients $1.00 per page for outgoing facsimile transactions. On-line legal research (Lexis and Westlaw) is charged to clients at Cozen O'Connor's discounted cost. The standard cost of Lexis and Westlaw research sessions is discounted each month by allocating the savings realized during

that month pursuant to special contracts Cozen O'Connor has negotiated with Lexis and Westlaw.

39. Cozen O'Connor believes the foregoing rates are the market rates that the majority of law firms charge clients for such services. In addition, Cozen O'Connor believes that such charges are in accordance with the American Bar Association's ("ABA") guidelines, as set forth in the ABA's Statement of Principles, dated January 12, 1995, regarding billing for disbursements and other charges.

WHEREFORE, Cozen O'Connor respectfully requests that the Court enter an order, in the form attached hereto as Exhibit "C", providing that for the period October 1, 2025 through September 24, 2026 an allowance be made to Cozen O'Connor as counsel to the Trustee in the sum of $230,690.00 as compensation for necessary professional services rendered, and the sum of $10,111.83 for reimbursement of actual necessary costs and expenses, for a total of $240,801.83 and that such sums be authorized for payment to Cozen O'Connor, and for such other and further relief as this Court may deem just and proper.

Dated: November 23, 2026

COZEN O'CONNOR

By: */s/ John T. Carroll, III*

John T. Carroll, III (DE No. 4060)
1201 N. Market Street
Suite 1001
Wilmington, DE 19801
(302) 295-2028 Phone
(302) 295-2013 Fax No.
jcarroll@cozen.com

*Counsel to George L. Miller,*
*Chapter 7 Trustee*

CERTIFICATION

John T. Carroll, III, hereby certify as follows:

1) I am a Shareholder with the applicant firm, Cozen O'Connor.

2) I have personally performed many of the legal services rendered by Cozen O'Connor, as counsel to the Trustee, and am thoroughly familiar with the other work performed on behalf of the Trustee by the lawyers in the firm.

3) I have reviewed the foregoing Application and the facts set forth therein are true and correct to the best of my knowledge, information, and belief. Moreover, I have reviewed Local Rule 2016-2, and submit that the Application substantially complies with such Local Rule.

Dated: November 23, 2026

*/s/ John T. Carroll, III*
John T. Carroll, III, Esquire